IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
_____

DALE LUDEMAN,

                Plaintiff,

    vs.                                  Case No. _____

INDUSTRIAL MOLDS, INC.,

                Defendant.

_____

**COMPLAINT**
_____

Plaintiff Dale Ludeman, by his attorneys, Reinhart Boerner Van Deuren s.c., for his complaint against the defendant, Industrial Molds, Inc., states as follows:

**BACKGROUND**

**A.**    **Parties and Jurisdiction**

    1.    This action arises under Title VII of the Civil Rights Act of 1964 ("Title VII") as amended by the Civil Rights Act of 1991.

    2.    Dale Ludeman ("Mr. Ludeman") is a resident of the state of Illinois and at all times relevant hereto has resided in the state of Illinois. Mr. Ludeman is a citizen of the United States.

3. Industrial Molds, Inc. ("Industrial Molds") is an Illinois corporation licensed and doing business in the state of Illinois and is and at all times mentioned herein, an employer within the meaning of Title VII.

4. Plaintiff, from January 2002 to August 28, 2006 was employed as President of Industrial Molds.

5. At all relevant times, defendant employed more than 15 people.

6. All preconditions for venue and jurisdiction under § 706 of Title VII, 42 U.S.C. § 2000e-5(f)(3), have been satisfied:

(a) Mr. Ludeman filed a timely charge of employment discrimination on the basis of religious discrimination with the Equal Employment Opportunity Commission ("EEOC");

(b) The EEOC issued a "right to sue" letter on August 14, 2007; and

(c) Mr. Ludeman filed this complaint within 90 days of receiving the "right to sue" letter from the EEOC.

7. Plaintiff requests and demands a trial by Jury.

**B.    Statement of Facts**

8. Mr. Ludeman became President of Industrial Molds in 2002.

9. On August 9, 2002, Mr. Ludeman signed an employment contract with Industrial Molds stating that he would continue as President of

Industrial Molds and that he was entitled to twice the total compensation of his highest year's annual salary if he was terminated without cause.

10. The majority owner of Industrial Molds is Jack Peterson.

11. In 2001, when Mr. Ludeman went to Mr. Peterson's house for a discussion regarding becoming President of Industrial Molds, Jack Peterson, his wife, Marla Peterson, and his children Timothy Peterson and Eric Peterson stressed that Industrial Molds was a "Christian company" and interrogated Mr. Ludeman about his religious beliefs.

12. Several years later, Jack Peterson accused Mr. Ludeman of being a "Bad Christian."

13. In 2005 and 2006, Jack Peterson lectured Mr. Ludeman repeatedly about the fact that "God was the CEO" of Industrial Molds, that Mr. Ludeman was not behaving in a "Christian manner," and that Mr. Ludeman was not "displaying confidence with [his] faith in God to the employees" as Jack Peterson did.

14. In a letter to Mr. Ludeman on April 3, 2006, Peterson stated "This Company was founded on faith in God and must continue that way"; "God has given us this company, but everything seems to revolve around you"; that Industrial Molds should have a "God identity"; and that the first of three objectives for Industrial Molds was a "God honoring identity."

15. On another occasion in 2006, Jack Peterson referred to Mr. Ludeman as of Satan or the Devil and stated that Mr. Ludeman had a lack of faith and was not leading in a Godly manner.

16. On August 28, 2006, Industrial Molds terminated Mr. Ludeman.

## COUNT I
### (Religious Discrimination in violation of Sec. 703 of Title VII, 42 U.S.C. §2000e-2)

17. Mr. Ludeman incorporates by reference the allegations asserted in paragraphs 1 through 16.

18. Industrial Molds claimed the termination was because Mr. Ludeman acted in a manner substantially detrimental to the best interests of the company.

19. The reason provided by Industrial Molds was false.

20. Industrial Molds discriminated against Mr. Ludeman on the basis of his perceived religious beliefs. Industrial Molds terminated plaintiff based on Jack Peterson's view that Mr. Ludeman did not follow Jack Peterson's form of Christianity.

21. Industrial Molds knowingly and intentionally discriminated against Mr. Ludeman on the basis of his religious beliefs or Industrial Molds' perception of Mr. Ludeman's religious beliefs in violation of Sec. 703 of Title VII, 42 U.S.C. §2000e-2.

22. Industrial Molds' actions were intentional, malicious and with reckless disregard for Mr. Ludeman's rights and caused Mr. Ludeman damages, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for which he should be compensated.

## COUNT II
### (Quid Pro Quo Religious Harassment in violation of Sec. 703 of Title VII, 42 U.S.C. §2000e-2

23. Mr. Ludman incorporates by reference the allegations asserted in paragraphs 1 through 22.

24. Jack Peterson's comments and threats that Mr. Ludeman was a "Bad Christian," that he was not behaving in a "Christian manner," along with other comments related to his expectations regarding Mr. Ludeman's religious beliefs and expectations that the company would honor God, constitute a requirement that Mr. Ludeman's adherence to Jack Peterson's set of religious values was a condition of his continued employment.

25. Jack Peterson's comments also constituted threats that Mr. Ludeman become a better Christian or face termination.

26. These actions constitute Quid Pro Quo Religious Harassment prohibited by and in violation of Sec. 703 of Title VII, 42 U.S.C. §2000e-2.

27. Industrial Molds' actions were intentional, malicious and with reckless disregard for Mr. Ludeman's rights and caused Mr. Ludeman damages,

5

including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for which he should be compensated.

## COUNT III
### (Hostile Work Environment in violation of Sec. 703 of Title VII, 42 U.S.C. §2000e-2)

28. Mr. Ludeman incorporates by reference the allegations asserted in paragraphs 1 through 27.

29. Jack Peterson's numerous harassing and intimidating statements created a hostile work in violation of Sec. 703 of Title VII, 42 U.S.C. §2000e-2.

30. Industrial Molds' actions were intentional, malicious and with reckless disregard for Mr. Ludeman's rights and caused Mr. Ludeman damages, including but not limited to loss of pay, benefits and other economic losses, emotional pain and suffering, mental anguish, humiliation, embarrassment, personal indignity and other intangible injuries for which he should be compensated.

WHEREFORE, Plaintiff demands judgment against defendant Industrial Molds, Inc. for :

    A.    Punitive damages in an amount to be determined at trial;

    B.    Plaintiff's attorneys' fees and costs in this action;

    C. Compensatory damages, including back pay with interest, and reinstatement;

    D. Such other relief as may be just and equitable; and

    E. For all other equitable and legal relief to which plaintiff is entitled.

PLAINTIFF DEMANDS A TRIAL BY JURY ON ALL ISSUES SO TRIABLE.

  Dated at Rockford, Illinois, this 2nd day of November, 2007.

William H. Dietrich, Esq.
Reinhart Boerner Van Deuren, s.c.
2215 Perrygreen Way
Rockford, IL 61107
815-633-5300         BY  s/ William H. Dietrich
                 William H. Dietrich

OF COUNSEL:

Christopher P. Banaszak, Esq.
Christopher W. Rawsthorne, Esq.
Reinhart Boerner Van Deuren s.c.
1000 North Water Street,
Suite 2100
Milwaukee, WI 53202
414-298-1000