UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Ultrasonic Power Corporation,<br>an Illinois corporation,<br><br>               Plaintiff,<br><br>    vs.<br><br>Crest Ultrasonics Corp.,<br>a New Jersey corporation,<br><br>              Defendant. | Case No. _____ |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, Ultrasonic Power Corporation (hereinafter "UPC"), through its attorneys, complains of defendant Crest Ultrasonics Corp., a New Jersey corporation (hereinafter "Crest"), as follows:

**THE PARTIES**

1. UPC is an Illinois corporation having a principal place of business located at 239 E. Stephenson Street, Freeport, Illinois 61032.

2. Upon information and belief, Crest is a New Jersey corporation having a principal place of business at P.O. Box 7266 Scotch Road, Trenton, New Jersey, 08628.

**NATURE OF THE ACTION**

3. This is an action for trademark infringement under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. §1051 *et seq*.), false designation of origin under the Trademark Act of 1946, as amended (The Lanham Act, 15 U.S.C. §1051 *et seq*.), unfair trade practices under the Illinois Uniform Deceptive Trade Practices Act

(815 I.L.C.S. §510/1 *et seq.*), and trademark infringement under the common law of the State of Illinois.

4. This Complaint generally avers that Crest has infringed, has represented a false designation of origin, and has engaged in unfair trade practices with respect to United States Trademark Registration No. 1,347,440 for the VIBRA-BAR mark owned by UPC and that the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 15 U.S.C. §1121 (actions arising under 15 U.S.C., Chapter 22 - Trademarks), 28 U.S.C. §1331 (federal question), 28 U.S.C. §1332 (diversity of citizenship), 28 U.S.C. §1338(a) (acts of Congress relating to trademarks), 28 U.S.C. §1338(b) (pendent unfair competition claims), and 28 U.S.C. §1367 (supplemental jurisdiction).

6. This Court has personal jurisdiction over Crest because the injury of trademark infringement will be felt mainly in Illinois where UPC is located, because Crest has a sales office in the state of Illinois, and because Crest solicits electronic mail price quote requests for ultrasonic cleaning systems, including transducers and tanks, from customers in Illinois through their website on the Internet at http://www.crest-ultrasonics.com.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391(b) and (c) because a substantial part of the events giving rise to the claim have occurred in this District, a substantial part of the property that is the subject of the action is situated in this District, and because Crest is subject to personal jurisdiction in this District at the time the action was commenced.

## COUNT ONE
## INFRINGEMENT OF TRADEMARK
## REGISTRATION NO. 1,347,440
## IN VIOLATION OF 15 U.S.C. §1114

8. UPC hereby re-alleges and incorporates by reference the allegations of paragraphs 1-7 of this Complaint as if fully set forth herein.

9. UPC is the owner and registrant of United States Trademark Registration No. 1,347,440, registered July 9, 1985, for the VIBRA-BAR mark for ultrasonic cleaning system components, namely transducers and tanks, a copy of which is attached hereto as Exhibit A.

10. The United States Trademark Registration for the VIBRA-BAR mark is now valid, subsisting, uncancelled and unrevoked.

11. The United States Trademark Registration for the VIBRA-BAR mark has achieved incontestable status under 15 U.S.C. §1065.

12. Continuously since about March of 1972, UPC has used its VIBRA-BAR mark in interstate commerce in connection with and to identify its ultrasonic cleaning system components and to distinguish those components from similar products offered by other companies by, without limitation, prominently displaying the mark with or on the ultrasonic cleaning components, prominently displaying the mark on the UPC website in connection with the ultrasonic cleaning components, and using the mark on advertising and promotional materials for the ultrasonic cleaning components distributed throughout the United States.

13. The ultrasonic cleaning system components sold under the VIBRA-BAR mark are provided nationwide, including in the State of Illinois.

14. As of the date of the filing of this Complaint, UPC is actively engaged in marketing and promoting the VIBRA-BAR mark in connection with ultrasonic cleaning components in interstate commerce through various means, including a website owned and controlled by UPC located at http://www.upcorp.com on the Internet.

15.    Upon information and belief, Crest has used and is using the VIBRA-BAR mark of UPC in commerce in connection with ultrasonic cleaning systems and/or components, including but not limited to a transducer offered by Crest.

16.    At least one instance of Crest's use of the VIBRA-BAR mark is depicted in webpages from the Crest website at http://www.crest-ultrasonics.com on the Internet dated October 18, 2007, which are attached hereto as Exhibit B.

17.    Upon information and belief, Crest has used and is currently using the VIBRA-BAR mark of UPC, or a reproduction, counterfeit, copy or colorable imitation thereof, in connection with the sale, offering for sale, distribution, or advertising of an ultrasonic cleaning system, and components thereof including a transducer, in a manner that is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. §1114.

18.    Upon information and belief, Crest has reproduced, counterfeited, copied, or colorably imitated the VIBRA-BAR mark of UPC and applied such reproduction, counterfeit, copy, or colorable imitation to labels, signs, prints, packages, wrappers, receptacles or advertisements intended to be used in commerce upon or in connection with the sale, offering for sale, distribution, or advertising of an ultrasonic cleaning system, and components thereof including a transducer, in a manner that is likely to cause confusion, or to cause mistake, or to deceive in violation of 15 U.S.C. §1114.

19.    Crest's use of the VIBRA-BAR mark of UPC is without the consent, authorization or permission of UPC.

20.    UPC's registration of the VIBRA-BAR mark on the principal register for ultrasonic cleaning system components provides constructive notice of UPC's claim of ownership of the mark pursuant to 15 U.S.C. §1072.

