UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

JADES CREATIONS, LLC
604 North London Avenue
Rockford, IL 61107

          Plaintiff,

v.

Case No. _____

STEPHANIE WHITE d/b/a SW
CREATIONS
333 Dominion Drive
Katy, TX 77450

and

3039 Windemere Park Lane
Katy, TX 77494,

          Defendant.

## COMPLAINT

The plaintiff, Jades Creations, LLC, by its attorneys, Reinhart Boerner Van Deuren s.c., as and for its complaint against the defendant, Stephanie White d/b/a SW Creations, states as follows:

    1.    Jades Creations, LLC ("Jades") is located at 604 North London Avenue, Rockford, Illinois 61107.

    2.    Stephanie White is a natural person located at 333 Dominion Drive, Katy, Texas 77450.

    3.    Stephanie White currently does business as SW Creations.

MW\1473762

4. SW Creations is located at 3039 Windemere Park Lane, Katy, Texas 77494.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this action arises under the laws of the United States, including Acts of Congress relating to copyrights. This Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)

## FACTS

7. Jades handcrafts jewelry it offers for sale on its website www.jadesbeadedjewelry.com.

8. Upon information and belief, White handcrafts jewelry she offers for sale on her website www.swcreations.net.

9. In the past, Jades and White maintained a cordial relationship in which the parties would share tips on the industry and websites.

10. In or around March 2006, Jades paid White a one time fee to have a reciprocal link on her website.

11. In accordance with that agreement, Jades promptly placed a link from its website to White's website.

12. White did place a link to Jades' website from her website.

13. In or around July 2006, Jades first noticed that its link was missing from White's website.

14. Jades contacted White and White fixed the error, replacing the link to Jades from www.swcreations.net.

15. In or around October 2006, Jades again noticed that its link was missing from White's website.

16. Jades contacted White and White fixed the error, replacing the link to Jades from www.swcreations.net.

17. After White breached her part of the contract by removing Jades' link from her website, Jades removed its link to White's website from its own website.

18. On or about August 1, 2007, White called Jades to discuss page elements of each company's website.

19. During that conversation, White asked Jades about how Jades had accomplished getting its website ranked on Google's first page for "beaded jewelry" search results.

20. White communicated that she had recently been losing business.

21. In response, Jades stated that she concentrated on developing relevant quality textual content and used best practices in website design learned from public domain information sources to improve her search engine ranking and to make the web pages user friendly for shoppers.

22. After one year of hard work, Jades' website became the number one ranked search result in Google for the popular phrase "beaded jewelry," a position

previously held by White's website, which is now ranked number 4 in the Google search results.

23.   Jades stated she developed her web pages to sell her own products and did not monetize her pages with a large amount of pay per click ads that would take shoppers to other websites.

24.   Jades stated that she used high quality images of her work on her main page to encourage shoppers to remain on Jades' website to view her designs.

25.   Jades also stated that by using a menu bar at the top of each of her web pages, shoppers were able to easily navigate her website making it very user friendly.

26.   Following this conversation, White did in fact add a menu bar to her website.

27.   White also added a large jewelry picture to her website following this conversation.

28.   Upon information and belief, White also decreased the number of Yahoo and Google pay per click advertisements on her website.

29.   On August 27, 2007, counsel for White sent a letter to Jades claiming that Jades violated White's copyrights.

30.   The same letter claimed that the layout of Jades' website, the use of a flower graphic, and the use of the term "Creations" was likely to cause customer confusion with White's website and violated Section 43(a) of the Lanham Act.

31. The letter further claimed that White would have causes of action under Texas law for tort of misappropriation, unfair competition and unjust enrichment.

32. The letter demanded that Jades cease and desist from using White's copyrighted materials and pay White $500.

33. Jades did respond to White's counsel, asking for a specific and detailed list of the registered material claimed to have been copied and proof of ownership of the intellectual property White claimed.

34. Jades received no response to this letter until it received a copy of the DMCA complaint White filed with Earthlink on September 29, 2007.

35. Earthlink hosts Jades' website, www.jadesbeadedjewelry.com.

36. The Earthlink DMCA complaint claims that Jades Beaded Jewelry places White's copyrighted works and federally registered trademarks on its website without authorization.

37. The complaint further alleges that the website is infringing "trade dress" and is "very deceptive and misleading which is resulting in a direct loss of revenue given the company's position obtained in the search engines by using copyright content registered to" White.

38. In response to White's DMCA complaint, Earthlink did in fact disable access to Jades' website on October 15, 2007.

39. On October 16, 2007, Jades filed a counter-notification to claim copyright infringement with Earthlink.

40. In that notification, Jades informed Earthlink that Jades had not used any copyrighted or trademarked material belonging to White.

