DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| PRECAST MANAGEMENT CORP., a Nevada corporation, | ) ) ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) ) |
| AMCORE BANK, N.A., a National Banking Association, | ) ) ) |
| Defendant. | ) |

## COMPLAINT

NOW COMES Plaintiff, Precast Management Corp., a Nevada corporation, by its attorneys, Klein, Stoddard, Buck, Waller & Lewis, LLC and for its Complaint against Amcore Bank, N.A., a National Banking Association, as Defendant, states as follows:

## NATURE OF THE ACTION

1. Plaintiff brings this action against Defendant bank for conversion or negligence for honoring checks payable to Plaintiff, without Plaintiff's endorsement or authorization.

## PARTIES AND JURISDICTION

1. Plaintiff, Precast Management Corp. is a Nevada corporation with its headquarters at 3664 Susana Street, Las Vegas, Nevada 89121.

2. Defendant, Amcore Bank, N.A., is a National Banking Association doing business in Winnebago County, Illinois with its headquarters located at 501 Seventh Street, Rockford, Illinois.

3. This Court has subject matter jurisdiction of this Complaint pursuant to 28 U.S.C. §1332 in that this is a civil action wherein the matter in controversy exceeds the sum of $75,000.00 exclusive of interest and costs and is between citizens of different states.

4. Venue is proper in this judicial district under 28 U.S.C. §1391(a) in that Defendant, Amcore Bank, N.A., resides within the Northern District of Illinois, Western Division.

5.      This Court has personal jurisdiction over Amcore Bank, N.A. under 735 ILCS 5/2-209(b)(4) because said Defendant is located and does business in the County of Winnebago and State of Illinois.

## COUNT I

## CONVERSION

6.      Plaintiff restates and realleges the allegations set forth in paragraphs 1-5 as if set forth herein.

7.      Plaintiff does not now nor has it ever had any account with Defendant.

8.      From time to time Defendant has received checks made payable to Plaintiff and has cashed or deposited said checks for the benefit of customers of Defendant without Plaintiff's endorsement, authorization or other consent.

9.      The checks so deposited or otherwise negotiated by Defendant consist of at least the following:

| Issued by | Ck. No. | Amount | Date Negotiated |
| --- | --- | --- | --- |
| Granite Construction | 2352182 | $31,291.20 | 02/10/05 |
| SSL, Inc. | 5764 | $33,899.25 | 01/07/05 |
| Pinner Construction Co. | 55314 | $50,000.00 | 03/23/05 |
| Pinner Construction Co. | | $50,780.00 | |
| B & H Construction | 46559 | $12,750.00 | 01/27/05 |
| Morrow Equipment Co. | 119807 | $29,581.40 | 03/03/05 |
| Morrow Equipment Co. | 118626 | $ 9,116.28 | 01/20/05 |
| Byldan Corporation | | $20,100.00 | |
| Byldan Corporation | | $24,468.00 | |
| Vinings 1, LLC | 1294 | $17,971.00 | 05/12/05 |
| Randall C. Donald | 3630 | $ 3,600.00 | 04/11/05 |

10.      On information and belief there are additional checks that were negotiated by Defendant and cashed or deposited for the benefit of Precast Technologies, Inc. or a subsidiary or affiliate thereof which has no relation to Plaintiff. All such checks were negotiated without endorsement, acknowledgment or other consent by Plaintiff even though such checks were made payable to Plaintiff.

11.      At all times herein relevant there was in effect an Illinois statute which provides in pertinent part as follows:

§3-420.        Conversion of instrument.

(a)     The law applicable to conversion of personal property applies to instruments. An instrument is also converted if it is taken by transfer, other than a negotiation, from a person not entitled to enforce the instrument or a bank makes or obtains payment with respect to the instrument for a person not entitled to enforce the instrument or receive payment. An action for conversion of an instrument may not be brought by (i) the insurer or acceptor of the instrument or (ii) a payee or indorsee who did not receive delivery of the instrument either directly or through delivery to an agent or a co-payee.

810 ILCS 5/3-420(a).

12.    As a direct and proximate result of Defendant's actions as stated herein, Plaintiff has been damaged in an amount exceeding $283,557.13.

13.    Plaintiff has demanded that Defendant compensate Plaintiff for the damages alleged herein, but Defendant has failed and refused to do so.

14.    The actions of Defendant as described above constitute willful disregard for Plaintiff's property and therefore Plaintiff is entitled to recover punitive damages for the same.

WHEREFORE, Plaintiff, Precast Management Corp. prays that this Honorable Court enter judgment in its favor and against Defendant, Amcore Bank, N.A. in an amount in excess of $283,557.13 together with punitive damages, costs and expenses herein and for such other relief as this Court deems just.

## COUNT II

## NEGLIGENCE

1-10.    Plaintiff restates and realleges the allegations set forth in paragraphs 1-10 of Count II as if set forth herein.

11-13.    Plaintiff restates and realleges the allegations set forth in paragraphs 12-14 of Count I as paragraphs 11-13 of this count as if set forth herein.

14.    Each of the above-described checks was made payable only to Precast Management Corp. Nevertheless, an individual not authorized to act on behalf of Plaintiff presented each check to Defendant to be honored by Defendant.

15.    Defendant failed to inquire about the authority of the presenter to negotiate each

check as it was presented.  Defendant further failed to obtain a valid endorsement or other valid release from Plaintiff prior to negotiating each of said checks.

16. Defendant also failed to contact the issuer of each check to inquire of the presenter's authority to negotiate the same.

17. Each of the foregoing acts or omissions by Defendant constitutes negligence in that Defendant failed to abide by the commercially reasonable practices in the banking industry for accepting presented checks for payment, deposit or other negotiation.

WHEREFORE, Plaintiff, Precast Management Corp. prays that this Honorable Court enter judgment in its favor and against Defendant, Amcore Bank, N.A. in an amount in excess of $283,557.13 together with punitive damages, costs and expenses herein and for such other relief as this Court deems just.

**Precast Management Corp**. a Nevada corporation
Plaintiff

By: ___*/s/ Jeffrey L. Lewis*___
        One of its attorneys

Jeffrey L. Lewis
Klein, Stoddard, Buck, Waller & Lewis, LLC
2045 Aberdeen Court, Suite A
Sycamore, IL 60178
815-748-0380

Case 1:07-cv-59999    Document 9    Filed 11/21/2007    Page 5 of 5