**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | |
|---|---|
| JOSE MANUEL ALDABA-GRIJALDO,   )<br>    Plaintiff,                  )<br>                                )<br>    -vs-                        )<br>                                )<br>                                )<br>CITY OF MARENGO POLICE OFFICER, )<br>ERIC BOCKELMANN, individually, Unknown )<br>City of Marengo Police Officers, individually )<br>and the City of Marengo.        )<br>    Defendants.                 )  | No.<br><br>Judge |

## COMPLAINT

### Introduction

1. This is an action for money damages brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution, and under the law of the State of Illinois, against Eric Bockelmann, a police officer of the City of Marengo, in his individual capacity, several unknown City of Marengo police officers, in their individual capacity and the City of Marengo.

### Jurisdiction

2. The jurisdiction of this Court is based upon 28 U.S.C. §§ 1331 and 1343, 42 U.S.C. § 1983, and pendent jurisdiction for attendant state claims as provided under U.S.C. § 1367 (a) and the Constitution of the United States.

### Venue

3. Venue is appropriate in the Northern District of Illinois pursuant to 28 U.S.C. § 1391(b) as at least one of the Defendants resides in McHenry County, located in this district.

### Parties

4. The Plaintiff, Jose Manuel Aldaba-Grijaldo, deceased.

5. At all times relevant to this matter, City of Marengo Police Officer Eric Bockelmann and Unkown City of Marengo Police Officers were duly appointed and sworn police officers of the City of Marengo, County of McHenry, in the State of Illinois. The Defendant Officers are sued in their individual capacity.

6. The Defendant City of Marengo is a duly incorporated municipal corporation and is the employer and principal of the Defendant Officers.

### Facts Common to All Counts

7. On or about May 14, 2006, at approximately 11:00 p.m., Jose Manuel Aldaba-Grijaldo was driving a black 1988 Ford Ltd.

8. While driving he became the subject of a pursuit by the City of Marengo Police Department.

9. The City of Marengo Police Officers wanted to question him.

10. The pursuit was joined by McHenry County Sheriff's Police and the Kane County Sheriff's Police.

11. The pursuit ended in the area Allen Road, near a railroad crossing, such south of Hampshire, Illinois.

12. Jose Manuel Aldaba-Grijaldo exited the Ford.

13. Jose Manuel Aldaba-Grijaldo was unarmed.

14. Officer Bockelmann fired his weapon four times, striking Jose Manuel Aldaba-Grijaldo four times.

15. Defendant Officers failed to provide immediate medical attention.

16. Jose Manuel Aldaba-Grijaldo did not die immediately, but was conscious for some time and was in great pain and suffering from his injuries.

17. Jose Manuel Aldaba-Grijaldo was pronounced dead at Provena St. Joseph Hospital at 11:54 p.m.

18. At no time during the events described above was Jose Manuel Aldaba-Grijaldo armed with any weapon or was he a threat to the safety of himself or others.

19. As a direct and proximate result of the said acts of the Defendant Officers, Jose Manuel Aldaba-Grijaldo suffered the following injuries and damages:
  a) violation of his Constitutional rights under the Fourth and Fourteenth Amendments to the United States Constitution to be free from unreasonable search and seizure of his person;
  b) loss of his life;
  c) physical pain and suffering and emotional trauma and suffering, requiring the expenditure of money for treatment.

20. The Plaintiff Jose Manuel Aldaba-Grijaldo , suffered the untimely end of his relationship with his family with the corresponding loss of his income, services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advise, and his family was forced to incur funeral and burial expenses.

21. The actions of the Defendant Bockelmann and the Unknown Officers violated the following clearly established and well settled federal Constitutional rights of Jose Manuel Aldaba-Grijaldo;
   a) freedom from the unreasonable seizure of his person;
   b) freedom from the use of excessive, unreasonable and unjustified force against his person;

## COUNT I
### (Excessive Force Against Officer Bockelmann)

22. The Plaintiff hereby incorporates and realleges paragraphs 1 through 21 as though fully set forth in this Count.

23. The following acts of Officer Bockelmann constitute an excessive use of force in violation of §42 U.S.C. 1983 and the United States Constitution:
   a. without legal cause, justification or excuse, shot and killed Jose Manuel Aldaba-Grijaldo.

