UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

In Re Application Of:

CARLOS VITERI,                              )
                                            )
       Petitioner,                      )
                                            )
vs.                                         )
                                            )  Case No.
GABRIELLA MARIA PFLUCKER,                   )
                                            )
       Respondent.                      )
                                            )

## PETITION FOR RETURN OF CHILD UNDER THE HAGUE CONVENTION

This Petition is brought under the Convention on the Civil Aspects of International Child Abduction, done at the Hague on 25 October 1980 (the "Convention"), 42 U.S.C. § 11603(b), the International Child Abduction Remedies Act ("ICARA").

The objects of the Convention are:

> Article 1(a): [T]o secure the prompt return of children wrongfully removed to or retained in any Contracting State; and

> Article 1(b): [T]o ensure that rights of custody and of access under the law of one Contracting State are effectively respected in the other Contracting States.

### Jurisdiction

1.    This Court has jurisdiction under 42 U.S.C. § 11603(a).

2.    A decision under the Convention is not a determination of the custody of the minor child, under Article 19 of the Convention and/or 42 U.S.C. § 11601(b)(4).

### Status of Petitioner and Child

3.    Petitioner CARLOS VITERI is the father of the minor child, VALERIA CARLA VITERI PFLUCKER. Respondent GABRIELLA MARIA FLUCKER is the minor child's

mother. The minor child was born on August 24, 2000 in Lima, Perú. A copy of the minor child's birth certificate, with accompanying translation is attached hereto as Exhibit A.[1]

4. Petitioner, Respondent and the minor child lived together until October 2003, when Petitioner and Respondent, an unmarried couple, separated. Affidavit of Carlos Viteri attached hereto as Exhibit B.

5. In or about October 2003, Petitioner filed a petition in a Peruvian family court seeking visitation rights over his minor daughter ("Regimen de Visita") under case number 183504-2003-00113-00. The petition was granted and Petitioner was awarded vistitation on weekends and every Wednesday. Respondent appealed this order which was affirmed by the Peruvian Superior Court ("Corte Superior de Justicia de Lima") on October 31, 2005. A copy of the Superior Court's order and accompanying translation is attached hereto as Exhibit C.

6. Petitioner has a right of custody of the child within the meaning of Articles Three and Five of the Convention in that he is her natural father.

7. Petitioner, both before and after the wrongful removal and retention, was exercising his rights of custody within the meaning of Articles Three and Five of the Convention. *See* Exhibit B and C.

8. The Petitioner resided in Perú at the time of his application to the Central Authority of Perú. Exhibit B.

9. The child was born on August 24, 2000 and will be sixteen (16) years of age on August 24, 2016. *See* Exhibit A.

10. The child habitually resided in Perú within the meaning of Article Three of the Convention immediately before the wrongful removal and retention of the child in the United

---

[1] The urgency of Hague Convention cases excuses authentication of documents referenced in this Petition. 42 U.S.C. § 11605 (2006).

States by Respondent. *See* Declaration Establishing Habitual Residence of the Child, attached hereto as Exhibit D.

### **Wrongful Removal and Retention of Child by Respondent**

11. Respondent refused to honor the visitation order entered in favor of Petitioner. Petitioner was not permitted to see his daughter on the scheduled visits. *See* Exhibit B.

12. Petitioner was permitted to see his daughter only occasionally, usually at Respondent's whim. He last saw his daughter on or about August 15, 2005. *See* Exhibit B.

13. Respondent left Perú with the minor child on September 3, 2005. *See* Exhibit B.

14. On information and belief, Respondent secured travel documents for the minor child by filing a petition in another jurisdiction within Perú and falsely claiming that she did not know Petitioner's whereabouts. The Peruvian judge granted Respondent a 30 day tourist visa for travel to the United States based on Respondent's representations. *See* Exhibit B.

15. Petitioner was unaware of Respondent's intent to travel to the United States or her intention to take his daughter with her. Petitioner would not have consented to allowing Respondent to take the child to the United States if he had known of Respondent's intent.

16. Petitioner should have returned to Perú on or before October 3, 2005. She did not. Respondent left Perú with the minor child to generally prevent Petitioner from being a part of his daughter's life and specifically avoid Petitioner's attempted enforcement of a visitation order she resisted.

17. Petitioner contacted both the United States and Canadian consulates seeking information as to the whereabouts of his minor daughter and requesting her return to Perú.

18.     Petitioner also filed a petition with the Peruvian central authority to enlist its assistance in finding and returning his daughter to Perú. *See* Application to Ministerio de la Mujer y Dessarollo Social ("MIMDES")[2] dated July 17, 2006.

19.     The child is presently in the State of Illinois, believed to be in the County of Stephenson and residing with Respondent at 321 W. Roosevelt Street, Freeport, Illinois.

20.     The child's wrongful removal and retention within the meaning of Article Three of the Convention began on September 3, 2005.  Respondent continues to wrongfully retain the child in the United States despite efforts on the part of Petitioner to have the child returned to her habitual residence in Perú.

21.     On information and belief, Respondent illegally resided within the United States at the time of the application to the Central Authority of Perú.

## Relief Requested

22.     Petitioner formally requested the return of his daughter under the Hague Convention.  Petitioner reported her abduction to the autorities and submitted an application to the Peruivan Central Authority, the office charged with administering Perú's responsibilities under the Convention on July 17, 2006.  *See* Exhibit B.

23.     This Court is the authority of last resort for Petitioner.  It is clear that Petitioner's daughter was wrongfully removed from her country of habitual residence (Perú), is being wrongfully retained in the United States and is being alienated from Petitioner by Respondent.

24.     Petitioner urges this Court to take all steps necessary to prevent further removal and concealment of Valeria Carla Viteri Pflucker and order her return to Perú so that appropriate custody proceedings may be undertaken by Peruvian courts.

---

[2] MIMDES serves as the Central Authority of Perú for purposes of the Hague Convention.

WHEREFORE, for reasons set forth above, Petitioner requests that the child, VALERIA CARLA VITERI PFLUCKER, be returned immediately with the Petitioner to Perú, her place of habitual residence and further requests that this Court award all costs and fees incurred in this proceeding, as required by 42 U.S.C. § 11607.

**Dated**: February 28, 2008    Respectfully submitted,

                                       **Carlos Viteri**

                              By: s/ Rosa M. Tumialán
                                  Attorney for Petitioner

Rosa M. Tumialán
Katharine Dunn
Jennifer Shivers
Attorney for Petitioner
DYKEMA GOSSETT PLLC
10 South Wacker Drive, Suite 2300
Chicago, Illinois 60606
(312) 876-1700