UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **S.G. and S.G.,** as parents and guardians of **L.G.,** a minor, | ) ) ) ) |
| Plaintiffs, | ) 08-C ) |
| vs. | ) ) |
| **ROCKFORD BOARD OF EDUCATION** and **KENNETH HELD**, in His Capacity as Principal of Rolling Green Elementary School, | ) ) ) ) ) |
| Defendants. | ) |

# COMPLAINT

**NOW COMES** the Plaintiffs, S.G. and S.G. as parents and guardians of L.G., a minor, by their attorneys, LAW OFFICES OF SHRIVER, O'NEILL & THOMPSON, and complains of the Defendants, ROCKFORD BOARD OF EDUCATION and KENNETH HELD in his capacity as Principal of Rolling Green Elementary School, as follows:

## PARTIES

1.  At all times relevant herein, Plaintiffs were residents of the City of Rockford, County of Winnebago and State of Illinois.

2.  At all times relevant herein, ROCKFORD BOARD OF EDUCATION (hereinafter referred to as RBE) was a corporate body under the State of Illinois located within the boundaries of Winnebago County, State of Illinois.

3.  Defendant RBE employs at its Rockford, Illinois, sites, which include RBE located at 201 S. Madison Street and Rolling Green Elementary School located at 3615 Westgate Pkwy, Rockford, Illinois, over 3,000 employees.

4.      At all times relevant, Defendant KENNETH HELD (hereinafter referred to as HELD), is a natural person, upon information and belief residing in the city of Rockford, the County of Winnebago, and State of Illinois; further Defendant HELD was an administrative employee of Defendant's school system and served as Principal at Rolling Green Elementary School.

## JURISDICTION AND VENUE

5.      This is an action for violations of Title IX of the Education Amendments of 1972, brought pursuant to 20 USC §1681 *et. seq.*, as well as violations of Title VII of Civil Rights Act of 1964 § 1983. Jurisdiction is founded upon a federal question of law, pursuant to 28 USC §1331.  Further, pendant jurisdiction for the state law claims is proper pursuant to 28 USC §1441(c).  State law claims are brought pursuant to State of Illinois Abused and Neglected Reporting Act, 325 ILCS 5/1, et seq.

6.      Venue is proper in this district and division pursuant to 28 USC §1391a.

## COMPLAINT

## COUNT I

## FOR SEXUAL HARASSMENT AND BATTERY UNDER TITLE IX

7.      During the 2006-2007 school year a new student enrolled in the Rockford Public School District #205, at Rolling Green Elementary School.

8.      This student was a first grade student who transferred from another school district prior to the Christmas holidays because of his past history of behavioral problems, sexual misconduct and other discipline problems.

9.      At least a significant portion of this problem student's history of sexual misconduct/harassment was disclosed either by transferred school records and/or by his

parent/guardian to the Rolling Green Elementary School Principal, HELD, and/or to other personnel i.e. classroom teacher, supervisors/administrators of RBE.

10. The principal, HELD, and/or other administrators and supervisors of Defendant knew or should have known by a cursory review of said problem student's records of his propensity to harm, injure and/or to harass sexually other students.

11. Knowing the above, no precautions or warnings were made by the Defendants to other school personnel so that the problem student's peers would be protected. John Doe vs. The Chicago Board of Education, 213 Ill.2d 19 (2004).

12. The principal, HELD, and/or other administrators/supervisors of Defendant had a duty to warn all school personnel of this problem student's history in order that they could protect all of the other children who he would have contact with from physical injury/emotional harm and/or sexual harassment/abuse.

13. The principal, HELD, and RBE had a duty to implement proactive measures or other special services to this problem student in order to intervene and prevent all of the other children who he would have contact with from physical injury/emotional harm and/or sexual harassment/abuse as they are in a position of in loco parentis.

14. Upon information and belief, the principal, HELD, and/or other supervisors and administrators of Defendant allowed this known problem student to be placed in an overcrowded classroom of 32 students with a totally uninformed teacher who had no aide to assist her.

