UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| KEVIN AND DONNA RILOTT, | ) | |
| SCOTT AND JENNIFER RUSSELL, | ) | |
| ROBERT AND JANINE SCHNEIDER, | ) | |
| MARK AND LOUISE DOHERTY, | ) | |
| VICKI JOHNSON, | ) | |
| LOUIS AND SUE DARIN, | ) | |
| DOUGLAS AND STEPHANIE LINTZ, | ) | |
| GERALDINE McCARVILLE, | ) | |
| DAVID AND NANCY LYON, | ) | |
| KEVIN AND KRISTINA ROSE, | ) | |
| DAVE AND SUZIE NELSON, | ) | |
| JOLENE CHURCHILL | ) | |
| DR. RITA SULLIVAN, | ) | Case No.: |
| GEORGE LAHNER | ) | JURY DEMAND |
| STEVE GARBE, | ) | |
| DANIEL AND MARGURRIET | ) | |
| HARRINGTON, | ) | |
| | ) | |
| Plaintiffs; | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF ROCKFORD, ILLINOIS, a | ) | |
| Municipal Corporation, | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT

Come now Plaintiffs, by their undersigned counsel, and complaining against Defendant,

state as follows:

Jurisdiction

This Court has personal and subject matter jurisdiction over this dispute, as the events

giving rise thereto occurred in Winnebago County, Illinois, and as the dispute concerns questions

arising under the First and Fourteenth Amendment to the U.S. Constitution, and 42 U.S.C.

§1983. Defendant CITY OF ROCKFORD. ILLINOIS is a municipal corporation and unit of local government located in Winnebago County, Illinois; thus venue is laid properly in the Northern District, Western Division.

Nature of the Case

1.  This is a civil rights action, pursuant to 42 U.S.C. §1983, by which Plaintiffs seek redress for violations of First and Fourteenth Amendment rights which have resulted from the City of Rockford's municipal policy and custom of squelching pro-life speech in the public square. Despite its arbitrary, capricious, and invidious censorship of Plaintiffs' pro-life message, the City of Rockford has continued to allow expression at the same and similar fora of different messages and viewpoints.

2.  As is more fully alleged hereinafter, the City of Rockford's custom and policy of discriminatory exclusion of Plaintiffs' paid pro-life advertisements on a public bus stop bench, while allowing other political and non-political advertisements to be displayed on the same bench which do not present a pro-life message, constitutes viewpoint discrimination in violation of the First and Fourteenth Amendments to freedom of speech, due process of law, and the equal protection of the laws.

3.  As is also alleged in greater detail below, the City of Rockford enforced its policy and custom—in violation of clearly established law—against Plaintiffs, which manifested itself in the form of first destroying, and then ordering the removal of, Plaintiffs' prolife advertisements from a public bench, in response to complaints which the City received about both the appearance of the pro-life message and its content. The City's removal of the bench in response to complaints constitutes a heckler's veto, in violation of plaintiff's First and Fourteenth Amendment rights to freedom of speech.

4.    Further, the City of Rockford's actions in ordering the advertising company to remove the pro-life advertisement from the bench caused Wright Advertising to terminate its contract with Plaintiffs, causing Plaintiffs a loss of funds as a result.

5.    Plaintiffs request that this Court declare unconstitutional the City of Rockford's policy and custom of silencing pro-life speech which in this case manifested itself via vandalism, interference with contract, heckler's vetoes, and twisted interpretations of City ordinances. Plaintiffs further request damages and attorney's fees pursuant to 42 U.S.C. §1988.

<u>The Parties</u>

6.    Plaintiffs are Rockford area pro-life citizens who together raised the necessary funds to contract with Wright Advertising to place a pro-life message, "Abortion Kills Children," on a public bus stop bench across from Swedish American Hospital, at which abortions are performed.

<u>Count I</u>

7.    In October, 2005, Plaintiffs contracted with Wright Advertising ("Wright") to place a pro-life advertisement on a public bench located on the Northeast Corner of East State and Summit Streets in Rockford, Illinois.

