AMEND

IN THE CIRCUIT COURT OF THE 15th JUDICIAL CIRCUIT
STEPHENSON COUNTY, FREEPORT, ILLINOIS

DIANE ADAMS, pro se, Representative of )
Reginald Pendleton and on her behalf in her )
Personal Capacity as the Mother of the Reginald )
Reginald's daughter, on behalf of Reginald's son )
and any other Unknown Heirs in Interest )
                      Plaintiff, pro se )
                      vs. )    CASE NO 2008-L-____

THE CITY OF FREEPORT, a Municipal Corporation, et al )
MAYOR GEORGE GAULRAPP, Corporate-head, )
as an Individual and in his Official Capacity as Mayor; )
THE FREEPORT CITY COUNCIL, in their Official Capacity )
as the Legislative Body of the City of Freeport; )
THE FREEPORT POLICE DEPARTMENT, as )
a subsidiary body of the City of Freeport; )
JERRY WHITMORE, Individually and in his Personal Capacity )
and in his Official Capacity as Police Chief; JOHN DOE, )
Individually and in his/their Personal Capacity and in his )
Official Capacity; JANE DOE, Individually and in her/their )
Personal Capacity and in his Official Capacity; )

OFFICERS THAT INITIATED TRAFFIC STOP: )
TOM MADIGAN, Individually and in his Personal Capacity )
and in his Official Capacity as an Inspector; ANDREW )
SCHROEDER, Individually and in his Personal Capacity and )
in his Official Capacity as an Inspector; AARON DYKEMA, )
Individually and in his Personal Capacity and in his Official )
Capacity as a Detective; JOHN DOE, SLANT Officer(s) )
Individually and in his/their Personal Capacity and in his )
Official Capacity at Traffic Stop; JANE DOE, SLANT )
Officer(s) Individually and in her/their Personal Capacity )
and in his Official Capacity at Traffic Stop; )

OTHER OFFICERS ON SCENE OF TRAFFIC STOP: )
INSPECTOR MADIGAN, INSPECTOR SCHROEDER, )
DETECTIVE DYKEMA, Individually and in their Personal )
Capacities and in their Official Capacities; TODD )
BARKALOW, Individually and in his Personal Capacity )
and in his Official Capacity as an Sergeant; JERRY PARDUS, )
Individually and in his Personal Capacity and in his Official )
Capacity as a Sergeant; SHAN McADAM, Individually and )
in his Personal Capacity and in his Official Capacity as a )
Sergeant; JEFF LILLGE, Individually and in his Personal )
Capacity and in his Official Capacity as a Sergeant; BOB )
SUTTER, Individually and in his Personal Capacity and in )
his Official Capacity as a Deputy; JOHN DOE, SLANT )
Officer(s) Individually and in his/their Personal Capacity )
and in his Official Capacity at the Traffic Stop; JANE DOE, )
SLANT Officer(s) Individually and in her/their Personal )
Capacity and in his Official Capacity at the Traffic Stop; )

OFFICER WHO TRANSPORTED VICTIM TO FREEPORT )
POLICE DEPARTMENT: DUANE BABICZ, Individually )
and in his Personal Capacity and in his Official Capacity )
as a Patrolman; )
)
OFFICERS PRESENT IN BOOKING ROOM: )
ANDREW SCHROEDER, Individually and in his Personal )
Capacity and in his Official Capacity as an Inspector; )
DUANE BABICZ, Individually and in his Personal Capacity )
and in his Official Capacity as a Patrolman; TODD )
BARKALOW, Individually and in his Personal Capacity )
and in his Official Capacity as a Sergeant; JOHN DOE, )
Individually and in his/their Personal Capacity and in his )
Official Capacity; JANE DOE, Individually and in her/ )
their Personal Capacity and in his Official Capacity )
)
OFFICER WHO RODE TO HOSPITAL IN AMBULANCE )
WITH VICTIM, REGINALD PENDLETON: )
TOM MADIGAN, Individually and in his Personal Capacity )
and in his Official Capacity as an Inspector; )
)
OFFICERS AT HOSPITAL - IN EMERGENCY ROOM: )
BRIAN KUNTZELMAN, Individually and in his Personal )
Capacity and in his Official Capacity as a Lieutenant; )
MATT SUMMERS, Individually and in his Personal Capacity )
and in his Official Capacity as a Detective; JOHN DOE, )
Individually and in his/their Personal Capacity and in his )
Official Capacity; JANE DOE, Individually and in her/their )
Personal Capacity and in his Official Capacity; )
)
OFFICERS AT HOSPITAL - OUTSIDE EMERGENCY )
ROOM :   JEFF DAVIS, Individually and in his )
Personal Capacity and in his Official Capacity as a Lieutenant; )
CHRIS SHENBERGER, Individually and in his Personal )
Capacity and in his Official Capacity as a Detective; JOHN )
DOE, Individually and in his/their Personal Capacity and in )
his Official Capacity; JANE DOE, Individually and in her/ )
their Personal Capacity and in his Official Capacity )
)
OFFICERS AT HOSPITAL - IN LOBBY: )
QUINCY CARTER, Individually and in his Personal Capacity )
and in his Official Capacity as a Sergeant; ALBERT MARNEY, )
Individually and in his Personal Capacity and in his Official )
Capacity as a Corporal; DUANE BABICZ, Individually and )
in his Personal Capacity and in his Official Capacity as a )
Patrolman; JOHN DOE, Individually and in his/their Personal )
Capacity and in his Official Capacity; JANE DOE, Individually )
and in her/their Personal Capacity and in his Official Capacity; )
                      Co-Defendants )
)
FREEPORT FIRE AMBULANCE DRIVER?PARAMEDICS )
JOHN DOE, Individually and in his/their Personal Capacity )
and in his Official Capacity; JANE DOE, Individually and in )
her/their Personal Capacity and in his Official Capacity; )
                      Co-Defendants )

