

**Citizens**
FIRST NATIONAL BANK
925 Shooting Park Road
Peru, Illinois 61354
(815) 223-7500
"LENDER"

BORROWER
MANN PROPERTIES, LLC

# COMMERCIAL/
# AGRICULTURAL
# REVOLVING OR DRAW
# NOTE-VARIABLE RATE

ADDRESS
540 W GALENA BLVD
AURORA, IL  60506
TELEPHONE NO.          IDENTIFICATION NO.
630-906-0250           36-4421564

| OFFICER INITIALS | INTEREST RATE | PRINCIPAL AMOUNT/ CREDIT LIMIT | FUNDING/ AGREEMENT DATE | MATURITY DATE | CUSTOMER NUMBER | LOAN NUMBER |
|---|---|---|---|---|---|---|
| PSS | VARIABLE | $2,600,000.00 | 02/01/02 | 09/01/22 | | 3066 |

GMV/301/37/003/1 PURPOSE:PURCHASE & RENOVATE R/E REPAYMENT:LEASE INCOME

**PROMISE TO PAY:** For value received, Borrower promises to pay to the order of Lender indicated above the principal amount of TWO MILLION SIX HUNDRED THOUSAND AND NO/100
($ 2,600,000.00 ) or, if less, the aggregate unpaid principal amount of all loans or advances made by the Lender to the Borrower, plus interest on the unpaid principal balance at the rate and in the manner described below. All amounts received by Lender shall be applied first to late payment charges and expenses, then to accrued interest, and then to principal or in any other order as determined by Lender, in Lender's sole discretion, as permitted by law.

**INTEREST RATE:** This Note has a variable rate feature. Interest on the Note may change from time to time in the Index Rate identified below changes. Interest shall be computed on the basis of 360 days and the actual number of days _____ per year. Interest on this Note shall be calculated at a variable rate equal to 250/1000 ____ percent ( 0.250 %) per annum OVER ____ the Index Rate. The initial Index Rate is currently SEVEN AND 250/1000 ____ percent ( 7.250 %) per annum. Therefore, the initial interest rate on this Note shall be SEVEN AND 500/1000 ____ percent ( 7.500 %) per annum. Any change in the interest rate resulting from a change in the Index Rate will be effective on: FEBRUARY 1, 2005 AND EVERY THIRTY-SIX MONTHS THEREAFTER UNTIL PAID IN FULL.

**INDEX RATE:** The Index Rate for this Note shall be:
WALL STREET JOURNAL PRIME RATE

**MINIMUM RATE/MAXIMUM RATE:** The minimum interest rate on this Note shall be ____ n/a ____ percent ( n/a %) per annum. The maximum interest rate on this Note shall not exceed ____ n/a ____ percent ( n/a %) per annum or the maximum interest rate Lender is permitted to charge by law, whichever is less.

**DEFAULT RATE:** In the event of any default under this Note, the Lender may determine that all amounts owed to Lender shall bear interest at the lesser of:
____ n/a ____
or the maximum interest rate Lender is permitted to charge by law.

**PAYMENT SCHEDULE:** Borrower shall pay the principal and interest according to the following schedule:
6 INTEREST ONLY PYMTS BEGINNING 3/1/02 AND CONTINUING AT MONTHLY TIME IN-
TERVALS & 239 PYMTS OF $21,120.00 PRINCIPAL & INTEREST BEGINNING 9/1/02 &
CONTINUING AT MONTHLY TIME INTERVALS THEREAFTER. A FINAL PYMT OF THE UNPAID
PRINCIPAL BAL PLUS ACCRUED INTEREST IS DUE AND   **SEE ADDITIONAL TERMS**

All payments will be made to Lender at its address described above and in lawful currency of the United States of America.

**RENEWAL:** ☐ this Note is a renewal of loan number ____

**SECURITY:** To secure the payment and performance of obligations incurred under this Note, Borrower grants Lender a security interest in, and pledges and assigns to Lender all of Borrower's rights, title, and interest, in all monies, instruments, savings, checking and other deposit accounts of Borrower's, (excluding IRA, Keogh and trust accounts and deposits subject to tax penalties if so assigned) that are now or in the future in Lender's custody or control. ☒ If checked, the obligations under this Note are also secured by a lien and/or security interest in the property described in the documents executed in connection with this Note as well as any other property designated as security for this Note now or in the future. ALSO SECURED BY 2 MORTGAGES DATED FEBRUARY 1, 2002 AND A LIFE INSURANCE POLICY IN THE NAME OF TERRY HARTMANN.

**PREPAYMENT:** This Note may be prepaid in part or in full on or before its maturity date. If this Note contains more than one installment, all prepayments will be credited as determined by Lender and as permitted by law. If this Note is prepaid in full, there will be: ☐ No minimum finance charge or prepayment penalty. ☒ A minimum finance charge of $ 25.00 ____ A prepayment penalty of ____ % of the principal prepaid.

