IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| BOARD OF TRUSTEES of the ROCKFORD PIPE TRADES INDUSTRY PENSION FUND; <br> BOARD OF TRUSTEES of the PLUMBERS & PIPEFITTERS, LOCAL 23, U.A. HEALTH & WELFARE FUND; <br> BOARD OF TRUSTEES of the PLUMBERS & PIPEFITTERS, LOCAL 23, U.A. JOURNEYMAN AND APPRENTICE TRAINING FUND; <br> PLUMBERS & PIPEFITTERS, LOCAL 23, U.A.; and <br> PIPING INDUSTRY COUNCIL OF THE ROCKFORD AREA; <br>      Plaintiffs, <br> vs. <br> KERBY PLUMBING, INC., an Illinois Corporation, <br> KERBY PLUMBING & MECHANICAL, INC., an Illinois Corporation, and <br> CHRISTOPHER KERBY, an individual, <br>      Defendants. | CIVIL ACTION <br><br> NO: <br><br> JUDGE: <br><br> MAGISTRATE JUDGE: |

## COMPLAINT

Now come Plaintiffs, the BOARD OF TRUSTEES of the PIPE TRADES INDUSTRY PENSION FUND, *et al.*, by and through their attorneys, JOHNSON & KROL, LLC, complaining of the Defendants, KERBY PLUMBING, INC. (hereinafter referred to as "KERBY PLUMBING"), KERBY PLUMBING & MECHANICAL, INC. (hereinafter referred to as "KERBY PLUMBING & MECHANICAL") and CHRISTOPHER KERBY (hereinafter referred to as "KERBY") and allege as follows:

1

## JURISDICTION, VENUE, PARTIES, AND PRELIMINARY FACTS

1. This action arises under Section 502 of the Employee Retirement Income Security Act (hereinafter referred to as "ERISA") and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 1132 and 185). Jurisdiction is founded on the existence of federal questions arising thereunder.

2. The BOARD OF TRUSTEES of the ROCKFORD PIPE TRADES INDUSTRY PENSION FUND; the BOARD OF TRUSTEES of the PLUMBERS & PIPEFITTERS, LOCAL 23, U.A. HEALTH & WELFARE FUND; the BOARD OF TRUSTEES of the PLUMBERS & PIPEFITTERS, LOCAL 23, U.A. JOURNEYMAN AND APPRENTICE TRAINING FUND (hereinafter collectively referred to as the "TRUST FUNDS"); and the PIPING INDUSTRY COUNCIL OF THE ROCKFORD AREA ("hereinafter referred to as the "INDUSTRY COUNCIL") receive contributions from numerous employers pursuant to the Labor Agreements between the Employer and the PLUMBERS & PIPEFITTERS, LOCAL 23, U.A. (hereinafter referred to as the "UNION") and therefore, are multi-employer plans under 29 U.S.C. § 414(f).

3. The Trust Funds are administered at 4525 Boeing Drive, Rockford, Illinois 61109. Therefore, venue is proper in the Northern District of Illinois, Western Division.

4. The BOARD OF TRUSTEES of the PLUMBERS and PIPE FITTERS, Local 23 U.A. JOURNEYMAN AND APPRENTICE TRAINING FUND is the collection agent for the INTERNATIONAL TRAINING FUND.

5. The UNION is the bargaining representative of KERBY PLUMBING's bargaining unit employees.

6. The Defendant KERBY PLUMIBNG is an employer engaged in an industry affecting commerce which entered into a Subscription Agreement (attached hereto as Exhibit 1) whereby it agreed to be bound by the provisions of a Labor Agreement negotiated between the UNION and the INDUSTRY COUNCIL for all times relevant to this action. (A copy of the Labor Agreement is attached hereto as Exhibit 2).

7. Through the agreements referred to in paragraph 6, the Defendant KERBY PLUMBING became bound by the provisions of the Agreements and Declarations of Trust which created the TRUST FUNDS (hereinafter referred to as the "Trust Agreements").

