## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| LORITA ALDANA-HAYWOOD,<br><br>   Plaintiff,<br><br>   v.<br><br>SMITHKLINE BEECHAM CORP., d/b/a<br>GLAXOSMITHKLINE,<br><br>   Defendant. | Case No.: |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that pursuant to 28 U.S.C. §§ 1441 and 1446, Defendant SmithKline Beecham Corp., d/b/a GlaxoSmithKline ("GSK"), hereby gives notice of removal of the above-captioned action, pending in the Circuit Court of Winnebago County, State of Illinois, Civil Action No. 08-L-54, to the United States District Court for the Northern District of Illinois, Western Division.  In support of removal, GSK states as follows:

1. This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) being filed within thirty (30) days of the defendant being served with the Complaint.  A Notice of Removal is timely if it is "filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading…"   28 U.S.C. § 1446(b).

2. The Circuit Court of Winnebago County is located within the Northern District of Illinois, Western Division.

3. On March 11, 2008, GSK was served with the Complaint.

4. Pursuant to 28 U.S.C. § 1446(a), a copy of all process, pleadings and orders served upon GSK are annexed hereto as Exhibit "A".

## THIS COURT HAS DIVERSITY JURISDICTION

5. This Court has original jurisdiction of this action under 28 U.S.C. § 1332, and therefore, this action is removable to this Court pursuant to 28 U.S.C. § 1441. Section 1332 provides that the "district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between (1) citizens of different States…"

6. The plaintiff and defendant in this action are citizens of different states.

7. Defendant GSK is a Pennsylvania corporation with its principal place of business in Pennsylvania. *See* Affidavit of Joshua E. Johnson, annexed hereto as Exhibit "B".

8. Plaintiff Lorita Aldana-Haywood is a citizen of Illinois. "Citizenship for diversity purposes is determined by an individual's domicile and domicile requires both residence in a state and an intent to remain in the state." *Marrs v. Quickway Carriers, Inc.*, 2006 WL 2494746, *2 (N.D. Ill., Aug. 23, 2006) citing *Perry v. Pogemiller,* 16 F.3d 138, 140 (7th Cir. 1993).

9. Factors that a court analyzes to determine a party's domicile include current residence, family ties, and driver's license. *Gravadahl v. Conwell*, 2002 WL 398599, at *1 (N.D. Ill., Mar. 14, 2002).

10. In this case, the *Gravadahl* factors support the conclusion that Plaintiff is domiciled in Illinois:

- plaintiff's Complaint alleges she currently resides in Winnebago County, Illinois, *see* Complt., annexed as *Exhibit A*, at ¶2;

- plaintiff has family ties to Illinois, *see* Affidavit of Eric F. Quandt, Esq., annexed as *Exhibit C*; and,

- plaintiff was issued an Illinois driver's license, *see* Affidavit of Eric F. Quandt, Esq., annexed as *Exhibit C*.

11. In addition, courts have held that "[o]nce a defendant is on notice of plaintiff's residence, it would be a simple matter for defendant's counsel to call plaintiff's counsel and inquire about plaintiff's citizenship." *Marrs v. Quickway Carriers, Inc.*, 2006 WL 2494746, *3 (N.D. Ill., Aug. 23, 2006); *see also Kanter & Eisenberg v. Madison Associates*, 602 F. Supp. 798 (N.D. Ill., 1985)(holding that a complaint which alleges a plaintiff's residence provides "a clue" to defendant about a plaintiff's citizenship). On April 1, 2008, counsel for GSK contacted Plaintiff's counsel, David M. Cialkowski of Zimmerman Reed, PLLP, inquired about Plaintiff's citizenship, and was informed that Plaintiff's counsel did not have knowledge of any intent of Plaintiff to move outside the State of Illinois. *See* Affidavit of Eric F. Quandt, Esq., attached as *Exhibit C*.

12. The above factors clearly establish that Plaintiff is a citizen of the State of Illinois, and that Defendant is a citizen of the State of Pennsylvania, and therefore, complete diversity exists.

