UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MELISSA ORIFICI, | ) | |
| | ) | JURY TRIAL DEMANDED |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | |
| GRAY TELEVISION GROUP, INC., | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT

Plaintiff MELISSA ORIFICI, by her attorneys, OLIVER, CLOSE, WORDEN, WINKLER & GREENWALD LLC, for her Complaint against Defendant GRAY TELEVISION GROUP, INC., a foreign corporation, states as follows:

INITIAL ALLEGATIONS

1. Plaintiff is now, and at all times relevant to this action, has been a resident of the County of Boone and State of Illinois.

2. Defendant GRAY TELEVISION GROUP, INC. is a corporation, duly organized under the laws of the State of Delaware, authorized to do business and doing business in the County of Winnebago, State of Illinois.

3. Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, and Plaintiff has filed suit no later than ninety (90) days after receipt of a Notice of Right to Sue from the U.S. Department of Justice. True and correct

copies of the Charge of Discrimination and the Notice of Right to Sue are attached, marked Exhibits A and B, respectively, and are incorporated herein.

4. Venue is properly set in this District under 28 U.S.C. §1391. This claim arose in the Northern District of Illinois, Western Division.

5. This Court has jurisdiction of this action pursuant to 42 U.S.C. §2000e-5, 28 U.S.C. §§1331 and 1343.

6. Plaintiff began employment with Defendant GRAY TELEVISION GROUP, INC. in approximately June 14, 1993, as a television news anchor.

7. Plaintiff received pay increases and performed her responsibilities more than satisfactorily.

8. Defendant GRAY TELEVISION GROUP, INC. discharged Plaintiff on or about July 31, 2006.

## COUNT I - AGE DISCRIMINATION

9. Plaintiff has been over the age of forty (40) years during all events relevant to this Complaint, and is a protected person within the meaning of ADEA.

10. Defendant GRAY TELEVISION GROUP, INC. is an employer under the Age Discrimination in Employment Act, 29 U.S.C. §630(b).

11. On the basis of Plaintiff's age, Defendant interfered with the teleprompter during newscasts while Plaintiff was on screen.

12. On the basis of Plaintiff's age, Defendant required Plaintiff to cancel all of her personal appearances and also failed to advise Plaintiff of scheduled personal appearances.

13. On the basis of Plaintiff's age, Defendant also added other obstacles to Plaintiff's performance of her duties, to which similarly situated employees substantially younger than Plaintiff were not subjected.

14. On the basis of Plaintiff's age, Defendant replaced Plaintiff with a person substantially younger than Plaintiff.

15. On the basis of Plaintiff's age, Defendant discharged Plaintiff.

16. Defendant also engaged in other actions that discriminated against Plaintiff on the basis of her age.

17. Defendant's discrimination against Plaintiff based on her age has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

18. Plaintiff, through her employment, received health insurance, paid vacation, a short-term disability plan, a 401(k) retirement plan, a clothing trade arrangement or cash allowance, car allowance and other employment benefits. Defendant's actions deprived her of these and other employment benefits.

19. Defendant's discriminatory conduct, as alleged above, was willful, as stated in 29 U.S.C. §626(b).

WHEREFORE, Plaintiff MELISSA ORIFICI prays that this Court enter judgment in her favor and against Defendant GRAY TELEVISION GROUP, INC., as follows:

A. Enjoining Defendant from engaging in discriminatory conduct and awarding her reinstatement to her former position;

B.  Granting Plaintiff an award of compensatory damages consisting of:

(1) Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

(2) Front pay; and

(3) Damages for mental anguish and emotional distress according to proof and according to law;

C.  Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

D.  Awarding Plaintiff liquidated damages as provided in 29 U.S.C. § 626(b);

E.  Awarding Plaintiff punitive damages according to law; and

F.  Granting Plaintiff such other and further relief as this Court deems just and proper.

## COUNT II - RETALIATION FOR OPPOSITION TO AGE DISCRIMINATION

1.-16.  Plaintiff repeats the allegations of Paragraphs 1 through 16 of Count I as Paragraphs 1 through 16 of this Count II.

