UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| MARK A. RAISBECK, | ) | |
| | ) | |
| Plaintiff, | ) | No. |
| | ) | |
| v. | ) | |
| | ) | Judge |
| MICHAEL J. ASTRUE, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT FOR JUDICIAL REVIEW

Introductory Statement

1. This is an action for judicial review of a final decision of the Defendant Commissioner of the Social Security Administration denying Plaintiff's claims for the establishment of a period of disability and disability insurance benefits under section 216(I) and 223 of the Social Security Act and Supplemental Security Income benefits under Sections 1611 and 1614 of the Act, 42 U.S.C. Sections 416(I), 423, 1381(a) and 1382(a).

Jurisdiction

2. Jurisdiction to review the defendant's decision is specifically conferred on this court by 42 U.S.C. Sec. 405(g).

Claim for Relief

3. 42 U.S.C. Sections 416(I) and 423 provide, inter alia, for the payment of Social Security benefits to those individuals who are insured under the Social Security program. 42 U.S.C. Section 423 provides that an individual shall be considered to be disabled if he is unable to engage in any substantial gainful activity by reason of any

1

medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months or which can be expected to result in death.

    4. 42 U.S.C. Sections 1381(a) and 1382(a) provide, <u>inter alia</u>, for the payment of Supplemental Security Income benefits to those disabled individuals whose income and resources fall below stated levels. 42 U.S.C. Section 1382(a)(3) provides, <u>inter alia</u>, that an individual should be considered to be disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

    5. Plaintiff, Mark A. Raisbeck (XXX-XX-4138), is a resident of Warren, Illinois, which is located in Jo Daviess County.

    6. Plaintiff filed applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on November 10, 2005, alleging a disability onset date of September 15, 1998. The applications were denied initially on February 3, 2006, and upon reconsideration on May 16, 2006. Plaintiff filed a timely Request for Hearing on May 31, 2006, and appeared and testified on April 25, 2007 at an administrative hearing before Administrative Law Judge ("ALJ") Arthur J. Schneider in Madison, Wisconsin. By notice dated May 15, 2007, his claims for disability benefits were denied by ALJ Schneider.

    7. On May 31, 2007, Plaintiff filed a timely Request for Review of the hearing decision with the Social Security Administration's Appeals Council. On August 31,

2007, the Appeals Council denied review, thus rendering a final administrative decision by the Commissioner.  20 C.F.R. §§ 404.981 and 416.1481.

    8.   Plaintiff's complaint could have been timely filed up to and including 65 days after the Appeals Council action, i.e. on or before November 4, 2007.  Plaintiff had difficulty locating counsel who would take his case and, on December 17, 2007, contacted the undersigned, who then submitted a request for an extension of time to file a civil action noting that there was good cause to grant the extension and that he would need time to review Plaintiff's case.  On February 8, 2008, the Appeals Council extended the time within which the civil action could be filed for 30 days.  Plaintiff has difficulty reading and writing and counsel needed additional time to obtain the necessary forms from Plaintiff; thus, on March 11, 2008, counsel respectfully requested a second and final 30 day extension of time to file a civil action.  On April 25, 2008, the Appeals Council granted an additional 15 days to file a timely civil action. (Extension attached as Exhibit A).  Thus, Plaintiff's complaint can be timely filed on or before May 10, 2008.

    9. Plaintiff requests judicial review of the Commissioner's adverse decision on the following grounds:

    a.   The Administrative Law Judge erred in rendering a decision that was not supported by substantial evidence and contains errors of law.

    b. The Appeals Council erred in declining review of an adverse decision that was not supported by substantial evidence and contains errors of law.

WHEREFORE, Plaintiff requests that this court:

A. Reverse and set aside the Commissioner's final decision; or

B. In the alternative, remand this cause for further proceedings consistent with the Commissioner's regulations and Circuit law;

C. Award attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, if plaintiff is the prevailing party;

D. Award attorney's fees as part of its judgment in accordance with 42 U.S.C. § 406(b); and

E. Order such other relief as this court deems just.

Respectfully submitted,

s/ Frederick J. Daley, Jr.
Frederick J. Daley, Jr.
Attorney for Plaintiff,
Mark A. Raisbeck

Daley, DeBofsky & Bryant
55 W. Monroe St., Suite 2440
Chicago, Illinois 60603
(312) 372-5200
(312) 372-2778 (fax)