IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| JEFFERY A. LAWSON,               )<br>                                                      )<br>            Plaintiff,                     )<br>                                                      )<br>      v.                                         )<br>                                                      )   No.<br>DETECTIVE ROBERT VERUCHI,  )<br>Badge No. 167, named in his individual capacity, )<br>THE CITY OF ROCKFORD, an Illinois  )<br>Municipal Corporation, and         )<br>RICHARD A. MEYERS,              )<br>named in his official capacity as  )<br>Sheriff of Winnebago County,    )<br>Illinois,                                     )<br>                                                      )<br>            Defendants.                  ) | |

## COMPLAINT

Jeffery A. Lawson, for his Complaint, alleges as follows:

### JURISDICTION AND VENUE

1. The jurisdiction of this Court is invoked pursuant to the Civil Rights Act, 42 U.S.C. § 1983, 28 U.S.C. §§ 1331 and 1343(a), the Constitution of the United States, and supplemental jurisdiction, as provided under 28 U.S.C. § 1367(a).

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that one or more defendants reside in this judicial district, and that a substantial part of the events or omissions giving rise to the claim occurred in this judicial district.

### PARTIES

3. Jeffery A. Lawson is, and at relevant times has been, a resident of Dixon, Lee County, Illinois. Jeffery A. Lawson is a citizen of the United States, and is entitled to all the rights, privileges, and immunities guaranteed to all citizens of the United States under the

Constitution and Laws of the United States, including the right to be free from arrest and detention without probable cause and due process.

4. Defendant Detective Robert Veruchi #167 was at all times relevant hereto an officer of the Rockford Police Department, acting within the scope of his duties and under color of law.

5. Defendant City of Rockford is an Illinois municipal corporation that operates the Rockford Police Department.

6. Defendant Richard A. Meyers is sued in his official capacity as Sheriff of Winnebago County, Illinois. The Sheriff of Winnebago County has responsibility for the operation of the Winnebago County Jail.

## ALLEGATIONS APPLICABLE TO ALL COUNTS

7. Plaintiff was wrongfully arrested and illegally jailed, principally in the Winnebago County Jail, for 34 days, from June 15, 2007 to July 19, 2007, as a result of a grossly improper investigation which led to mistaken identity. Plaintiff was charged on June 15, 2007 with a felony with which he had no connection, and as to which there was no probable cause to believe he had any connection. That charge was dismissed on August 16, 2007.

8. On June 9, 2007, Rockford, Illinois police received a report of a physical attack on a woman that took place on or near State Street in Rockford.

9. The victim and/or another witness provided police with the description and license number of the car driven by the victim's assailant.

10. Rockford police traced the car license number to a dark green 2006 Saturn 4-door automobile registered to Donny W. Lawson at a Rockford address, and contacted people at that

address, speaking to the parents of one Jeffrey W. Lawson.

11. It was apparent to Rockford Police officers that Jeffrey W. Lawson was the person involved in the June 9 occurrence, and the officers made arrangements for Jeffrey W. Lawson to come in to the Rockford Police Department a short while later.

12. Jeffrey W. Lawson failed to appear at his scheduled meeting, but Rockford Police received a call from his attorney. On information and belief, Jeffrey W. Lawson's attorney offered to be a conduit for further communications between Rockford Police and Jeffrey W. Lawson.

13. On June 15, 2007, defendant Veruchi swore out a criminal complaint for aggravated battery, a Class 3 Felony, in connection with the June 9 occurrence.

14. Instead of swearing out the complaint against Jeffrey W. Lawson, who at all relevant times resided in Rockford, and whose date of birth is November 27, 1975, Veruchi swore out a complaint against the plaintiff, Jeffery A. Lawson, identifying his actual address in Dixon, and his actual birthdate of January 4, 1965.

15. Also on or about June 15, 2007, defendant Veruchi sought and obtained an arrest warrant not for the then 31-year-old Jeffrey W. Lawson, but instead for the plaintiff, Jeffery A. Lawson, who was then 42 years old. Bond was set at $150,000.

