UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| Ricky Durant<br>592 Darlington Lane, Unit #7<br>Crystal Lake, IL 60014<br><br>　　　　Plaintiff,<br><br>v.<br><br>Northstar Location Services, LLC<br>c/o CT Corporation System, Registered Agent<br>208 S LaSalle ST, Suite 814<br>Chicago, IL 60604<br><br>　　　　Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

## JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

## FACTS COMMON TO ALL COUNTS

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

1

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. On or around January 15, 2008, Defendant telephoned Plaintiff on Plaintiff's business mobile phone.

10. During this communication, Plaintiff asked Defendant how Defendant procured this particular number for Plaintiff.

11. Defendant responded that Defendant retrieved the number from the phone book.

12. Plaintiff notified Defendant that this number was a work line and that Defendant was not permitted to communicate with Plaintiff on that number.

13. Despite Plaintiff's notice, Defendant telephoned Plaintiff at Plaintiff's work mobile phone three times in rapid succession on or around January 17, 2008.

14. During the last of these calls, Plaintiff spoke to Defendant and reiterated notice that Defendant is not permitted to telephone Plaintiff on that number.

15. Despite Plaintiff's notice, Defendant telephoned Plaintiff's mobile work phone on or around January 21, 2008.

16. Plaintiff was extremely concerned as Defendant's repeat telephone calls placed Plaintiff in jeopardy of disciplinary action for inappropriate use of Plaintiff's mobile work phone.

17. Defendant damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive and/or was not permitted to receive personal phone calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at a time or place known to be inconvenient to Plaintiff.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## JURY DEMAND

25. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b.  For such other legal and/or equitable relief as the Court deems appropriate.

                              RESPECTFULLY SUBMITTED,

                              Legal Helpers, P.C.

                              By:    s/Timothy J. Sostrin
                                  Timothy J. Sostrin
                                  Bar ID # 6290807
                                  Attorney for Plaintiff
                                  233 S. Wacker
                                  Sears Tower, Suite 5150
                                  Chicago, IL 60606
                                  Telephone:  866-339-1156
                                  Email:  tjs@legalhelpers.com