UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| CHRISTIAN K. NARKIEWICZ-LAINE | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. |
| v. | ) | |
| | ) | Judge: |
| SCANDINAVIAN AIRLINES SYSTEMS | ) | |
| | ) | |
| Defendant. | ) | |

## NOTICE OF REMOVAL

Scandinavian Airlines Systems ("SAS"), the defendant in the above-entitled cause, seeks

removal to this Court under 28 U.S.C. § 1441 and, in support thereof, states as follows:

1.    On May 28, 2008, Plaintiff filed his Complaint in the Circuit Court of the

Fifteenth Judicial Circuit, Jo Daviess County, Illinois, case number. 08-SC-103. (Ex. A,

Complaint).

2.    Plaintiff's *pro se* Complaint alleges, *inter alia*, that Plaintiff purchased a ticket for

air transportation with SAS from Dublin, Ireland to Helsinki, Finland via Copenhagen, Denmark,

and that Plaintiff suffered damages as a result of a delay during this travel.

3.    "The district courts shall have original jurisdiction of all civil actions arising

under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.  "Any civil

action of which the district courts have original jurisdiction founded on a claim or right arising

under the Constitution, treaties or laws of the United States shall be removable without regard to

the citizenship or residence of the parties."  28 U.S.C. §1441(b)

5.      On November 4, 2003, the Convention for the Unification of Certain Rules for International Carriage by Air Concluded at Montreal, Canada, May 28, 1999 (*reprinted* in S. Treaty Doc., 106-45, CCH Av.L.Rep. ¶ 27, 400-59, 1999 WL 33292734) (the "Montreal Convention") went into effect in the United States.  The Montreal Convention "applies to all international carriage of persons, baggage or cargo performed by aircraft for reward."  *Id*., Art. 1. Article 19 of the Montreal Convention governs claims arising out of delay.

6.      The Montreal Convention provides the exclusive avenue of relief for claims that fall within its purview.[1] *El Al Israel Airlines, Ltd. v. Tsui Yuan Tseng*, 525 U.S. 155, 119 S. Ct. 662 (1999).  Thus, Plaintiff's action for damages from delay in international air transportation can only be brought pursuant to the Montreal Convention, and is properly removed to federal court as it necessarily arises under a treaty of the United States.

7.      This Court has supplemental jurisdiction, pursuant to 28 USC § 1367, to hear Plaintiff's secondary claim, which seeks reimbursement of funds Plaintiff alleges to have paid for an airline ticket he failed to use.

WHEREFORE, based upon federal question jurisdiction, as set forth in 28 U.S.C. § 1331, and removal as set forth in 28 U.S.C. § 1441, the foregoing matter is ripe for removal from the Circuit Court of Jo Daviess County to the United States District Court for the Northern District of Illinois, Western Division.

---

[1] The Montreal Convention is the successor to the Warsaw Convention.  Where the Montreal Convention does not substantively change the Warsaw Convention, as with issues of preemption and claims for delay, it is appropriate to rely on precedent decided under the Warsaw Convention. See *Baah v. Virgin Atlantic Airways, Ltd*., 473 F.Supp.2d 591 (S.D.N.Y. 2007); *Paradis v. Ghana Airways Ltd*., 348 F. Supp.2d 106 (S.D.N.Y. 2004).  Furthermore, the Senate Foreign Relations Committee's report on the Montreal Convention stated: "In the nearly seventy years that the Warsaw Convention has been in effect, a large body of judicial precedent has been established in the United States.  The negotiators of the Montreal Convention intended to preserve these precedents."  S. Exec. Rep. 108-8, at 3 (2003).

Respectfully submitted,

SCANDINAVIAN AIRLINES SYSTEMS

By:      \_\_\_s/Michael S. McGrory_____
         One of Its Attorneys

Alan L. Farkas
Michael S. McGrory
Madsen, Farkas & Powen, LLC
20 S. Clark Street, Suite 1050
Chicago, Illinois 60603
T:  (312) 379-3444
F:  (312) 379-3443