## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| James Kulpa<br>417 Liberty Blvd<br>Machesney Park, IL 61115<br><br>And<br><br>Jeanne Kolden<br>228 Evelyn Ave., Apt 3<br>Loves Park, IL, 61111<br><br>　　　Plaintiffs,<br><br>v.<br><br>ARS Recovery Services, LLC<br>c/o Business Filings, Inc., Registered Agent<br>600 S. 2nd St., #103<br>Springfield, IL 62704<br><br>　　　Defendant. | CASE NO.:<br><br>JUDGE:<br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br>**JURY DEMAND ENDORSED HEREIN** |

### JURISDICTION AND VENUE

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692. Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

### FACTS COMMON TO ALL COUNTS

2. Plaintiff James Kulpa ("James") is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Plaintiff Jeanne Kolden ("Jeanne") is James's mother.

4. Defendant is a corporation doing business primarily as a consumer debt collector.

5. Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

6. James is a "consumer" as defined by 15 U.S.C. §1692a(3).

7. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

8. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

9. Plaintiffs filed this claim within the timeframe permitted under the FDCPA.

10. Prior to March 1, 2008, James lived with Jeanne at Jeanne's residence.

11. In or around the first week in March 2008, Defendant telephoned Jeanne's home and asked for Plaintiff.

12. During this communication, Jeanne told Defendant that James no longer lived with Jeanne.

13. Defendant asked for James' cell phone number and Jeanne responded that Jeanne would not give out other people's numbers.

14. During this communication, Defendant belligerently repeated its demand that Jeanne provide James' cell phone number and Jeanne asked Defendant to never again call her residence and ended the communication.

15. Despite Jeanne's notice, Defendant telephoned Jeanne on numerous occasions, sometimes multiple times a day, for several weeks in or around March 2008.

16. Jeanne reiterated her request that Defendant cease calling her residence on several occasions, but Defendant continued to call.

17. During several of these communications, Defendant spoke to Jeanne in a rude and belligerent manner and repeated its demands that Jeanne provide James' telephone number.

18. As a result of these communications, James was humiliated and angry that Defendant had harassed Jeanne regarding the debt.

19. Defendant damaged Plaintiffs emotionally and mentally and has caused substantial anxiety and stress.

20. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

21. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

23. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party more than once and is without justification for multiple contacts.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

25. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

27. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

29. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

30. The Defendant violated 15 U.S.C. §1692d in that it caused a telephone to ring repeatedly and/or continuously with intent to annoy, abuse, and/or harass the Plaintiffs.

## COUNT SIX

### Invasion of Privacy by Intrusion upon Seclusion

31. Plaintiffs incorporate each of the preceding allegations as if specifically stated herein.

32. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiffs.

33. Defendant intentionally caused harm to the Plaintiffs' emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

34. Plaintiffs have a reasonable expectation of privacy in Plaintiffs' solitude, seclusion, and or private concerns or affairs.

35. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

36. As a result of such invasions of privacy, Plaintiffs are entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

37. Plaintiffs demand a trial by jury.

## PRAYER FOR RELIEF

38. Plaintiffs pray for the following relief:

a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

c. For such other legal and/or equitable relief as the Court deems appropriate.

        RESPECTFULLY SUBMITTED,

        Legal Helpers, P.C.

    By:   s/Timothy J. Sostrin
        Timothy J. Sostrin
        Bar ID # 6290807
        233 S. Wacker
        Sears Tower, Suite 5150
        Chicago, IL 60606
        Telephone:  866-339-1156
        Email:  tjs@legalhelpers.com
        Attorneys for Plaintiffs