THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JEFFREY A. GROGAN,<br><br>       Plaintiff,<br><br>  v.<br><br>SCHOOL DISTRICT #205 - ROCKFORD<br><br>       Defendant. | **Plaintiff Demands Trial By Jury** |

## COMPLAINT

NOW COMES Plaintiff, JEFFREY A. GROGAN ("GROGAN" and/or "PLAINTIFF"), complaining against Defendant, SCHOOLS DISTRICT #205 - ROCKFORD ("DISTRICT 205" and/or "DEFENDANT"), and in so doing states as follows:

## NATURE OF THE CASE

1. In this three (3) count Complaint, Plaintiff GROGAN seeks redress for Defendant's creation and perpetuation gender discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000 et seq. ("Title VII") and for violations under Illinois Civil Rights Act of 2003.

## PROCEDURAL REQUIREMENTS

2. Plaintiff fulfilled all conditions precedent to the institution of this action under Title VII, as amended by the Civil Rights Act of 1991.

3. Plaintiff filed a "Charge of Discrimination" with the Illinois Department of Human Rights (IDHR) and Equal Employment Opportunity Commission. *See IDHR Charge of Discriminations attached hereto as Exhibit "B"*.

4. The agencies (IDHR and EEOC) have since issued a "Notice of Right to Sue (Issued on Request)" dated May 29, 2008 and April 15, 2008. *See Notices of Right to Sue, attached hereto as Exhibit "A".*

5. Plaintiff has timely filed this lawsuit within ninety (90) days from the date of the issuance of the *Notices of Right to Sue.*

## JURISDICTION AND VENUE

6. This Court has jurisdiction pursuant to Title VII of the Civil Rights Act of 1964, as amended by the Civil Rights Act of 1991, 42 U.S.C. § 1981, as amended, and 28 U.S.C. §1331 and §1343. Supplemental jurisdiction over Plaintiff's Illinois state law claim is conferred by 28 U.S.C, § 1367 (a).

7. Venue is proper in this judicial district under 28 U.S.C. §1391(b) and (c) because the Plaintiff and Defendant either reside in this judicial district and/or because a substantial part of the events or omissions giving rise to the claim occurred within this judicial district.

## PARTIES

8. Plaintiff JEFFFREY A. GROGAN is a male that resides in Rockford, Illinois, within the Northern District of Illinois.

9. Defendant District 205 is a governmental entity with offices in this Judicial District.

10. Defendant District 205 is engaged in an industry affecting commerce and employs more than fifteen (15) employees and is an employer within the meaning of Sections 701(b) and (h) of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000, et seq.

## FACTS UPON WHICH CLAIMS ARE BASED

11.     Plaintiff was an employee of Defendant pursuant to Title VII from at least December 15, 2005 and still is employed as an employee with Defendant as a part-time clerical substitute.

12.     At all relevant times, Plaintiff performed his job responsibilities in a manner that met and or exceeded Defendant's legitimate expectations.

13.     On a continuing, ongoing and escalating basis the Plaintiff has repeatedly been denied promotion to a full time employment position(s) with the Defendant based on his sex.

14.     Further, after filing a Charge of Discrimination and/or complaining of discrimination the Defendant retaliated against the Plaintiff.

15.     Both the failure to hire/promote and the retaliation have caused the Plaintiff a loss of income, benefits and other harms.

16.     Plaintiff repeatedly reported/complained about the ongoing and continuous gender discrimination and/or retaliation to Defendant's supervisory personnel.

17.     After Plaintiff reported the repeated, discrimination and/or retaliation, Defendant took no action to investigate, remedy, stop, alleviate, or otherwise address the discrimination.

18.     The actions of Defendant in intentionally engaging in and condoning discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

19.     All allegations and claims alleged herein should be read in the alternative, to the extent such an interpretation is necessitated by law.

20.     Plaintiff hereby states that this complaint is drafted in accordance with the provisions of Federal Rules of Civil Procedure for "Notice Pleading" and not "Fact Pleading" in fulfillment of Rule 8(a), which requires that a claim for relief need contain, in addition to a statement concerning jurisdiction and a demand for judgment, that Plaintiff is entitled to relief, however Plaintiff does incorporate by reference all facts and allegations contained in the attached IDHR Charge of Discrimination.

