263.064176 (262)                              TED/sxf

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ANN JOHNSON | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) |
| | ) |
| FOUNTAINS CRYSTAL LAKE LIMITED | ) |
| PARTNERSHIP, SUNRISE CRYSTAL | ) |
| LAKE (LAND) SL, LLC, SUNRISE SENIOR | ) |
| LIVING, INC., SUNRISE SENIOR LIVING | ) |
| MANAGEMENT, INC., SUNRISE FIRST | ) |
| ASSISTED LIVING HOLDINGS, LLC, | ) |
| | ) |
| Defendants. | ) |

### ANSWER TO COMPLAINT

**NOW COME**, the Defendants, SUNRISE CRYSTAL LAKE (LAND) SL, LLC, SUNRISE

SENIOR LIVING, INC., SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE FIRST

ASSISTED LIVING HOLDINGS, LLC, by and through their attorneys, PRETZEL & STOUFFER,

CHARTERED, and for their Answer to Plaintiff's Complaint at Law, state as follows:

### Count I-Negligence

Defendants make no answer to Count I of the Complaint, pending this Honorable Court's

ruling on Defendants' Motion to Dismiss Counts I, II and V.

### Count II- (Negligence)

Defendants make no answer to Count II of the Complaint, pending this Honorable Court's

ruling on Defendants' Motion to Dismiss Counts I, II and V.

### Count III- (Nursing Home Care Act)

1.      That at all times relevant herein, FOUNTAINS CRYSTAL LAKE LIMITED

PARTNERSHIP was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

ANSWER:    Defendants state affirmatively that FOUNTAINS CRYSTAL LAKE LIMITED PARTNERSHIP is not an existing entity and deny the allegations contained in paragraph one of Count III of the Complaint.

2.    That at all times relevant herein, SUNRISE CRYSTAL LAKE (LAND) SL, LLC, was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

ANSWER:    Defendant, SUNRISE CRYSTAL LAKE (LAND) SL, LLC, denies the allegations contained in paragraph two of Count III of the Complaint.

3.    That at all times relevant herein, SUNRISE SENIOR LIVING, INC., was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

ANSWER:    Defendant, SUNRISE SENIOR LIVING, INC., denies the allegations contained in paragraph three of Count III of the Complaint.

4.    That at all times relevant herein, SUNRISE SENIOR LIVING MANAGEMENT, INC., was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

ANSWER:    Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., states affirmatively that at all times relevant, it managed the day-to-day operations of a skilled-nursing, long-term care facility known as The Fountains at Crystal Lake,

2

located at 965 North Brighton Circle West, Crystal Lake, IL 60012. Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., denies the remaining allegations contained in paragraph four of Count III of the Complaint.

5.    That at all times relevant herein, SUNRISE FIRST ASSISTED LIVING HOLDINGS, LLC, was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois,

ANSWER:    Defendant,  SUNRISE FIRST ASSISTED LIVING HOLDINGS, LLC, denies the allegations contained in paragraph five of Count III of the Complaint.

6.    That at all times relevant herein, Registered Nurses, Licensed Practical Nurses, and other caregivers were the duly authorized agents, apparent agents, servants, and/or employees of the SUNRISE DEFENDANTS who undertook to provide care and/or treatment to the Plaintiff, ANN JOHNSON, and at all relevant times were acting within the scope of their agency, service and/or employment.

ANSWER:    Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., only admits that it employed staff to provide care and/or treatment to the Plaintiff, ANN JOHNSON. Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., denies the remaining allegations contained in paragraph six of Count III of the Complaint. All remaining SUNRISE Defendants deny the allegations contained in paragraph six of Count III of the Complaint.

7.    That on or about May 24, 2006, Plaintiff, ANN JOHNSON, was a resident who was admitted to SUNRISE DEFENDANTS.

3

ANSWER:    Defendants state affirmatively that on or about May 24, 2006, Plaintiff, ANN
JOHNSON, was a resident at a long-term care facility known as The Fountains at
Crystal Lake, located at 965 North Brighton Circle West, Crystal Lake, IL 60012.
Defendants deny the remaining allegations of paragraph seven of Count III of the
Complaint.

8.    That prior to May 24, 2006, up until the present, SUNRISE DEFENDANTS by and
through their physicians, nurses, employees, agents, actual and/or apparent, and staff cared for,
attended to and treated Plaintiff, ANN JOHNSON.

ANSWER:    Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., admits that prior
to May 24, 2006, up until the present, its staff attended to and treated Plaintiff, ANN
JOHNSON. Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., denies
all remaining allegations in paragraph eight of Count III of the Complaint.  All
remainingSUNRISE Defendants deny the allegations contained in paragraph eight
of Count III of the Complaint.

