263.064176 (262)                          TED/sxf

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| ANN JOHNSON | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| FOUNTAINS CRYSTAL LAKE LIMITED | ) |
| PARTNERSHIP, SUNRISE CRYSTAL | ) |
| LAKE (LAND) SL, LLC, SUNRISE SENIOR | ) |
| LIVING, INC., SUNRISE SENIOR LIVING | ) |
| MANAGEMENT, INC., SUNRISE FIRST | ) |
| ASSISTED LIVING HOLDINGS, LLC, | ) |
| | ) |
| Defendants. | ) |

### DEFENDANTS' MOTION TO DISMISS
### COUNTS I, II AND V OF COMPLAINT

**NOW COME**, Defendants, SUNRISE CRYSTAL LAKE (LAND) SL, LLC,  SUNRISE

SENIOR LIVING, INC., SUNRISE SENIOR LIVING MANAGEMENT, INC., and SUNRISE FIRST

ASSISTED LIVING HOLDINGS, LLC, by and through their attorneys, PRETZEL & STOUFFER,

CHARTERED, and pursuant to Federal Rule of Civil Procedure 12(b)(6) and 735 ILCS 5/2-622,

respectfully request that this Court dismiss Counts I, II and V of Plaintiff's Complaint with

prejudice.  In support thereof, Defendants state as follows:

1.      On May 23, 2008, Plaintiff, ANN JOHNSON, filed a complaint against Defendants , alleging

        acts of medical negligence in Counts I, II and V.  A copy of Plaintiff's Complaint is attached

        as **Exhibit 1**.

2.      Count V of Plaintiff's Complaint is entitled **Count V-(Nursing Home Care Act)**.  However,

        Plaintiff does not reference any statute or any part of the Nursing Home Care Act within the

allegations of Count V. Instead, Plaintiff alleges basic medical negligence in Count V. Therefore, Count V of the Complaint fails to invoke the Nursing Home Care Act, despite its title.

3. 735 ILCS 5/2-622 requires that in negligence suits against medical professionals, plaintiffs file an affidavit with the complaint, stating that the affiant has consulted with a qualified health professional who has reviewed the medical records and other relevant materials in the action and has determined in a written report that there is a reasonable and meritorious cause for the filing of the action. 735 ILCS 5/2-622 (West 2007); *Woodard v. Krans,* 234 Ill.App.3d 690, 705, 600 N.E.2d 477, 488 (Ill.App. 2 Dist. 1992). A copy of the report, clearly identifying the plaintiff and the reasons the health professional has determined that a reasonable and meritorious cause exists for filling the action must be attached to the complaint. 735 ILCS 5/2-622.

4. Plaintiff failed to file any such affidavit or report with the complaint.

5. Under Illinois law, a complaint that fails to comply with the statutory mandates of section 735 ILCS 5/2-622 may be dismissed with prejudice. See *Giegoldt v. Condell Medical Center*, 328 Ill.App.3d 907, 913, 767 N.E.2d 497, 503 (Ill.App. 2 Dist. 2002); *Jacobs v. North Shore Medical Center,* 284 Ill.App.3d. 995, 1000, 673 N.E.2d 364, 368 (Ill.App. 1 Dist. 1996); *Cuthbertson v. Axelrod*, 282 Ill.app.3d 1027, 1034, 669 N.E.2d 601, 606 (Ill.App. 1 Dist. 1996); *Tucker v. St. James Hospital* , 279 Ill.App.3d 696, 704, 665 N.E.2d 392, 396 (Ill.App. 1 Dist. 1996).

6. Federal courts apply 735 ILCS 5/2-622 in diversity medical-negligence cases to deter frivolous lawsuits and because exempting malpractice suits arising under Illinois substantive

law from the requirements of Illinois procedural law would encourage forum shopping. *Doe v. City of Chicago*, 883 F.Supp. 1126, 1135 (N.D.Ill. 1994), citing *Thomas v. Kishwaukee Valley Medical Group,* 1986 WL 11381 (N.D.Ill. Oct. 6, 1986).

**WHEREFORE,** Defendants respectfully request that this Court dismiss Counts I, II and V from Plaintiff's Complaint with prejudice, for Plaintiff's failure to comply with the provisions of 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

Respectfully submitted,

 /s/ Daniel B. Mills
PRETZEL & STOUFFER, CHARTERED
One South Wacker Drive
Suite 2500
Chicago, IL 60606
Telephone:    (312) 578-7524
Fax:          (312) 346-8242
Dmills@pretzel-stouffer.com
*Attorney for Defendants*

3

# EXHIBIT 1

STATE OF ILLINOIS    )
                         ) SS

COUNTY OF COOK     )

## IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
## COUNTY DEPARTMENT - LAW DEPARTMENT

| | |
|---|---|
| **ANN JOHNSON** ) | 2008L005738 |
| ) | CALENDAR/ROOM A |
| ) | TIME 00:00 |
| **Plaintiff,** ) | PI Other |
| ) | |
| **v.** ) | **Case Number:** |
| ) | |
| **FOUNTAINS CRYSTAL LAKE LIMITED** ) | |
| **PARTNERSHIP, a foreign limited liability** ) | |
| **partnership, SUNRISE CRYSTAL LAKE** ) | |
| **(LAND) SL, LLC, a foreign corporation,** ) | |
| **SUNRISE SENIOR LIVING, INC., a foreign** ) | |
| **corporation, SUNRISE SENIOR LIVING** ) | |
| **MANAGEMENT, INC., a foreign corporation,** ) | |
| **SUNRISE FIRST ASSISTED LIVING** ) | |
| **HOLDINGS, LLC, a foreign limited liability** ) | |
| **company,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

## COMPLAINT AT LAW

### Count I- (Negligence)

NOW COMES the Plaintiff, ANN JOHNSON, by and through her attorneys,

HUNT, KAISER, ARANDA & SUBACH, LTD., and complaining of Defendants,

FOUNTAINS CRYSTAL LAKE LIMITED PARTNERSHIP, a foreign limited liability

partnership, SUNRISE CRYSTAL LAKE (LAND) SL, LLC, a foreign corporation,

SUNRISE SENIOR LIVING, INC., a foreign corporation, SUNRISE SENIOR LIVING

MANAGEMENT, INC., a foreign corporation, SUNRISE FIRST ASSISTED LIVING

HOLDINGS, LLC, a foreign limited liability company, (hereinafter collectively referred

to as the "SUNRISE DEFENDANTS"), and each of them, alleges as follows:

1.      On May 24, 2006, FOUNTAINS CRYSTAL LAKE LIMITED PARTNERSHIP was a foreign limited liability partnership, licensed to do business in the State of Illinois, which owned and operated one or more offices in Cook County, Illinois, as well as the Fountains at Crystal Lake location at 965 N. Brighton Circle West, Crystal Lake, County of McHenry, State of Illinois.

