**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA and the STATE OF ILLINOIS,** | ) | |
| **Plaintiffs,** | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| **HAMILTON SUNDSTRAND CORPORATION,** | ) | |
| **Defendant.** | ) | |

## COMPLAINT

The United States of America, by the authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("U.S. EPA"), and the State of Illinois, by Lisa Madigan, Attorney General of the State of Illinois, on her own motion and upon the request of the Illinois Environmental Protection Agency ("Illinois EPA") (hereinafter, "the United States and the State of Illinois"), file this complaint and allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for injunctive relief and recovery of costs under Sections 106(a), 107 and 113(g)(2) of the Comprehensive Environmental Response, Compensation, and Liability Act of 1980, as amended ("CERCLA"), 42 U.S.C. §§ 9606(a), 9607 and 9613(g)(2). The United States seeks injunctive relief in order to remedy conditions in connection with the

release and threatened release of hazardous substances into the environment at Source Area 9/10 (the "Source Area 9/10 Site") of the Southeast Rockford Groundwater Contamination Superfund Site (the "SERGWCS Site") under CERCLA Section 106, 42 U.S.C. § 9606. The United States and the State of Illinois also seek the recovery, pursuant to CERCLA Section 107, 42 U.S.C. § 9607, of unreimbursed costs that have been or will be incurred by the United States and the State of Illinois in response to the release and/or threatened release of hazardous substances at and from the Source Area 9/10 Site. The United States and the State of Illinois further seek a declaratory judgment, pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), that Defendant shall be liable for all future response costs to be incurred by the United States and the State of Illinois in connection with the Source Area 9/10 Site.

**JURISDICTION AND VENUE**

2. This Court has exclusive original jurisdiction over this action pursuant to Sections 106(a), 107(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9606(a), 9607(a) and 9613(b), because it concerns controversies arising under CERCLA. This Court has jurisdiction over the subject matter of this action and the Defendant pursuant to 28 U.S.C. §§ 1331 and 1345 because this is a civil action commenced by the United States and the State of Illinois that arises under the laws of the United States.

3. Venue is proper in this District pursuant to Sections 106(a) and 113(b) of CERCLA, 42 U.S.C. §§ 9606(a) and 9613(b), and 28 U.S.C. § 1391(b), because the releases of hazardous substances from the Site occurred in this district and because the events or omissions giving rise to the claims herein occurred in this district.

**DEFENDANT**

4. Defendant Hamilton Sundstrand Corporation ("Hamilton Sundstrand") is incorporated under the laws of the State of Delaware and is registered to do business in the State of Illinois. Hamilton Sundstrand is an owner and/or operator of a machine tools and aerospace products and services manufacturing facility located on 23rd Avenue between 9th and 11th Streets, Rockford, Winnebago County, Illinois.

5. Defendant is a "person" within the meaning of CERCLA Sections 101(21) and 107, 42 U.S.C. §§ 9601(21) and 9607.

6. Defendant's property, described in Paragraph 4 above, is a "facility" within the meaning of CERCLA Sections 101(9) and 107(a), 42 U.S.C. §§ 9601(9) and 9607(a).

7. Defendant is a person, who owns or operates a facility, or is a person who at the time of disposal of hazardous substances, owned or operated a facility, from which there has been a release of hazardous substances, or a threatened release of hazardous substances that caused the incurrence of response costs, within the meaning of CERCLA Section 107(a)(1) or (2), 42 U.S.C. § 9607(a)(1) or (2).

8. Hazardous substances released from Defendant's facility have contributed to the contamination of the soils and the groundwater at the SERGWCS Site and at the Source Area 9/10 Site.

## GENERAL ALLEGATIONS

9. The SERGWCS Site is an approximately 10 square mile area approximately bounded by the Rock River to the West, Broadway to the North, Mulford Road to the East and Sandy Hollow Road to the South, in Rockford, Illinois. The SERGWCS Site was placed on the National Priorities List ("NPL") on March 31, 1989, (54 Fed. Reg. 13,296). The NPL,

established pursuant to Section 105(a) of CERCLA, 42 U.S.C. 9605(a), and 40 C.F.R. Part 300, lists sites throughout the United States that, because of releases or threatened releases of hazardous substances, pose a significant threat to human health and the environment.

10. Hazardous substances as defined in CERCLA Section 101(14), 42 U.S.C. § 9601(14), including, but not limited to, trichloroethylene, tetrachloroethylene and 1,1,1-trichloroethane, 1,2-dichloroethylene, 1,2-dichloroethane, and 1,1-dichloroethane, have come to be located in the groundwater at the SERGWCS Site.

11. Pursuant to CERCLA Section 104, 42 U.S.C. § 9604, and in response to the releases and threatened releases of hazardous substances into the environment, at and from the SERGWCS Site, the United States and the State of Illinois separately, and in conjunction with partial funding contributions from potentially responsible parties, including Defendant, have undertaken response actions. These response actions have included, without limitation, "removal" actions within the meaning of CERCLA Section 101(23), 42 U.S.C. § 9601(23), including the connection to the City of Rockford Water System of residences with contaminated water supplies, and investigations of the sources of contamination at the SERGWCS Site.

