## **RESTATED AGREEMENT AND DECLARATION OF TRUST**

WHEREAS, an Agreement and Declaration of Trust was executed and entered into effective January 1, 1957 creating the Plumbers and Pipe Fitters Local 23 Fund for Training Journeyman and Apprentices;

WHEREAS, it is the desire of the Plan Sponsors to amend and restate this Trust Agreement;

NOW THEREFORE, the Trust Settlors, the Piping Industry Council Rockford Area ("PICRA") and the Plumbers and Pipe Fitters Local 23, U.A. ("Union") hereby amend and restate the Agreement and Declaration of Trust effective January 1, 2006 as follows:

## ARTICLE I - NAME OF TRUST

This Trust shall be known as the Plumbers and Pipe Fitters Local 23 Fund for Training Journeyman and Apprentices (hereinafter called "Training Fund", or "Trust") and the business and affairs of the Trust shall be conducted in that name.

## ARTICLE II - DEFINITIONS

Section 1.  The term "Employer" shall mean and include:

(a) Any member of the Piping Industry Council Rockford Area (PICRA), or any person, firm, association, partnership or corporation which enters into a Collective Bargaining Agreement that requires the employer to pay contributions to the Fund, and

(b) Any employer that is signatory to a participation agreement which binds it to this Agreement and Declaration of Trust.

Section 2.  The term "Union" shall mean Plumbers and Pipe Fitters Local 23 U.A.

Section 3.  The term "Employee" shall mean and include:

(a) Any employees of an Employer on whose behalf the Employer is required to make contributions to the Fund under the terms of a Collective Bargaining Agreement with the Union;

(b) Any employees of an Employer on whose behalf the Employer is required to make contributions to the Fund under a participation agreement with the Trustees;

1

**EXHIBIT 1**

Section 4.  The term "Plumber or Pipe Fitter" shall mean any Employee engaged in doing work of the character falling within the jurisdiction of the Union and represented for collective bargaining purposes by the Union.

Section 5.  The term "Trustee" and "Trustees" as used herein shall mean a Trustee or the Trustees hereinafter designated, together with such Trustee's successor or such Trustees' successors, designated in the manner hereinafter provided. The term "Employer Trustee" shall mean a Trustee selected by PICRA. The term "Union Trustee" shall mean a Trustee selected by the Union.

Section 6.  The term "Trust Agreement" and "Agreement and Declaration of Trust" shall mean this instrument together with any and all amendments to, or modifications of it, adopted in accordance with the provisions hereof.

Section 7.  The term "Employer Contributions" shall mean payments due from, or made by Employers to the Trust hereby created pursuant to a Collective Bargaining Agreement or Participation Agreement.

Section 8.  The term "Trust Estate" shall mean all assets of any and every kind and nature constituting property of the Trustees, in their Trust capacity, and subject to administration by them hereunder, including all Employer Contributions made or due to the Trustees, all income from investment of Funds belonging to the Trust, all contracts with dividends, refunds or other sums received by the Trustees in connection with any such contract and any and all property of every kind and nature received from any source whatever and held by the Trustees for the uses and purposes in this Agreement.

Section 9.  The term "Collective Bargaining Agreement" shall mean any Agreements entered into between PICRA and the Union regulating the terms and conditions of employment of Plumbers and Pipe Fitters and any amendment, renewals or modifications thereof and any similar Agreement made between the Union and any other Employer(s).

Section 10.  The term "Geographical Area" shall mean the geographical jurisdiction of the Union.

**ARTICLE III - PURPOSE OF TRUST**

Section 1.  The purpose of the Trust is to establish and maintain a Training Fund to be used for the exclusive purpose of providing, maintaining and administering a program developing and furthering skills of journeymen and apprentices covered by a Collective Bargaining Agreement.

