IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS; THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, <br><br> Plaintiffs, <br><br> v. <br><br> CHAD ENCHEFF d/b/a ENCHEFF ORGANIZATION INC., and ALL WEATHER CONSTRUCTION, INC. <br><br> Defendant. | CASE NO. |

## COMPLAINT

**NOW COMES** the Plaintiffs, THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS and THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, by and through their attorneys, MARC M. PEKAY, P.C. and hereby complain against the Defendant, CHAD ENCHEFF d/b/a ENCHEFF ORGANIZATION, INC. and ALL WEATHER CONSTRUCTION, INC., as follows:

### COUNT I – UNPAID LIQUIDATED DAMAGES

1.     Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. Section 1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management

Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. Section 185(a), and 28 U.S.C. Section 1331.

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. Section 1132 (e)(2), and 28 U.S.C. Section 1391 (a) and (b).

3. (a) The Plaintiffs are THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS and THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS; (hereinafter called the "Rockford Funds") and having standing to sue pursuant to 29 U.S.C. Section 1132(d)(1) and 29 U.S.C. Section 185(a).

(b) The Rockford Funds have been established pursuant to Collective Bargaining Agreements previously entered into between various Unions and certain employer associations whose employees are covered by the Collective Bargaining Agreements with the Unions. The Rockford Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws.

4. CHAD ENCHEFF d/b/a ENCHEFF ORGANIZATION INC. (hereinafter "Encheff" or "Defendant") is a Company engaged in the construction industry and doing business within this geographic area and is an industry affecting interstate commerce.

5. ALL WEATHER CONSTRUCTION, INC. (hereinafter "All Weather" or "Defendant") is an Illinois Corporation engaged in the construction industry and doing business within this geographic area and is an industry affecting interstate commerce.

6. On or about August 1, 2007, Encheff and the Northwestern Illinois Contractors Association and Teamsters Local Union #325 entered into a Collective Bargaining Agreement. *See Exhibit A.*

7. Subsequently, Encheff stopped operating and formed a new company called ALL WEATHER CONSTRUCTION, INC.

8. On or about September 4, 2007, All Weather and the Northern Illinois District Council of the Operative Plasterers & Cement Masons International Association entered into a Collective Bargaining Agreement. *See Exhibit B.*

9. Under the terms of the Collective Bargaining Agreements and Trust Agreements to which the Defendants are bound, the Defendants are required to make periodic contributions to the Rockford Funds on behalf of certain employees.

10. Since on or about August 1, 2007, Encheff has acknowledged and ratified the Collective Bargaining Agreement entered into with Northwestern Illinois Contractors Association and Teamsters Local Union 325 by paying contributions pursuant to the Collective Bargaining Agreement and Trust to which Defendant is bound.

11. Since on or about September 4, 2007, All Weather has acknowledged and ratified the Collective Bargaining Agreement entered into with the Northern Illinois District Council of the Operative Plasterers & Cement Masons International Association by paying contributions pursuant to the Collective Bargaining Agreement and Trust to which the Defendants are bound.

12. Pursuant to the Collective Bargaining Agreement, contributions to the Funds are due on the fifteenth (15th) day of the month.

3

13.     Pursuant to the Collective Bargaining Agreement to which Defendants are bound, an employer who fails to make the contributions by the twenty-fifth (25th) day of the month after the work was performed is required to pay an additional amount of ten percent (10%) in liquidated damages, along with all legal fees and costs expended to collect this money.

14.     The Defendants have failed to make timely payments of its contributions from August 1, 2007 to present as required to be paid by it to the Rockford Fund pursuant to the terms of the Collective Bargaining Agreements by which the Defendants are bound, all in violation of Defendants' contractual obligations and the obligations under State and Federal Statutes.

15.     Since Encheff and All Weather are the same Company, collectively they owe in liquidated damages is Six Thousand Twenty Eight Dollars and Two cents ($6,028.02). Attached as Exhibit C is a document that shows when the contributions were due and when they were paid and the amount of liquidated damages that have accrued. *See Exhibit C*.

16.     In addition to the above, the Rockford Funds have already spent Three Hundred Dollars ($300.00) in legal fees trying to collect these liquidated damages.

