IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS, WESTERN DIVISION

| | |
|---|---|
| AMERICAN GUTTER FILTER, INC. ) <br> An Illinois Corporation, ) <br>         Plaintiff, ) <br> ) <br> v.  ) <br> ) <br> MR. JOHN OLTHOFF, individually and ) <br> As Member of GUTTERFILTER ) <br> COMPANY, LLC, GUTTERFILTER ) <br> COMPANY, LLC, a Michigan Limited ) <br> Liability Company, and GUTTERFILTER ) <br> AMERICA, LLC., a New Jersey Limited ) <br> Liability Company, ) <br>         Defendants. ) | No. |

**COMPLAINT FOR DECLARATORY RELIEF**

1.   This is a civil action seeking declaratory relief.  Defendants John Olthoff, GutterFilter Company, LLC and GutterFilter America, LLC have taken the unified position that the plaintiff is infringing on their intellectual property rights by the plaintiff's usage of its trade name, American Gutter Filter, Inc. in furtherance of its business. Plaintiff takes issue with the defendants' broad assertions of rights over what is essentially a common and generic term, "gutter filter" and that such a generic term cannot be trademarked.  This declaratory action seeks to resolve that dispute.

**JURISDICTION AND VENUE**

2.   The Court has subject matter jurisdiction over this claim pursuant to the Lanham Act, 15 U.S.C. § 1051-1127 and the Declaratory Judgment Act, 28 U.S.C. § 2201.

3.   Personal jurisdiction and venue are proper because plaintiff is informed, believe, and thereon alleges that Defendants have sufficient contact with this District generally and, in particular, with the events herein alleged, including but not limited to their promulgation over the Internet of information on their products and the offer for sale of their products to millions of Illinoisans.

4.   Defendants also sell to Illinois residents and ship their products to Illinois.  Defendant GutterFilter America, LLC maintains an Internet E-Commerce website at http://www.gutter-filtration.com/1.html which markets the defendant GutterFilter Company LLC's product "GutterFilter®" to residents of all states including Illinois.

5.  Venue is also proper in this District under 28 U.S.C. § 1391(b)(2) because a substantial portion of the events or omissions giving rise to the claim occurred in the Northern District of Illinois.

   a.  Specifically, defendant GutterFilter Company LLC's counsel sent plaintiff a "cease and desist" letter which affected parties residing in the Northern District of Illinois and residents of the Northern District of Illinois, and residents of the Northern District of Illinois are alleged to have infringed on the defendant's trademark.

   b.  GutterFilter America, LLC's National Operations Manager sent plaintiff a email alleging misrepresentation and trademark infringement which affected parties residing in the Northern District of Illinois and residents of the Northern District of Illinois, and residents of the Northern District of Illinois are alleged to have infringed on the defendant's trademark.

## PARTIES

5.  Plaintiff American Gutter Filter, Inc. is an Illinois corporation headquartered in East Dundee, Illinois which makes its product available to the public over the Internet and otherwise.

6.  Defendant John Olthoff is the principal Member of the defendant GutterFilter Company, LLC which is a Michigan Limited Liability Company, headquartered in Grand Rapids, Michigan, that markets its product to the public over the Internet as well as through distributorships located throughout the United States and Canada.

7.  Defendant GutterFilter America, LLC is a New Jersey Limited Liability Company headquartered in Maple Shade, New Jersey which markets its products and those of the defendant GutterFilter Company, LLC to the public over the Internet as well as through "dealerships" located throughout the United States.

## COMMON ALLEGATIONS

8.  The plaintiff American Gutter Filter, Inc. has been in operation since February 2004 and manufactures, markets, installs and is the owner of a patent pending, United States Registered Trademarked product known as GutterFill® which is a non-metal rain gutter filter in the nature of a foam insert for maintaining gutters and downspouts.

9.  The defendant John Olthoff is the owner of United States Registered Trademarked product known as GutterFilter® which is a foam insert for residential and commercial gutters, to protect against the infiltration of debris into a gutter's downspout and thereby prevent clogging.

