EINGEGANGEN
26. Juni 2008

## IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
### DEKALB COUNTY, ILLINOIS

| | | |
|---|---|---|
| FRANCIS RYAN | ) | CASE NO.: 08 L 50 |
| Plaintiff(s), | ) | |
| vs. | ) | |
| FLEXI BOGDAHN INTERNATIONAL, et al | ) | |
| Defendant(s). | ) | |

Amount Claimed: $50,001.00

| | | | |
|---|---|---|---|
| Plaintiff's Attorney: | BLAKE K. COSENTINO | TO THE SHERIFF: | SERVE THE DEFENDANT AT: |
| Attorney No.: | 6282692 | NAME: | FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG. |
| Address: | 213 S. 2ND STREET | ADDRESS: | CARL-BENZ WEG 13 22941 |
| City/State/Zip: | DEKALB, IL 60115 | CITY/STATE/ZIP: | BARGTEHEIDE, GERMANY |
| Telephone No.: | 815/758-4441 | TELEPHONE NO.: | 49-4532-40 44 60 |

## SUMMONS

To the above-named Defendant(s):

[ ] A. You are hereby Summoned and required to appear before this Court, located at _____ at _____ on _____ to answer the Complaint in this case, a copy of which is hereto attached. If you fail to do so, a judgment by default may be taken against you for the relief asked in the Complaint.

[X] B. You are hereby summoned and required to file an answer in this case or otherwise file your appearance, in the office of the Clerk of this Court, within 30 days after service of this Summons, exclusive of the day of service. If you fail to do so, judgment or decree by default may be taken against you for the relief prayed in the Complaint.

TO THE OFFICER:

This Summons must be returned by the Officer or other person to whom it was given for service, with endorsement thereon of Service and fees, if any, immediately after service. In the event that paragraph "A" of this Summons is applicable this Summons may not be served less than three (3) days before the day of appearance. If service cannot be made, this Summons shall be returned so endorsed.

This Summons may not be served later than 30 days after its date if paragraph "B" is applicable.

Witness this date, MAY 12, 2008

_[signature]_
Clerk of Court

Date of Service: _____
Time of Service: _____
(to be inserted by Officer on copy left with Defendant.)

**NOTICE TO DEFENDANT IN SMALL CLAIMS UNDER $5,000—SEE REVERSE SIDE**
(Original – Circuit Clerk; Yellow – PL's Atty.; Pink – DF's Copy)

C:\FORMS\CI000031.CIV
REV.: 6/22/99


EXHIBIT A

## NOTICE TO DEFENDANTS - SMALL CLAIMS CASES ONLY
### (Pursuant to Supreme Court Rule)

In a civil action for money (under $5,000) in which the Summons requires your appearance on a specified day, you may enter your appearance as follows:
1. You may enter your appearance prior to the time specified in the Summons by filing a written appearance, answer or motion in person or by attorney at the Office of the Circuit Clerk, DeKalb County Courthouse, 133 West State Street, Sycamore, IL 60178.
2. You may enter your appearance at the time and place specified in the Summons by making your presence known to the Judge when your case is called.

In either event, **YOU MUST APPEAR IN PERSON OR BY ATTORNEY** at the time and place specified in the Summons or a default Judgment will be entered against you.

When you appear in Court, the Judge will require you to enter your appearance in writing, if you have not already done so. Your written appearance, answer, or motion shall state with particularity the address where service of notice or papers may be made upon you or an attorney representing you.

Your case will not be heard on the date set forth in the Summons unless otherwise ordered by the Court. Only the Court can make an exception. Do not call upon the Court Clerk or the Sheriff's office if you feel you will be unable to be present at the time and place specified. Continuances can be granted only on the day set forth in the Summons. You, or an attorney representing you, **MUST APPEAR IN PERSON** at the specified time and place and make such a request.

If you do not appear on the return date, most likely a judgment by default will be entered against you for the amounts sought in the complaint.

