IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHER DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| JEAN HOWARD, on behalf of the Estate of DWAYNE HOWARD, Deceased,  )<br>)<br>Plaintiff,  )<br>)<br>)<br>v.  )<br>)<br>CITY OF FREEPORT,  )<br>and FREEPORT POLICE OFFICER  )<br>Bryan Politsch, in their official and  )<br>individual capacities  )<br>)<br>Defendants.  ) | Case No. |

## COMPLAINT

NOW COMES, the Plaintiff, Jean Howard, on behalf of the Estate of Dwayne Howard, Deceased, by and through her attorney, Rene Hernandez, of the Law Office of Rene Hernandez, P.C., bringing forth this Complaint against the Defendants, states as follows:

## INTRODUCTION

This is an action for money damages brought pursuant to 42 U.S.C. §§1983 and 1988, and the Eighth and Fourteenth Amendments to the United States Constitution, and under the common law of the State of Illinois.

## PARTIES JURISDICTION & VENUE

1. This court has jurisdiction pursuant to 42 U.S.C. §§ 1983 and 1988, the Eighth and Fourteenth Amendments to the United States Constitution and there is federal jurisdiction of the claim pursuant to 28 U.S.C. §§ 1331 and 1337, and pendant jurisdiction as provided under 28 U.S.C. §1367(a).

2. Venue is proper for this action in the Northern District of Illinois, Western Division, pursuant to 28 U.S.C. §1391(b), as the claim arose in this judicial district.

3. Plaintiff Jean Howard brings this claim on behalf of her deceased husband, Dwayne Howard.

4. Defendant, Bryan Politsch, is a police officer with the Freeport Police Department, County of Stephenson, State of Illinois. Officer Politsch was acting under the color of law at all times relevant to this Complaint and is being sued in both his individual and official capacity.

## COUNT I:  42 US.C.. § 1983-Wrongful Death

5. Plaintiff realleges and reincorporates paragraphs 1-4 as though fully set forth herein.

7. On July 28, 2007, Decedent Dwayne Howard was visiting Jeff Ayer, an acquaintance and resident at 1530 S. Chicago Ave., Freeport, Illinois.

8. Under information and belief, while located at 1530 S. Chicago Ave., apartment 3, Mr. Howard and Jeff Ayer consumed cocaine and as a result, the decedent experienced feelings of anxiety and paranoia regarding a bug he had seen in Mr. Ayer's apartment.

9. The Decedent called the police in an effort to receive assistance with his concerns.

10. When the police arrived at 1530 S. Chicago Ave., the decedent was holding a small knife, belonging to Mr. Ayer, in an effort to protect himself from what he believed to be an infestation of bugs.

11. The decedent was shot twice, once in his chest and once in his abdomen, by the Defendant Officer Politsch.

12. Dwayne Howard died on July 28, 2007, of Hemorrhagic shock due to the gunshot wound to his chest.

12. As a direct and proximate result of the said acts of Defendant Officer Politsch, the Decedent, Dwayne Howard suffered the following injuries and damages: violation of his constitutional rights to be free from the use of excessive, unreasonable and unjustified force against his person, loss of his life; physical pain and suffering, emotional trauma and suffering, requiring the expenditure of money for treatment and cruel and unusual punishment in violation of his 4th, 8th and 14th Amendment Constitutional rights.

10. In addition, Jean Howard suffered an untimely end of her relationship with her spouse with the corresponding loss of his income services, protection, care, assistance, society, companionship, comfort, guidance counsel and advice and was forced to incur funeral and burial expenses.

11. The actions of the Defendant violated the clearly established and well settled federal constitutional rights of Dwayne Howard to be free from the use of excessive, unreasonable and unjustified use of force against his person and constitutes cruel and unusual punishment in violation of Plaintiff's Eighth and Fourteenth Amendment Constitutional rights.

12. The actions of the Defendant were also in violation of the policy of the Freeport Police Department, to only use the minimum force reasonably required to effect an arrest or control a person. In addition, the force used by an officer shall only be that

which is required to overcome the resistance being offered by an offender. Officer Politsch did not adhere to the policy of Freeport Police Department when he shot and killed the decedent.

      12. Plaintiff, Jean Howard, claims damages for the wrongful death of Dwayne Howard and for her loss of his income, services, care, assistance, society, companionship, comfort, guidance, counsel and advice and for the funeral and burial expenses under 42 U.S.C. § 1983 and the State of Illinois Wrongful Death Statute, 740 ILCS 180/1, *et seq.*

      WHEREFORE, the Plaintiff, Jean Howard, on behalf of the Estate of Dwayne Howard, prays for judgment against the Defendants for a sum in excess of the minimum jurisdictional limits of this Court and for costs of suit.

      JEAN HOWARD, on behalf of the Estate of Dwayne Howard, Plaintiff.

      BY: /s/ Rene Hernandez
      Rene Hernandez
      Attorney for Plaintiff

**PLAINTIFF DEMANDS TRIAL BY JURY**

THE LAW OFFICE OF RENE HERNANDEZ, P.C.
1625 East State Street
Rockford, IL 61104
815/387-0261
Fax: 815/387-0264