UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY, <br><br>            Plaintiffs, <br><br>    v. <br><br> BOS AND SON, INC., an Illinois corporation, and VIKICA BILICH, a/k/a VIKICA BILIC, a/k/a VIKI BILICH, individually, <br><br>            Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

Plaintiffs CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY, by and through their attorneys, Daley and George, Ltd., complaining against Defendants BOS AND SON, INC. and VIKICA BILICH, a/k/a VIKICA BILIC, a/k/a VIKI BILICH, allege as follows:

### COUNT I
### (CLAIM UNDER ERISA FOR DELINQUENT CONTRIBUTIONS AGAINST BOS AND SON, INC.)

1.  This action arises out of the violation of a contract between an employer and a labor organization, and Plaintiffs seek to enforce the contract to obtain contributions to fringe benefit funds. Jurisdiction is based on Sections 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA") (29 U.S.C. §§ 1132, 1145), as amended, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA") (29 U.S.C. § 185), as amended, as more

fully described below. Venue is founded pursuant to 29 U.S.C. § 1132 and 29 U.S.C. § 185 in the Northern District of Illinois.

2.  The CENTRAL LABORERS' PENSION FUND, CENTRAL LABORERS' WELFARE FUND, and CENTRAL LABORERS' ANNUITY FUND (collectively the "Funds") receive contributions from numerous employers pursuant to collective bargaining agreements (collectively the "Collective Bargaining Agreement") between the employers and the North Central Illinois Laborers' District Council and its affiliated local unions (collectively the "Union"). The Funds are administered in accordance with and pursuant to the provisions of ERISA and other applicable federal and state laws. The Funds are administered pursuant to the terms and provisions of Agreements and Declarations of Trust ("Trust Agreements"). The Funds are employee benefit plans within the meaning of Section 3 of ERISA (29 U.S.C. § 1002(3)).

3.  CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES and CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES each consist of: Ed Smith, James Bruner, Chip Reyhan, Jr., Joe Lamb, Charles Adams, Ken Kilian, Steve Morthole, John Holub, John E. Goetz, Danny Maycroft, Glyn Ramage, John R. Taylor, Terry Kipping, John Penn, Frank Hovar, and Brad Shaive. Plaintiff CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES consists of: Tim Garvey, Kenton Day, Greg Neff, Ed Doyle, Scott Larkin, John Peisker, Martin Easterling, Nick Ceretto, Jim Kellus, Steve Trokey, Marc Manuel, and Dale Pickerill. Plaintiff BARRY McANARNEY is the Executive Director of the Funds. All of the individuals named in this paragraph are fiduciaries of the Funds as that term is defined in ERISA and are authorized to commence a civil action to enforce the obligations that ERISA imposes upon employers.

4.  The Union is a labor organization representing employees in an industry affecting commerce as defined by Section 301(a) of the LMRA, 29 U.S.C. § 185(a).

5. CENTRAL LABORERS' PENSION FUND is authorized by the North Central Illinois Laborers' District Council to identify and collect delinquent contributions due its affiliated local unions and fringe benefit funds.

6. BOS AND SON, INC. is an Illinois corporation doing business in the Northern District of Illinois. BOS AND SON, INC. is an "employer" and a "party-in-interest" as those terms are defined by, respectively, Sections 3(5) and 3(14)(C) of ERISA, 29 U.S.C. §§ 1002(5) and 1002(14)(C).

7. BOS AND SON, INC. became a party to and bound by the Collective Bargaining Agreement by virtue of its execution of one or more agreements, including but not limited to a memorandum of agreement entered into on or about October 1, 2000 (collectively, the "Memorandum of Agreement"; a signature page is attached as Exhibit A.)

8. BOS AND SON, INC. became a party to and bound by the Trust Agreements by virtue of certain provisions contained in the Memorandum of Agreement.

9. BOS AND SON, INC. became a party to and bound by the Trust Agreements by virtue of its execution of one or more participation agreements, including but not limited to participation agreements entered into on or about October 1, 2000 and February 5, 2002 (attached as Exhibit B).

10. BOS AND SON, INC. became a party to and bound by the Trust Agreements by virtue of certain provisions contained in employer contribution report forms that it signed and submitted to the Funds.

