## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| **RITA MILLER**<br>**Plaintiff,** | ) |
| | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **BARRY S. MARAM, in his**<br>**official capacity as Director**<br>**of the Illinois Department of**<br>**Healthcare and Family Services** | ) Civil Action No. |
| | ) |
| **and** | ) COMPLAINT |
| | ) |
| **CAROL L. ADAMS, in her**<br>**official capacity as Secretary**<br>**of the Illinois Department of**<br>**Human Services** | ) Judge |
| | ) Magistrate Judge |
| **Defendants.** | ) |

## COMPLAINT UNDER SECTION 1983 FOR DECLARATORY JUDGMENT AND OTHER RELIEF

**NOW COME** Steven C. Perlis and Helen Mesoloras, Elder Law Office of Steven C. Perlis and Associates, P.C., Attorneys for Plaintiff, Rita Miller, and respectfully state:

### INTRODUCTION

1.      Rita Miller, (hereinafter "Ms. Miller"), is currently an inpatient resident at Hearthstone Manor located at 920 N. Seminary Avenue, Woodstock, Illinois 60098 (hereinafter "the nursing home"). She is the owner of a residence located at 5410 Wilmot Road in McHenry, Illinois 60050 (hereinafter "Ms. Miller's home").

2.      Ms. Miller is bringing this action against Barry S. Maram (hereinafter "Maram"), in his official capacity as Director of the Illinois Department of Healthcare

and Family Services (hereinafter "HFS"), and Carol L. Adams (hereinafter "Adams"), in

her official capacity as Secretary of the Illinois Department of Human Services

(hereinafter "DHS").

       3.     Maram placed a lien on Ms. Miller's home without proper notice and

opportunity to be heard on the issue of whether Ms. Miller could "reasonably be expected

to be discharged from the nursing home and to return home." 42 U.S.C. §1396p (a) (1)

(B) (ii).

       4.     Ms. Miller brings this action for a declaration by this Court that Maram's

lien on her home is invalid, and for other relief.

       5.     No proceeding on this issue is pending before the McHenry County

Circuit Court or in any other court or administrative agency.

**JURISDICTION**

       6.     This Court has jurisdiction of this action under 28 U.S.C. §1331. This

action arises under the federal Medicaid statute (42 U.S.C. §1396p), under the 14th

Amendment of the United States Constitution, and Article I, Section 2 of the Illinois

Constitution, and under 42 U.S.C. §§ 1983 and 1988.

**VENUE**

       7.     Defendants Maram and Adams have offices and do business in McHenry

County, Illinois, and therefore venue in this judicial district is proper under 28 U.S.C.

§§1391(b) (1) and 1391(b) (2).

## THE PARTIES

8.      Ms. Miller, for all relevant times in this action, owned and had, and continues to have, an intention to return to her home in McHenry, McHenry County, Illinois.

9.      Defendant Maram, is Director of HFS, which has one of his principal offices in Woodstock, Illinois, within the Northern District of Illinois Western Division. As Director, he is responsible for supervising the activities of that department, including management of the Medicaid program once eligibility has been determined.

10.     Defendant Adams is Secretary of DHS, which has one of her principal offices in Woodstock, McHenry County, Illinois.  This office is located within the Northern District of Illinois Western Division.  As Secretary, she is responsible for supervising the activities of that department, including its determination of eligibility for the Medicaid program, and appeals of Medicaid denials.

## FACTS

11.     Ms. Miller is 89 years of age.  She has been diagnosed with spinal stenosis and arthritis and is confined to a wheelchair.

12.     Ms. Miller is a recipient of Medicaid under HFS Case Number 91-071-015072.

13.     Ms. Miller has been a resident of Hearthstone Manor, 920 N. Seminary Avenue, Woodstock, Illinois, since October of 2007.

14      Ms. Miller is the sole owner of a home located at 5410 Wilmot Road in McHenry, Illinois.  Her home is currently listed for sale.  A copy of the Warranty Deed conveying the property to Ms. Miller and her husband, Leroy Miller, in joint tenancy

with right of survivorship (date of death March 30, 2006) is attached hereto as Plaintiff's

Complaint Exhibit 1 and is incorporated herein by reference.

