STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
WINNEBAGO COUNTY

CC-45

RECEIVED JUL 1 0 2008

ROBERT OSBORNE and MARINA BAY TRANSPORTATION, L.L.C., an Illinois limited liability company,

vs.

No. 08 ___

C. H. ROBINSON COMPANY, a Minnesota corporation,

## SUMMONS

To each defendant: C. H. Robinson Company, c/o Gene Schiesser, its Registered Agent, 25 Northwest Point, Suite 200, Elk Grove Village, IL 60007

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court __Winnebago County Courthouse__ building, room _____,

__400 W. State Street,__   __Rockford__ , Illinois, within 30 days after service of this summons,
(Address)                  (City)

not counting the day of service. IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of sevice and fees, if any, immediately after service. If service cannot be made, summons shall be returned so indorsed.

This summons may not be served later than 30 days after its date.

WITNESS _June 27_, _2008_
                                                    (Year)

(Seal of Court)

_Thomas A Klein_
(Clerk of the Circuit Court)

By: _____
(Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)
Name __Thomas G. Ruud #590__
Attorney for __Plaintiff__
Address __216 N. Court St.__
City __Rockford, IL 61103__
Telephone __(815) 961-9100__

EXHIBIT A

Date: 6-27-08
By: CCM

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

| | |
|---|---|
| ROBERT OSBORNE and MARINA BAY TRANSPORTATION, L.L.C., an Illinois limited liability company, | ) ) ) ) CASE NO. 08L242 |
| Plaintiffs, | ) ) |
| vs. | ) ) |
| C.H. ROBINSON COMPANY, a Minnesota corporation, | ) ) ) |
| Defendant. | ) |

## COUNT I
### BREACH OF CONTRACT

NOW COME the Plaintiffs, ROBERT OSBORNE and MARINA BAY TRANSPORTATION, L.L.C., and for Count 1 of their Complaint against the Defendant, C. H. ROBINSON COMPANY, state as follows, to-wit:

1. At all times relevant hereto, Robert Osborne was an individual residing in Winnebago County, Illinois (hereinafter "Osborne") and Marina Bay Transportation, LLC (hereinafter "Marina Bay") was a limited liability company organized under the laws of the State of Illinois with its principal place of business located in Winnebago County, Illinois. Robert Osborne is the sole member of Marina Bay.

2. At all times relevant hereto, C.H. Robinson Company (hereinafter "CHR") was a corporation doing business in the County of Winnebago, and State of Illinois.

3. At all times relevant hereto, Richard Pena, was operations manager for the CHR Rockford, Illinois Branch, and Richard Pena was employed in Winnebago County, Illinois (hereinafter "Pena"). Pena possessed actual and apparent authority to bind CHR on the agreements between Osborne, Marina Bay, and CHR.

4. At all times relevant hereto, CHR was in the business of brokering freight and shipping service across the United States. CHR had certain contracts with shippers and allocated business to trucking companies to meet the shipping needs of its customers.

5. In December, 2006, Pena advised that CHR had certain business locked down with three customers in Rochelle, Dixon and Elk Grove, Illinois (hereinafter "Locked Down Business"). Pena offered that if Osborne secured certain semi-tractor trucks and trailers and made available warehousing space in Rockford, Illinois, CHR would direct the Locked Down Business to Osborne through his company, Marina Bay, that this Locked Down Business would generate over one million dollars of gross revenue to Osborne's company, Marina Bay.

6. On January 2, 2007, Pena confirmed the arrangement in writing of CHR's offer to Osborne and Marina Bay. A copy of such confirmatory writing is attached hereto as Exhibit A.

7. This written confirmation stated "I can assure anyone that once Marina Bay has their equipment up and running, we will be giving them this business."

8. Osborne and Marina Bay obtained the needed equipment and warehouse. Marina Bay purchased and leased additional tractors, trailers, and a fork lift; and rented and readied a warehouse including needed office equipment and additional employees needed to handle the CHR Locked Down Business. The warehouse facilities and equipment were inspected by Pena on behalf of CHR, and on or about February 1, 2007, CHR began directing the Locked Down Business to Marina Bay.

9. Marina Bay was well regarded by CHR's customers, and Marina Bay quickly was considered a "preferred" CHR carrier.

10. Marina Bay complied with all its obligations to receive CHR business and in fact began receiving such business; however, the business was never at the agreed level of one million dollars from the Locked Down Business for 2007.

