IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| SUSAN K. DESCHAINE and ) | |
| TAMMY KAPPEL, ) | |
| individually and on behalf of ) | |
| persons similarly situated, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | No.: |
| vs. ) | |
| ) | JURY DEMANDED |
| FRANCHESCO'S, INC., ) | |
| BENNY SALAMONE and ) | |
| CHARLES SALAMONE, ) | |
| ) | |
| Defendants. ) | |

## CLASS ACTION COMPLAINT

Plaintiffs Susan K. Deschaine and Tammy Kappel, individually and on behalf of persons similarly situated, by their attorney, James X. Bormes, complain against Franchesco's, Inc., Benny Salamone and Charles Salamone (hereinafter "Defendants") as follows:

### INTRODUCTION

1. Plaintiffs are former servers who worked at a restaurant located in Cherry Valley, Illinois which closed in 2008. Plaintiffs' hourly rate was actually less that the full amount of the minimum wage because they earned most of their money through tips. The basis of this lawsuit is that in violation of federal and Illinois wage laws Defendants deducted 5% from tips customers paid to Plaintiffs by means of a credit card. Plaintiffs seek to make this lawsuit a collective action under the Fair Labor Standards Act. The damages which Plaintiffs are entitled to recover as a consequence of Defendants'

improper wage practices include being paid the full amount of minimum wage for every hour worked plus statutory penalties and their attorney's fees and costs.

## THE PARTIES and JURISDICTION

2. Plaintiff Susan K. Deschaine and Tammy Kappel are former hourly employees of Franchesco's, Inc. ("Franchesco's"). Plaintiffs, on behalf of themselves and all others similarly situated, bring this action to recover from Defendants wages, tips, liquidated damages, and attorneys' fees and costs pursuant to Section 6(b) of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. §216(b), (the "Act" or "the FLSA"), the Illinois Minimum Wage Law, 820 ILCS 105/1 et seq. and the Illinois Wage Payment and Collection Act, 820 ILCS 115/1 et seq.

3. Jurisdiction over this action is conferred on this Court by Section 16(b) of the Act, 29 U.S.C. §216(b), and by the provisions of 28 U.S.C. §1331 and §1337.

4. Venue is proper pursuant to 29 U.S.C. §1391, as Franchesco's principal office is located, and this claim arose, within the geographic jurisdiction of this Court.

5. Plaintiff Susan K. Deschaine is a resident of Rockford, Illinois and is a former employee of Franchesco's.

6. Plaintiff Tammy Kappel is a resident of Loves Park, Illinois and is a former employee of Franchesco's.

7. Defendant Franchesco's is an Illinois corporation which, among other things, owned and/or operated a restaurant known as Franchesco's.

8. Benny Salamone is the Secretary of Franchesco's and, upon information and belief, a major shareholder of Franchesco's.

9. Charles Salamone is, upon information and belief, a major shareholder, of

Franchesco's.

10. Plaintiffs Deschaine and Kappel bring this action as a collective action, pursuant to Section 216(b) of the FLSA as well as pursuant to Illinois' wage laws.

## **CLASS ACTION ALLEGATIONS**

11. Plaintiffs bring this action as a collective action on behalf of themselves and all other current and former "tipped" employees (as that term is defined pursuant to §203(t) of the Act) of Defendants, including, without limitation, servers, bartenders, and busboys who were not allowed to retain all the tips they earned.

12. There are questions of law or fact common to the class and these questions predominate over any question that may exist with respect to individuals.

13. Plaintiffs are informed and so believe that the total number of similarly situated individuals exceeds 50.

14. Plaintiffs' claims are typical of the claims of the members of the class and Plaintiffs will fairly and adequately protect the interests of the class.

15. This not a collusive or friendly action. Plaintiffs have retained counsel experienced in complex employment litigation and in class action and collective action litigation.

16. Plaintiffs and their counsel will fairly and adequately protect the interest of the class.

17. A collective action is the most appropriate method for the fair and efficient resolution of the matters alleged herein.

18. At all times hereinafter mentioned, Franchesco's was an "enterprise engaged in commerce" as defined by Sections 3(r) and 3(s) of the Act, 29 U.S.C. §203(r) and (s).

19. At all times relevant hereto, Franchesco's employed Plaintiffs to work.

20. Franchesco's was an "employer" as that term is defined by Section 3(d) of the Act. 29 U.S.C. §203(d) as well as under Section 3(c) of the Illinois Minimum Wage Law, 820 ILCS 105/3(c), and Section 2 of the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

21. Plaintiffs worked for Franchesco's primarily as servers and were paid on an hourly basis at all times relevant hereto. Plaintiffs earned most of their income through tips.

