UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| LEOPOLDO MARTINEZ, ) | |
| ) | |
| Plaintiff, ) | No. |
| ) | |
| vs. ) | Judge |
| ) | Magistrate Judge |
| CORRECT CARE SOLUTIONS, LLC, ) | |
| McHENRY COUNTY, ) | |
| KEITH NYGREN, in his official ) | |
| capacity as McHenry County Sheriff, ) | |
| KIM YOUNG, M.D., ) | |
| PAUL BUTE, and ) | |
| Unknown Jane Does and John Roes 1-10. ) | Jury Demand |
| ) | |
| Defendants. ) | |

## COMPLAINT

1. This is an action for money damages brought pursuant to 42 U.S.C. § 1983.

2. Jurisdiction is based on 28 U.S.C. §§ 1331 and 1343(a).

3. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b), in that the claims arose in this district as alleged below.

### Parties

4. Plaintiff is a resident of St. Charles, Illinois.

5. Defendant CORRECT CARE SOLUTIONS, LLC, is a Tennessee corporation who has a contractual agreement to provide medical staff and services for the McHenry County Jail.

6. Defendant KEITH NYGREN is the Sheriff of McHenry County and is sued in his official capacity.

7. At all times relevant to this Complaint, Defendant KIM YOUNG was a medical doctor employed by CORRECT CARE SERVICES, LLC, which operates the McHenry County Jail located in McHenry County, Illinois.

8. At all times relevant to this Complaint, Defendant PAUL BUTE was employed as a head nurse and/or supervisor by CORRECT CARE SOLUTIONS, LLC.

## Facts

9. On or about October 17, 2007, Plaintiff LEOPOLDO MARTINEZ was processed into the McHenry County Jail.

10. During processing, Plaintiff informed correctional officer Thompson that he was recently treated for cancer.

11. In February 2007, Plaintiff had surgery at Loyola University Medical Center to remove a cancerous hard palate.

12. On November 1, 2007 (i.e. about 15 days after his admission to jail), an examiner from Defendant CORRECT CARE SOLUTIONS, examined Plaintiff and prepared an "Admission Data" form.

13. The form documented that Plaintiff had been treated for cancer.

14. On January 14, 2008, Plaintiff was taken to Loyola University Medical Center for follow-up care.

15. After the follow-up care, a physician who treated Plaintiff at Loyola, Dr. Zender, informed McHenry County jail personnel that Plaintiff needed to have an MRI in February of 2008.

16. Defendants did not arrange for Plaintiff to have an MRI in February of 2008.

17. Shortly after the treatment, Plaintiff began to experience pain and bleeding in his right nostril.

18. On January 23, 2008, Plaintiff submitted an "inmate request" for medical attention because of bleeding from his right nostril.

19. The same day, January 23, 2008, a nurse Plaintiff only knows as Barb (a Jane Doe Defendant herein) responded to Plaintiff's "inmate request" by stating, "No tx [treatment] for bloody noses – need to let us know when it is happening. [P]robably nose is dry. [T]ry putting water on your finger and then putting it in your nose."

20. Plaintiff continued to make requests to see a doctor for his bleeding right nostril.

21. On February 2, 2008, Plaintiff submitted a CORRECT CARE SOLUTIONS Health Service Request and explained that he thought he had an infection.

22. On February 14, 2008, Plaintiff was given nasal spray by Defendant DR. KIM YOUNG.

23. On February 18, 2008, Plaintiff submitted an "inmate request" for medical attention stating that he cannot inhale or exhale from his right nostril and the spray does not work.

24. On February 19, 2008, Plaintiff received a response to his request for medical attention that stated, "There is no more that can be done at this time – the nasal spray is to keep [your] nostril moist."

25. Plaintiff continued to use the nasal spray but it did not stop the nose bleeds.

26. On February 22, 2008, Plaintiff submitted another "inmate request" for medical attention stating that he still could not inhale or exhale from his right nostril, and that his right nostril had been bleeding daily.

27. That same day, Defendant PAUL BUTE responded to Plaintiff's request stating, "You have seen the Dr., he ordered nasal spray which would moisturize the nasal passage and prevent the bleeding but you aren't using it."

28. Plaintiff had been using the nasal spray, but it did not stop the nose bleeds.

29. On February 25, 2008, Plaintiff submitted an "inmate request" for medical attention stating that he had been using the nasal spray and it was not working. Plaintiff once again requested to see a doctor.

