IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| **UNITED STEEL, PAPER AND FORESTRY, RUBBER, MANUFACTURING, ENERGY, ALLIED INDUSTRIAL AND SERVICE WORKERS INTERNATIONAL UNION** and its **LOCAL 745L**, <br><br> Plaintiffs, <br><br> v. <br><br> **TITAN TIRE CORPORATION OF FREEPORT**, <br><br> Defendant. | Case No. _____ |

## **COMPLAINT**

The Plaintiffs complain against Defendant as follows:

1. The Plaintiffs in this case are labor unions. The United Steel, Paper and Forestry, Rubber, Manufacturing, Energy, Allied Industrial and Service Workers International Union (the "USW") is a labor organization as defined by 29 U.S.C. § 152(5).

2. Defendant Titan Tire of Freeport is an Illinois corporation with its principal place of business in Freeport, Illinois. Titan Tire operates a manufacturing facility in Freeport, Illinois, for the construction of agricultural and other off-road tires.

3. The USW and Local 745L are parties to a collective bargaining agreement with Titan Tire. The term of the collective bargaining agreement is from 2006 to 2010. It is attached hereto as Exhibit A.

4. This action is brought to enforce an arbitration award rendered pursuant to the provisions of the collective bargaining agreement. This court has jurisdiction of this case pursuant to 29 U.S.C. § 185.

5. Venue is appropriate in this judicial district pursuant to 28 U.S.C. § 1391(b).

6. Prior to 2006, the plant in Freeport was owned by Goodyear. In 2006, the plant was sold to Titan Tire. The collective bargaining agreement between the USW, Local 745L, and Titan Tire has extensive provisions which control the issue of which prior practices between Local 745L and Goodyear were to be observed in connection with the new 2006-2010 labor agreement.

7. Article IV of the Collective Bargaining Agreement provides that a grievance is defined as any controversy between the Company and the Local Union or between the Company and its employees or any of them. Article IV also provides a grievance procedure consisting of three steps. If the grievance is not settled, either party may submit the grievance to the Impartial Arbitrator. Under Section 4(c) of Article IV of the contract, the decision of the Impartial Arbitrator is "final and binding upon both parties and shall invoke immediate compliance by the parties."

8. Under Article XI, Section 7, of the contract, a past practice between the Plaintiffs and Goodyear is binding upon Titan if the practice existed at least one day prior to the effective date of the collective bargaining agreement between the plaintiffs and Titan Tire.

9. The grievance at issue in the instant case concerned the existence of a fire brigade at the Freeport plant. In an arbitration award rendered on April 22, 2008, Arbitrator Alan J. Cook held that Titan Tire had an obligation to maintain the fire brigade under Article XI of the contract. This award is attached as Exhibit B hereto.

10. Arbitrator Cook's award was within his authority as an arbitrator.

11. Arbitrator Cook's award draws its essence from the collective bargaining agreement.

12. The Defendant has failed to comply with any portion of Arbitrator Cook's award.

WHEREFORE, Plaintiffs pray for the following relief:

(a) That the Court declare the arbitration award to be final and binding.

(b) That the Court direct the Company to implement the relief ordered by the award.

(c) That the Court direct the Company to pay the reasonable costs and attorney fees of bringing this cause of action.

(d) Any other relief the Court deems equitable and just.

> Respectfully submitted,
>
> CORNFIELD AND FELDMAN
>
> By:   /s/ Stephen A. Yokich
>       Stephen A. Yokich
>       Attorney Bar Number 6181707
>
> Attorneys for Plaintiffs USW and its Local 745L

Dated: August 21, 2008

CORNFIELD AND FELDMAN
Suite 1400
25 East Washington Street
Chicago, IL 60602-1803
(312) 236-7800
(312) 236-6686 (fax)