UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| EDDIE BURNELL, JR., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Plaintiff, | ) | |
| | ) | Case No. 08 C |
| v. | ) | |
| | ) | |
| THE GATES RUBBER COMPANY, | ) | |
| a foreign corporation, | ) | |
| | ) | |
| Defendant. | ) | |

COMPLAINT

Plaintiff EDDIE BURNELL, JR., by his attorneys, PETER DEBRUYNE, P.C. and OLIVER, CLOSE, WORDEN, WINKLER & GREENWALD LLC, for his Complaint against Defendant THE GATES RUBBER COMPANY, a foreign corporation, states as follows:

INITIAL ALLEGATIONS

1.   Plaintiff is now, and at all times relevant to this action, has been a resident of the County of Winnebago and State of Illinois.

2.   Defendant THE GATES RUBBER COMPANY is a corporation, duly organized under the laws of the State of Delaware, authorized to do business and doing business in the County of Winnebago, State of Illinois.

3.   Plaintiff timely filed a Charge of Discrimination against Defendant with the Equal Employment Opportunity Commission, and Plaintiff has filed suit no later than ninety (90) days after receipt of a Notice of Right to Sue from the Equal Employment Opportunity Commission. True and correct copies of the Charge of Discrimination and the Notice of Right to Sue are attached, marked Exhibits A and B, respectively, and are incorporated herein.

4.	Venue is properly set in this District under 28 U.S.C. §1391. This claim arose in the Northern District of Illinois, Western Division.

5.	This Court has jurisdiction of this action pursuant to 42 U.S.C. §2000e-5, 28 U.S.C. §§1331 and 1343.

6.	Plaintiff began employment with Defendant THE GATES RUBBER COMPANY on approximately June 17, 1991. Plaintiff worked for Defendant in various positions, including most recently as a Toolmaker.

7.	Plaintiff received pay increases and performed his responsibilities more than satisfactorily.

8.	Defendant THE GATES RUBBER COMPANY discharged Plaintiff on or about December 20, 2006.

## COUNT I - RACIALLY DISCRIMINATORY DISCHARGE

1.-8.	Plaintiff repeats the allegations of Paragraphs 1 through 8 as Paragraphs 1 through 8 of this Count I.

9.	Plaintiff is African-American, and is a protected person within the meaning of Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-2, et seq.

10.	Defendant THE GATES RUBBER COMPANY is an employer under Title VII, 42 U.S.C. §2000e(b).

11.	Defendant subjected Plaintiff to different terms and conditions of employment because of his race, and discharged him because of his race.

12.	Defendant's stated reason for terminating Plaintiff was that Plaintiff refused to sign a document that required Plaintiff to admit a violation of its rules, or face termination, after

Plaintiff did not turn down a tool because it was unsafe to do so.

13. Employees who were not African-American were not terminated for refusing to sign documents or for not performing unsafe operations, and were treated more favorably than Plaintiff was.

14. Defendant replaced Plaintiff with a person who is not African-American.

15. Defendant discriminated against Plaintiff during his employment, on the basis of his race, African-American, in pay, promotions and training.

16. Defendant also engaged in other actions that discriminated against Plaintiff on the basis of his race.

17. Defendant's discrimination against Plaintiff as alleged above violates 42 U.S.C. § 2000e-2(a).

18. Defendant's discrimination against Plaintiff based on his race has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

19. Plaintiff, through his employment, received health insurance, paid vacation, and other employment benefits. Defendant's actions deprived Plaintiff of these and other employment benefits.

20. Defendant engaged in discriminatory conduct, as alleged above, with malice or reckless indifference to Plaintiff's federally protected rights under 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff EDDIE BURNELL, JR. prays that this Court enter judgment in his favor and against Defendant THE GATES RUBBER COMPANY, as follows:

A. Enjoining Defendant from engaging in discriminatory conduct and awarding him reinstatement to his former position;

B. Granting Plaintiff an award of compensatory damages consisting of:

(1) Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

(2) Front pay; and

(3) Damages for mental anguish and emotional distress according to proof and according to law;

C. Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

D. Awarding Plaintiff punitive damages as provided in 42 U.S.C. § 1981a; and

E. Granting Plaintiff such other and further relief as this Court deems just and proper.

## COUNT II - RACIALLY DISCRIMINATORY EMPLOYMENT PRACTICES

1.-8. Plaintiff repeats the allegations of Paragraphs 1 through 8 of Count I as Paragraphs 1 through 8 of this Count II.

9. Plaintiff is an African-American, and is a protected person within the meaning of 42 U.S.C. §2000e-2.

10. Defendant THE GATES RUBBER COMPANY is an employer under Title VII, 42 U.S.C. §2000e(b).

11. Defendant discriminated against Plaintiff on the basis of his race in pay, promotions and training.

12. Defendant discriminated against Plaintiff, and other African-American employees,

because it assigned only African-American employees to train other African-American employees, and assigned only white employees to train other white employees.

13. Defendant's senior white employees did not train African-American employees, or provided only minimal training to them.

14. Defendant also segregated employees in departments by race.

15. Defendant also engaged in other actions that discriminated against Plaintiff on the basis of his race, including discharging Plaintiff on the basis of his race.

16. Defendant's discrimination against Plaintiff as alleged above violates 42 U.S.C. § 2000e-2(a).

17. Defendant's discrimination against Plaintiff based on his race has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

18. Plaintiff, through his employment, received health insurance, paid vacation, and other employment benefits. Defendant's actions deprived him of these and other employment benefits.

