**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

THE CONSTRUCTION INDUSTRY )
RETIREMENT FUND OF ROCKFORD, )
ILLINOIS, )
           )
           Plaintiffs, )     **CASE NO.**
     v. )
           )
MATTIE HARRIS d/b/a INTRANS, INC. and )
BRIAN HALL d/b/a INDUSTRIAL TRANSPORT, INC., )
           )
           Defendant. )

## COMPLAINT

**NOW COMES** the Plaintiff, THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, by and through their attorneys, MARC M. PEKAY, P.C. and hereby complain against the Defendants, MATTIE HARRIS d/b/a INTRANS, INC. and BRIAN HALL d/b/a INDUSTRIAL TRANSPORT, INC., as follows:

1.     Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. Section 1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. Section 185(a), and 28 U.S.C. Section 1331.

2.     Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. Section 1132 (e)(2), and 28 U.S.C. Section 1391 (a) and (b).

3.     (a)     The Plaintiff is THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS (hereinafter called the "Rockford Fund") and having standing to sue pursuant to 29 U.S.C. Section 1132(d)(1) and 29 U.S.C. Section 185(a).

(b)    The Rockford Fund has been established pursuant to Collective Bargaining Agreements previously entered into between various Unions and certain employer associations whose employees are covered by the Collective Bargaining Agreements with the Unions. The Rockford Fund is maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws.

4.    MATTIE HARRIS d/b/a INTRANS INC. (hereinafter "Intrans" or "Defendant") is an Ohio Company engaged in the construction industry and doing business within this geographic area and is an industry affecting interstate commerce.

5.    BRIAN HALL d/b/a INDUSTRIAL TRANSPORT INC. (hereinafter "Industrial Transport" or "Defendant") is an Ohio Company engaged in the construction industry and doing business within this geographic area and is an industry affecting interstate commerce.

6.    On information and belief and at all times relevant, MATTIE HARRIS is the owner and president of INTRANS INC. and INDUSTRIAL TRANSPORT INC.

7.    On information and belief and at all times relevant, BRIAN HALL is the owner and president of INTRANS INC. and INDUSTRIAL TRANSPORT INC.

8.    On or about November 16, 2006, Mattie Harris signed and entered the Collective Bargaining Agreement for Intrans, Inc. with Teamsters Local 325.  *See Exhibit A.*

9.    Since on or about November 16, 2006, this Collective Bargaining Agreement has been acknowledged and ratified by Industrial Transport.

10.    Since on or about November 16, 2006, Industrial Transport has submitted contributions to the Rockford Fund, on behalf of the Collective Bargaining Agreement signed by Intrans, Inc.

11.    On information and belief, Industrial Transport and Intrans, Inc. are the same business entity with the same management, performing the same type of work on the same jobs and the same ownership.

12.    On information and belief, Industrial Transport and Intrans, Inc. constitute a single integrated business entity and have been, at all material times, alter egos and a single employer.  Industrial Transport, therefore, is bound by the terms of the respective Agreements and Declarations of Trust.

13.    Under the terms of the Collective Bargaining Agreements and Trust Agreements to which the Defendants are bound, the Defendants are required to make periodic contributions to the Rockford Fund on behalf of certain employees.

14.    Pursuant to the Collective Bargaining Agreement, contributions to the Funds are due on the fifteenth (15th) day of the month.

15.    Pursuant to the Collective Bargaining Agreement to which Defendants are bound, an employer who fails to make the contributions by the twenty-fifth (25th) day of the month after the work was performed is required to pay an additional amount of ten percent (10%) in liquidated damages, along with all legal fees and costs expended to collect this money.

16.    The Defendants have failed to make timely payments of its contributions from December 31, 2006 to present as required to be paid by it to the Rockford Fund pursuant to the terms of the Collective Bargaining Agreements by which the Defendants

are bound, all in violation of Defendants' contractual obligations and the obligations under State and Federal Statutes.

17.     On or about July 8, 2008, the Defendants sent a contribution report to the Plaintiff showing how much they owed the Funds. (Exhibit B).

18.     On or about August 4, 2008, the Defendants sent a contribution report to the Plaintiff showing how much they owed the Funds. (Exhibit C).

19.     Since Industrial Transport and Intrans, Inc. are the same Company, collectively they owe in liquidated damages the amount of Eight Thousand Four Hundred thirty four dollars and ninety seven cents ($8,434.97). Attached as Exhibit D is a document that shows when the contributions were due and when they were paid and the amount of liquidated damages that have accrued.

20.     Based upon the report submitted by the Defendant to the Plaintiff Funds, the Defendant owes Forty Five Thousand, Four Hundred Forty Eight dollars and fifty two cents ($45,448.52). See exhibit E.

21.     Plaintiff is advised and believes that the Defendants have failed to submit contribution reports and pay contributions for July and August, 2008 as required to be paid by it to the Rockford Fund pursuant to the terms of the Collective Bargaining Agreements by which the Defendant are bound, all in violation of Defendants' contractual obligations and the obligations under State and Federal Statutes.

22.     The Collective Bargaining Agreements and Trust Agreements to which the Defendants are bound require Defendants to submit its books and records to the Funds on demand for an audit to determine benefit contribution compliance.

