8488-08001                                                                                          RMB

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| JERRY MATTHEWS, | ) | |
| | ) | |
| Plaintiff | ) | |
| vs. | ) | Case No. |
| | ) | |
| GLENN BLAIR DUNAVANT and | ) | Judge: |
| JACK COOPER TRANSPORT | ) | |
| COMPANY, INC., | ) | Magistrate: |
| | ) | |
| Defendants | ) | |

## NOTICE OF REMOVAL

Pursuant to Title 28 USC Sec. 1441, *et seq.*, and 28 USC Sec. 1332, Defendants, GLENN BLAIR DUNAVANT and JACK COOPER TRANSPORT COMPANY, INC., by and through one of their attorneys, Robert M. Burke of Johnson & Bell, Ltd., hereby give notice of the removal of the above captioned action from the Circuit Court of Winnebago County, Cause No. 08 L 282, to the United States District Court, Northern District of Illinois, Western Division, and in support thereof, state the following:

1.  On July 31, 2008, plaintiff, JERRY MATTHEWS, initiated the above captioned lawsuit by the filing of a Complaint entitled *Jerry Matthews v. Glenn Blair Dunavant and Jack Cooper Transport Company, Inc.,* Docket No. 08 L 282, in the Circuit Court of Winnebago County. A copy of the initial Complaint at Law is attached hereto, labeled Exhibit "A", incorporated herein by reference.

3. The court scheduled an initial case management conference when the case was filed. A copy of said scheduling order is attached hereto, labeled Exhibit "C", incorporated herein by reference.

4. Service was obtained on GLENN DUNAVANT on or about August 9, 2008.

5. Service was obtained on JACK COOPER TRANSPORT COMPANY, INC. on or about August 20, 2008.

6. The United States District Court for the Northern District of Illinois, Western Division, has jurisdiction over the above described action pursuant to 28 USC Sec. 1332 and 28 USC Sec. 1441 for the following reasons:

    a. JERRY MATTHEWS, at the time the lawsuit was commenced, and at all relevant times, has been a resident and citizen of the State of Alabama;

    b. Defendant, GLENN BLAIR DUNAVANT, at all relevant times, has been a resident and citizen of the State of Tennessee;

    c. Defendant, JACK COOPER TRANSPORT COMPANY, INC., at all relevant times, has been a Delaware corporation with its principal place of business in Missouri; therefore, for diversity of citizenship purposes, it is a citizen of the States of Delaware and Missouri;

    d. According to the allegations contained in the Complaint filed by the plaintiff herein, the amount of damages sought in this action is a sum that exceeds $50,000. Moreover, plaintiff claims to have sustained medical bills in excess of $80,000 related to the occurrence described in plaintiff's Complaint, and plaintiff's settlement demand is $500,000;

    e. Based upon the forgoing, it is defendant's good faith belief that while liability and damages issues will be contested, the amount in controversy in this action exceeds $75,000 exclusive of interest and costs;

  f. This Notice of Removal is being filed with the Clerk of the United States District for the Northern District, Western Division, within thirty (30) days of service of both defendants;

  g. This action, based upon diversity of citizenship and the amount in controversy is, therefore, properly removable, pursuant to 28 USC Sec. 1441(a).

 7. Defendant will promptly file a copy of this Notice of Removal with the Clerk of the Circuit Court of Winnebago County, Illinois.

WHEREFORE, defendants, GLENN BLAIR DUNAVANT and JACK COOPER TRANSPORT COMPANY, INC., respectfully request that this action proceed before this court as an action properly removed.

         Respectfully submitted,

    By: s/Robert M. Burke
       One of the attorneys for Defendants
       GLEN BLAIR DUNAVANT and JACK
       COOPER TRANSPORT COMPANY, INC.

