UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　　　　v.<br><br>ST. MARYS CEMENT INC. (U.S.) and<br>ST. BARBARA CEMENT INC.<br><br>　　　　Defendants. | )<br>)<br>)<br>)<br>)　Civil Action No.<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

## COMPLAINT

The United States of America, by authority of the Attorney General of the United States and through the undersigned attorneys, acting at the request of the Administrator of the United States Environmental Protection Agency ("EPA"), alleges:

## NATURE OF THE ACTION

1.　This is a civil action brought against St. Marys Cement Inc. (U.S.) and St. Barbara Cement Inc. (hereinafter collectively "Defendants") pursuant to Sections 113(b) and 167 of the Clean Air Act ("the Act"), 42 U.S.C. §§ 7413(b) and 7477, for injunctive relief and the assessment of civil penalties for violations of the Prevention of Significant Deterioration ("PSD") provisions of the Act, 42 U.S.C. §§ 7470-7492, and the PSD regulations incorporated into the federally approved and enforceable Illinois State Implementation Plan ("Illinois SIP"), at a Portland cement plant located in or near Dixon, Illinois.

## JURISDICTION AND VENUE

2.  This Court has jurisdiction of the subject matter of this action pursuant to Sections 113(b) and 167 of the Act, 42 U.S.C. §§ 7413(b) and 7477, and pursuant to 28 U.S.C. §§ 1331, 1345, and 1355.

3.  Venue is proper in this District pursuant to Sections 113(b) of the Act, 42 U.S.C. § 7413(b), and 28 U.S.C. §§ 1391(b) and (c) because the violations alleged in the Complaint are alleged to have occurred in, and Defendants conduct business in, this judicial district.

## NOTICES

4.  In accordance with Section 113(a)(1) of the Act, 42 U.S.C. § 7413(a)(1), EPA issued Defendants a Notice of Violation ("NOV") for the violations of the Act and the Illinois SIP alleged herein. Pursuant to Section 113(a)(1) of the Act, 42 U.S.C. § 7413(a)(1), EPA provided a copy of the NOV to the State of Illinois.

5.  More than 30 days have elapsed since issuance of the NOV referred to in the preceding paragraph.

6.  The United States has provided notice of the commencement of this action to the State of Illinois, pursuant to Section 113(b) of the Act, 42 U.S.C. § 7413(b).

## DEFENDANTS

7.  The Defendants are each Delaware corporations.

8.  Defendant St. Barbara Cement Inc. ("St. Barbara") is the owner of a Portland cement plant located in Lee County, Illinois, which has an address of 1914 White Oak Lane, Dixon, Illinois (herein "Facility"). Defendant St. Marys Cement Inc. (U.S.) ("St. Marys") is the operator of the Facility.

9. Each Defendant is a "person" within the meaning of Section 302(e) of the Act, 42 U.S.C. § 7602(e).

## STATUTORY AND REGULATORY BACKGROUND

10. The Act is designed to protect and enhance the quality of the nation's air so as to promote the public health and welfare and the productive capacity of its population. Section 101(b)(1) of the Act, 42 U.S.C. § 7401(b)(1).

### A. The National Ambient Air Quality Standards

11. Section 108(a) of the Act, 42 U.S.C. § 7408(a), requires the EPA Administrator to identify and prepare air quality criteria for each air pollutant, the emissions of which may endanger public health or welfare, and the presence of which results from numerous or diverse mobile or stationary sources. For each such "criteria" pollutant, Section 109 of the Act, 42 U.S.C. § 7409, requires EPA to promulgate national ambient air quality standards ("NAAQS") requisite to protect the public health and welfare. Pursuant to Sections 108 and 109, EPA has identified several criteria pollutants, including nitrogen dioxide ("$NO_2$"), which is a form of nitrogen oxides ("NOx"), and ozone, and EPA promulgated primary and secondary NAAQS for such pollutants. 40 C.F.R. §§ 50.11, 50.9, 50.10.

12. In accordance with Section 107(d) of the Act, 42 U.S.C. § 7407(d), each state is required to designate those areas within its boundaries where the air quality is better or worse than the NAAQS for each criteria pollutant, or where the air quality cannot be classified due to insufficient data. An area that meets the NAAQS for a particular pollutant is termed an "attainment" area; an area that does not meet the NAAQS is termed a "nonattainment" area; and an area that cannot be classified due to insufficient data is termed "unclassifiable."

