UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | |
|---|---|
| STACEY F. BLACKMON, | ) |
| | ) |
| Plaintiff, | ) No. |
| | ) |
| v. | ) |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

COMPLAINT FOR JUDICIAL REVIEW

Introductory Statement

1. This is an action for judicial review of a final decision of the Defendant Commissioner of the Social Security Administration denying Plaintiff's claims for the establishment of a period of disability and disability insurance benefits under section 216(I) and 223 of the Social Security Act and Supplemental Security Income benefits under Sections 1611 and 1614 of the Act, 42 U.S.C. Sections 416(I), 423, 1381(a) and 1382(a).

Jurisdiction

2. Jurisdiction to review the defendant's decision is specifically conferred on this court by 42 U.S.C. Sec. 405(g).

Claim for Relief

3. 42 U.S.C. Sections 416(I) and 423 provide, inter alia, for the payment of Social Security benefits to those individuals who are insured under the Social Security program. 42 U.S.C. Section 423 provides that an individual shall be considered to be disabled if he is unable to engage in any substantial gainful activity by reason of any

medically determinable physical or mental impairment which has lasted or can be expected to last for a continuous period of not less than twelve months or which can be expected to result in death.

    4. 42 U.S.C. Sections 1381(a) and 1382(a) provide, inter alia, for the payment of Supplemental Security Income benefits to those disabled individuals whose income and resources fall below stated levels. 42 U.S.C. Section 1382(a)(3) provides, inter alia, that an individual should be considered to be disabled if he is unable to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months.

    5. Stacey F. Blackmon (XXX-XX-1155), is a resident of Rockford, Illinois, which is located in Winnebago County

    6. Plaintiff filed applications for Social Security Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") on February 21, 2006, alleging a disability onset date of February 14, 2006. The application was denied initially on May 3, 2006 and upon reconsideration on June 27, 2006. Following a timely Request for Hearing filed on July 11, 2006, Plaintiff appeared and testified at an administrative hearing on October 30, 2007 before Administrative Law Judge ("ALJ") Cynthia Bretthuaer via video teleconference from Rockford, Illinois with the ALJ presiding over the hearing from Evanston, Illinois. By notice dated November 28, 2007, his claims for disability benefits were denied by ALJ Bretthauer.

    7. Plaintiff filed a timely Request for Review of the hearing decision with the Social Security Administration's Appeals Council. On May 30, 2008, the Appeals

Council denied review, thus rendering a final administrative decision by the Commissioner. 20 C.F.R. § 404.981.

8. Plaintiff's complaint could have been timely filed up to and including 65 days after the Appeals Council action, i.e. on or before August 3, 2008. However, Plaintiff's administrative counsel requested an extension of time from the Appeals Council, which was granted on August 5, 2008, giving him an additional 35 days to file a civil action. (Extension attached as Exhibit A). Thus, Plaintiff can file a timely complaint on or before September 9, 2008.

9. Plaintiff requests judicial review of the Commissioner's adverse decision on the following grounds:

a. The Administrative Law Judge erred in rendering a decision that was not supported by substantial evidence and contains errors of law.

b. The Appeals Council erred in declining review of an adverse decision that was not supported by substantial evidence and contains errors of law.

WHEREFORE, Plaintiff requests that this court:

A. Reverse and set aside the Commissioner's final decision; or

B. In the alternative, remand this cause for further proceedings consistent with the Commissioner's regulations and Circuit law;

C. Award attorney's fees pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412, if plaintiff is the prevailing party;

D.  Award attorney's fees as part of its judgment in accordance with 42 U.S.C. § 406(b); and

E.  Order such other relief as this court deems just.

                                              Respectfully submitted,

                                              s/ Frederick J. Daley, Jr.

Daley, DeBofsky & Bryant                  Frederick J. Daley, Jr.
55 W. Monroe St., Suite 2440              Attorney for Plaintiff
Chicago, Illinois 60603                       Stacey F. Blackmon
(312) 372-5200; (312) 372-2778 (fax)     fdaley@ddbchicago.com