## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## WESTERN DIVISION

| | |
|---|---|
| Ritz of Chicago, Ltd._<br>Plaintiff<br><br>vs.<br><br>Kendra Espinosa, Kris Espinosa, Lyle Espinosa, and Branden Schaffer,<br><br>Defendants | Case No. _____ |

## Complaint

Now comes the Plaintiff, Ritz of Chicago, Ltd., by its attorneys, Ritz and Laughlin, complaining of the Defendants, Kendra Espinosa, Kris Espinosa, Lyle Espinosa, and Braden Schaffer, and alleges:

1. Jurisdiction of this Court is predicated on 28 U.S.C. § l332(l) because the amount in controversy exceeds $75,000 and is between citizens of different states.

2. Venue is proper in this District under 28 U.S.C. §l391(a)(2).

3. The Plaintiff is an Illinois corporation.

4. The Defendant, Kendra Espinosa, is a citizen of Colorado.

5. The Defendant, Kris Espinosa, is a citizen of Colorado.

6. The Defendant, Lyle Espinosa, is a citizen of Colorado

7. The Defendant Branden Schaffer, is a citizen of Texas.

8. The Plaintiff is the owner of two horses (Horses).

9. The Plaintiff and Defendant, Kendra Espinosa, made an agreement concerning the purchase, training, and sale of the Horses

10. The agreement was made in Rockford, Illinois, in March 2007.

11. The Defendant, Kendra Espinosa, acting on behalf of the Plaintiff, purchased the Horses for the Plaintiff in Mexico in April 2007

12. The Defendant, Kendra Espinosa, represented to the Plaintiff that the price of the Horses was $165,000.

13. The Plaintiff paid the Seller $165,000 for the Horses.

14. The Plaintiff is informed and believes, and therefore alleges upon information and belief that the purchase price of the Horses was only $65,000, and that the Defendant Kendra Espinosa converted $100,000 to her own use

15. Upon purchase, the Horses were taken into the possession of the Defendant, Kendra Espinosa, and moved to her premises in Colorado, owned, by the Defendants Kris Espinosa and Lyle Espinosa.

16. The Defendants conspired to defraud the Plaintiff of ownership of the Horses.

17. The first overt activity of the conspiracy occurred in Rockford Illinois when the aforesaid agreement was made.

18. In furtherance of their conspiracy to defraud the Plaintiff, the Defendant, Kendra Espinosa, attempted to transfer ownership of one of the Horses, Rumor Has It, to the Defendant, Branden Schaffer, without the knowledge or consent of the Plaintiff.

19. The Defendant, Branden Schaffer, claims ownership of Rumor Has It in numerous horse show programs.

20. The Defendant, Kris Espinosa, participated in the conspiracy. She was fully aware that:

     a. The Defendant, Branden Schaffer, did not own Rumor Has It and that her daughter, the Defendant Kendra Espinosa, falsely represented that the Defendant, Branden Schaffer, owned Rumor Has It.

     b. The Plaintiff was the owner of Rumor Has It, having bought the horse with its funds.

21. The Defendant, Kris Espinosa boarded Rumor Has It on her premises, without disclosing the fraudulent activity in which her daughter, Kendra Espinosa was involved in with the Defendant, Branden Schaffer.

22. The Plaintiff filed a suit for damages against the Defendant, Kendra Espinosa, in case Nº 07-L- 397 in the 17th Judicial Circuit, Winnebago County, Illinois.

23. On February 12, 2008, the Defendant Kendra Espinosa fraudulently induced the Plaintiff to enter into a Mutual Release.

24. The Mutual Release was the basis of an order dismissing the Complaint in Case Nº 07-L-397.

25. Although the decision of the trial court is being appealed to the Appellate Court for the Second District, the Mutual Release has not been invalidated yet.

26. The Mutual Release does not purport to release the Defendant, Brendan Schaffer, from any liability
.
27. In addition to the fraudulent inducement, the Defendant Kendra Espinosa fraudulently concealed material facts from the Plaintiff at the time the Mutual Release was signed.

28. Among the material facts concealed are:

     a. The Defendant attempted to deprive the Plaintiff of the ownership of one of its Horses, Rumor HA it, by transferring ownership of the horse to the Defendant, Branden Schaffer.

     b. The Defendant Kendra Espinosa attempted to transfer ownership of the Horses to herself by filing a brand registration application with the Division of Brand Inspection, Department of Agriculture, State of Colorado

     c. One of the Horses, Evita, was perfectly sound, serviceable, and successfully competing in horse show jumping events. Nevertheless, the Defendant, Kendra Espinosa fraudulently represented to the Plaintiff that Evita had an accident and now had a broken back, could no longer be ridden, and was useless. The Defendant changed Evita's name to Show Girl and continued to show the horse successfully in 2008. All this was done by the Defendant, Kendra Espinosa, after telling the Plaintiff that Evita had a broken back.

     29. The Plaintiff did not have knowledge of these material facts that were concealed from it when the Mutual Release was signed and did not learn about them until August 2008.

     30. The Plaintiff is entitled to the possession of the Horses it owns.

     31. The Plaintiff demanded that the Defendant Kendra Espinosa turn over possession of the Horses to the Plaintiff, but the Defendant Kendra Espinosa refused to do so,

     32. On September 12, 2008, the Plaintiff took possession by self help of the Horses that were being held unlawfully by the Defendant, Kendra Espinosa.

     33. The Plaintiff became indebted for the expenses in taking possession of the Horses in an amount of at least $15,000.

     34. Prior to taking possession, the Plaintiff was derived of the use of the Horses and the ability to make a sale of the Horses, and was damaged thereby.

35.  The conduct of the Defendants warrants and justifies the award of punitive damages.

36. The conspiracy to defraud the Plaintiff by the Defendants was done intentionally and without justification or excuse.  This is a willful and malicious injury within the meaning of § 523(a)(6) of the United States Bankruptcy Code and the debt is not dischargeable in bankruptcy.

Wherefore, the Plaintiff demands judgment against the Defendants, Kendra Espinosa, Kris Espinosa,  Lyle Espinosa, and Braden Schaffer,  and each of them, for $675,000, which includes $175,000 actual damages and $500,000 punitive damages, with costs, and a finding that the conspiracy to defraud the Plaintiff by all and each of the Defendants, Kendra Espinosa, Kris Espinosa,  Lyle Espinosa, and Braden Schaffer, is wilful and malicious, so as not to be dischargeable in bankruptcy.

Ritz of Chicago, Ltd., Plaintiff
by Ritz & Laughlin

    /s/ Kenneth Ritz

Illinois Bar 02347083
728 North Court Street
Rockford, IL 61103
815-968-1807
815-961-1917 Fax