Review of Admin Proc.

Time: 15/57/11
Page: 1

2008 MR 000002   Judge: J. EDWARD PROCHASKA   From 0/00/0000 To 99/99/999

User: LALOGGIL
Wsid: CCMPC7G0

Case Names_____   Attorney Names_____
BEETS TONYA                  REESE GARY S
        VS                                          All Entries For
EPPERSON CHET                CITY ATTORNEY
CITY OF ROCKFORD BOARD OFMAHER BRENDAN

__Date__

1/02/2008  Review of Admin Procedures Fee $246.00  FILED BY  Atty REESE GARY S
           Defendant EPPERSON CHET
           Case Management Conf. Apr 03,2008 09:00AM Rm426  Judge J. EDWARD PROCHA

1/02/2008  SUMMONS ISSUED PRIVATE PROCESS SERVER

1/02/2008  AFFIDAVIT OF GARY REESE FILED BY  Atty REESE GARY S
           Judge:PIRRELLO RONALD L   Clerk:JR   M

1/02/2008  CERTIFICATE OF SERVICE FILED BY  Atty REESE GARY S
           Judge:PIRRELLO RONALD L   Clerk:JR   M

1/04/2008  CERTIFICATE-MAILING (CLERKS) (2 CERT MAILINGS FILED BY
           Atty REESE GARY S
           Judge:PIRRELLO RONALD L   Clerk:JR   M

1/04/2008  SUMMONS - RET SERVED/PRIVATE PROCESS SERVICE FILED BY  Atty REESE GARY
           CHET EPPERSON, CHIEF OF POLICE FOR CITY OF ROCKFORD VIA JUDY BELK,
           SECRETARY. 01/02/08
               CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS VIA ATTY
           BRENDAN MAHER 01/02/08
           Judge:PIRRELLO RONALD L   Clerk:RG   M

1/08/2008  APPEARANCE OF ATTORNEY FILED BY  Atty MAHER BRENDAN

1/09/2008  Appearance FILED BY  Atty CITY ATTORNEY
           ON BEHALF OF DEFT, CHET EPPERSON AS CHIEF OF POLICE FOR THE CITY OF
           THE CITY OF ROCKFORD
           Judge:PIRRELLO RONALD L   Clerk:CSB   M

1/31/2008  By Telephone  Atty CITY ATTORNEY
           MOT/SUB JUDGE Feb 13,2008 09:00AM Rm412  Judge PIRRELLO
           Judge:PIRRELLO RONALD L   Clerk:TMV   M

1/31/2008  NOTICE FILED BY  Atty CITY ATTORNEY
           Judge:PIRRELLO RONALD L   Clerk:MAI   M

1/31/2008  Motion FOR SUBSTITUTION OF JUDGE BY DEFT CHET EPPERSONS FILED BY
           Atty CITY ATTORNEY
           Judge:PIRRELLO RONALD L   Clerk:MAI   M

1/31/2008  ANSWER TO COMPLAINT FOR ADMINISTRATIVE REVIEW FILED BY
           Atty CITY ATTORNEY
           Judge:PIRRELLO RONALD L   Clerk:MAI   M

2/07/2008  NOTICE FILED BY  Atty MAHER BRENDAN
           Judge:PIRRELLO RONALD L   Clerk:JEB   M

C O N T I N U E D   O N   N E X T   P A G E

EXHIBIT
A

```
                                                      Date:  9/12/2008
          Review of Admin Proc.                       Time: 15/57/11
                                                      Page:    2
      2008 MR 000002  Judge: J. EDWARD PROCHASKA  From  0/00/0000 To 99/99/999
                                                      User: LALOGGIL
__Date__
```

2/07/2008 Motion FOR EXTENSION OF TIME FILED BY  Atty MAHER BRENDAN
          Judge:PIRRELLO RONALD L    Clerk:JEB    M

2/13/2008 JUDGE SUBSTITUTED BY MOTION OF COUNSEL                          6
          ATTY REESE T APRS IN CT FOR PLTF. ATTY PANKRATZ K APRS IN CT FOR DEFT
          BOARD FOR FIRE AND POLICE COMMISSIONERS. REM DEFTS NOT PRES. DEFT
          EPPERSON'S MOTION FOR SUBSTITUTION OF JUDGE GRANTED. CASE REASSIGNED
          TO JUDGE J EDWARD PROCHASKA INSTANTER. SEE ORDER. FILED.
          Judge:PIRRELLO RONALD L    Clerk:TMC    M

2/13/2008 SET FOR STATUS REVIEW-ORDER                                    6
          ATTY REESE C APRS IN CT FOR PLTF. ATTY PANKRATZ K APRS IN CT FOR DEFT
          BOARD OF FIRE AND POLICE COMMISSIONERS. REM DEFTS NOT PRES. DEFTS
          MOTION FOR EXTENSION OF TIME GRANTED. DEFTS GIVEN UNTIL 02/28/08 TO
          FILE ANSWER AND CERTIFIED RECORD OF PROCEEDINGS. CAUSE CONTINUED. SEE
          ORDER. FILED.
          STATUS Mar 19,2008 09:00AM Rm426  Judge J. EDWARD PROCHAS
          Judge:J. EDWARD PROCHASKA    Clerk:TMC    M

2/29/2008 ANSWER OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS (CERTIFIED  6
          RECORD OF PROCEEDINGS)
          Judge:J. EDWARD PROCHASKA    Clerk:MA    M

2/29/2008 TRANSCRIPT OF PROCEEDING IN CLOSED SESSION (SEAL ENVELOPE)
          Judge:J. EDWARD PROCHASKA    Clerk:MA    M

3/14/2008 NOTICE FILED BY  Atty CITY ATTORNEY
          Judge:J. EDWARD PROCHASKA    Clerk:JMF    M

3/14/2008 Motion DEFENDANT CHES EPPERSON'S FOR A PROTECTIVE ORDER FILED BY
          Atty CITY ATTORNEY
          PROHIBITING DISCOVERY OUTSIDE THE ADMINISTRATIVE RECORD
          Judge:J. EDWARD PROCHASKA    Clerk:JMF    M

3/18/2008 Motion FOR PROTECTIVE ORDER FILED BY  Atty MAHER BRENDAN

3/18/2008 NOTICE FILED BY  Atty MAHER BRENDAN
          Judge:J. EDWARD PROCHASKA    Clerk:MAI    M

3/19/2008 CONTINUANCE ORDER                                              6
          AGREED ORDER SUBMITTED FOR SIGNATURE. CASE TO REMAIN SET FOR CMC
          04/03/08 09:00 A.M. CTRM 426. SEE ORDER. FILED.
          Judge:J. EDWARD PROCHASKA    Clerk:TMC    M

4/03/2008 SET FOR STATUS REVIEW-ORDER                                    6
          ATTY REESE B APRS IN CT FOR PLTF. ATTY GILBERTI J APRS IN CT FOR DEFT
          EPPERSON. ATTY MAHER B APRS IN CT FOR DEFT BOARD OF FIRE AND POLICE
          COMMISSIONERS. PLTF MAY FILE A MOTION TO UNSEAL RECORDS WITHIN 30
          DAYS. CAUSE CONTINUED. SEE ORDER. FILED.
          STATUS May 07,2008 09:00AM Rm426  Judge J. EDWARD PROCHAS
          Judge:J. EDWARD PROCHASKA    Clerk:TMC    M

          C O N T I N U E D   O N   N E X T   P A G E

Review of Admin Proc.

2008 MR 000002   Judge: J. EDWARD PROCHASKA   From  0/00/0000 To 99/99/999

User: LALOGGIL

__Date__

4/24/2008 NOTICE FILED BY  Atty REESE GARY S
          Judge:J. EDWARD PROCHASKA   Clerk:LSL   M

4/24/2008 Motion TO PRODUCE FILED BY  Atty REESE GARY S
          Judge:J. EDWARD PROCHASKA   Clerk:LSL   M

5/07/2008 BRIEF SCHEDULING ORDER                                           6
          ATTY G. REESE APPEARS FOR THE PLAINTIFF. COUNSEL APPEARS FOR DEFENDANT
          CHET EPPERSON. ATTY B. MAHER APPEARS FOR DEFENDANT CITY OF ROCKFORD
          BOARD OF FIRE. CAUSE COMES ON FOR STATUS. CASE REVIEWED. BRIEF
          SCHEDULING ORDER ENTERED ON PLAINTIFF'S MOTION TO PRODUCE DOCUMENTS
          FILED UNDERSEAL. CAUSE CONTINUED FOR ARGUMENT. SEE ORDER. FILED.
          ARGUMENT Jun 27,2008 09:00AM Rm426  Judge J. EDWARD PROCHAS
          Judge:J. EDWARD PROCHASKA   Clerk:JLB   M

5/28/2008 RESPONSE TO PLAINTIFFS MOTION TO PRODUCE FILED BY  Atty CITY ATTORNEY
          Judge:J. EDWARD PROCHASKA   Clerk:JEB   M