21.    In addition to the constructive notice noted above, UPC has also used the ® designation to give notice of the federal registration of the VIBRA-BAR mark for ultrasonic cleaning system components pursuant to 15 U.S.C. §1111.

22.     Crest's use of the VIBRA-BAR mark in connection with ultrasonic cleaning system components has occurred notwithstanding UPC's well-known and prior established rights in the mark and with constructive notice of UPC's federal registration rights.

23.     Crest has willfully and in bad faith infringed the VIBRA-BAR mark of UPC in interstate commerce by the various acts as complained of above.

24.     Crest's infringing activities have caused and, unless enjoined by this Court, will continue to cause, irreparable injury and other damage to UPC's business, reputation and good will in its federally registered VIBRA-BAR trademark.  UPC has no adequate remedy at law.

## COUNT TWO
## FALSE DESIGNATION OF ORIGIN
## IN VIOLATION OF 15 U.S.C. § 1125(a)

25.     UPC re-alleges and incorporates by reference the allegations of paragraphs 1-24 of this Complaint as if fully set forth herein.

26.     Upon information and belief, Crest has used the VIBRA-BAR mark or designation, or variations thereof, on or in connection with ultrasonic cleaning systems, including components thereof including transducers, in interstate commerce and, in particular, on Crest's website.

27.     Crest's use of the VIBRA-BAR mark or designation constitutes a false designation of origin and a false or misleading description and representation of fact which is likely to cause initial interest confusion, actual confusion, and mistake, and to deceive as to the affiliation, connection or association of UPC with Crest and as to the origin, sponsorship, or approval of Crest's products and commercial activities by UPC.

28.     Crest's use of the VIBRA-BAR mark of UPC, including the use of the mark on Crest's website, constitutes false advertising, false designation of origin, and

false representation in and affecting interstate commerce in violation of 15 U.S.C. §1125(a).

29. Crest's wrongful activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to UPC's business, reputation and good will in its VIBRA-BAR mark. Plaintiff has no adequate remedy at law.

## COUNT THREE
## VIOLATION OF ILLINOIS UNIFORM DECEPTIVE
## TRADE PRACTICES ACT (815 I.L.C.S. §510/1 *et seq.*)

30. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-29 of this Complaint as if fully set forth herein.

31. Crest's activities alleged herein constitute unfair and deceptive acts and practices in the conduct of its trade and business in violation of the Illinois Uniform Deceptive Trade Practices Act (815 I.L.C.S. §510/1 *et seq.*), in particular section 510/2.

32. Crest's wrongful and deceptive activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to UPC's business, reputation and good will in its VIBRA-BAR mark. UPC has no adequate remedy at law.

## COUNT FOUR
## TRADEMARK INFRINGEMENT IN VIOLATION
## OF THE COMMON LAW OF THE STATE OF ILLINOIS

33. Plaintiff re-alleges and incorporates by reference the allegations of paragraphs 1-32 of this Complaint as if fully set forth herein.

34. Crest's activities alleged herein constitute trademark infringement under the common law of the State of Illinois.

35. Crest's infringing activities have caused, and unless enjoined by this Court will continue to cause, irreparable injury and other damage to UPC's business, reputation and good will in its VIBRA-BAR mark. UPC has no adequate remedy at law.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff UPC asks this Court to enter judgment in its favor against Crest as follows:

A. That a preliminary and permanent injunction issue restraining Crest, its agents, servants, employees, successors and assigns and all others in concert and privity with them from using the VIBRA-BAR mark, or any other similar mark, in connection with ultrasonic cleaning system components, including but not limited to transducers and tanks, and related products pursuant to 15 U.S.C. §1116 and Section 510/3 of the Illinois Uniform Deceptive Trade Practices Act (815 I.L.C.S. 510/1 *et. seq.*);

B. That Crest be directed to file with this Court and serve on UPC within thirty (30) days after the service of an injunction a written report under oath setting forth in detail the manner and form in which Crest has complied with the injunction pursuant to 15 U.S.C. §1116;

C. That Crest be required to account to UPC for Crest's profits, to compensate UPC for the actual damages suffered and sustained by UPC as a result of Crest's acts of infringement, false designation of origin, unfair competition, unfair and deceptive trade practices, and to pay the costs of this action, together with prejudgment interest, and that UPC's recovery be trebled pursuant to 15 U.S.C. §1117;

D. That Crest be ordered to surrender for destruction all materials incorporating or reproducing the VIBRA-BAR mark of UPC pursuant to 15 U.S.C. §1118 and the equitable power of this Court to enforce the common law of the State of Illinois;

E. That Crest be compelled to pay UPC's attorneys' fees pursuant to 15 U.S.C. §1117 and Section 510/3 of the Illinois Uniform Deceptive Trade Practices Act (815 I.L.C.S. 510/1 *et. seq.*); and

F. For such other and further relief as may be just and equitable.

8

## JURY DEMAND

UPC hereby demands and requests a trial by jury.

Dated this 6th day of November, 2007.

                              Respectfully submitted,

                              By  s/ William H. Dietrich
                              William H. Dietrich
                              Jeffery J. Makeever
                              Attorneys for Plaintiff
                              Ultrasonic Power Corporation
                              Reinhart Boerner Van Deuren P.C.
                              2215 Perrygreen Way
                              Rockford, IL 61107
                              Telephone:  815/633-5300