41. Jades also refuted White's trade dress claims.

42. On or about October 18, 2007, Earthlink restored access to Jades' website.

43. Upon information and belief, Jades did lose sales during the time period in which its website was down.

## CAUSES OF ACTION

### First Cause of Action – Breach of Contract

44. Jades incorporates and realleges paragraphs 1-43 as if fully set forth herein.

45. SW Creations solicits companies to purchase a link on its website for a one-time fee.

46. On or about March of 2006, Jades purchased such a link from SW Creations' site.

47. In April of 2006, White e-mailed Jades to confirm that she accepted the contract and had placed the link on her website.

48. On or July 2006, and again in October 2006, Jades noticed that SW Creations had removed the link from its website.

49. The link was subsequently restored, then permanently removed in mid-August, 2007.

50. SW Creations breached its contract with Jades by removing the link.

51. Jades has been damaged in a decrease of traffic to its website.

**Tortious Interference With a Contract**

52. Jades incorporates and realleges paragraphs 1-51 as if fully set forth herein.

53. Jades had and has a contract with Earthlink, Inc. to host the website www.jadesbeadedjewelry.com.

54. In September of 2007, White filed a complaint with Earthlink under the Digital Millennium Copyright Act ("DMCA"), asking that Earthlink remove or disable access to the website www.jadesbeadedjewelry.com.

55. White claimed in her DMCA complaint that Jades' website was infringing her copyrights works and federally registered trademarks.

56. White knew that Jades had a contract with Earthlink.

57. Nothing on Jades' website violates White's trademarks nor any of her copyrights.

58. White knew or should have known that nothing on Jades' website violated any of her trademarks or copyrights.

59. Earthlink did in fact disable Jades' website from October 15 to October 18, 2007.

60. White took an intentional act to induce Earthlink to breach its contract with Jades.

61. Jades was damaged in an amount to be determined at trial by the fact its customers could not access its website during this time, and upon information

and belief, may have been discouraged from attempting to locate the website on a future date.

### Declaratory Judgment—Non-Infringement of Copyrights

62. Jades incorporates and realleges paragraphs 1-61 as if fully set forth herein.

63. In its letters to Jades and to Earthlink, White asserts Jades infringes her trade dress and copyrights.

64. Upon information and belief, White does have a federally registered copyright.

65. Because of her earlier actions sending a cease and desist letter and serving a DMCA complaint on Earthlink, Jades has a reasonable fear that White will continue to disrupt its business by asserting copyright claims.

66. Jades does not infringe any copyright of White's.

### Misuse of Copyright

67. Jades incorporates and realleges paragraphs 1-66 as if fully set forth herein.

68. Nothing on Jades' website infringes any copyright belonging to White.

69. Jades reasonably believes that White used a copyright claim in her cease and desist demands because the "safe harbor" provision of the DMCA copies 17 U.S.C. Section 512, provided a mechanism by which she could demand expeditious takedown of materials alleged to infringe her copyrights. White did

not have a good faith basis to allege copyright infringement or file a DMCA complaint.

70. White engaged in a misuse of her copyrights by claiming that information on her website was infringed by Jades' website when she knew or should have known it was not.

### Violation of 17 U.S.C. 512(f)—Misrepresentation

71. Jades incorporates and realleges paragraphs 1-70 as if fully set forth herein.

72. White knew Jades was not infringing any of her copyrights.

73. In a letter issued under the authority of 17 U.S.C. Section 512, she knowingly misrepresented that Jades was infringing her website.

74. In that letter to Earthlink, White knowingly misrepresented that Earthlink could be liable under copyright law for infringement.

75. Jades was injured by this misrepresentation in that Earthlink relied upon the misrepresentation to disable Jades' website for multiple days in 2007.

WHEREFORE, Jades requests the following relief:

A.  Injunctive relief restraining Stephanie White from bringing suit or threatening to bring suit against Jades for copyright infringement.

B.  Damages for copyright misuse and intentional interference with a contractual relationship.

C.  Attorneys' fees pursuant to 17 U.S.C. § 512(f).

D.  Plaintiff's costs and disbursements.

Dated this 16th day of November, 2007.

/s/ Amy L. Lindner
David G. Hanson
Amy L. Lindner
William H. Dietrich
Attorneys for Plaintiff
Reinhart Boerner Van Deuren s.c.
1000 North Water Street, Suite 2100
Milwaukee, WI 53202
Telephone: 414-298-1000
Facsimile: 414-298-8097
alindner@reinhartlaw.com