24. Officer Bockelmann's conduct directly and proximately caused Jose Manuel Aldaba-Grijaldo to suffer pain anguish and humiliation.

25. Officer Bockelmann's conduct directly and proximately caused Jose Manuel Aldaba-Grijaldo's death.

**WHEREFORE**, Jose Manuel Aldaba-Grijaldo, deceased, respectfully requests that Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, attorney fees, punitive damages, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT II
### (Wrongful Death Against Officer Bockelmann)

26. The Plaintiff hereby incorporates and realleges paragraphs 1 through 21 as though fully set forth in this Count.

27. This claim is brought under 42 U.S.C. §1983 and the Constitution of the United States.

28. Officer Bockelmann committed the following acts or omissions in violation of 42 U.S.C. §1983 and the United States Constitution:

  a. failed to call for or provide immediate medical attention to Jose Manuel Aldaba-Grijaldo when he knew or should have known that Jose Manuel Aldaba-Grijaldo's life and health were at grave risk from having been shot.

  b. without legal cause, justification or excuse, shot and killed Jose Manuel Aldaba-Grijaldo.

  29. Officer Bockelmann's deliberate indifference to the rights of Jose Manuel Aldaba-Grijaldo proximately caused him to suffer great pain and mental anguish.

  30. Officer Bockelmann's deliberate indifference to the rights of Jose Manuel Aldaba-Grijaldo proximately caused his death.

  **WHEREFORE**, Jose Manuel Aldaba-Grijaldo, deceased, respectfully requests that Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, attorney fees, punitive damages, the costs incurred in this matter, and any further relief that this Court deems just.

## Count III
### (42 U.S.C. §1983-Deliberate Indifference Against Officer Bockelmann)

  31. The Plaintiff hereby incorporates and realleges paragraphs 1 through 21 as though fully set forth in this Count.

  32. After Officer Bockelmann shot Jose Manuel Aldaba-Grijaldo, he failed to provide him with necessary medical attention.

  33. As a result of the unjustified and unconstitutional conduct of Defendant, Aldaba-Grijaldo suffered pain, injury, and, ultimately died. He also suffered emotional distress before she died,

  34. In this manner, the conduct of Defendant violated the 14th Amendment to the United States Constitution in that it was objectively unreasonable and deliberately indifferent to Aldaba-Grijaldo's objectively serious medical needs.

  35. The misconduct described in this Count was undertaken with malice, willfulness, and deliberate indifference to the rights of others.

  36. The actions of Defendant proximately caused the injuries suffered by Aldaba-Grijaldo.

  **WHEREFORE**, Jose Manuel Aldaba-Grijaldo, deceased, respectfully requests that Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff

compensatory damages, attorney fees, punitive damages, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT IV
### (Wrongful Death Against Unknown Officers)

37. The Plaintiff hereby incorporates and realleges paragraphs 1 through 21 as though fully set forth in this Count.

38. This claim is brought under 42 U.S.C. §1983 and the Constitution of the United States.

39. The Unknown Officers committed the following acts or omissions in violation of 42 U.S.C. §1983 and the United States Constitution:

a. failed to call for or provide immediate medical attention to Jose Manuel Aldaba-Grijaldo when he knew or should have known that Jose Manuel Aldaba-Grijaldo's life and health were at grave risk from having been shot.

40. The Unknown Officers' deliberate indifference to the rights of Jose Manuel Aldaba-Grijaldo proximately caused him to suffer great pain and mental anguish.

41. The Unknown Officers' deliberate indifference to the rights of Jose Manuel Aldaba-Grijaldo proximately caused his death.