15. In January, 2007, the Plaintiff, parents of student L.G., another first grade student in the same classroom of this problem student, informed principal HELD at least twice of the harassing nature and strange sexual requests of the problem student to their daughter, L.G.

16. Principal HELD informed the parents at that time that this problem student had behavioral issues and sexual misconduct issues, but that there was essentially nothing to worry about.

17. L.G.'s classroom teacher was still unaware of the issues and was not informed by the administration to take precautions nor did she receive any assistance to protect student L.G.

18. That the sexual harassment continued the rest of the school year whereby the problem student would, for example, in reading group sit beside/behind student L.G. and he would put his hands down the back of her pants on a regular basis and fondle her on her naked buttocks and smell his fingers.

19. On March 14, 2007, student L.G. had permission to go to the bathroom and unbeknownst to the classroom teacher, the problem student left the classroom and followed her.

20. The problem student then took student L.G. to a janitor's closet and proceeded to sexually batter, harass and abuse her, physically and emotionally, in an aberrant sexual manner. (The specifics of this incident are too egregious and graphic to detail here, but are alleged sufficiently to place Defendants on notice).

21. They were discovered by a passing aide/paraprofessional who heard student L.G.'s cries, complaints and whimpers from said closet where she was trapped by the problem student.

22. Both children were taken to the principal's office who interrogated the children without notifying student L.G.'s parents. He eventually called them 45 minutes later on his cell phone as he was driving to a meeting to inform them that their daughter was hysterical and they should pick her up in the office.

23. Little, if any, information was provided to the parents of student L.G., and upon information and belief, D.C.F.S. was not called by any school teacher or administrator who were

required to do so as mandated reporters under Illinois Abused and Neglected Reporting Act.

24. The parents of student L.G. called the police that night who investigated the matter through the Carrie Lynn Center.

25. No significant action was taken to protect student L.G. from further sexual harassment/assault by the problem student the remainder of the school year of 2007-2008.

26. The parents continued to complain about further sexual harassment of student L.G. by the problem student telling her that she is "hot" and other sexual innuendos and he continued to follow her and stalk her on the playground and other locations at Rolling Green Elementary for the remainder of the school year.

27. The investigating detective, Nunminchuk, went twice to Rolling Green Elementary after the incident of March 14, 2007, to warn principal HELD to keep the problem student away from student L.G. to no avail.

28. On behalf of Plaintiffs, Attorney Cynthia Szymanski Koroll wrote letters to principal HELD on April 2, 2007, and May 24, 2007, and spoke with Attorney Katz (RBE on house counsel) on May 29, 2007, (and followed it with another letter) regarding the issues of continuing and ongoing sexual harassment of student L.G. by the problem student.

29. Student L.G. has been in counseling at the Carrie Lynn Center and in private counseling from the emotional and physical trauma she suffered due to the sexual abuse and harassment by the problem student from the date of March 14, 2007, to present.

30. Student L.G. continues to have emotional and psychological issues regarding the continuing trauma she faced without sufficient protection from the adult Defendants who have a duty to protect her.

31. The parents of student L.G. had to move her to a protected private school for the 2007-2008 school year for her emotional and physical safety and her well being because RBE refused to move, control, or supervise the perpetrator problem student.

32. The parents of student L.G. have incurred medical and counseling expenses as a result of the sexual harassment/abuse and battery of student L.G. by another student all as a result of the failure of the school principal, HELD, and administrative staff from protecting her when they were put on notice in January, 2007, of the problem student's aberrant sexual actions and again in March 14, 2007(when he was allowed to follow her unsupervised out of the classroom to the bathroom) when they failed as mandated reporters to notify D.C.F.S. and when they allowed continuing sexual harassment to occur without adequate safeguards for the remainder of the 2006-2007 school year even with the notice given by Carrie Lynn Center, Detective Nunminchuk and Attorney Szymanski Koroll.