8.    The advertisement was placed on the bench on November 3, 2005, and it displayed the message "Abortion Kills Children."

9.    In March, 2006, the advertisement began to be vandalized on a regular basis in that it was covered with spray-painted obscenities, and the words "Abortion Kills Children" were scraped off.

10.    Pursuant to the contract with Wright, Plaintiff Kevin Rilott at times repainted the message "Abortion Kills Children," and at times attached prolife pictures and signs to the bench to cover the obscenity each time the bench was vandalized.

11.    On March 18, 2006, Plaintiff Kevin Rilott observed an employee of Defendant City of Rockford ("Rockford") cutting a prolife picture off of the bench with a knife.

12.    On April 25, 2006, Kevin Rilott discovered that the message "Abortion Kills Children" which had been on the bench had been replaced with one stating "YOUR AD on this bench 963-5550" (Wright's phone number).

13.    Upon further investigation, Rilott discovered that Wright received a letter from Rockford demanding the removal of the prolife bench advertisement.

14.    The reasons given by Rockford were that the sign was poorly painted (referring to Rilott's attempt to cover the obscene graffiti on the sign), that Rockford had received complaints about the content of the message displayed on the bench and the city would not allow it because of its political content, and that the message was not considered "advertising," and only "advertising" were allowed on benches.

15.    The applicable city ordinance, Chapter 26-Sec.26-146 of the Rockford Ordinances, does not define "advertising," and does not forbid political advertising.

16.    Shortly thereafter, the message "Support Our Schools" appeared on a bench located on block away from the bench on which "Abortion Kills Children" was removed by Rockford's order.

17.    The "Support Our Schools" message remained on the bench for two weeks, and then that same message was moved to the bench on which "Abortion Kills Children" was removed by Rockford's order.

18.    Rockford's actions as enumerated above were all taken under color of law.

19.    Rockford violated the First and Fourteenth Amendment rights of Plaintiffs by removing their advertisement from the public bench (a public forum) because of the content of the message "Abortion Kills Children," pursuant to its policy and custom.

20.    Rockford violated the First and Fourteenth Amendment rights of Plaintiffs pursuant to its policy and custom of engaging in viewpoint discrimination against them: their message was vandalized by a city employee, and subsequently removed by city Order due to its "political" nature, while the "Support Our Schools" and other non pro-life messages were and are allowed on the same and other benches.

21.    Rockford's removal of the Plaintiffs' pro-life advertisement in response to complaints from citizens constitutes a heckler's veto, and as such violates the First and Fourteenth Amendment rights of Plaintiffs.

WHEREFORE, premises considered, Plaintiffs ask this Court for the following relief:

A.    Declaratory judgment against Rockford, declaring its policy and custom of viewpoint discrimination and rewarding heckler's vetoes unconstitutional, as violative of 42 U.S.C. §1983, and the First and Fourteenth Amendments to the U.S. Constitution;

B.    Preliminary and permanent injunctive relief ordering Rockford to allow Plaintiffs to display their prolife advertisement on the public bench at East State and Summit Streets pursuant to their original contract with Wright, and prohibiting city employees from destroying or vandalizing such displays;

C.    Costs and attorney's fees pursuant to 42 U.S.C. §1988, and compensatory and exemplary damages; and

D.    Any and all relief this Court deems just.

PLAINTIFFS DEMAND TRIAL BY JURY.


                                        Plaintiffs,


                                        By:___s/ Jason R. Craddock_____
                                               One of Plaintiffs' Attorneys

Thomas Brejcha
Peter Breen
Thomas More Society
    A Public Interest Law Firm
29 S. LaSalle, Ste. 440
Chicago, IL 60602
(312) 782-1680
Fax: (312) 782-1887
Email: brejcha@aol.com
          peter@thomasmoresociety.org

Jason R. Craddock
Attorney at Law
P.O. Box 1514
Sauk Village, IL 60412
(708) 662-0945
Fax: (708) 753-1242
Email: captain1970@thelifeline.net