ADDITONAL DEFENDANTS: )
)
FHN MEMORIAL HOSPITAL, NURSES, STAFF, AGENTS )
AND CONTRACTED SERVICE PROVIDERS et al )
DR. MICHAEL PERRY, Individually and in his Personal )
Capacity and in his Official Capacity as a President and Chief )
Executive Officer; DR. DAVID THOMPSON, Individually )
and in his Personal Capacity and in his Official Capacity as )
a Doctor of Osteopathy ("DO"), and Service Provider of )
Specializing in Emergency Medicine; DR. ROVINDER )
SINGH, Individually and in his Personal Capacity and in his )
Official Capacity as a Medical Doctor, and Rheumatologist )
                          Co-Defendants )

COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS, WRONGFUL DEATH AGAINST FREEPORT POLICE

COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS, WRONGFUL DEATH AND MEDICAL MALPRACTICE
AGAINST FREEPORT FIRE AMBULANCE

COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS, WRONGFUL DEATH AND MEDICAL MALPRACTICE
AGAINST FHN MEMORIAL HOSPITAL

### JUDICIAL NOTICE

Sec. 1983. - Civil action for deprivation of rights
Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress, except that in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable. ***

***

Liability of Multiple Tortfeasors for Indivisible Harm
    If the independent tortious conduct of two or more persons is a legal cause of an indivisible injury, each person is jointly and severally liable for the recoverable damages cause by the tortious conduct. (citation omitted)

***

Assignment of Responsibility: Jointly and Severally Liable Defendants
    If one defendant and at least one other party or settling tortfeasor whose comparative responsibility is legally relevant may be found responsible by the factfinder for plaintiff.s indivisible injury, each of the parties and settling tortfeasors whose tortious conduct was a legal cause of plaintiff.s injury is submitted to the factfinder for assignment of a percentage of comparative responsibility. (citation omitted)

***

Liability of Multiple Tortfeasors for Indivisible Harm
    If two or more persons. independent tortious conduct is the legal cause of an indivisible injury, each defendant, subject to the exception stated in '22,³ is severally liable for the comparative share of the plaintiff.s damages assigned to that defendant by the factfinder. (citation omitted)

***

Assignment of Responsibility: Severally Liable Defendants
    If one or more defendants may be found severally liable for an indivisible injury, and at least two defendants, settling tortfeasors, or other identified persons may be found responsible by the factfinder for the plaintiff.s injuries, the plaintiff, each defendant, and each other identified persons whose tortious conduct was a legal cause of the plaintiff.s damages for which several liability is imposed are submitted to the factfinder for an assignment of a percentage of comparative responsibility. (citation omitted)

COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS, WRONGFUL DEATH AGAINST FREEPORT POLICE

COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS, WRONGFUL DEATH AND MEDICAL MALPRACTICE AGAINST FREEPORT FIRE AMBULANCE

COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS, WRONGFUL DEATH AND MEDICAL MALPRACTICE AGAINST FHN MEMORIAL HOSPITAL

COMES NOW, I, DIANE ADAMS, believing I have the right file this claim as Plaintiff, on behalf of my son Reginald Pendleton ("Decedent"), as his mother. I have now done some legal research and spoken to a number of attorneys; I have diligently tried to hire a competent attorney, but have been unable to identify and hire such an attorney yet. I have limited knowledge of the laws and courtroom procedures that apply, but I am aware the statute of limitations to preserve and protect the right to file this complaint on behalf of my dead son Reginald Pendleton ("Decedent"), ▓▓▓▓▓▓▓▓▓▓ people will end January 30, 2008, unless I can prove extenuating circumstances for necessary/unavoidable filing delays.