**LATE PAYMENT CHARGE:** If a payment is received more than 5 days late, Borrower will be charged a late payment charge of: ____ % of the unpaid late installment ☒ $ 25.00 ____ or 1.50 % of the payment amount, whichever is ☒ greater ☐ less; as permitted by law.

**REVOLVING OR DRAW FEATURE:** ☐ This Note possesses a revolving feature. Upon satisfaction of the conditions set forth in this Note, Borrower shall be entitled to borrow up to the full principal amount of the Note and to repay and reborrow from time to time during the term of this Note. ☒ This Note possesses a draw feature. Upon satisfaction of the conditions set forth in this Note, Borrower shall be entitled to make one or more draws under this Note. The aggregate amount of such draws shall not exceed the full principal amount of this Note.

Lender shall maintain a record of the amounts loaned to and repaid by Borrower under this Note. The aggregate unpaid principal amount shown on such record shall be rebuttable presumptive evidence of the principal amount owing and unpaid on this Note. The Lender's failure to record the date and amount of any loan or advance shall not limit or otherwise affect the obligations of the Borrower under this Note to repay the principal amount of the loans or advances together with all interest accruing thereon. Lender shall not be obligated to provide Borrower with a copy of the record on a periodic basis. Borrower shall be entitled to inspect or obtain a copy of the record during Lender's business hours.

**CONDITIONS FOR ADVANCES:** If there is no default under this Note, Borrower shall be entitled to borrow monies under this Note (subject to the limitations described above) under the following conditions:
UPON REQUEST

BORROWER ACKNOWLEDGES THAT BORROWER HAS READ, UNDERSTANDS, AND AGREES TO THE TERMS AND CONDITIONS OF THIS NOTE INCLUDING THE PROVISIONS ON THE REVERSE SIDE. BORROWER ACKNOWLEDGES RECEIPT OF AN EXACT COPY OF THIS NOTE.
NOTE DATE: FEBRUARY 1, 2002

BORROWER: HARTMANN PROPERTIES, LLC                BORROWER:

BRUCE E. HARTMANN
VICE-OPERATING MANAGER
BORROWER:                                         BORROWER:

BORROWER:                                         BORROWER:

BORROWER:                                         BORROWER:

EXHIBIT
B

© LPI   ___ Technologies, Inc. (10/18/99) (800) 937-3799

TERMS AND CONDITIONS

1. **DEFAULT:** Borrower will be in default under this Note in the event that Borrower or any guarantor:
   (a) fails to make any payment on this Note or any other indebtedness to Lender when due;
   (b) fails to perform any obligation or breaches any warranty or covenant to Lender contained in this Note or any other present or future written agreement regarding this or any indebtedness of Borrower to Lender;
   (c) provides or causes any false or misleading signature or representation to be provided to Lender;
   (d) allows the collateral securing this Note (if any) to be lost, stolen, destroyed, damaged in any material respect, or subjected to seizure or confiscation;
   (e) permits the entry or service of any garnishment, judgment, tax levy, attachment or lien against Borrower, any guarantor, or any of their property;
   (f) dies, becomes legally incompetent, is dissolved or terminated, ceases to operate its business, becomes insolvent, makes an assignment for the benefit of creditors, or becomes the subject of any bankruptcy, insolvency or debtor rehabilitation proceeding; or
   (g) causes Lender to deem itself insecure for any reason, or Lender, for any reason, in good faith deems itself insecure.

2. **RIGHTS OF LENDER ON DEFAULT:** If there is a default under this Note, Lender will be entitled to exercise one or more of the following remedies without notice or demand (except as required by law):
   (a) to cease making additional advances under this Note;
   (b) to declare the principal amount plus accrued interest under this Note and all other present and future obligations of Borrower immediately due and payable in full;
   (c) to collect the outstanding obligations of Borrower with or without resorting to judicial process;
   (d) to take possession of any collateral in any manner permitted by law;
   (e) to require Borrower to deliver and make available to Lender any collateral at a place reasonably convenient to Borrower and Lender;
   (f) to sell, lease or otherwise dispose of any collateral and collect any deficiency balance with or without resorting to legal process;
   (g) to set-off Borrower's obligations against any amounts due to Borrower including, but not limited to, monies, instruments, and deposit accounts maintained with Lender; and
   (h) to exercise all other rights available to Lender under any other written agreement or applicable law.

   Lender's rights are cumulative and may be exercised together, separately, and in any order. Lender's remedies under this paragraph are in addition to those available at common law, including, but not limited to, the right of set-off.

3. **DEMAND FEATURE:** If this Note contains a demand feature, then notwithstanding anything to the contrary contained in this Note, Lender's rights with respect to the events of default identified above shall not be limited, restricted, impaired or otherwise adversely affected by the demand feature of this Note. Lender's right to demand payment, at any time, and from time to time, shall be in Lender's sole and absolute discretion, whether or not any default has occurred.

4. **FINANCIAL INFORMATION:** Borrower will provide Lender with current financial statements and other financial information (including, but not limited to, balance sheets and profit and loss statements) upon request.