8. Defendant KERBY PLUMBING & MECHANICAL is the successor company of KERBY PLUMBING and is an employer engaged in an industry affecting commerce that performs the same type of work as KERBY PLUMBING.

9. Defendant KERBY is a former Apprentice and Journeyman member of the UNION who was an employee and/or principal officer of KERBY PLUMBING and is currently an employee and/or principal officer of KERBY PLUMBING & MECHANICAL.

<u>COUNT I</u>
<u>BREACH OF CONTRACT – **KERBY PLUMBING**</u>

10. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-9 of this Complaint with the same force and effect as if fully set forth herein.

11. The Subscription Agreement executed by KERBY PLUMBING bound the Company to the Labor Agreement that was in effect for the period of June 1, 2002 through May 31, 2007.

12. The terms of the Subscription Agreement provides that notice of termination must be in writing and sent to the other party at least 60 days in advance of the expiration date of the

Labor Agreement. (Exhibit 1, ¶ 3.)

13. The Subscription Agreement further provides that if the Agreement is not terminated, the Employer shall become bound by terms of any successor Labor Agreements entered into between the UNION and INDUSTRY COUNCIL. (Exhibit 1, ¶ 3.)

14. On or about April 17, 2007, the Defendant KERBY PLUMBING sent a letter to the Union that purported to terminate the Subscription Agreement that binds it to the terms of the Labor and Trust Agreements (Exhibit 3.)

15. Upon receiving the purported termination of the Subscription Agreement, the UNION notified KERBY PLUMBING that the termination was not timely and was not accepted. (Exhibit 4.)

16. KERBY PLUMBING failed to provide the UNION with timely notice of termination 60 days in advance of May 31, 2007, the date on which the previous Labor Agreement expired.

17. Because KERBY PLUMBING failed to provide timely notice of termination of the Subscription Agreement, it became bound to the current Labor Agreement for the period of June 1, 2007 through May 31, 2012.

18. Pursuant to the provisions of the Labor Agreement, the Defendant KERBY PLUMBING is required to make monthly reports of hours worked by Covered Employees (hereinafter referred to as "monthly Contribution Reports") and pay contributions to the TRUST FUNDS for each hour worked at the rate specified in the Labor and Trust Agreements. The monthly Contribution Reports and payments during all times relevant were due on or before the 10th day of the calendar month following the calendar month during which the work was performed.

19. Pursuant to Section 502(g)(2) of ERISA, the Labor and Trust Agreements, Employers who fail to submit their monthly Contribution Reports and contributions to the Trust Funds on a timely basis are responsible for the payment of liquidated damages at a rate of 5% of the delinquent contribution.

20. Pursuant to the Labor Agreement, employers who fail to submit their monthly Contribution Reports and contributions to the INDUSTRY COUNCIL on a timely basis are responsible for the payment of liquidated damages at a rate of 5% of the delinquent contribution.

21. Pursuant to Section 502(g)(2) of ERISA, and the provisions of the Labor Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the TRUST FUNDS on a timely basis are responsible for the payment of interest on unpaid contributions at the rate of Prime plus two percent (2%) per annum from the first day of the month following the month in which they are due until paid, plus any reasonable attorneys fees, court costs, and other expenses of maintaining suit.

22. Pursuant to the provisions of the Labor Agreement and Trust Agreements, employers who fail to submit their monthly Contribution Reports and contributions to the INDUSTRY COUNCIL on a timely basis are responsible for the payment of interest on unpaid contributions at the rate of Prime plus two percent (2%) per annum from the first day of the month following the month in which they are due until paid, plus any reasonable attorney's fees and costs for maintaining suit.

23. Defendant KERBY PLUMBING & MECHANICAL became the successor company of KERBY PLUMBING on or about May of 2007.

24. KERBY PLUMBING and KERBY PLUMBING & MECHANICAL have failed to submit monthly Contribution Reports and contribution payments to the TRUST FUNDS for the period of June 2007 through February 2008 and owes the contributions plus whatever liquidated damages and interest charges have accrued for the period of June 2007 through February 2008.