13. 28 U.S.C. § 1332 also requires that the jurisdictional amount in controversy exceeds $75,000. All that is required to be established is the "reasonable probability" that more than the jurisdictional amount is in controversy. *See Shaw v. Dow Brands*, 994 F.3d 364, 366 (7th Cir. 1993).

14. "If a plaintiff alleges severe and permanent injuries and seeks damages for lost income, a defendant is on notice that the case is removable and should remove the case within thirty days of receipt of the complaint." *Marrs v. Quickway Carriers, Inc.*, 2006 WL 2494746, *3 (N.D. Ill., Aug. 23, 2006).

15.     In the instant case, Plaintiff seeks recovery for having suffered an alleged heart attack, *i.e.* a myocardial infarction, which plaintiff alleges occurred in February of 2006.  *See* Complt. ¶¶63, 102, and 107, annexed as *Exhibit A*.  She seeks to recover all compensatory damages, actual damages, and reasonable attorneys' fees relating to the alleged heart attack and her purchase of Avandia based on theories of Strict Liability (Count I), Negligence (Count II), Breach of Implied Warranty (Count III), Breach of Express Warranty (Count IV) and violations of the Illinois Consumer Fraud and Deceptive Business Practices Act (Count V).  Individual elements of legally recoverable damages under the causes of action pled are potentially significant, and clearly satisfy the requirement for showing a "reasonable probability" that the amount in controversy exceeds the jurisdictional amount.

16.     Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of Removal is being filed with the Circuit Court of Winnebago County, State of Illinois.

17.     By filing this notice, Defendant does not waive any available defenses.

## CONCLUSION

For the foregoing reasons, this Court has jurisdiction over this action pursuant to 28 U.S.C. §1332, and this action is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

Dated: April 8, 2008

                                        Respectfully submitted,
                                        SMITHKLINE BEECHAM CORP., d/b/a
                                        GLAXOSMITHKLINE
                                        By:  s/Eric F. Quandt
                                            One of Its Attorneys

Eric F. Quandt (ARDC No. 2267519)
Walter Jones, Jr. (ARDC No. 1365665)
John M. Broderick (ARDC No. 6255668)
PUGH, JONES, JOHNSON & QUANDT, P.C.
180 N. LaSalle Street, Suite 3400
Chicago, Illinois 60601
(312) 768-7800

## CERTIFICATE OF SERVICE

  I, Eric F. Quandt, an attorney, certify that I shall cause to be served a copy of **Notice of Removal,** upon the following individual(s), by deposit in the U.S. mail box at 180 North LaSalle Street, Chicago, Illinois 60601, postage prepaid, same-day personal delivery by messenger, Federal Express overnight delivery, facsimile transmitted from (312) 768-7801, Electronic Case Filing ("ECF"), or as otherwise stated, as indicated below, on April 8, 2008 before 5:00 p.m.

| | | |
|---|---|---|
| ☐ | CM/ECF | *Attorneys for Plaintiff* |
| ☒ | Facsimile/ 40 Pages | David M. Cialkowski |
| ☐ | Federal Express | Zimmerman Reed, PLLP |
| ☒ | U.S. Mail | 651 Nicollet Mall, Suite 501 |
| ☐ | Messenger | Minneapolis, MN 55402 |
| | | (612) 341-0400 |
| | | (612) 341-0844 fax |

*Attorneys for Plaintiff - Of Counsel*
Bryan F. Aylstock
Aylstock, Witkin, Kreis & Overholtz, PLLC
803 North Palafox St.
Pensacola, FL 32501
(850) 916-7450
(850) 916-7449 fax

Vance Andrus
Andrus Boudreaux, PLC
1775 Sherman Street
Denver, CO 80203
(303) 376-6360
(303) 376-6361 fax

Joseph Zonies
Reilly Pozner & Connelly, LLP
511 Sixteenth Street, Suite 700
Denver, CO 80202
(303) 893-6100
(303) 893-6110 fax

           s/Eric F. Quandt