17.  Plaintiff opposed Defendant's actions, alleged above, which were taken on the basis of Plaintiff's age.  As a result of Plaintiff's opposition to Defendant's age discrimination against her, Defendant discriminated against and discharged Plaintiff.

18.  Defendant's discrimination against Plaintiff based on her opposition to age discrimination has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

19. Plaintiff, through her employment, received health insurance, paid vacation, a short-term disability plan, a 401(k) retirement plan, a clothing trade arrangement or cash allowance, car allowance and other employment benefits. Defendant's actions deprived her of these and other employment benefits.

20. Defendant's discrimination against Plaintiff based on her opposition to age discrimination violates 29 U.S.C. §623(d).

WHEREFORE, Plaintiff MELISSA ORIFICI prays that this Court enter judgment in her favor and against Defendant GRAY TELEVISION GROUP, INC., as follows:

A. Enjoining Defendant from engaging in retaliatory and discriminatory conduct and awarding her reinstatement to her former position;

B. Granting Plaintiff an award of compensatory damages consisting of:

(1) Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

(2) Front pay; and

(3) Damages for mental anguish and emotional distress according to proof and according to law;

C. Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

D. Awarding Plaintiff liquidated damages as provided in 29 U.S.C. § 626(b);

E. Awarding Plaintiff punitive damages according to law; and

F. Granting Plaintiff such other and further relief as this Court deems just and proper.

## COUNT III - SEX DISCRIMINATION

1.-8. Plaintiff repeats the allegations of Paragraphs 1 through 8 of Count I as Paragraphs 1 through 8 of this Count III.

9. Plaintiff is a female, and is a protected person within the meaning of Title VII, 42 U.S.C. §§2000(e), et. seq.

10. Defendant GRAY TELEVISION GROUP, INC. is an employer under Title VII, 42 U.S.C. §§2000e, *et seq.*

11. On the basis of Plaintiff's sex, Defendant interfered with the teleprompter during newscasts while Plaintiff was on screen.

12. On the basis of Plaintiff's sex, Defendant required Plaintiff to cancel all of her personal appearances and also failed to advise Plaintiff of scheduled personal appearances.

13. On the basis of Plaintiff's sex, Defendant also added other obstacles to Plaintiff's performance of her duties, to which similarly situated male employees were not subjected.

14. Defendant discharged Plaintiff because of her sex.

15. Defendant also engaged in other actions that discriminated against Plaintiff on the basis of her sex.

16. Defendant's discrimination against Plaintiff based on her sex has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

17. Plaintiff, through her employment, received health insurance, paid vacation, a short-term disability plan, a 401(k) retirement plan, a clothing trade arrangement or cash allowance, car allowance and other employment benefits. Defendant's actions deprived her of

these and other employment benefits.

18. Defendant's intentionally discriminatory conduct, as alleged above, was performed with malice or reckless indifference to Plaintiff's federally protected rights, as stated in 42 U.S.C. §1981a.

WHEREFORE, Plaintiff MELISSA ORIFICI prays that this Court enter judgment in her favor and against Defendant GRAY TELEVISION GROUP, INC., as follows:

A. Enjoining Defendant from engaging in discriminatory conduct and awarding her reinstatement to her former position;

B. Granting Plaintiff an award of compensatory damages consisting of:

(1) Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

(2) Front pay; and

(3) Damages for mental anguish and emotional distress according to proof and according to law;

C. Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

D. Awarding Plaintiff punitive damages for Defendant's malice or reckless indifference to Plaintiff's federally protected rights; and

E. Granting Plaintiff such other and further relief as this Court deems just and proper.

COUNT IV - RETALIATION FOR OPPOSITION TO SEX DISCRIMINATION

1.-15. Plaintiff repeats the allegations of Paragraphs 1 through 15 of Count III as

Paragraphs 1 through 15 of this Count IV.

16.     Plaintiff opposed Defendant's discriminatory actions, alleged above, taken on the basis of Plaintiff's sex. As a result of Plaintiff's opposition to Defendant's sex discrimination against her, Defendant discharged Plaintiff.