16. Jeffery A. Lawson had no involvement whatever in the June 9 incident in Rockford.

17. Jeffery A. Lawson did not live in or near Rockford; instead, he lived some 55 miles and two counties away from where the June 9 incident occurred.

18. Jeffery A. Lawson did not own or drive a Saturn vehicle.

19. Jeffery A. Lawson had no familial or other relationship with the Lawson family who owned the car identified in connection with the June 9 attack.

20. Jeffery A. Lawson spelled his first name differently from the man implicated in the June 9 assault; he also had a different middle initial.

21. Jeffery A. Lawson's date of birth is January 4, 1965; Jeffrey W. Lawson's date of birth is November 27, 1975.

22. Jeffery A. Lawson is 5 feet 10 inches tall, and weighed less than 200 pounds. Jeffrey W. Lawson is at least 6 feet tall, and weighed 240 pounds.

23. On the evening of Friday, June 15, 2007, Jeffery A. Lawson was operating his automobile, a gold 1985 Oldsmobile Firenza, in or near the town of Oregon, Ogle County, Illinois, when he was pulled over by Ogle County Sheriff's Police deputies because one of the car's headlights was not working.

24. Performing a check of Jeffery A. Lawson's drivers' license information, Ogle County Sheriff's Police became aware of the arrest warrant that had been obtained by defendant Veruchi and the Rockford Police Department, and took Jeffery A. Lawson into custody at the Ogle County Jail.

25. Jeffery A. Lawson made repeated requests of Ogle County officials to learn the nature of the charges against him, but was told only that he was wanted for domestic battery.

26. On Sunday, June 17, 2007, two members of the Rockford Police Department obtained custody of Jeffery A. Lawson from Ogle County, and transferred him, in handcuffs, to the Winnebago County Jail.

27. While in transit, Jeffery A. Lawson expressed repeatedly that he had no knowledge

of or involvement in any activity that could have led to his arrest, and inquired about the nature of the charges against him. The Rockford Police personnel would inform Jeffery A. Lawson only that he was charged with battery.

      28.     After being processed (fingerprints and mugshot), Jeffery A. Lawson, was placed into a holding cell at the Winnebago County Jail with five other prisoners, and was later moved to a cellblock where he remained in an overcrowded cell with two other prisoners, and where he was forced to sleep on the floor each night for approximately 17 nights. He was then moved to a new jail facility, where he was held until his release on July 19, 2007.

      29.     Up until Sunday, June 17, 2007, Jeffery A. Lawson's repeated requests to be informed why he was being arrested and incarcerated resulted only in non-specific statements that he had been charged with battery. On June 17, Jeffery A. Lawson was provided with a copy of the Criminal Complaint that had been sworn out by defendant Veruchi. That Complaint asserted that on June 9, 2007, in Winnebago County, plaintiff had committed Aggravated Battery (Great Bodily Harm), "in that [he] intentionally or knowingly caused great bodily harm, permanent disability or permanent disfigurement to Kimberly Colvin, in that Lawson Smashed Colvin's Face In Between Her Car Door And The Door Frame Caused 2, 5 Inch Cuts Across Her Face That Took 40 To 50 Stitches to Repair . . . ."

      30.     Jeffery A. Lawson had not been in or near Winnebago County on June 9, 2007; had no idea who Kimberly Colvin was; had not been involved in any attack; and had never been accused of committing a violent crime in his life.

      31.     Jeffery A. Lawson made repeated pleas to Winnebago County Jail personnel, explaining that he had not been in Winnebago County at the time in question; had no familiarity

with the victim of the alleged attack; and had had no involvement in or knowledge of the attack. At no time did Winnebago County Jail personnel take any steps to investigate or rectify the situation.

33. Jeffery A. Lawson's mother attempted to intercede on his behalf with a Winnebago County Jail officer, explaining that there must be a case of mistaken identify, that he had nothing to do with the alleged crime, and that he had been home with her in Dixon on the day of the alleged crime. The Winnebago County Jail officer shrugged off the mother's pleas, made no effort to ascertain the true facts of the situation, and told her not to worry because these types of cases (which the officer indicated she believed was a domestic dispute) never go to trial.