## COUNT I

## SEX DISCRIMINATION
## VIOLATION OF TITLE VII
## CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.

21.     Plaintiff incorporates and realleges all paragraphs as if fully set forth herein against Defendant.

22.     At all times relevant to this cause of action, Plaintiff was a "person" and "employee" of Defendant, and Defendant was his "employer" covered by and within the meaning of Title VII.

23.     The actions of Defendant as perpetrated by its agents are unlawful employment practices in that they likely have the effect of discriminating against, depriving and tending to deprive equal employment to, and otherwise adversely affecting Plaintiff because of his sex, in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

24.     At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from discriminating against Plaintiff based on his gender.  Defendant had a duty under Title VII to prevent the ongoing sex discrimination.

25.     Plaintiff has a federally protected right to work in a workplace that is free from gender discrimination.

26. Plaintiff reported the gender/sex discrimination, and retaliation on numerous occasions to management and supervisory employees of Defendant.

27. Despite knowledge of repeated reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing discrimination and/or retaliation.

28. The discriminatory actions by Defendant, through their management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

29. Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

30. Defendant maintains a work environment that discriminates against male employees.

31. The actions of Defendant in intentionally engaging in and condoning sex discrimination against Plaintiff has caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

**WHEREFORE**, Plaintiff respectfully requests:

   a. All wages and benefits Plaintiff would have received but for the discrimination, including pre-judgment interest;

   b. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

   c. Defendant be required to pay prejudgment interest to Plaintiff on these damages;

   d. A permanent injunction enjoining Defendant from engaging in the discriminatory practices complained of herein;

    e.    A permanent injunction requiring Defendant adopt employment practices and policies in accord and conformity with the requirements of Title VII, 42 U.S.C. § 2000e et seq.;

    f.    The Court retain jurisdiction of this case until such time as it is assured that Defendant have remedied the policies and practices complained of herein and are determined to be in full compliance with the law;

    g.    An injunctive order requiring the Defendants to offer the Plaintiff one or more of the positions to which the Plaintiff was denied and/or not promoted to.

    h.    An award of reasonable attorneys' fees, costs, and litigation expenses; and

    i.    Such other relief as the Court may deem just or equitable.

## COUNT TWO
## RETALIATION
## VIOLATION OF TITLE VII
## CIVIL RIGHTS ACT OF 1964, 42 U.S.C. § 2000e, et seq.

32. Plaintiff incorporates and realleges all paragraphs of this Complaint as if fully set forth herein against Defendant.

33. At all times relevant to this cause of action, Plaintiff was a "person" and "employee" of Defendant, and Defendant was his "employer" covered by and within the meaning of Title VII.

34. At all times relevant to this cause of action the employees of District 205 and other relevant human resources personnel and supervisory employees were all "agents" of Defendant covered by and within the meaning of Title VII.

35. The actions of Defendant as perpetrated by its agents and as described and complained of above, are unlawful employment practices in that they constitute retaliation for Plaintiff reporting Defendant's sex discrimination in violation of Title VII of the Civil Rights Act of 1964 as amended, 42 U.S.C. § 2000(e), et seq.

6

36. At all times relevant to this cause of action, Defendant had a duty under Title VII to refrain from retaliating against Plaintiff based on his complaints of Defendant's sex discrimination, the deprivation of his rights and his attempts to exercise his rights to work in a workplace. Defendant further had a duty to refrain from retaliating against Plaintiff because he exercised his rights under Title VII. Defendant had a duty under Title VII to prevent the ongoing discrimination, the deprivation of his rights and his attempts to exercise his rights to work in a workplace hostile work environment.

37. Plaintiff has a federally protected right to work in a workplace that is free from retaliation.

38. Plaintiff reported the ongoing retaliation on numerous occasions to various management and supervisory employees of Defendants.

39. Despite knowledge of the retaliation, and despite repeated reports and complaints by Plaintiff, Defendant refused to take any action to investigate, remediate, stop, prevent, or otherwise address the ongoing retaliation.

40. Defendant intentionally retaliated against Plaintiff for complaining about and reporting Defendant's discrimination, the deprivation of his rights and his attempts to exercise his rights to work in a workplace harassment, hostile work environment, and discriminatory treatment by among other things, altering the conditions of Plaintiff's employment.