9.    That at all times relevant herein, there was a duty on the part of SUNRISE
DEFENDANTS, by and through its physicians, nurses, employees, agents, actual and/or apparent,
and staff, to diagnose and render care and treatment to Plaintiff, ANN JOHNSON, in accordance
with the accepted standards of nursing care practice and opinions then prevailing, and to exercise
that degree and caution commonly exercised by the members of its profession.

ANSWER:    Defendants state affirmatively that at all times relevant, they complied with all duties,
statutes, regulations, ordinances and obligations established by all applicable law.
Defendants deny the remaining allegations contained in paragraph nine of Count III

4

of the Complaint.

10.     That while Plaintiff was undergoing treatment, included but not limited to the administration of medication, SUNRISE DEFENDANTS had a duty to provide, by and through its physicians, nurses, employees, agents, actual and/or apparent, nursing care and medical care services ordinarily provided by similarly licensed and accredited institutions and individuals.

ANSWER:     Defendants state affirmatively that at all times relevant, they complied with all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny the remaining allegations contained in paragraph ten of Count III of the Complaint.

11.     Further, that in providing these services, SUNRISE DEFENDANTS, by and through its physicians, nurses, agents, actual and/or apparent, and/or employees, had a duty to exercise that degree of care required of similar institutions and individuals duly licensed, under similar circumstances.

ANSWER:     Defendants state affirmatively that at all times relevant, they complied with all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny the remaining allegations contained in paragraph eleven of Count III of the Complaint.

12.     That at all times relevant, SUNRISE DEFENDANTS, accepted Plaintiff, ANN JOHNSON, as a patient, and agreed to render competent and adequate care, diagnosis, treatment, and services to the Plaintiff, by and through its physicians, nurses, employees, agents, actual and/or apparent, for pecuniary consideration.

ANSWER:     Defendants state affirmatively that Plaintiff, ANN JOHNSON, was a resident at a long-term care facility known as The Fountains at Crystal Lake, located at 965 North Brighton Circle West, Crystal Lake, IL 60012.    Further, Defendants state affirmatively that at all times relevant, they complied with all duties, statutes, regulations, ordinances and obligations established by all applicable law.  Defendants deny the remaining allegations contained in paragraph twelve of Count III of the Complaint.

13.    That at all times relevant, SUNRISE DEFENDANTS, accepted Plaintiff, ANN JOHNSON, as a patient, and agreed to render competent and adequate nursing care services in conjunction with her illness/heart condition, and SUNRISE DEFENDANTS, by and through its physicians, nurses, agents, actual and/or apparent, and/or employees, undertook to render such care diagnosis, treatment and services for pecuniary consideration.

ANSWER:     Defendants state affirmatively that on or about May 24, 2006, Plaintiff, ANN JOHNSON, was a resident at a long-term care facility known as The Fountains at Crystal Lake, located at 965 North Brighton Circle West, Crystal Lake, IL 60012. Further, Defendants state affirmatively that at all times relevant, they complied with all duties, statutes, regulations, ordinances and obligations established by all applicable law.  Defendants deny the remaining allegations contained in paragraph thirteen of Count III of the Complaint.

14.    That at all times relevant herein, Plaintiff had entrusted herself to the care of SUNRISE DEFENDANTS and its various physicians, nurses, employees, and agents.

ANSWER:    Defendants deny the allegations contained in paragraph fourteen of Count III of the Complaint.

15.    That at all times relevant, there was a duty on the part of SUNRISE DEFENDANTS and its physicians, nurses, agents, and/or employees, to render all nursing care, medical care and/or assessments, services and treatments provided by those institutions similarly licensed and accredited under like and similar circumstances, in accordance with the accepted standards of medical, hospital, and nursing practices and opinions then prevailing, including but not limited to following all policies and procedures and all requirements for licensure and accreditation in Illinois.

ANSWER:    Defendants state affirmatively that at all times relevant, they complied with all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny the remaining allegations contained in paragraph eleven of Count III of the Complaint.