2.      On May 24, 2006, SUNRISE CRYSTAL LAKE (LAND) SL, LLC, was a foreign corporation, licensed to do business in the State of Illinois, which owned and operated one or more offices in Cook County, Illinois, as well as the Fountains at Crystal Lake location at 965 N. Brighton Circle West, Crystal Lake, County of McHenry, State of Illinois.

3.      On May 24, 2006, SUNRISE SENIOR LIVING, INC., was a foreign corporation, licensed to do business in the State of Illinois, which owned and operated one or more offices in Cook County, Illinois, as well as the Fountains at Crystal Lake location at 965 N. Brighton Circle West, Crystal Lake, County of McHenry, State of Illinois.

4.      On May 24, 2006, SUNRISE SENIOR LIVING MANAGEMENT, INC., a foreign corporation, licensed to do business in the State of Illinois, which owned and operated one or more offices in Cook County, Illinois, as well as the Fountains at Crystal Lake location at 965 N. Brighton Circle West, Crystal Lake, County of McHenry, State of Illinois.

5.      On May 24, 2006, SUNRISE FIRST ASSISTED LIVING HOLDINGS, LLC, was a foreign limited liability company, licensed to do business in the State of

Illinois, which owned and operated one or more offices in Cook County, Illinois, as well as the Fountains at Crystal Lake location at 965 N. Brighton Circle West, Crystal Lake, County of McHenry, State of Illinois.

6.     On or about May 24, 2006, SUNRISE DEFENDANTS were an assisted living healthcare facility/medical professional corporation conducting healthcare facility, rehabilitation, medical, nursing and associated healthcare services and engaged on their staff various residents, nurses and other healthcare personnel.

7.     That at all times relevant, SUNRISE DEFENDANTS held themselves out and represented that they had and possessed the requisite skill, competence, know-how, facilities, personnel, and information to properly treat Plaintiff, ANN JOHNSON.

8.     That on or about May 24, 2006, Plaintiff, ANN JOHNSON, then 92 years old, was a resident/patient in the Alzheimer's/Dementia Unit under the care of SUNRISE DEFENDANTS at the Fountains of Crystal Lake location at 965 N. Brighton Circle West, Crystal Lake, Illinois, and entrusted herself entirely to the care of SUNRISE DEFENDANTS and their various nurses, agents, employees, and/or other medically trained personnel.

9.     That on or about May 24, 2006, Plaintiff ANN JOHNSON suffered from chronic atrial fibrillation and required  a daily dosage of Coumadin, an anticoagulant, which is used to control the heart rate at a normal rhythm to prevent such dangerous health risks as heart attacks, strokes and blood clots.

10.     That on or about May 24, 2006, SUNRISE DEFENDANTS, during the course of Plaintiff, ANN JOHNSON'S treatment, accepted Plaintiff, ANN JOHNSON as a patient and agreed to render, by and through physicians, nurses, agents and/or

employees, competent and adequate hospital services in conjunction with her heart condition from which she was then and there suffering and SUNRISE DEFENDANTS, through its various physicians, nurses, agents and/or employees, undertook to render care, diagnosis, treatment and services for a pecuniary consideration.

11.    That the dosage of Coumadin required by Plaintiff, ANN JOHNSON to properly maintain her heart rate is determined by her physician, however, it is the duty of SUNRISE DEFENDANTS, by and through their nurses, agents, servants, employees and/or licensed personnel, to ensure she is receiving the proper dosage according to doctor's orders.

12.    That at all times relevant, there was a duty on the part of SUNRISE DEFENDANTS, through its nurses, agents, employees and/or licensed personnel to render to Plaintiff, ANN JOHNSON all hospital, medical and nursing care and/or services, assessments, and treatment ordinarily provided by those institutions similarly licensed and accredited under like and similar circumstances, and/or the same in accordance with the accepted standards of medical, hospital, and nursing practice and opinion prevailing in the area where services were rendered, including but not limited to following all policies and procedures and all requirements for licensure and accreditation.

13.    More specifically, that at all times relevant, there was a duty on the part of SUNRISE DEFENDANTS to ensure that all medications were administered by registered nurses and/or licensed personnel in conjunction with physician's orders, to ensure that the appropriate standards of care were provided to their residents/patients, to ensure that proper procedures were followed regarding the administration of medication, to ensure that the proper dosages of medication were being administered and to ensure that

accurate records were kept regarding the dates and times of the administration of medication, so as not to put their residents/patients at an unreasonable risk of danger.