12. Operable Unit #3 of the SERGWCS Site consists of investigations of the sources of contamination, including Source Area 9/10. The Illinois EPA completed a Remedial Investigation ("RI") Report for Operable Unit #3 in July 2000, and a Feasibility Study ("FS") Report for Operable Unit #3 in September 2000.

13. Source Area 9/10 is an industrial area that is bounded by 11th Street on the East, 23rd Avenue on the North, Harrison Avenue on the South and 6th Street on the West, in Rockford, Illinois. The Hamilton Sundstrand facility comprises a portion of Source Area 9/10.

14. On June 11, 2002, the U.S. EPA selected remedial actions for each of the four source areas identified at the SERGWCS Site, including Source Area 9/10, that are embodied in a Record of Decision ("ROD").

15. The selected remedy for Source Area 9/10 includes, but is not limited to, the following components: a) establishment of institutional controls to minimize potential for human exposure to contamination and protect the integrity of the remedy by limiting land and resource use; b) establishment of security measures; c) installation, operation and maintenance of air sparging, soil vapor extraction and carbon treatment systems for remediation of contaminated soils and leachate; d) implementation of solvent and jet propellant recovery wells; e) disposal of outside storage area contamination soils and cap installation; f) remediation of the loading dock area; g) establishment, operation and maintenance of a Groundwater Management Zone ("GMZ"); h) remediation of any additional areas of contamination discovered during implementation of the remedy; and i) implementation of contingent remedial measures.

16. On or about January 13, 2003, the U.S. EPA entered into an Administrative Order on Consent with the Defendant for the performance and funding of the Remedial Design phase of the selected Remedial Action at the Source Area 9/10 Site and partial reimbursement of U.S. EPA costs incurred at the Source Area 9/10 Site. U.S. EPA approved the Remedial Design on or about April 26, 2007.

17. As a result of responding to the releases or threatened releases of hazardous substances from the Source Area 9//10 Site, the United States and the State of Illinois have incurred unreimbursed past response costs, excluding prejudgment interest, at the Source Area 9/10 Site.

18. The United States and the State of Illinois will continue to incur response costs as a result of the releases or threatened releases of hazardous substances at or from the Source Area 9/10 Site.

## FIRST CLAIM FOR RELIEF

(Injunctive Relief Under Section 106 of CERCLA, 42 U.S.C. § 9606)

19. The allegations appearing in Paragraphs 1 through 18 above are realleged and incorporated herein by reference.

20. CERCLA Section 106(a), 42 U.S.C. § 9606(a), provides, in pertinent part,

> . . . when the President determines that there may be an imminent and substantial endangerment to the public health or welfare or the environment because of an actual or threatened release of a hazardous substance from a facility, he may . . . secure such relief as may be necessary to abate such danger or threat, and the district court of the United States in the district in which the threat occurs shall have jurisdiction to grant such relief as the public interest . . . may require. The President may also . . . take other action under this section including . . . issuing such orders as may be necessary to protect public health and welfare and the environment.

21. Executive Order 12580 of January 23, 1987, delegated the President's functions under CERCLA Section 106(a) to the Administrator of EPA.

22. U.S. EPA has determined that there is or may be an imminent and substantial endangerment to the public health or welfare or the environment because of actual or threatened releases of hazardous substances from the Source Area 9/10 Site.

23. Pursuant to CERCLA Section 106(a), 42 U.S.C. § 9606(a), Defendant is

subject to injunctive relief to abate the danger or threat presented by releases or threatened releases of hazardous substances from the Source Area 9/10 Site.

**SECOND CLAIM FOR RELIEF**

(Recovery of Costs Under Section 107 of CERCLA, 42 U.S.C. § 9607)

24. The allegations appearing in Paragraphs 1 through 23 above are realleged and incorporated herein by reference.

25. Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), provides, in pertinent part, that:

> Notwithstanding any other provision or rule of law, and subject only to the defenses set forth in subsection (b) of this Section –
>
> (1) the owner and operator of a vessel or a facility,
>
> (2) any person who at the time of disposal of any hazardous substance owned or operated any facility at which such hazardous substances were disposed of,
>
> (3) any person who by contract, agreement, or otherwise arranged for disposal or treatment, or arranged with a transporter for transport for disposal or treatment, of hazardous substances owned or possessed by such person, by any other party or entity, at any facility or incineration vessel owned or operated by another party or entity and containing such hazardous substances, and
>
> (4) any person who accepts or accepted any hazardous substances for transport to disposal or treatment facilities, incineration vessels or sites selected by such person, from which there is a release, or a threatened release which causes the incurrence of response costs, of a hazardous substance, shall be liable for –
>
> (A) all costs of removal or remedial action incurred by the United States Government or a State . . . not inconsistent with the national contingency plan;
>
> (B) any other necessary costs of response incurred by any other person consistent with the national contingency plan; . . . and

> (D) the costs of any health assessment or health effects study carried out under Section 9604(I) of [Title 42].