2

Case 1:07-cv-59999    Document 95-7    Filed 07/08/2008    Page 3 of 17

**ARTICLE IV – PAYMENT AND RECEIPT OF EMPLOYER CONTRIBUTIONS**

Section 1.  Each Employer shall pay to the Trustees Contributions in the amount and manner as established in the Collective Bargaining Agreements negotiated from time to time between the Employers and the Union.

Section 2.  No Employer, unless he or it otherwise agrees, shall be responsible for the contributions or other obligations imposed hereby on any other Employer. PICRA shall not be responsible for the contributions or other obligations hereby imposed on its individual Employer members.

Section 3.  The Trustees and their successors are hereby designated as the persons to collect, receive and receipt for Employer Contributions. The Trustees are hereby vested with all right, title and interest in and to all money arising from Employer Contributions due and unpaid at any time, and all such money and rights to receive contributions shall be held by them in trust for the purpose and on the conditions herein set forth.

Section 4.  The Trustees shall have the power to demand, collect, receive, receipt for and hold all Employer Contributions, money, property, of every kind, right of action and interests of any kind, belonging or due to the Trust Estate and the power to take any and every appropriate action by legal proceeding, or otherwise, necessary to exercise and enforce the power vested in them.

Section 5.  Any authorized representative of the Trustees shall have the right, at all reasonable times during business hours, to enter upon the premises of any Employer and to examine and copy such books, records, papers and reports of the Employer as may be necessary to determine the number of Employees, the hours of work performed, the place of performance and any other information necessary or helpful to the Trustees in performing their duties in accordance with the provisions of this Trust Agreement.

Each Employer shall make these books, records, papers and reports available to any authorized representative of the Trustees for such purposes. In the event that the Trustees utilize legal counsel to aid them in securing compliance by any Employer with the provisions of this Section, such Employer shall be liable for all costs incurred, including, but not limited to, reasonable attorneys' fees (even if no legal actions are actually initiated) and court costs.

In the event the audit discloses that any Employer during the period of the audit, has underpaid its contributions, the Employer shall be liable for the costs of the examination. The Trustees shall have the authority, however, to waive all or part of such costs for good cause shown.

Section 6.  It is recognized and acknowledged by all parties, including the participating Employers that the regular and prompt payment of contributions is essential to the maintenance of this Plan. Further, it is recognized that it would be extremely difficult, if not impracticable to fix the actual expense and damage to the Plan which

would result from the failure of an individual Employer to pay the required contributions in a timely manner. Therefore, if any individual Employer shall fail to pay the required contribution by the due date, such Employer shall be liable, in addition to amounts otherwise due, for liquidated damages in the amount as set forth in the Collective Bargaining Agreement. Employers shall also be required to pay interest on any delinquent contributions in the amount set for in the Collective Bargaining Agreement for each month Contributions remain unpaid.

In the event the Trustees place the account in the hands of legal counsel for collection, the delinquent Employer shall be liable for the Fund's reasonable attorney's fees, and for all reasonable costs incurred in the collection process, including, but not limited to, court fees and audit fees. The Trustees shall have the authority, however, to waive all or part of the liquidated damages, interest, attorneys' fees, or collection costs, for good cause shown.

Section 7.  Non-payment by an Employer of any monies due shall not relieve any other Employer from his obligation to make payments.

**ARTICLE V – GENERAL POWERS AND DUTIES OF THE TRUSTEES**

Section 1.  Powers.

The Trustees shall have and are hereby given, in addition to those granted by law, or granted elsewhere in this instrument, the following powers:

a. To enter into any and all contracts and agreements necessary or desirable to carry out the purposes of the Trust.

b. To do any and every act which may be reasonably necessary to accomplish the purpose for which the Trust is created, whether or not such acts are expressly authorized hereby.

c. To formulate and promulgate a training program with any and all rules and regulations which they deem necessary or desirable to facilitate the proper administration of the Plan so long as such rules and regulations are not inconsistent with the provisions of this instrument and not contrary to law.

d. To prosecute, defend, and/or compromise or release claims or demands in favor of, or against, the Training Fund on such terms and conditions as they deem advisable.