17.     Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. Section 185, and the terms of the Collective Bargaining Agreement, CHAD ENCHEFF d/b/a ENCHEFF ORGANIZATION and ALL WEATHER CONSTRUCTION are liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid and late contributions, reasonable

attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**WHEREFORE**, Plaintiffs respectfully request this Court enter a judgment against Defendants, CHAD ENCHEFF d/b/a ENCHEFF ORGANIZATION and ALL WEATHER CONSTRUCTION collectively,

(a) Enter judgment be entered against the Defendants and in favor of the Plaintiffs in the amount of Six Thousand Three Hundred Twenty Eight Dollars and two cents ($6,328.02) plus additional legal fees incurred to collect this money;

(b) To enjoin Defendants from violating the terms of the Agreement including, but not limited to ordering Defendants to remain current in its payments of contributions; and

(c) To award Plaintiffs any further legal and equitable relief as the Court deems appropriate.

### COUNT II – UNPAID CONTRIBUTIONS

18. Plaintiffs reallege paragraphs 1 through 17 of Count I.

19. Both Encheff and All Weather have become delinquent in the payment of their contributions. The Companies are now delinquent in their payments from May 2008 to present. There is also an underpayment of contributions in the amount of $1.30.

20. The Agreement and the Funds' respective Agreements and Declarations of Trust obligate the Defendants to make contributions on behalf of its employees

covered by the Agreement for pension benefits, health and welfare benefits, for the training fund and to submit monthly remittance reports in which the Companies, *inter alia*, identify the employees covered under the Agreement and the amount of contributions to be remitted to the Funds on behalf of each covered employee.

21. Further, the Collective Bargaining Agreement to which the Defendants are bound requires the Defendants to submit its books and records to an audit.

22. The Companies' actions in failing to make timely reports and contributions violate Sections 515 of ERISA, 29 U.S.C. Section 1145, and Section 301 of the LMRA. 29 U.S.C. Section 185.

23. Again, pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. Section 185, and the terms of the Collective Bargaining Agreement, CHAD ENCHEFF d/b/a ENCHEFF ORGANIZATION and ALL WEATHER CONSTRUCTION are liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid and late contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**WHEREFORE**, Plaintiffs respectfully request this Court enter a judgment against Defendants, CHAD ENCHEFF d/b/a ENCHEFF ORGANIZATION and ALL WEATHER CONSTRUCTION collectively,

(a) Enter judgment be entered against the Defendants and in favor of the Plaintiffs in the amount of Six Thousand Three Hundred Twenty Nine Dollars and thirty two cents ($6,329.32) plus additional legal fees incurred to collect this money;

(b) To direct Defendants to submit its benefit reports and contributions and to order the Defendants to submit their books and records to an audit and to enter a Judgment an amount certain upon completion of that audit;

(c) To enjoin Defendants from violating the terms of the Agreement including, but not limited to ordering Defendants to remain current in its payments of contributions; and

(c) To award Plaintiffs any further legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

CONSTRUCTION INDUSTRY
WELFARE AND RETIREMENT FUND
OF ROCKFORD, ILLINOIS;
s/ Marc M. Pekay,
Attorney for Plaintiffs

Marc M. Pekay, P.C.
30 North LaSalle St., Ste. 2426
Chicago, IL 60602
(312) 606-0980

## NORTHWESTERN ILLINOIS CONTRACTORS ASSOCIATION AND TEAMSTERS LOCAL UNION #325

*AUG 1, 2007 —*
Effective ~~June 1, 2006~~ through May 31, 2011

### WITNESSETH:

1.1 The purpose of this Agreement between the Northwestern Illinois Contractors Association and Teamster Local #325 is: (a) to enter into a definite labor management contract covering wages, hours, conditions of work and terms of employment in the relationship between Employer and employee; (b) to prevent strikes, lockouts and work stoppages; (c) to adopt suitable measures for the peaceful settlement of grievances and differences; (d) to secure to members of the Association or other Employers sufficient capable employees; (e) to protect the economic and employment welfare of employees.

2.1 It is mutually understood and agreed that the following terms relating to the wages, hours and working conditions of workmen covered by this Agreement have been decided upon by means of collective bargaining, and that the following provisions will be binding upon the parties to this Agreement during the terms of this Agreement and any renewal period thereof.

### ARTICLE I

### Recognition and Scope of Agreement

1.1 GEOGRAPHIC COVERAGE. Rockford and Freeport and Vicinity, Illinois. Wisconsin Border, to the North; State Highway #23, to the East; State Highway #72, to the South (including Byron, Illinois); State Highway #78 to the West, (including Stockton, Illinois).

.2 RECOGNITION. Employer recognizes the Union, as the sole and exclusive Bargaining agent with respect to rates of pay, hours of work, and all other conditions of employment for all employees covered by this Agreement.

**Encheff Organization**
Attn: Chad Encheff
1654 Burckhardt Lane
Freeport, IL  61032
Phone: 815-235-8980   Fax: 815-233-4819
Email: cencheff@enchefforganization.com

1

arbitration provisions of this agreement nor the no strike-no lockout provisions shall be applicable.