10.  GutterFilter® is manufactured and marketed by GutterFilter Company, LLC, a limited liability company that has been in operation since December 2003.

11. The defendant GutterFilter America, LLC has been in operation since October 2003 and, among other services that it provides to customers, it markets and installs the defendant GutterFilter Company LLC's product GutterFilter®.

12. The plaintiff is uncertain but does not believe that the defendant GutterFilter America, LLC has any ownership interest in the trademark of GutterFilter®.

13. On April 29, 2008, the defendant GutterFilter America, LLC's National Operations Manager, Charles Nuskey, sent an email to the plaintiff alleging misrepresentation and trademark infringement by the plaintiff *(a copy of that email is attached hereto and incorporated by reference herein as Exhibit "A")*.

14. The email read as follows:

> We have been notified by several consumer prospects that you have been misrepresenting your company and product as GutterFilter, a registered trademarked, gutter filtration product and Dealer Network. We are documenting these complaints and are providing these consumers with information on how to file a formal complaint with the Attorney General's office within their respective states. As we continue to gather information, our next step will be to file a formal complaint for damages due to misrepresentation.
>
> This email is being sent to put you on notice.

15. On April 30, 2008, plaintiff's counsel sent a responsive email to Mr. Nuskey denying any such misrepresentation and pointing out to Mr. Nuskey that the plaintiff was in fact the owner of a registered trademark on the product known as GutterFill® *(a copy of that email is attached hereto and incorporated by reference herein as Exhibit "B")*.

16. On May 7, 2008, the defendant's lawyer sent the plaintiff a "cease and desist" letter alleging trademark infringement by the plaintiff in connection with the plaintiff's marketing of its product and its trade name which includes the words "Gutter Filter."  Although the letter was mistakenly addressed to the "President" of a corporation named "Gutter Filter America, Inc.", it was sent to the business address of the plaintiff *(a copy of that letter with attachments which it references is attached hereto and incorporated by reference herein as Exhibit "C")*.

17. The "cease and desist" letter demanded that the plaintiff "discontinue using the trademark GUTTER FILTER, destroy all packaging, labels and promotional or advertising materials displaying the mark, and delete any other tangible or intangible display or reference to the mark in (plaintiff's) possession or under (plaintiff's) control."

18. The letter also demanded of plaintiff that it "immediately remove any and all text or graphics that infringe GutterFilter's copyrights from (plaintiff's) website and promotional materials, including but not limited to GutterFilter's distinctive leaf design, which (plaintiff) employs in a circle with a slash through it."

3

19.     Attached to the letter were printed materials from the plaintiff's website which were the subject of the defendant's complaint of trademark infringement and which made it clear that, despite the fact that the letter was addressed to another corporation, the letter was directed toward the plaintiff.

20.     On or about June 2, 2008, plaintiff's counsel had a conversation with defendant's lawyer, John A. Waters during which defense counsel reiterated the demands set forth in the above-referenced letter as well as proposing the idea that the plaintiff change the name of its company to "American Gutter Fill, Inc." in order to further distinguish itself from the defendant GutterFilter Company, LLC.

21.     During the aforementioned conversation, plaintiff's counsel explained to defense counsel that plaintiff did not consider its trade name to be a trademark infringement because the term "gutter filter" was sufficiently generic as the phrase is commonly used by entities not associated with the defendant and further because the defendant's trademark registration makes no claim to the exclusive use of the term "gutter filter" apart from the mark as shown, "GutterFilter®".

22.     Defense counsel's response to the plaintiff's position was essentially that there still was a trademark infringement because of the "likelihood of confusion" regardless of the trademark registration claim by the defendant.

23.     As the email and letter from the defendants referenced herein shows, there is a real and actual controversy between plaintiff and the defendants regarding whether the plaintiff has infringed upon the trademarks of the defendants.