---

### OFFICIAL SHERIFF PROCESS ONLY

I certify that I served this Summons on defendant(s) as follows:

[ ] (a). (Individual defendant(s)-personal):
By leaving a copy of the Summons and Complaint with each individual defendant(s) personally, as follows:

| Name of Defendant | Date of Service |
|---|---|
|  |  |
|  |  |

[ ] (b). (Individual defendant(s)-abode):
By leaving a copy of the Summons and Complaint at the defendant(s) usual place of abode, with some person of the family, or a person residing there of the age of 13 years or upwards, informing that person of the contents of the Summons, and also by sending a copy of the Summons and Complaint in a sealed envelope with postage fully prepaid, addressed to each individual defendant(s) at his/her usual place of abode, as follows:

| Name of Defendant | Person with whom left | Date of Service | Mail date |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |

[ ] (c). (Corporation defendant(s)):
By leaving a copy of the Summons and Complaint with the registered agent officer, or agent of each defendant corporation, as follows:

| Defendant Corporation | Registered Agent | Date of Service |
|---|---|---|
|  |  |  |
|  |  |  |

[ ] (d). (Other service):
_____, Sheriff of _____County by _____,
deputy. Sheriff's Fees: Service and return $_____ + Miles \_\_\_\_\_ at $\_\_\_\_\_ per mile = total $_____.
Sheriff_____ of _____County.

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
DEKALB COUNTY, ILLINOIS

EINGEGANGEN
26. Juni 2008
Erl.

| | |
|---|---|
| FRANCIS RYAN, <br>     Plaintiff, <br><br> v. <br><br> FLEXI USA, INC., a Wisconsin Corporation and WAL MART STORES, INC., an Arkansas Corporation, <br>     Defendants | ) <br> ) <br> ) <br> ) Case No. 08 L 50 <br> ) FILED <br> ) MAY 1 2 2008 <br> ) Maureen A. Josh <br> Clerk of the Circuit Court <br> DeKalb County, Illinois |

### AFFIDAVIT OF COUNSEL

I, the undersigned counsel for the plaintiff's do swear and affirm under penalty of perjury that the plaintiff has not previously voluntarily dismissed an action based upon the same or substantially the same acts, omissions, or occurrences I was unable to obtain a consultation required by paragraph 1 of 735 ILCS 5/2-623 because a statute of limitations would impair the action and the consultation required could not be obtained before the expiration of the statute of limitations. I have sworn out this affidavit for purposes of attaching it to a Complaint at Law sounding in medical negligence.

                                                                         Chris Cosentino

Subscribed and
Sworn to before me
This _____ day of
May 2008.

_____
NOTARY PUBLIC

[OFFICIAL SEAL <br> Blake K. Cosentino <br> Notary Public, State of Illinois <br> My Commission Exp. 04/19/2009]

Chris Cosentino
ARDC# 6272089
801 E. Main Street
St. Charles, IL 60174
630-377-9730

NOTICE
BY ORDER OF COURT THIS CASE IS HEREBY SET FOR CASE MANAGEMENT CONFERENCE TO BE CONDUCTED AT THE DeKALB COUNTY COURTHOUSE, SYCAMORE, ILLINOIS IN ACCORDANCE WITH SUPREME COURT RULE 213 BEFORE JUDGE _Klein_ ON _11/10/08_ AT _9:30_ (AM) PM. FAILURE TO APPEAR MAY RESULT IN THE CASE BEING DISMISSED OR AN ORDER OF DEFAULT BEING ENTERED.

IN THE CIRCUIT COURT FOR THE SIXTEENTH JUDICIAL CIRCUIT
DEKALB COUNTY, ILLINOIS

FILED
MAY 12 2008
Maureen A. Josh
Clerk of the Circuit Court
DeKalb County, Illinois

FRANCIS RYAN,
    Plaintiff,

v.

Case No. 08 L 50

FLEXI-BOGDAHN INTERNATIONAL, GMBH & CO KG, a German Corporation, FLEXI USA, INC., a Wisconsin Corporation and WAL MART STORES, INC., an Arkansas Corporation,
    Defendants

Plaintiff demands trial by jury

## COMPLAINT AT LAW

Plaintiff complains and for causes of action alleges as follows:

### COMMON ALLEGATIONS

1. Plaintiff, Francis Ryan, is an individual and is now, and at all times mentioned in this complaint was, a resident of DeKalb County, Illinois.

2. Defendant Flexi Bogdahn International, GmbH & CO KG is now, and at all times mentioned in this complaint was, a foreign corporation organized and existing under the laws of the Country of Germany, with its principal place of business in Bargteheide, Germany.