11. BOS AND SON, INC. became a party to and bound by the Trust Agreements by virtue of its withholding of (some but not all) payroll amounts for employee fringe benefit contributions consistent with the Trust Agreements.

12. BOS AND SON, INC. became a party to and bound by the Trust Agreements by making (some but not all) employee fringe benefit contributions to the Funds.

13. Under the terms of the Collective Bargaining Agreement and Trust Agreements, BOS AND SON, INC. is required to make contributions to Union fringe benefit funds on behalf of employees performing work covered by the Collective Bargaining Agreement, said contributions to be at the hourly rates indicated in the Collective Bargaining Agreement and Trust Agreements.

14. In or about June 24, 2008, the Funds conducted an audit of BOS AND SON, INC. for the period November 1, 2006 through May 31, 2008. The audit demonstrated that BOS AND SON, INC. failed and refused to pay all contributions for the following months when due in accordance with the provisions of the Trust Agreements and Collective Bargaining Agreement. The unpaid amounts total not less than the following:

**Audit Liabilities (11/01/06 – 05/31/08):** ............................ **$42,504.55**
                                                                                                                         **Total:   $42,504.55**

15. Audit costs, for which BOS AND SON, INC. is liable in accordance with the Trust Agreements, total not less than $1,393.38.

16. Based on employer reports, BOS AND SON, INC. additionally failed and refused to pay all contributions for the following months when due in accordance with the provisions of the Trust Agreements and Collective Bargaining Agreement:

**Delinquent Contributions (09/2007):** ............................ **$2,578.47**
                                                                                                                         **Total:   $2,578.47**

17. The Trust Agreements provide for a penalty assessment equal to 10% of the contributions unpaid on the 15th day of the month next following the month for which the contributions are due.

18. Because contributions were not paid when due, BOS AND SON, INC. incurred 10% penalty assessments in accordance with the Trust Agreements totaling not less than the following:

| | |
|---|---|
| Audit Liabilities (11/01/06 – 05/31/08): | $4,250.46 |
| Delinquent Contributions (09/2007): | $257.85 |
| Liq. Dam. – Late Report / Payment (08/07 Local 32): | $154.44 |
| Liq. Dam. – Late Report / Payment (09/07 Local 32): | $121.94 |
| Liq. Dam. – Late Report / Payment (11/07 Local 32): | $129.37 |
| Liq. Dam. – Late Report / Payment (12/07 Local 32): | $78.30 |
| **Total:** | **$4,992.36** |

19. The total amount owed by BOS AND SON, INC. pursuant to the Trust Agreements is not less than **$51,378.31**, consisting of not less than $42,504.55 in audit liabilities (i.e., delinquent fringe benefit contributions), not less than $1,393.38 in audit costs, not less than $2,578.47 in other delinquent fringe benefit contributions, not less than $4,992.36 in penalty assessments, plus a payment credit of $90.45.

20. BOS AND SON, INC. has failed and refused to pay the amount of $51,378.31 due Plaintiffs.

21. Plaintiffs have complied with all conditions precedent in bringing this suit.

22. Plaintiffs have been required to employ the undersigned attorneys to collect the monies due and owing from BOS AND SON, INC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A. Enter judgment against BOS AND SON, INC. in favor of Plaintiffs.

B. Order BOS AND SON, INC. to pay Plaintiffs $51,378.31, plus any additional amount shown to be due pursuant to any subsequent audit.

C. Order BOS AND SON, INC. to perform and continue to perform all obligations it has undertaken with respect to the Funds.

D. Order BOS AND SON, INC. to pay interest, costs, and reasonable attorney's fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

E. Grant Plaintiffs such other and further relief as the Court may deem just.

## COUNT II
### (AGAINST VIKICA BILICH, a/k/a VIKICA BILIC, a/k/a VIKI BILICH)

1. This Count I arises from a common nucleus of operative facts with Count I and is pendent to that count.

2. - 23. Plaintiffs reallege paragraphs 1 - 22 of Count I.

### Breach of Contract / Trust Agreements

24. Plaintiffs are advised and believe that VIKICA BILICH, a/k/a VIKICA BILIC, a/k/a VIKI BILICH is the President, Chief Executive Officer, Chief Financial Officer, and Chief Operating Officer of BOS AND SON, INC. and is in control of the corporation. Further, Plaintiffs are advised and believe that VIKICA BILICH is a director of BOS AND SON, INC.