15.    Ms. Miller has repeatedly expressed a desire to return to her home in

McHenry, Illinois.

16.    On June 6, 2008, the HFS Bureau of Collections Technical Recovery

Section sent to Ms. Miller a "Notification of Intent to File a Lien" (hereinafter "HFS

Notice"). The HFS Notice is attached hereto as Plaintiff's Complaint as Exhibit 2 and is

incorporated herein by reference.

17.    The HFS Notice states, in part, that under 305 ILCS §§ 5/3-10 and/or 5/5-

13.5, Defendant Maram has the **right** (emphasis added) to place a lien on Ms. Miller's

home.

18.    The HFS notice also states, "…Because you have lived in a medical

institution for at least 120 days, we presume you cannot reasonably be expected to be

discharged and return home. Consequently, we intend to file a lien against your real

property."

19.    On June 25, 2008, HFS sent a "Notification of Lien" along with a "Notice

and Claim of Lien" (hereinafter "lien"). The Notification of Lien states, "We are writing

to advise you that under State Law (305 ILCS 5/3-10 and/or 5/5-13.5), Healthcare and

Family Services **must** (emphasis added) place a lien on real property when…a person

receives old age, blind, or disability medical assistance and has lived in one or more

medical institutions for at least 120 calendar days." The lien was recorded with the

Recorder of Deeds in McHenry County, Illinois, on June 19, 2008. The Notification of

4

lien and lien are attached hereto as Plaintiff's Complaint Exhibit 3 and is incorporated

herein by reference

## STATUTORY AND REGULATORY BACKGROUND

20.    Illinois Public Aid Code § 3-10 [305 ILCS 5/3-10] provides, among other

things, that the Medicaid agency may impose a lien on the legal or equitable interests of

recipients in real property. A copy of Section 3-10 of the Public Aid Code is attached

hereto as Plaintiff's Complaint Exhibit 4 and is incorporated herein by reference.

21.    Illinois Public Aid Code § 5-13.5 [305 ILCS 5/5-13.5] also provides that

the Medicaid agency may impose a lien on the legal or equitable interests of recipients in

real property. A copy of Section 5-13.5 of the Public Aid Code is attached hereto as

Plaintiff's Complaint Exhibit 5. This section states, in pertinent part, the following:

> "Sec. 5-13.5. Lien on real property interests. The State shall have a lien on all
> legal and equitable interests of recipients in real property, whether vested or
> contingent, including legal and equitable rights and interests of the recipient to
> coal, gas, oil, iron, and other underground mineral resources, for medical
> assistance paid under this Article and for payments made to preserve the lien, **to
> the extent those liens are allowed under the federal Social Security Act.**
> (emphasis added)…"

22.    42 U.S.C. § 1396p(a)(1) provides that prior to the death of an individual

who is an inpatient in a nursing home, a lien may be imposed on the real property of that

individual, on account of Medicaid paid or to be paid on the individual's behalf, only

after the State determines, "after notice and opportunity for a hearing (in accordance with

procedures established by the State), home that [the individual] cannot reasonably be

expected to be discharged from the [nursing home] and to return home…." 42 U.S.C. §

1396p (a)(1)(B)(ii).   A copy of Section 1396p(a) of the Social Security Act is attached

hereto as Plaintiff's Complaint Exhibit 6.

5

23.    42 C.F.R. § 433.36(d) states that the State plan must specify the process by which it will determine that an institutionalized individual cannot reasonably be expected to be discharged from the medical institution. A copy of 42 C.F.R § 433.36 is attached hereto as Plaintiff's Complaint Exhibit 7. 42 C.F.R. § 433.36(d) states, in pertinent part, the following:

> "(d) Procedures. The State plan must specify the process by which the State will determine that an institutionalized individual cannot reasonably be expected to be discharged from the medical institution and return home as provided in paragraph (g)(2)(ii) of this section. The description of the process must include the type of notice to be given the individual, the process by which the individual will be given the opportunity for a hearing, the hearing procedures, and by whom and on what basis the determination that the individual cannot reasonably be expected to be discharged from the institution will be made. The notice to the individual must explain what is meant by the term lien, and that imposing a lien does not mean that the individual will lose ownership of the home".