11. Instead of directing the Locked Down Business to Marina Bay, CHR directed some of this business to other carriers.

12. In about May of 2007, Marina Bay was securing more financing because the level of business from CHR never reached the required amount. As of this date, only about $30,000.00 in Locked Down Business had been directed to Marina Bay. A private investor, Phil Whitehead, was interested in loaning $50,000.00 to Marina Bay as operating capital. In a telephone conference, Pena advised Mr. Whitehead that enough Locked Down Business would be directed to keep ten trucks busy by mid-summer. Marina Bay was not provided the promised level of Locked Down Business.

13. Without the business as promised, Marina Bay was unable to meet the financial obligations incurred in outfitting itself to handle the promised CHR business. Through September of 2007, only $70,000.00 of Locked Down Business was provided to Marina Bay. Marina Bay was forced to close.

14. If CHR had directed one million dollars in trucking business to Marina Bay for 2007, Marina Bay would have generated this one million dollars plus generated additional business in the amount of $1,330,400.00 in return loads and consolidating partial shipments. Profit after paying all fixed and variable expenses would have been $1,500,000.00.

15. Additionally, Marina Bay has unpaid expenses in the amount of $200,000.00 that would have been paid had the business promised been provided as agreed.

16. Osborne and Marina Bay have suffered damage as a direct and proximate result of CHR's breach of its agreement to provide business as aforesaid in the total amount of $1,700,000.00.

17. Marina Bay and Osborne complied with their obligations under the CHR agreement.

WHEREFORE, Plaintiffs, ROBERT OSBORNE AND MARINA BAY TRANSPORTATION, L.L.C., pray that this Court enter judgment in their favor and against the Defendant, C. H. ROBINSON COMPANY in the amount of $1,700,000.00, plus costs of suit.

## COUNT II
### Promissory Estoppel

NOW COME the Plaintiffs, ROBERT OSBORNE and MARINA BAY TRANSPORTATION, L.L.C., and for Count II of their Complaint against the Defendant, C. H. ROBINSON COMPANY, state as follows, to-wit:

1. - 17. Paragraphs 1-17 of Count I are restated as Paragraphs 1-17 of Count II.

18. At all times relevant hereto, Marina Bay and Osborne reasonably relied upon the promises of CHR to provide one million dollars in gross net revenue for 2007 to Marina Bay from the Locked Down Business.

19. Marina Bay complied with all requirements to receive such Locked Down Business.

20. CHR breached its promise to provide the business and Osborne and Marina Bay were damaged as aforesaid.

WHEREFORE Plaintiffs, ROBERT OSBORNE AND MARINA BAY TRANSPORTATION, L.L.C., pray that this Court enter judgment in their favor and against the Defendant, C. H. ROBINSON COMPANY in the amount of $1,700,000.00, plus costs of suit.

BY: THOMAS G. RUUD & ASSOCIATES

By: _____
Thomas G. Ruud

Thomas G. Ruud - #590
Thomas G. Ruud & Associates
Attorneys at Law
216 North Court Street
Rockford, IL 61103
(815) 961-9100

STATE OF ILLINOIS

COUNTY OF WINNEBAGO

## VERIFICATION

I, ROBERT OSBORNE, individually and as the sole member of MARINA BAY TRANSPORTATION, L.L.C., Plaintiffs, being first duly sworn upon oath, depose and state that I have read the foregoing Complaint and, to the best of my knowledge and belief, the statements contained therein are true, correct and complete.

By /s/ Robert Osborne
Robert Osborne individually and as sole member of Marina Bay Transportation, L.L.C.

Subscribed and sworn to before me this 16th day of June, 2008.

/s/ Karen S. Alberts
NOTARY PUBLIC

"OFFICIAL SEAL"
KAREN S. ALBERTS
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 1/25/2010

# C. H. Robinson Company



7322 Argus Drive
Rockford, IL 61107
815.397.9433 tel
815.397.9483 fax

Date. January 2, 2006

To Whom It May Concern:

    I'm writing this letter to inform your bank that CHR Rockford has an agreement with Marina Bay Transportation with '07 business. We currently locked down some customers in the Rochelle, Dixon and Elk Grove Village, IL area's that will generate over $1 million dollars in gross net revenue. Most of the freight will be Local, LTL and Truckload. I can assure anyone that once Marina Bay has their equipment up and running, we will be giving them this business. We are looking forward in '07 with the growth and partnership with Marina Bay, and if there are any questions or concerns. Please feel free to call me at 815.540.5325.

Sincerely,

Richard Pena
Operations Manager

PLAINTIFF'S EXHIBIT A