22. At all relevant times, Plaintiffs were compensated through hourly wages and tips.

23. At all relevant times, Plaintiffs have been "employees" of Defendants as defined by Section 3(e) of the Act, 29 U.S.C. §203(e).

24. Defendant Benjamin Salamone is responsible for the implementation and enforcement of the policies and procedures which violated Plaintiffs' FLSA and Illinois wage law rights.

25. Defendant Charles Salamone is responsible for the implementation and enforcement of the policies and procedures which violated Plaintiffs' FLSA and Illinois wage law rights.

26. Defendant Benny Salamone is an "employer" as the term is defined by Section 3(d) of the Act as well as under Section 3(c) of the Minimum Wage Law, 820 ILCS 105/3(c), and Section 2 of the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

27. Defendant Charles Salamone is an "employer as the term is defined by

Section 3(d) of the act as well as under Section 3(c) of the Minimum Wage Law, 820 ILCS 105/3(c), and Section 2 of the Illinois Wage Payment and Collection Act, 820 ILCS 115/2.

## COUNT I-FLSA
### (Defendants' Improper Deduction of a Fee on Credit Card Tips)

28. Plaintiffs reallege Paragraphs 1 through 27 as Paragraph 28 of Count I.

29. Defendants had a policy and practice of deducting 5% from tips customers paid Plaintiffs by means of a credit card.

30. The discount rate imposed upon Defendants for accepting credit cards is less than 5%.

31. Defendants' policy of withholding a portion of the tips customers paid to Plaintiffs has caused Plaintiffs to be deprived of an amount due them presently not ascertainable.

WHEREFORE, Plaintiffs pray that this Court award Plaintiffs the following relief under Count I: (a) certify a class pursuant to Section 216(b) of the FLSA and grant Plaintiffs' counsel leave to send notice of this lawsuit to all similarly situated persons and afford them the opportunity to join as party plaintiffs; (b) award Plaintiffs the amount of tips Defendants improperly withheld from them plus liquidated damages; (c) enjoin Defendants from continuing the practice of withholding any amount of the tips customers pay to Plaintiffs; (d) award Plaintiffs their attorney's fees and costs; and (e) grant whatever further relief this Court deems equitable and just.

## COUNT II-FLSA
### (Defendants' Improper Taking of Minimum Wage Credit under the FLSA)

32. Plaintiffs reallege Paragraphs 1 through 31 as Paragraph 32 of Count II.

33. Section 203(m) of the FLSA, 29 U.S.C. §203(m), provides that in computing the minimum wage Defendants are required to pay Plaintiffs Defendants are allowed to treat as wages paid by Defendants tips received by Plaintiffs up to a certain amount (the "Tip Credit").

34. At all relevant times, the minimum wage pursuant to the FLSA was $5.15 and Defendants after taking the maximum Tip Credit available to pay Plaintiffs no less than $3.09 per regular hour to be in compliance with the FLSA.

35. Section 203(m) of the FLSA, 29 U.S.C. §203(m), further provides that Defendants are prohibited from taking the Tip Credit unless:

> [S]uch employee has been informed by the employer of the provisions of this subsection, **and all tips received by such employee have been retained by the employee,** (emphasis added) except this subsection shall not construed to prohibit the pooling of tips among employees who customarily and regularly receive tips.

(Emphasis added.)

36. Defendants are not allowed to take the Tip Credit because, as alleged above, they have not allowed Plaintiffs to retain all tips customers paid Plaintiffs.

37. Defendants' policy of not complying with the requirements of §203(m) of the FLSA has caused Plaintiffs to be deprived of wages due them in an amount not presently ascertainable.

WHEREFORE, Plaintiffs pray that this Court award Plaintiffs the following relief under Count II: (a) certify a class pursuant to Section 216(b) of the FLSA and grant Plaintiffs' counsel leave to send notice of this lawsuit to all similarly situated persons and afford them the opportunity to join as party plaintiffs; (b) award Plaintiffs the amount

necessary for them to have earned the full amount of the minimum wage for each hour regular worked plus liquidated damages; (c) award Plaintiffs their attorney's fees and costs; and (d) grant whatever further relief this Court deems equitable and just.

## COUNT III-FLSA
### (Willful Violation)

38. Plaintiffs reallege Paragraphs 1 through 37 as Paragraph 38 of Count III.

39. Defendants willfully violated the FLSA, 29 U.S.C. 201 et. seq, by imposing the 5% deduction on tips paid by credit card.