30. On February 26, 2008, Plaintiff received a response to his February 25 "inmate request" stating that there is nothing further a doctor can do for him.

31. Because of Defendants' deliberate indifference, Plaintiff did not receive an MRI in February as ordered by Dr. Zender on January 14, 2008.

32. On March 2, 2008, Plaintiff submitted an "inmate request" for medical attention complaining of nasal congestion and daily bleeding from his nose.

33. Defendant PAUL BUTE responded to Plaintiff's "inmate request" by stating, "[Y]ou have seen the doctor. [H]e ordered nasal spray. [U]se it and it should help. [I]f you need more let us know."

34. Plaintiff was again denied access to a doctor.

35. On March 6, 2008, Plaintiff submitted an "inmate request" for medical attention stating he has not seen a doctor even though he has made six requests. Plaintiff stated that his nasal canal is clogged and is bleeding daily.

36. Plaintiff was finally put on the doctor's list.

37. On March 7, 2008, Defendants called to schedule an MRI.

38. On March 9, 2008, Plaintiff submitted an "inmate request" stating that his right nostril will not stop bleeding. Plaintiff did not see a doctor.

39. On March 20, 2008, Plaintiff was given an MRI at Centegra Health Systems in Woodstock, Illinois.

40. By this time, Plaintiff had already developed a large growth in his right nasal that protruded out from his right nostril.

41. On March 26, 2008, Plaintiff submitted an "inmate request" for medical attention stating that he was getting head aches, he suffered lots of pain in his right cheek, his right eye was irritated, and his right nostril was burning. Plaintiff did not see a doctor.

42. On April 14, 2008, three months after he started complaining of nose bleeds, Plaintiff was finally taken to the Loyola Cancer Center Clinic to see Dr. Zender.

43. It was determined that Plaintiff had a tumor and major surgery would be required.

44. Had the Defendants properly responded to Plaintiff's prior requests for medical attention, Plaintiff's treatment would have been different and major surgery would not have been necessary.

45. In May 2008, Plaintiff underwent two major surgeries to remove the tumor.

46. As a direct and proximate result Defendants' wilful and wanton indifference to Plaintiff's serious medical needs, Plaintiff suffered damages including emotional distress, physical pain and suffering, and permanent disfigurement.

## COUNT I
### (42 U.S.C. § 1983 – Denial of Medical Attention)

47. Plaintiff realleges paragraphs 1 through 46 as if fully set forth herein.

48. Plaintiff had a serious medical need.

49. Defendants were deliberately indifferent to Plaintiff's serious medical need.

50. Defendants were aware of a substantial risk of harm to Plaintiff's health and Defendants disregarded this risk by failing to take reasonable measures to address it.

51. Defendants' deliberate indifference to Plaintiff's serious medical need caused harm to Plaintiff.

WHEREFORE, Plaintiff asks that this Honorable Court:

a) Enter judgment against Defendants,

    b)      Award Plaintiff compensatory and punitive damages,

    c)      Award attorneys' fees and costs, and

    d)      Award any further relief that this Honorable Court deems just and equitable.

### COUNT II
### (42 U.S.C. § 1983 – *Monell* Claim against McHENRY COUNTY and SHERIFF KEITH NYGREN)

52.    Plaintiff realleges all of the above paragraphs and counts, as if fully set forth herein.

53.    The denial of medical care described above was a product of a widespread policy in the McHenry County Jail of not providing adequate medical care to detainees. The McHenry County Jail does not have procedures in place to ensure that detainee medical requests are reviewed promptly by properly trained medical staff and acted upon in a reasonable manner.

54.    The above-described policy was widespread, and was known, or should have been known, to the MCHENRY COUNTY policy-makers and Sheriff KEITH NYGREN.

55.    Sheriff KEITH NYGREN and MCHENRY COUNTY policy-makers acted with deliberate indifference in maintaining and overlooking the policy described above.

WHEREFORE, Plaintiff asks that this Honorable Court:

    a)      Enter judgment against Defendants,

    b)      Award Plaintiff compensatory damages,

    c)      Award attorneys' fees and costs, and

    d)      Award any further relief that this Honorable Court deems just and equitable.

**Jury Trial Demanded**

                    Respectfully submitted,

                    /s/ Lawrence V. Jackowiak
                    *Counsel for the Plaintiff*

Lawrence V. Jackowiak
Law Offices of Lawrence V. Jackowiak
20 North Clark Street, Suite 1700
Chicago, Illinois 60602
(312) 795-9595