19. Defendant engaged in discriminatory conduct, as alleged above, with malice or reckless indifference to Plaintiff's federally protected rights under 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff EDDIE BURNELL, JR. prays that this Court enter judgment in his favor and against Defendant THE GATES RUBBER COMPANY, as follows:

A. Enjoining Defendant from engaging in discriminatory conduct and awarding him reinstatement to his former position;

    B.    Granting Plaintiff an award of compensatory damages consisting of:

        (1)    Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

        (2)    Front pay; and

        (3)    Damages for mental anguish and emotional distress according to proof and according to law;

    C.    Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

    D.    Awarding Plaintiff punitive damages as provided in 42 U.S.C. § 1981a; and

    E.    Granting Plaintiff such other and further relief as this Court deems just and proper.

## COUNT III - RETALIATION FOR OPPOSITION TO RACE DISCRIMINATION

1. - 16.    Plaintiff repeats the allegations of Paragraphs 1 through 16 of Count II as Paragraphs 1 through 16 of this Count III.

17.    Plaintiff opposed Defendant's actions, alleged above, which were taken on the basis of Plaintiff's race.

18.    As a result of Plaintiff's opposition to Defendant's race discrimination against him, Defendant discriminated against and discharged Plaintiff.

19.    Defendant discharged Plaintiff shortly after Plaintiff complained about being singled out for discipline, and Defendant accused Plaintiff of "playing the race card."

20.    Similarly situated employees who did not oppose unlawful employment practices were not discharged, and were treated more favorably than Plaintiff.

21.    Plaintiff was replaced by an employee who had not opposed unlawful employment

practices.

22. Defendant's discrimination against Plaintiff because of Plaintiff's opposition to discrimination violates 42 U.S.C. § 2000e-3.

23. Defendant's discrimination against Plaintiff based on his opposition to race discrimination has caused, and continues to cause, Plaintiff to feel humiliated, embarrassed and degraded, as a consequence of which Plaintiff has suffered, and continues to suffer, extreme mental anguish and emotional distress, all to Plaintiff's damage.

24. Plaintiff, through his employment, received health insurance, paid vacation, and other employment benefits. Defendant's actions deprived him of these and other employment benefits.

25. Defendant engaged in discriminatory conduct, as alleged above, with malice or reckless indifference to Plaintiff's federally protected rights under 42 U.S.C. § 1981a.

WHEREFORE, Plaintiff EDDIE BURNELL, JR. prays that this Court enter judgment in his favor and against Defendant THE GATES RUBBER COMPANY, as follows:

A. Enjoining Defendant from engaging in retaliatory and discriminatory conduct and awarding him reinstatement to his former position;

B. Granting Plaintiff an award of compensatory damages consisting of:

(1) Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

(2) Front pay; and

(3) Damages for mental anguish and emotional distress according to proof and according to law;

C.  Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

D.  Awarding Plaintiff punitive damages as provided in 29 U.S.C. § 1981a; and

E.  Granting Plaintiff such other and further relief as this Court deems just and proper.

## COUNT IV - 42 U.S.C. § 1981

1.- 20.  Plaintiff repeats the allegations of Paragraphs 1 through 15 of Count III as Paragraphs 1 through 20 of this Count IV.

21.  Plaintiff is a protected person within the meaning of 42 U.S.C. §1981.

22.  Defendant's discriminatory actions, alleged above, deny Plaintiff the same right to make and enforce contracts and the enjoyment of benefits, privileges, terms, and conditions of the contractual relationship as enjoyed by white citizens of the United States, in violation of 42 U.S.C. §1981.

23.  Plaintiff, through his employment, received health insurance, paid vacation, and other employment benefits.  Defendant's actions deprived him of these and other employment benefits.

24.  Defendant's intentionally discriminatory conduct, as alleged above, was performed willfully and in gross disregard of Plaintiff's federally protected rights.

WHEREFORE, Plaintiff EDDIE BURNELL, JR. prays that this Court enter judgment in her favor and against Defendant THE GATES RUBBER COMPANY, as follows:

A.  Enjoining Defendant from engaging in retaliatory and discriminatory conduct and awarding him reinstatement to his former position;

B.  Granting Plaintiff an award of compensatory damages consisting of:

(1) Back wages and benefits which Plaintiff would have received absent Defendant's intentional discrimination, retaliation and harassment;

(2) Front pay; and

(3) Damages for mental anguish and emotional distress according to proof and according to law;

C. Awarding Plaintiff attorney fees, litigation expenses and costs of this suit;

D. Awarding Plaintiff punitive damages for Defendant's willful and gross disregard of Plaintiff's federally protected rights; and

E. Granting Plaintiff such other and further relief as this Court deems just and proper.

        EDDIE BURNELL, JR., Plaintiff

        By:   PETER DEBRUYNE, P.C.

        By:   OLIVER, CLOSE, WORDEN, WINKLER & GREENWALD LLC

        By:   s/John Rearden, Jr.
                 One of his attorneys

Peter DeBruyne
Peter DeBruyne, P.C.
838 N. Main St.
Rockford, IL 61103

John Rearden, Jr.
Oliver, Close, Worden, Winkler & Greenwald LLC
124 N. Water St., Suite 300, P.O. Box 4749
Rockford, IL, 61110-4749
815/968-7591

<u>PLAINTIFF DEMANDS A TRIAL BY JURY</u>