4

23.    Plaintiffs are advised and believe that the failure of the Defendants to pay contributions will result in employees of the Defendants failing to secure and/or losing coverage in the Plaintiffs' Funds and create irreparable harm for the employees and their families.

24.    Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. Section 185, and the terms of the Collective Bargaining Agreement, MATTIE HARRIS d/b/a INTRANS INC. and BRIAN HALL d/b/a INDUSTRIAL TRANSPORT INC. are liable to the Fund for unpaid contributions, as well as interest and liquidated damages on the unpaid and late contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**WHEREFORE**, Plaintiff respectfully request this Court enter a judgment against Defendant, MATTIE HARRIS d/b/a INTRANS INC. and BRIAN HALL d/b/a INDUSTRIAL TRANSPORT INC. collectively,

(a)    Enter judgment be entered against the Defendants and in favor of the Plaintiff in the amount of Forty Five Thousand, Four Hundred Forty Eight Dollars and fifty two cents ($45,448.52) for worked performed in the period March through June, 2008.

(b).    Enter judgment requiring Defendants to pay the contributions for July and August, 2008.

(c)    To enjoin Defendants from violating the terms of the Agreement including, but not limited to, ordering Defendants to remain current in its payments of contributions; and

(d)     To order the Defendants to submit its books and records to an audit and enter a judgment in an amount certain upon completion of the audit;

(e)     To award Plaintiff any further legal and equitable relief as the Court deems appropriate.

Respectfully submitted,

CONSTRUCTION INDUSTRY
RETIREMENT FUND OF ROCKFORD,
LLINOIS;
s/ Marc M. Pekay,
Attorney for Plaintiffs

Marc M. Pekay, P.C.
30 North LaSalle St., Ste. 2426
Chicago, IL 60602
(312) 606-0980

6

# ADDENDUM
## TO THE
## NATIONAL MASTER FREIGHT AGREEMENT OF
## APRIL 1, 2003 THROUH MARCH 31, 2008

# INTRANS, INC.
## AND
## LOCAL UNION NO. 325, I.B. OF T.

This Addendum ("Supplement") to the National Master Freight Agreement is entered into by and between **INTRANS, INC.**, an Ohio Corporation ("Employer"), and **Local Union no. 325, Affiliated with the International Brotherhood of Teamsters** ("Union").

### Recitals:

**IN Consideration** of the mutual covenants and agreements herein contained, and intending to be legally bound hereby, the parties do hereby agree to the following:

A. Effective Date: The effective date of this addendum shall be deemed September 25, 2006 and shall remain in effect through March 31, 2008.

*why odd month changes?*

B. Effect of Execution: Execution of this addendum by the Employer and the Union shall constitute execution of September 25, 2006 – March 31, 2008 National Master Freight Agreement and Central Local Cartage Agreement, a copy of which is attached to this addendum and incorporate herein by reference, the "Original Agreement". No agreement shall be deemed "effective"

1

DEC 0 4 2006

until both the Employer and the Union has agreed upon the final addendum.

C.     Amendments to the Original Agreement:

D.     **REPORTING ABSENCES:** Any Employee who is scheduled to work, but for what ever reason will be unable to meet his/her assigned shift or start-time, shall call in to report the anticipated absences or tardiness no later than two (2) hours prior to their shift start time.

E.     **PROBATIONARY EMPLOYEES:** Article 41, Section 1 of the Local Cartage Supplement to the NMFA shall be amended by deleting the following: "....however, if the employee is terminated by the employer during such period, he shall be compensated at the full contract rate of pay in effect at the time of the termination for all hours worked retroactive to the first day worked in such period, and the Employer shall likewise pay the appropriate pension contributions for all days worked by the terminated employee."

F.     **VACATION:** Article 51, Section 6: of the Local Cartage Supplement to the NMFA shall be amended to read as follows: "Each employee having one (1) or more vacation weeks in any one year shall be required to take one (1) week of vacation during the July or December plant shutdowns. This provision shall remain effective in first 3 years of this agreement (03, 04, 05) at which point all vacations may be scheduled in accordance with the NMFA for the remaining two (2) years of this agreement."

G. **HOLIDAYS:** Article 52, Section 1: of the Local Cartage Supplement to the NMFA shall be amended by adding the following:

1. Martin Luther King, Jr's Birthday shall be added as a contractual holiday, in lieu of the personal holiday.

2. Christmas Eve, Christmas Day and New Years Day shall be deleted as a contractual holidays in lieu of adding three (3) floating holidays, to be used during any plant scheduled (UAW) holidays.

H. **WEEKLY GUARANTEE:** The first ninety percent (90%) by seniority, called and put to work in any day of the regular workweek (Monday through Friday) shall be guaranteed forty (40) straight time hours of work or the equivalent in pay for such workweek, but the employer shall be exempt from such weekly guarantee if (1) an employee at his/her own initiative takes off a regularly scheduled work day or declines work during such week, or is laid off, or discharged for just cause, or (2) the employer has not directly caused a work stoppage, such as fire, destruction or emergency, which as a proximate result thereof causes a complete stoppage of all the employee's operations, (3) there be a day, not considered a aid holiday under the NMFA or this agreement, on which the plant serviced by the employer is closed and therefore, on which the employer's employee's do not work. During any week in which there is such a day, the employees shall be paid only for the hours actually worked by them. By way of example, should a holiday fall on a Sunday which the UAW contract says should be celebrated on the following Monday and if that Holiday is not included in either the NMFA or this agreement, then the employees covered by this addendum who do not work that Monday, but do work Tuesday through Friday of that week, would be paid for

3

thirty-two (32) hours of work for the week. Employees
working more or less shall be paid accordingly.