Robert M. Burke
Johnson & Bell, Ltd.
33 West Monroe Street - #2700
Chicago, IL 60603
312/372-0770
Doc No. 1929206

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

**FILED**
Date: 7/31/08
Thomas A. Klein
Clerk of the Circuit Court
By _____ Deputy
Winnebago County, IL
COPY

| | |
|---|---|
| JERRY MATTHEWS, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) Case No. 08 L 282 |
| GLENN BLAIR DUNAVANT and JACK COOPER TRANSPORT COMPANY, INC., | ) ) ) ) |
| Defendants. | ) |

## COMPLAINT

NOW COMES the Plaintiff, JERRY MATTHEWS, by and through his attorneys, WILLIAMSMcCARTHY LLP, and for his Complaint against the Defendants, GLENN BLAIR DUNAVANT (hereinafter "DUNAVANT") and JACK COOPER TRANSPORT COMPANY, INC. (hereinafter "JACK COOPER"), states and alleges as follows:

### COUNT I
Negligence

1. That on or about August 23, 2006, the Plaintiff, JERRY MATTHEWS, was the driver of a certain truck which was stopped in traffic on I-90 at milepost 72.3 in Winnebago County, Illinois.

2. That on said date, DUNAVANT was a resident of Tennessee and employed by JACK COOPER, an Oklahoma corporation with its principle place of business in Oklahoma City, Oklahoma.

3. At said time and place, DUNAVANT was driving a certain truck owned by JACK COOPER in the course of his employment for JACK COOPER.



4. That on said date, time and place in question, DUNAVANT was guilty of one or more of the following negligent acts or omissions to act:

   (a) he drove his vehicle at a speed which was greater than was reasonable and proper with regard to traffic conditions and endangered the safety of persons on the roadway (625 ILCS 5/11-601(a));

   (b) he failed to decrease the speed of his vehicle to avoid an accident (625 ILCS 5/11-601);

   (c) he failed to keep his vehicle under proper control.

5. That as a direct and proximate result of one or more of the foregoing acts and/or omissions to act on the part of DUNAVANT, his vehicle struck the vehicle driven by the Plaintiff from behind.

6. That by reason of the aforesaid negligence of DUNAVANT and as a direct and proximate result thereof, Plaintiff sustained severe and permanent injuries; Plaintiff has suffered great pain and will continue to suffer great pain in the future as a result of his injuries; Plaintiff was and will be required to expend large sums of money in the care and treatment of his injuries; Plaintiff lost income; and Plaintiff has and will be precluded and limited in his usual affairs and activities, all to Plaintiff's damage in a sum that exceeds $50,000.00.

WHEREFORE, Plaintiff, JERRY MATTHEWS, prays for judgment against the Defendant, GLENN FRANK DUNAVANT, in a sum that exceeds $50,000.00.

## COUNT II
### *Respondeat Superior*

1. That on or about August 23, 2006, the Plaintiff, JERRY MATTHEWS, was the driver of a certain truck which was stopped in traffic on I-90 at milepost 72.3 in Winnebago County,

Illinois.

2. That on said date, DUNAVANT was a resident of Tennessee and employed by JACK COOPER, an Oklahoma corporation with its principle place of business in Oklahoma City, Oklahoma.

3. At said time and place, DUNAVANT was driving a certain truck owned by JACK COOPER in the course of his employment for JACK COOPER.

4. That on said date, time and place in question, JACK COOPER, by its employee DUNAVANT, was guilty of one or more of the following negligent acts or omissions to act:

- (a) he drove his vehicle at a speed which was greater than was reasonable and proper with regard to traffic conditions and endangered the safety of persons on the roadway (625 ILCS 5/11-601(a));
- (b) he failed to decrease the speed of his vehicle to avoid an accident (625 ILCS 5/11-601);
- (c) he failed to keep his vehicle under proper control.

5. That as a direct and proximate result of one or more of the foregoing acts and/or omissions to act on the part of DUNAVANT, his vehicle struck the vehicle driven by the Plaintiff from behind.