### B. The Prevention of Significant Deterioration Requirements

13. Part C of Title I of the Act, 42 U.S.C. §§ 7470-7492, sets forth PSD requirements regarding air quality in those areas designated as either attainment or unclassifiable for purposes of meeting the NAAQS standards. These requirements are designed to protect public health and welfare, to assure that economic growth will occur in a manner consistent with the preservation of existing clean air resources and to assure that any decision to permit increased air pollution is made only after careful evaluation of all the consequences of such a decision and after public participation in the decision making process. 42 U.S.C. § 7470. These provisions are referred to herein as the "PSD program."

14. Section 165(a) of the Act, 42 U.S.C. § 7475(a), among other things, prohibits the construction and operation of a "major emitting facility" in an area designated as attainment or unclassifiable unless a permit has been issued that comports with the requirements of Section 165 and the facility employs the best available control technology ("BACT") for each pollutant subject to regulation under the Act that is emitted from the facility. "Construction" includes the "modification" of any source or facility as defined in 42 U.S.C. § 7411(a). 42 U.S.C. § 7479(2)(C). "Modification" means "any physical change in, or change in the method of operation of, a stationary source which increases the amount of any air pollutant emitted by such source or which results in emission of any air pollutant not previously emitted." 42 U.S.C § 7411(a)(4). Section 169(1) of the Act, 42 U.S.C. § 7479(1), designates Portland cement plants which emit or have the potential to emit one hundred tons per year ("tpy") or more of any pollutant to be "major emitting facilities."

15. On June 19, 1978, EPA promulgated the PSD air quality standards pursuant to Part C of Title I of the Act. 43 Fed. Reg. 26388 (June 19, 1978). These regulations have been revised from time to time, including on August 7, 1980 (45 Fed. Reg. 52676) and on December 31, 2002 (67 Fed. Reg. 80186), and are codified at 40 C.F.R. § 52.21, and are referred to herein as the "PSD regulations."

16. Pursuant to Sections 110(a) and 161 of the Act, 42 U.S.C. §§ 7410(a) and 7471, the applicable implementation plan for each state ("SIP") is required to contain emission limitations and such other measures as may be necessary to prevent significant deterioration of air quality in areas designated as attainment or unclassifiable.

17. A state may comply with Sections 110(a) and 161 of the Act by having its own PSD regulations approved as part of its SIP by EPA, which must be at least as stringent as those set forth at 40 C.F.R. § 51.166. If a state does not have a PSD program that has been approved by EPA and incorporated into its SIP, the federal PSD regulations set forth at 40 C.F.R. § 52.21 may be incorporated by reference into the SIP. 40 C.F.R. § 52.21(a)(1).

18. At relevant times, applicable provisions of 40 C.F.R. § 52.21 have been incorporated into the Illinois SIP. 40 C.F.R. § 52.738 (45 Fed. Reg. 52741, August 7, 1980, as amended at 46 Fed. Reg. 9584, January 29, 1981); 68 Fed. Reg. 11316 (March 10, 2003).

19. The PSD regulations apply to the construction of any new major stationary source or any project at an existing major stationary source in an area designated as attainment or unclassifiable. 40 C.F.R. § 52.21(a)(2)(i). The requirements of paragraphs (j) through (r) of the PSD regulations apply to the construction of any new major stationary source or the major

modification of any existing major stationary source, except as otherwise provided by the PSD regulations. 40 C.F.R. § 52.21(a)(2)(ii).

20. 40 C.F.R. § 52.21(a)(2)(iii) prohibits any major stationary source or major modification to which the requirements of paragraphs (j) through (r)(5) of the PSD regulations apply from beginning actual construction without a PSD permit that states that the major stationary source or major modification will meet those requirements.

21. "Major stationary source" is defined at 40 C.F.R. § 52.21(b)(1)(i)(a) to include any source in specified source categories, including Portland cement plants, that emits or has the potential to emit, 100 tpy or more of a regulated NSR pollutant as defined in 40 C.F.R. § 52.21(b)(50). NOx is a regulated NSR pollutant as it is subject to regulation under the Act.

22. "Major modification" is defined at 40 C.F.R. § 52.21(b)(2)(i) as any physical change in or change in the method of operation of a major stationary source that would result in a significant net emission increase of a regulated NSR pollutant.