5/30/2008 RESPONSE/RESPOND TO PLTFS MOTION TO PRODUCE CLOSED SESSION TRANSCRIPT 6
          FILED BY  Atty MAHER BRENDAN

6/27/2008 MOTION DENIED                                                    6
          ATTY REESE T APRS IN CT FOR PLTF. ATTY GILIBERTI J APRS IN CT FOR DEFT
          EPPERSON. ATTY MAHER B APRS IN CT FOR DEFT CITY OF RKFD FIRE AND
          POLICE COMMISSION. CAUSE COMES ON FOR ARGUMENT ON PLTFS MOTION TO
          PRODUCE DOCUMENTS FILED UNDERSEAL. SAID MOTION HEARD AND DENIED. CAUSE
          CONTINUED FOR STATUS. SEE ORDER. FILED.
          STATUS Jul 23,2008 09:00AM Rm426  Judge J. EDWARD PROCHAS
          Judge:J. EDWARD PROCHASKA   Clerk:TMC   M

7/23/2008 LEAVE GRANTED TO FILE                                           6
          AGREED ORDER SUBMITTED FOR SIGNATURE. PLTF GIVEN LEAVE TO FILE AMENDED
          COMPLAINT WITHIN 30 DAYS. DEFTS GIVEN 30 DAYS TO RESPOND. CAUSE
          CONTINUED. SEE ORDER. FILED.
          STATUS Oct 22,2008 09:00AM Rm426  Judge J. EDWARD PROCHAS
          Judge:J. EDWARD PROCHASKA   Clerk:TMC   M

8/22/2008 NOTICE OF FILING FILED BY  Atty REESE GARY S
          Judge:J. EDWARD PROCHASKA   Clerk:RG    M

8/22/2008 AMENDED COMPLAINT FILED FILED BY  Atty REESE GARY S
          Judge:J. EDWARD PROCHASKA   Clerk:RG    M

COURT DOCKET -- WINNEBAGO COUNTY CIRCUIT CLERK                    CSP048

Review of Admin Proc.

```
                                                        Date:  6/27/2008
                                                        Time:  9/32/37
                                                        Page:     1
2008 MR 000002  Judge: J. EDWARD PROCHASKA  From  4/24/2008 To 99/99/999
                                                        User: CHAUSSEE
     Case Names_____    Attorney Names_____  Wsid: CICL4004G0
     BEETS TONYA                  REESE GARY S
               VS                                       All Entries For
     EPPERSON CHET                CITY ATTORNEY
     CITY OF ROCKFORD BOARD OF MAHER BRENDAN
__Date__
```

4/24/2008 NOTICE FILED BY  Atty REESE GARY S
          Judge:J. EDWARD PROCHASKA    Clerk:LSL    M


4/24/2008 Motion TO PRODUCE FILED BY  Atty REESE GARY S
          Judge:J. EDWARD PROCHASKA    Clerk:LSL    M


5/07/2008 BRIEF SCHEDULING ORDER                                       6
          ATTY G. REESE APPEARS FOR THE PLAINTIFF. COUNSEL APPEARS FOR DEFENDANT
          CHET EPPERSON. ATTY B. MAHER APPEARS FOR DEFENDANT CITY OF ROCKFORD
          BOARD OF FIRE. CAUSE COMES ON FOR STATUS. CASE REVIEWED. BRIEF
          SCHEDULING ORDER ENTERED ON PLAINTIFF'S MOTION TO PRODUCE DOCUMENTS
          FILED UNDERSEAL. CAUSE CONTINUED FOR ARGUMENT. SEE ORDER. FILED.
          ARGUMENT Jun 27,2008 09:00AM Rm426  Judge J. EDWARD PROCHAS
          Judge:J. EDWARD PROCHASKA    Clerk:JLB    M


5/28/2008 RESPONSE TO PLAINTIFFS MOTION TO PRODUCE FILED BY  Atty CITY ATTORNEY
          Judge:J. EDWARD PROCHASKA    Clerk:JEB    M


5/30/2008 RESPONSE/RESPOND TO PLTFS MOTION TO PRODUCE CLOSED SESSION TRANSCRIPT 6
          FILED BY  Atty MAHER BRENDAN


6/27/2008 MOTION DENIED
          ATTY REESE T APRS IN CT FOR PLTF. ATTY GILIBERTI J APRS IN CT FOR DEFT
          EPPERSON. ATTY MAHER B APRS IN CT FOR DEFT CITY OF RKFD FIRE AND
          POLICE COMMISSION. CAUSE COMES ON FOR ARGUMENT ON PLTFD MOTION TO
          PRODUCE DOCUMENTS FILED UNDERSEAL. SAID MOTION HEARD AND DENIED. CAUSE
          CONTINUED FOR STATUS. SEE ORDER. FILED.
          STATUS Jul 23,2008 09:00AM Rm426  Judge J. EDWARD PROCHAS
          Judge:J. EDWARD PROCHASKA    Clerk:TMC    M

COURT DOCKET - WINNEBAGO COUNTY CIRCUIT CLERK                    te: 5/12/2008
                    Review of Admin Proc.                       Time: 16/16/51
                                                                Page:    2
        2008 MR 000002  Judge: J. EDWARD PROCHASKA  From  0/00/0000 To 99/99/999
                                                                User: SAUNDERC

__Date__
2/07/2008 Motion FOR EXTENSION OF TIME FILED BY  Atty MAHER BRENDAN
          Judge:PIRRELLO RONALD L    Clerk:JEB    M

2/13/2008 JUDGE SUBSTITUTED BY MOTION OF COUNSEL                              6
          ATTY REESE T APRS IN CT FOR PLTF. ATTY PANKRATZ K APRS IN CT FOR DEFT
          BOARD FOR FIRE AND POLICE COMMISSIONERS. REM DEFTS NOT PRES. DEFT
          EPPERSON'S MOTION FOR SUBSTITUTION OF JUDGE GRANTED. CASE REASSIGNED
          TO JUDGE J EDWARD PROCHASKA INSTANTER. SEE ORDER. FILED.
          Judge:PIRRELLO RONALD L    Clerk:TMC    M

2/13/2008 SET FOR STATUS REVIEW-ORDER                                        6
          ATTY REESE C APRS IN CT FOR PLTF. ATTY PANKRATZ K APRS IN CT FOR DEFT
          BOARD OF FIRE AND POLICE COMMISSIONERS. REM DEFTS NOT PRES. DEFTS
          MOTION FOR EXTENSION OF TIME GRANTED. DEFTS GIVEN UNTIL 02/28/08 TO
          FILE ANSWER AND CERTIFIED RECORD OF PROCEEDINGS. CAUSE CONTINUED. SEE
          ORDER. FILED.
          STATUS Mar 19,2008 09:00AM Rm426  Judge J. EDWARD PROCHAS
          Judge:J. EDWARD PROCHASKA    Clerk:TMC    M

2/29/2008 ANSWER OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS (CERTIFIED  6
          RECORD OF PROCEEDINGS)
          Judge:J. EDWARD PROCHASKA    Clerk:MA    M

2/29/2008 TRANSCRIPT OF PROCEEDING IN CLOSED SESSION (SEAL ENVELOPE)
          Judge:J. EDWARD PROCHASKA    Clerk:MA    M

3/14/2008 NOTICE FILED BY  Atty CITY ATTORNEY
          Judge:J. EDWARD PROCHASKA    Clerk:JMF    M

3/14/2008 Motion DEFENDANT CHES EPPERSON'S FOR A PROTECTIVE ORDER FILED BY
          Atty CITY ATTORNEY
          PROHIBITING DISCOVERY OUTSIDE THE ADMINISTRATIVE RECORD
          Judge:J. EDWARD PROCHASKA    Clerk:JMF    M

3/18/2008 Motion FOR PROTECTIVE ORDER FILED BY  Atty MAHER BRENDAN

3/18/2008 NOTICE FILED BY  Atty MAHER BRENDAN
          Judge:J. EDWARD PROCHASKA    Clerk:MAI    M

3/19/2008 CONTINUANCE ORDER                                                  6
          AGREED ORDER SUBMITTED FOR SIGNATURE. CASE TO REMAIN SET FOR CMC
          04/03/08 09:00 A.M. CTRM 426. SEE ORDER. FILED.
          Judge:J. EDWARD PROCHASKA    Clerk:TMC    M

4/03/2008 SET FOR STATUS REVIEW-ORDER                                        6
          ATTY REESE B APRS IN CT FOR PLTF. ATTY GILBERTI J APRS IN CT FOR DEFT
          EPPERSON. ATTY MAHER B APRS IN CT FOR DEFT BOARD OF FIRE AND POLICE
          COMMISSIONERS. PLTF MAY FILE A MOTION TO UNSEAL RECORDS WITHIN 30
          DAYS. CAUSE CONTINUED. SEE ORDER. FILED.
          STATUS May 07,2008 09:00AM Rm426  Judge J. EDWARD PROCHAS
          Judge:J. EDWARD PROCHASKA    Clerk:TMC    M