**WHEREFORE**, Jose Manuel Aldaba-Grijaldo, deceased, respectfully requests that Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, attorney fees, punitive damages, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT V
### (42 U.S.C. § 1983-Deliberate Indifference Against Unknown Officers)

42. The Plaintiff hereby incorporates and realleges paragraphs 1 through 21 as though fully set forth in this Count.

43. After Officer Bockelmann shot Jose Manuel Aldaba-Grijaldo, the Unknown Officers failed to provide him with necessary medical attention.

44. As a result of the unjustified and unconstitutional conduct of the Unknown Officers, Aldaba-Grijaldo suffered pain, injury, and, ultimately died. He also suffered emotional distress before she died,

45. In this manner, the conduct of the Unknown Officers violated the 14th Amendment to the United States Constitution in that it was objectively unreasonable and deliberately indifferent to Aldaba-Grijaldo's objectively serious medical needs.

46. The misconduct described in this Count was undertaken with malice, willfulness, and deliberate indifference to the rights of others.

47. The actions of the Unknown Officers proximately caused the injuries suffered by Aldaba-Grijaldo.

**WHEREFORE**, Jose Manuel Aldaba-Grijaldo, deceased, respectfully requests that Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, attorney fees, punitive damages, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT VI
## ILLINOIS STATUTORY SURVIVAL ACTION
### (Officer Bockelmann)

48. The Plaintiff hereby incorporates and realleges paragraphs 1 through 21 as though fully set forth in this Count.

49. As a direct and proximate result of the Defendant Bockelmann's aforesaid acts and/or omissions as more specifically described above, Jose Manuel Aldaba-Grijaldo suffered great pain, emotional distress, mental anguish and permanent injury before dying from the gunshot wounds inflicted upon him by the Defendant Bockelmann.

50. The Estate of Jose Manuel Aldaba-Grijaldo is entitled to damages based upon and pursuant to the Illinois Survival Act (see 740 ILCS 180/1 (West 2000)).

**WHEREFORE**, Jose Manuel Aldaba-Grijaldo, deceased, respectfully requests that Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, attorney fees, punitive damages, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT VII
## ILLINOIS STATUTORY WRONGFUL DEATH CLAIM
### (Officer Bockelmann)

51. The Plaintiff hereby incorporates and realleges paragraphs 1 through 21 as though fully set forth in this Count.

52. As a direct and proximate result of the Defendant Bockelmann's aforesaid acts and/or omissions as more specifically described above, the Plaintiff Jose Manuel Aldaba-Grijaldo died.

53. The Estate of Jose Manuel Aldaba-Grijaldo is entitled to damages based upon and pursuant to the Illinois Wrongful Death Act (740 ILCS 180/2 West 2000).

**WHEREFORE,** Jose Manuel Aldaba-Grijaldo, deceased, respectfully requests that Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, attorney fees, punitive damages, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT VIII
## ILLINOIS STATUTORY FAMILY EXPENSE ACT CLAIM
### (Officer Bockelmann)

54. The Plaintiff hereby incorporates and realleges paragraphs 1 through 21 as though fully set forth in this Count.

55. As a direct and proximate result of the Defendant Bockelmann's aforesaid acts and/or omissions as more specifically described above, the Estate of Jose Manuel Aldaba-Grijaldo incurred medical and burial expenses.

56. The Estate of Jose Manuel Aldaba-Grijaldo is entitled to damages based upon and pursuant to the Illinois Family Expense Act (see 750 ILCS 65/16 (West 2000)).

**WHEREFORE,** Jose Manuel Aldaba-Grijaldo, deceased, respectfully requests that Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT IX
## ILLINOIS STATUTORY SURVIVAL ACTION
### (Unknown Officers)

57. The Plaintiff hereby incorporates and realleges paragraphs 1 through 21 as though fully set forth in this Count.

58. As a direct and proximate result of the Unknown Officers' aforesaid acts and/or omissions as more specifically described above, Jose Manuel Aldaba-Grijaldo suffered great pain, emotional distress, mental anguish and permanent injury before dying from the gunshot wounds inflicted upon him by the Unknown Officers.