**WHEREFORE,** Plaintiffs request this Court grant the following relief for the above count:

A. Award Plaintiffs a reasonable sum for proper reimbursement of all related medical and counseling costs for student L.G.

B. Order Defendant School Board of Education to be financially responsible for future medical/counseling expenses as related to student L.G.'s mental/emotional condition (as alleged herein).

C. Award student L.G. compensatory damages for her pain and suffering both past, present and future.

D. Award Plaintiffs their reasonable attorney's fees and costs in this action.

E. And for such other and further relief as this Court deems proper and just.

**COUNT II**

**SUBSTANTIVE DUE PROCESS CLAIM 42U.S.C.§ 1983 AND VIOLATION OF THE ILLINOIS ABUSED AND NEGLECTED CHILD REPORTING ACT, 325 ILCS 5/1, et seq.**

33.     The Illinois Abused and Neglected Child Reporting Act requires all school employees to report to the Department of Children and Family Services if they have reasonable cause to believe a child known to them in their professional capacity may be abused. Doe v. Dimovski, 336 Ill.App.3d 292, 783 N.E.2d 193, 270 Ill.Dec. 618 (2nd Dist. 2003); Doe v. Board of Education of Hononegah Communtity High School District No. 207, 833 F.Supp. 1366 (N.D. Ill. 1993).

34.     Upon information and belief no report was made as required by HELD or any other administrator or teacher or paraprofessional employed by RBE.

35.     That Defendants HELD and RBE violated student L.G.'s substantive due process rights by failing to protect her and to notify the proper authorities when they were put on notice of strange, unusual and aberrant sexual harassment of student L.G. by the problem student in January, 2007.

36.     HELD was an appropriate official of Defendant RBE and had actual notice of the sexual harassments and abuse directed against student L.G. both in January, 2007, and after March 14, 2007.

37.     HELD responded with deliberate indifference to the problem student's misconduct and sexual battery/harassment of student L.G. allowing it to continue at least in the form of sexual harassment for the remainder of the 2006-2007 school year. This is despite at least five warnings by a Rockford Detective and an attorney.

38.That this peer sexual harassment of student L.G. by this problem student was so severe, pervasive and objectively offensive and it so undermined student L.G.'s educational experience that she was effectively denied equal access to the elementary school she and her sister had attended for several years. She is now attending a private school.

39.Student L.G. has been in counseling at the Carrie Lynn Center and in private counseling from the emotional and physical trauma she suffered due to the sexual abuse and harassment by the problem student from the date of March 14, 2007, to present.

40.Student L.G. continues to have emotional and psychological issues regarding the continuing trauma she faced without sufficient protection from the adult Defendants who have a duty to protect her.

**WHEREFORE,** Plaintiffs request this Court grant the following relief for the above count:

A.Award Plaintiffs a reasonable sum for proper reimbursement of all related medical and counseling costs for student L.G.

B.Order Defendant School Board of Education to be financially responsible for future medical/counseling expenses as related to student L.G.'s mental/emotional condition (as alleged herein).

C.Award student L.G. compensatory damages for her pain and suffering both past, present and future.

D.Award Plaintiffs their reasonable attorney's fees and costs in this action.

E.And for such other and further relief as this Court deems proper and just**.**

## COUNT III

## WILLFUL AND WANTON MISCONDUCT AGAINST BOTH DEFENDANTS FOR DELIBERATE INDIFFERENCE TO SEXUAL HARASSMENT AND BATTERY

41.     During the 2006-2007 school year a new student enrolled in the Rockford Public School District #205, at Rolling Green Elementary School.

42.     This student was a first grade student who transferred from another school district prior to the Christmas holidays because of his past history of behavioral problems, sexual misconduct and other discipline problems.

43.     At least a significant portion of this problem student's history of sexual misconduct/harassment was disclosed either by transferred school records and/or by his parent/guardian to the Rolling Green Elementary School Principal, HELD, and/or to other personnel i.e. classroom teacher, supervisors/administrators of RBE.