As additional support for my right to file this claim as his mother, I make the following statements: I am immediate family, directly affected by my son's premature and wrongful death; as such I have the right to file this claim to recover past, present and future money/economic damages and non-money damages (pain and suffering, mental anguish, loss of society, loss of companionship, emotional distress and the right to seek costs for grief and trauma counseling), if I can prove to a Court of law that one or more people, as individuals, in their personal and/or official capacity, "jointly and severally" "knowingly or unknowingly" "colluded and conspired" to deprive my son of his State and federal civil rights, including, but not limited to his rights to life, liberty and happiness, as well as due process of law and equal protection under the color of law, and that certain City of Freeport and Stateline Area Narcotics Team ("SLANT") law enforcement official actions and inactions, individually as well as "jointly and severally" with certain Freeport Fire Ambulance paramedics and certain FHN Memorial Hospital employee/medical provider actions and inactions of named and unnamed Defendants, yet to be identified, led to my son's premature and wrongful death.

As I understand it, Decedent's affected family that has the right to sue for damages, those people can include, but are not limited to: my son's parents as we have the right to protect our standing to recover all costs associated with my son's wrongful death: such costs can include the costs associated with his: false arrest and wrongful incarceration, medical and non-medical transportation, emergency treatment and diagnostic tests, funeral costs and burial expenses, other unexpected/related costs, ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ and any reasonable income (gross income plus fringe benefits) my son would have made had he survived his wrongful death, as well as any other reasonable costs necessary for grief/trauma counseling of my son's survivors. ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓ since he is prematurely and wrongfully dead.

I will be using the case law of JOSE DONALDO CLAROS CASTRO as Administrator of the Estate of CARLOS ANTONIO CLAROS CASTRO, Plaintiff vs. DAVID GRICE, Individually and in his Personal Capacity and his Official Capacity as Sheriff of Davidson County, North Carolina, ... and a lawsuit filed by the parents of Assaf Deri against Los Angeles and Burbank Police Departments, to give me legal direction as 'boiler-plate' for the making and filing of this claim for Deprivation of Civil Rights, Wrongful Death and Medical Malpractice, against named and unnamed Defendants (yet to be determined), jointly and severally, on behalf of my dead son in the interest of his heirs who are unable, due to death or age, to respectfully show the Court as follows:

COMPLAINT FOR DEPRIVATION OF CIVIL RIGHTS, WRONGFUL DEATH AGAINST FREEPORT POLICE

COMES NOW, I, DIANE ADAMS, believing I have the right file this claim as Plaintiff, on behalf of my son Reginald Pendleton ("Decedent"), as his mother. I have now done some legal research and spoken to a number of attorneys; I have diligently tried to hire a competent attorney, but have been unable to identify and hire such an attorney yet. I have limited knowledge of the laws and courtroom procedures that apply, but I am aware the statute of limitations to preserve and protect the right to file this complaint on behalf of my dead son Reginald Pendleton ("Decedent"), ▓▓▓▓▓▓▓ and his people will end January 30, 2008, files this claim for Deprivation of Civil Rights, Wrongful Death and Medical Malpractice, against named and unnamed Defendants (yet to be determined), jointly and severally, on behalf of my dead son in the interest of his heirs who are unable, due to death or age, to respectfully show the Court as follows, reserving her rights to further amend these pleadings:

**I. PARTIES**
1. Plaintiff, Diane Adams, acting pro se, is an adult citizen and resident of the City of Freeport, Stephenson County, Illinois. She is Decedent's mother, and as Decedent's mother, ~~[redacted]~~ to date no Administrator has been appointed by a Judge to administer Decedent's estate;
2. Defendant Jerry Whitmore is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Defendant Whitmore is the appointed acting Police Chief and acting head of the Freeport Police Department, and is sued in his personal and official capacities. Plaintiff cannot know if Defendant Whitmore has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf.
3. Defendant Tom Madigan is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Defendant Madigan is affiliated with the Freeport Police acting as an Inspector for the Freeport Police Department, and is sued in his personal and official capacities. Plaintiff cannot know if Defendant Madigan has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf.
4. Defendant Andrew Schroeder is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Defendant Schroeder is affiliated with the Freeport Police acting as an Inspector for the Freeport Police Department, and is sued in his personal and official capacities. Plaintiff cannot know if Defendant Schroeder has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf.
5. Defendant Aaron Dykema is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Defendant Dykema is affiliated with the Freeport Police acting as a Detective for the Freeport Police Department, and is sued in his personal and official capacities. Plaintiff cannot know if Defendant Dykema has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf.
6. Defendant Todd Barkalow is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Defendant Barkalow is affiliated with the Freeport Police acting as a Sergeant for the Freeport Police Department, and is sued in his personal and official capacities. Plaintiff cannot know if Defendant Barkalow has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf.
7. Defendant Jerry Pardus is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Defendant Pardus is affiliated with the Freeport Police acting as a Sergeant for the Freeport Police Department, and is sued in his personal and official capacities. Plaintiff cannot know if Defendant Pardus has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf.
8. Defendant Shan McAdam is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Defendant McAdam is affiliated with the Freeport Police acting as a Sergeant for the Freeport Police Department, and is sued in his personal and official capacities. Plaintiff cannot know if Defendant McAdam has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf.
9. Defendant Jeff Lillge is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Defendant Lillge is affiliated with the Freeport Police acting as a Sergeant for the Freeport Police Department, and is sued in his personal and official capacities. Plaintiff cannot know if Defendant Lillge has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf.