5. **MODIFICATION AND WAIVER:** The modification or waiver of any of Borrower's obligations or Lender's rights under this Note must be contained in a writing signed by Lender. Lender may perform any of Borrower's obligations or delay or fail to exercise any of its rights without causing a waiver of those obligations or rights. A waiver on one occasion will not constitute a waiver on any other occasion. Borrower's obligations under this Note shall not be affected if Lender amends, compromises, exchanges, fails to exercise, impairs or releases any of the obligations belonging to any co-borrower or guarantor or any of its rights against any co-borrower, guarantor or collateral.

6. **SEVERABILITY AND INTEREST LIMITATION:** If any provision of this Note is invalid, illegal or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby. Notwithstanding anything contained in this Note to the contrary, in no event shall interest accrue under this Note, before or after maturity, at a rate in excess of the highest rate permitted by applicable law, and if interest (including any charge or fee held to be interest by a court of competent jurisdiction) in excess thereof be paid, any excess shall constitute a payment of, and be applied to, the principal balance hereof, and if the principal balance has been fully paid, then such interest shall be repaid to the Borrower.

7. **ASSIGNMENT:** Borrower will not be entitled to assign any of its rights, remedies or obligations described in this Note without the prior written consent of Lender which may be withheld by Lender in its sole discretion. Lender will be entitled to assign some or all of its rights and remedies described in this Note without notice to or the prior consent of Borrower in any manner.

8. **NOTICE:** Any notice or other communication to be provided to Borrower or Lender under this Note shall be in writing and sent to the parties at the addresses described in this Note or such other address as the parties may designate in writing from time to time.

9. **APPLICABLE LAW:** This Note shall be governed by the laws of the state indicated in Lender's address. Borrower consents to the jurisdiction and venue of any court located in the state indicated in Lender's address in the event of any legal proceeding pertaining to the negotiation, execution, performance or enforcement of any term or condition contained in this Note or any related loan document and agrees not to commence or seek to remove such legal proceeding in or to a different court.

10. **COLLECTION COSTS:** If Lender hires an attorney to assist in collecting any amount due or enforcing any right or remedy under this Note, Borrower agrees to pay Lender's attorney's fees, to the extent permitted by applicable law, and collection costs.

11. **MISCELLANEOUS:** This Note is being executed for commercial/agricultural purposes. Borrower and Lender agree that time is of the essence. Borrower waives presentment, demand for payment, notice of dishonor and protest. Borrower hereby waives any right to trial by jury in any civil action arising out of, or based upon, this Note or the collateral securing this Note. If Lender obtains a judgment for any amount due under this Note, interest will accrue on the judgment at the Default Rate described in this Note. All references to Borrower in this Note shall include all of the parties signing this Note. If there is more than one Borrower, their obligations will be joint and several. This Note and any related documents represent the complete and integrated understanding between Borrower and Lender pertaining to the terms and conditions of those documents.

12. **CONFESSION OF JUDGMENT:** IN ADDITION TO THE RIGHTS OF LENDER ON DEFAULT LISTED ABOVE, BORROWER IRREVOCABLY AUTHORIZES ANY ATTORNEY TO APPEAR IN A COURT OF RECORD AND WAIVE THE ISSUANCE OF SERVICE OF PROCESS AND CONFESS JUDGMENT AGAINST BORROWER, IN FAVOR OF LENDER, FOR ANY SUM UNPAID AND DUE ON THIS NOTE, TOGETHER WITH ALL FEES, COSTS AND EXPENSES OF COLLECTION AND OTHERWISE AS PROVIDED HEREIN, INCLUDING REASONABLE ATTORNEYS' FEES, AND FURTHER AUTHORIZES SUCH ATTORNEY TO WAIVE ALL RIGHT OF APPEAL AND CONSENT TO IMMEDIATE EXECUTION UPON SUCH JUDGMENT. BORROWER HEREBY AGREES THAT NO WRIT OF ERROR OR APPEAL WILL BE PROSECUTED FROM ANY SUCH JUDGMENT, NOR ANY BILL IN EQUITY FILED TO RESTRAIN THE OPERATION OF SUCH JUDGMENT OR ANY EXECUTION THEREON.

13. **ADDITIONAL TERMS:**
    PAYABLE ON 9/01/22. PYMTS MAY CHANGE WITH FIRST PYMT AFTER RATE CHANGE DATE
    PREPAYMENT PENALTY:4% OUTSTANDING BAL IF PAID OFF IN YR 1. 3% OUTSTANDING
    BAL IF PAID OFF IN YR 2. 2% OUTSTANDING BAL IF PAID OFF IN YR 3. 1% OUT-
    STANDING BAL IF PAID OFF IN YR 4. AT END OF YR 4 ALL RESCINDED. PREPAYMENT
    DERIVED FROM LIQUIDATION OF COLLATERAL SECURING DEBT WILL NOT BE INCLUDED.
    NEW PAYMENTS BEGIN WITH THE FIRST PAYMENT AFTER THE INTEREST RATE CHANGES.