## COUNT II
### SUCCESSOR LIABILITY – KERBY PLUMBING & MECHANICAL

25. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-24 of this Complaint with the same force and effect as if fully set forth herein.

26. Defendant KERBY PLUMBING & MECHANICAL was incorporated on or about May 15, 2007.

27. Defendant KERBY PLUMBING was voluntarily dissolved on or about August 8, 2007.

28. KERBY PLUMBING & MECHANICAL occupies the same offices, utilizes the same tools and equipment, and has the same principal officers as KERBY PLUMBING did prior to its dissolution.

29. Defendants KERBY PLUMBING and KERBY PLUMBING & MECHANICAL are both owned and operated by the Kerby family.

30. KERBY PLUMBING & MECHANICAL operates in the same industry and trade jurisdiction, employs some of the same employees, and shares a common or similar name with KERBY PLUMBING.

31. KERBY PLUMBING & MECHANICAL is the successor company of KERBY PLUMBING and is liable for any debt and/or obligations that KERBY PLUMBING accumulated and continues to accumulate through its continuing contractual obligation to the TRUST FUNDS, INDUSTRY COUNCIL and the UNION.

32. Upon request, KERBY PLUMBING & MECHANICAL submitted to two audits conducted by the Combined Crafts Statewide Audit Program on behalf of the TRUST FUNDS and the UNION.

33. The audit conducted by Combined Crafts Statewide Audit Program on or about August 28, 2007 revealed that Defendant KERBY PLUMBING & MECHANICAL failed to report hours worked by bargaining unit employees and failed to submit contributions for the period of June 1, 2007 through July 31, 2007. (A copy of the Audit Report is attached as Exhibit 5.)

34. A second audit conducted by Combined Crafts Statewide Audit Program on or about December 13, 2007 revealed that Defendant KERBY PLUMBING & MECHANICAL failed to report hours worked by bargaining unit employees and failed to submit contributions for the period of August 1, 2007 through November 30, 2007. (A copy of the Audit Report is attached hereto as Exhibit 6.)

35. Pursuant to the two Audit Reports referenced above, Defendant KERBY PLUMBING & MECHANICAL owes the TRUST FUNDS, INDUSTRY COUNCIL, and the UNION unpaid contributions in the amount of $46,046.96.

36. As a result of Defendant KERBY PLUMBING & MECHANICAL'S failure to submit Contribution Reports and contribution payments in a timely manner, liquidated damages and interest have accrued for the audited period of June 1, 2007 through November 30, 2007 in

the amount of $2,929.17.

37. On or about January 2008, Plaintiffs collected $20,000.00 as the beneficiary of an Irrevocable Letter of Credit posted on behalf of KERBY PLUMBING in accordance with the bonding requirements of the Labor Agreement.

38. After applying the proceeds from the Irrevocable Letter of Credit, the total *known* amount due and the owing the plaintiffs is approximately $28,976.13 in unpaid contributions, liquidated damages, and interest charges for the period of August 1, 2007 through November 30, 2007.

39. KERBY PLUMBING & MECHANICAL has further failed to submit Contribution Reports and contribution payments for the period of December 1, 2007 through the Present. As a result, the amount due and owing the Plaintiffs for this period cannot yet be determined.

40. Because of KERBY PLUMBING & MECHANICAL'S failure and/or refusal to submit monthly Contribution Reports and payments in a timely manner, additional liquidated damages, and interest charges have accrued in an unknown amount.

41. KERBY PLUMBING & MECHANICAL is required submit all missing Contribution Reports together with all unpaid contributions, liquidated damages and interest charges that have accrued.

### COUNT III
### BREACH OF CONTRACT – CHRISTOPHER KERBY:

42. Plaintiffs re-allege and incorporate the allegations contained in paragraphs 1-9 of this Complaint with the same force and effect as if fully set forth herein.