17.     Defendant's discrimination against Plaintiff based on her opposition to sex discrimination has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

18.     Plaintiff, through her employment, received health insurance, paid vacation, a short-term disability plan, a 401(k) retirement plan, a clothing trade arrangement or cash allowance, car allowance and other employment benefits. Defendant's actions deprived her of these and other employment benefits.

19.     Defendant's termination of Plaintiff's employment because she opposed discrimination because of her sex violated 42 U.S.C. §2000e-3.

20.     Defendant's intentionally discriminatory conduct, as alleged above, was performed with malice or reckless indifference to Plaintiff's federally protected rights, as stated in 42 U.S.C. §1981a.

WHEREFORE, Plaintiff MELISSA ORIFICI prays that this Court enter judgment in her favor and against Defendant GRAY TELEVISION GROUP, INC., as follows:

A.      Enjoining Defendant from engaging in retaliatory and discriminatory conduct and awarding her reinstatement to her former position;

B.      Granting Plaintiff an award of compensatory damages consisting of:

  (1) Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

  (2) Front pay; and

  (3) Damages for mental anguish and emotional distress according to proof and according to law;

 C. Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

 D. Awarding Plaintiff punitive damages for Defendant's malice or reckless indifference to Plaintiff's federally protected rights; and

 E. Granting Plaintiff such other and further relief as this Court deems just and proper.

## COUNT V - BREACH OF CONTRACT

 1.-2. Plaintiff repeats the allegations of Paragraphs 1 through 2 of Count I as Paragraphs 1 through 2 of this Count V.

 3. Plaintiff brings this Count V as a claim pendent to Counts I - IV, set forth above.

 4. Defendant's principal place of business is located in the State of Georgia.

 5. Jurisdiction also exists for this Count V under diversity jurisdiction.

 6. The amount in controversy concerning this Count V exceeds $75,000.00.

 7. Defendant was formerly known as Benedek Broadcasting Corporation and Gray Mid America Television, d/b/a WIFR-TV, or Gray Mid America TV, Inc.

 8. On or about April 9, 2003, Plaintiff and Defendant entered into an Employment Agreement. A true and correct copy of the Employment Agreement is attached, marked Exhibit A and incorporated herein.

9. Defendant interfered Plaintiff's performance of her contractual duties, in violation of the Employment Agreement.

10. Defendant interfered with the teleprompter during newscasts while Plaintiff was on screen.

11. Defendant required Plaintiff to cancel all of her personal appearances and also failed to advise Plaintiff of scheduled personal appearances.

12. Defendant also added other obstacles to Plaintiff's performance of her duties.

13. Defendant terminated Plaintiff's employment in violation of the Employment Agreement.

14. Defendant's actions breached the Employment Agreement by violating Defendant's duty of good faith and fair dealing in its exercise of discretion under the Employment Agreement.

15. Defendant's material breaches of the terms of the Employment Agreement have caused Plaintiff damage by preventing her from performing her duties, and therefore depriving her of the pay and benefits she would have received under the Employment Agreement.

16. Defendant's actions alleged above also caused Plaintiff other damage.

WHEREFORE, Plaintiff MELISSA ORIFICI prays that the Court enter a judgment for Plaintiff MELISSA ORIFICI and against Defendant GRAY TELEVISION GROUP, INC. in an amount in excess of $75,000.00, for such other sums as are due and owing under the Employment Agreement, and for such other and further relief as the Court may deem just and proper.

MELISSA ORIFICI, Plaintiff

        By: OLIVER, CLOSE, WORDEN,
           WINKLER & GREENWALD LLC

        By:_____s/John Rearden, Jr._____
           One of her attorneys

John Rearden, Jr.
Oliver, Close, Worden, Winkler & Greenwald LLC
124 N. Water St., Suite 300
P.O. Box 4749
Rockford, IL, 61110-4749
815/968-7591

<u>PLAINTIFF DEMANDS A TRIAL BY JURY</u>