33. Jeffery A. Lawson was first contacted by his public defender on the evening of July 18, 2007, after sitting in custody for 33 days. At a court hearing the following day, Jeffery A. Lawson was released on his own recognizance.

34. On or shortly before July 27, 2007, defendant Detective Veruchi testified before a Winnebago County Grand Jury that the plaintiff in this action, Jeffery A. Lawson, had committed an aggravated battery upon Kimberly Colvin in Winnebago County on June 9, 2007.

35. As a direct result of defendant Detective Veruchi's testimony, the Grand Jury on July 27, 2007 returned a Bill of Indictment charging the plaintiff with aggravated battery.

36. On August 16, 2007, more than two months after the improper Criminal Complaint and warrant were issued, the charges against Jeffery A. Lawson were dismissed.

37. Jeffery A. Lawson's unlawful arrest, indictment and incarceration were caused by several acts and omissions of the defendants, including the following: the willful and wanton failure of defendant Detective Veruchi to take steps to identify the wanted man in the Criminal

6

Complaint that he swore out; the willful and wanton failure of defendant Detective Veruchi to take steps to identify the wanted man in his sworn application for an arrest warrant; the failure of the Rockford Police Department to maintain a policy requiring that reasonable steps be taken in the swearing out of criminal complaints, and in sworn arrest warrant applications, to ensure that the wanted person is the person identified in the complaints and warrant applications; the failure of the Rockford Police Department to maintain a policy requiring that its own officers, when receiving a person from the custody of another law enforcement agency (in this case the Ogle County Sheriff's Department) take steps to ensure that the prisoner is in fact a person as to whom probable cause exists to support criminal charges and arrest; and the failure of the Winnebago County Sheriff's Department to maintain a policy to take reasonable steps to ensure that persons held in its custody are in fact the persons wanted in connection with crimes.

**COUNT ONE**
Against Detective Veruchi — Title 42 U.S.C. § 1983

38. Plaintiff incorporates by reference paragraphs 1 through 37.

39. At all relevant times hereto, defendant Veruchi had a duty to make reasonable efforts to determine the proper identity of people wanted in connection with crimes, before swearing out criminal complaints and/or applications for arrest warrants.

40. At the time that he swore out the criminal complaint and application for arrest warrant, defendant Veruchi failed or refused to make any reasonable efforts to determine the proper identity of the person implicated in the June 9 attack.

41. In the weeks and months after he swore out the criminal complaint and application for warrant, and in the weeks and months after Jeffery A. Lawson was first wrongly arrested and incarcerated, defendant Veruchi failed or refused to make any reasonable efforts to determine that

the proper person had been charged, arrested and incarcerated.

42. At no time during all of the aforementioned events did the plaintiff violate any criminal law.

43. At no time during all of the aforementioned events did defendant Veruchi have probable cause to cause the arrest and detention of the plaintiff, Jeffery A. Lawson.

44. As a direct and proximate result of one or more of the aforementioned willful and wanton acts and/or omissions of defendant Veruchi, the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution were violated and plaintiff suffered physical and psychological injuries, and loss of employment.

WHEREFORE, the plaintiff prays that the Court enter judgment for the plaintiff and against Rockford Police Department Detective Robert Veruchi, and award plaintiff compensatory and punitive damages and reasonable attorney fees sufficient to compensate plaintiff for his injuries.

## COUNT TWO
Against City of Rockford — Title 42 U.S.C. § 1983

45. Plaintiff incorporates by reference paragraphs 1 through 37.

46. Before and during plaintiff's 34 days in jail, the City of Rockford had no policy, custom or regulation to determine that persons wanted in connection with crimes were the same persons identified in criminal complaints and warrant applications sworn out by Rockford Police Department personnel.

47. Despite Detective Veruchi's actual knowledge that the person wanted in connection with the June 9 attack resided in Rockford, Veruchi swore out a criminal complaint and application for warrant seeking the arrest of a person as to whom no probable cause existed, a

person who resided in Dixon, many miles and two counties away.