41. The retaliatory actions by Defendant, through their management agents and employees, were intentional and willful, and in deliberate disregard of and with reckless indifference to the federal laws, state laws, and the rights and sensibilities of Plaintiff.

42. Defendant, by and through its agents, engaged in the foregoing acts and conduct when it knew or should have known that the same were in violation of Title VII and any alleged reasons to the contrary are pretextual.

43. There was no legitimate non-discriminatory and/or non-retaliatory basis for Plaintiff's demotion.

44. Plaintiff was not hired/promoted but for his reports/complaints of Defendant's sex discrimination, the deprivation of his rights and his attempts to exercise his rights to work in a workplace harassment and hostile work environment. .

45. The actions of Defendant in intentionally retaliating against Plaintiff in Violation of Title VII have caused Plaintiff great mental anguish, humiliation, degradation, physical and emotional pain and suffering, inconvenience, lost wages and benefits, future pecuniary losses, and other consequential damages.

46. The actions of the Defendant violate the Title VII retaliation provisions in that the actions caused or will likely cause a reasonable employee would have found employer's challenged action materially adverse, i.e. that challenged action could well dissuade reasonable employee from protected conduct.

## PRAYER FOR RELIEF FOR COUNT TWO

**WHEREFORE**, Plaintiff respectfully requests:

a. All wages and benefits Plaintiff would have received but for the retaliation and/or failure to promote, including pre-judgment interest;

b. Compensatory damages in an amount to be determined at trial to compensate Plaintiff for the depression, humiliation, anguish, and emotional distress, caused by Defendant's conduct;

c. Defendant be required to pay prejudgment interest to Plaintiff on these damages;

d. The Court retain jurisdiction of this case until such time as it is assured that Defendant have remedied the policies and practices complained of herein and

   are determined to be in full compliance with the law;

 e. Enter an Order requiring the Defendant to offer the Plaintiff one or more of those promotional opportunities denied to the Plaintiff;

 f. An award of reasonable attorneys' fees, costs, and litigation expenses; and

 g. Such other relief as the Court may deem just or equitable.

## COUNT THREE

## VIOLATION OF ILLINOIS CIVIL RIGHTS ACT OF 2003
(740 ILCS 23/)

47. Plaintiff incorporates and realleges all paragraphs of this Complaint as if fully set forth herein against Defendant.

48. Illinois Civil Rights Act of 2003 (IRCA) states:

Sec. 5. Discrimination prohibited.
(a) No unit of State, county, or local government in Illinois shall:
  (1) exclude a person from participation in, deny a person the benefits of, or subject a person to discrimination under any program or activity on the grounds of that person's race, color, national origin, or gender; or
   (2) utilize criteria or methods of administration that have the effect of subjecting individuals to discrimination because of their race, color, national origin, or gender.
   (b) Any party aggrieved by conduct that violates subsection (a) may bring a civil lawsuit, in a federal district court or State circuit court, against the offending unit of government. Any State claim brought in federal district court shall be a supplemental claim to a federal claim……

49. As alleged herein the Plaintiff alleges that the Defendant violated the IRCA by discrimination based on sex.

50. As the violation of IRCA occurred less than two years prior to the filing of this suit, the claims are within the IRCA statute of limitations of two (2) years.

51. Under the ICRA no unit of State, county or local government shall "utilize criteria or methods of administration that have the effect of subjecting

individuals to discrimination based on sex. The statute does not reference to intent.

## PRAYER FOR RELIEF FOR COUNT THREE

**WHEREFORE**, Plaintiff respectfully requests:

a. An award to the plaintiff of actual damages.

a. The court, as it deems appropriate, is asked to grant as relief any permanent or preliminary negative or mandatory injunction, temporary restraining order, or other order.

c Award of reasonable attorneys' fees and costs, including expert witness fees and other litigation expenses,

b. punitive damages available under section 5(a)(1) of the IRCP;

c. Such other relief as the Court may deem just or equitable.

## JURY DEMAND

Plaintiff demands trial by Jury on all counts so triable.

Submitted by

_____

John C. Ireland

John C. Ireland

The Law Office Of John C. Ireland
1921 Charles Lane
Aurora, Illinois   60505
630-464-9675
Facsimile 630-206-0889
# 628137
Atty4employees@aol.com