16.    That notwithstanding the aforesaid duties, SUNRISE DEFENDANTS, by and through its physicians, nurses, employees, agents and/or other related and associated medical personnel, was then and there guilty of and committed one or more of the following careless and negligent wrongful acts and/or omissions in violation of the Nursing Home Care Act, 210 ILCS 45/2-107 rendering it liable under Nursing Home Care Act, 210 ILCS 45/3-601:

a.    SUNRISE DEFENDANTS carelessly and negligently allowed unqualified, untrained, and/or unlicensed nurses, administrators, agents, actual or apparent, employees, and/or licensed personnel to administer the improper dosage of heart medication to Plaintiff, ANN JOHNSON thereby resulting in Plaintiff suffering from Coumadin toxicity;

7

b.    SUNRISE DEFENDANTS by and through its actual and/or apparent agents, employees, servants, and others, carelessly and negligently failed to exercise the usual and customary skill required by all assisted living healthcare facilities throughout the United States when caring for Plaintiff, ANN JOHNSON;

c.    SUNRISE DEFENDANTS by and through its actual and/or apparent agents, employees, servants, and others, carelessly and negligently failed to follow the appropriate standards of care for all assisted living healthcare facilities throughout the United States, including adequate training and/or supervision of its nurses, employees, agents and medical staff;

d.    SUNRISE DEFENDANTS carelessly and negligently failed to keep records regarding the dates and times medication was administered to Plaintiff ANN JOHNSON, thus making it certain that the improper dosages would be consumed by Plaintiff and resulting in Plaintiff suffering from Coumadin toxicity;

e.    SUNRISE DEFENDANTS carelessly and negligently failed to heed complaints by Plaintiff s family to closely monitor the administration of Coumadin to Plaintiff thereby resulting in multiple episodes of Coumadin toxicity;

e. [*sic*] SUNRISE DEFENDANTS by and through its actual and/or apparent agents, and others carelessly and negligently failed to provide medical and hospital services to adequately treat the condition from with Plaintiff was then and there suffering;

f.    SUNRISE DEFENDANTS through its actual and/or apparent agents, employees, servants or others, carelessly and negligently failed to render extraordinary care as described In their promotional literature and on their web site; and

g.    SUNRISE through its actual and/or apparent agents, employees, servants or others,

8

carelessly and negligently failed to follow policy and procedure.

ANSWER:    Defendants deny the allegations contained in paragraph sixteen of Count III of the

Complaint and specifically deny the allegations contained in subparagraphs (a)

through (g), inclusive.

17.    As a result of SUNRISE DEFENDANTS' negligent and careless acts and/or

omissions, Plaintiff ANN JOHNSON was injured, overdosed on Coumadin, hospitalized on two

separate occasions, forced to endure pain, suffering and disability and expended valuable resources

and money to cure herself from the injuries inflicted by SUNRISE DEFENDANTS.

ANSWER:    Defendants deny the allegations contained in paragraph seventeen of Count III of the

Complaint.

**WHEREFORE**, Defendants state that Plaintiff, ANN JOHNSON, is not entitled to judgment

in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and

costs.

## Count IV - (Nursing Home Care Act)

1.    That at all times relevant herein, FOUNTAINS CRYSTAL LAKE LIMITED

PARTNERSHIP, was a nursing home duly licensed to treat patients under the laws of the State of

Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State

of Illinois.

ANSWER:    Defendants state affirmatively that FOUNTAINS CRYSTAL LAKE LIMITED

PARTNERSHIP is not an existing entity and deny the allegations contained in

paragraph one of Count IV of the Complaint.

9

2.      That at all times relevant herein, SUNRISE CRYSTAL LAKE (LAND) SL, LLC, was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

ANSWER:      Defendant, SUNRISE CRYSTAL LAKE (LAND) SL, LLC, denies the allegations contained in paragraph two of Count IV of the Complaint.

3.      That at all times relevant herein, SUNRISE SENIOR LIVING, INC., was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

ANSWER:      Defendant, SUNRISE SENIOR LIVING, INC., denies the allegations contained in paragraph three of Count IV of the Complaint.

4.      That at all times relevant herein, SUNRISE SENIOR LIVING MANAGEMENT, INC., was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

ANSWER:      Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., states affirmatively that at all times relevant, it managed the day-to-day operations of a skilled-nursing, long-term care facility known as The Fountains at Crystal Lake, located at 965 North Brighton Circle West, Crystal Lake, IL 60012. Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., denies the remaining allegations contained in paragraph four of Count IV of the Complaint.

5.      That at all times relevant herein, SUNRISE FIRST ASSISTED LIVING HOLDINGS, LLC, was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

10

ANSWER:    Defendant,  SUNRISE FIRST ASSISTED LIVING HOLDINGS, LLC, denies the

allegations contained in paragraph five of Count IV of the Complaint.

6.    That at all times relevant herein, Registered Nurses, Licensed Practical Nurses, and

other caregivers were the duly authorized agents, apparent agents, servants, and/or employees of the

SUNRISE DEFENDANTS who undertook to provide care and/or treatment to the Plaintiff, ANN

JOHNSON, and at all relevant times were acting within the scope of their agency, service and/or

employment.