14.     That notwithstanding the aforesaid duties, SUNRISE DEFENDANTS, by and through their nurses, administrators, agents, actual or apparent, employees, and/or licensed personnel, was then and there guilty of one or more of the following careless and negligent wrongful acts and/or omissions:

a.      SUNRISE DEFENDANTS carelessly and negligently allowed unqualified, untrained, and/or unlicensed nurses, administrators, agents, actual or apparent, employees, and/or licensed personnel to administer the improper dosage of heart medication to Plaintiff, ANN JOHNSON thereby resulting in Plaintiff suffering from Coumadin toxicity;

b.      SUNRISE DEFENDANTS by and through its actual and/or apparent agents, employees, servants, and others, carelessly and negligently failed to exercise the usual and customary skill required by all assisted living healthcare facilities throughout the United States when caring for Plaintiff, ANN JOHNSON;

c.      SUNRISE DEFENDANTS by and through its actual and/or apparent agents, employees, servants, and others, carelessly and negligently failed to follow the appropriate standards of care for all assisted living healthcare facilities throughout the United States, including adequate training and/or supervision of its nurses, employees, agents and medical staff;

d.      SUNRISE DEFENDANTS carelessly and negligently failed to keep records regarding the dates and times medication was administered to Plaintiff ANN JOHNSON, thus making it certain that the improper dosages would be consumed by Plaintiff and resulting in Plaintiff suffering from Coumadin toxicity;

e.      SUNRISE DEFENDANTS carelessly and negligently failed to heed complaints by Plaintiff's family to closely monitor the administration of Coumadin to Plaintiff thereby resulting in multiple episodes of Coumadin toxicity;

e.      SUNRISE DEFENDANTS by and through its actual and/or apparent agents, and others carelessly and negligently failed to provide medical and hospital services to adequately treat the

condition from with Plaintiff was then and there suffering;

f.    SUNRISE DEFENDANTS through its actual and/or apparent agents, employees, servants or others, carelessly and negligently failed to render extraordinary care as described in their promotional literature and on their web site; and

g.    SUNRISE through its actual and/or apparent agents, employees, servants or others, carelessly and negligently failed to follow policy and procedure.

15.    As a result of SUNRISE DEFENDANTS' negligence, Plaintiff ANN JOHNSON was injured, overdosed on Coumadin, hospitalized on two separate occasions, forced to endure pain, suffering and disability and expended valuable resources and money to cure herself from the injuries inflicted by SUNRISE DEFENDANTS.

WHEREFORE, as a result of SUNRISE DEFENDANTS' negligence, Plaintiff prays for judgment against SUNRISE DEFENDANTS' Individually, and/or by and through its residents, nurses, administrators, therapists, agents, actual and/or apparent, servants, employees and/or other medical and non-medical personnel, and/or physicians in a fair and reasonable amount inclusive of attorney's fees and costs and for such other relief as this Court deems just and proper in the premises.

## Count II- (Negligence)

NOW COMES the Plaintiff, ANN JOHNSON, by and through her attorneys, HUNT, KAISER, ARANDA & SUBACH, LTD., and complaining of Defendants, FOUNTAINS CRYSTAL LAKE LIMITED PARTNERSHIP, a foreign limited liability partnership, SUNRISE CRYSTAL LAKE (LAND) SL, LLC, a foreign corporation, SUNRISE SENIOR LIVING, INC., a foreign corporation, SUNRISE SENIOR LIVING MANAGEMENT, INC., a foreign corporation, SUNRISE FIRST ASSISTED LIVING

HOLDINGS, LLC, a foreign limited liability company, (hereinafter collectively referred to as the "SUNRISE DEFENDANTS"), and each of them, alleges as follows:

1.    On October 14, 2007, FOUNTAINS CRYSTAL LAKE LIMITED PARTNERSHIP was a foreign limited liability partnership, licensed to do business in the State of Illinois, which owned and operated one or more offices in Cook County, Illinois, as well as the Fountains at Crystal Lake location at 965 N. Brighton Circle West, Crystal Lake, County of McHenry, State of Illinois.

2.    On October 14, 2007, SUNRISE CRYSTAL LAKE (LAND) SL, LLC, was a foreign corporation, licensed to do business in the State of Illinois, which owned and operated one or more offices in Cook County, Illinois, as well as the Fountains at Crystal Lake location at 965 N. Brighton Circle West, Crystal Lake, County of McHenry, State of Illinois.

3.    On October 14, 2007, SUNRISE SENIOR LIVING, INC., was a foreign corporation, licensed to do business in the State of Illinois, which owned and operated one or more offices in Cook County, Illinois, as well as the Fountains at Crystal Lake location at 965 N. Brighton Circle West, Crystal Lake, County of McHenry, State of Illinois.

4.    On October 14, 2007, SUNRISE SENIOR LIVING MANAGEMENT, INC., a foreign corporation, licensed to do business in the State of Illinois, which owned and operated one or more offices in Cook County, Illinois, as well as the Fountains at Crystal Lake location at 965 N. Brighton Circle West, Crystal Lake, County of McHenry, State of Illinois.

5.    On October 14, 2007, SUNRISE FIRST ASSISTED LIVING

HOLDINGS, LLC, was a foreign limited liability company, licensed to do business in the State of Illinois, which owned and operated one or more offices in Cook County, Illinois, as well as the Fountains at Crystal Lake location at 965 N. Brighton Circle West, Crystal Lake, County of McHenry, State of Illinois.

6.    On or about October 14, 2007, SUNRISE DEFENDANTS were an assisted living healthcare facility/medical professional corporation conducting healthcare facility, rehabilitation, medical, nursing and associated healthcare services and engaged on their staff various residents, nurses and other healthcare personnel.

7.    That at all times relevant, SUNRISE DEFENDANTS held themselves out and represented that they had and possessed the requisite skill, competence, know-how, facilities, personnel, and information to properly treat Plaintiff, ANN JOHNSON.

8.    That on or about October 14, 2007, Plaintiff, ANN JOHNSON, then 92 years old, was a resident/patient in the Alzheimer's/Dementia Unit under the care of SUNRISE DEFENDANTS at the Fountains of Crystal Lake location at 965 N. Brighton Circle West, Crystal Lake, Illinois, and entrusted herself entirely to the care of SUNRISE DEFENDANTS and their various nurses, agents, employees, and/or other medically trained personnel.

9.    That on or about October 14, 2007, Plaintiff ANN JOHNSON suffered from chronic atrial fibrillation and required  a daily dosage of Coumadin, an anticoagulant, which is used to control the heart rate at a normal rhythm to prevent such dangerous health risks as heart attacks, strokes and blood clots.

10.    That on or about October 14, 2007, SUNRISE DEFENDANTS, during the course of Plaintiff, ANN JOHNSON'S treatment, accepted Plaintiff, ANN JOHNSON as

a patient and agreed to render, by and through physicians, nurses, agents and/or employees, competent and adequate hospital services in conjunction with her heart condition from which she was then and there suffering and SUNRISE DEFENDANTS, through its various physicians, nurses, agents and/or employees, undertook to render care, diagnosis, treatment and services for a pecuniary consideration.