26. Section 113(g)(2) of CERCLA, 42 U.S.C. 9613(g)(2), provides, in pertinent part, that:

> (2) Actions for recovery of costs
>
> * * * *
>
> In any . . . action [for recovery of costs] . . ., the court shall enter a declaratory judgment on liability for response costs or damages that will be binding on any subsequent action or actions to recover further response costs or damages.

27. Volatile organic compounds ("VOCs"), including chlorinated solvents, including but not limited to, trichloroethylene, tetrachloroethylene, and 1,1,1-trichloroethane, are "hazardous substances" and were "disposed of" at the Source Area 9/10 Site within the meaning of Sections 101(14) and 107(a)(2) of CERCLA, 42 U.S.C. §§ 9601(14) and 9607(a)(2).

28. Defendant is the current owner and/or operator of a facility at Source Area 9/10 Site, at which there have been releases of hazardous substances, within the meaning of Section 107(a)(1) of CERCLA, 42 U.S.C. § 9607(a)(1).

29. Defendant is an owner and/or operator of a facility at the Source Area 9/10 at a time when hazardous substances were disposed there, within the meaning of Section 107(a)(2) of CERCLA, 42 U.S.C. § 9607(a)(2).

30. At times relevant hereto, there were "releases" or "threatened releases" of one or more hazardous substances into the environment at and from the Source Area 9/10 Site within the meaning of Sections 101(14) and (22), and 107(a) of CERCLA, 42 U.S.C. §§ 9601(14) and (22), and 9607(a).

31. The actions taken by the United States and the State of Illinois in connection with the releases, or threatened releases of hazardous substances, at the Source Area 9/10 Site constitute response actions that are not inconsistent with the National Contingency Plan, within the meaning of Section 101(25) of CERCLA, 42 U.S.C. § 9601(25), for which the United States and the State of Illinois have incurred and will continue to incur response costs.

32. Defendant is a person within one or more of the classes of persons liable for response costs under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), as specified in Paragraph 25, above.

33. Defendant is jointly and severally liable to the United States and the State of Illinois under Section 107(a) of CERCLA, 42 U.S.C. § 9607(a), for all unreimbursed response costs, including oversight and enforcement costs and prejudgment interest on such costs, incurred in connection with releases at the Source Area 9/10 Site.

34. Pursuant to Section 113(g)(2) of CERCLA, 42 U.S.C. § 9613(g)(2), the Court should enter in this action a declaratory judgment on the joint and several liability of Defendant for response costs that will be binding on any subsequent action(s) to recover further response costs.

35. To date, Defendant has failed to reimburse the United States and the State of Illinois for a portion of their response costs incurred in connection with the Source Area 9/10 Site.

**PRAYER FOR RELIEF**

WHEREFORE, the United States and the State of Illinois pray that this Court:

1. Order the Defendant to remedy the conditions at the Source Area 9/10 Site that may present an imminent and substantial endangerment to the public health or welfare or the environment by implementing the remedial actions selected in the ROD for the Source Area 9/10 Site;

2. Enter judgment against Defendant, finding Defendant jointly and severally for all unreimbursed costs incurred by the United States and the State of Illinois, including pre-and post-judgment interest, in connection with response actions related to the release of hazardous substances at and from the Source Area 9/10 Site not inconsistent with the National Contingency Plan;

3. Enter a declaratory judgment, pursuant to Section 113(g) (2) of CERCLA, 42 U.S.C. § 9613(g)(2), finding Defendant jointly and severally liable for all response costs incurred by the United States and the State Illinois in connection with the releases of hazardous substances at and from Defendant's facility at the Source Area 9/10 Site that will be binding in any subsequent action or actions to recover further response costs;

4. Award the United States and the State of Illinois their costs of this action; and

5. Grant such other relief as the Court deems appropriate.

Respectfully submitted,

W. BENJAMIN FISHEROW
Deputy Chief, Environmental Enforcement Section
Environment and Natural Resources Division

FRANCIS J. BIROS
Trial Attorney
Environmental Enforcement Section
U.S. Department of Justice
P.O. Box 7611
Washington, D.C. 20044
(202) 616-6552
frank.biros@usdoj.gov

PATRICK C. FITZGERALD
United States Attorney
Northern District of Illinois

MONICA MALLORY
Assistant United States Attorney
308 West State Street, Suite 300
Rockford, Illinois 61101
(815) 987-4444
monica.mallory@usdoj.gov

OF COUNSEL:
TOM TURNER
Associate Regional Counsel
U.S. Environmental Protection Agency - Region 5
77 W. Jackson Blvd. (C-14J)
Chicago, Illinois 60604

**THE STATE OF ILLINOIS**

LISA MADIGAN
Attorney General

MATTHEW J. DUNN, Chief
Environmental Enforcement/
Asbestos Litigation Section

By: ______________________
ROSEMARIE CAZEAU, Chief
Environmental Bureau

OF COUNSEL:

ELIZABETH WALLACE
Supervising Attorney
Environmental Bureau
Illinois Attorney General's Office
69 W. Washington St., Ste. 1800
Chicago, IL 60602
(312)814-5396
ewallace@atg.state.il.us