    e.    To rely on, and be fully protected in acting on, any instrument in writing which such Trustee reasonably believed to be genuine and transmitted, executed or delivered by the person or persons purporting to have transmitted, executed or delivered the same.

    f.    To employ persons (including attorneys, auditors, investment advisors, or agents) to advise or assist the Trustees in the performance of their duties; to act without independent investigation upon their recommendations; and to employ one or more agents to perform any act of administration, whether or not discretionary.

    g.    To indemnify any current or former Trustees for the cost of defending any litigation in which such Trustee is named a defendant as a result of his role as a Trustee and/or for any judgment or settlement in such litigation where such indemnification is not otherwise precluded by applicable law.

    h.    To oversee the Rockford Area Plumbing, Pipefitting, and Refrigeration Joint Apprenticeship and Training Committee ("JATC") in its administration of the training program and to require any reports or books of account it deems necessary in its oversight of the JATC.

    i.    To oversee the Joint Ventures In Safety Committee ("JVISC") in its administration of the safety program and to require any reports or books of account it deems necessary in its oversight of the JVISC.

Section 2.    Duties.

The Trustees shall have and are hereby given, in addition to those dictated by law and delegated elsewhere in this instrument, the following duties:

    a.    To establish and oversee a training program furthering skills of journeymen and apprentices through Employer contributions, in accordance with the provisions set forth in the applicable Collective Bargaining Agreement. Such power shall include: (1) the power to receive all Employer Contributions; (2) to hold the same until applied to the ultimate purposes provided for herein in this Trust; (3) to take such steps as may be necessary to collect Employer Contributions, including instituting or intervening in any proceeding at law or in equity or in bankruptcy; and (4) to settle or release any such actions.

    b.    To manage and invest the assets of the Training Fund, subject to the requirements and limitations set forth in the Employee Retirement Income Security Act ("ERISA").

        c.        To make such applications and disclosures to the United States Treasury Department, the United States Department of Labor, and the Internal Revenue Service as may be necessary to secure and retain rulings that this Trust and the training program formulated by the Trustees are qualified under the pertinent provisions of the law; and to provide annual reports and audits to both Local 23 and PICRA.

        d.        To provide appropriate parties (including government agencies) with such returns, reports, schedules, descriptions, and individual statements as are required by law within the times prescribed by law and to furnish or make copies of such instruments, reports, and documents as are required by law to be available for examination by participants and their beneficiaries in such places and in such manner as required by law.

        e.        To obtain from Employers and Employees (as well as from any persons that the Trustees may employ to carry out the administration of the Training Fund) such information as shall be necessary for the proper administration of the training program.

        f.        To keep true and accurate books and records including records of meetings and actions either taken at such meetings or by informal action of the Trustees.

        g.        To do such other acts reasonably required to administer the Training Fund in accordance with its provisions, or as may be provided for or required by law.

Section 3.    No Trustee shall be personally liable for the payment, performance or discharge of any obligation, debt, contract or liability of the Trust Fund. All contracts, debts, obligations and liabilities contracted or incurred by the Trustees in the proper discharge of their duties shall be paid and discharged out of the Trust Estate except as provided by applicable federal law.

Section 4.    Except as provided by applicable federal law, no Trustee shall be liable for any error of judgment or loss sustained by the Trust Estate out of any act or failure to act in the execution of the Trust, including losses resulting from investments, so long as the Trustee acted in good faith.

Section 5.    Each Trustee may rely on, and shall be fully protected in acting on any instrument in writing which such Trustee reasonably believed to be genuine and transmitted, executed or delivered by the person or persons purporting to have transmitted, executed or delivered the same. Each Trustee may rely on, and shall be fully protected in, acting on advice or legal counsel or any other professional advisor selected by the Trustees in good faith. No Trustee shall be obligated to make independent inquiry as to the truth, accuracy, or correctness of any facts contained in such an instrument or the validity of any such advice.