## ARTICLE 30

### Duration and Termination

30.1 This Agreement shall become effective on June 1, 2006 and shall remain in force and effect until and including May 31, 2011. After May 31, 2011 this Agreement shall be renewed automatically for periods of one (1) year unless the Employer or the Union gives written notice to the other of a desire to modify, amend or terminate same at least sixty (60) days prior to the expiration of any such period.

## ARTICLE 31

Effective with the date of this Agreement there will be a contribution to the Construction Industry Advancement Fund of $0.06 per hour to be used for Safety, Educational and Hazardous Waste expenses or any other mutually agreed expenses that should arise during the life of this Agreement. Employers will make contributions on forms to be provided by the Union.

BY

_____ For the Employer
8/1/07

Encheff Organization
Attn: Chad Encheff
1654 Burckhardt Lane
Freeport, IL 61032
Phone: 815-235-8980   Fax:815-233-4819
Email: cencheff@encheff organization.com

BY

_____ TEAMSTERS L.U. #325 Business Representative
affiliated with International Brotherhood of Teamsters
8-1-07

10241/500

## NORTHERN ILLINOIS DISTRICT COUNCIL OF THE OPERATIVE PLASTERERS & CEMENT MASONS INTERNATIONAL ASSOCIATION

### MEMORANDUM OF AGREEMENT

This Agreement is entered into by and between Cement Masons and Plasterers Local Nos. 5, 11, 502, and 803 affiliated with the Northern Illinois District Council of the Operative Plasterers and Cement Masons International Association, AFL-CIO (collectively referred to as the "Union) and:;

_All Weather Contractors_
(referred to as the "Employer").

WHEREAS, the Employer has entered into various collective bargaining agreements with the Northern Illinois District Council of the Operative Plasterers and Cement Masons International Association of the United States and Canada covering geographical areas including, the counties of, in their entirety, in the state of Illinois, Lee, Whiteside, Ogle, Carroll, JoDavies, Stephenson, McHenry, Kane, Kendall, DeKalb, Lake, Grundy, Will, Winnebago, Boone, LaSalle, Bureau, Putnam, DuPage, Cook, Kankakee, and Iroquois, and the counties of, in their entirety, in the state of Iowa, DuBuque, Delaware, Alamakee, Jackson, Clayton, and the eastern half of Jones.

THEREFORE, it is hereby AGREED as follows:

1. The Employer recognizes the Union as the exclusive majority representative of all employees covered by this Agreement in the bargaining unit set forth in this agreement pursuant to section 9(a) of the Labor-Management Relations Act. This majority status has been established by the unions unequivocal demand for recognition as majority representative, the Employers unequivocal granting recognition of the unions majority 9(a) status based on the union having shown or having offered to show an evidentiary basis of the Unions majority support. Section 9(a) status may have resulted based on a National Labor Relations Board certification that the Union is a majority representative of the bargaining unit covered by this agreement.

2. The Employer agrees to be bound to all Master Collective Bargaining Agreements between the Union and the various Employer Associations in the geographical jurisdiction of the Union, and hereby incorporated herein with the same force and effects as if herein setforth in full, with respect to wages, hours of work, and fringe benefits, and all other terms and conditions of employment for all afore said Cement Mason, Plasterer, and Shop Hand employees who are, have been, or will become employed by the employer. The employer affirms the collective bargaining agreements between the union and the associations as applicable to it with all amendments thereto. The terms of this agreement shall control in the event of a conflict with the Associations agreements. It is understood and also agreed that this provision specifically excludes the Agreement covering Building and Heavy and Highway between the Illinois Valley Contractors Association, Inc. the Operative Plasterers and Cement Masons International Association Local Unions #11 (Areas 297 & 858) and Local # 18 (Area 158) and the International Union of Bricklayers and Allied Craftworkers Local # 6.

3. The Employer further agrees that all work performed under this Memorandum of Agreement in LaSalle, Bureau, Putnam, Henry, and Stark counties in their entirety in the State of Illinois shall be controlled by the Employer's Agreement between the Operative Plasterers and Cement Masons International Association Local Unions #11 and # 18.

1

4. The Employer agrees to pay the amounts which it is obligated to pay under the aforementioned Master Collective Bargaining Agreements to the Welfare, Defined Benefit and Defined Contribution Pension Plans, and all other fringe benefit funds named therein to become bound by and to be considered a party to the Trust Agreements upon which the funds are based; and acknowledges and agrees to be bound to by any and all separate agreements with the Trustees of the various funds, or any Agreements with the officials of the union, as if it has a signed the original copies of the Trust instruments and any amendments thereto. The Employer ratifies and confirms the appointment of all of the Employer Trustees who shall, together with their Successor Trustees, designated in the manner provided in said Agreements and Declarations of Trust and jointly with an equal number of Trustees appointed by the Union, carry out the terms and conditions of the Trust Agreements.