### COUNT I-SEEKING DECLARATION THAT THE PLAINTIFF'S TRADE NAME IS NOT AN INFRINGEMENT OF DEFENDANTS GUTTERFILTER COMPANY, LLC AND JOHN OLTHOFF'S TRADEMARK BASED ON THE GENERIC AND DESCRIPTIVE NATURE OF THE TERM "GUTTER FILTER"

24.     It is beyond dispute that the United States Patent and Trademark Office will refuse to register matter if it does not function as a trademark as when a word or phrase is merely the generic name of the goods on which it is used.

25.     Additionally, Section 2 of the Trademark Act, 15 U.S.C. §1052, contains several of the most common (though not the only) grounds for refusing registration of a trademark, including the fact that the proposed mark is "merely descriptive" of a good or service.

26.     The defendant's claim of trademark infringement in the instant case seems to focus on the plaintiff's trade name in the instant case, American Gutter Filter, Inc.

27.     In the instant case, the plaintiff verily believes that the term "gutter filter" is generic and that the defendants Olthoff and GutterFilter Company, LLC were not the first to use the phrase "gutter filter" and the phrase is commonly used by numerous different entities not affiliated with the defendant.

28. Similarly, the phrase "gutter filter" is used in a generic context both in patent records as well as in various marketing materials of several third parties.

29. Importantly, the defendant Olthoff's own trademark registration expressly states that: "No claim is made to the exclusive right to use "gutter filter", apart from the mark as shown.

30. Additionally during the prosecution of Olthoff's trademark application, the Examiner explained to Olthoff that the disclaimer was being made and as indicated in the Amendment that "a disclaimer does not remove the disclaimed matter from the mark. It is simply a statement that the applicant does not claim exclusive rights in the disclaimed wording or design apart from the mark as shown in the drawing."

31. In light of the above, it appears that the defendant Olthoff expressly acknowledged the generic and descriptive nature of the term "gutter filter" when not used as indicated in the mark.

32. In light of the above and foregoing, it is appropriate for this Court to determine that there exists no trademark infringement of the defendant's trademark GutterFill® by the plaintiff's continued utilization and use of its trade name, American Gutter Filter, Inc.

### COUNT II-SEEKING DECLARATION THAT THERE HAS BEEN NO MISREPRESENTATION BY THE PLAINTIFF WHICH WOULD BE CONSIDERED AN INFRINGEMENT OF ANY CLAIMED TRADEMARK OF THE DEFNDANT GUTTERFILTER AMERICA, LLC

33. Although the plaintiff verily believes that the defendant GutterFilter America, LLC does not own any valid or existing trademark right with regard to the words "gutter filter" in any variation.

34. It appears as if the defendant GutterFilter America, LLC's claim is rooted in what it terms its "Dealer Network": believed by the plaintiff to be a system of independent contract arrangements between it and "regional dealers" that adopt its name and sell GutterFill® across the country.

35. A thorough review of any and all marketing materials published by the plaintiff, electronically or otherwise, reveals that the plaintiff clearly and distinctly advertises his company name as "American Gutter Filter, Inc." and his product as GutterFill®.

36. The fact that the plaintiff has received a federal registration of his trademarked product, GutterFill® and advertises as such is an affirmation that there is not now nor has there ever been any misrepresentation by the plaintiff with respect to his company name or his product.

37. In light of the above and foregoing, it is appropriate for this Court to determine that there exists no misrepresentation or trademark infringement of any trademark over which the the defendant GutterFilter America, LLC claims ownership by the plaintiff's continued utilization and use of its trade name, American Gutter Filter, Inc or its product.

      WHEREFORE, the plaintiff prays that the Court make a determination by way of a Declaratory Judgment that the plaintiff is in no way infringing on any claimed trademark rights of the defendants herein and for any further relief deemed just and equitable.

                                                               _____
                                                              Chris Cosentino

Chris Cosentino
Illinois ARDC# 6272089
The Cosentino Law Firm
801 E. Main Street
St. Charles, IL 60174
(630) 377-9730

6