3. Defendant Flexi USA, Inc. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Wisconsin, with its principal place of business in Cincinnati, Ohio.

4. Defendant Wal Mart Stores, Inc. is now, and at all times mentioned in this complaint was, a corporation organized and existing under the laws of the State of Arkansas, with its principal place of business in Bentonville, Arkansas.

5. Upon information and belief, defendant Flexi Bogdahn International, GmbH & CO KG is now, and at all times mentioned in this complaint was a commercial supplier, in the business of designing, manufacturing, constructing, assembling, inspecting, distributing and selling dog leashes.

6. Upon information and belief, defendant Flexi USA, Inc is now, and at all times mentioned in this complaint was a commercial supplier, in the business of designing, manufacturing, constructing, assembling, inspecting, distributing and selling dog leashes

1

manufactured by itself or by the defendant Flexi Bogdahn International, GmbH & CO KG.

7. Defendant Wal Mart Stores, Inc. is now, and at all times mentioned in this complaint was a commercial supplier, in the business of inspecting and selling at retail to members of the public various types of household products, including dog leashes designed and manufactured by defendants Flexi Bogdahn International, GmbH & CO KG and Flexi USA, Inc.

8. On or about May 10, 2006, plaintiff purchased from defendant Wal Mart Stores, Inc. a dog leash known as a "Classic Long 3" which was designed for "large dogs up to 110 lbs." and that had previously been designed, manufactured, constructed, assembled, inspected, and sold by defendants Flexi Bogdahn International, GmbH & CO KG and Flexi Usa, Inc.

9. On May 10, 2006, the dog leash had not been altered or changed in the condition in which it was supplied to the plaintiff when he attempted to use it, in the proper and intended manner, in the course of walking his dog, which weighed approximately 60 lbs., at which time it malfunctioned when the retractable leash cord separated from the leash casing, causing the hardened plastic leash casing to hit the plaintiff in the mouth which resulted in the injuries and damages described below.

### COUNT I-NEGLIGENCE OF FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

10. At all times mentioned in this complaint, defendant Flexi Bogdahn International, GmbH & CO KG breached the duty to the plaintiff when it so negligently and carelessly designed, manufactured, constructed, assembled, inspected, distributed and sold the dog leash that was dangerous and unsafe for its intended uses.

11. As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

12. As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

WHEREFORE, plaintiff demands judgment as set forth below.

### COUNT II-NEGLIGENCE OF FLEXI USA, INC.

2

13. At all times mentioned in this complaint, defendant Flexi USA, Inc. breached the duty to the plaintiff when it so negligently and carelessly designed, manufactured, constructed, assembled, inspected, distributed and sold the dog leash that was dangerous and unsafe for its intended uses.

14. As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

15. As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT III-NEGLIGENCE OF WAL MART

16. At all times mentioned in this complaint, defendant Wal Mart Stores, Inc. breached its duty to the plaintiff when it so negligently and carelessly inspected, maintained and sold the dog leash that was dangerous and unsafe for its intended uses.

17. As a direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

18. As a further direct and proximate result of the negligence and carelessness of defendant as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT IV-STRICT LIABILITY OF FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

19. At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use and such unreasonable dangerousness constituted a breach of the duty owed by the defendant as a commercial supplier to the plaintiff.

20. As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

21. As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

22. As the commercial manufacturer of the dog leash, Flexi Bogdahn International, GmbH & CO is strictly liable for the plaintiff's injuries for producing and selling the defective and dangerous leash as described above.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT V-STRICT LIABILITY OF FLEXI USA

23. At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use and such unreasonable dangerousness constituted a breach of the duty owed by the defendant as a commercial supplier to the plaintiff.

24. As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

25. As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

26. As the commercial manufacturer and/or distributor of the dog leash, Flexi USA, Inc. is strictly liable for the plaintiff's injuries for producing and selling the defective and dangerous leash as described above.

WHEREFORE, plaintiff demands judgment as set forth below.

## COUNT VI-STRICT LIABILITY OF WAL MART

27. At all times mentioned in this complaint, the dog leash and its component parts were defective (either by design or by manufacture) and unreasonably dangerous as to design, manufacture, and warnings, causing the leash and its component parts to be in a dangerous and defective condition that made them unsafe for their intended use.

28. As a direct and proximate result of the defective and dangerous condition of the leash described above, plaintiff was struck with great force in his mouth causing great pain and extensive damage, including the shattering of several teeth.