25. Pursuant to the Memorandum of Agreement to which BOS AND SON, INC. agreed to be bound, where there is any willful violation of any of the requirements of the Trust Agreements, the officers and directors of the employer shall be personally liable for any underpayment or other pecuniary loss to the Funds as a result of such conduct.

26. Pursuant to the Trust Agreements establishing the Funds, to which BOS AND SON, INC. and VIKICA BILICH agreed to be bound, where there is any willful violation of any

of the requirements of the Trust Agreements, the officers and directors of the employer who supervised the completion of report forms, signed report forms, or can be determined to have had personal knowledge of such conduct, shall be personally liable for any underpayment or other pecuniary loss to the Funds as a result of such conduct.

27. Plaintiffs are informed and believe that VIKICA BILICH did so supervise the completion of report forms, sign report forms, and had personal knowledge of the willful violations of the requirements of the Trust Agreements and the Collective Bargaining Agreement, making VIKICA BILICH personally liable for the money owed to the Funds by BOS AND SON, INC.

### Fraud

28. VIKICA BILICH, acting through and in conjunction with BOS AND SON, INC., caused the company to withhold fringe benefit contribution payroll amounts but, instead of paying the fringe benefit contributions to the Funds, he took personal draws from the company and otherwise caused the withheld funds to be used for his own benefit. By doing so, VIKICA BILICH, was defrauding the Funds, the Union and the company's employees. By engaging in such fraud and conspiracy, VIKICA BILICH is personally liable for the money owed to the Funds by BOS AND SON, INC.

### Conversion

29. VIKICA BILICH, acting through and in conjunction with BOS AND SON, INC., caused the company to withhold fringe benefit contribution payroll amounts but, instead of paying the fringe benefit contributions to the Funds, he took personal draws from the company and otherwise caused the withheld funds to be used for his own benefit. By doing so, VIKICA BILICH was converting the assets of the Funds, the Union and the company's employees. By engaging in such conversion and conspiracy, VIKICA BILICH is personally liable for the

7

money owed to the Funds by BOS AND SON, INC.

### Breach of Fiduciary Duty

30.     VIKICA BILICH, acting through and in conjunction with BOS AND SON, INC., caused the company to withhold fringe benefit contribution payroll amounts but, instead of paying the fringe benefit contributions to the Funds, he took personal draws from the company and otherwise caused the withheld funds to be used for his own benefit.  By doing so, VIKICA BILICH assumed fiduciary responsibility to the Funds and breached that fiduciary responsibility, making him personally liable for the money owed to the Funds by BOS AND SON, INC.

31.     All fringe benefit contributions not paid by BOS AND SON, INC. when due became assets of the Funds within the meaning of 29 U.S.C. § 1002(21)(A).  In exercising authority and control over such assets VIKICA BILICH assumed fiduciary responsibility to the Funds and breached that fiduciary responsibility by failing to cause BOS AND SON, INC. to remit required contributions, making him personally liable for the money owed to the Funds by BOS AND SON, INC.

### Piercing the Corporate Veil

32.     There is a unity of interest and ownership between BOS AND SON, INC. and VIKICA BILICH such that the separate personalities of the corporation and the individual no longer exist, and adherence to the fiction of a separate corporate existence would sanction a fraud, promote injustice, and promote inequitable consequences, making VIKICA BILICH personally liable for the money owed to the Funds by BOS AND SON, INC.

WHEREFORE, Plaintiffs respectfully request that this Court:

A.     Enter judgment against VIKICA BILICH in favor of Plaintiffs.

    B.    Order VIKICA BILICH to pay Plaintiffs $51,378.31, plus any additional amount shown to be due.

    C.    Order VIKICA BILICH to provide access to the records of BOS AND SON, INC. so that an audit can be performed to determine whether BOS AND SON, INC. has complied with contribution requirements.

    D.    Order VIKICA BILICH to pay all fringe benefit contributions and assessment penalties that may be shown to be due after an audit.

    E.    Order VIKICA BILICH to pay interest, costs, and reasonable auditors' and attorneys' fees to Plaintiffs pursuant to 29 U.S.C. § 1132(g)(2).