24.    42 C.F.R. § 433.36(g)(2)(ii) provides that the Medicaid agency may impose a lien on the real property of an individual who is an inpatient in a nursing home on account of the Medicaid paid on the individual's behalf, provided that certain conditions are satisfied. This regulation states, in pertinent part, that the Medicaid agency may impose a lien only if:

> "The [Medicaid] agency determines that he or she cannot reasonably be expected to be discharged and return home. The agency must notify the individual of its intention to make that determination and provide an opportunity for a hearing in accordance with State established procedures **before the determination is made** (emphasis added). This notice to an individual must include an explanation of liens and the effect on an individual's ownership of property."

25.    The Illinois State Medicaid Plan (hereinafter "State Plan") has been submitted to the federal Center for Medicare and Medicaid Services (hereinafter "CMS").

26.    Said State Plan does not contain a procedure in which institutionalized individuals are given notice that Defendant HFS intends to make a determination as to whether such individuals can reasonably be expected to be discharged and return home. Likewise, said State Plan fails to provide a procedure for a hearing prior to such a determination.

27.    Rather, said State Medicaid Plan only provides a general notification, on the reverse side of the HFS notice attached hereto as Plaintiff's Complaint Exhibit 2, that states the following:

"YOU HAVE THE RIGHT TO APPEAL THIS DECISION

At any time within 60 days following the "Date of Notice" which appears on the front of this form, you have the right to appeal this decision and be given a fair hearing…..".

## FIRST STATEMENT OF CLAIM

28.    By virtue of the foregoing, Ms. Miller alleges that Defendant Maram  has violated and are violating 42 U.S.C. § 1396p (a) (1) (B) (ii), as well as 42 C.F.R. §§ 433.36(d) and 433.36(g) (2) (ii), that the aforementioned sections of Illinois statute and regulations are in irreconcilable conflict with the aforementioned provisions of federal law and regulation, and consequently the pertinent federal statute and regulations preempts the pertinent state statute and regulations.

29.    Ms. Miller further alleges that Defendant Adams is a necessary party to this Complaint in that any ruling against Maram's actions must at the same time be binding upon Defendant Adams to prevent inconsistencies and disparities between HFS actions and DHS policymaking and application and appeals procedures in implementing this Court's ruling if this Court sees fit to rule in Plaintiff's favor.

## SECOND STATEMENT OF CLAIM

30.    Ms. Miller repeats and realleges each and every allegation set for forth in Paragraphs 1 through 29 above as though fully set forth herein.

31.    By virtue of the foregoing, Defendant Maram has violated and is violating Ms. Miller's right to procedural due process under the Due Process Clause of the 14th Amendment of the United States Constitution, and Article I Section 2 of the Illinois Constitution.

**WHEREFORE**, Plaintiff, Rita Miller, prays for a judgment:

a.  Declaring that the lien placed by Defendant Maram on Ms. Miller's aforementioned residence was and is invalid.

b.  Ordering Defendant Maram to release any and all claims and/or liens on Ms. Miller's home.

c. Ordering Defendant Adams to conform policy, intake processing, and appeals rules and procedures to this Court's ruling.

d.  Awarding Ms. Miller's costs, reasonable attorney's fees, and penalties for unreasonable and vexatious conduct pursuant to 42 U.S.C. § 1988 and other provisions of law.

e.  Awarding Ms. Miller such other and further relief as this Court deems just, proper, and necessary.