WHEREFORE, Plaintiffs pray that this Court award Plaintiffs the following relief under Count III: (a) certify a class pursuant to Section 216(b) of the FLSA and grant Plaintiffs' counsel leave to send notice of this lawsuit to all similarly situated persons and afford them the opportunity to join as party plaintiffs; (b) award Plaintiffs statutory damages based on Defendants' willful violation of the FLSA; (c) award Plaintiffs their attorney's fees and costs; and (d) grant whatever further relief this Court deems equitable and just.

## COUNT IV-ILLINOIS WAGE PAYMENT AND COLLECTION ACT

40. This cause of action arises from a common nucleus of operative facts with Counts I, II and III is pendent thereto.

41. Plaintiffs reallege and restate paragraphs 1 through 27 as Paragraph 41 of Count IV.

### Defendants' Improper Taking of Tip Credit Under Illinois Law

42. During the relevant period, at Defendants' request, Plaintiffs performed labor for Defendants as servers, bartenders and busboys as hourly employees.

43. Section 105(4)(c) of the Minimum Wage Act provides that in computing the minimum wage Defendants must pay those Plaintiffs who qualify as Tipped Employees under the Minimum Wage Law, Defendants are allowed to treat as wages paid by Defendants tips received by those Plaintiffs up to a certain amount (the "Tip Credit"). Those employees who may be paid subject to the Tip Credit are referred to herein as "Tipped Employees."

44. Section 105(4) of the Minimum Wage Law provides:

> Every employer of an employee engaged in an occupation in which gratuities have customarily and usually constituted and have been recognized as part of the remuneration for hire purposes is entitled to an allowance for gratuities as part of the hourly wage rate provided in Section 4, subsection (a) in an amount not to exceed 40% of the applicable minimum wage rate. The Director shall require each employer desiring an allowance for gratuities to provide substantial evidence that the amount claimed, which may not exceed 40% of the applicable minimum wage rate, was received by the employee in the period for which the claim of exemption is made, and no part thereof was returned to the employer.

45. Defendants are not allowed to take the Tip Credit because, as alleged herein, Defendants have made an improper deduction from Plaintiffs' wages by wrongfully imposing the 5% deduction on credit card tips.

46. Beginning on January 1, 2005 and continuing to June 30, 2007, the minimum wage in Illinois was $6.50 per regular hour and, after taking the maximum Tip Credit allowed, Defendants were allowed to pay their Tipped Employees no less than $3.90 per regular hour. Beginning on July 1, 2007, the minimum wage in Illinois became $7.50 per regular hour and, after taking the maximum tip credit allowed, Defendants were allowed to pay their Tipped Employees no less than $4.50 per regular hour.

47.     Defendants have failed to pay Plaintiffs the full amount they earned for all hours worked.  Specifically, as alleged above, Defendants have deducted from the gratuities Plaintiffs earned money which Defendants used to offset the expense of processing credit card payments.

WHEREFORE, Plaintiffs pray that this Court award Plaintiffs the following relief under Count IV: (a) award Plaintiffs the amount of wages in the form of gratuities Defendants improperly withheld from them as well as the full amount of the minimum wage under Illinois law for each hour worked plus interest as calculated pursuant to 820 ILCS 105/12; (b) enjoin Defendants from continuing the practice of withholding any amount of the gratuities customers pay to Plaintiffs; (c) award Plaintiffs their attorney's fees and costs; and (d) grant whatever further relief this Court deems equitable and just.

## COUNT-V ILLINOIS MINIMUM WAGE ACT
### (Defendants' Failure to Pay Minimum Wage)

48.     Plaintiffs reallege and restate paragraphs 1 through 27 and paragraphs 40 though 47 as paragraph 48 of Count V.

49.     Defendants improper taking of the Tip Credit has resulted in Plaintiffs not being paid the full amount of minimum wages owed them in violation of 820 ILCS 105/4.

WHEREFORE, Plaintiffs pray that this Court award Plaintiffs the following relief under Count V: (a) award Plaintiffs the amount necessary for them to have earned the applicable amount of the full minimum wage for each hour worked plus interest as calculated pursuant to 820 ILCS 105/12; (b) enjoin Defendants from continuing the practice of withholding any amount of the tips customers pay to Plaintiffs; (c) award

Plaintiffs their attorney's fees and costs; and (d) grant whatever further relief this Court deems equitable and just.

                                             **SUSAN K. DESCHAINE** and **TAMMY KAPPEL**, individually and on behalf of a class of persons similarly situated,

                                             ___s/James X. Bormes_____
                                             One of Plaintiffs' Attorneys

James X. Bormes
Law Office of James X. Bormes, P.C.
8 South Michigan Avenue
Chicago, Illinois 60603
(312) 201-0575
#6202568