## I.   WAGES, RETROACTIVE PAY AND BENEFITS:
Article 60, of the Local Cartage Supplement to the NMFA
shall be deleted in its entirety and replaced with the
following:

### 1.   WAGE RATES:

Effective September 25, 2006 and continuing in full force
through March 31, 2008: With a seniority date before
September 1, 2006.

| EFFECTIVE DATE | STRAIGHT TIME |
|---|---|
| September 25, 2006 | $18.98 |
| April 1, 2007 | $19.28 |

### NEW HIRE RATES

Effective September 25, 2006 and continuing in full force
through March 31, 2008: With a seniority date on or
after September 1, 2006.

| EFFECTIVE DATE | STRAIGHT TIME |
|---|---|
| September 25, 2006 | $15.98 |
| April 1, 2007 | $16.28 |

4

a. **Minimum Guarantee of Hours:** There shall be no Minimum guarantee of hours per week. However, any employee who works any part of a day shall be entitled to at least eight (8) hours pay.

b. **Workweek:** Any employee not yet having entered his/her fifth (5th) punch during any one workweek shall be required to work at straight time rate for Saturday and Sunday work until the 5th. punch is entered. Company compensated days shall be considered when calculating overtime.

2. **Casual Rates:** Effective the date of ratification of this Agreement and continuing through May 31, 2008 all casual's will be compensated at a rate of $16.00 per hour and all applicable overtime rates, provided, however, that any casual not having entered his/her 5th. punch during any work week shall be paid the Straight time rate for Saturday and Sunday work until 5th. punch has been entered. Casuals may not be used To deprive regular drivers of Saturday/Sunday work.

1 **PENSION PLAN:** Effective September 25, 2006, all employees will be placed in the Construction Industries Pension Plan, the following employer contribution schedule shall apply.

2 Effective September 25, 2006, Employer agrees to contribute to the Construction Industry Retirement Fund of Rockford, IL, the sum of $1.25 per hour worked, calculated to the nearest hour worked (this is above the wage rate) for each employee covered by this

agreement. The Construction Industry Retirement Fund of Rockford, IL, is administered by a board of Trustees, in accordance with the terms of a Trust Agreement executed as of September 14, 1965. The Retirement Fund maintains a place of business at 1111 South Alpine Road, Suite 607, Rockford, IL. 61108, or at such other place designated by the trustees. Contributions of the employer shall be forwarded to such business office together with report forms supplied for such purpose not later than the fifteenth (15th.) day of the following month. By making payments in accordance with this signed Labor Agreement to the Construction Industry Retirement Fund each Employer shall become party to the Trust Agreement and become bound by the terms and provisions thereof. The Employer shall, however, have no responsibility to the Retirement Fund, except the making of payments as specified (failure to make such payments as specified shall cause the employer to be liable for claims arising from such negligence) and compliance with the rules and regulations agreed upon for the successful operation of this Retirement Fund.

*address)*

3. Any Employer failing to make prompt and timely payment of contributions as stated above to the Trust named above, shall, in addition to the aforesaid hourly contributions pay an additional amount of fifty percent (50%) of the amount due in liquidated damages for failure to pay in accordance with this Agreement.

*50 %*

4. The Employer shall be liable for claims to the extent of benefits to which the employee would have been entitled if the Employer had made the required contributions, and for all contributions, and for all contributions and liquidated damages due thereunder, plus all legal fees incurred by the Trust Fund in enforcing the payment thereof.

5. Final interpretation of the rules and regulations of the Welfare Fund and its administration shall rest solely with the Board of Trustees. The appointment of the respective Trustees is hereby confirmed and ratified, together with their successors, designated in the manner provided in said Trust Agreement.

6. In the event the Trustees of the Fund or the Union question the authenticity or accuracy of the information completed on the forms, or in the event of a belief that the amounts being transmitted are not in accordance with the terms of this Agreement, the Trustees of the Fund shall have the right upon reasonable notice to have an audit of the payroll records of employees covered by this Agreement made by Certified Public Accountant. In the event a discrepancy discovered exceeds three percent (3%), the Employer shall bear accounting costs and shall be liable for all cost for collecting payments due, together with any attorney's fees and damages assessed by the Trustees.

7. The Employer shall furnish to the Trustees, upon request, such information and reports as the Trustees may require in performance of their duties, including the following: weekly payroll journals, individual earnings records for all employees paid on an hourly basis or who are in covered employment and quarterly withholding tax and FICA Tax returns (Forms 941 and W-3). The Trustees, or any authorized agent of the Trustees, shall have the right at all reasonable times during the business hours to enter upon the premises of the Employer as may be necessary to permit the Trustees to determine whether the Employer is fully complying with the provisions regarding Employer contributions.