6. That by reason of the aforesaid negligence of the Defendant and as a direct and proximate result thereof, Plaintiff, JERRY MATTHEWS, sustained severe and permanent injuries; Plaintiff has suffered great pain and will continue to suffer great pain in the future as a result of his injuries; Plaintiff was and will be required to expend large sums of money in the care and treatment of his injuries; Plaintiff lost income; and Plaintiff has and will be precluded and limited in his usual affairs and activities, all to Plaintiff's damage in a sum that exceeds $50,000.00.

WHEREFORE, Plaintiff, JERRY MATTHEWS, prays for judgment against the Defendant, JACK COOPER TRANSPORT COMPANY, INC., in a sum that exceeds $50,000.00.

**PLAINTIFF DEMANDS TRIAL BY JURY**

JERRY MATTHEWS, Plaintiff

By WilliamsMcCarthyLLP

By: *James P. Devine*
    James P. Devine

James P. Devine - #280
WilliamsMcCarthyLLP
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL 61105
(815) 987-8900


COPY

**PRIVATE PROCESS SERVER**

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

| | |
|---|---|
| JERRY MATTHEWS, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 08 L 282 |
| ) | |
| GLENN BLAIR DUNAVANT and ) | |
| JACK COOPER TRANSPORT COMPANY, INC., ) | |
| ) | |
| Defendants. ) | |

## SUMMONS

To each defendant: Glenn Blair Dunavant, 611 Morrow Lane, Pulaski, TN 38478

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of the Clerk of this Court, Winnebago County Courthouse, Room __104__, 400 West State Street, Rockford, Illinois, within 30 days after service of this summons, not counting the day of service. IF YOU FAIL TO DO SO, A JUDGMENT OR DECREE BY DEFAULT MAY BE TAKEN AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with indorsement of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so endorsed.

This summons may not be served later than 30 days after its date.

WITNESS __JUL 3 1 2008__, 200__.

(Seal of Court)

_Thomas A Klein_
(Clerk of the Circuit Court)

By __PA__
(Deputy)


(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)

Name: James P. Devine (#280) of WilliamsMcCarthyLLP
Attorney for: Plaintiff
Address: P.O. Box 219
City: Rockford, IL 61105
Telephone: (815) 987-8900

Date of service: _____



STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

| | |
|---|---|
| JERRY MATTHEWS, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 08 L 282 |
| GLENN BLAIR DUNAVANT and | ) 10/30/08 9:00 am RM 412 |
| JACK COOPER TRANSPORT COMPANY, INC., | ) CASE MANAGEMENT CONFERENCE DATE |
| Defendants. | ) Judge Pirrello |

Supreme Court Rule 218 _____ CASE MANAGEMENT CONFERENCE
(1st,2nd,3rd,etc.)

## Instructions

THE FOLLOWING "COURT CONSIDERATIONS" SHALL BE ANSWERED BY AND SIGNED BY THE ATTORNEYS FOR ALL PARTIES RESPONSIBLE FOR TRIAL OF THE CASE. THE DATES AND NUMBERS OF THE "ORDER" SECTION OF THIS DOCUMENT SHALL BE FILLED IN BY THE SAME ATTORNEYS. THIS DOCUMENT WITH THE SECTIONS COMPLETED AS EXPLAINED IN THIS "INSTRUCTION" SHALL BE FILED WITH THE CIRCUIT CLERK FIVE (5) WORKING DAYS BEFORE THE FIRST AND EACH SUBSEQUENT CASE MANAGEMENT CONFERENCE. THE FIRST CASE MANAGEMENT CONFERENCE SHALL BE HELD 90 DAYS AFTER THE COMPLAINT HAS BEEN FILED. FAILURE TO ABIDE BY THIS INSTRUCTION WILL SUBJECT THE PARTIES AND ALL ATTORNEYS OF RECORD TO THE SANCTIONS PROVIDED FOR IN SUPREME COURT RULE 219.