23. "Net emissions increase" is defined at 40 C.F.R. § 52.21(b)(3)(i) as the amount by which the sum of the following exceeds zero: (a) the increase in actual emissions [as defined by 40 C.F.R. § 52.21(b)(21)] from a particular physical change or change in method of operation at a stationary source; and (b) any other increases and decreases in actual emissions [as defined by 40 C.F.R. § 52.21(b)(21)] at the source that are contemporaneous with the particular change and are otherwise creditable.

24. A "significant" net emissions increase is defined at 40 C.F.R. § 52.21(b)(23)(i), in part, as an increase in the rate of emissions that would equal or exceed specified rates for specific pollutants. For NOx, the listed emission rate is 40 tpy.

25.     Under the PSD regulations, "Construction" means any physical change or change in the method of operation that would result in a change in actual emissions. 40 C.F.R. § 52.21(b)(8).

26.     As set forth at 40 C.F.R. § 52.21(j), a source in an attainment or unclassifiable area with a major modification must install and operate BACT, as defined at 40 C.F.R. § 52.21(b)(12), if the modification would result in a significant net emissions increase of a regulated NSR pollutant.

27.     Any owner or operator of a source or modification subject to the PSD regulations who constructs or operates a source or modification not in accordance with a PSD application or the terms of any approval to construct, or who commences construction without applying for and receiving approval under the PSD regulations is subject to an enforcement action. 40 C.F.R. § 52.21(r)(1).

## ENFORCEMENT PROVISIONS

28.     Sections 113(a)(1) and (3) of the Act, 42 U.S.C. §§ 7413(a)(1) and (3), provide that the EPA Administrator may bring a civil action in accordance with Section 113(b) of the Act, 42 U.S.C. § 7413(b), whenever, on the basis of any information available to the Administrator, the Administrator finds that any person has violated or is in violation of any requirement or prohibition of, *inter alia*, the PSD requirements of Section 165(a) of the Act, 42 U.S.C. § 7475(a); or the PSD provisions of the Illinois SIP.

29.     Section 113(b) of the Act, 42 U.S.C. § 7413(b), authorizes the EPA Administrator to initiate a judicial enforcement action for a permanent or temporary injunction, and/or for a civil penalty of up to $25,000 per day for each violation occurring on or before January 30, 1997;

up to $27,500 per day for each such violation occurring on or after January 31, 1997 and up to and including March 15, 2004; and up to $32,500 per day for each such violation occurring on or after March 16, 2004, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701, and 40 C.F.R. § 19.4, against any person whenever such person has violated, or is in violation of, *inter alia,* the requirements or prohibitions described herein.

30. Section 167 of the Act, 42 U.S.C. § 7477, authorizes the EPA Administrator to initiate an action for injunctive relief, as necessary to prevent the construction, modification or operation of a major emitting facility which does not conform to the PSD requirements in Part C of Title I of the Act.

## GENERAL ALLEGATIONS

31. The Facility is a Portland cement manufacturing facility utilizing three preheater cement kilns and one long dry cement kiln.

32. The Facility is located in Lee County, Illinois, which at times relevant to this complaint, has been designated as unclassifiable or attainment (better than national standards) for the NAAQS for $NO_2$. 40 C.F.R. § 81.314.

33. At all times pertinent to this civil action, the Facility was a Portland cement plant, and a "major emitting facility" and a "major stationary source" within the meaning of the Act and the PSD regulations incorporated into the Illinois SIP.

## CLAIM FOR RELIEF

34. Paragraphs 1 through 33 are realleged and incorporated herein by reference.

35. Prior to November 2003, the Facility's previous owner and/or operator, CEMEX Central Plains Cement LLC ("CEMEX LLC"), used both coal and petroleum coke as fuel for kilns at the Facility, with coal being a substantial portion of the fuel mix. During November 2003, CEMEX LLC ceased using coal in its fuel mix and increased the use of petroleum coke, which became the only fuel used in the Facility's kilns. This change in fuel usage constituted a physical change or change in the method of operation of the Facility's kilns and a major modification of the Facility.

36. The November 2003 physical change or change in the method of operation at each of the kilns and the Facility resulted in a significant net emissions increase of NOx from the Facility that equaled or exceeded 40 tpy and, therefore, was a major modification.