              C O N T I N U E D   O N   N E X T   P A G E

```
COURT DOCKET - WINNEBAGO COUNTY CIRCUIT CLERK        te: 5/12/2008
                    Review of Admin Proc.                 Time: 16/16/51
                                                          Page:  1
     2008 MR 000002  Judge: J. EDWARD PROCHASKA  From  0/00/0000 To 99/99/999
                                                          User: SAUNDERC
          Case Names_____  Attorney Names_____  Wsid: CICL4004G0
          BEETS TONYA            REESE GARY S
                  VS                                    All Entries For
          EPPERSON CHET            CITY ATTORNEY
          CITY OF ROCKFORD BOARD OFMAHER BRENDAN
  __Date__
 1/02/2008 Review of Admin Procedures Fee $246.00  FILED BY  Atty REESE GARY S
           Defendant EPPERSON CHET
           Case Management Conf. Apr 03,2008 09:00AM Rm426  Judge J. EDWARD PROCHA

 1/02/2008 SUMMONS ISSUED PRIVATE PROCESS SERVER

 1/02/2008 AFFIDAVIT OF GARY REESE FILED BY  Atty REESE GARY S
           Judge:PIRRELLO RONALD L   Clerk:JR   M

 1/02/2008 CERTIFICATE OF SERVICE FILED BY  Atty REESE GARY S
           Judge:PIRRELLO RONALD L   Clerk:JR   M

 1/04/2008 CERTIFICATE-MAILING (CLERKS) (2 CERT MAILINGS FILED BY
           Atty REESE GARY S
           Judge:PIRRELLO RONALD L   Clerk:JR   M

 1/04/2008 SUMMONS - RET SERVED/PRIVATE PROCESS SERVICE FILED BY  Atty REESE GARY
           CHET EPPERSON, CHIEF OF POLICE FOR CITY OF ROCKFORD VIA JUDY BELK,
           SECRETARY. 01/02/08
               CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS VIA ATTY
           BRENDAN MAHER 01/02/08
           Judge:PIRRELLO RONALD L   Clerk:RG   M

 1/08/2008 APPEARANCE OF ATTORNEY FILED BY  Atty MAHER BRENDAN

 1/09/2008 Appearance FILED BY  Atty CITY ATTORNEY
           ON BEHALF OF DEFT, CHET EPPERSON AS CHIEF OF POLICE FOR THE CITY OF
           THE CITY OF ROCKFORD
           Judge:PIRRELLO RONALD L   Clerk:CSB   M

 1/31/2008  By Telephone  Atty CITY ATTORNEY
           MOT/SUB JUDGE Feb 13,2008 09:00AM Rm412  Judge PIRRELLO
           Judge:PIRRELLO RONALD L   Clerk:TMV   M

 1/31/2008 NOTICE FILED BY  Atty CITY ATTORNEY
           Judge:PIRRELLO RONALD L   Clerk:MAI   M

 1/31/2008 Motion FOR SUBSTITUTION OF JUDGE BY DEFT CHET EPPERSONS FILED BY
           Atty CITY ATTORNEY
           Judge:PIRRELLO RONALD L   Clerk:MAI   M

 1/31/2008 ANSWER TO COMPLAINT FOR ADMINISTRATIVE REVIEW FILED BY
           Atty CITY ATTORNEY
           Judge:PIRRELLO RONALD L   Clerk:MAI   M

 2/07/2008 NOTICE FILED BY  Atty MAHER BRENDAN
           Judge:PIRRELLO RONALD L   Clerk:JEB   M


          C O N T I N U E D   O N   N E X T   P A G E
```

# COUNTY OF WINNEBAGO
## NEW CASE INFORMATION SHEET

CASE NO. _08MR002_

(Please Type or Print)
Sub-Case Type:
☐ (L)  ☐ (AR)  ☐ (LM)  ☐ (SC)  ☐ (TX)  ☐ (ED)  ☒ (MR)
☐ (CH)  ☐ (MC)  ☐ (AD)  ☐ (F)  ☐ (D)  ☐ (P)

☐ With Children        ☐ W/O Children

**Case Type:** _Complaint for Administrative Review_  **Total Maximum Claim Amount $** _____

**Jury Demand:** ☐ Six        ☐ Twelve
**Summons Issued:** ☐ SH-W     ☐ PPS        ☐ None        ☒ Other

**1st Plaintiff:** _TONYA Y. BEETS_

**Address:** _3807 Cassandra Drive_

**City:** _Rockford_        **State:** _IL_

**ZIP** _61114_   **Tele.#** _____

**1st Defendant:** _CHET EPPERSON, as Chief of Police for the City of Rockford_
**Address:** _420 West State Street_

**City:** _Rockford_        **State:** _IL_

**ZIP** _____   **Tele.#** _____

**Additional Plaintiff's:**

**Additional Defendant's:**
CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS

)
)
)
)
)
)
)
)
)

**Attorney(s) for the Plaintiff(s) or Pro Se:** _REESE & REESE, BY: GARY S. REESE, #369_

**Address:** _979 North Main Street_

**City:** _Rockford_   **State/ZIP:** _IL 61103_   **Tele.#** _(815) 968-8851_

**Filed this** _____   **Day of** _____   **20** ___

**First Return / CMC Date:** _4/3/08   9:00AM   RM415   Pirrello_

FILED

Date: _1 /2 /08_

_A. Klein_

Clerk of the Circuit Court

By _____Deputy

Winnebago County, IL

**STATE OF ILLINOIS**

**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**

**COUNTY OF WINNEBAGO**

TONYA Y. BEETS       )

                               )

        Plaintiff        )

                               )

vs.              )     **No.** 08MR002

                               )

CHET EPPERSON, as Chief of Police    )

for the City of Rockford, and the CITY   )

OF ROCKFORD  BOARD OF FIRE      )

AND POLICE COMMISSIONERS       )

                               )

        Defendants,     )

## COMPLAINT FOR ADMINISTRATIVE REVIEW

NOW COMES the plaintiff, TONYA Y. BEETS, by her attorneys, REESE & REESE, and

for her complaint against the defendants, CHET EPPERSON, and the CITY OF ROCKFORD

BOARD OF FIRE AND POLICE COMMISSIONERS, asserts the following for purposes of

administrative review by this Court pursuant to the provisions of the Administrative Review Act:

      1.      This action is for administrative review, pursuant to the provisions of 735 ILCS

5/3-101 et. seq., of a decision rendered against the plaintiff by Defendant CITY OF

ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS, on December 1, 2007.

      2.      Plaintiff, TONYA Y. BEETS, was employed as a police officer by the City of

Rockford Police Department and was hired on or about March 24, 1997.

      3.      Defendant CHET EPPERSON is the duly appointed Chief of the Rockford Police

Department (hereinafter "Chief").

      4.      The CITY OF ROCKFORD BOARD OF FIRE AND POLICE

COMMISSIONERS is a statutorily created administrative agency created pursuant to 65 ILCS

5/10-2.1-1 et. seq. (hereinafter "Board").

5.    Any decision of the Board shall not be in conflict with or repugnant to the provisions of the Collective Bargaining Agreement (hereinafter "CBA") currently in effect between the City of Rockford (hereinafter "City") and Unit Six of the Policemen's Benevolent and Protective Association of Illinois (hereinafter "Union").

6.    On August 8, 2007 the Chief filed a complaint against plaintiff which under the provisions of 65 ILC 5/10-2.1-17 was required to be heard within 30 days from that date.

7.    On September 6, 2007 the Chief filed an amended complaint.

8.    Plaintiff was represented in this matter by the union's attorney Timothy D. O'Neill who did not file an answer for the plaintiff to either of the complaints.

9.    A hearing on the Chief's amended complaint was held in an open meeting before the Board on November 5, 2007.

10.    A verbatim transcript was made of the proceedings.

11.    The Board in closed session reached its decision on November 6, 2007 and a verbatim transcript was made of the deliberations.

12.    On December 1, 2007, attorney Timothy D. O'Neil, the union's lawyer who represented the plaintiff at the hearing on November 5, 2007, received an unsigned copy of the Board's decision.   See attached Exhibit A, City of Rockford Board of Fire and Police Commissioners, Findings and Order, Disciplinary Case No. 2007-01.

13.    Plaintiff never received a copy of the Board's decision.

14.    The Board's decision found in ¶'s 54-62 that plaintiff had violated the provisions of Section III ¶ 9 of the Rules and Regulations of the Rockford Police Department by way of "excessive absenteeism" and that plaintiff was only able to return to "light-duty."

15. The Board's decision found in ¶ 59 that plaintiff's "...continued employment as a police officer was inappropriate and detrimental to the discipline and efficiency of and against the best interests of the Rockford Police Department and the citizens of the City of Rockford."

16. The Board, in a two to one decision, voted to terminate plaintiff's employment with the Rockford Police Department effective December 1, 2007.