59. The Estate of Jose Manuel Aldaba-Grijaldo is entitled to damages based upon and pursuant to the Illinois Survival Act (see 740 ILCS 180/1 (West 2000)).

**WHEREFORE**, Jose Manuel Aldaba-Grijaldo, deceased, respectfully requests that Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, attorney fees, punitive damages, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT X
## ILLINOIS STATUTORY WRONGFUL DEATH CLAIM
### (Unknown Officers)

60. The Plaintiff hereby incorporates and realleges paragraphs 1 through 21 as though fully set forth in this Count.

61. As a direct and proximate result of the Unknown Officers' aforesaid acts and/or omissions as more specifically described above, the Plaintiff Jose Manuel Aldaba-Grijaldo died.

62. The Estate of Jose Manuel Aldaba-Grijaldo is entitled to damages based upon and pursuant to the Illinois Wrongful Death Act (740 ILCS 180/2 West 2000).

**WHEREFORE,** Jose Manuel Aldaba-Grijaldo, deceased, respectfully requests that Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, attorney fees, punitive damages, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT XI
## ILLINOIS STATUTORY FAMILY EXPENSE ACT CLAIM
### (Unknown Officers)

63. The Plaintiff hereby incorporates and realleges paragraphs 1 through 21 as though fully set forth in this Count.

64. As a direct and proximate result of the Unknown Officers' aforesaid acts and/or omissions as more specifically described above, the Estate of Jose Manuel Aldaba-Grijaldo incurred medical and burial expenses.

65. The Estate of Jose Manuel Aldaba-Grijaldo is entitled to damages based upon and pursuant to the Illinois Family Expense Act (see 750 ILCS 65/16 (West 2000)).

**WHEREFORE,** Jose Manuel Aldaba-Grijaldo, deceased, respectfully requests that Honorable Court enter judgment in favor of the Plaintiff and award the Plaintiff compensatory damages, the costs incurred in this matter, and any further relief that this Court deems just.

## COUNT XII
### (745 ILCS 10/9-102)

66. The Plaintiff hereby incorporates and realleges paragraphs 1 through 21 as though fully set forth in this Count.

67. The City of Marengo was at all times relevant to this Complaint charged with the oversight of the Defendant Officers.

68. The City of Marengo was at all times relevant to this Complaint the employer of the Defendant Officers.

69. Defendants Officer Bockelmann and the Unknown Officers committed the acts alleged above under color of law and in the scope of their employment as employees of the City of Morengo.

**WHEREFORE**, should Officer Bockelmann and the Unknown Officers be found liable on one or more of the claims set forth above, Plaintiff demands that, pursuant to 745 ILCS 10/9-102, the Defendant City of Morengo be found liable for any judgment plaintiff obtains against said defendants, as well as attorneys fees and costs awarded.

## COUNT XIII
### (Respondeat Superior Claim Against the City of Marengo)

70. The Plaintiff hereby realleges and incorporates paragraph 1 through 21 as though fully set forth in this Count.

71. The Defendant Officers were at all times relevant to this Complaint employees of the City of Marengo, and engaged in the conduct complained of in the course and scope of their employment.

72. The City of Marengo is and was at all times material to this Complaint the employer and principal of the Defendant Officers.

73. The above-referenced acts of the Defendant Officers were in the scope of their employment as Police Officers of the City of Marengo, and therefore the City of

Marengo, as the principal of the Defendant Officers, is liable for the actions of its agents under the doctrine of respondeat superior.

**WHEREFORE**, the Plaintiff respectfully requests that this Honorable Court enter judgment against the Defendants and in favor of the Plaintiff and award the Plaintiff compensatory damages, punitive damages, the costs incurred in this matter and any further relief this Honorable Court deems just.

**PLAINTIFF DEMANDS TRIAL BY JURY.**

s/ Jon F. Erickson
s/ Michael Oppenheimer

Jon F. Erickson
Michael Oppenheimer

**ERICKSON & OPPENHEIMER, LLC**
1051 W. Belmont
Chicago, Illinois  60657

(773) 935-3130

*Attorneys for Plaintiff*