44.     The principal, HELD, and/or other administrators and supervisors of Defendant knew or should have known by a cursory review of said problem student's records of his propensity to harm, injure and/or to harass sexually other students.

45.     Knowing the above, no precautions or warnings were made by the Defendants to other school personnel so that the problem student's peers would be protected. John Doe vs. The Chicago Board of Education, 213 Ill.2d 19 (2004).

46.     The principal, HELD, and/or other administrators/supervisors of Defendant had a duty to warn all school personnel of this problem student's history in order that they could protect all of the other children who he would have contact with from physical injury/emotional harm and/or sexual harassment/abuse.

47. The principal, HELD, and RBE had a duty to implement proactive measures or other special services to this problem student in order to intervene and prevent all of the other children who he would have contact with from physical injury/emotional harm and/or sexual harassment/abuse as they are in a position of in loco parentis.

48. Upon information and belief, the principal, HELD, and/or other supervisors and administrators of Defendant allowed this known problem student to be placed in an overcrowded classroom of 32 students with a totally uninformed teacher who had no aide to assist her.

49. In January, 2007, the Plaintiff, parents of student L.G., another first grade student in the same classroom of this problem student, informed principal HELD at least twice of the harassing nature and strange sexual requests of the problem student to their daughter, L.G.

50. Principal HELD informed the parents at that time that this problem student had behavioral issues and sexual misconduct issues, but that there was essentially nothing to worry about.

51. L.G.'s classroom teacher was still unaware of the issues and was not informed by the administration to take precautions nor did she receive any assistance to protect student L.G.

52. That the sexual harassment continued the rest of the school year whereby the problem student would, for example, in reading group sit beside/behind student L.G. and he would put his hands down the back of her pants on a regular basis and fondle her on her naked buttocks and smell his fingers.

53. On March 14, 2007, student L.G. had permission to go to the bathroom and unbeknownst to the classroom teacher, the problem student left the classroom and followed her.

54. The problem student then took student L.G. to a janitor's closet and proceeded to sexually batter, harass and abuse her, physically and emotionally, in an aberrant sexual manner.

(The specifics of this incident are too egregious and graphic to detail here, but are alleged sufficiently to place Defendants on notice).

55.     They were discovered by a passing aide/paraprofessional who heard student L.G.'s cries, complaints and whimpers from said closet where she was trapped by the problem student.

56.     Both children were taken to the principal's office who interrogated the children without notifying student L.G.'s parents. He eventually called them 45 minutes later on his cell phone as he was driving to a meeting to inform them that their daughter was hysterical and they should pick her up in the office.

57.     Little, if any, information was provided to the parents of student L.G., and upon information and belief, D.C.F.S. was not called by any school teacher or administrator who were required to do so as mandated reporters under Illinois Abused and Neglected Reporting Act.

58.     The parents of student L.G. called the police that night who investigated the matter through the Carrie Lynn Center.

59.     No significant action was taken to protect student L.G. from further sexual harassment/assault by the problem student the remainder of the school year of 2007-2008.

60.     The parents continued to complain about further sexual harassment of student L.G. by the problem student telling her that she is "hot" and other sexual innuendos and he continued to follow her and stalk her on the playground and other locations at Rolling Green Elementary for the remainder of the school year.

61.     The investigating detective, Nunminchuk, went twice to Rolling Green Elementary after the incident of March 14, 2007, to warn principal HELD to keep the problem student away from student L.G. to no avail.

62.     On behalf of Plaintiffs, Attorney Cynthia Szymanski Koroll wrote letters to principal HELD on April 2, 2007, and May 24, 2007, and spoke with Attorney Katz (RBE on house counsel) on May 29, 2007, (and followed it with another letter) regarding the issues of continuing and ongoing sexual harassment of student L.G. by the problem student.

63.     Student L.G. has been in counseling at the Carrie Lynn Center and in private counseling from the emotional and physical trauma she suffered due to the sexual abuse and harassment by the problem student from the date of March 14, 2007, to present.