10. Defendant Bob Sutter is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Defendant Sutter is affiliated with the Freeport Police acting as a Deputy for the Freeport Police Department, and is sued in his personal and official capacities. Plaintiff cannot know if Defendant Sutter has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf.

11. Defendant Duane Babicz is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Defendant Babicz is affiliated with the Freeport Police acting as a Patrolman for the Freeport Police Department, and is sued in his personal and official capacities. Plaintiff cannot know if Defendant Babicz has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf.

12. Defendant Brian Kuntzelman is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Defendant Kuntzelman is affiliated with the Freeport Police acting as a Lieutenant for the Freeport Police Department, and is sued in his personal and official capacities. Plaintiff cannot know if Defendant Kuntzelman has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf.

13. Defendant Matt Summers is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Defendant Summers is affiliated with the Freeport Police acting as a Detective for the Freeport Police Department, and is sued in his personal and official capacities. Plaintiff cannot know if Defendant Summers has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf.

14. Defendant Jeff Davis is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Defendant Davis is affiliated with the Freeport Police acting as a Lieutenant for the Freeport Police Department, and is sued in his personal and official capacities. Plaintiff cannot know if Defendant Davis has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf.

15. Defendant Chris Shenberger is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Defendant Shenberger is affiliated with the Freeport Police acting as a Detective for the Freeport Police Department, and is sued in his personal and official capacities. Plaintiff cannot know if Defendant Shenberger has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf.

16. Defendant Quincy Carter is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Defendant Carter is affiliated with the Freeport Police acting as a Sergeant for the Freeport Police Department, and is sued in his personal and official capacities. Plaintiff cannot know if Defendant Carter has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf.

17. Defendant Albert Marney is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Defendant Marney is affiliated with the Freeport Police acting as a Corporal for the Freeport Police Department, and is sued in his personal and official capacities. Plaintiff cannot know if Defendant Marney has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf.

18. Upon information and belief, Defendant John Doe is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. The true name of Defendant John Doe is unknown to Plaintiff at this time. At all times hereinafter complained of, Defendant John Doe was a law enforcement officer affiliated with the Freeport Police Department and is sued in sued in his personal and official capacities.

19. Upon information and belief, Defendant Jane Doe is an adult citizen and believed to be a resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. The true name of Defendant Jane Doe is unknown to Plaintiff at this time. At all times hereinafter complained of, Defendant Jane Doe was a law enforcement officer affiliated with the Freeport Police Department and is sued in sued in her personal and official capacities.
20. Plaintiff does not know the identity of Defendant City of Freeport's Insurance company in order to sue the City upon their official bond and in accordance with the applicable laws of the State of Illinois.
21. Defendant City of Freeport is a political subdivision of the State of Illinois which may be sued in its own name according to the laws of Illinois; the City is not immune from liability when officials act under the color of law to deprive a citizen of their civil rights to cause a wrongful death. Plaintiff cannot know if Defendant City has waived sovereign immunity in this matter to the extent of its purchase of liability insurance.
22. Defendant George Gaulrapp is an adult citizen and resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. At all times hereinafter complained of, Defendant Gaulrapp was the elected City Mayor, and served as chief executive, manager and/or administrator of the City of Freeport, by being elected to the office. Defendant Gaulrapp is sued in his official capacities. Plaintiff cannot know if Defendant Gaulrapp has waived any sovereign immunity on this matter to the extent of an official surety bond pursuant to Illinois law; Plaintiff reasonably believes the City of Freeport has purchased liability insurance on his behalf and the behalf of the Freeport City Council.
23. Upon information and belief, Defendant Freeport Ambulance Paramedics identities and affiliations are unknown at this time, neither is the degree of their potential liability insurance coverage.
24. Defendant Dr. Michael Perry is an adult citizen and resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. At all times hereinafter complained of, Defendant Perry was the President and CEO of FHN Memorial Hospital, and served as chief executive, manager and/or administrator of FHN Freeport Memorial Hospital and its affiliates. Defendant Perry is sued in his official capacities. Plaintiff cannot know if Defendant Perry has any sovereign immunity on this matter to waive or if he has any official surety bond; Plaintiff reasonably believes FHN Memorial Hospital has purchased liability insurance on his behalf of FHN Memorial Hospital's officers and Board of Directors.
25. Defendant David Thompson is an adult citizen and resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Based upon information and belief, at all times hereinafter complained of, Defendant Thompson was Decedent's first attending physician in the Emergency Room on the afternoon of January 30, 2007. Plaintiff cannot know to what extent Defendant Thompson had liability insurance, but according to information obtained off of FHN's web-site, Defendant Thompson "This provider is not an employee or agent of FHN." Defendant Thompson is sued in his personal and official capacities.
26. Defendant Rovinder Singh is an adult citizen and resident of the City of Freeport, Stephenson County, Illinois and is under no legal disability. Based upon information and belief, at all times hereinafter complained of, Defendant Singh was Decedent's second attending physician in the Emergency Room on the afternoon of January 30, 2007. Plaintiff cannot know to what extent Defendant Singh had liability insurance, but according to information obtained off of FHN's web-site, Defendant is employed by FHN Memorial Hospital.