43. Pursuant to provisions of the Trust Agreement, the BOARD OF TRUSTEES of the PLUMBERS & PIPEFITTERS, LOCAL 23, U.A. JOURNEYMAN AND APPRENTICE TRAINING FUND is responsible for the Rockford Area Plumbing, Pipefitting and Refrigeration Joint Apprenticeship and Training Committee (hereinafter referred to as the "JATC"), and is authroized to bring actions on behalf of the JATC.

44. Defendant KERBY entered into four (4) separate Scholarship Loan Agreements with the JATC in the aggregate amount of $11,200.00. (Copies are attached as Exhibit 7.)

45. The Scholarship Loan Agreements provide for credit to the scholarship amount for every year that the Apprentice works as a Journeyman Plumber or Pipefitter for an Employer that contributes to the JATC or a like Committee.

46. The terms of the Scholarship Loan Agreements further provide that the Agreement is breached when the Apprentice accepts employment in the Plumbing and Pipefitting Industry from an Employer who makes no payments to the JATC or other like Committees.

47. On or about August 27, 2007, Defendant KERBY terminated his membership with the UNION. (A copy of the letter is attached as Exhibit 8.)

48. Defendant KERBY breached the terms of the Scholarship Loan Agreement by working for an Employer that was not submitting payments to the JATC.

49. Defendant KERBY'S scholarship amount was credited with $2,800.00 for years of service between June 1, 2005 and August 27, 2007.

50. Defendant KERBY owes the JATC unpaid scholarship loans in the amount of $7,400.00.

51. The Scholarship Loan Agreement provides that upon breach, the Apprentice shall pay interest at the prime rate from the date of the Agreement, plus reasonable attorney's fees and all court costs.

### AS TO COUNTS I, II, AND III

52. Plaintiffs have been required to employ the undersigned attorneys to collect the monies that are found due and owing from the Defendants.

53. Plaintiffs have complied with all conditions precedent in bringing this suit.

54. Defendants are obligated to pay attorney fees, audit fees, and court costs incurred by the Plaintiffs pursuant to the underlying Labor Agreement, Trust Agreements, and 29 U.S.C. §1132(g)(2)(D).

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiffs pray:

A. That judgment be entered in favor of Plaintiffs and against Defendants KERBY PLUMBING and KERBY PLUMBING & MECHANICAL jointly and severally in the amount of $29,578.04;

B. That judgment be entered in favor of Plaintiffs and against Defendants KERBY PLUMBING and KERBY PLUMBING & MECHANICAL jointly and severally for whatever contributions, liquidated damages, interest and UNION dues that are found to be due and owing, in addition to the amount referred to in paragraph A above;

C. That judgment be entered in favor of Plaintiffs and against Defendant KERBY in the amount of $7,400.00, plus interest at the prime rate prevailing from the date of the Scholarship Loan Agreement, reasonable attorney's fees, and all court costs;

D. That Declaratory Judgment be entered in favor of Plaintiffs and against Defendants KERBY PLUMBING and KERBY PLUMBING & MECHANICAL declaring that KERBY PLUMBING and KERBY PLUMBING & MECHANICAL are bound to the current Labor Agreement;

E. That a Permanent Injunction be entered in favor of Plaintiffs and against Defendants KERBY PLUMBING and KERBY PLUMBING & MECHANICAL to enjoin Defendants KERBY PLUMBING and KERBY PLUMBING & MECHANICAL from committing further violations of the Labor Agreement, Trust Agreements and ERISA;

F. That the Defendants KERBY PLUMBING, KERBY PLUMBING & MECHANICAL, and KERBY jointly and severally be ordered to pay the reasonable attorney fees, audit fees, and costs incurred by the Plaintiffs, pursuant to the Labor Agreement, Trust Agreements and 29 U.S.C. §1132(g)(2)(D); and

G. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at the Defendants' cost, pursuant to 29 U.S.C. §1132(g)(2)(E).

> Respectfully submitted,
>
> JOHNSON & KROL, LLC
>
> By: /s/ Joseph E. Mallon
> Joseph E. Mallon
> One of Plaintiffs' Attorneys

Johnson & Krol, LLC
208 South LaSalle, Suite 1602
Chicago, IL 60604
(312) 372-8587