48. No employee or agent checked to verify that the person identified in the criminal complaint, warrant application and warrant — plaintiff Jeffery A. Lawson of Dixon, Illinois — was a person as to whom probable cause existed.

49. No attempt was made to check or verify this information because the Rockford Police Department had no policy, custom or regulation to ascertain the correctness of persons identified in complaints or warrant applications.

50. As a direct and proximate result of one or more of the aforementioned failures to maintain appropriate policies, the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution were violated and plaintiff suffered physical and psychological injuries, and loss of employment.

WHEREFORE, the plaintiff prays that the Court enter judgment for the plaintiff and against the City of Rockford, and award plaintiff compensatory damages and reasonable attorney fees sufficient to compensate plaintiff for his injuries.

**COUNT THREE**
Against defendant Meyers in his official capacity — Title 42 U.S.C. § 1983

51. Plaintiff incorporates by reference paragraphs 1 through 37.

52. Before and during plaintiff's 34 days in jail, the Winnebago County Sheriff had no policies or regulations in place to ascertain that persons delivered for detention in the Winnebago County Jail were in fact persons wanted for committing crimes, and no policies or regulations in place for following up on assertions of mistaken identity or improperly issued warrants.

53. At all relevant times, the Sheriff of Winnebago County was responsible for formulating and supervising policies and regulations with regard to the operation of the

Winnebago County Jail.

54. No attempt to check or verify the identity of the person wanted in connection with the June 9 attack was made, nor was any effort made to investigate the assertions by plaintiff Jeffery A. Lawson and his mother that a mistake had been made in the issuance of the warrant.

55. As a direct and proximate result of one or more of the aforementioned failures to maintain appropriate policies, the plaintiff's rights under the Fourth and Fourteenth Amendments to the Constitution were violated and plaintiff suffered physical and psychological injuries, and loss of employment.

WHEREFORE, the plaintiff prays that the Court enter judgment for the plaintiff and against Richard A. Meyers, and award plaintiff compensatory damages and reasonable attorney fees sufficient to compensate plaintiff for his injuries.

**COUNT FOUR**
Against Defendant Veruci — False Arrest/False Imprisonment

56. Plaintiff incorporates by reference paragraphs 1 through 37.

57. The actions and omissions of Veruci directly resulted in the arrest and imprisonment of plaintiff, all without any reasonable grounds to support a belief that any offense was committed by plaintiff.

58. The arrest and imprisonment constituted an unreasonable restraint in the absence of probable cause.

WHEREFORE, the plaintiff prays that the Court enter judgment for the plaintiff and against Rockford Police Department Detective Robert Veruchi, and award plaintiff compensatory and punitive damages and reasonable attorney fees sufficient to compensate plaintiff for his injuries.

## COUNT FIVE
Against Defendant Veruci — Willful and Wanton Conduct

59. Plaintiff incorporates by reference paragraphs 1 through 37.

60. As a Detective for the Winnebago County Sheriff, defendant Veruci had a duty to exercise the care that a reasonable law enforcement officer would exercise in identifying defendants in criminal complaints, sworn applications for arrest warrants and grand jury testimony, and in taking reasonable steps to ensure that they cause the arrest and imprisonment only of those as to whom probable cause exists.

61. Defendant Veruci was willful and wanton in one or more of the following ways: swearing out a criminal complaint against plaintiff, as to whom Veruci had no reasonable basis for belief of involvement in any crime; submitting sworn testimony for the issuance of an arrest warrant against plaintiff, as to whom Veruci had no reasonable basis for belief of involvement in any crime; swearing out a criminal complaint and arrest warrant application, and providing grand jury testimony as to a 42-year-old man living in Dixon, Illinois, notwithstanding actual knowledge that the person for whom probable cause existed was a 31-year-old man living in Rockford, Illinois; allowing an innocent man, as to whom there was no probable cause, to languish in custody for 34 days with no investigation whatsoever to ascertain that the proper person had been arrested.

62. As a direct and proximate result of one or more of the aforementioned acts and omissions, plaintiff suffered severe deprivation of liberty, loss of employment and other injuries.