ANSWER:    Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., admits that it

employed staff to provide care and/or treatment to the Plaintiff, ANN JOHNSON.

Defendant, SUNRISE SENIOR LIVING MANAGEMENT, INC., denies the

remaining allegations contained in Paragraph six of Count III of the Complaint.  All

remaining SUNRISE Defendants deny the allegations contained in paragraph six of

Count IV of the Complaint.

7.    That on or about October 14, 2007, Plaintiff ANN JOHNSON, was a resident who

was admitted to SUNRISE DEFENDANTS.

ANSWER:    Defendants state affirmatively that on or about October 14, 2007, Plaintiff, ANN

JOHNSON, was a resident at a long-term care facility known as The Fountains at

Crystal Lake, located at 965 North Brighton Circle West, Crystal Lake, IL 60012.

Defendants deny the remaining allegations of paragraph seven of Count IV of the

Complaint.

8.    That prior to October 14, 2007, up until the present, SUNRISE DEFENDANTS by

and through their physicians, nurses, employees, agents, actual and/or apparent, and staff cared for,

11

attended to and treated Plaintiff, ANN JOHNSON.

ANSWER:    Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., admits that prior to October 14, 2007, up until the present, its staff attended to and treated Plaintiff, ANN JOHNSON.  Defendant SUNRISE SENIOR LIVING MANAGEMENT, INC., denies all remaining allegations in paragraph eight of Count III of the Complaint.  All remaining Defendants deny the allegations contained in paragraph eight of Count IV of the Complaint.

9.    That at all times relevant herein, there was a duty on the part of SUNRISE DEFENDANTS, by and through its physicians, nurses, employees, agents, actual and/or apparent, and staff, to diagnose and render care and treatment to Plaintiff, ANN JOHNSON, in accordance with the accepted standards of nursing care practice and opinions then prevailing, and to exercise that degree and caution commonly exercised by the members of its profession.

ANSWER:    Defendants state affirmatively that at all times relevant, they complied with all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny the remaining allegations contained in paragraph nine of Count IV of the Complaint.

10.    That while Plaintiff was undergoing treatment, included but not limited to the administration of medication, SUNRISE DEFENDANTS had a duty to provide, by and through its physicians, nurses, employees, agents, actual and/or apparent, nursing care and medical care services ordinarily provided by similarly licensed and accredited institutions and individuals.

ANSWER:    Defendants state affirmatively that at all times relevant, they complied with all duties,

12

statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny the remaining allegations contained in paragraph ten of Count IV of the Complaint.

11.    Further, that in providing these services, SUNRISE DEFENDANTS, by and through its physicians, nurses, agents, actual and/or apparent, and/or employees, had a duty to exercise that degree of care required of similar institutions and individuals duly licensed, under similar circumstances.

ANSWER:    Defendants state affirmatively that at all times relevant, they complied with all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny the remaining allegations contained in paragraph nine of Count III of the Complaint.

12.    That at all times relevant, SUNRISE DEFENDANTS, accepted Plaintiff, ANN JOHNSON, as a patient, and agreed to render competent and adequate care, diagnosis, treatment, and services to the Plaintiff, by and through its physicians, nurses, employees, agents, actual and/or apparent, for pecuniary consideration.

ANSWER:    Defendants state affirmatively that Plaintiff, ANN JOHNSON, was a resident at a long-term care facility known as The Fountains at Crystal Lake, located at 965 North Brighton Circle West, Crystal Lake, IL 60012.    Further, Defendants state affirmatively that at all times relevant, they complied with all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny the remaining allegations contained in paragraph twelve of Count IV of the Complaint.

13

13.     That at all times relevant, SUNRISE DEFENDANTS, accepted Plaintiff, ANN JOHNSON, as a patient, and agreed to render competent and adequate nursing care services in con,junction with her illness/heart condition, and SUNRISE DEFENDANTS, by and through its physicians, nurses, agents, actual and/or apparent, and/or employees, undertook to render such care diagnosis, treatment and services for pecuniary consideration.

ANSWER:     Defendants state affirmatively that Plaintiff, ANN JOHNSON, was a resident at a long-term care facility known as The Fountains at Crystal Lake, located at 965 North Brighton Circle West, Crystal Lake, IL 60012.   Further, Defendants state affirmatively that at all times relevant, they complied with all duties, statutes, regulations, ordinances and obligations established by all applicable law.  Defendants deny the remaining allegations contained in paragraph thirteen of Count IV of the Complaint.