11.    That the dosage of Coumadin required by Plaintiff, ANN JOHNSON to properly maintain her heart rate is determined by her physician, however, it is the duty of SUNRISE DEFENDANTS, by and through their nurses, agents, servants, employees and/or licensed personnel, to ensure she is receiving the proper dosage according to doctor's orders.

12.    That at all times relevant, there was a duty on the part of SUNRISE DEFENDANTS, through its nurses, agents, employees and/or licensed personnel to render to Plaintiff, ANN JOHNSON all hospital, medical and nursing care and/or services, assessments, and treatment ordinarily provided by those institutions similarly licensed and accredited under like and similar circumstances, and/or the same in accordance with the accepted standards of medical, hospital, and nursing practice and opinion prevailing in the area where services were rendered, including but not limited to following all policies and procedures and all requirements for licensure and accreditation.

13.    More specifically, that at all times relevant, there was a duty on the part of SUNRISE DEFENDANTS to ensure that all medications were administered by registered nurses and/or licensed personnel in conjunction with physician's orders, to ensure that the appropriate standards of care were provided to their residents/patients, to ensure that proper procedures were followed regarding the administration of medication, to ensure

that the proper dosages of medication were being administered and to ensure that accurate records were kept regarding the dates and times of the administration of medication, so as not to put their residents/patients at an unreasonable risk of danger.

14.    That notwithstanding the aforesaid duties, SUNRISE DEFENDANTS, by and through their nurses, administrators, agents, actual or apparent, employees, and/or licensed personnel, was then and there guilty of one or more of the following careless and negligent wrongful acts and/or omissions:

a.    SUNRISE DEFENDANTS carelessly and negligently allowed unqualified, untrained, and/or unlicensed nurses, administrators, agents, actual or apparent, employees, and/or licensed personnel to administer the improper dosage of heart medication to Plaintiff, ANN JOHNSON thereby resulting in Plaintiff suffering from Coumadin toxicity;

b.    SUNRISE DEFENDANTS by and through its actual and/or apparent agents, employees, servants, and others, carelessly and negligently failed to exercise the usual and customary skill required by all assisted living healthcare facilities throughout the United States when caring for Plaintiff, ANN JOHNSON;

c.    SUNRISE DEFENDANTS by and through its actual and/or apparent agents, employees, servants, and others, carelessly and negligently failed to follow the appropriate standards of care for all assisted living healthcare facilities throughout the United States, including adequate training and/or supervision of its nurses, employees, agents and medical staff;

d.    SUNRISE DEFENDANTS carelessly and negligently failed to keep records regarding the dates and times medication was administered to Plaintiff ANN JOHNSON, thus making it certain that the improper dosages would be consumed by Plaintiff and resulting in Plaintiff suffering from Coumadin toxicity;

e.    SUNRISE DEFENDANTS carelessly and negligently failed to heed complaints by Plaintiff's family to closely monitor the administration of Coumadin to Plaintiff thereby resulting in multiple episodes of Coumadin toxicity;

e.    SUNRISE DEFENDANTS by and through its actual and/or

apparent agents, and others carelessly and negligently failed to provide medical and hospital services to adequately treat the condition from with Plaintiff was then and there suffering;

f.  SUNRISE DEFENDANTS through its actual and/or apparent agents, employees, servants or others, carelessly and negligently failed to render extraordinary care as described in their promotional literature and on their web site; and

g.  SUNRISE through its actual and/or apparent agents, employees, servants or others, carelessly and negligently failed to follow policy and procedure.

16.    As a result of SUNRISE DEFENDANTS' negligence, Plaintiff ANN JOHNSON was injured, overdosed on Coumadin, hospitalized on two separate occasions, forced to endure pain, suffering and disability and expended valuable resources and money to cure herself from the injuries inflicted by SUNRISE DEFENDANTS.

WHEREFORE, as a result of SUNRISE DEFENDANTS' negligence, Plaintiff prays for judgment against SUNRISE DEFENDANTS' Individually, and/or by and through its residents, nurses, administrators, therapists, agents, actual and/or apparent, servants, employees and/or other medical and non-medical personnel, and/or physicians in a fair and reasonable amount inclusive of attorney's fees and costs and for such other relief as this Court deems just and proper in the premises.

## Count III- (Nursing Home Care Act)

NOW COMES the Plaintiff, ANN JOHNSON, by and through her attorneys, HUNT, KAISER, ARANDA & SUBACH, LTD., and complaining of Defendants, FOUNTAINS CRYSTAL LAKE LIMITED PARTNERSHIP, a foreign limited liability partnership, SUNRISE CRYSTAL LAKE (LAND) SL, LLC, a foreign corporation, SUNRISE SENIOR LIVING, INC., a foreign corporation, SUNRISE SENIOR LIVING

MANAGEMENT, INC., a foreign corporation, SUNRISE FIRST ASSISTED LIVING HOLDINGS, LLC, a foreign limited liability company, (hereinafter collectively referred to as the "SUNRISE DEFENDANTS"), and each of them, alleges as follows:

1.    That at all times relevant herein, FOUNTAINS CRYSTAL LAKE LIMITED PARTNERSHIP was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

2.    That at all times relevant herein, SUNRISE CRYSTAL LAKE (LAND) SL, LLC, was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

3.    That at all times relevant herein, SUNRISE SENIOR LIVING, INC., was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

4.    That at all times relevant herein, SUNRISE SENIOR LIVING MANAGEMENT, INC., was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

5.    That at all times relevant herein, SUNRISE FIRST ASSISTED LIVING HOLDINGS, LLC, was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

6.    That at all times relevant herein, Registered Nurses, Licensed Practical Nurses, and other caregivers were the duly authorized agents, apparent agents, servants, and/or employees of the SUNRISE DEFENDANTS who undertook to provide care and/or treatment to the Plaintiff, ANN JOHNSON, and at all relevant times were acting within the scope of their agency, service and/or employment.