6

Case 1:07-cv-59999   Document 95-7   Filed 07/08/2008   Page 8 of 17

Section 6.   Each successor Trustee appointed in accordance with the provisions of this instrument, upon accepting in writing the terms thereof, shall be vested with all rights, powers and duties of his predecessor and be entitled to the same protections and exemptions from liability as his predecessor.

## ARTICLE VI – JOINT APPRENTICESHIP AND TRAINING COMMITTEE

The Rockford Area Plumbing, Pipefitting, and Refrigeration Joint Apprenticeship and Training Committee ("JATC") has been established for the purpose of administering a training program for developing and furthering skills of journeymen and apprentices covered by a Collective Bargaining Agreement.

The JATC is composed of an equal number of Union and Employer members. The Union members shall be appointed by Local 23 and the Employer members shall be appointed by the PICRA. Decisions of the members of the JATC shall be accomplished by majority vote consisting of at least one Employer member and one Union member. Disputed matters upon which the JATC deadlocks shall be referred to the Board of Trustees for resolution.

The JATC shall report to the Board of Trustees regarding its activities, policies and books of account in carrying out any of its assigned duties including but not limited to the following:

Section 1.   To appoint a person as Coordinator of Apprenticeship to administer the day to day operations of the training program.

Section 2.   To establish Standards of Apprenticeship to be used in the administration of the training program and to register the training program with the U.S. Department of Labor.

Section 3.   To determine the need for apprentices in the locality and the facilities available for acquiring the necessary experience on the job.

Section 4.   To determine the adequacy of an Employer to give proper training.

Section 5.   To establish minimum required standards of qualifications of persons applying for apprenticeship.

Section 6.   To place apprentices under an Apprentice Indenture Agreement and register such agreements with the U.S. Department of Labor.

Section 7.   To determine the quality and quantity of experience on the job which the apprentice must have and to be responsible for the apprentice obtaining it.

Section 8.   To hear and adjust serious violations of Apprentice Indenture Agreements referred to the JATC by the Coordinator of Apprenticeship.

7

Section 9.  To arrange for tests to determine the apprentice's progress in the trade.

Section 10.  To conduct a final examination of apprentices and recommend that a certificate of Completion of Apprenticeship be issued to those who satisfactorily pass the examination required by the JATC.

Section 11.  To maintain a record of each apprentice, showing his related training, work experience and progress in the learning of the trade.

Section 12.  To provide reports covering the work of the JATC to the respective Employer and/or Employee groups upon request.

Section 13.  In general, to be responsible for the successful operation of the Standards of Apprenticeship.

Section 14.  To post a public notice of apprenticeship opportunities which conform to State and Federal law.

Section 15.  To take any actions necessary to further the purposes of the JATC.

**ARTICLE VII – JOINT VENTURES IN SAFETY COMMITTEE**

The Joint Ventures In Safety Committee ("JVISC") has been established for the purpose of administering a safety program for to promote safety on behalf of journeymen and apprentices covered by a Collective Bargaining Agreement.

The JVISC is composed of an equal number of Union and Employer members. The Union members shall be appointed by Local 23 and the Employer members shall be appointed the PICRA. Disputed matters upon which the JVISC deadlocks shall be referred to the Board of Trustees for resolution.

The JVISC shall report to the Board of Trustees regarding its activities, policies and books of account in carrying out any of its assigned duties including but not limited the following:

Section 1.  To appoint a person as Coordinator of Safety to administer the day to day operations of the training program.

Section 2.  To establish safety programs to promote safety in the industry.

8

## ARTICLE VIII – OBLIGATIONS OF EMPLOYERS AND OTHERS DEALING WITH THE TRUSTEES

Section 1.  No person dealing with the Trustees shall be:

    (a) Obligated to see to the application of any money or property paid or delivered to the Trustees;

    (b) Obligated to see that the terms of this instrument are complied with;

    (c) Privileged to inquire into the necessity or expedience of any act of the Trustees.