5. The Employer further affirms and represents that all prior contributions to the various funds were made by duly authorized agents of the Employer at the proper rates for the appropriate periods of time; and that by making said prior contributions, the Employer evidenced the intent to be bound by the terms of the Trust Agreements and Collective Bargaining Agreements which were operative at the time the contributions were made; acknowledges the report form to be sufficient instrument in writing to bind the Employer to the applicable agreements. The Employer further agrees that the Trustees may, at any time have an audit made of the payroll records of the Employer in connection with said contributions and/or reports. Where an audit discloses a difference between hours actually worked by an employee and hours reported to the Funds by the Employer and where such audit discloses any willful violation of any of the requirements of the Trust Agreements, the officers and directors of the Employer, if a corporation, or the owner or partners of the Employer, as applicable, shall be personally liable for any underpayment or other pecuniary loss to the Fund as a result of such conduct.

6. Employers covered by this Memorandum of Agreement shall retain all the work traditionally performed by Cement Masons, Plasterers and Shop Hands. The Employer agrees that it will not cause any such traditionally performed work to be done at a construction site by employees other than those covered by this Memorandum of Agreement, except with the prior written consent of the Union. Any Employer who contracts out or sublets any part of the work coming within the jurisdiction of the Union shall act as guarantor of each subcontractor for payment of employees wages and fringe benefits, including reasonable attorneys fees incurred in enforcing the provisions hereof. Not withstanding any agreement to the contrary the Employers violation of any provision of the paragraph will give the Union the right to take any lawful action, including all remedies at law or equity.

7. In the event of any changes in ownership, management or operation of the Employer's business, by sale or otherwise, it is agreed that as a condition of such transfer or change it shall be provided in the instrument effecting the change that the new owner and management shall be fully bound by the terms and conditions of this Agreement. This Agreement is applicable to all successors, transferors, and assigns of the Employer, whether corporate or otherwise.

8. The individual signing this Agreement agrees to be personally, jointly and severally liable with the Employer for any failure to pay wages or contributions, or to accurately report hours to the fringe benefit funds as required by this Agreement.

9. This document is the complete written agreement between the parties and can only be amended in writing by the parties. No other oral representation shall be binding on either party, nor shall any party rely upon such oral statements that vary the terms of the written Agreement.

10. The Employer and the Union agree that the territorial jurisdiction of the Union shall be covered by all Master Agreements between the Union and the various contractor associations as follows:
    a.    Cement Masons Local Union 502 shall have jurisdiction over the county of Cook in the state of Illinois.
    b.    Cement Masons Local Union 803 shall have jurisdiction over the county of DuPage in the state of Illinois.

2

c. Plasterers Local Union 5 shall have jurisdiction over the counties of Cook, DuPage, DeKalb, Grundy, Kane, Kendall, LaSalle, Livingston, McHenry, and Will Counties in their entirety in the state of Illinois.

d. Cement Masons and Plasterers local 11, Area 587 shall have jurisdiction over the counties of Lee, Whiteside, Ogle, Carroll, Jo Davies, Stephenson in their entirety in the state of Illinois. The counties of DuBuque, Delaware, Alamakee, Jackson, Clayton, Jones in their entirety in the state of Iowa.

e. Cement Masons and Plasterers Local 11 Area 638 shall have jurisdiction over the counties of McHenry, Kane, Kendall and DeKalb in their entirety in the state of Illinois.

f. Cement Masons and Plasterers Local 11, Area 362 shall have jurisdiction over the county of Lake in its entirety in the state of Illinois.

g. Cement Masons and Plasterers Local 11 Area 161 shall have jurisdiction over the counties of Grundy, Will, Kankakee, and Iroquois in their entirety in the state of Illinois.

h. Cement Masons and Plasterers Local 11 Area 382 shall have jurisdiction over the counties of Winnebago and Boone in their entirety in the state of Illinois.

i. Cement Masons and Plasterers Local 11 Area 297/858 shall have jurisdiction over the counties of LaSalle, Bureau, and Putnam in their entirety in the state of Illinois.