29. As a further direct and proximate result of the defective and dangerous condition of the leash as described above, plaintiff will likely require several oral surgeries over the course of his life for the remainder of his life as a result of this incident including crowns and root canals.

30. As the commercial seller of the dog leash, Wal Mart Stores, Inc., Inc. is strictly liable for the plaintiff's injuries for producing and selling the defective and dangerous leash as described above as such unreasonable dangerousness constituted a breach of the duty owed by the defendant to the plaintiff.

WHEREFORE, plaintiff demands judgment as set forth below.

### COUNT VII-BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE BY FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG IN VIOLATION OF 810 ILCS 5/2-315

31. Before it manufactured for sale the dog leash in this matter, Flexi Bogdahn International, GmbH & CO KG had reason to know the particular purpose for which the plaintiff bought the dog leash because of the nature of the product.

32. Further, Flexi Bogdahn International, GmbH & CO KG had good reason to know that the plaintiff was relying on the manufacturer's skill in furnishing a suitable dog leash as reflected in the packaging which represented that the leash was suitable for dogs up to 110 lbs. in purchasing the leash.

33. The dog leash was clearly not suitable for that particular purpose, namely for walking a dog under 110 lbs. in weight and the failure of the leash to conform to the particular purpose constitutes a breach of Flexi Bogdahn International, GmbH & CO KG's Implied Warranty of Fitness for a Particular Purpose.

34. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

### COUNT VIII-BREACH OF WARRANTY OF FITNESS FOR A PARTICULAR PURPOSE BY FLEXI USA IN VIOLATION OF 810 ILCS 5/2-315

35. Before it manufactured and/or distributed for sale the dog leash in this matter, Flexi USA, Inc. had reason to know the particular purpose for which the plaintiff bought the dog leash because of the nature of the product.

36. Further, Flexi USA, Inc. had good reason to know that the plaintiff was relying on its skill in furnishing a suitable dog leash as reflected in the packaging which represented that the leash was suitable for dogs up to 110 lbs. in purchasing the leash.

37. The dog leash was clearly not suitable for that particular purpose, namely for walking a dog under 110 lbs. in weight and the failure of the leash to conform to the particular purpose constitutes a breach of Flexi-USA's Implied Warranty of Fitness for a Particular Purpose.

38. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

### COUNT IX-BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY BY FLEXI BOGDAHN INTERNATIONAL, GMBH & CO KG

39. Flexi Bogdahn International, GmbH & CO KG is a seller and manufacturer of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

40. The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

41. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

### COUNT X-BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY BY FLEXI USA, INC.

42. Flexi USA, Inc. is a seller and/or manufacturer of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

43. The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

44. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

### COUNT XI-BREACH OF IMPLIED WARRANTY OF MERCHANTIBILITY BY WAL MART STORES, INC.

47. Wal Mart Stores, Inc. is a seller of dog leashes such as the one purchased here by the plaintiff and, as such, it sells its goods with an implied warranty that they are merchantable, of a quality equal to that generally acceptable to those who deal in similar goods and generally fit for the ordinary purposes for which such goods are used.

46. The dog leash used by the plaintiff was not fit for the ordinary purposes for which dog leashes are ordinarily used, and that constitutes a breach of the warranty of merchantability by the defendant in this matter which was the actual and proximate and cause of the injuries sustained by the plaintiff.

47. The breach makes it appropriate for this Court to award damages for the injuries sustained by the plaintiff in using the defendant's dog leash.

WHEREFORE, plaintiff demands judgment as set forth below.

### COUNT XII-BREACH OF EXPRESS WARRANTY BY FLEXI BOGDAHN INTERNATIONAL GMBH & CO KG IN VIOLATION OF 810 ILCS 5/2-313

48. As the manufacturer and seller of the dog leash at issue in this matter, the defendant Flexi Bogdahn International, GmbH & CO KG made several affirmations of fact,

7

promises and descriptions of the dog leash to the buying public, which included the plaintiff, which related to the goods and became part of the basis of the bargain and, therefore, created an express warranty that the goods would conform to the affirmations, promises and descriptions of the dog leash.

49. As an example, the defendant expressly warranted at the time of purchase that flexi retractable leashes (including all parts) are warranted by the manufacturer for a period of one year from the date of purchase to be free from defects in materials and workmanship as originally supplied by the manufacturer.