    F.    Order VIKICA BILICH to pay punitive damages.

    G.    Grant Plaintiffs such other and further relief as the Court may deem just.

Respectfully submitted,

CENTRAL LABORERS' PENSION FUND BOARD OF TRUSTEES, CENTRAL LABORERS' WELFARE FUND BOARD OF TRUSTEES, CENTRAL LABORERS' ANNUITY FUND BOARD OF TRUSTEES, and BARRY McANARNEY

By: _____
      One of Their Attorneys

DALEY AND GEORGE, LTD.
20 S. Clark St., Suite 400
Chicago, Illinois 60603
(312) 726-8797

#12160

7. The parties agree that nothing herein is intended to nor shall it be construed as creating recognition of or bargaining with a multi-employer bargaining unit other than those already recognized by the Local Union and limited to the geographical jurisdiction of the Local Unions.

8. This Agreement shall remain in full force and effect through April 30, 2003, and shall continue thereafter unless there has been sixty (60) days written notice, by registered or certified mail, by either party hereto of the desire to modify and amend this Agreement for negotiations. The EMPLOYER and the UNION agree to be bound by the area-wide negotiated contracts with the various Associations, incorporating them into this Memorandum of Agreement and extending this Agreement for the life of the newly negotiated contract, if not notified within the specified period of time.

9. The EMPLOYER acknowledges and accepts the facsimile signatures on this contract as if they were the original signatures. The EMPLOYER further acknowledges receipt of a copy of the complete COLLECTIVE BARGAINING AGREEMENT.

IN WITNESS WHEREOF, and in consideration of the mutual promises of the parties hereto, and other good and valuable consideration, this Memorandum of Agreement was entered into this __1__ day of __10th__, 2000.

ACCEPTED:

LABORERS' LOCAL UNION NO. __32__

BY: _____
(Business Manager)

NORTH CENTRAL IL LABORERS'
DISTRICT COUNCIL

BY: _____
(Business Manager)



__BOS & SON INC.__
(Contractor Name)

BY: __VIKICA BILIC__
(Name & Title)

__617 SUMMIT ST.__
(Address)

__ROCKFORD IL 61107__
(City, State & Zip Code)

__(815) 964-2694__
(Telephone Number)

__964-2694__
(Facsimile Number)

_____
(Federal Employer Identification Number)

-3-

EXHIBIT A

# 12102

B/35

## PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between **Ros & Son Masonry** (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

| | | | |
|---|---|---|---|
| 4.00 | per hour to Central Laborers' Pension Fund | .27 | per hour to Industry Advancement Fund |
| 2.70 | per hour to Central Laborers' Welfare Fund | 3% | Working Dues (% OF GROSS WAGES) |
| 3.00 | per hour to NO. ILL. ~~Central Laborers'~~ Annuity Fund | .10 p/hr | LECT |
| .25 | per hour to Illinois Laborers' and Contractors' Training Trust Fund | .03 p/hr | Other Bldg Trades check-off |
| .05 p/hr | MRFFC | .03 p/hr | Other Organizational Fund |
| | | 1.05 p/hr | to Vacation Fund |

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

**EMPLOYER**

Name of Business: Ros & Son Inc.
Address: 617 R Summit St
City/State/Zip Code: Rockford, IL 61107
Telephone: (815) 964-2694
Authorized Signature: [signature]
Title: Owner
Date: 10-1-00

**CENTRAL LABORERS' FUNDS**

Authorized Signature: [signature]
Title: Executive Administrator

**UNION**

Territory in which Agreement signed: Local 32
Authorized Signature: [signature]
Title: Bus Mgr
Date: 10/1/00

RECEIVED OCT 2000

EXHIBIT B

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer


5143

## SPECIAL (RESIDENTIAL)
## PARTICIPATION AGREEMENT

1. This Participation Agreement is entered into between __BOS & SON INC.__ (Employer) and the Central Laborers' Pension Fund, The Central Laborers' Welfare Fund, Central Laborers' Annuity Plan, Illinois Laborers' and Contractors' Training Fund and such other Funds or Plans listed below (all referred to as the "Funds"). The Employer hereby agrees that this document represents the detailed written Agreement required by the Labor Management Relations Act (29 U.S.C. Section 186 (c)) to permit the Funds to receive contributions from the Employer on behalf of Employees employed by the Employer within the jurisdiction of the Funds.