Respectfully submitted,


*/s/ Steven C. Perlis*
STEVEN C. PERLIS, one of the attorneys for Plaintiff

STEVEN C. PERLIS
HELEN MESOLORAS
ELDER LAW OFFICE OF STEVEN C. PERLIS & ASSOCIATES, P.C.
3345 N. Arlington Heights Road, Suite D
Arlington Heights, IL 60004-1531
Attorneys' Phone No. 847-818-1138
e-mail:  steve@perliselderlaw.com
        helen@perliselderlaw.com
Attorneys for Plaintiff

## LIST OF EXHIBITS

1. Warranty Deed for 5410 Wilmot Road, McHenry, Illinois

2. Illinois Department of Healthcare and Family Services - Notification of Intent To File A Lien

3. Illinois Department of Healthcare and Family Services – Notification of Lien and Lien

4. Illinois Public Aid Code § 3-10 [305 ILCS 5/3-10]

5. Illinois Public Aid Code § 5-13.5 [305 ILCS 5/5-13.5]

6. Social Security Act § 1396(p)(a) [42 U.S.C. §1396p(a)]

7. 42 C.F.R. § 433.36

# EXHIBIT 1

DOC. NO. 2 8 4 0 6 6 ... filed for record in Recorder's office of McHenry County, Illinois, .....October 4........, 19 54.

Case 4:07-cv-58999 and Document in book ....... 45 Filed 08/04/2008 Page 12 of 27 Page ... 77

WARRANTY DEED -- Joint Tenancy .................Recorder of Deeds

This Indenture Made This ......2nd............ day of .......October.................., 19..54.

between ...............JULIUS L. ROEDER and EDITH H. ROEDER, his wife,.................

..........................................................................................

..........................................................................................

of the .....Township of McHenry........... in the County of .........McHenry............... and State

of ..........Illinois........ part ies.... of the first part and .......LEROY MILLER and...............

.....RITA MILLER, his wife,..............................................

.................................. of the ......Township of McHenry.................... in the County of

.........McHenry......... and State of ......Illinois............................ parties of the second part:

WITNESSETH, That the parties.... of the first part, for and in consideration of the sum of ..........................

.........................................TEN AND NO/100THS ($10.00)............................... DOLLARS

in hand paid, convey....... and warrant....... to the said parties of the second part, not in tenancy in common, but in joint tenancy, the following described real estate to-wit: Lots 6, 7 and 10 of the Plat of the West half of the Southwest Quarter of Section 5, Township 45 North, Range 9 East of the Third Principal Meridian according to the plat thereof dated June 11, 1858 and recorded in Book 22 of Deeds, page 10, in McHenry County, Illinois.  ALSO

The North half of the North half of the Southeast Quarter of Section 6, Township 45 North, Range 9 East of the Third Principal Meridian, in McHenry County, Illinois.  ALSO

The South half of the North half of the Southeast Quarter of Section 6, Township 45 North, Range 9 East of the Third Principal Meridian in McHenry County, Illinois.  ALSO

That part of the South half of the Southeast Quarter of Section 6, Township 45 North, Range 9 East of the Third Principal Meridian, described as follows:  Beginning at the Northeast Corner of the South half of the Southeast Quarter and running thence South on the Section line, 10 chains; thence West parallel with the North line of said South half of the Southeast Quarter, 10 chains and 50 links; thence North parallel with said Section line, 10 chains to the Eighty line; thence East along said Eighty line, 10 chains and 50 links to the place of beginning,

situated xxxthx ..................................................... in the County of McHenry, in the State of Illinois, hereby releasing and waiving all rights under and by virtue of the Homestead Exemption Laws of the State of Illinois

TO HAVE AND TO HOLD, the above granted premises unto the said parties of the second part forever, not in tenancy in common, but in joint tenancy.

IN WITNESS WHEREOF, The said parties..... of the first part have....... hereunto set ...their.............................

hands........ and seal.s.... the day and year first above written.

*Julius L. Roeder* ........... (SEAL)

*Edith H. Roeder* ........... (SEAL)

................................... (SEAL)

................................... (SEAL)

STATE OF ILLINOIS, }
McHenry County, } ss.