NOV. 15. 2006  1:07PM   INDUSTRIAL TRANSPORT

8. In the event the Trustees are required to file suit by reason of an Employer's failure to maintain his monthly Welfare contributions called for in this Labor Agreement and a judgment is rendered in favor of the Trustees, the Trustees will also be entitled to attorney's fees and court costs charged to receive such judgment.

9. Welfare contributions as negotiated in this Joint Agreement are payable monthly to the "Fund Office." These contributions and accounting of hours worked are due on the FIFTEENTH DAY OF THE MONTH FOLLOWING THE MONTH THE HOURS WERE WORKED, AND ARE TO BE CONSIDERED DELINQUENT AFTER THE TWENTY-FIFTH OF THE MONTH FOLLOWING THE MONTH THE HOURS WERE WORKED, AND ARE TO BE CONSIDERED DELINQUENT AFTER THE TWENTY-FIFTH OF THE MONTH FOLLOWING THE MONTH THE HOURS ARE WORKED. Such contributions shall not be considered wages. The Fund office is to supply all forms for reporting these contributions.

*repeated ?*

## **EFFECTIVE DATE  9/25/2006 EMPLOYER PAYS PER HOUR WORKED.**

### **For all employees.**

| | |
|---|---|
| September 25, 2006 | $1.25 per hour worked. |
| April 1, 2007 | $1.50 per hour worked. |

8

a. **BENEFITS SCHEDULE:** The employer agrees to pay 100% of the company H&W plan, for every employee working under this collective bargaining agreement. There will be Health & Welfare through the employer.

j. **WORK RULES AND CONDITIONS:** The company has developed a safety program called "Safety Challenge", which is an employee driven process financed by the employer. All regular employees, through the application of the program rules, will receive $100.00 annually, providing however, that the Safety Challenge program remains in full effect.

k. **REMAINING PROVISIONS OF ORIGINAL AGREEMENT UNAFFECTED:** All other remaining provisions of the original agreement, not specifically modified herein, shall be and remain in full force and effect for the life of this agreement.

**IN WITNESS WHEREOF:** the parties hereto have executed this Supplemental Addendum as of _11/16/06_ .

DATE

SIGNED FOR THE UNION                    SIGNED FOR INTRANS
TEAMSTERS LOCAL 325                     INTRANS, INC.

_11/16/06_                              _11-16-06_
DATE                                    DATE

SIGNED BY UNION STEWARD

DATE

10

## Appendix "A"

### 1. Wages Schedule

Any employee hired on or after September 1, 2006 and continuing through the life of this agreement shall receive the following rates of pay:

| Effective Date | Straight Time | Time and One-Half | Double time |
|---|---|---|---|
| Hire Date | 15.98 | All Applicable overtime rates | |
| April 1, 2007 | 16.28 | All Applicable overtime rates | |

### 2. Casual Rates

Effective the date of ratification of this agreement and continuing through May 31, 2011, all casual will be compensated at a rate of 16.00 per hour and all applicable overtime rates, provided, however, that any casual not having entered his/her 5th punch during any work week shall be paid the straight time rate for Saturday and Sunday work until the 5th punch has been entered. Casuals may not be used to deprive regular drivers of Saturday/Sunday work.

### 3. Pension Plan

Effective September 25, 2006, all employees will be placed in the Construction Workers Pension Plan the following employer contribution schedule shall apply. All Central States Pension language shall be deleted in its entirety.

| Effective Date | Employer Contributions per Straight Time hour. |
|---|---|
| September 25, 2006 | 1.25 |
| April 1, 2007 | 1.50 |

JUL. 8. 2008  2:39PM    INDUSTRIAL TRANSPORT                    NO. 9727   P. 1

# Industrial Transport



Industrial Transport, inc. • 2330 East 79" Street • Cleveland, Ohio 44101
www.industrialtransport.com • (216) 881-5952 x.224 phone • (216) 881-1151 fax
Peggy Lou Young • Accounting Specialist

---

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| **ANNA** | **PEG YOUNG** |

| COMPANY: | DATE: |
|---|---|
| **CONSTRUCTION INDUSTRY FUNDS** | 7/8/2008 |

| FAX NUMBER: | TOTAL NO. OF PAGES, INCLUDING COVER: |
|---|---|
| 815-399-5773 | 2 |

| PHONE NUMBER: | SENDER'S REFERENCE NUMBER: |
|---|---|
| | |

| RE: | YOUR REFERENCE NUMBER: |
|---|---|
| **JUNE REPORT** | |

X URGENT    X FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

NOTES/COMMENTS:

*The Most Watchful eye in the transportation industry!*

JUL. 8. 2008  2:39PM    INDUSTRIAL TRANSPORT                    NO. 9727   P. 2

*10138*    *Feb*    *Jeff Parker*

## CONSTRUCTION INDUSTRY FUNDS
### Industrial Transport - Belvidere/Driver Pension (June 2008)

| Name | SSN | Hire Date | Local | W/E 6/1/08 | W/E 3/8/08 | W/E 6/15/08 | W/E 6/22/08 | W/E 6/29/08 | Total Hours |
|------|-----|-----------|-------|-----------|-----------|------------|------------|------------|-------------|
| Abrego, Senon M | 887 | 1/16/98 | 325 | 54.5 | 56 | 47.5 | 58.25 | 65.25 | 279.50 |
| Cizmic, Almir | | 5/29/2007 | 325 | 55.5 | 45 | 47.5 | 57 | 55.5 | 260.50 |
| Cottrill, William | | 5/21/07 | 325 | 55.5 | 56.5 | 47.5 | 57.5 | 57 | 274.00 |
| Curry, Michael | | 1/31/00 | 325 | 55.5 | 56 | 46 | 55.5 | 52.75 | 265.75 |
| Fallon, Stephen | | | 325 | | | | | | 0.00 |
| Giacomazzo, Andrew | | | 325 | 62.25 | 62.75 | 49.5 | 58 | 60.25 | 292.75 |
| Ginger, Robert | | 5/21/07 | 325 | | | | | | 0.00 |
| Haines, Robert | | 1/28/06 | 325 | 55.5 | 55.5 | 47.25 | 56.75 | 55.75 | 270.75 |
| Kamholtz, Gary | | 2/15/07 | 325 | 8 | 52.75 | 43 | 57 | 56.25 | 217.00 |
| Kruger, John | | 5/19/07 | 325 | 40 | 56.25 | 45.25 | 57.25 | 55.5 | 254.25 |
| Peavy, Steven | | | 325 | | | | | | 0.00 |
| Riggle, Leslie L | | 12/13/06 | 325 | 56 | 58.25 | 49.25 | 56.75 | 55.5 | 275.75 |
| Taylor, Chauncey | | | 325 | | | | | | 0.00 |
| Torry, Ladarrick | | 4/3/2007 | 325 | | 17.5 | | 51 | | 68.50 |
| Webster, Kevin | | 5/19/07 | 325 | 54.75 | 63 | 42.5 | 47.5 | 56 | 263.75 |
| Wimbley, Mackson | | 2/5/07 | 325 | 55.5 | 35.25 | 47.5 | | 57 | 195.25 |
| | | | | | | | Total Hours | | 2917.75 |
| | | | | | | | Rate | 1.5 | $ 4,376.63 |

*10157*

### Industrial Transport - Android/Driver Pension (June 2008)

| Name | SSN | Hire Date | Local | W/E 6/1/08 | W/E 6/8/08 | W/E 6/15/08 | W/E 6/22/08 | W/E 6/29/08 | Total Hours |
|------|-----|-----------|-------|-----------|-----------|------------|------------|------------|-------------|
| Amoroso, Jeffery | | 1/14/98 | 325 | 54.25 | 54 | 47.5 | 66.5 | 68 | 290.25 |
| Beck, Basil | | 5/20/07 | 325 | 53.25 | 55.5 | 45 | 57 | 52.75 | 263.50 |
| Bowman, Russell | | 5/21/07 | 325 | 55.5 | 69 | 47.5 | 36.5 | | 208.50 |
| Box, James | | 5/21/07 | 325 | 45.75 | 63.75 | 46 | 57 | 55 | 267.50 |
| Cook, Ricky | | 5/20/07 | 325 | | | | | | 0.00 |
| Coon, Randall | | 10/16/06 | 325 | 32 | 13.5 | 40 | | | 85.50 |
| Crosby, Michael | | 10/23/06 | 325 | | | | | | 0.00 |
| Dawson, James | | | 325 | 58.25 | 58.75 | 48 | 57 | 57.5 | 275.50 |
| Geddes, Kurt | | 3/20/07 | 325 | 58.5 | 63 | 53.5 | 57.5 | 52.5 | 285.00 |
| Kearney, Patrick | | 1/17/98 | 325 | 55.5 | 55.5 | 65.75 | 57.5 | 57.5 | 281.75 |
| Lawson, Beau E | | 10/23/06 | 325 | 45.75 | 53.25 | 47.5 | 57 | 56.25 | 259.75 |
| Marshall, Kenneth | | | 325 | 57.5 | 56.5 | 46.75 | 62.5 | 56 | 279.25 |
| McDonald, Michael | | 10/16/06 | 325 | 54 | 45 | 47.5 | 57 | 54.5 | 258.00 |
| Nakalamic, John | | | 325 | | | 47.5 | 38 | 57.25 | 142.75 |
| Neilson, Lance | | 3/5/07 | 325 | 65 | 53.75 | 47.5 | 56 | 57.25 | 279.50 |
| Reynolds, Robert | | 5/21/07 | 325 | 52 | 53 | 46.5 | 56 | 54.5 | 262.00 |
| Wainwright, Dwayne | | 5/21/07 | 325 | | | | | | 0.00 |
| | | | | | | Total Hours | | 679 | 3438.75 |
| | | | | | | Rate | | 1.5 | $ 5,158.13 |

*9534.76 total*

110/011  [Ø]
GROUP ADMIN LTD    815 399 5773    FAX 15:12  08/05/2008

AUG. 4. 2008 11:26AM    INDUSTRIAL TRANSPORT                    NO. 0071   P. 1

# Industrial Transport



Industrial Transport, Inc. • 7330 East 79th Street • Cleveland, Ohio 44101
www.industri.tra sp. com • (216) 881-5052 x.324 phone • (216) 881-1151 fax
Peggy Lou Young • Accounting Specialist

## FACSIMILE TRANSMITTAL SHEET

| TO: | FROM: |
|---|---|
| **CHRISTINA** | **PEG YOUNG** |
| **COMPANY:** | **DATE:** |
| **CONSTRUCTION INDUSTRY FUND** | 8/4/2008 |
| **FAX NUMBER:** | **TOTAL NO. OF PAGES, INCLUDING COVER:** |
| 815-399-5773 | 2 |
| **PHONE NUMBER:** | **SENDER'S REFERENCE NUMBER:** |
| **RE:** | **YOUR REFERENCE NUMBER:** |
| **MAR-APR-MAY REPORT** | |

x URGENT    X FOR REVIEW    ☐ PLEASE COMMENT    ☐ PLEASE REPLY    ☐ PLEASE RECYCLE

**NOTES/COMMENTS:**

The Most Watchful eye in the transportation industry!