### COURT CONSIDERATIONS

1. State the nature, issues, and complexity of the case.

2. How best can the parties simplify the issues in this case?

3. Do the parties anticipate any amendments to the pleadings?
   _____ Yes _____ No

4. What documents and/or admissions of facts can be obtained which will avoid unnecessary proof? (The parties are encouraged to attach any stipulations to this Order.)

5. Plaintiff reasonably anticipates that a total of _____ depositions (including opinion and non-opinion witnesses) will be required prior to the fact discovery cutoff.

6. Defendant(s) reasonably anticipates that, in addition to the foregoing deponents, a total of _____ depositions will be required prior to the fact discovery cutoff.

7. Plaintiff(s) reasonably anticipates disclosing _____ additional opinion witnesses after the end of fact discovery.



8. Defendant(s) reasonably anticipates disclosing ____ additional opinion witnesses after the end of fact discovery.

9. What is the possibility of settlement of the case?

10. Are the parties amenable to alternative dispute resolution of this case including arbitration or mediation?

    Mediation:     _____ Yes     _____ No

    Arbitration:     _____ Yes     _____ No

11. By what date do the parties reasonably expect this case to be ready for trial? _____

12. State any other matters which may aid in the disposition of this case.

_____        _____
_____        _____
_____        _____
_____        _____
Signature(s) of Plaintiff(s) and      Signature(s) of Defendant(s) and
Plaintiff(s) Attorney(s)      Defendant(s) Attorney(s)

ORDER

This case coming on to be heard on _____ Case Management Conference, and the Court being fully advised in the premises. NOW THEREFORE, IT IS HEREBY ORDERED that:

(a) All written discovery between the parties (excepting the continuing duty to supplement) is to be completed by _____, 200___.

(b) Plaintiff shall be limited to conducting ____ depositions prior to the fact discovery cutoff date, such depositions to be limited to ____ hours each unless otherwise agreed to by the parties.

(c) Defendant shall be limited to conducting ____ depositions prior to the fact discovery cutoff date, such depositions to be limited to ____ hours each unless otherwise agreed to by the parties.

(d) All fact discovery, including the depositions of parties, occurrence witnesses and opinion witnesses, shall be completed on or before _____, 200___. This limitation shall not apply to the additional opinion witnesses disclosed by the parties pursuant to the following provisions.

(e) Plaintiff shall be limited to disclosing ____ additional opinion witnesses after the fact discovery cutoff, such disclosure to be made on or before _____, 200___. This shall not limit the Plaintiff's right to disclose opinion testimony as elicited from a witness during fact discovery.

(f) Depositions of Plaintiff's additional opinion witnesses shall be completed on or before _____, 200___, such depositions to be limited to ____ hours each unless otherwise agreed to by the parties.

(g) Defendant shall be limited to disclosing _____ additional opinion witnesses after the fact discovery cutoff, such disclosure to be made on or before _____, 200___. This shall not limit the Defendant's right to disclose opinion testimony as elicited from a witness during fact discovery.

(h) Depositions of Defendant's additional opinion witnesses shall be completed on or before _____, 200___, such depositions to be limited to ____ hours each unless otherwise agreed to by the parties. All discovery of additional opinion witnesses shall be closed on this date.

1. Parties are not at issue. First Case Management Conference set _____, 200___.

2. This case is continued for the _____ Case Management Conference on _____, 200___.
(1st, 2nd, 3rd, etc.)

3. This cause is referred to (mediation/arbitration). (Circle one if applicable.)

4. This cause is set for settlement/pre-trial conference on _____, 200___.

5. This cause is set for final Case Management Conference on _____, 200___.

6. This cause is set for trial on _____, 200___.

Dated:

_____, 200___

ENTER: _____
JUDGE

APPROVED AS TO FORM:

_____
_____
_____
_____

-3-