37. CEMEX LLC undertook and completed the major modification described in paragraph 35 above without first obtaining a PSD permit and complying with the requirements of 40 C.F.R. §§ 52.21(j) through (r) and without installing BACT to control NOx emissions in accordance with the Act, in violation of Part C, Title I of the Act, 42 U.S.C. §§ 7470-7492, and its implementing regulations at 40 C.F.R. § 52.21, as incorporated into the Illinois SIP.

38. Since becoming the Facility's owner and operator, the Defendants have continued to use petroleum coke as the sole fuel within the kilns. Defendants continue to own and operate the Facility as modified by CEMEX LLC.

39. Since becoming the Facility's owner and operator, the Defendants have violated and continued to violate Section 165(a) of the Act, 42 U.S.C. § 7475(a), and the PSD regulations set forth in 40 C.F.R. § 52.21 and incorporated into the Illinois SIP by, among other things, owning and operating the Facility after the major modification without obtaining a PSD permit,

complying with the requirements of 40 C.F.R. §§ 52.21 (j) through (r), and installing and operating BACT for the control of NOx emissions from kilns at the Facility, as required by 40 C.F.R. § 52.21(j).

40.     As a result of the terms of its acquisition of the Facility, St. Barbara has assumed the liabilities of CEMEX LLC specified in paragraph 37.

41.     As a result of the acts and omissions described in paragraphs 35-39, above, Defendants have violated and continued to violate Section 165(a) of the Act, 42 U.S.C. Section 7475(a), and 40 C.F.R. § 52.21, as incorporated into the Illinois SIP and, unless restrained by an order of this Court, these violations of the Act will continue.

42.     As provided in Section 113(b) of the Act, 42 U.S.C. § 7413(b), and Section 167 of the Act, 42 U.S.C. § 7477, the violations set forth above subject the Defendants to injunctive relief and civil penalties of up to $27,500 per day for each such violation occurring on or after January 31, 1997 and up to and including March 15, 2004; and up to $32,500 per day for each such violation occurring on or after March 16, 2004, pursuant to the Federal Civil Penalties Inflation Adjustment Act of 1990, 28 U.S.C. § 2461, as amended by 31 U.S.C. § 3701, and 40 C.F.R. § 19.4.

PRAYER FOR RELIEF

WHEREFORE, based upon all the allegations contained in paragraphs 1 through 42 above, the United States of America respectfully requests that this Court:

1.     Permanently enjoin the Defendants from operating the Facility, including the construction of future modifications, except in accordance with the Act and any applicable regulatory requirements;

2.  Order the Defendants to remedy their past violations by, among other things, requiring the Defendants to install and operate BACT, or such other emissions control technology required by law, as appropriate, to control NOx emissions from the four kilns at the Facility;

3.  Order the Defendants to apply for and comply with permits for the Facility that are in conformity with applicable requirements of the Clean Air Act, including, as appropriate, the requirements of the PSD program and the Illinois SIP;

4.  Assess a civil penalty against the Defendants of up to $27,500 per day for each such violation occurring on or after January 31, 1997 and up to and including March 15, 2004; and up to $32,500 per day for each such violation occurring on or after March 16, 2004;

5.  Award Plaintiff its costs of this action; and,

6.  Grant such other relief as the Court deems just and proper.

Respectfully Submitted,

_____
RONALD J. TENPAS
Assistant Attorney General
Environment and Natural Resources Division
United States Department of Justice

_____
PAMELA R. LEE
Trial Attorney
Environmental Enforcement Section
Environment and Natural Resources Division
United States Department of Justice
P.O. Box 7611
Washington, D.C. 20044-7611
(202) 305-2775 (Tel.)
(202) 616-6584 (Fax)
pamela.r.lee@usdoj.gov

PATRICK FITZGERALD
United States Attorney
Northern District of Illinois


*s/ Monica Mallory*
MONICA MALLORY
Assistant United States Attorney
308 West State Street, Suite 300
Rockford, Illinois 61101
(815) 987-4444 (Tel.)
(815) 987-4236 (Fax)
monica.mallory@usdoj.gov

OF COUNSEL

ANDREW C. HANSON
Attorney-Advisor
Air Enforcement Division
U.S. Environmental Protection Agency
Ariel Rios Building, MC 2242A
1200 Pennsylvania Ave. NW
Washington, DC 20460

TERENCE W. STANUCH
Associate Regional Counsel
Office of Regional Counsel (C-14J)
U.S. Environmental Protection Agency, Region 5
77 West Jackson Boulevard
Chicago, Illinois 60604-3590