17. The Board's decision to terminate plaintiff was legally erroneous, arbitrary and capricious, and against the manifest weight of the evidence in one or more of the following respects:

a. The decision of the board was based on "excessive absenteeism" which improperly included "light-duty" time without defining "light-duty" or distinguishing that time as being different from that which any regularly employed Rockford patrol officer would be assigned to in the regular course of duty responsibilities.

b. The Board's decision on "excessive absenteeism" was predicated upon a record which the Board characterized on the issue of lost time as consisting of "confusion" as to the numerical totals, and without any explanation of how the Board unraveled that "confusion, the Board came up with the percentage of over 50% lost time. (See ¶ 19 in the decision).

c. In ¶ 1 of the Board's decision under "A. Introduction," the Board acknowledges that the "absenteeism" of plaintiff was attributable to "a decade of unfortunate accidents and difficult medical issues, with one injury or illness seeming to follow another in close proximity." The Board also recognizes that plaintiff was a "competent police officer when she is on the job..." The entire record and decision by the Board does not disclose a scintilla of evidence that plaintiff arbitrarily or without

3

explanation by reason of illness or disability took time off, but instead showed that plaintiff persistently returned to work for either "light-duty," or full capacity activity as an active patrol officer on duty.

  d.  While the burden of proof was upon the Defendants to establish the allegations in the complaint by a preponderance of the evidence, there was confusion in the record on the very important designation of the appropriate "terminology" to be employed in determining what constituted "absenteeism" and the record is silent on any explanation by the Chief or Board to clarify that confusion. (¶ 19-21) The Board consequently manufactured its own calculations and use of "terminology."

  e.  The Board's decision reflects that there was confusion and conflict between the exhibits of the Chief and the exhibits of plaintiff on designated lost time which was resolved against plaintiff contrary to the evidence.

  f.  The time records presented by the Chief were inconsistent and demonstrated that there was inaccuracy in the time records presented by the Chief and that they were unreliable. While not limiting the illustration of such unreliability, see for example ¶ 22 in the decision.

  g.  The conclusions reached by the Board as to "excessive time off" by plaintiff are based upon a record in confusion as to the actual time off and are indistinguishable on the record as to the appropriate time off she was permitted both under the provisions of the CBA, injured time related to work accidents, pregnancy time, FMLA time, etc., and without explanation on record from the Chief, and the conclusions of the board are unsupported on the record.

h.    Rather than relying upon the record, the Board manufactured and conjectured conclusions concerning absenteeism time, contrary to the preponderance of evidence of proof required on the part of the Chief.

i.    The preponderance of evidence in the record is that the calculation of time of alleged absenteeism is so arbitrarily calculated from confused and inconsistent time records of the Chief that it does not support the conclusion of the Board.

j.    The testimony of Officer Booker is inconsistent with the alleged absenteeism in the record concerning Officer Beets.

k.    The finding of the board with reference to the "sick time" following the warning letter of May 18, 2007, is inconsistent with the record and is conjectured by the board from a confused record on that point.  See for example the discrepancies in calculations as referred to by the decision in ¶'s 23, 28-29.

l.    The Board indicates that it arbitrarily deleted the time plaintiff was off work under the provisions of FMLA without providing any accurate calculations in that regard or how the deletion of time affected the total time of alleged "excessive absenteeism."

m.    The discussion and reference to "sick time" in the decision is specifically not only contrary to the requirements in the CBA, but does not accurately coincide with the record.

18.    The decision of the board is to be governed by law, and the decision was contrary to law.

19.    Contrary to the law, the Board found it did not have to comply with the governing principles contained in the CBA (Board's decision ¶ 53), and did not take judicial notice of the

content of the Rockford Police Recruiting Booklet on the City of Rockford Website, which publicizes content to the contrary.

20.     Contrary to law, the Board ruled it did not have to treat plaintiff the same as other officers were treated in similar circumstances or condition.  (Board's decision ¶ 52)

21.     The Board exceeded its jurisdictional and legal authority by "rewriting" the agreement of the CBA.

22.     The Board, specifically contrary to law, wrote policy provisions by which would govern the determination by the Rockford Police Department on the issue of what constitutes "excessive absenteeism," under the term "sick leave" as contained in the Contract between the City and the Union.

23.     The Board did not take judicial notice of the content contained in the Rockford Police Department Recruiting Booklet which lists as a benefit a "liberal sick leave policy," which is provided for in the Contract between the City and the Union.

24.     Contrary to law the decision of the board is based upon the creation of a policy that interprets what "unlimited sick time" does or does not mean and establishes a governing provision of the Contract between the City and the Union, which action exceeds their statutory and legal authority and for which they do not have jurisdiction.

25.     The decision of the Board exceeds the scope of the Board's duties and jurisdiction as contained in Article III, and specifically in violation of the provisions of 65 ILCS 5/10-2.1-17 on which the board relied in reaching their decision.

26.     The decision of the Board as a matter of law, is repugnant to and in violation of the provisions of the "Management Rights" contained in the CBA under Article I § 1.2 and was cited as authority for their decision.  The decision at ¶ 37 quotes from Chief's Exhibit 5, which

provides in pertinent part: "… provided, however, the exercise of any of the above rights shall not conflict with any of the provisions of this Agreement."

27.    The decision also quotes in pertinent part in ¶ 35 from Chief's Exhibit 4, to-wit: "§ 7.5A. <u>Sick Leave</u>.  Sick leave shall be administered pursuant to the past practice of the parties hereto,…"

28.    The Board then in ¶ 40 of the decision goes on to rewrite the "sick leave" provision beyond its jurisdictional capacity to do so, stating: "… the Board does not find credible the claim that an employer such as to the city would have an express or implicit unwritten policy…"

29.    It is clearly not within the jurisdictional capabilities of the Board to arbitrarily or independently determine the policy of the Rockford Police Department, as demonstrated  again on the face of their decision in ¶ 38, or to determine without authority to do so and contrary to law that the City and the Union have never reached an agreement as to "unlimited sick time," when the testimony of Lieutenant Block (Board's decision ¶ 36) is that such language was deliberately included based upon "past practice," which meant exactly that.

30.    Contrary to the requirement that the legal burden of proof be upon the Chief to establish his case by a preponderance of the evidence as required in the Administrative Review Act, (recognized in the decision in ¶ 13), the Board placed the burden on plaintiff by stating that other than the testimony of Lieutenant Block, the plaintiff had produced no additional evidence of that interpretation. (See ¶ 39).

31.    The Chief on the other hand, who had the burden of proof, did not produce one scintilla of evidence concerning the interpretation of that phrase in the CBA, or that "unlimited sick time" was not and had not been the past policy of the City of Rockford Police Department.

32.    Plaintiff demands that the defendants' that is the Chief as well as the Board produce at the time of filing an answer herein with the following:

a.    All pleadings including all notices and responses, motions, and rulings;

b.    Transcripts of the hearing on November 5, 2007 and the transcript of the deliberations on November 6, 2007 and any subsequent transcriptions of any meetings or deliberations on the part of the Board in connection with this case.

c.    A complete copy of the record and any evidence received including exhibits;

d.    A statement of any matter sufficiently noticed;

e.    Any offers of proof, objections and rulings there on;

f.    All staff memorandum or data submitted to the hearing examiner or members of the agency in connection with their consideration of the case including any internal memorandums, notes, or discussion by any of the members of the Rockford Police Department concerning this matter including e-mail, memorandums, telephone conversations, and the means of calculating the time elements contained in the exhibits presented by the defendant;

g.    Any public pronouncements by the defendants to the media during the period of this hearing, shortly before, or thereafter, which comments or discussions were made a matter of media publication in the newspaper.

h.    Any internal memorandum, e-mail, memorandums of telephone conversations, or communications of any kind whatsoever by the members of the Board concerning this case.

i.      Any agreed settlement with any other police officer who had a dispute concerning absenteeism in a copy of the report and any communication on that issue to the Board which is required by Law.

j.      All memorandum, discussions, and settlements reached with Officer Robert Cole and any report in that connection which was furnished to the Board and any similar communications concerning other officers which were made to the Board, as well as any internal memorandum or record by the Board concerning that issue.

k.      The entire current collective bargaining agreement (CBA) between the City and the Union.

l.      The provisions pertaining to "sick leave" of every CBA entered into between the City and Union from 1972 until the current date.

m.      Copies of any previous decisions made by the Board pertaining to "Sick Leave." If there have been no such decisions, then please provide an affidavit to that effect.

n.      A complete copy of the "Rules and Regulations of the Rockford Police Department."

WHEREFORE plaintiff prays for an order of this court finding as follows:

1.      That the CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS had no jurisdiction to write policy inconsistent with the agreement (CBA) between the City and the Union and that the decision to terminate plaintiff, TONYA Y. BEETS, was null and void and is reversed.

2.      That the CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONER'S decision was contrary to law and is reversed.

3.    That the CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONER'S decision was contrary to the manifest weight of the evidence and the decision is reversed.

4.    That the CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONER'S decision was contrary to the manifest weight of the evidence and the matter should be remanded to the Board for a New Hearing.