64.     Student L.G. continues to have emotional and psychological issues regarding the continuing trauma she faced without sufficient protection from the adult Defendants who have a duty to protect her.

65.     The parents of student L.G. had to move her to a protected private school for the 2007-2008 school year for her emotional and physical safety and her well being because RBE refused to move, control, or supervise the perpetrator problem student.

66.     The parents of student L.G. have incurred medical and counseling expenses as a result of the sexual harassment/abuse and battery of student L.G. by another student all as a result of the failure of the school principal, HELD, and administrative staff from protecting her when they were put on notice in January, 2007, of the problem student's aberrant sexual actions and again in March 14, 2007(when he was allowed to follow her unsupervised out of the classroom to the bathroom) when they failed as mandated reporters to notify D.C.F.S. and when they allowed continuing sexual harassment to occur without adequate safeguards for the remainder of the 2006-2007 school year even with the notice given by Carrie Lynn Center, Detective Nunminchuk and Attorney Szymanski Koroll.

67. The Illinois Abused and Neglected Child Reporting Act requires all school employees to report to the Department of Children and Family Services if they have reasonable cause to believe a child known to them in their professional capacity may be abused. Doe v. Dimovski, 336 Ill.App.3d 292, 783 N.E.2d 193, 270 Ill.Dec. 618 (2nd Dist. 2003); Doe v. Board of Education of Hononegah Communtity High School District No. 207, 833 F.Supp. 1366 (N.D. Ill. 1993).

68. Upon information and belief no report was made as required by HELD or any other administrator or teacher or paraprofessional employed by RBE.

69. That Defendants HELD and RBE violated student L.G.'s substantive due process rights by failing to protect her and to notify the proper authorities when they were put on notice of strange, unusual and aberrant sexual harassment of student L.G. by the problem student in January, 2007.

70. HELD was an appropriate official of Defendant RBE and had actual notice of the sexual harassments and abuse directed against student L.G. both in January, 2007, and after March 14, 2007.

71. HELD responded with deliberate indifference to the problem student's misconduct and sexual battery/harassment of student L.G. allowing it to continue at least in the form of sexual harassment for the remainder of the 2006-2007 school year. This is despite at least five warnings by a Rockford Detective and an attorney.

72. That this peer sexual harassment of student L.G. by this problem student was so severe, pervasive and objectively offensive and it so undermined student L.G.'s educational experience that she was effectively denied equal access to the elementary school she and her sister had attended for several years. She is now attending a private school.

73. Student L.G. has been in counseling at the Carrie Lynn Center and in private counseling from the emotional and physical trauma she suffered due to the sexual abuse and harassment by the problem student from the date of March 14, 2007, to present.

74. Student L.G. continues to have emotional and psychological issues regarding the continuing trauma she faced without sufficient protection from the adult Defendants who have a duty to protect her.

**WHEREFORE,** Plaintiffs request this Court grant the following relief for the above count:

A. Award Plaintiffs a reasonable sum for proper reimbursement of all related medical and counseling costs for student L.G.

B. Order Defendant School Board of Education to be financially responsible for future medical/counseling expenses as related to student L.G.'s mental/emotional condition (as alleged herein).

C. Award student L.G. compensatory damages for her pain and suffering both past, present and future.

D. Award Plaintiffs their reasonable attorney's fees and costs in this action.

E. And for such other and further relief as this Court deems proper and just.

<u>COUNT IV</u>

<u>NEGLIGENCE AGAINST HELD</u>

75. During the 2006-2007 school year a new student enrolled in the Rockford Public School District #205, at Rolling Green Elementary School.

76. This student was a first grade student who transferred from another school district prior to the Christmas holidays because of his past history of behavioral problems, sexual

misconduct and other discipline problems.

77.　At least a significant portion of this problem student's history of sexual misconduct/harassment was disclosed either by transferred school records and/or by his parent/guardian to the Rolling Green Elementary School Principal, HELD, and/or to other personnel i.e. classroom teacher, supervisors/administrators of RBE.