## II. JURISDICTION AND VENUE
27. The allegations contained in Paragraphs 1-26 of the Complaint are restated as though each were set forth verbatim.
28. The lawsuit asserts claims under 42 U.S.C. Title 1983 for the relief of violations of rights secured by the Fourteenth Amendment to the Constitution of the United States, and for violations of Laws of the State of Illinois. This Court has joint and several jurisdiction over Plaintiff's federal and state claims pursuant to 28 U.S.C. title 1331 and 1443, and pendant jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. Title 1367.
29. Venue is proper for this Court pursuant to 28 U.S.C. Title 1391(b), as all parties cited to date reside in and the event underlying this lawsuit occurred in the City of Freeport, Stephenson County, Illinois.

## III. FACTUAL BASIS FOR CLAIMS FOR RELIEF
30. All statements/allegations contained in Diane Adam's handwritten signed statement are restated as though each were set forth verbatim herein.
31. All statements of Decedent's Aunt, Mary Adams of an interview conducted by Billie Brooks on or about February 17, 2007, are from an audio-recording and were transcribed by Marianne L. Garvens to the best of her abilities, they are restated as though each were set forth verbatim herein, and as the transcript indicates, her statements were not coerced in any manner and she would state them again under oath if called to testify on this matter.

32. All statements of Decedent's Sister, Lakesha Pendleton of an interview conducted by Billie Brooks on or about February 17, 2007, are from an audio-recording and were transcribed by Marianne L. Garvens to the best of her abilities, they are restated as though each were set forth verbatim herein, and as the transcript indicates, her statements were not coerced in any manner and she would state them again under oath if called to testify on this matter.

### IV. CLAIMS PURSUANT TO 42 U.S.C. Title 1983

*A. Liability of Defendants Madigan, Schroeder, Dykema that initiated the traffic stop; Barkalow, Pardus, McAdam, Lillge, Sutter, other officers on the scene of the traffic stop; and Babicz, the officer that first started transporting Decedent to the County jail and then was rerouted to transport Decedent to the Police Station instead of the nearest Hospital.*

33. The allegations of the statements of Diane Adams, Mary Adams and Lakesha Pendleton are restated as though each were set forth verbatim.
34. Defendants knew the traffic stop served no legitimate purpose but to harass Decedent as police admitted he had obeyed all traffic laws for the twelve (12) blocks during which he was followed; further, he was taken into custody and detained with handcuffs and without charging him with an offense or reading him his Miranda rights; he was handcuffed on or about at 2:47 pm on January 30, 2007.
35. If police suspected Decedent had ingested bags of cocaine, Police policy was for the incarceey to be transported to the nearest hospital to have his/her stomach immediately pumped to protect to protect the civil rights of the prisoner as well as Decedent's life and to secure any potential/alleged evidence.

*B. Liability of Schroeder, Babicz, Barkalow in the Booking Room*

36. The allegations of the statements of Diane Adams, Mary Adams and Lakesha Pendleton are restated as though each were set forth verbatim.
37. Defendants arrived at the police Department at 3:00 pm and an ambulance was called at 3:07 pm, whereupon Decdent was carried out and was unresponsive, but was seizing according to police.
38. Defendants knew Decedent was seriously ill as he was seizing, yet they failed to render any medical assistance to him to timely secure any help demonstrating a deliberate indifference to the serious risk of harm, and loss of life, by failing to assure his airway was clear/unobstructed and/or that he did not swallow his tongue, as he was having a grand mall seizure according to police reports; Plaintiff reasonably believes his hands were handcuffed behind his back while he was seizing; Plaintiff also believes Decedent was tased and would like another autopsy, as his symptoms of having a heartbeat and no pulse are symptoms of electrocution and/or they believe he may have choked on a baggie stuck in his throat as stated in Property and autopsy reports.
39. Defendants demonstrated a deliberate indifference to the serious risk of harm, and potential loss of life to Decedent, in violation of Decedent's human rights as protected by the Fourteenth Amendment to the Constitution of the United States. Further, their actions and inactions evidenced a reckless or callous indifference to the federally protected rights of Decedent.
40. Defendants committed the above described actions and/or omissions under the color of state law and by virtue of their authority as law enforcement/detention officers acting in affiliation with the Freeport Police Department and ultimately deprived the Decedent of the rights, privileges and immunities guaranteed him by the Constitution and Laws of the United States, specifically the rights guaranteed to him by the Fourteenth Amendment.