WHEREFORE, the plaintiff prays that the Court enter judgment for the plaintiff and against Rockford Police Department Detective Robert Veruchi, and award plaintiff compensatory and punitive damages and reasonable attorney fees sufficient to compensate plaintiff for his

injuries.

## COUNT SIX
Against Defendant Veruci — Malicious Prosecution

63. Plaintiff incorporates by reference paragraphs 1 through 37.

64. Defendant Veruci initiated and continued an original criminal proceeding against plaintiff.

65. That criminal proceeding was terminated in favor of the plaintiff.

66. There was no probable cause at any time for the proceeding to be brought against plaintiff.

67. The circumstances surrounding the actions of defendant Veruci, including the swearing out of a criminal complaint and arrest warrant application for a 42-year-old man living in Dixon, Illinois, notwithstanding Veruci's actual knowledge that the person for whom probable cause existed was a 31-year-old man living in Rockford, Illinois, is inconsistent with good faith on Veruci's part.

68. As a result of the aforementioned acts, plaintiff suffered damages in the form of a severe loss of liberty for a prolonged period, loss of employment, and other damages.

WHEREFORE, the plaintiff prays that the Court enter judgment for the plaintiff and against Rockford Police Department Detective Robert Veruchi, and award plaintiff compensatory and punitive damages and reasonable attorney fees sufficient to compensate plaintiff for his injuries.

## COUNT SEVEN
Against Defendant Veruci — Intentional Infliction of Emotional Distress

69. Plaintiff incorporates by reference paragraphs 1 through 37.

70. The acts and conduct of defendant Veruci were extreme and outrageous. Defendant Veruci intended to cause, or was in reckless disregard of the probability that is conduct would cause, severe emotional distress to plaintiff.

71. All charges against plaintiff were dismissed in a manner indicative of his innocence.

72. Defendant Veruci's actions and conduct did directly and proximately cause severe emotional distress to plaintiff, and thereby constituted intentional infliction of emotional distress.

73. Veruci's misconduct was undertaken with malice, willfulness, and reckless indifference to the rights of others.

74. As a proximate result of Veruci's wrongful acts, plaintiff suffered damages, including severe emotional distress and anguish.

WHEREFORE, the plaintiff prays that the Court enter judgment for the plaintiff and against Rockford Police Department Detective Robert Veruchi, and award plaintiff compensatory and punitive damages and reasonable attorney fees sufficient to compensate plaintiff for his injuries.

**COUNT EIGHT**
Against City of Rockford — Respondeat Superior

75. Plaintiff incorporates by reference paragraphs 1 through 37.

76. In committing the acts and omissions complained of in this Complaint, defendant Veruci was a member of the Rockford Police Department and an agent of the City of Rockford, acting at all times within the scope of his employment.

77. Defendant City of Rockford is liable as principal for all torts committed by its agents.

WHEREFORE, the plaintiff prays that the Court enter judgment for the plaintiff and against the City of Rockford, and award plaintiff compensatory damages and reasonable attorney fees in connection with the causes of action alleged against defendant Veruci.

## COUNT NINE
Against City of Rockford — Indemnification

78. Plaintiff incorporates by reference paragraphs 1 through 37.

79. Illinois law provides that local public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

80. Defendant Veruci is and was an employee of the Rockford Police Department, and acted within the scope of his employment in committed the misconduct described herein.

WHEREFORE, the plaintiff prays that the Court enter judgment for the plaintiff and against the City of Rockford, and award plaintiff compensatory damages and reasonable attorney fees in connection with the causes of action alleged against defendant Veruci.

PLAINTIFF DEMANDS TRIAL BY JURY.

    /s/ Matthew D. Tanner
One of the Attorneys for Jeffery W. Lawson

Matthew D. Tanner (6202508)
TANNER & LEHMAN LLC
53 West Jackson Boulevard
Suite 400
Chicago, Illinois 60604
312.588.1970

David Fritts (0888672)
217 N. Dement Ave.
Dixon, Illinois 61021