14.     That at all times relevant herein, Plaintiff had entrusted herself to the care of SUNRISE DEFENDANTS and its various physicians, nurses, employees, and agents.

ANSWER:     Defendants deny the allegations contained in paragraph fourteen of Count III of the Complaint.

15.     That at all times relevant, there was a duty on the part of SUNRISE DEFENDANTS and its physicians, nurses, agents, and/or employees, to render all nursing care, medical care and/or assessments, services and treatments provided by those institutions similarly licensed and accredited under like and similar circumstances, in accordance with the accepted standards of medical, hospital, and nursing practices and opinions then prevailing, including but not limited to following all policies and procedures and all requirements for licensure and accreditation in Illinois.

14

ANSWER:    Defendants state affirmatively that at all times relevant, they complied with all duties, statutes, regulations, ordinances and obligations established by all applicable law. Defendants deny the remaining allegations contained in paragraph fifteen of Count IV of the Complaint.

16.    That notwithstanding the aforesaid duties, SUNRISE DEFENDANTS, by and through its physicians, nurses, employees, agents and/or other related and associated medical personnel, was then and there guilty of and committed one or more of the following careless and negligent wrongful acts and/or omissions in violation of the Nursing Home Care Act, 210 ILCS 45/2-107 rendering it liable under Nursing Home Care Act, 210 ILCS 45/3-601:

a.    SUNRISE DEFENDANTS carelessly and negligently allowed unqualified, untrained, and/or unlicensed nurses, administrators, agents, actual or apparent, employees, and/or licensed personnel to administer the improper dosage of heart medication to Plaintiff, ANN JOHNSON, thereby resulting in Plaintiff suffering from Coumadin toxicity;

b.    SUNRISE DEFENDANTS by and through its actual and/or apparent agents, employees, servants, and others, carelessly and negligently failed to exercise the usual and customary skill required by all assisted living healthcare facilities throughout the United States when caring for Plaintiff, ANN JOHNSON;

c.    SUNRISE DEFENDANTS by and through its actual and/or apparent agents, employees, servants, and others, carelessly and negligently failed to follow the appropriate standards of care for all assisted living healthcare facilities throughout the United States, including adequate training and/or supervision of its nurses, employees, agents and medical staff;

15

d.    SUNRISE DEFENDANTS carelessly and negligently failed to keep records regarding the dates and times medication was administered to Plaintiff ANN JOHNSON, thus making it certain that the improper dosages would be consumed by Plaintiff and resulting in Plaintiff suffering from Coumadin toxicity;

e.    SUNRISE DEFENDANTS carelessly and negligently failed to heed complaints by Plaintiff's family to closely monitor the administration of Coumadin to Plaintiff thereby resulting in multiple episodes of Coumadin toxicity;

e. [*sic*] SUNRISE DEFENDANTS by and through its actual and/or apparent agents, and others carelessly and negligently failed to provide medical and hospital services to adequately treat the condition from with Plaintiff was then and there suffering;

f.    SUNRISE DEFENDANTS through its actual and/or apparent agents, employees, servants or others, carelessly and negligently failed to render extraordinary care as described in their promotional literature and on their web site; and

g.    SUNRISE through its actual and/or apparent agents, employees, servants or others, carelessly and negligently failed to follow policy and procedure.

ANSWER:    Defendants deny the allegations contained in paragraph sixteen of Count IV of the Complaint and specifically deny the allegations contained in subparagraphs (a) through (g), inclusive.

18. [*sic*] As a result of SUNRISE DEFENDANTS' negligent and careless acts and/or omissions, Plaintiff ANN JOHNSON was injured, overdosed on Coumadin, hospitalized on two separate occasions, forced to endure pain, suffering and disability and expended valuable resources and money to cure herself from the injuries inflicted by SUNRISE DEFENDANTS.

16

ANSWER:    Defendants deny the allegations contained in paragraph eighteen of Count IV of the

Complaint.

**WHEREFORE**, Defendants state that Plaintiff, ANN JOHNSON, is not entitled to judgment

in any sum whatsoever and asks that this Honorable Court dismiss this cause with prejudice and

costs.

<u>**Count V - (Nursing Home Care Act)**</u>

Defendants make no answer to Count V of the Complaint, pending this Honorable Court's

ruling on Defendants' Motion to Dismiss Counts I, II and V.

Respectfully submitted,

 /s/ Daniel B. Mills
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:    (312) 578-7524
Fax:          (312) 346-8242
Dmills@pretzel-stouffer.com
*Attorney for Defendants*

17