7.    That on or about May 24, 2006, Plaintiff ANN JOHNSON, was a resident who was admitted to SUNRISE DEFENDANTS.

8.    That prior to May 24, 2006, up until the present, SUNRISE DEFENDANTS by and through their physicians, nurses, employees, agents, actual and/or apparent, and staff cared for, attended to and treated Plaintiff, ANN JOHSON.

9.    That at all times relevant herein, there was a duty on the part of SUNRISE DEFENDANTS, by and through its physicians, nurses, employees, agents, actual and/or apparent, and staff, to diagnose and render care and treatment to Plaintiff, ANN JOHNSON, in accordance with the accepted standards of nursing care practice and opinions then prevailing, and to exercise that degree and caution commonly exercised by the members of its profession.

10.    That while Plaintiff was undergoing treatment, included but not limited to the administration of medication, SUNRISE DEFENDANTS had a duty to provide, by and through its physicians, nurses, employees, agents, actual and/or apparent, nursing care and medical care services ordinarily provided by similarly licensed and accredited institutions and individuals.

11.    Further, that in providing these services, SUNRISE DEFENDANTS, by and through its physicians, nurses, agents, actual and/or apparent, and/or employees, had

a duty to exercise that degree of care required of similar institutions and individuals duly licensed, under similar circumstances.

12.    That at all times relevant, SUNRISE DEFENDANTS, accepted Plaintiff, ANN JOHNSON, as a patient, and agreed to render competent and adequate care, diagnosis, treatment, and services to the Plaintiff, by and through its physicians, nurses, employees, agents, actual and/or apparent, for pecuniary consideration.

13.    That at all times relevant, SUNRISE DEFENDANTS, accepted Plaintiff, ANN JOHNSON, as a patient, and agreed to render competent and adequate nursing care services in conjunction with her illness/heart condition, and SUNRISE DEFENDANTS, by and through its physicians, nurses, agents, actual and/or apparent, and/or employees, undertook to render such care diagnosis, treatment and services for pecuniary consideration.

14.    That at all times relevant herein, Plaintiff had entrusted herself to the care of SUNRISE DEFENDANTS and its various physicians, nurses, employees, and agents.

15.    That at all times relevant, there was a duty on the part of SUNRISE DEFENDANTS and its physicians, nurses, agents, and/or employees, to render all nursing care, medical care and/or assessments, services and treatments provided by those institutions similarly licensed and accredited under like and similar circumstances, in accordance with the accepted standards of medical, hospital, and nursing practices and opinions then prevailing, including but not limited to following all policies and procedures and all requirements for licensure and accreditation in Illinois.

16.    That notwithstanding the aforesaid duties, SUNRISE DEFENDANTS, by and through its physicians, nurses, employees, agents and/or other related and associated

medical personnel, was then and there guilty of and committed one or more of the

following careless and negligent wrongful acts and/or omissions in violation of the

Nursing Home Care Act, 210 ILCS 45/2-107 rendering it liable under Nursing Home

Care Act, 210 ILCS 45/3-601:

    a.    SUNRISE DEFENDANTS carelessly and negligently allowed unqualified, untrained, and/or unlicensed nurses, administrators, agents, actual or apparent, employees, and/or licensed personnel to administer the improper dosage of heart medication to Plaintiff, ANN JOHNSON thereby resulting in Plaintiff suffering from Coumadin toxicity;

    b.    SUNRISE DEFENDANTS by and through its actual and/or apparent agents, employees, servants, and others, carelessly and negligently failed to exercise the usual and customary skill required by all assisted living healthcare facilities throughout the United States when caring for Plaintiff, ANN JOHNSON;

    c.    SUNRISE DEFENDANTS by and through its actual and/or apparent agents, employees, servants, and others, carelessly and negligently failed to follow the appropriate standards of care for all assisted living healthcare facilities throughout the United States, including adequate training and/or supervision of its nurses, employees, agents and medical staff;

    d.    SUNRISE DEFENDANTS carelessly and negligently failed to keep records regarding the dates and times medication was administered to Plaintiff ANN JOHNSON, thus making it certain that the improper dosages would be consumed by Plaintiff and resulting in Plaintiff suffering from Coumadin toxicity;

    e.    SUNRISE DEFENDANTS carelessly and negligently failed to heed complaints by Plaintiff's family to closely monitor the administration of Coumadin to Plaintiff thereby resulting in multiple episodes of Coumadin toxicity;

    e.    SUNRISE DEFENDANTS by and through its actual and/or apparent agents, and others carelessly and negligently failed to provide medical and hospital services to adequately treat the condition from with Plaintiff was then and there suffering;

    f.    SUNRISE DEFENDANTS through its actual and/or apparent agents, employees, servants or others, carelessly and negligently

failed to render extraordinary care as described in their promotional literature and on their web site; and

g.     SUNRISE through its actual and/or apparent agents, employees, servants or others, carelessly and negligently failed to follow policy and procedure.

17.     As a result of SUNRISE DEFENDANTS' negligent and careless acts and/or omissions, Plaintiff ANN JOHNSON was injured, overdosed on Coumadin, hospitalized on two separate occasions, forced to endure pain, suffering and disability and expended valuable resources and money to cure herself from the injuries inflicted by SUNRISE DEFENDANTS.

WHEREFORE, as a result of SUNRISE DEFENDANTS' negligence, Plaintiff prays for judgment against SUNRISE DEFENDANTS' Individually, and/or by and through its residents, nurses, administrators, therapists, agents, actual and/or apparent, servants, employees and/or other medical and non-medical personnel, and/or physicians in a fair and reasonable amount inclusive of attorney's fees and costs and for such other relief as this Court deems just and proper in the premises.