Section 2.  Every instrument executed by the Trustees, or their agent acting in accordance with authority granted by the Trustees shall be conclusive evidence, in favor of each person relying thereon that; (a) at the time or delivery of the instrument this Agreement was in full force and effect, (b) the instrument was executed in accordance with the terms and conditions hereof, and (c) the Trustees were duly authorized and empowered to execute or cause the instrument to be executed.

Section 3.  The receipt by the Trustees of any money or property or of the proceeds of a check or draft after said checks or drafts have been honored and paid to the Trustees, shall operate as a discharge of the person or persons paying or transferring such money or property or instrument, to the extent of the amount or value of such money, property or instrument paid or transferred.

Section 4.  Every Employer shall when so required by the Trustees furnish such information and reports as the Trustees may deem necessary to the proper performance of their duties.

Section 5.  Each Employer shall, annually, or at such other times as established by the Trustees, furnish to the Trustees a statement showing whether such Employer is (i) a corporation; (ii) a partnership; or (iii) a sole proprietorship; and

    (a) If it is a corporation, the names of all its officers;

    (b) If it is a partnership, the names of all partners; and

    (c) If it is a sole proprietorship, the assumed name or trade name and the true name of the sole proprietor.

Such statement shall also designate the address to which the Trustees shall direct any notices and at which records relating to Employer Contributions are kept, and the name of the Employee, officer or partner in charge of such records.

Section 6.   Every Employer shall be obligated to pay contributions pursuant to the terms of this Trust Agreement, as provided in any Collective Bargaining Agreement providing for contributions to this Trust, or as provided in any participation agreement.

Section 7.   All Employers shall maintain a surety bond as provided for in the Collective Bargaining Agreement.

**ARTICLE IX – BOARD OF TRUSTEES**

Section 1.   This Trust shall be administered and operated by eight (8) Trustees. Four Trustees shall be known as "Union Trustees" and four shall be known as "Employer Trustees." Each successor Trustee shall have the same classification as that held by the Trustee whom he replaced. The Union Trustees shall be appointed by the Union and the Employer Trustees shall be appointed by PICRA. The Union and PICRA shall make their appointments in writing signed by a duly authorized agent.

Section 2.   The Trustees shall select a Chairman and a Secretary. Each shall serve for one year and until their successors are duly selected and qualified. The Chairman or Secretary may be one of the eight Trustees or may be a person who is not Trustee.

Section 3.   A quorum of Trustees shall consist of four Trustees, provided at least one of whom is an Employer Trustee and at least one of whom is a Union Trustee.

Section 4.   (a)   Except as provided in subsection (b) below, decisions of the Board of Trustees shall be by majority vote of the Trustees at a meeting at which a quorum is present. However, in order for any motion or resolution to carry, at least one Union Trustee and one Employer Trustee must vote in favor of such motion or resolution.

(b)   Decisions of the Trustees as to specific questions may also be made by either unanimous written consent or by at least five affirmative votes cast by telephone conference call, provided that all reasonable efforts are made to include each Trustee in the conference call.

Section 5.   Meetings of the Board of Trustees shall be scheduled as follows:

(a)   The Board of Trustees shall meet at the time and place established at the prior meeting of the Board.

(b)   The Board of Trustees shall also meet upon five (5) days written notice from the Chairman or upon five (5) days written notice from any two (2) Trustees designating the time and place of the meeting. Meetings may be held at any time without notice if all Trustees consent.

Section 6.  No vacancy or vacancies in the number of Trustees shall impair the power of the remaining Trustees, acting in accordance with this Agreement, to administer the affairs of the Trust in spite of such vacancy or vacancies.