11. The parties do hereby adopt the latest Master Agreements, and all approved amendments thereto and any future Master Agreements and Amendments thereto between the Union and the various employer associations or any successor association (s), signatory with Local Unions 5, 11, 502, and 803, of the Northern Illinois District Council of Plasterers and Cement Masons International Association of the United States and Canada. The parties do hereby adopt the terms and conditions of any and all Trust Fund Agreements recognized in said Agreements, accepting and ratifying the appointment of the Employer Trustees and their successors and agree to be bound by all terms and conditions thereof for the duration of such Collective Bargaining Agreement and any future Agreements and for the period of any subsequent extensions including any amendments which may be subsequently made.

12. Either party desiring to amend or terminate the Collective Bargaining Agreements adopted in this Memorandum of Agreement must notify the other in writing at least sixty (60) days and not more than ninety (90) days prior to the expiration of the Collective Bargaining Agreement (s) which it seeks to amend or terminate.

IN WITNESS WHEREOF, the parties have executed this Memorandum of Agreement this __4__ day of __Sept__ 20__07__.

All Weather Construction
Employer/Company Name

_Signature/Title_

1654 Burkhardt Ln.
Freeport IL 61032
Address

(815) 494-1259
Phone

_____
P. Local Union No. 5

_Gerald J. Hoe_
C.M. Local Union No. 502

_____
C.M. Local Union 303

_____
C.M. & P. Local Union No. 11

CONSTRUCTION INDUSTRY FUND OF ROCKFORD
6838 EAST STATE STREET SUITE 201
ROCKFORD, IL 61108

815-399-0800



ENCHEFF ORGANIZATION
1654 BURCKHARDT LANE
FREEPORT, IL 61032

Page 1 of 1

3/27/2008

10209

Your payroll submission(s) for the following were delinquent. You have been assessed a delinquent penalty as follows:

| ACCT | FUND | PAY PERIOD | PSTMRK DT | FUND AMT | % | PENALTY AMT | PD AMT | PD DT | WAIVE |
|---|---|---|---|---|---|---|---|---|---|
| CIRTSR | CIAN | 11/30/2007 | 12/28/2007 | $7,052.08 | 10.00 | $705.21 | | | |
| CIRTSR | CIWFR | 11/30/2007 | 12/28/2007 | $5,860.18 | 10.00 | $586.02 | | | |
| | | | Totals | | | $1,291.23 | $0.00 | | |
| | | | Total Due upon Receipt | | | $1,291.23 | | | |

Please remit penalty due under separate cover from any hours submissions. Please attach a copy of this letter with your remittance.
Thank you

CONSTRUCTION INDUSTRY FUND OF ROCKFORD
6838 EAST STATE STREET SUITE 201
ROCKFORD, IL 61108

815-399-0800

ALL WEATHER CONSTRUCTION
1654 BURCKHARDT LANE
FREEPORT, IL 61032

Page 1 of 1

2/27/2008

10241

Your payroll submission(s) for the following were delinquent. You have been assessed a delinquent penalty as follows:

| ACCT | FUND | PAY PERIOD | PSTMRK DT | FUND AMT | % | PENALTY AMT | PD AMT | PD DT | WAIVE |
|---|---|---|---|---|---|---|---|---|---|
| CIRTSR | CIAN | 09/30/2007 | 12/13/2007 | $6,001.28 | 10.00 | $600.13 | | | |
| CIRPCT | RETIREME | 09/30/2007 | 12/28/2007 | $2,171.95 | 10.00 | $217.20 | | | |
| CIRTSR | CIWFR | 09/30/2007 | 12/13/2007 | $4,986.98 | 10.00 | $498.70 | | | |
| CIRPCT | WELFARE | 09/30/2007 | 12/28/2007 | $2,118.10 | 10.00 | $211.81 | | | |
| CIRTSR | CIAN | 10/31/2007 | 12/13/2007 | $4,792.50 | 10.00 | $479.25 | | | |
| CIRPCT | RETIREME | 10/31/2007 | 12/13/2007 | $5,798.93 | 10.00 | $579.89 | | | |
| CIRTSR | CIWFR | 10/31/2007 | 12/13/2007 | $3,982.50 | 10.00 | $398.25 | | | |
| CIRPCT | WELFARE | 10/31/2007 | 12/13/2007 | $5,655.15 | 10.00 | $565.52 | | | |
| CIRPCT | RETIREME | 11/30/2007 | 12/28/2007 | $6,004.63 | 10.00 | $600.46 | | | |
| CIRPCT | WELFARE | 11/30/2007 | 12/28/2007 | $5,855.75 | 10.00 | $585.58 | | | |
| | | | **Totals** | | | **$4,736.79** | **$0.00** | | |
| | | | **Total Due upon Receipt** | | | **$4,736.79** | | | |

Please remit penalty due under separate cover from any hours submissions. Please attach a copy of this letter with your remittance.
Thank you