50. Additionally, the defendant expressed in its packaging that the dog leash purchased by the plaintiff was suitable for dogs up to 110 lbs. and would be able to sustain a dog of that size or smaller.

51. The above warranties were breached as the affirmations of fact, promises and product descriptions were untrue insofar as the dog leash was not free from defects in materials and workmanship and the leash was not suitable for dogs up to 110 lbs. in weight as evidenced by the injuries sustained by the plaintiff in the instant case.

**WHEREFORE**, plaintiff demands judgment as set forth below.

## COUNT XIII-BREACH OF EXPRESS WARRANTY BY FLEXI USA, INC. IN VIOLATION OF 810 ILCS 5/2-313

52. As the manufacturer and/or seller of the dog leash at issue in this matter, the defendant Flexi USA, Inc. made several affirmations of fact, promises and descriptions of the dog leash to the buying public, which included the plaintiff, which related to the goods and became part of the basis of the bargain and, therefore, created an express warranty that the goods would conform to the affirmations, promises and descriptions of the dog leash.

53. As an example, the defendant expressly warranted at the time of purchase that flexi retractable leashes (including all parts) are warranted by the manufacturer for a period of one year from the date of purchase to be free from defects in materials and workmanship as originally supplied by the manufacturer.

54. Additionally, the defendant expressed in its packaging that the dog leash purchased by the plaintiff was suitable for dogs up to 110 lbs. and would be able to sustain a dog of that size or smaller.

55. The above warranties were breached as the affirmations of fact, promises and product descriptions were untrue insofar as the dog leash was not free from defects in materials and workmanship and the leash was not suitable for dogs up to 110 lbs. in weight as evidenced by the injuries sustained by the plaintiff in the instant case.

WHEREFORE, plaintiff demands judgment as set forth below.

### COUNT XIV-BREACH OF WARRANTY OF CONSUMER PRODUCT IN VIOLATION OF 15 U.S.C. § 2301, ET SEQ. BY FLEXI BOGDAHN INTERNATIONAL GMBH & CO KG

56. As a supplier and warrantor of the dog leash at issue in this case, the defendant Flexi Bogdahn International, GmbH & CO KG is subject to the strictures of the Magnuson-Moss Warranty Act.

57. As a warrantor who gave the plaintiff and similarly situated consumers a written affirmation of fact or written promise made in connection with the sale of a consumer product which related to the nature of the material or workmanship and affirmed or promised that such material or workmanship is defect free or would meet a specified level of performance over a specified period of time, the defendant violated the Magnuson Moss Warranty Act when its product failed to perform as promised.

58. The failure of the defendant's express warranty was the direct and proximate cause of the injuries sustained by the plaintiff and, as a result thereof, he is entitled to damages as well as attorney fees pursuant to 15 USC § 2310.

WHEREFORE, plaintiff demands judgment as set forth below.

### COUNT XV-BREACH OF WARRANTY OF CONSUMER PRODUCT IN VIOLATION OF 15 U.S.C. § 2301, ET SEQ. BY FLEXI USA, INC.

59. As a supplier and warrantor of the dog leash at issue in this case, the defendant Flexi USA, Inc. is subject to the strictures of the Magnuson-Moss Warranty Act.

60. As a warrantor who gave the plaintiff and similarly situated consumers a written affirmation of fact or written promise made in connection with the sale of a consumer product which related to the nature of the material or workmanship and affirmed or promised that such material or workmanship is defect free or would meet a specified level of performance over a specified period of time, the defendant violated the Magnuson Moss Warranty Act when its product failed to perform as promised.

61. The failure of the defendant's express warranty was the direct and proximate cause of the injuries sustained by the plaintiff and, as a result thereof, he is entitled to damages as well as attorney fees pursuant to 15 USC § 2310.