2. The Employer hereby agrees to be bound by and to the Agreements and Declarations of Trust establishing and amending the Central Laborers' Pension Fund and Central Laborers' Welfare Fund and all other funds or plans comprising the Funds, all as heretofore and hereafter amended (the Trust Agreements), as though the Employer had actually signed the same. The various Agreements and Declarations of Trust are hereafter referred to as the "Trust Agreements." The Employer agrees to make contributions to the Funds (1) on behalf of all Employees, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (2) for all jobs within the geographical jurisdiction of the Funds, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements, (3) for employment on all job classifications, all as defined in the Trust Agreements or applicable Collective Bargaining Agreements.

3. The Employer hereby agrees to pay the following contributions to the Funds for each Employee of the Employer, and the Employer agrees that the following contribution rates may change or vary with the location of the jobs or that the rates may be increased and/or decreased from time to time pursuant to the Trust Agreements or applicable Collective Bargaining Agreements.

__1.00__ per hour to Central Laborers' Pension Fund
__2.80__ per hour to Central Laborers' Welfare Fund
_____ per hour to Central Laborers' Annuity Fund
__.05__ per hour to Illinois Laborers' and Contractors' Training Trust Fund
_____ MRFFC

_____ per hour to Industry Advancement Fund
__2%__ Working Dues (% OF GROSS WAGES)
_____ LECT
_____ Other _____
_____ Other _____

4. The Employer agrees to make the required contributions monthly and in such manner as required by the Trustees of the Funds for all Employees as defined in the Trust Agreements and the Trustees shall have the authority to have their accountant audit all payroll and all wage, job, bonds and other relevant records of the Employer upon reasonable notice for the purpose of determining the accuracy of the Employer's contributions to the Funds.

5. For the purpose of this Agreement, each hour worked for which the Employee receives pay, and other hours for which pay is received by the Employee in accordance with this and/or any applicable Agreement, shall be counted as hours for which contributions are payable.

6. If an Employer fails to pay contributions as required by the Trust Agreements and this Agreement, the Funds shall have the right to take whatever steps are necessary to secure compliance with this Agreement and the Trust Agreements, any other provision hereof to the contrary notwithstanding, and the Employer shall be liable for all reasonable costs of collection of the payments due together with reasonable attorneys' fees and such other reasonable costs and charges as may be assessed by the Trustees of the Funds pursuant to the Trust Agreements, including the cost of any and all audits. In addition, the Employer agrees that all remittances not received by the 15th day of the month next following the month for which the contributions are due are subject to assessment of Liquidated Damages in the amount of 10% of the contributions or $25.00 minimum per remittance, to deter the increased administrative costs resulting from late payments, all pursuant to the Trust Agreements.

7. The Employer hereby irrevocably designates as its representatives on the Board of Trustees of the Funds such Trustees as are now serving, or their successors who will serve in the future, as Employer Trustees together with their successors. The Employer further agrees to be bound by all actions taken by the Board of Trustees pursuant to the Trust Agreements as heretofore and/or hereafter amended.

8. The Pension, Welfare and Annuity Plans adopted by the Trustees of the Funds and Plans shall at all times conform with the requirements of the Internal Revenue Code so as to enable the Employer at all times to treat contributions as a deduction for income tax purposes.

NO ALTERATIONS OR ADDITIONS TO THIS PARTICIPATION AGREEMENT SHALL BE EFFECTIVE UNLESS APPROVED IN WRITING BY THE TRUSTEES OF THE FUND.

| EMPLOYER | CENTRAL LABORERS' FUNDS |
|---|---|
| BOS & SON INC. | _[signature]_ |
| Name of Business | Authorized Signature |
| 617 SUMMIT ST. | Executive Administrator |
| Address | Title |
| ROCKFORD, IL  61107 | UNION |
| City/State/Zip Code | |
| 815/964-2694  FAX: 815/964-2694 | Territory in which Agreement signed: Local __32__ |
| Telephone | |
| _[signature]_ | _[signature]_ |
| Authorized Signature  President | Authorized Signature |
| Title | Title |
| 02/05/02 | 2/5/02 |
| Date | Date |

(Stamp: RECEIVED FEB 2002)

White copy: Central Laborers' Pension, Welfare and Annuity Funds, Post Office Box 1267, Jacksonville, Illinois 62651-1267
Pink copy: Employer