I, the undersigned, a Notary Public in and for said County and State aforesaid, DO HEREBY CERTIFY,
That ...Julius L. Roeder and Edith H. Roeder, his wife,.................................

personally known to me to be the same person.s. whose name.s. are. subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that ...they.. signed, sealed and delivered the said instrument as .......their.. free and voluntary act, for the uses and purposes therein set forth, including the release and waiver of the right of homestead.

Given under my hand and Notarial Seal, this ...2nd....... day of ...October................. A. D. 1954.

*Charles C. Stachman* ........... Notary Public

CHARLES C. STACHMAN
NOTARY PUBLIC
McHENRY COUNTY

CRYSTAL LAKE HERALD

# EXHIBIT 2

**HFS** Healthcare and Family Services

Rod R. Blagojevich, Governor

Bureau of Collections
Technical Recovery Section
PO Box 19174
Springfield, Illinois 62794-9174

Telephone: (217) 785-8711
TTY: (800) 526-5812

NOTIFICATION OF INTENT TO FILE A LIEN
06/06/2008

Rita Miller
Hearthstone Manor
920 N Seminary Ave
Woodstock, IL 60098-2996

RE: 91-071-015072

We are writing to advise you that under State Law (305 ILCS 5/3-10 and/or 5/5-13.5), the Illinois Department of Healthcare and Family Services has the right to place a lien on real property you own. A lien is a legal claim on the real property. The Department places a lien on real property when:

* a person receives old age, blind or disability cash assistance; or

* a person receives old age, blind, or disability medical assistance and, because he or she has lived in one or more medical institutions for at least 120 calendar days, the Department presumes that he or she cannot reasonably be expected to be discharged and return home.

The lien is filed on homestead and non-homestead property. The amount of the Healthcare and Family Services lien is equal to:

* the amount of cash assistance paid out in your behalf; or

* if you live in a medical institution, the amount of medical assistance paid out in your behalf.

Because you have lived in a medical institution for at least 120 days, we presume you cannot reasonably be expected to be discharged and return home. Consequently, we intend to file a lien against your real property. This does not mean any action to sell your property will occur; rather, it means that if at any time there is a transfer of title to the real property (for example, when the property is sold or mortgaged), the Department will be paid on its lien.

If you do not understand this notice, talk to your caseworker or a person who can explain it to you. Your local Department of Human Services office telephone number is (815)987-7334.

*Janet L. Steele*
Technical Recovery

SEE REVERSE SIDE FOR IMPORTANT INFORMATION

HFS 3619A (R-7-99)

IL478-2232

Internet http://www.hfs.illinois.gov/

This action will not be taken if you can show that it is wrong. You may meet with a representative from your local DHS office to question this action. This meeting would be informal and you may present information or evidence. You may be represented by the person or persons of your choice. Whether or not you have such a meeting, you will still have the right to appeal the intended action.

## YOU HAVE THE RIGHT TO APPEAL THIS DECISION

At any time within 60 days following the "Date of Notice" which appears on the front of this form, you have the right to appeal this decision and be given a fair hearing. Your appeal request must be in filed in writing or by calling (Toll Free) 1-800-435-0774. At the appeal hearing, you may represent yourself or be represented by anyone else such as a lawyer, relative or friend. Your local DHS office will provide you with an appeal form and will help you fill it out if you wish.

To apply for free legal help:

- In the City of Chicago – Legal Assistance Foundation of Chicago (312)341-1070; Outside the City of Chicago - consult your local telephone directory for the number of the nearest legal services office:
- In Cook County outside the City of Chicago – Cook County Legal Assistance Foundation, Inc.;
- In Northern Illinois – Prairie State Legal Services or West Central Illinois Legal Assistance;
- In Southern Illinois – Land of Lincoln Legal Assistance Foundation, Inc.

**EXHIBIT 3**

**iHFS** Illinois Department of
Healthcare and Family Services

## NOTIFICATION OF LIEN

91-07-015072
CASE NUMBER

Rita Miller
Hearthstone Manor
920 N Seminary Ave
WOODSTOCK, IL 60098-2996

RE: LIEN

We are writing to advise you that under State Law (305 ILCS 5/3-10 and/or 5/5-13.5), Healthcare and Family Services must place a lien on real property when:

- a person receives old age, blind, or disability cash assistance; or

- a person receives old age, blind, or disability medical assistance and has lived in one or more medical institutions for at least 120 calendar days.