CONSTRUCT  AUG. 4. 2008. 11:26AM   INDUSTRIAL TRANSPORT FUND        NO. 0071   P. 2

07

## Industrial Transport - Belvidere Driver Pension (May 2008)

| Name | SSN | Hire Date | Local | W/E 5/4/08 | W/E 5/11/08 | W/E 5/18/08 | W/E 5/25/08 | Total Hours |
|------|-----|-----------|-------|-----------|------------|------------|------------|-------------|
| Abrego, Senon M | | 1/16/88 | 325 | 64 | 92.5 | 56 | | 212.50 |
| Cizmic, Almir | | 5/25/2007 | 325 | 49 | 45 | 56 | 47.5 | 197.50 |
| Cottrill, William | | 5/21/07 | 325 | 55.25 | 48.5 | 59 | 46.25 | 209.00 |
| Curry, Michael | | 1/31/00 | 325 | 51 | | | 33.75 | 84.75 |
| Fallon, Stephen | | | 325 | 43.75 | 46 | | | 89.75 |
| Giacomazzo, Andrew | | | 325 | 51.75 | 47.75 | 57.25 | 50.25 | 207.00 |
| Ginger, Robert | | 5/21/07 | 325 | | | | | 0.00 |
| Haines, Robert | | 1/28/06 | 325 | 52 | 44.5 | 56 | 47.5 | 200.00 |
| Kamholtz, Gary | | 2/15/07 | 325 | 51 | 48.75 | 56.25 | 47.5 | 203.50 |
| Kruger, John | | 5/19/07 | 325 | 51 | 43.5 | 55.25 | 46.25 | 196.00 |
| Peavy, Steven | | | 325 | | | | | 0.00 |
| Riggie, Leslie L | | 12/13/06 | 325 | 57.75 | 46 | 56.75 | 47.5 | 208.00 |
| Taylor, Chauncey | | | 325 | | | | | 0.00 |
| Torry, Ladarrick | | 4/3/2007 | 325 | 51 | 56 | 46.5 | 38 | 191.50 |
| Webster, Kevin | | 5/19/07 | 325 | 56.75 | 43 | 48.5 | 47.5 | 195.75 |
| Wimbley, Mackson | | 2/5/07 | 325 | 51 | 46 | 53 | 42.5 | 192.50 |
| | | | | | | Total Hours | | 2387.75 |
| | | | | | | Rate | 1.5 | $ 3,581.63 |

18

## Industrial Transport - Android Driver Pension (May 2008)

| Name | SSN | Hire Date | Local | W/E 5/4/08 | W/E 5/11/08 | W/E 5/18/08 | W/E 5/25/08 | Total Hours |
|------|-----|-----------|-------|-----------|------------|------------|------------|-------------|
| Amoroso, Jeffery | 47 | 1/14/98 | 325 | 51 | 47.5 | 56.25 | 46 | 200.75 |
| Beck, Basil | | 5/20/07 | 325 | 50.25 | 45.5 | 54.75 | 44 | 194.50 |
| Bowman, Russell | | 5/21/07 | 325 | 49.5 | 46.5 | 58.5 | 56.25 | 210.75 |
| Box, James | | 5/21/07 | 325 | 51.5 | 36.75 | 63.75 | 47.25 | 199.25 |
| Cook, Ricky | | 5/20/07 | 325 | | | | | 0.00 |
| Coon, Randall | | 1/16/06 | 325 | 17 | 34 | 24.25 | 24 | 99.25 |
| Crosby, Michael | | 10/23/06 | 325 | | 45 | | | 45.00 |
| Dawson, James | | | 325 | 48.5 | 49.5 | 60.25 | 49.25 | 207.50 |
| Geddes, Kurt | | 3/20/07 | 325 | 65 | 47.75 | 70 | 8.5 | 191.25 |
| Kearney, Patrick | | 3/17/98 | 325 | 57.75 | 63.25 | 57 | 61.25 | 239.25 |
| Lawson, Beau E | | 10/23/06 | 325 | 50.5 | 44.25 | 56 | 28.5 | 179.25 |
| Marshall, Kenneth | | | 325 | 43.5 | 50.25 | 64.5 | 50.25 | 208.50 |
| McDonald, Michael | | 10/16/06 | 325 | 46.75 | 47.5 | 54.5 | 47.5 | 196.25 |
| Nakalamic, John | | | 325 | | | | | 0.00 |
| Neilson, Lance | | 3/5/07 | 325 | 61.75 | 47.5 | 57.75 | 46 | 213.00 |
| Reynolds, Robert | 93 | 5/21/07 | 325 | 49.75 | 47.25 | 55.5 | 47.25 | 199.75 |
| Wainwright, Dwayne | | 5/21/07 | 325 | | | | | |
| | | | | | | Total Hours | | 2584.25 |
| | | | | | | Rate | 1.5 | $ 3,876.38 |