5.    For such other and further relief as the court may deem prudent, appropriate and necessary.

TONYA Y. BEETS, Plaintiff, by her attorneys,
REESE & REESE,

BY: _____
        Gary S. Reese, Attorney for Plaintiff

Prepared by:
Attorney Gary S. Reese #369
REESE & REESE
979 North Main Street
Rockford, IL 61103
815/968-8851

CITY OF ROCKFORD
BOARD OF FIRE AND POLICE COMMISSIONERS

| | | |
|---|---|---|
| CITY OF ROCKFORD, | ) | |
| | ) | |
| Charging Party, | ) | |
| | ) | Disciplinary Case No. 2007-01 |
| vs. | ) | |
| | ) | |
| OFFICER TONYA BEETS, | ) | |
| | ) | |
| Respondent, | ) | |

## FINDINGS AND ORDER

This matter came before the Board of Fire and Police Commissioners ("the Board") on

November 5, 2007, for a hearing at an open meeting of the Board on the amended complaint filed

by Police Chief Chet Epperson ("the Chief") in his capacity as the Chief of Police for the City of

Rockford ("the City") against Officer Tonya Beets ("Officer Beets"). A verbatim transcript of the

open hearing was taken by a Certified Court Reporter with Elite Reporting Services, Ltd. (815-229-

8787). Officer Beets and the City's representative, Deputy Chief Lori Sweeney, were present at the

hearing. Both parties were represented by counsel. Both Officer Beets and the City were provided

the opportunity to present witnesses and other evidence in support of their respective positions.

The Board, having heard and considered all of the testimony and other evidence submitted

at the hearing, having listened to and considered the arguments made by counsel, and having

reconvened the November 5, 2007, meeting to deliberate in closed session on November 6, 2007 (a

verbatim transcript of the closed session deliberations was taken by a Certified Court Reporter with

Elite Reporting Services, Ltd. (815-229-8787)), issues the following findings and order:



PLAINTIFF'S
EXHIBIT

_A_

### A.    INTRODUCTION

1.    There can be no doubt that this is a difficult case pitting competing interests against one another.  On the one hand, the evidence indicates that Officer Beets – by all accounts a competent police officer when she is on the job – has faced a decade of unfortunate accidents and difficult medical issues, with one injury or illness seeming to follow another in close proximity.

2.    On the other hand, the evidence also demonstrates that, whatever the reasons, Officer Beets has been absent from the job she was hired to perform, or has not been able to perform that job in a "full duty" capacity, for somewhere between 40% to 52% of the time over that same decade. An employee cannot perform her job when she does not attend work, and there was testimony at the hearing to support the conclusion that the Rockford Police Department ("the Department") has been forced to make multiple adjustments and changes to its schedule and has had to pay other employees overtime in order to cover for Officer Beets' absences over the years.

### B.    PLEADINGS AND PROCEDURAL BACKGROUND

3.    The City's original complaint was filed with the Board on August 8, 2007, and an amended complaint was filed on September 6, 2007.  By agreement of counsel for both parties, the amended complaint was further amended by an October 26, 2007, e-mail from Attorney John Giliberti (representing the City and the Department) to Attorney Timothy O'Neill (representing Officer Beets) which modified certain allegations regarding the number of hours that Officer Beets is alleged to have missed from work.

4.    The complaint against Officer Beets, as amended, alleges that Officer Beets began her employment as a Rockford police officer on March 24, 1997; that since at least 1997, Rockford police officers were and are scheduled to work 2,080 hours per calendar year; and that in each of

the years from 1998 through 2007, Officer Beets used the amounts of "sick time" and performed "light duty" work for the hours specified in the amended complaint (as modified by the October 26, 2007, e-mail message).

5.    Officer Beets, though her counsel, affirmatively waived any application of the "30 day rule" when these proceedings were originally commenced on August 31, 2007.

6.    Officer Beets did not file a written response to either the original or amended complaints, and did not file any written affirmative defenses.

7.    Between the date of filing of the original complaint and the date of the hearing, the parties engaged in discovery. No motions relating to discovery or to other issues were filed with the Board by either party on or before the date of the November 5, 2007, hearing.

8.    Though neither party submitted briefs to the Board with respect to the legal issues to be determined, the City tendered copies of the following cases at the conclusion of the hearing: *Hess v. Clarcor, Inc.*, 237 Ill.App.3d 434 (2d Dist. 1992)(even if excessive absenteeism results from compensable injury, termination is not retaliatory); *EEOC v. Yellow Freight Systems, Inc.*, 253 F.3d 943 (7th Cir. 2001)(an employee "who does not come to work cannot perform any of his job functions, essential or otherwise ... The fact is that in most cases, attendance at the job site is a basic requirement of most jobs."); *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 583 (7th Cir. 2000)(pregnant employee not protected from discharge based on absenteeism even if absences are due to pregnancy or complications from pregnancy); *Nowak v. St. Rita High School*, 142 F.3d 999 (7th Cir. 1998)(teacher absent from position for more than 18 months properly discharged for excessive absenteeism); *Epps v. City of Pine Lawn*, 353 F.3d 588 (8th Cir. 2003); *In Re General Foods Corp. and Bakery, Confectionery & Tobacco Workers' International Union*, 1988 WL

188887 (FMCS Case 1988); and *Cavender v. DeKalb County Merit System Council*, 151 Ga.App. 108 (Ga. App. 1979). The Board notes that none of the cases cited by the City constitutes controlling legal authority in these proceedings, and the Board has considered the cases for their persuasive value only in reaching its decision.

9.    At the conclusion of the evidentiary hearing, the Board announced that it would meet in closed session the next night, November 6, 2007, to conduct its deliberations in this matter and that it would meet in open session on December 1, 2007, to take official action on a written opinion that memorialized the Board's November 6, 2007, decision.

10.    On November 6, 2007, the Board met in closed session to deliberate and, at that time, reached its decision in this matter, subject only to the preparation of this final written order. At that time, the Board again indicated that it would meet on December 1, 2007, to take official action on the decision it reached at the November 6, 2007, meeting.

11.    As previously indicated to the parties and to the public, December 1, 2007, was the first available date that all three Commissioners' personal and business travel and work schedules permitted them to convene again together in open session to take final and official action with respect to their November 6, 2007, decision and to formally adopt these written Findings and Order as the decision of the Board.

12.    From November 6, 2007, through and including December 1, 2007, neither party has filed any additional motions, memoranda, requests or other documents with the Board in connection with this matter.

C.    APPLICABLE STATUTE / BURDEN OF PROOF

13.    The Board's authority in these proceedings is granted and controlled by Section 2.1-17 of the Illinois Board of Fire & Police Commissioners Act, 65 ILCS 5/10-2.1-17. The City, having initiated these proceedings, bears the burden of proving the charges against Officer Beets by a preponderance of the evidence. *Teil v. City of Chicago*, 284 Ill.App.3d 167 (1st Dist. 1996).

14.    Where the testimony before the administrative agency is preserved for review in the record, specific findings of fact by the agency are not necessary for judicial review. *Calanca v. Board of Fire and Police Com'rs of Village of Northbrook*, 140 Ill.App.3d 408, 412 (1st Dist. 1986). The Board will nevertheless summarize its findings of fact and conclusions of law in these Findings and Order.

D.    BOARD'S FINDINGS OF FACT

15.    Officer Beets began her employment as a Rockford police officer on March 24, 1997.

16.    Since at least 1997, Rockford police officers were and are scheduled to work 2,080 hours per calendar year.

17.    The City introduced, without objection, a copy of the job description of a "patrol officer" with the Department. (Chief's Exhibit 3). The parties agreed that Chief's Exhibit 3 accurately sets forth at least 21 separate duties of a Rockford patrol officer. Those duties and responsibilities include, among other things, the following:

    (a)    "Patrols assigned areas on foot or in a motor vehicle, observing for suspicious or criminal activity";

    (b)    "Operates hand and shoulder weapons as needed...";

    (c)    "Investigates and resolves problems such as family fights or other disturbances";

    (d)    "Protects property of residents on vacation and searches buildings, factories and vehicles"

18.    The job description further indicates that a patrol officer is expected to engage in "moderate to heavy physical exertion such as walking, running, climbing, and fighting; performs related work as required." (Chief's Ex. 3).

19.    With respect to the specific number of hours of "sick time" and "light duty" time that Officer Beets is alleged to have used during the 1998-2007 calendar years, the Board finds that the parties' respective presentations created unnecessary confusion as to the numerical totals. Specifically, by using different terminology with respect to the numbers presented, both parties made it difficult for the Board to determine which numbers and totals were correct.

20.    For example, Chief's Exhibits 1 and 2 use the terms "sick time" and "light duty," contrasting those categories of hours with "total hours worked" in "full capacity" and excluding "FMLA hours" from the calculations on those exhibits. For the years 1998 through August 5, 2007, Chief's Exhibits 1 and 2 indicate that Officer Beets' "total hours missed due to sick time and/or light duty" amounted to 51.10% of the "annual full capacity officer work hours."

21.    By contrast, Officer Beets' Exhibits 1998 through 2007 variously utilize the terms "sick hours," "workers comp. hours," "pregnancy problems," "pregnancy complications" and "maternity leave" when totaling the number of hours that Officer Beets was absent from work in a given year, while providing specific descriptions for certain absences (*e.g.* strep throat, swollen face, stomach ulcer, pulled back muscle, pregnancy complications, kidney infection and FMLA) based on the reason(s) listed in the "unscheduled time off / comp pay request" forms that were attached to those exhibits.

22.    The Board's review of the evidence was further complicated by the introduction of Officer Beets' performance evaluations, which, in most cases, listed other and sometimes different total numbers with respect to the number of hours Officer Beets was absent from work than were contained in either the City's or Officer Beets' submissions to the Board.  The Board notes, however, that Officer Beets' signature appears on each of her performance evaluations and that she does not appear to have contested any of the calculations regarding her hours missed on those evaluations.