78.　The principal, HELD, and/or other administrators and supervisors of Defendant knew or should have known by a cursory review of said problem student's records of his propensity to harm, injure and/or to harass sexually other students.

79.　Knowing the above, no precautions or warnings were made by the Defendants to other school personnel so that the problem student's peers would be protected. <u>John Doe vs. The Chicago Board of Education</u>, 213 Ill.2d 19 (2004).

80.　The principal, HELD, and/or other administrators/supervisors of Defendant had a duty to warn all school personnel of this problem student's history in order that they could protect all of the other children who he would have contact with from physical injury/emotional harm and/or sexual harassment/abuse.

81.　The principal, HELD, and RBE had a duty to implement proactive measures or other special services to this problem student in order to intervene and prevent all of the other children who he would have contact with from physical injury/emotional harm and/or sexual harassment/abuse as they are in a position of in loco parentis.

82.　Upon information and belief, the principal, HELD, and/or other supervisors and administrators of Defendant allowed this known problem student to be placed in an overcrowded classroom of 32 students with a totally uninformed teacher who had no aide to assist her.

83. In January, 2007, the Plaintiff, parents of student L.G., another first grade student in the same classroom of this problem student, informed principal HELD at least twice of the harassing nature and strange sexual requests of the problem student to their daughter, L.G.

84. Principal HELD informed the parents at that time that this problem student had behavioral issues and sexual misconduct issues, but that there was essentially nothing to worry about.

85. L.G.'s classroom teacher was still unaware of the issues and was not informed by the administration to take precautions nor did she receive any assistance to protect student L.G.

86. That the sexual harassment continued the rest of the school year whereby the problem student would, for example, in reading group sit beside/behind student L.G. and he would put his hands down the back of her pants on a regular basis and fondle her on her naked buttocks and smell his fingers.

87. On March 14, 2007, student L.G. had permission to go to the bathroom and unbeknownst to the classroom teacher, the problem student left the classroom and followed her.

88. The problem student then took student L.G. to a janitor's closet and proceeded to sexually batter, harass and abuse her, physically and emotionally, in an aberrant sexual manner. (The specifics of this incident are too egregious and graphic to detail here, but are alleged sufficiently to place Defendants on notice).

89. They were discovered by a passing aide/paraprofessional who heard student L.G.'s cries, complaints and whimpers from said closet where she was trapped by the problem student.

90. Both children were taken to the principal's office who interrogated the children without notifying student L.G.'s parents. He eventually called them 45 minutes later on his cell phone as he was driving to a meeting to inform them that their daughter was hysterical and they

should pick her up in the office.

91. Little, if any, information was provided to the parents of student L.G., and upon information and belief, D.C.F.S. was not called by any school teacher or administrator who were required to do so as mandated reporters under Illinois Abused and Neglected Reporting Act.

92. The parents of student L.G. called the police that night who investigated the matter through the Carrie Lynn Center.

93. No significant action was taken to protect student L.G. from further sexual harassment/assault by the problem student the remainder of the school year of 2007-2008.

94. The parents continued to complain about further sexual harassment of student L.G. by the problem student telling her that she is "hot" and other sexual innuendos and he continued to follow her and stalk her on the playground and other locations at Rolling Green Elementary for the remainder of the school year.

95. The investigating detective, Nunminchuk, went twice to Rolling Green Elementary after the incident of March 14, 2007, to warn principal HELD to keep the problem student away from student L.G. to no avail.

96. On behalf of Plaintiffs, Attorney Cynthia Szymanski Koroll wrote letters to principal HELD on April 2, 2007, and May 24, 2007, and spoke with Attorney Katz (RBE on house counsel) on May 29, 2007, (and followed it with another letter) regarding the issues of continuing and ongoing sexual harassment of student L.G. by the problem student.

97. Student L.G. has been in counseling at the Carrie Lynn Center and in private counseling from the emotional and physical trauma she suffered due to the sexual abuse and harassment by the problem student from the date of March 14, 2007, to present.