*C. Liability of Madigan, officer who rode with Decedent to the Hospital*

41. The allegations of the statements of Diane Adams, Mary Adams and Lakesha Pendleton are restated as though each were set forth verbatim.
42. There was a delay in Defendant transporting Decedent to the Hospital immediately, paramedics and officers worked on Decedent in the ambulance in the ~~████~~ parking lot for sometime between 10-20 minutes before transporting him.
43. Family was told Decedent was seriously ill, yet would not let the family approach, even though they stated he was not officially in custody, and at the time they were concerned with his health.
44. Defendant denied the mother her right to ride in the ambulance with her son.
45. Defendants demonstrated a deliberate indifference to the serious risk of harm, and potential loss of life to Decedent, in violation of Decedent's human rights as protected by the Fourteenth Amendment to the Constitution of the United States. Further, their actions and inactions evidenced a reckless or callous indifference to the federally protected rights of Decedent.

46. Defendants committed the above described actions and/or omissions under the color of state law and by virtue of their authority as law enforcement/detention officers acting in affiliation with the Freeport Police Department and ultimately deprived the Decedent of the rights, privileges and immunities guaranteed him by the Constitution and Laws of the United States, specifically the rights guaranteed to him by the Fourteenth Amendment.

### D. Liability of Kuntzelman, Summers, in the Emergency Room; Davis and Shenberger outside the Emergency Room, and Carter, Marney, and Babicz in the Hospital lobby

47. The allegations of the statements of Diane Adams, Mary Adams and Lakesha Pendleton are restated as though each were set forth verbatim.
48. Defendants denied the family access to Decedent and medical treatment was administered without family consent.
49. Defendants demonstrated a deliberate indifference to the serious risk of harm, and potential loss of life to Decedent, in violation of Decedent's human rights as protected by the Fourteenth Amendment to the Constitution of the United States. Further, their actions and inactions evidenced a reckless or callous indifference to the federally protected rights of Decedent.
50. Defendants committed the above described actions and/or omissions under the color of state law and by virtue of their authority as law enforcement/detention officers acting in affiliation with the Freeport Police Department and ultimately deprived the Decedent of the rights, privileges and immunities guaranteed him by the Constitution and Laws of the United States, specifically the rights guaranteed to him by the Fourteenth Amendment.

### E. Liability of Ambulance Paramedics

51. The allegations of the statements of Diane Adams, Mary Adams and Lakesha Pendleton are restated as though each were set forth verbatim.
52. Defendants delayed transport of Decedent to Hospital.
53. One Paramedic administered CPR in the Emergency Room even though Decedent had a heart beat and blood pressure.
54. Defendants demonstrated a deliberate indifference to the serious risk of harm, and potential loss of life to Decedent, in violation of Decedent's human rights as protected by the Fourteenth Amendment to the Constitution of the United States. Further, their actions and inactions evidenced a reckless or callous indifference to the federally protected rights of Decedent.
55. Defendants committed the above described actions and/or omissions under the color of state law and by virtue of their authority as law enforcement/detention officers acting in affiliation with the Freeport Police Department and ultimately deprived the Decedent of the rights, privileges and immunities guaranteed him by the Constitution and Laws of the United States, specifically the rights guaranteed to him by the Fourteenth Amendment.

### F. Liability of Dr. Thompson

56. The allegations of the statements of Diane Adams, Mary Adams and Lakesha Pendleton are restated as though each were set forth verbatim.
57. There was no effort by Defendant Thompson to examine, diagnose and/or treat Decedent's condition; Defendant acted carelessly, disregarding standards of care and acting solely upon the information provided by police as though it was true, accurate and complete; he allowed the police to practice medicine in the Emergency Room.
58. Upon information and belief, acting under Defendant's orders, the nurse did not attempt to pump Decedent's stomach until on or about 4:30 pm – at least one hour after arriving at the Emergency Room and almost two hours since an officer was believed to have seen Decedent swallow some baggies believed to contain cocaine.
59. Defendant Thompson allowed CPR to be done on a patient that had a hear-rate and a blood pressure, as well as intermittent pulses; Defendant was also aware Decedent was responding to the mother by tracking her with his eyes, squeezing her hand, and answering her questions, yet he failed to timely engage in further diagnostic testing and he failed to timely implement lifesaving measures.
60. Defendant Thompson failed to act upon the mother's request to transport Decedent to a Rockford hospital before 6:00 pm and again at other times thereafter, until Decedent was finally transported to Rockford, whereupon he arrived on or about 8:50 pm.; the transfer papers were signed on or about 8:13 pm.
61. Defendants demonstrated a deliberate indifference to the serious risk of harm, and potential loss of life to Decedent, in violation of Decedent's human rights as protected by the Fourteenth Amendment to the Constitution of the United States. Further, their actions and inactions evidenced a reckless or callous indifference to the federally protected rights of Decedent.