### Count IV- (Nursing Home Care Act)

**NOW COMES** the Plaintiff, ANN JOHNSON, by and through her attorneys, HUNT, KAISER, ARANDA & SUBACH, LTD., and complaining of Defendants, FOUNTAINS CRYSTAL LAKE LIMITED PARTNERSHIP, a foreign limited liability partnership, SUNRISE CRYSTAL LAKE (LAND) SL, LLC, a foreign corporation, SUNRISE SENIOR LIVING, INC., a foreign corporation, SUNRISE SENIOR LIVING MANAGEMENT, INC., a foreign corporation, SUNRISE FIRST ASSISTED LIVING HOLDINGS, LLC, a foreign limited liability company, (hereinafter collectively referred

to as the "SUNRISE DEFENDANTS"), and each of them, alleges as follows:

1.    That at all times relevant herein, FOUNTAINS CRYSTAL LAKE LIMITED PARTNERSHIP was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

2.    That at all times relevant herein, SUNRISE CRYSTAL LAKE (LAND) SL, LLC, was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

3.    That at all times relevant herein, SUNRISE SENIOR LIVING, INC., was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

4.    That at all times relevant herein, SUNRISE SENIOR LIVING MANAGEMENT, INC., was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

5.    That at all times relevant herein, SUNRISE FIRST ASSISTED LIVING HOLDINGS, LLC, was a nursing home duly licensed to treat patients under the laws of the State of Illinois and was engaged in treating patients in Cook County, as well as other counties, and the State of Illinois.

6.    That at all times relevant herein, Registered Nurses, Licensed Practical Nurses, and other caregivers were the duly authorized agents, apparent agents, servants,

and/or employees of the SUNRISE DEFENDANTS who undertook to provide care and/or treatment to the Plaintiff, ANN JOHNSON, and at all relevant times were acting within the scope of their agency, service and/or employment.

7.     That on or about October 14, 2007, Plaintiff ANN JOHNSON, was a resident who was admitted to SUNRISE DEFENDANTS.

8.     That prior to October 14, 2007, up until the present, SUNRISE DEFENDANTS by and through their physicians, nurses, employees, agents, actual and/or apparent, and staff cared for, attended to and treated Plaintiff, ANN JOHSON.

9.     That at all times relevant herein, there was a duty on the part of SUNRISE DEFENDANTS, by and through its physicians, nurses, employees, agents, actual and/or apparent, and staff, to diagnose and render care and treatment to Plaintiff, ANN JOHNSON, in accordance with the accepted standards of nursing care practice and opinions then prevailing, and to exercise that degree and caution commonly exercised by the members of its profession.

10.    That while Plaintiff was undergoing treatment, included but not limited to the administration of medication, SUNRISE DEFENDANTS had a duty to provide, by and through its physicians, nurses, employees, agents, actual and/or apparent, nursing care and medical care services ordinarily provided by similarly licensed and accredited institutions and individuals.

11.    Further, that in providing these services, SUNRISE DEFENDANTS, by and through its physicians, nurses, agents, actual and/or apparent, and/or employees, had a duty to exercise that degree of care required of similar institutions and individuals duly licensed, under similar circumstances.

12. That at all times relevant, SUNRISE DEFENDANTS, accepted Plaintiff, ANN JOHNSON, as a patient, and agreed to render competent and adequate care, diagnosis, treatment, and services to the Plaintiff, by and through its physicians, nurses, employees, agents, actual and/or apparent, for pecuniary consideration.

13. That at all times relevant, SUNRISE DEFENDANTS, accepted Plaintiff, ANN JOHNSON, as a patient, and agreed to render competent and adequate nursing care services in conjunction with her illness/heart condition, and SUNRISE DEFENDANTS, by and through its physicians, nurses, agents, actual and/or apparent, and/or employees, undertook to render such care diagnosis, treatment and services for pecuniary consideration.

14. That at all times relevant herein, Plaintiff had entrusted herself to the care of SUNRISE DEFENDANTS and its various physicians, nurses, employees, and agents.

15. That at all times relevant, there was a duty on the part of SUNRISE DEFENDANTS and its physicians, nurses, agents, and/or employees, to render all nursing care, medical care and/or assessments, services and treatments provided by those institutions similarly licensed and accredited under like and similar circumstances, in accordance with the accepted standards of medical, hospital, and nursing practices and opinions then prevailing, including but not limited to following all policies and procedures and all requirements for licensure and accreditation in Illinois.

16. That notwithstanding the aforesaid duties, SUNRISE DEFENDANTS, by and through its physicians, nurses, employees, agents and/or other related and associated medical personnel, was then and there guilty of and committed one or more of the following careless and negligent wrongful acts and/or omissions in violation of the

Nursing Home Care Act, 210 ILCS 45/2-107 rendering it liable under Nursing Home

Care Act, 210 ILCS 45/3-601:

   a.   SUNRISE DEFENDANTS carelessly and negligently allowed
        unqualified, untrained, and/or unlicensed nurses, administrators,
        agents, actual or apparent, employees, and/or licensed personnel to
        administer the improper dosage of heart medication to Plaintiff,
        ANN JOHNSON thereby resulting in Plaintiff suffering from
        Coumadin toxicity;

   b.   SUNRISE DEFENDANTS by and through its actual and/or
        apparent agents, employees, servants, and others, carelessly and
        negligently failed to exercise the usual and customary skill
        required by all assisted living healthcare facilities throughout the
        United States when caring for Plaintiff, ANN JOHNSON;

   c.   SUNRISE DEFENDANTS by and through its actual and/or
        apparent agents, employees, servants, and others, carelessly and
        negligently failed to follow the appropriate standards of care for all
        assisted living healthcare facilities throughout the United States,
        including adequate training and/or supervision of its nurses,
        employees, agents and medical staff;

   d.   SUNRISE DEFENDANTS carelessly and negligently failed to
        keep records regarding the dates and times medication was
        administered to Plaintiff ANN JOHNSON, thus making it certain
        that the improper dosages would be consumed by Plaintiff and
        resulting in Plaintiff suffering from Coumadin toxicity;

   e.   SUNRISE DEFENDANTS carelessly and negligently failed to
        heed complaints by Plaintiff's family to closely monitor the
        administration of Coumadin to Plaintiff thereby resulting in
        multiple episodes of Coumadin toxicity;

   e.   SUNRISE DEFENDANTS by and through its actual and/or
        apparent agents, and others carelessly and negligently failed to
        provide medical and hospital services to adequately treat the
        condition from with Plaintiff was then and there suffering;

   f.   SUNRISE DEFENDANTS through its actual and/or apparent
        agents, employees, servants or others, carelessly and negligently
        failed to render extraordinary care as described in their
        promotional literature and on their web site; and

   g.   SUNRISE through its actual and/or apparent agents, employees,

servants or others, carelessly and negligently failed to follow policy and procedure.