Section 7.  (a)  A deadlock shall be deemed to exist whenever a motion or resolution made or proposed by any one of the Trustees and seconded by another Trustee is neither adopted nor rejected by a majority vote of the Trustees;

(b)  In the event of a deadlock on any one or more issues, the Trustees, at the request of any four (4) Trustees, shall select an impartial arbitrator to decide the dispute. In the event that the Trustees cannot agree on the selection of an arbitrator by majority vote within a reasonable time, under the circumstances, and in any event if the Trustees are unable to agree by majority vote on the selection within thirty (30) days of the request that an arbitrator be selected, then any four (4)Trustees may petition the Chief Judge of the United States District Court for the Northern District of Illinois to appoint an impartial arbitrator;

(c)  The arbitration shall be conducted under the Voluntary Labor Arbitration Rules then obtaining of the American Arbitration Association as to any procedural matter not specifically covered in this instrument;

(d)  The impartial arbitrator shall render his decision within such reasonable time as is set by the Trustees. The impartial arbitrator shall only consider the issue or issues upon which the deadlock occurred and the scope of inquiry and decision shall be so limited as well as being limited to an interpretation of this Trust Agreement and the plan of benefits and rules and regulations promulgated hereunder. The impartial arbitrator shall have no jurisdiction or authority to change or modify the provisions of this Trust Agreement or the plan of benefits and rules and regulations promulgated hereunder, or to decide any issue arising under or involving the interpretation of any Collective Bargaining Agreement, and such impartial arbitrator shall have no power or authority to change or modify any provisions of any Collective Bargaining Agreements.

Section 7.  Any Union Trustee may be removed at any time by the Union. Any Employer Trustee may be removed at any time by PICRA. The Union and PICRA shall make their removals in writing signed by a duly authorized agent.

Section 8.  A Trustee may resign and be fully discharged from all further duty and responsibility hereunder by giving ten days notice in writing to the other Trustees. The Trustees may waive such ten days notice in any instance where they deem such waiver desirable. The notice shall designate the date upon which the resignation is to become effective. The resignation shall become effective on the date specified.

Section 9.  If any Trustee dies, resigns, becomes incapable of acting, or is removed, a successor shall be immediately appointed by PICRA if the vacancy results from the loss of an Employer Trustee; or by the Union, if the vacancy results from the loss of a Union Trustee. Such appointment shall become effective as soon as the appointing organization files with the remaining Trustees a certificate signed by the President or Vice-President designating the successor selected.

Section 10. The Trustees may adopt rules or bylaws to govern themselves and their meetings which are not inconsistent with any of the provisions of this Amended Declaration of Trust.

Section 11. The Trustees and the Chairman or Secretary if not Trustees, may receive no compensation from the Training Fund for their service on the Board.

## ARTICLE X – RESTRICTIONS ON INTEREST OF CERTAIN TRUSTEES

Section 1.  Local 23, the PICRA, the Trustees, and any Employer, shall not receive any part of the contributions, assets, or property of the Training Fund either directly or indirectly, except to the extent they are otherwise entitled to receive training and instruction under the training program as an Employee. Further, nothing in this agreement shall prevent the Training Fund from contracting or making reasonable arrangements with a party in interest for office space, or legal, accounting or other services necessary for the establishment or operation of the Training Fund, provided reasonable compensation is paid therefore, in conformance with Section 408(b)(2) of ERISA.

Section 2.  The Trustees in addition to the duty to maintain books and records as hereinbefore provided shall at any time upon demand of the Union or PICRA furnish such additional accounting as may be required.

## ARTICLE XI – FIDELITY BONDS AND INSURANCE

Section 1.  The Trustees shall by resolution provide for fidelity bonds with such companies and in such amounts as they may determine for all persons, including Trustees, who are authorized to receive, withdraw or otherwise deal with funds from the Trust Estate.

Section 2.  The Trustees may purchase insurance for the Fund or its fiduciaries to cover liability or losses occurring by reason of the act or omission of a fiduciary, if such insurance permits recourse by the insurer against the fiduciary in the case of a breach of a fiduciary's obligations by such fiduciary.