WHEREFORE, plaintiff demands judgment against defendants as follows:

1. General damages in excess of $50,000.00 according to proof;

9

2. Special damages according to proof;

3. Attorney Fees as provided by the Magnuson Moss Warranty Act;

4. Costs of this action; and

5. Any other and further relief that the court considers proper.

*Blake K. Cosentino*
Blake K. Cosentino

Blake K. Cosentino
ARDC# 6282692
213 S. 2nd Street
DeKalb, IL 60115
815-758-4441

10

EINGEGANGEN
26. Juni 2008
Erl.# 9806-9984

Form **BCA-5.25**
(Rev. Jan. 2003)

AFFIDAVIT OF COMPLIANCE FOR SERVICE ON SECRETARY OF STATE UNDER THE BUSINESS CORPORATION ACT

Jesse White
Secretary of State
Department of Business Services
Springfield, IL 62756
217-524-6748
www.cyberdriveillinois.com

Remit payment in check or money order payable to Secretary of State.

This space for use by Secretary of State.

**FILED**

JUN 0 9 2008

JESSE WHITE
SECRETARY OF STATE

SUBMIT IN DUPLICATE

Date:

Filing Fee: $10

Approved: ___

1. Title and Number of Case:

   Francis Ryan _____ first named plaintiff
   v.
   Flexi Bogdahn, International GmbH & CO ___ first named defendant

   Number 08 L 50

2. Name of corporation being served: Flexi Bogdahn, International GmbH & CO KG
3. Title of court in which an action, suit or proceeding has been commenced: DeKalb Co. Circuit Court
4. Title of instrument being served: Summons and Complaint
5. Basis for service on the Secretary of State: (check and complete appropriate box)

   a. ☐ The corporation's registered agent cannot with reasonable diligence be found at the registered office of record in Illinois.
   b. ☑ The corporation has failed to appoint and maintain a registered agent in Illinois.
   c. ☐ The corporation was dissolved on _____, _____; the conditions
          Month & Day            Year
      of paragraphs (a) or (b) above exist; and the action, suit or proceeding has been instituted against or has affected the corporation within five (5) years thereafter.
   d. ☐ The corporation's authority to transact business in Illinois has been withdrawn/revoked (circle one) on _____, _____.
          Month & Day            Year
   e. ☑ The corporation is a foreign corporation that has transacted business in Illinois without procuring authority, contrary to the provisions of the Business Corporation Act of 1983.

6. Address to which the undersigned will cause a copy of the attached process, notice or demand to be sent by certified or registered mail: Flexi Bogdahn Int'l, Carl-Benz Weg 13 22941, Bargteheide, Germany

7. The undersigned affirms, under penalties of perjury, that the facts stated herein are true, correct and complete.

   Signature of Affiant        May 30            2008
                               Month & Day       Year

   ( 630 )   377-9730
   Telephone Number

Return to (please type or print clearly):

Chris Cosentino
Name
801 E. Main Street
Street
St. Charles, IL 60174
City/Town   State   ZIP

Printed by authority of the State of Illinois. June 2005 — 5M — C 213.10





IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| FRANCIS RYAN, )<br>      Plaintiff, )<br>)<br>v. )<br>)<br>FLEXI-BOGDAHN INTERNATIONAL, )<br>GMBH & CO KG, a German Corporation, )<br>FLEXI USA, INC., a Wisconsin )<br>Corporation and WAL MART STORES, )<br>INC., an Arkansas Corporation, )<br>)<br>      Defendants ) | No. _____ |

## **AFFIDAVIT OF ATTORNEY EWA DABROWSKI**

I, Ewa Dabrowski, after being sworn and upon oath, state that if I were called to an evidentiary hearing I would competently testify on the basis of first hand knowledge to the following:

1. I am an attorney for Defendant Flexi-Bogdhan International GmbH & Co. KG, in the above-referenced litigation.

2. I am knowledgeable about the citizenship and principal place of business of Defendant Flexi-Bogdhan International GmbH & Co. KG, which is Bargteheide, Germany.

3. As an attorney for the above Defendant Flexi-Bogdhan International GmbH & Co. KG, I have a good faith belief, based on the Plaintiff's Complaint, my review of the file, and my experience in handling similar actions, that the parties are in diversity, the amount in controversy exceeds the jurisdictional amount of $75,000 exclusive of costs and interest and removal is proper.

1



FURTHER AFFIANT SAYETH NOT.

*Ewa Dabrowski*

Subscribed and sworn to before me this 14th day of July, 2008

*[Notary signature]*

**OFFICIAL SEAL**
**LINDA M SHOCKLEY**
NOTARY PUBLIC - STATE OF ILLINOIS
MY COMMISSION EXPIRES: 11/29/11

2