The lien is filed on homestead property and non-homestead property. The amount of the Healthcare and Family Services lien is equal to:

- the amount of cash assistance the Department pays out in your behalf; or

- the amount of medical assistance paid out in your behalf while you reside in a medical institution.

Healthcare and Family Services has taken the following action:

☒ Filed an initial lien against your real property.

☐ Included in the lien already filed on your real property the amount of medical assistance paid out in your behalf while you reside in a medical institution.

This does not mean any action to sell your real property will occur; rather, it means that if and when the property is sold, Healthcare and Family Services will be paid on its lien.

A copy of the lien filed against your real property is enclosed for your records.

If you have any questions, please contact your local Department of Human Services office.

JAN STEELE (SCH)
Local Office Administrator

Local Office Stamp

Mae

① 

*2008R0034963 1*

**STATE OF ILLINOIS
DEPARTMENT OF
HEALTHCARE AND FAMILY SERVICES**

MCHENRY COUNTY RECORDER
PHYLLIS K. WALTERS

NOTICE AND CLAIM OF LIEN

**2008R0034963**
06/19/2008 04:30PM  PAGES  1
RECORDING FEE    11.00

[X] INITIAL LIEN

[ ] RENEWAL

DATE OF INITIAL LIEN
[          ]

Notice is hereby given that I, Jan Steele, acting in my official capacity as an Authorized Representative of the Bureau of Collections, Technical Recovery Section in the Department of Healthcare and Family Services, and my successors in office, hereby claim and intend to hold a lien on the following described real estate, to-wit:

Lot 1 in Miller Estates of Johnsburg being part of the Northeast Quarter of the Southeast Quarter of Section 6, Township 45 North, Range 9 East of the Third Principal Meridian, in McHenry County, Illinois, according to the Plat thereof recorded February 5, 2004 as document No. 2004R0009585.

Property Address: 5410 Wilmot Rd, McHenry, IL. 60050-8406
PIN: 10-06-426-010

A legal or equitable interest in said described real estate is owned by:
CLIENT NAME: **RITA MILLER**                         CASE ID #:  **91-071-015072**
ADDRESS: Hearthstone Manor, 920 N Seminary Ave. Woodstock, IL 60098-2996
This lien is claimed for all assistance paid to or on behalf of said client, under Article III and/or Article V of the Illinois Public Aid Code, and for payments made to preserve the said lien in accordance with statutory provisions.

DATE: 6/6/08          _Jan Steele_
                      AUTHORIZED REPRESENTATIVE, BUREAU OF COLLECTIONS

State of Illinois          )
                           ) SS
County of McHenry          )

PREPARED BY AND RETURN TO:
SUSAN HINTON
Field Consultant - Liens and Estates
1111 1/4 North Avon Street
Rockford, Illinois 61101

I, _Tammy I Harmony_ Notary Public do hereby certify that Jan Steele, as an Authorized Representative of the Bureau of Collections, Technical Recovery Section in the Department of Healthcare and Family Services, personally known to be the same person whose name is subscribed to the foregoing instrument, appeared before me this day in person and acknowledged that she/he signed the said instrument as required by law, for the uses therein set forth.

OFFICIAL SEAL
TAMMY I. HARMONY
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 6-4-2011

(SEAL)

Given under my hand and seal this
6 day of June, A.D. 2008
_Tammy Harmony_
Notary Public

HFS 237 (R-10-2006)                                          IL478-0208

11.00

# EXHIBIT 4

305 ILCS 5/3-10

 Sec. 3-10. Lien on real property interests. Subject to the provisions of Sections 3-10.1 to 3-10.10, inclusive, the State shall have a lien upon all legal and equitable interests of recipients in real property, whether vested or contingent, including legal and equitable rights and interests of the recipient to coal, gas, oil, iron and other underground mineral resources, for basic maintenance grants paid under this Article, and for payments made to preserve the lien as provided in Section 3-10.5. The lien shall attach to such interests owned or subsequently acquired by persons who were recipients on or after the effective date of this Code, and in respect to which interests a notice of lien has been recorded or filed as provided in Sections 3-10.2 and 3-10.3.