7458.01
total

GROUP ADMIN LTD

AUG. 4. 2008 11:26AM    INDUSTRIAL TRANSPORT        NO. 0071   P. 3

*CONSTRUCTION INDUSTRY FUND*

## Industrial Transport - Belvidere/Driver Pension (April 2008)



| Name | SSN | Hire Date | Local | W/E 4/6/08 | W/E 4/13/08 |
|------|-----|-----------|-------|-----------|------------|
| Abrego, Senon M | | 1/16/98 | 325 | 44 | 42.5 |
| Bowman, Russell | | 5/21/07 | 325 | 44 | 42.5 |
| Cizmic, Almir | | 5/29/2007 | 325 | 34.25 | 42 |
| Cottrill, William | | 5/21/07 | 325 | 43.5 | 40.75 |
| Dawson, James | | | 325 | 45.95 | 40 |
| Fallon, Stephen | | | 325 | 46 | 42 |
| Giacomazzo, Andrew | | | 325 | 43.5 | 17.5 |
| Kamholtz, Gary | | 2/15/07 | 325 | 43.5 | 42.5 |
| Lawson, Beau E | | 10/23/06 | 325 | 43 | 42.5 |
| Marshall, Kenneth | | | 325 | 8 | 8.5 |
| McDonald, Michael | | 10/16/06 | 325 | 45 | 42 |
| Nakalamic, John | | | 325 | 18 | 8.5 |
| Riggie, Leslie L | | 12/18/06 | 325 | 43.75 | 42.75 |
| Torry, Ladarrick | | 4/3/2007 | 325 | 43 | 39.25 |
| Webster, Kevin | | 5/16/07 | 325 | 46.5 | 46.5 |
| Wimbley, Mackson | | 2/5/07 | 325 | 43 | 34 |

## Industrial Transport - Android/Driver Pension (April 2008)

| Name | SSN | Hire Date | Local | W/E 4/6/08 | | | | Total Hours |
|------|-----|-----------|-------|-----------|---|---|---|-------------|
| | | | 325 | 43.5 | | | | 170.50 |
| | | | 325 | 43.5 | | | | 165.50 |
| | | | 325 | 44 | | | | 170.25 |
| | 60-8042 | | 325 | 26.5 | | | | 152.75 |
| | | | 325 | 53 | | | | 235.00 |
| | | | 325 | 35 | | | | 163.00 |
| | | | 325 | 49 | | | | 233.00 |
| | | | 325 | - | | | | 69.50 |
| | | | 325 | 43.5 | | | | 171.50 |
| | | | 325 | 44.25 | | | | 181.00 |
| | | | 325 | 42 | | | | 162.00 |
| | | | 325 | 8 | | | | 24.00 |
| | | | 325 | 44.25 | | | 43 | 183.25 |
| | | | 325 | 44 | | | 41.75 | 169.25 |
| | | | | | | | | 2250.50 |
| | | | | | | | 1.5 | $ 3,375.75 |

*6952.80 total*

AUG. 4. 2008 11:27AM    INDUSTRIAL TRANSPORT

*CONSTRUCTION INDUSTRY FUND*



## Industrial Transport - Belvidere/Driver Pension (March 2008)



| Name | SSN | Hire Date | W/E 3/2/08 | | W/E 3/16/08 | W/E 3/23/08 | W/E 3/30/08 | Total Hours |
|---|---|---|---|---|---|---|---|---|
| | | | 68 | | 45 | 52 | 52.75 | 289.75 |
| | | | 47 | | 32.5 | 43.5 | 37 | 202.00 |
| | | | 61.75 | | 41 | 44 | 49.5 | 258.25 |
| | | | 48 | | 45 | 44 | 39 | 220.00 |
| | | | 61.75 | | 42.5 | 44.5 | 52 | 258.00 |
| | | | 60.5 | | 26 | 8 | 39 | 204.75 |
| | | | 20 | | 45 | 44 | 39 | 198.00 |
| | | | 58.5 | | 45 | 44 | 47 | 240.50 |
| | | | 68 | | 40.5 | 35 | 46 | 244.50 |
| | | | 67.25 | | 42.25 | | 48.25 | 247.75 |
| | | | 24 | - | - | | - | 24.00 |
| | | | 48 | 40 | | | 47 | 215.00 |
| | | | 52 | 46 | | | 46 | 233.00 |
| | | | 48 | 24 | | | 44 | 205.00 |
| | | | | | | | | 3038.50 |
| | | | | | | | | $4,557.75 |