23.    The Board has reviewed all of the evidence regarding the amount of time that Officer Beets has been absent from her job or has worked on light duty assignments and, because the City and the Department bear the burden of proof, the Board has accepted Officer Beets' numbers where the parties' numbers are in conflict.  Based on its review of the evidence in the light most favorable to Officer Beets, the Board finds as follows:[1]

(a)    In 1998, Officer Beets was absent from work for a total of *at least* 243.95 of the 2,080 hours required of a full time police officer (equivalent to 30.5 eight hour work days).  While at work, Officer Beets worked in a light duty capacity for *at least* an additional 287.55 hours;[2]

(b)    In 1999, Officer Beets was absent from work for a total of *at least* 312.1 of the 2,080 hours required of a full time police officer (equivalent to 39 eight hour work days).  While at work, Officer

---

[1] Unless otherwise indicated, the hours Officer Beets missed from work are taken from the exhibits that Officer Beets introduced in evidence at the November 5, 2007, hearing.  Specifically, Officer Beets introduced a set of exhibits labeled by year (Exhibits 1998 through 2007) which consisted of photocopies of her "sick slips" along with a summary page prepared by her counsel.

[2] Officer Beets did not introduce any evidence to contradict the number of hours listed on Chief's Exhibit 1 with respect to the number of "light duty" hours that Officer Beets worked during each of the listed years.  Accordingly, in the absence of a factual dispute on this issue, the Board has accepted as true the "light duty" hours listed on Chief's Exhibit 1.

Final.Order.v1.wpd(dg)                    7

Beets worked in a light duty capacity for *at least* an additional 187 hours;

(c)  In 2000, Officer Beets was absent from work for a total of *at least* 1,451.25 of the 2,080 hours required of a full time police officer (equivalent to 181.4 eight hour work days).[3] While at work, Officer Beets worked in a light duty capacity for *at least* an additional 77.5 hours;

(d)  In 2001, Officer Beets was absent from work for a total of *at least* 510 of the 2,080 hours required of a full time police officer (equivalent to 63.75 eight hour work days).[4] While at work, Officer Beets worked in a light duty capacity for *at least* an additional 123 hours;

(e)  In 2002, Officer Beets was absent from work for a total of *at least* 476.5 of the 2,080 hours required of a full time police officer (equivalent to 59.56 eight hour work days). While at work, Officer Beets worked in a light duty capacity for *at least* an additional 675.7 hours;

(f)  In 2003, Officer Beets was absent from work for a total of *at least* 797 of the 2,080 hours required of a full time police officer (equivalent to 99.62 eight hour work days). While at work, Officer Beets worked in a light duty capacity for *at least* an additional 132 hours;

(g)  In 2004, Officer Beets was absent from work for a total of *at least* 920 of the 2,080 hours required of a full time police officer (equivalent to 115 eight hour work days). While at work, Officer Beets worked in a light duty capacity for *at least* an additional 813 hours;

(h)  In 2005, Officer Beets was absent from work for a total of *at least* 589.5 of the 2,080 hours required of a full time police officer

---

[3] As listed on Officer Beets' Exhibit 2000-1, 1,442.50 of the 1,451.25 total hours missed in 2000 were attributed to "pregnancy complications" or "pregnancy problems." The Board notes, however, that none of the time missed in 2000 is designated by either Officer Beets or the City as FMLA leave.

[4] As listed on Officer Beets' Exhibit 2001, 176 of her hours missed were listed as "maternity leave," while another 55 were listed as "workers comp. hours." Again, none of the time missed in 2001 is designated by either Officer Beets or the City as FMLA leave.

(equivalent to 73.68 eight hour work days).[5] Officer Beets did not work at all in a in a light duty capacity during 2005;

(i)    In 2006, Officer Beets was absent from work for a total of *at least* 1,125 of the 2,080 hours required of a full time police officer (equivalent to 140.62 eight hour work days).[6] Officer Beets did not work at all in a in a light duty capacity during 2006;

(j)    From January 1, 2007, until she was placed on administrative leave pending the outcome of these proceedings, Officer Beets was absent from work for a total of *at least* 917.75 of the 1,170.50 hours required of a full time police officer (equivalent to 114.72 eight hour work days). While at work, Officer Beets worked in a light duty capacity for an additional 252.50 hours. During 2007, prior to the filing of the complaint in this matter, Officer Beets did not work any hours in a "full duty" capacity.

24.    Officer Beets, testifying on her own behalf, explained that her use of sick time and her light duty assignments were attributable to, among other things, two high-risk pregnancies, two work-related injuries and a recent off-duty accident. The Board accepts this testimony as true.

25.    In the findings set forth above regarding the number of hours Officer Beets has been absent or on light duty, the Board has not counted or considered any absences protected under

---

[5]According to Officer Beets' Exhibit 2005-1 and 2005-2, Officer Beets missed a total of 977 hours for "FMLA/Pregnancy." In the detailed listing of the time missed on Exhibit 2005-1, the entries which include a reference to the FMLA total 512 hours. As a full-time employee, Officer Beets was entitled to a total of 480 hours (twelve 40-hour work weeks) of FMLA leave. Accordingly, in calculating the total amount of time Officer Beets was absent from work during 2005, the Board subtracted 480 hours from the 977 hours Officer Beets attributed to "FMLA/Pregnancy" and then added the 53 hours of "sick time" and the 39.5 hours of missed time attributed to "workers comp." to reach the total of 589.5 hours missed from work in 2005.

[6]According to Officer Beets' Exhibit 2006, Officer Beets missed a total of 632 hours which were "Pregnancy Related." In the detailed listing of the time missed on Exhibit 2006, there are seven (7) entries for 40-hour weeks which are designated as "Maternity Leave." That designation appears to be in compliance with Section VI of the Department's General Order 72-6 (Chief's Exhibit 6), which states that "an employee is expected to return to work at the beginning of the seventh week following delivery." Accordingly, in calculating the total amount of time Officer Beets was absent from work during 2006, the Board subtracted 280 (seven 40-hour weeks of "maternity leave") from the 632 hours Officer Beets attributed to "Pregnancy Related" absences and then added the 773 hours attributed to "wrist injury" to reach the total of 1,125 hours missed from work in 2006.

Final.Order.v1.wpd(dg)        9

applicable law, such as the FMLA, against Officer Beets for purposes of these proceedings. In other words, the numbers set forth above reflect only absences and light duty assignments that are not protected by any applicable state or federal law.

26.     The Board also notes that both Deputy Chief Sweeney and the Department's payroll timekeeper, Janet Ottwell, testified that the Department had excluded properly earned and designated FMLA leave from its calculation of Officer Beets' use of "sick time" as set forth on Chief's Exhibits 1 and 2. In addition, Ms. Ottwell testified that the numbers reflected on Chief's Exhibits 1 and 2 were calculated after making allowances for all vacation time, holiday time and compensatory time to which full-time patrol officers are entitled. The Board finds these witnesses' testimony to be credible and notes that Officer Beets did not present any contradictory testimony.

27.     The City next called Deputy Chief Mike Booker as a witness. Deputy Chief Booker characterized the amount of time that Officer Beets was absent from work or working on light duty during her career as "excessive," and noted that when Officer Beets was absent from work, her unit "started every day down 20%." Deputy Chief Booker characterized Officer Beets' dependability as "poor" and testified that when Officer Beets missed work, other officers had to "pick up the slack." Deputy Chief Booker testified that when Officer Beets was absent from work, the Department was forced to "hire back" other officers "at considerable expense" and that officers who covered for Officer Beets are paid "time and a half." If Officer Beets' shifts were not covered, the Department was not able "to deliver the same level of service." See also Chief's Exhibit 7.

28.     The Board finds that Officer Beets was warned that her use of sick time had been, and continued to be, "excessive." Specifically, the Department sent Officer Beets a letter dated May 18, 2007 (Chief's Exhibit 7) which informed Officer Beets that she had used 1,405 hours of sick

time in 2006 (out of 2,080 hours an officer works annually) and an additional 494 hours of sick time in 2007 (of the 800 hours that could have been worked as of the date of the letter). The letter further noted that "the department's average use of sick time per officer a year is 32 hours." The letter concluded by informing Officer Beets that "[i]mmediate action is needed to improve your sick time usage because your position as an officer is in jeopardy" and warning that if her "sick leave usage continues to be excessive, progressive discipline will continue." Chief's Exhibit 7.

29.     The Board finds that Officer Beets use of sick time did not "improve" between May 18, 2007, and the date that the City filed its original complaint in this matter on August 8, 2007. See paragraph 23(j), above.

30.     Officer Beets, through her counsel, asserted at the hearing that the Department has a "past practice" of allowing "unlimited sick time" to any police officer who has suffered an injury or illness. In support of this assertion, Officer Beets called Lieutenant Doug Block as a witness.

31.     Lieutenant Block testified that, prior to his promotion to Lieutenant, he served for approximately ten years as the President of the Police Benevolent & Protective Association, Unit #6 ("PBPA #6), the union that represents Rockford police officers. Lieutenant Block testified that, during his tenure as the President of PBPA #6, the union took the position that officers were entitled to unlimited sick time.