98. Student L.G. continues to have emotional and psychological issues regarding the continuing trauma she faced without sufficient protection from the adult Defendants who have a duty to protect her.

99. The parents of student L.G. had to move her to a protected private school for the 2007-2008 school year for her emotional and physical safety and her well being because RBE refused to move, control, or supervise the perpetrator problem student.

100. The parents of student L.G. have incurred medical and counseling expenses as a result of the sexual harassment/abuse and battery of student L.G. by another student all as a result of the failure of the school principal, HELD, and administrative staff from protecting her when they were put on notice in January, 2007, of the problem student's aberrant sexual actions and again in March 14, 2007(when he was allowed to follow her unsupervised out of the classroom to the bathroom) when they failed as mandated reporters to notify D.C.F.S. and when they allowed continuing sexual harassment to occur without adequate safeguards for the remainder of the 2006-2007 school year even with the notice given by Carrie Lynn Center, Detective Nunminchuk and Attorney Szymanski Koroll.

101. The Illinois Abused and Neglected Child Reporting Act requires all school employees to report to the Department of Children and Family Services if they have reasonable cause to believe a child known to them in their professional capacity may be abused. Doe v. Dimovski, 336 Ill.App.3d 292, 783 N.E.2d 193, 270 Ill.Dec. 618 (2nd Dist. 2003); Doe v. Board of Education of Hononegah Communtity High School District No. 207, 833 F.Supp. 1366 (N.D. Ill. 1993).

102. Upon information and belief no report was made as required by HELD or any other administrator or teacher or paraprofessional employed by RBE.

103.    That Defendants HELD and RBE violated student L.G.'s substantive due process rights by failing to protect her and to notify the proper authorities when they were put on notice of strange, unusual and aberrant sexual harassment of student L.G. by the problem student in January, 2007.

104.    HELD was an appropriate official of Defendant RBE and had actual notice of the sexual harassments and abuse directed against student L.G. both in January, 2007, and after March 14, 2007.

105.    HELD responded with deliberate indifference to the problem student's misconduct and sexual battery/harassment of student L.G. allowing it to continue at least in the form of sexual harassment for the remainder of the 2006-2007 school year. This is despite at least five warnings by a Rockford Detective and an attorney.

106.    That this peer sexual harassment of student L.G. by this problem student was so severe, pervasive and objectively offensive and it so undermined student L.G.'s educational experience that she was effectively denied equal access to the elementary school she and her sister had attended for several years. She is now attending a private school.

107.    Student L.G. has been in counseling at the Carrie Lynn Center and in private counseling from the emotional and physical trauma she suffered due to the sexual abuse and harassment by the problem student from the date of March 14, 2007, to present.

108.    Student L.G. continues to have emotional and psychological issues regarding the continuing trauma she faced without sufficient protection from the adult Defendants who have a duty to protect her.

**WHEREFORE,** Plaintiffs request this Court grant the following relief for the above count:

A.    Award Plaintiffs a reasonable sum for proper reimbursement of all related medical and counseling costs for student L.G.

B.    Order Defendant School Board of Education to be financially responsible for future medical/counseling expenses as related to student L.G.'s mental/emotional condition (as alleged herein).

C.    Award student L.G. compensatory damages for her pain and suffering both past, present and future.

D.    Award Plaintiffs their reasonable attorney's fees and costs in this action.

E.    And for such other and further relief as this Court deems proper and just**.**

**PLAINTIFFS DEMAND TRIAL BY JURY**

                                              **S.G. and S.G.,** as parents and guardians of **L.G.,** a minor, Plaintiffs

                                     BY:    /s/ Joyce O'Neill Austin
                                                    Attorney Joyce O'Neill Austin

Prepared by:
THE LAW OFFICES OF
SHRIVER, O'NEILL & THOMPSON
Joyce O'Neill Austin
515 N. Court Street
Rockford, IL 61103
Telephone:   (815) 963-4896
Fax: (815) 963-4904
joneillaustin@sotlaw.net