62. Defendants committed the above described actions and/or omissions under the color of state law and by virtue of their authority as law enforcement/detention officers acting in affiliation with the Freeport Police Department and ultimately deprived the Decedent of the rights, privileges and immunities guaranteed him by the Constitution and Laws of the United States, specifically the rights guaranteed to him by the Fourteenth Amendment.

### G. Liability of Dr. Singh

63. The allegations of the statements of Diane Adams, Mary Adams and Lakesha Pendleton are restated as though each were set forth verbatim.
64. There was no effort by Defendant Singh to examine, diagnose and/or treat Decedent's condition; Defendant acted carelessly, disregarding standards of care and acting solely upon the information provided by police as though it was true, accurate and complete; he allowed the police to practice medicine in the Emergency Room.
65. Upon information and belief, it was not until on or about 5:30 pm that there was some effort to take X-rays and do other similar diagnostic testing.
66. Defendant Singh allowed CPR do be done on a patient that had a hear-rate and a blood pressure, as well as intermittent pulses; Defendant was also aware Decedent was responding to the mother by tracking her with his eyes, squeezing her hand, and answering her questions, yet he failed to timely engage in further diagnostic testing and he failed to timely implement lifesaving measures.
67. Defendant Singh failed to act upon the mother's request to transport Decedent to a Rockford hospital before 6:00 pm and again at other times thereafter, until Decedent was finally transported to Rockford, whereupon he arrived on or about 8:50 pm.; the transfer papers were signed on or about 8:13 pm.; it was only after Neurologist Dr. Kahn arrived at the Emergency Room that staff began to attend to Decedent and prepare him for transport to Rockford.
68. According to St. Anthony's Hospital, had Decedent arrived even a few hours earlier, he would have likely been able to survive.
69. Upon interviewing Dr. Kahn, Plaintiff was told the principal cause of Decedent's death was the police's failure to transport the victim directly to the hospital; their failure to call the ambulance quickly; delaying the ambulance transporting Decedent and treating him in the Police Station parking lot.
70. Upon information and belief, St. Anthony's said the failure of Emergency Room staff to pump him stomach timely and completely, and FHN's delay in transporting him to Rockford, also contributed to the victim's death.
71. Defendants demonstrated a deliberate indifference to the serious risk of harm, and potential loss of life to Decedent, in violation of Decedent's human rights as protected by the Fourteenth Amendment to the Constitution of the United States. Further, their actions and inactions evidenced a reckless or callous indifference to the federally protected rights of Decedent.
72. Defendants committed the above described actions and/or omissions under the color of state law and by virtue of their authority as law enforcement/detention officers acting in affiliation with the Freeport Police Department and ultimately deprived the Decedent of the rights, privileges and immunities guaranteed him by the Constitution and Laws of the United States, specifically the rights guaranteed to him by the Fourteenth Amendment.

### H. Liability of Defendant Police Chief Chief Whitmore

73. The allegations of the statements of Diane Adams, Mary Adams and Lakesha Pendleton are restated as though each were set forth verbatim.
74. Defendant Whitmore is the chief law enforcement officer of the City with the authority and responsibility to establish policy, and Defendant(s)' actions and inactions. Defendant Whitmore was in charge of and responsible for all aspects of the City of Freeport Police Station, and he supervises all employees in the Police Department who function under his direct supervision and control.
75. These Defendants, by and through their supervisors and/or employees and agents, have oversight and supervisory responsibility over the Police Station and Booking Area and Procedures and his officers as well as their training.

### I. Liability of City of Feeport Police Department, Mayor and City Council

76. Defendants demonstrated a deliberate indifference to the serious risk of harm, and potential loss of life to Decedent, in violation of Decedent's human rights as protected by the Fourteenth Amendment to the Constitution of the United States. Further, their actions and inactions evidenced a reckless or callous indifference to the federally protected rights of Decedent.

77. Defendants committed the above described actions and/or omissions under the color of state law and by virtue of their authority as law enforcement/detention officers acting in affiliation with the Freeport Police Department and ultimately deprived the Decedent of the rights, privileges and immunities guaranteed him by the Constitution and Laws of the United States, specifically the rights guaranteed to him by the Fourteenth Amendment.
78. Plaintiff reserves her right to amend these allegations.