18.    As a result of SUNRISE DEFENDANTS' negligent and careless acts and/or omissions, Plaintiff ANN JOHNSON was injured, overdosed on Coumadin, hospitalized on two separate occasions, forced to endure pain, suffering and disability and expended valuable resources and money to cure herself from the injuries inflicted by SUNRISE DEFENDANTS.

WHEREFORE, as a result of SUNRISE DEFENDANTS' negligence, Plaintiff prays for judgment against SUNRISE DEFENDANTS' Individually, and/or by and through its residents, nurses, administrators, therapists, agents, actual and/or apparent, servants, employees and/or other medical and non-medical personnel, and/or physicians in a fair and reasonable amount inclusive of attorney's fees and costs and for such other relief as this Court deems just and proper in the premises.

## Count V- (Nursing Home Care Act)

**NOW COMES** the Plaintiff, ANN JOHNSON, by and through her attorneys, HUNT, KAISER, ARANDA & SUBACH, LTD., and complaining of Defendants, FOUNTAINS CRYSTAL LAKE LIMITED PARTNERSHIP, a foreign limited liability partnership, SUNRISE CRYSTAL LAKE (LAND) SL, LLC, a foreign corporation, SUNRISE SENIOR LIVING, INC., a foreign corporation, SUNRISE SENIOR LIVING MANAGEMENT, INC., a foreign corporation, SUNRISE FIRST ASSISTED LIVING HOLDINGS, LLC, a foreign limited liability company, (hereinafter collectively referred to as the "SUNRISE DEFENDANTS"), and each of them, alleges as follows:

1-6.    Plaintiff hereby re-alleges and incorporates by reference each and every

allegation of paragraph 1-6 of Count I of this Complaint at Law as and for allegations paragraphs 1-6 of this Count V.

       7.      That on or about May 24, 2006 and at various times thereafter, including October 14, 2007, when SUNRISE DEFENDANTS' agents and/or employees treated and/or cared for Plaintiff, ANN JOHNSON, they were acting within their scope of employment/agency with SUNRISE DEFENDANTS and relied upon reports and information from others similarly employed by/agents of SUNRISE DEFENDANTS to render their care and/or treatment to Plaintiff.

       8.      That at all times relevant herein there was a duty on the part of SUNRISE DEFENDANTS to monitor their entities and/or employees, agents, actual or apparent, physicians, nurses, and medical staff to ensure that they treated Plaintiff in accordance with the accepted standards of practice prevailing in the greater metropolitan Chicagoland area, and to exercise that degree of care and caution commonly exercised by other members of their professions in the community.

       9.      That notwithstanding the aforesaid duties, SUNRISE DEFENDANTS, by and through its entities and/or agents, actual or apparent, servants, employees, nurses, physicians, and medical staff, assumed the care and/or treatment of Plaintiff, ANN JOHNSON, the SUNRISE DEFENDANTS, were then and there guilty, through the doctrine of vicarious liability, of and committed one or more of the following careless and negligent wrongful acts and/or omissions:

           a.      SUNRISE DEFENDANTS carelessly and negligently allowed agents and/or employees to render below standards of care and services to Plaintiff;

           b.      SUNRISE DEFENDANTS carelessly and negligently allowed agents and/or employees to fail to administer competent and

appropriate medical care and treatment to Plaintiff;

c.    SUNRISE DEFENDANTS carelessly and negligently allowed agents and/or employees to fail to monitor the dosages of Coumadin provided to Plaintiff and the amount of Coumadin consumed by Plaintiff and in her bloodstream;

d.    SUNRISE DEFENDANTS carelessly and negligently allowed agents and/or employees to fail to follow policies and procedures; and

e.    SUNRISE DEFENDANTS were otherwise careless and negligent.

10.    As a result of SUNRISE DEFENDANTS' negligent and careless acts and/or omissions, Plaintiff ANN JOHNSON was injured, overdosed on Coumadin, hospitalized on two separate occasions, forced to endure pain, suffering and disability and expended valuable resources and money to cure herself from the injuries inflicted by SUNRISE DEFENDANTS.

WHEREFORE, Plaintiff prays for judgment against SUNRISE DEFENDANTS' Individually, and/or by and through its residents, nurses, administrators, therapists, agents, actual and/or apparent, servants, employees and/or other medical and non-medical personnel, and/or physicians in a fair and reasonable amount inclusive of attorney's fees and costs and for such other relief as this Court deems just and proper in the premises.

HUNT, KAISER, ARANDA & SUBACH, LTD.

By: _____

James P. McLane
Attorney for Plaintiff

HUNT, KAISER, ARANDA & SUBACH, LTD.
1035 S. York Road
Bensenville, Illinois 60106
(630) 860-7800
Atty. No.: 15213

STATE OF ILLINOIS     )
                              ) SS

COUNTY OF COOK     )

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT - LAW DEPARTMENT

| | |
|---|---|
| **ANN JOHNSON** ) | |
| ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| **v.** ) | **Case Number:** |
| ) | |
| **FOUNTAINS CRYSTAL LAKE LIMITED** ) | |
| **PARTNERSHIP, a foreign limited liability** ) | |
| **partnership, SUNRISE CRYSTAL LAKE** ) | |
| **(LAND) SL, LLC, a foreign corporation,** ) | |
| **SUNRISE SENIOR LIVING, INC., a foreign** ) | 2008L005738 |
| **corporation, SUNRISE SENIOR LIVING** ) | CALENDAR/ROOM A |
| **MANAGEMENT, INC., a foreign corporation,** ) | TIME 00:00 |
| **SUNRISE FIRST ASSISTED LIVING** ) | PI Other |
| **HOLDINGS, LLC, a foreign limited liability** ) | |
| **company,** ) | |
| ) | |
| ) | |
| **Defendants.** ) | |