## ARTICLE XII - MISCELLANEOUS

Section 1.   The personal pronouns in this instrument shall be read and construed as singular or plural and all words of masculine gender shall be construed as feminine and all words in the singular shall be read and construed as though plural wherever such construction is necessary to give a reasonable meaning to the provisions of this instrument.

Section 2.   The titles of the Articles of this instrument are included solely for convenience and not to be considered a part of the substance of the instrument.

Section 3.   This Agreement and any rules and regulations adopted by the Trustees shall be construed in accordance with the laws of the State of Illinois, except as they may be pre-empted by an applicable federal law.

Section 4.   If any provision of this Agreement is declared illegal or invalid by any court, legislative enactment or administrative rule, the invalidity of such provision shall not impair the validity of the remaining provisions.

## ARTICLE XIII – RESTRICTIONS ON AMENDMENT

Section 1.   This Agreement may be amended at any time and from time to time by the Trust Settlors (the Union and PICRA), except that:

   (a)   No amendment shall divert the Fund or any part thereof to a purpose other than that set forth herein;

   (b)   No amendment shall provide for an unequal number of Employer and Union Trustees;

   (c)   No amendment shall contravene any Collective Bargaining Agreement in existence at the time of adoption of the amendment between any of the parties hereto;

   (d)   No amendment shall violate applicable law, or contain any provision which would result in the disallowance of contributions to the Trust Estate as a deduction for tax purposes on the part of the contributor.

Section 2.   No Employee, beneficiary or any other person shall have any vested right or interest in the Trust Fund or in any payments to be made out of the Trust Fund or under the terms of any insurance contract purchased with Trust Funds, except to the extent they are otherwise entitled to receive training and instruction under the training program as an Employee.

13

**ARTICLE XIV – TERMINATION OF TRUST**

Section 1.  The Trust hereby created may be terminated by the Trustees when there is no longer in force any Agreement between PICRA and the Union or any other Employer, requiring Employer Contributions to the Trust Fund for the purpose set forth herein.

Section 2.  The Trust hereby created may be terminated at any time by unanimous consent of the Trustees, the Union and PICRA.

Section 3.  If the Trust hereby created is terminated, the Trustees shall apply the Trust Fund in payment of, or provision for the payment of, any and all obligations of the Trust and they shall then distribute and apply any remainder of the Trust Fund in accordance with the provisions of the training program promulgated by them provided, however, no part of the corpus or income of the Trust Fund shall be used for a purpose other than the benefit of Employees, the payment of administrative expenses of the Trust, and payments in accordance with the training program adopted by the Trustees under the terms hereof.

Section 4.  Upon termination of the Trust hereby created the Trustees shall notify each member of PICRA, the Union and all other interested parties and shall continue as Trustees for the purpose of winding up the affairs of the Trust.

**ARTICLE XV – TRANSFERS AND MERGERS**

Section 1.  The Trustees, but only when directed by the trust settlors (PICRA and the Union) pursuant to written agreement, shall merge the training program with, or transfer assets and liabilities to or from another training program.

Section 2.  The Trustees may take any action, consistent with the foregoing provisions of this Agreement, which they may deem necessary or advisable to effectuate and complete any such merger or transfer of assets and liabilities.

IN WITNESS WHEREOF, the Plumbers and Pipefitters, Local 23 U.A. has executed this Trust Agreement this __5__ day of __MAY__, 2006.

_____
Daryl Russell, Business Manager

IN WITNESS WHEREOF, the Piping Industry Council for the Rockford Area has executed this Trust Agreement this __5__ day of __MAY__, 2006.

_____
By: MIKE SABIN
Title: PRES. PICRA

**TRUSTEES:**

| **UNION TRUSTEES** | **EMPLOYER TRUSTEES** |
|---|---|
| Domenic Affano | Gary Hatfield |
| Bob D. Hastings Jr. | Jerry Mead |
| Daryl Russell | |
| Raymond Steffan | |

15