 Liens recorded or filed under the provision of Article VIII-A of the 1949 Code for which the period of enforceability has not expired shall not be affected by the enactment of this Code.

(Source: P.A. 88-85.)

**EXHIBIT 5**

305 ILCS 5/5-13.5

Sec. 5-13.5. Lien on real property interests. The State shall have a lien on all legal and equitable interests of recipients in real property, whether vested or contingent, including legal and equitable rights and interests of the recipient to coal, gas, oil, iron, and other underground mineral resources, for medical assistance paid under this Article and for payments made to preserve the lien, to the extent those liens are allowed under the federal Social Security Act. The lien shall attach to those interests owned or subsequently acquired by persons who were recipients on or after the effective date of this amendatory Act of 1993. The liens shall be recorded and filed and are otherwise subject to all the conditions of Sections 3-10.1 through 3-10.10 of this Code.

(Source: P.A. 88-85; 88-670, eff. 12-2-94.)

**EXHIBIT 6**

TITLE 42--THE PUBLIC HEALTH AND WELFARE

CHAPTER 7--SOCIAL SECURITY

SUBCHAPTER XIX--GRANTS TO STATES FOR MEDICAL ASSISTANCE PROGRAMS

Sec. 1396p. Liens, adjustments and recoveries, and transfers of assets

(a) Imposition of lien against property of an individual on account of medical assistance rendered to him under a State plan

(1) No lien may be imposed against the property of any individual prior to his death on account of medical assistance paid or to be paid on his behalf under the State plan, except--
  (A) pursuant to the judgment of a court on account of benefits incorrectly paid on behalf of such individual, or
  (B) in the case of the real property of an individual--
    (i) who is an inpatient in a nursing facility, intermediate care facility for the mentally retarded, or other medical institution, if such individual is required, as a condition of receiving services in such institution under the State plan, to spend for costs of medical care all but a minimal amount of his income required for personal needs, and
    (ii) with respect to whom the State determines, after notice and opportunity for a hearing (in accordance with procedures established by the State), that he cannot reasonably be expected to be discharged from the medical institution and to return home, except as provided in paragraph (2).

(2) No lien may be imposed under paragraph (1)(B) on such individual's home if--
  (A) the spouse of such individual,
  (B) such individual's child who is under age 21, or (with respect to States eligible to participate in the State program established under subchapter XVI of this chapter) is blind or permanently and totally disabled, or (with respect to States which are not eligible to participate in such program) is blind or disabled as defined in section 1382c of this title, or
  (C) a sibling of such individual (who has an equity interest in such home and who was residing in such individual's home for a period of at least one year immediately before the date of the individual's admission to the medical institution), is lawfully residing in such home.

(3) Any lien imposed with respect to an individual pursuant to paragraph (1)(B) shall dissolve upon that individual's discharge from the medical institution and return home.

**EXHIBIT 7**

TITLE 42--PUBLIC HEALTH

CHAPTER IV--CENTERS FOR MEDICARE & MEDICAID SERVICES, DEPARTMENT OF HEALTH AND HUMAN SERVICES

PART 433 - STATE FISCAL ADMINISTRATION--Table of Contents

Subpart A.  Federal Matching and General Administration Provisions

Sec. 433.36  Liens and recoveries.

(a) Basis and purpose. This section implements sections 1902(a)(18) and 1917(a) and (b) of the Act, which describe the conditions under which an agency may impose a lien against a recipient's property, and when an agency may make an adjustment or recover funds in satisfaction of the claim against the individual's estate or real property.

(b) Definition of property. For purposes of this section, ``property'' includes the homestead and all other personal and real property in which the recipient has a legal interest.

(c) State plan requirement. If a State chooses to impose a lien against an individual's real property (or as provided in paragraph (g)(1) of this section, personal property), the State plan must provide that the provisions of paragraphs (d) through (i) of this section are met.