| | SSN | | Local | W/E 3/2/08 | W/E 3/9/08 | W/E 3/16/08 | W/E 3/23/08 | W/E 3/30/08 | Hours |
|---|---|---|---|---|---|---|---|---|---|
| | | | 325 | 42 | 41 | 45.25 | 44.5 | 45 | 217.75 |
| | | | 325 | 49.5 | 48.25 | 40 | 43 | 47 | 227.75 |
| | | | 325 | 60 | 58 | 40 | 43.25 | 46.75 | 248.00 |
| | | | 325 | 54 | 64 | 40 | 45.25 | 51 | 254.25 |
| | | | 325 | 64 | 88 | 12 | 22.25 | 38.25 | 224.50 |
| | | | 325 | 74.5 | 60 | 73 | 44 | 56 | 307.50 |
| | | | 325 | 60 | 60 | | 45.75 | 48.25 | 214.00 |
| | | | 325 | 81.5 | 68 | | 43 | 46.5 | 239.00 |
| | | | 325 | 60.75 | 48.5 | 44.25 | 44.25 | 47.25 | 245.00 |
| | | | 325 | 40 | 48 | 45 | 37 | 37 | 207.00 |
| | | | 325 | 65 | 60 | 41.5 | 16.75 | 47 | 230.25 |
| | | | 325 | 40 | 32 | 45 | 44 | 37 | 198.00 |
| | | | 325 | 52 | 38.25 | 8 | 9 | 10 | 118.25 |
| | | | 325 | 68 | 21 | 45 | 44.75 | 48.5 | 227.25 |
| | | | 325 | 52.5 | 44 | 32.5 | 43.25 | 47.25 | 219.50 |
| | | | 325 | 52 | | | | | 52.00 |
| | | | | | | | 1.5 | | 3430.00 |
| | | | | | | | | | $5,145.00 |

97.02.75
total

CONSTRUCTION INDUSTRY FUND OF ROCKFORD
6838 EAST STATE STREET SUITE 201
ROCKFORD, IL 61108

815-399-0800

INDUSTRIAL TRANSPORT INC.
2330 E. 79TH STREET
CLEVELAND, OH 44104

Page 1 of 1

8/4/2008

10138

Your payroll submission(s) for the following were delinquent. You have been assessed a delinquent penalty as follows:

| ACCT | FUND | PAY PERIOD | PSTMRK DT | FUND AMT | % | PENALTY AMT | PD AMT | PD DT | WAIVE |
|------|------|-----------|-----------|----------|---|-------------|--------|-------|-------|
| CIRTSR | CIAN | 12/31/2006 | 02/26/2007 | $2,512.19 | 10.00 | $251.22 | | | |
| CIRTSR | CIAN | 01/31/2007 | 03/05/2007 | $2,524.38 | 10.00 | $252.44 | | | |
| CIRTSR | CIAN | 02/28/2007 | 03/29/2007 | $2,728.13 | 10.00 | $272.81 | | | |
| CIRTSR | CIAN | 03/31/2007 | 05/29/2007 | $4,350.43 | 10.00 | $435.04 | | | |
| CIRTSR | CIAN | 04/30/2007 | 06/11/2007 | $4,563.38 | 10.00 | $456.34 | | | |
| CIRTSR | CIAN | 05/31/2007 | 08/13/2007 | $4,695.75 | 10.00 | $469.58 | | | |
| CIRTSR | CIAN | 06/30/2007 | 09/10/2007 | $6,516.75 | 10.00 | $651.68 | | | |
| CIRTSR | CIAN | 07/31/2007 | 12/24/2007 | $9,523.13 | 10.00 | $952.31 | | | |
| CIRTSR | CIAN | 08/31/2007 | 01/17/2008 | $9,291.00 | 10.00 | $929.10 | | | |
| CIRTSR | CIAN | 10/31/2007 | 02/26/2008 | $4,706.63 | 10.00 | $470.66 | | | |
| CIRTSR | CIAN | 11/30/2007 | 02/26/2008 | $9,124.88 | 10.00 | $912.49 | | | |
| CIRTSR | CIAN | 12/31/2007 | 04/04/2008 | $8,889.38 | 10.00 | $888.94 | | | |
| CIRTSR | CIAN | 01/31/2008 | 04/04/2008 | $6,548.25 | 10.00 | $654.83 | | | |
| CIRTSR | CIAN | 02/29/2008 | 06/02/2008 | $4,195.88 | 10.00 | $419.59 | | | |
| | CIAN | 02/29/2008 | 07/18/2008 | $4,179.38 | 10.00 | $417.94 | | | |
| | | | **Totals** | | | **$8,434.97** | **$0.00** | | |
| | | | **Total Due upon Receipt** | | | **$8,434.97** | | | |

Please remit penalty due under separate cover from any hours submissions. Please attach a copy of this letter with your remittance.
Thank you

| INDUSTRIAL TRANSPORT | | | |
|---|---|---|---|
| WORK MONTH | AMT DUE ON REMIT | 10% PENALTY | LIQUID OWED | TOTAL DUE |
| MARCH | $9,702.75 | 0.10 | $970.28 | $10,673.13 |
| APRIL | $6,952.80 | 0.10 | $695.28 | $7,648.18 |
| MAY | $7,458.01 | 0.10 | $745.80 | $8,203.91 |
| JUNE | $9,534.76 | 0.10 | $953.48 | $10,488.34 |
| | | | | |
| TOTALS | $33,648.32 | 0.10 | $3,364.83 | $37,013.55 |
| | | | | |
| | LIQUID ON ACCOUNT | | | $8,434.97 |
| | TOTAL DUE | | | $45,448.52 |