32.     On cross-examination, Lieutenant Block agreed that although the City and PBPA #6 had negotiated over the possibility of including a written "absenteeism" policy into the CBA, no such policy was ever agreed upon and the current CBA does not contain such a policy.

33.     Officer Beets also introduced in evidence a "City of Rockford Family Medical Leave Request Form" dated July 5, 2005, which was marked as Union Exhibit 2 and admitted in evidence.

Officer Beets identified the form as one that she completed, but testified that the handwriting on the document that reads "unlimited sick time" was not her handwriting and she could not identify whose handwriting it was.

34.    Copies of two pages of the collective bargaining agreement ("CBA") that is currently in effect between the City and PBPA #6 were introduced in evidence as Chief's Exhibits 4 and 5 without objection.

35.    Chief's Exhibit 4 is a copy of page 17 of the CBA and was introduced in evidence for the purpose of drawing the Board's attention to the following language:

> "7.5A. Sick Leave    Sick leave shall be administered pursuant to the past practice of the parties hereto, except as provided in Article 7.5B below."

36.    Lieutenant Block testified that, in his opinion, the union's position that PBPA #6 members could take "unlimited sick time" had been incorporated into the CBA as a "past practice" by the above-referenced language contained in the CBA.

37.    Chief's Exhibit 5 is a copy of the cover page and the first page of the CBA and was introduced for the purpose of drawing the Board's attention to the following language:

> "1.2    Management Rights    Except as expressly modified by this Agreement, the City retains the sole right and authority to operate and direct the affairs of the City, including the exclusive management, control and operations of the Police Department including, but not limited to, all rights and authority exercised by te City and the police Department prior to the execution of this Agreement. Said rights include, but are not limited to the right to set standards of service and protection to be offered to the citizens; direct the work forces; prescribe overtime and the policies related thereto; select the managerial and supervisory employees; direct plan, control and determine the operations of the Police Department and the services to be delivered to the citizens; assign and reassign employees; hire and promote employees; demote, suspend, discipline or discharge for just cause; relieve employees due to lack of work or other legitimate reasons; make and enforce rules and regulations and make changes therein; change methods of operations, equipment or facilities, including contracting and subcontracting; provided, however, the

exercise of any of the above rights shall not conflict with any of the provisions of this Agreement."

38.    The Board finds that the City and the PBPA #6 have never reached an agreement, written or otherwise, to the effect that members of the PBPA #6 may use "unlimited sick time" throughout the course of their careers without placing their jobs at risk.

39.    Other than Lieutenant Block's testimony and argument regarding the proper interpretation of Chief's Exhibits 4 and 5, Officer Beets did not introduce any additional testimony or evidence to support the conclusion that the Department had an unwritten policy, incorporated into the CBA as a "past practice," of allowing all Rockford police officers to take "unlimited sick time" throughout the course of their careers without placing their jobs at risk.

40.    Without much more substantial evidence on this issue, the Board does not find credible the claim that an employer, such as the City, would have an express or implicit unwritten policy of allowing its employees to use virtually "unlimited sick time" for their entire careers. The Board accepts the possibility that the Department may have, in its discretion, allowed individual police officers to take substantial sick leave during particular years based on the circumstances facing those officers during those years. The Board does not, however, find credible the notion that the Department has always allowed all police officers to call in sick repeatedly over a period of many years, or to spend as much time as has been demonstrated in this case on "light duty" assignments, without placing their jobs in jeopardy. In summary, the Board concludes that much more extensive and credible evidence of the existence of such a broad, unwritten and apparently unrestricted "sick time" policy would be required to prove its existence.

41.    Officer Beets did not introduce any testimony or evidence on the issue of whether other Rockford police officers with attendance records that are substantially similar to her own

attendance record have been allowed to remain employed by the City. More specifically, the record before the Board does not include the names or attendance records of any other identified Rockford police officers or any testimony or evidence to support a finding that there are other, comparable Rockford police officers who have been allowed to remain employed by the City despite being absent from work for the same, or substantially the same, amount of time as Officer Beets over a multi-year period.

42.    Officer Beets' counsel also argued that the Chief's decision to bring the pending complaint against Officer Beets constituted retaliation for her previously filed workers' compensation claims. The Board finds and concludes that Officer Beets did not present any testimony or other evidence at the hearing of a retaliatory motive by the Chief or anyone else who may have been involved in the decision to file the pending complaint with the Board.

43.    With respect to the retaliation issue, the Board further finds that there is no temporal connection between the workers' compensation claims that were referenced during the hearing (see Officer Beets' Exhibit 4) and the filing of these proceedings on August 8, 2007. Officer Beets' first workers' compensation claim went to arbitration in December, 2001 (resulting in an award in Officer Beets' favor), and her second claim was resolved by settlement in June, 2006. Both claims were therefore concluded more than a year before this case was filed.

44.    Officer Beets testified that the wrist and shoulder injuries to which she attributes much of her absenteeism during 2006 and 2007 were the result of an unusual non-work related accident that occurred when she attempted to pick up her luggage at an airport.

Final.Order.v1.wpd(dg)                          14

45.    When asked whether she had, as of the date of the hearing, been released to work full time without restrictions, Officer Beets testified that she had been released to return to work, but only in a "light duty" capacity.

46.    In summary, the Board finds that although Officer Beets is a dedicated and apparently capable police officer when she is able to work for the Department, a series of unfortunate, unusual and sometimes tragic events have made her substantially unable to perform in full capacity as a full time Rockford police officer for the entire time she has been employed by the City.

E.    APPLICABLE LAW AND BOARD'S CONCLUSIONS OF LAW

47.    Under Illinois law, "cause" for discharging a police officer is defined as "some substantial shortcoming which renders the employee's continuance in his office or employment in some way detrimental to the discipline and efficiency of the service and something which the law and a sound public opinion recognizes as good cause for his no longer occupying the place." *Carrigan v. Board of Fire and Police Com'rs of Village of Glendale Heights*, 121 Ill.App.3d 303, 311 (2d Dist. 1984); *Fantozzi v. Board of Fire and Police Com'rs of Village of Villa Park*, 27 Ill.2d 357, 369 (1963).

48.    The Board "is afforded considerable latitude and discretion in determining what constitutes cause for discipline or discharge." *Petraitis v. Board of Fire and Police Com'rs of City of Palos Hills*, 31 Ill.App.3d 864, 868 (1st Dist. 1975).

49.    "An administrative tribunal's finding of cause for discharge commands respect, and it is to be overturned only if it is arbitrary and unreasonable or unrelated to the requirements of the service." *Carrigan*, 121 Ill.App.3d at 311; *Petraitis*, 31 Ill.App.3d at 868 (Board's decision will not be reversed so long as its findings are "not so trivial as to be arbitrary or unreasonable.").

50.    The Illinois Supreme Court has held that an employer is absolutely entitled to terminate an employee for excessive absenteeism, even if the absenteeism results directly from an occupational injury. *Hartlein v. Illinois Power Co.*, 151 Ill.2d 142, 160 (Ill. 1992); see also *Finnerty v. Personnel Bd. of City of Chicago*, 303 Ill.App.3d 1, 8 (1st Dist. 1999).

51.    Applicable Illinois law further provides that "[a]n employer is not proscribed from discharging an employee who is physically unable to perform his work" and "is not required to find a new job for an employee who is physically unable to do his original job." *Hess v. Clarcor, Inc.*, 237 Ill.App.3d 434, 449 (2d Dist. 1992).

52.    Though the record before the Board does not include the names or attendance records of any other identified Rockford police officers, the Board notes that even if such evidence had been introduced, cause for discipline and/or discharge can be found regardless of whether other employees have been disciplined differently. *Launius v. Board of Fire & Police Commissioners*, 151 Ill.2d 419, 442 (1992).

53.    Although the Board has found as a matter of fact that Officer Beets did not introduce sufficient evidence to support the conclusion that the Department has had an unwritten policy, incorporated into the collective bargaining agreement as a "past practice," of allowing Rockford police officers to take "unlimited sick time" without placing their jobs at risk, the Board concludes that such a practice, even if established, would be irrelevant to the Board's authority to discipline or terminate Officer Beets because the Board's authority in this matter derives from its authorizing statute and interpretive case law and not from any provision of the CBA. See *City of Markham v. State and Mun. Teamsters, Chauffeurs and Helpers, Local 726*, 299 Ill.App.3d 615, 617 (1st Dist.

1998)("The Code includes specific statutory procedures that a municipality must follow in disciplining and terminating its employees.").

F.  **DECISION OF THE BOARD**

54.     Based on the factual findings and conclusions of law set forth above, the Board finds that the City has established that Officer Beets engaged in actions that violate the following section of the Rules and Regulations of the Rockford Police Department:

> **Section III, Paragraph 9:** *"Incompetency or inefficiency in the performance of any assigned duty."*

55.     Without limiting the generality of the finding set forth in paragraph 54, above, the Board finds that Officer Beets' excessive absenteeism and the amount of time she has spent working in light duty assignments, as detailed in these Findings and Order, has prevented her from efficiently performing the duties and responsibilities of a full-time police officer with the Rockford Police Department.