*J. Liability of City of Freeport's Insurance Company*

79. The allegations of the statements of Diane Adams, Mary Adams and Lakesha Pendleton are restated as though each were set forth verbatim.
80. This Defendant is liable to plaintiff for the acts committed by Defendant Grice under color of his office which resulted in injury to Decedent, in accordance with Section 58-76-5 of the North Carolina General Statutes.
81. All actions and omission of Defendants Grice, Curry and Hedrick were taken under color of state law and by virtue of their authority as operators and supervisors of the Davidson County Sheriff's Department and ultimately deprived the Decedent of his rights, privileges, and immunities guaranteed him by the Constitution and laws of the United States, specifically the rights guaranteed to him by the Fourteenth Amendment.

## V. CLAIMS UNDER ILLINOIS LAW

82. The allegations of the statements of Diane Adams, Mary Adams and Lakesha Pendleton are restated as though each were set forth verbatim.
83. Defendants and John Doe, and Jane Doe had a duty to protect Decedent and ensure his safety.
84. By failing to conduct adequate screenings during the hiring process Defendants breached the duty of care they owed Decedent, and this breach was the proximate cause of Decedent's death.
83. By failing to train their employees regarding the appropriate use of force Defendants breached the duty of care they owed Decedent, and this breach was the proximate cause of Decedent's death.
84. By failing to properly supervise their employees Defendants breached the duty of care they owed Decedent, and this breach was the proximate cause of Decedent's death.
85. By failing to properly staff their jail, Defendants breached the duty of care they owed Decedent, and this breach was the proximate cause of Decedent's death.
86. By failing to maintain an Emergency Response Team, Defendants breached the duty of care they owed Decedent, and this breach was the proximate cause of Decedent's death.
87. By failing to terminate or discipline detention officers with a known tendency to employ excessive force against Freeport incarceries, Defendants breached the duty of care they owed Decedent, and this breach was the proximate cause of Decedent's death.
88. Defendants assaulted plaintiff thereby breaching the duty of care they owed to him, and this breach was a contributory cause of Decedent's death.
89. Defendants failed to render any medical attention to Decedent after he began seizing, thereby breaching the duty of care they owed to him, and this breach was the proximate cause of Decedent's death.
90. By failing to protect Decedent from the excessive use of force, and by failing to provide Decedent with the medical care he needed after he began seizing and became unresponsive, and by delaying treatment and acting outside established procedures, Defendants and John Doe, and Jane Doe breached the duty of care they owed Decedent, and this breach was the proximate cause of Decedent's death.
91. Because the tortious conduct of Defendants and John Doe, and Jane Doe was undertaken while said Defendants were in the course and scope of their employment with the Freeport Police Department, Defendants are vicariously liable for their actions under the doctrine of Respondeat Superior.
92. Because Defendants and John Doe, and Jane Doe breach the duty of care they owed Decedent, and because the breach of their duty was the proximate cause of Decedent's death they are liable to plaintiff for (a) Decedent's pain and suffering from the time of his assault until the time of his death, (b) for the present monetary value of Decedent's life and (c) for the reasonable expenses of Decedent's funeral and burial pursuant to the North Carolina Wrongful Death Act and Medical Malpractice Acts as set forth in Illinois' General Statutes.

**VI. DAMAGES**

93. The allegations of the statements of Diane Adams, Mary Adams and Lakesha Pendleton are restated as though each were set forth verbatim.

94. As a direct and proximate result of the wrongful conduct of Defendants, as alleged herein, Plaintiff Diane Adams, is entitled to monetary damages for the death of Decedent in accordance with 42 U.S.C. § 1983.

95. As a direct and proximate result of the wrongful conduct of Defendants, Plaintiff is entitled to damages for the death of Decedent including but not limited to monetary damages for (a) Decedent's pain and suffering from the time of his assault until the time of his death, (b) the present monetary value of Decedent's life and (c) medical expenses and the reasonable expenses of Decedent's funeral, as set forth in Illinois' General Statutes.

95. Because the actions of all Defendants demonstrated a reckless or callous indifference to the federally protected rights of Decedent, particularly the Fourteenth Amendment to the United States Constitution, plaintiff is entitled to recover punitive damages against all Defendants in their personal and official capacities.

96. Pursuant to the provisions of 42 U.S.C. § 1988, Plaintiff is entitled to recover attorney fees as to the causes of actions alleged under the Constitution and the laws of the United States.

WHEREFORE, Plaintiff prays for Judgment against the Defendants, jointly and severally, as follows:

A. That all issues raised by this Complaint be tried before a jury.
B. Compensatory damages against all Defendants, in the amount of ~~[redacted]~~
C. Punitive damages against all Defendants, in the amount of ~~[redacted]~~
D. Cost of medical and funeral expenses incurred by the estate of the Decedent;
E. Reasonable Attorney fees against all Defendants;
F. Costs of litigation; and
G. Such other and further relief that this Court may deem just and proper.

Respectfully prepared and submitted,

_____
Diane Adams, mother on behalf of Reginald Pendleton and his heirs, including herself
~~[redacted]~~ P.O. Box 186
Freeport, IL 61032
815-291-9532

Date: 02/29/08