**AFFIDAVIT OF DAMAGES**
**SUPREME COURT RULE 222**

The undersigned being first duly sworn upon oath, deposes and states that he is the attorney for
the Plaintiff to the above entitled cause of action and is seeking money damages for this cause of
action in the amount listed below:

_____  does not exceed $50,000.00

\_\_\_**X**\_\_\_  **does exceed $50,000.00**

_____
James P. McLane, as Attorney for Plaintiff

HUNT, KAISER, ARANDA & SUBACH, LTD.
1035 S. York Road
Bensenville, Illinois 60106
(630) 860-7800
Atty. No.: 15213

**Service of Process
Transmittal**
05/30/2008
CT Log Number 513478555

**TO:**    Kim Wilburn
Sunrise Senior Living, Inc.
7902 Westpark Drive
McLean, VA 22102

**RE:**    **Process Served in Illinois**

**FOR:**    Sunrise Senior Living, Inc. (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ann Johnson, Pltf. vs. Fountains Crystal Lake Limited Partnership, etc., et al. including Sunrise Senior Living, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Affidavit(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - Cook County Department - Law Division, IL Case # 2008L005738 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - Overdose of Coumadin |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/30/2008 at 09:10 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | James P. McLane<br>Hunt, Kaiser, Aranda & Subach, Ltd.<br>1035 S. York Road<br>Bensenville, IL 60106<br>630-860-7800 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 790025020426<br>Image SOP - Page(s): 27<br>Email Notification, Kim Wilburn kimberly.wilburn@sunriseseniorliving.com<br>Email Notification, Michael Stein michael.stein@sunriseseniorliving.com |
| **SIGNED:**<br>**PER:**<br>**ADDRESS:**<br><br><br>**TELEPHONE:** | C T Corporation System<br>Tawana Carter<br>208 South LaSalle Street<br>Suite 814<br>Chicago, IL 60604<br>312-345-4336 |

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

**Service of Process
Transmittal**
05/30/2008
CT Log Number 513478659

**TO:**   Kim Wilburn
          Sunrise Senior Living, Inc.
          7902 Westpark Drive
          McLean, VA 22102

**RE:**   **Process Served in Illinois**

**FOR:**  Sunrise Crystal Lake (LAND) SL, LLC (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ann Johnson, Pltf. vs. Fountains Crystal Lake Limited Partnership, etc., et al. including Sunrise Crystal Lake (Land) SL, LLC, etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Affidavit(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - Cook County Department - Law Division, IL Case # 2008L005738 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - Overdose of Coumadin |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/30/2008 at 09:10 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | James P. McLane Hunt, Kaiser, Aranda & Subach, Ltd. 1035 S. York Road Bensenville, IL 60106 630-860-7800 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  Fed Ex 2 Day , 790025020426 Image SOP - Page(s): 27 Email Notification, Kim Wilburn kimberly.wilburn@sunriseseniorliving.com Email Notification, Michael Stein michael.stein@sunriseseniorliving.com |
| **SIGNED:** PER: ADDRESS: | C T Corporation System Tawana Carter 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of  1 / TC

Information displayed on this transmittal is for CT Corporation's
record keeping purposes only and is provided to the recipient for
quick reference. This information does not constitute a legal opinion
as to the nature of action, the amount of damages, the answer date,
or any information contained in the documents themselves.
Recipient is responsible for interpreting said documents and for
taking appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.

**Service of Process
Transmittal**
05/30/2008
CT Log Number 513478625

**TO:**   Kim Wilburn
Sunrise Senior Living, Inc.
7902 Westpark Drive
McLean, VA 22102

**RE:**   **Process Served in Illinois**

**FOR:**   Sunrise Senior Living Management, Inc. (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ann Johnson, Pltf. vs. Fountains Crystal Lake Limited Partnership, etc., et al. including Sunrise Senior Living Management, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Affidavit(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - Cook County Department - Law Division, IL Case # 2008L005738 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - Overdose of Coumadin |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/30/2008 at 09:10 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | James P. McLane Hunt, Kaiser, Aranda & Subach, Ltd. 1035 S. York Road Bensenville, IL 60106 630-860-7800 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 790025020426 Image SOP - Page(s): 27 Email Notification, Kim Wilburn kimberly.wilburn@sunriseseniorliving.com Email Notification, Michael Stein michael.stein@sunriseseniorliving.com |
| **SIGNED: PER: ADDRESS:** | C T Corporation System Tawana Carter 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of  1 / TC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

**Service of Process Transmittal**
05/30/2008
CT Log Number 513478625

**TO:**    Kim Wilburn
            Sunrise Senior Living, Inc.
            7902 Westpark Drive
            McLean, VA 22102

**RE:**    **Process Served in Illinois**

**FOR:**    Sunrise Senior Living Management, Inc. (Domestic State: VA)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Ann Johnson, Pltf. vs. Fountains Crystal Lake Limited Partnership, etc., et al. including Sunrise Senior Living Management, Inc., etc., Dfts. |
| **DOCUMENT(S) SERVED:** | Summons, Complaint, Affidavit(s) |
| **COURT/AGENCY:** | Cook County Circuit Court - Cook County Department - Law Division, IL Case # 2008L005738 |
| **NATURE OF ACTION:** | Medical Injury - Improper Care and Treatment - Overdose of Coumadin |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Chicago, IL |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 05/30/2008 at 09:10 |
| **APPEARANCE OR ANSWER DUE:** | Within 30 days, not counting the day of service |
| **ATTORNEY(S) / SENDER(S):** | James P. McLane Hunt, Kaiser, Aranda & Subach, Ltd. 1035 S. York Road Bensenville, IL 60106 630-860-7800 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day , 790025020426 Image SOP - Page(s): 27 Email Notification, Kim Wilburn kimberly.wilburn@sunrisseseniorliving.com Email Notification, Michael Stein michael.stein@sunrisseseniorliving.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Tawana Carter |
| **ADDRESS:** | 208 South LaSalle Street Suite 814 Chicago, IL 60604 |
| **TELEPHONE:** | 312-345-4336 |

Page 1 of  1 / TC

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.