(d) Procedures. The State plan must specify the process by which the State will determine that an institutionalized individual cannot reasonably be expected to be discharged from the medical institution and return home as provided in paragraph (g)(2)(ii) of this section. The description of the process must include the type of notice to be given the individual, the process by which the individual will be given the opportunity for a hearing, the hearing procedures, and by whom and on what basis the determination that the individual cannot reasonably be expected to be discharged from the institution will be made. The notice to the individual must explain what is meant by the term lien, and that imposing a lien does not mean that the individual will lose ownership of the home.

(e) Definitions. The State plan must define the following terms used in this section:

(1) Individual's home.

(2) Equity interest in home.

(3) Residing in the home for at least 1 (or 2) year(s).

(4) On a continuing basis.

(5) Discharge from the medical institution and return home.

(6) Lawfully residing.

(f) Exception. The State plan must specify the criteria by which a son or daughter can establish to the agency's satisfaction that he or she has been providing care which permitted the individual to reside at home rather than in an institution, as provided in paragraph (h)(2)(iii)(B) of this section.

(g) Lien provisions--(1) Incorrect payments. The agency may place a lien against an individual's property, both personal and real, before his or her death because of Medicaid claims paid or to be paid on behalf of that individual following a court judgment which determined that benefits were incorrectly paid for that individual.

(2) Correct payments. Except as provided in paragraph (g)(3) of this section, the agency may place a lien against the real property of an individual at any age before his or her death because of Medicaid claims paid or to be paid for that individual when--

(i) An individual is an inpatient of a medical institution and must, as a condition of receiving services in the institution under the State plan, apply his or her income to the cost of care as provided in Sec. Sec. 435.725, 435.832 and 436.832; and

(ii) The agency determines that he or she cannot reasonably be expected to be discharged and return home. The agency must notify the individual of its intention to make that determination and provide an opportunity for a hearing in accordance with State established procedures before the determination is made. The notice to an individual must include an explanation of liens and the effect on an individual's ownership of property.

(3) Restrictions on placing liens. The agency may not place a lien on an individual's home under paragraph (g)(2) of this section if any of the following individuals is lawfully residing in the home:

(i) The spouse;

(ii) The individual's child who is under age 21 or blind or disabled as defined in the State plan; or

(iii) The individual's sibling (who has an equity interest in the home, and who was residing in the individual's home for at least one year immediately before the date the individual was admitted to the medical institution).

(4) Termination of lien. Any lien imposed on an individual's real property under paragraph (g)(2) of this section will dissolve when that individual is discharged from the medical institution and returns home.

(h) Adjustments and recoveries. (1) The agency may make an adjustment or recover funds for Medicaid claims correctly paid for an individual as follows:

(i) From the estate of any individual who was 65 years of age or older when he or she received Medicaid; and

(ii) From the estate or upon sale of the property subject to a lien when the individual is institutionalized as described in paragraph (g)(2) of this section.

(2) The agency may make an adjustment or recovery under paragraph (h)(1) of this section only:

(i) After the death of the individual's surviving spouse; and

(ii) When the individual has no surviving child under age 21 or blind or disabled as defined in the State plan; and

(iii) In the case of liens placed on an individual's home under paragraph (g)(2) of this section, when there is no--

(A) Sibling of the individual residing in the home, who has resided there for at least one year immediately before the date of the individual's admission to the institution, and has resided there on a continuous basis since that time; or

(B) Son or daughter of the individual residing in the home, who has resided there for at least two years immediately before the date of the individual's admission to the institution, has resided there on a continuous basis since that time, and can establish to the agency's satisfaction that he or she has been providing care which permitted the individual to reside at home rather than in an institution.

(i) Prohibition of reduction of money payments. No money payment under another program may be reduced as a means of recovering Medicaid claims incorrectly paid.

[43 FR 45201, Sept. 29, 1978, as amended at 47 FR 43647, Oct. 1, 1982; 47 FR 49847, Nov. 3, 1982]