56.     The Board also finds that Officer Beets' excessive absenteeism during 2006 and 2007, combined with her testimony that she had only been released to return to a "light duty" assignment as of the time of her hearing, is enough, standing alone, to conclude that she has not been efficiently performing the duties and responsibilities of a full-time police officer with the Rockford Police Department.

57.     The Board also finds and concludes that Officer Beets' excessive absenteeism, along with the total amount of time she has worked in light duty assignments, as detailed above, constitutes a substantial shortcoming in her performance as a full-time police officer with the Rockford Police Department which renders her continued employment as a police officer inappropriate and detrimental to the discipline and efficiency of, and against the best interests of,

the Rockford Police Department and the citizens of the City of Rockford. *Valio v. Board of Fire and Police Com'rs of Village of Itasca*, 311 Ill.App.3d 321, 330 (2d Dist. 2000); *Calomino v. Board of Fire & Police Commissioners,* 273 Ill.App.3d 494, 499 (1st Dist. 1995).

58.    Without limiting the generality of the finding set forth in paragraphs 55-57, above, the Board <u>also</u> finds and concludes that Officer Beets' excessive absenteeism during 2006 and 2007, along with the total amount of time she has worked in light duty assignments during those two years, combined with her testimony that she had only been released to return to a "light duty" assignment as of the time of her hearing, constitutes a substantial shortcoming in her performance as a full-time police officer with the Rockford Police Department which renders her continued employment as a police officer inappropriate and detrimental to the discipline and efficiency of, and against the best interests of, the Rockford Police Department and the citizens of the City of Rockford.

59.    The Board certainly understands that unexpected health conditions can alter a person's ability to perform his or her job duties, and concludes that the Department and the City have reacted compassionately to Officer Beets for more than a decade.

60.    The City and the Department rightfully expect that sworn, full-time police officers will regularly show up for work and be capable of performing the duties and responsibilities of a full-time police officer more than half of the time during their careers.  This Board expects no less.

61.    Therefore, based on the foregoing and on the authority granted to the Board under 65 ILCS 5/10-2.1-17, we order that Officer Beets' employment with the Rockford Police Department be terminated effective immediately, this 1st day of December, 2007.

62.    This Order is the final order in this matter and terminates the proceedings before the Board in connection with the complaint filed by Police Chief Chet Epperson in his capacity as the

Chief of Police of the Rockford Police Department of the City of Rockford against Officer Tonya

Beets. This Order is subject to administrative review under the Illinois Administrative Review Act,

735 ILCS 5/3-101 *et seq.*

BOARD  OF  FIRE  AND  POLICE
COMMISSIONERS  OF  THE  CITY  OF
ROCKFORD, ILLINOIS,

Dated: _____          By:_____
                                  LoRayne Logan, Commissioner


Dated: _____          By:_____
                                  Gary Caruana, Commissioner


## DISSENTING FROM THE "DECISION OF THE BOARD":

Even though I agree with Section B (Pleadings and Procedural Background), Section C

(Applicable Statutes / Burden of Proof), Section D (Board's Findings of Fact) and Section E

(Applicable Law and Board's Conclusions of Law) of these Findings and Order, and even though

I join in those four Sections without reservation, I disagree with Section F (Decision of the Board)

because I would not vote to terminate Officer Beets at this time.

In my opinion, Officer Beets should not be penalized for the many health and pregnancy

related problems (including on-the-job injuries) she has experienced over the past ten years. I

reviewed the performance evaluations that were introduced in evidence at the hearing and it

appeared to me that she was generally regarded as an excellent police officer when she was on the

job. I believe that the evidence at the hearing showed that she has been released by her doctor to

return to work in a light duty capacity which could result in her being assigned to the front desk until

she is totally healthy.

Final.Order.v1.wpd(dg)                    19

Simply stated, regardless of her past history, I believe Officer Beets deserves a second chance. If she continues to be unable to work in full capacity as a full-time police officer over the next year now that she has been released to start working again on light duty, I would vote to terminate her employment.

Dated: _____          By:_____
                                     Henrietta Dotson-Williams, Commissioner

**Order Prepared By:**

Brendan A. Maher, Secretary & Hearing Officer
Board of Fire & Police Commissioners
P.O. Box 219
Rockford, IL 61105-0219
815-987-8980



# THOMAS A. KLEIN
Winnebago County Circuit Clerk
400 West State Street
Rockford, IL 61101

| Case Number: | 2008-MR-000002 | | Receipt Number: | 18686947 |
|---|---|---|---|---|

| Plaintiff | Defendant | Attorney |
|---|---|---|
| TONYA BEETS<br>3807 CASSANDRA DR<br>ROCKFORD, IL 61114 | CHET EPPERSON<br>420 WEST STATE ST<br>ROCKFORD, IL | REESE GARY S<br>979 N MAIN<br>RKFD, IL 61103 |

| Agency: | Ticket: |
|---|---|

| Item | Fee | Category | Payor | |
|---|---|---|---|---|
| 001<br>Total | 246.00<br>246.00 | Review of Admin Procedure | 1001 | TONYA BEETS |

| Account | Charge | Paid | Payment | Balance |
|---|---|---|---|---|
| AUTOMATION | | | 15.00 | |
| CIRCUIT CLERK FILING FEES | | | 160.00 | |
| COURT SERVICES / SECURITY | | | 25.00 | |
| LIBRARY FEE | | | 13.00 | |
| DOCUMENT STORAGE | | | 15.00 | |
| COURT SYSTEMS | | | 5.00 | |
| CHILDRENS WAITING ROOM FE | | | 5.00 | |
| ARBITRATION | | | 8.00 | |
| Total | | | 246.00 | |
| | | | Bond Used | |
| | | | Cash | |
| Check #   72008 | Check Date 01/02/2008 | | Check | 246.00 |
| | | | Total Tendered | 246.00 |
| | | | Change Due | |
| | | | Balance Due | .00 |

By: _____

Deputy Clerk:    JEB C100                Batch 01-021-042 Date 01/02/2008 Time 14:23:37

# FILE COPY

## IN THE CIRCUIT COURT FOR THE 17TH JUDICIAL CIRCUIT
## WINNEBAGO COUNTY, ILLINOIS

| | | |
|---|---|---|
| TONYA Y. BEETS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-MR-2 |
| | ) | |
| v. | ) | |
| | ) | |
| CHET EPPERSON, as Chief of Police for the | ) | |
| City of Rockford, and the CITY OF ROCKFORD | ) | |
| BOARD OF FIRE AND POLICE | ) | |
| COMMISSIONERS, | ) | |
| | ) | |
| Defendant. | ) | |

FILED

Date: 1 / 3 /08

*Thomas A. Klein*
Clerk of the Circuit Court

By_____Deputy
Winnebago County, IL

### AFFIDAVIT

I, Gary S. Reese, on oath state that I am the attorney for the Plaintiff, Tonya Y. Beets, in the above-entitled cause, and that the last known address of each of the defendants, upon whom service of summons shall be made, is as follows:

Chet Epperson
Chief of Police for the City of Rockford
420 W. State Street
Rockford, IL 61101

and

Attorney Brendan Maher
for the City of Rockford Board of Fire
and Police Commissioners
120 W. State Street, Suite 400
Rockford, IL 61101.

_____
Gary S. Reese
Attorney for Plaintiff

Subscribed and sworn to before me

this 3rd day of January, 2008.

_____
Notary Public

"OFFICIAL SEAL"
ELIZABETH C. GAINES
Notary Public, State of Illinois
My Commission Expires 09/28/11

## IN THE CIRCUIT COURT FOR THE 17ᵀᴴ JUDICIAL CIRCUIT
## WINNEBAGO COUNTY, ILLINOIS

| | | |
|---|---|---|
| TONYA Y. BEETS, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 08-MR-2 |
| | ) | |
| v. | ) | |
| | ) | |
| CHET EPPERSON, as Chief of Police for the | ) | |
| City of Rockford, and the CITY OF ROCKFORD | ) | |
| BOARD OF FIRE AND POLICE | ) | |
| COMMISSIONERS, | ) | |
| | ) | |
| Defendant. | ) | |

FILED
Date: 1/2/08
_Thomas A. Klein_
Clerk of the Circuit Court
By_____ Deputy
Winnebago County, IL

### CERTIFICATE OF SERVICE

I, Thomas A. Kline, Clerk of the Circuit Court of Winnebago County, Illinois, certify that on January 4, 2008, I served a copy of the Summons and Complaint for Administrative Review on each of the above-named defendants, by mailing a copy, by registered/certified mail, postage and fee prepaid, addressed as follows:

Chet Epperson
Chief of Police for the City of Rockford
420 W. State Street
Rockford, IL 61101

and

Attorney Brendan Maher
for the City of Rockford Board of Fire
and Police Commissioners
120 W. State Street, Suite 400
Rockford, IL 61101.

_Thomas a Kline_
Thomas A. Kline
Clerk of the Circuit Court for Winnebago County, Illinois

_by Joya Rayborn, deputy_