FILED

Date: 1.4.08

*Thomas A. Klein*
Clerk of the Circuit Court

By _____ Deputy
Winnebago County, IL

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**COUNTY OF WINNEBAGO**

*Tonya Y Beets*
vs
*Chet Epperson, as Chief of*
*Police for the City of Rockford*
*& the City of Rockford Board*
*of Fire & Police Commissioners*

)
)
)
)
)
)
)
)
)
)

CASE NO. *08MR2*

At Law

**CLERK'S CERTIFICATE**
**OF MAILING**
{Administrative Review}

I, **THOMAS A. KLEIN**, Clerk of the Circuit Court of said County, in the State aforesaid, do hereby certify that on the _4th_ day of _Jan_____, A. D. 20_08_, I served the defendant**s** _listed below_____, by sending a copy of the summons issued herein (copy of which summons is hereto attached) by certified mail, postage prepaid to said defendant**s** _listed below_____, addressed as follows, pursuant to the provisions of the Administrative Review Act:

1) _Chet Epperson, a chief of Police_____
2) _City of Rockford Board of Fire & Police Commissioners_

_____

_____

**Witness** my hand and seal of said Court, this _4th_ day of _Jan_____ A.D., 20_08_.

_Thomas A Klein_____
Clerk of the Circuit Court

By _Joyce Rayburn_____
Deputy

CC-40

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**WINNEBAGO COUNTY**

Tonya Y. Beets

**Plaintiffs**

vs.

Chet Epperson &
the City of Rockford
Board of Fire &
Police Commissioners

**Defendants**

No. 08MR 2

**ADMINISTRATIVE REVIEW SUMMONS**

**To each of the above named defendants:**

YOU ARE HEREBY SUMMONED AND REQUIRED to file an answer in this case or

otherwise file your appearance in the office of the clerk of this Court within 35 days after the

date of this summons.

This summons is served upon you by registered mail pursuant to the provisions of the

Administrative Review Act.

WITNESS _Jan 2_ , _2008_
(Year)

_Thomas A. Klein_
(Clerk of the Circuit Court)

By: _Joyce Rayborn_
(Deputy)

**(Plaintiff's Attorney or Plaintiff if not represented by an Attorney)**
Name _Reese & Reese_
Attorney for _Tonya Beets_
Address _979 North Main St_
City _Rockford_ State _Il_ Zip _61103_
Telephone _(815) 968 - 8851_

SCANNED ON 9/16/08

**U.S. Postal Service™**
**CERTIFIED MAIL™ R**
*(Domestic Mail Only; No Insur*

For delivery information visit our web

OFFICIA

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To *Chet Epperson*
*Chief of Police for*
Street, Apt. No.; or PO Box No. *420 W. Sta*
City, State, ZIP+4 *Rockford, Il*

7005 1160 0000 1877 1420

PS Form 3800, June 2002     See Reverse for Instructions

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*Chet Epperson*
*Chief of Police for City of*
*Rockford*
*420 W. State st*
*Rockford, Il 61101*

2. Article Number
(Transfer from service label)   7005 1160 0000 1877 1420

PS Form 3811, February 2004     Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *BMcIntosh*     □ Agent   □ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
*BMcIntosh*     *1/7/08*

D. Is delivery address different from item 1?   □ Yes
If YES, enter delivery address below:   □ No

3. Service Type
☑ Certified Mail   □ Express Mail
□ Registered   □ Return Receipt for Merchandise
□ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

102595-02-M-1540

---

**U.S. Postal Service™**
**CERTIFIED MAIL™ RECEIPT**
*(Domestic Mail Only; No Insu*

For delivery information visit our

OFFICIA

| Postage | $ |
| Certified Fee | |
| Return Receipt Fee (Endorsement Required) | |
| Restricted Delivery Fee (Endorsement Required) | |
| Total Postage & Fees | $ |

Sent To *atty Brendan M*
*of Rkfd Board*
*Police Commissio*
Street, Apt. No.; or PO Box No. *120 W. State st*
City, State, ZIP+4 *Rockford, I*

7005 1160 0000 1877 2502

PS Form 3800, June 2002

**SENDER: COMPLETE THIS SECTION**

■ Complete items 1, 2, and 3. Also complete item 4 if Restricted Delivery is desired.
■ Print your name and address on the reverse so that we can return the card to you.
■ Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

*atty Brendan Maher*
*90 City of Rkfd Board of Fire &*
*Police Commissioners*
*120 W. State st - Ste 400*
*Rockford, Il 61101*

2. Article Number
(Transfer from service label)   7005 1160 0000 1877 2502

PS Form 3811, February 2004     Domestic Return Receipt

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X *B Gibbs*     □ Agent   □ Addressee

B. Received by ( Printed Name )   C. Date of Delivery
*B GIBBS*     *01-07-08*

D. Is delivery address different from item 1?   □ Yes
If YES, enter delivery address below:   □ No

3. Service Type
☑ Certified Mail   □ Express Mail
□ Registered   □ Return Receipt for Merchandise
□ Insured Mail   □ C.O.D.

4. Restricted Delivery? (Extra Fee)   □ Yes

102595-02-M-1540

# STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
### WINNEBAGO COUNTY

CC-45

TONYA Y. BEETS

**FILED**

Date: JAN 0 4 2008

~Thomas A. Klein~
Clerk of the Circuit Court

By ~BM.~ Deputy
Winnebago County, IL

vs.

CHET EPPERSON, as Chief of Police for the
City of Rockford, and the CITY OF ROCKFORD
BOARD OF FIRE AND POLICE COMMISSIONERS

No. 08MR003

## SUMMONS

Chet Epperson, c/o Rockford Police Department, 420 W. State Street, Rockford, IL

To each defendant: Brendan Maher, 321 W. State Street, Suite 400, Rockford, IL 61105
on behalf of City of Rockford Board of Fire and Police Commissioners

You are summoned and required to file an answer in this case, or otherwise file your appearance in the Office of

the Clerk of this Court _____ Winnebago County Courthouse _____ building, room _____,

_400 W. State Street, Rockford_ _____, Illinois, within 30 days after service of this summons,
   (Address)       (City)

not counting the day of service. IF YOU FAIL TO DO SO, A JUDGEMENT OR DECREE BY DEFAULT MAY BE TAKEN
AGAINST YOU FOR THE RELIEF ASKED IN THE COMPLAINT.

To the officer:

This summons must be returned by the officer or other person to whom it was given for service, with endorse-
ment of service and fees, if any, immediately after service. If service cannot be made, summons shall be returned so
endorsed.

This summons may not be served later than 30 days after its date.



(Seal of Court)

WITNESS ~January 2~, 2008
                              (Year)

~Thomas A. Klein~
(Clerk of the Circuit Court)

By: ~Judy Baker~
           (Deputy)

(Plaintiff's Attorney or Plaintiff if he is not represented by an Attorney)

Name _____ GARY S. REESE, #369 _____

Attorney for _____ Plaintiff _____

Address _____ 979 North Main Street _____

City _____ Rockford, IL 61103 _____

Telephone _____ (815) 968-8851 _____

## PROCESS SERVICE/NON-SERVICE AFFIDAVIT

COURT CASE #: __08-MR-002__                    PI#: __08-0200__

### PHILLIP LEDESMA
      States that he/she is not a party to the within cause, and that he/she is an employee of Professional Investigations & Services, Inc., a Private Detective Agency licensed by the Illinois Department of Financial & Professional Regulations, No. 117-001326.

☒ **Served the following**: __SUMMONS, COMPLAINT FOR ADMINISTRATIVE REVIEW__, to be the person named below:

☐ **Did Not**: effectuate service of the following document(s): _____,

    ☒ Individual Defendant:

    ☐ Abode,by leaving a copy with a co-inhabitant age of 13 year or older.

    ☐ Corporation/Business by leaving a copy with the registered agent,and/or his/her designee.

    ☐ Posted on the premises:

    ☐ Individual/Business not found:

    ☐ Individual/business not longer at address provided:

Defendant/Witness: __CHET EPPERSON, CHIEF OF POLICE FOR THE CITY OF ROCKFORD__

Person given to: __JUDY BELK, SECRETARY__

Plaintiff, Judgement-Debtor: __TONYA Y. BEETS__

Date serviced: __1/2/08__  Time served: __3:45 PM__  Sex: __F__  Race: __W__  Age: __40'S__  Abode Mailed: _____

Address Service/Non-service: __420 W. STATE ST., ROCKFORD, ILL.__

Comments/Remarks:

Served by: _(signature)_

Subscribed and sworn to before me this __3rd__ day of __January__, 200__8__

_____(signature)_____
Notary Public

**Fees:**

| | |
|---|---|
| Service/No-Service Fee: | $60.00 |
| Mileage: | _____ |
| Address Change Request: | _____ |
| Filing Fee: | _____ |
| Other (See Invoice): | _____ |
| **Total:** | **$60.00** |

"OFFICIAL SEAL"
N. K. Scott
Notary Public, State of Illinois
My Commission Exp. 06/11/2008

### PROCESS SERVICE/NON-SERVICE AFFIDAVIT

COURT CASE #: <u>**08-MR-002**</u>                          PI#: <u>**08-0201**</u>

#### PHILLIP LEDESMA
States that he/she is not a party to the within cause, and that he/she is an employee of Professional Investigations & Services, Inc., a Private Detective Agency licensed by the Illinois Department of Financial & Professional Regulations, No. 117-001326.

☒ **Served the following:** <u>**SUMMONS, COMPLAINT FOR ADMINISTRATIVE REVIEW**</u>, to be the person named below:

☐ **Did Not:** effectuate service of the following document(s): _____,

  ☒ Individual Defendant:

  ☐ Abode,by leaving a copy with a co-inhabitant age of 13 year or older.

  ☐ Corporation/Business by leaving a copy with the registered agent,and/or his/her designee.

  ☐ Posted on the premises:

  ☐ Individual/Business not found:

  ☐ Individual/business not longer at address provided:

Defendant/Witness: <u>**CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS**</u>

Person given to: <u>**ATTORNEY BRENDAN MAHER**</u>

Plantiff, Judgement-Debtor: <u>**TONYA Y. BEETS**</u>

Date serviced: <u>1/2/08</u>  Time served: <u>4:15 PM</u>  Sex: <u>M</u>  Race: <u>W</u>  Age: <u>40'S</u>  Abode Mailed: _____

Address Service/Non-service: <u>**120 W. STATE ST., SUITE 400, ROCKFORD, ILL.**</u>

Comments/Remarks:

Served by: _____

Subscribed and sworn to before me this ___3rd___ day of __January__, 2008

_____
Notary Public

| Fees: | |
|---|---|
| Service/No-Service Fee: | $60.00 |
| Mileage: | _____ |
| Address Change Request: | _____ |
| Filing Fee: | _____ |
| Other (See Invoice): | _____ |
| **Total:** | $<u>60.00</u> |

"OFFICIAL SEAL"
N. K. Scott
Notary Public, State of Illinois
My Commission Exp. 06/11/2008

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

FILED

Date: 1 / 8 / 08

_Lonny A. Klein_
Clerk of the Circuit Court
By _____ Deputy
Winnebago County, IL

TONYA Y. BEETS,                            )
                                           )
            Plaintiff,                     )       NO. 08 MR 2
                                           )
      vs.                                  )
                                           )       **APPEARANCE**
CHET EPPERSON, as Chief of Police for      )
the City of Rockford, and the CITY OF      )
ROCKFORD BOARD OF FIRE AND                 )
POLICE COMMISSIONERS,                      )
                                           )
            Defendants.                    )

I hereby enter my appearance for the CITY OF ROCKFORD BOARD OF FIRE

AND POLICE COMMISSIONERS, one of the defendants in the above-entitled cause.

Dated this 8th day of January, 2008.


                        CITY OF ROCKFORD BOARD OF FIRE AND
                        POLICE COMMISSIONERS, One of the Defendants
                        By: WILLIAMSMcCARTHY LLP, Its Attorneys


                        By: _____
                                    Brendan A. Maher

<u>PROOF OF SERVICE</u>

The undersigned hereby certifies that at 5:00 o'clock p.m. on January  8 , 2008 at

120 West State Street, Suite 400, Rockford, Illinois, he mailed a copy of the foregoing instrument

to the following with postage fully prepaid:

Attorney Gary S. Reese
Reese & Reese
979 North Main Street
Rockford, IL  61103

Attorney John P. Giliberti
City of Rockford Legal Department
425 East State Street
Rockford, IL  61104

Brendan A. Maher (#4819)
WILLIAMSMCCARTHY LLP (#450)
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL  61105-0219
815-987-8900

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

FILED
Date: 1 / 9 08

Clerk of the Circ
By_____ DMS
Winnebago Co

| | | |
|---|---|---|
| TONYA Y. BEETS, | ) | |
| | ) | |
| Plaintiff, | ) | NO. 08 MR 2 |
| | ) | |
| vs. | ) | |
| | ) | **APPEARANCE** |
| CHET EPPERSON, as Chief of Police for | ) | |
| the City of Rockford, and the CITY OF | ) | |
| ROCKFORD BOARD OF FIRE AND | ) | |
| POLICE COMMISSIONERS, | ) | |
| | ) | |
| Defendants. | ) | |

I hereby enter my appearance for CHET EPPERSON, as Chief of Police for

the City of Rockford, one of the defendants in the above-entitled cause.

Dated this 9th day of January, 2008.


                              CHET EPPERSON, as Chief of Police for the
                              City of Rockford, One of the Defendants
                              By:  City of Rockford Department of Law, His
                              Attorney

                              By: _John P. Giliberti_____
                                      John P. Giliberti

SCANNED ON @1e01/14/2008

<u>PROOF OF SERVICE</u>

The undersigned hereby certifies that at 5:00 o'clock on January 9th, 2008 at

425 East State Street, Rockford, Illinois, he mailed a copy of the foregoing instrument to the

following with postage fully prepaid:

Attorney Gary S. Reese
Reese & Reese
979 North Main Street
Rockford, IL 61103

Attorney Brendan A. Maher
WilliamsMcCarthy LLP
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL 61105-0219

John P. Giliberti (#1111)
City of Rockford Department of Law
425 East State Street
Rockford, Illinois 61104
(815) 987-5540

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**WINNEBAGO COUNTY, ILLINOIS**

Date: 1/31/08

Clerk of the Circuit Court
By: _____ Deputy
Winnebago County, IL

| | |
|---|---|
| TONYA Y. BEETS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CHET EPPERSON, as Chief of Police | ) |
| for the City of Rockford, and the CITY OF | ) |
| ROCKFORD BOARD OF FIRE AND POLICE | ) |
| COMMISSIONERS, | ) |
| | ) |
| Defendants. | ) |

No.  2008 MR 002

**NOTICE**

To:  Attorney Gary S. Reese              Attorney Brendan A. Maher
       Reese & Reese                           WilliamsMcCarthy LLP
       979 North Main Street                 120 West State Street, Suite 400
       Rockford, IL  61103                     P.O. Box 219
                                                        Rockford, IL  61105-0219

  **YOU ARE HEREBY NOTIFIED** that on the 13th day of February, 2008 at 9:00 A.M. or
as soon thereafter as Counsel may be heard, I shall appear before Judge Ronald Pirrello in
Court Room 412, or in his absence, before any other Judge that may be presiding in said
Court Room in the Court House at 400 West State Street, Winnebago County, Rockford,
Illinois, and appear on a **MOTION FOR SUBSTITUTION OF JUDGE,** at which time and
place you may appear if so desired.

Dated:  January 31, 2008

                                        CITY OF ROCKFORD DEPARTMENT OF LAW
                                        By: _____
                                               John P. Giliberti, City Attorney

STATE OF ILLINOIS          )
                           ) SS
COUNTY OF WINNEBAGO        )

  The undersigned, being first duly sworn on oath, deposes and states that I served the above and foregoing Notice upon the above-named by placing a true and correct copy thereof and a copy of the Notice in an envelope addressed as aforesaid and placing the same in the U.S. Mail, postage prepaid on the 31st day of January, 2008, before the hour of 5:00 p.m. at Rockford, Illinois.

Subscribed and sworn to before
me this 31st day of January, 2008.

Notary Public

OFFICIAL SEAL
LUANNE J. PFEIFER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4-11-2008

City of Rockford Department of Law
425 East State Street
Rockford, Illinois  61104
(815) 987-5540

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

TONYA Y. BEETS,                              )
                                             )
                    Plaintiff,               )
                                             )
vs.                                          )    No.  2008 MR 002
                                             )
CHET EPPERSON, as Chief of Police            )
for the City of Rockford, and the CITY OF    )
ROCKFORD BOARD OF FIRE AND POLICE            )
COMMISSIONERS,                               )
                                             )
                    Defendants.              )

## DEFENDANT CHET EPPERSON'S ANSWER
## TO COMPLAINT FOR ADMINISTRATIVE REVIEW

NOW COMES the Defendant, CHET EPPERSON, as Chief of Police for the City of

Rockford ("EPPERSON"), by and through his attorneys, the CITY OF ROCKFORD

DEPARTMENT OF LAW, Patrick W. Hayes, Legal Director, and John P. Giliberti, City

Attorney, and in support of his Answer to Plaintiff's Complaint for Administrative Review,

states the following:

1.      This action is for administrative review, pursuant to the provisions of 735

ILCS 5/3-101 et. seq., of a decision rendered against the plaintiff by Defendant CITY OF

ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS, on December 1, 2007.

**ANSWER:**    Epperson admits the allegations contained in paragraph 1 of plaintiff's
complaint.

2.      Plaintiff, TONYA Y. BEETS, was employed as a police officer by the City of

Rockford Police Department and was hired on or about March 24, 1997.

**ANSWER:**    Epperson admits that allegations contained in paragraph 2 of plaintiff's
complaint.

1

3.      Defendant CHET EPPERSON is the duly appointed Chief of the Rockford

Police Department (hereinafter "Chief").

   **ANSWER:**   Epperson admits the allegations contained in paragraph 3 of plaintiff's
                 complaint.

4.      The CITY OF ROCKFORD BOARD OF FIRE AND POLICE

COMMISSIONERS is a statutorily created administrative agency created pursuant to 65

ILCS 5/10-2.1-1 et. seq. (hereinafter "Board").

   **ANSWER:**   Epperson admits the allegations contained in paragraph 4 of plaintiff's
                 complaint.

5.      Any decision of the Board shall not be in conflict with or repugnant to the

provisions of the Collective Bargaining Agreement (hereinafter "CBA") currently in effect

between the City of Rockford (hereinafter "City") and Unit Six of the Policemen's

Benevolent and Protective Association of Illinois (hereinafter "Union").

   **ANSWER:**   Epperson denies the allegations contained in paragraph 5 of plaintiff's
                 complaint.

6.      On August 8, 2007 the Chief filed a complaint against plaintiff which under

the provisions of 65 ILCS 5/10-2.1-17 was required to be heard within 30 days from that

date.

   **ANSWER:**   Epperson admits the allegations contained in paragraph 6 that he filed
                 on August 8, 2007, a complaint against plaintiff.  Epperson denies the
                 allegations contained in paragraph 6 that under the provisions of 65
                 ILCS 5/10-2.1-17 the complaint was required to be heard within 30
                 days from the date of filing.

7.      On September 6, 2007 the Chief filed an amended complaint.

   **ANSWER:**   Epperson admits the allegations contained in paragraph 7 of plaintiff's
                 complaint.

8.    Plaintiff was represented in this matter by the union's attorney Timothy D.

O'Neill who did not file an answer for the plaintiff to either of the complaints.

>    **ANSWER:**    Epperson admits the allegations contained in paragraph 8 of plaintiff's
>    complaint that attorney Timothy D. O'Neil represented the plaintiff "in
>    this matter" regardless whether Mr. O'Neil is the union's attorney and
>    that attorney O'Neil did not file an answer for the plaintiff to either of
>    the said complaints, however, affirmatively avers that pursuant to 65
>    ILCS 5/10-2.1-17, attorney O'Neil had no obligation to file an answer
>    for the plaintiff to either of the said complaints.

9.    A hearing on the Chief's amended complaint was held in an open meeting

before the Board on November 5, 2007.

>    **ANSWER:**    Epperson admits the allegations contained in paragraph 9 of plaintiff's
>    complaint that a hearing was held in an open meeting before the Board
>    on November 5, 2007.  Epperson denies the allegations contained in
>    paragraph 9 of plaintiff's complaint that the hearing was held on the
>    Chief's amended complaint (filed on September 6, 2007).

10.    A verbatim transcript was made of the proceedings.

>    **ANSWER:**    Epperson is without sufficient knowledge to either admit or deny the
>    allegations of paragraph 10 of plaintiff's complaint as Epperson does
>    not know what the plaintiff means by the "proceedings".

11.    The Board in closed session reached its decision on November 6, 2007 and a

verbatim transcript was made of the deliberations.

>    **ANSWER:**    Epperson is without sufficient knowledge to either admit or deny the
>    allegations of paragraph 11 of plaintiff's complaint.

12.    On December 1, 2007, attorney Timothy D. O'Neil, the union's lawyer who

represented the plaintiff at the hearing on November 5. 2007, received an unsigned copy of

the Board's decision.  See attached Exhibit A, City of Rockford Board of Fire and Police

Commissioners, Findings and Order, Disciplinary Case No. 2007-01.

>    **ANSWER:**    Epperson is without sufficient knowledge to either admit or deny the
>    allegations of paragraph 12 of plaintiff's complaint.

13.   Plaintiff never received a copy of the Board's decision.

**ANSWER:**   Epperson is without sufficient knowledge to either admit or deny the allegations of paragraph 13 of plaintiff's complaint.

14.   The Board's decision found in ¶ 's 54-62 that plaintiff had violated the

provisions of Section III ¶ 9 of the Rules and Regulations of the Rockford Police Department

by way of "excessive absenteeism" and that plaintiff was only able to return to "light-duty."

**ANSWER:**   Epperson is without sufficient knowledge to either admit or deny the allegations of paragraph 14 of plaintiff's complaint, and affirmatively avers that the Board's decision speaks for itself.

15.   The Board's decision found in ¶ 59 that plaintiff's "...continued employment

as a police officer was inappropriate and detrimental to the discipline and efficiency of and

against the best interests of the Rockford Police Department and the citizens of the City of

Rockford."

**ANSWER:**   Epperson is without sufficient knowledge to either admit or deny the allegations of paragraph 15 of plaintiff's complaint, and affirmatively avers that the Board's decision speaks for itself.

16.   The Board, in a two to one decision, voted to terminate plaintiff's employment

with the Rockford Police Department effective December 1, 2007.

**ANSWER:**   Epperson admits the allegations contained in paragraph 16 of plaintiff's complaint.

17.   The Board's decision to terminate plaintiff was legally erroneous, arbitrary

and capricious, and against the manifest weight of the evidence in one or more of the

following respects:

a.   The decision of the board was based on "excessive absenteeism"

which improperly included "light-duty" time without defining "light-duty" or

distinguishing that time as being different from that which any regularly

4

employed Rockford patrol officer would be assigned to in the regular course of duty responsibilities.

b.      The Board's decision on "excessive absenteeism" was predicated upon a record which the Board characterized on the issue of lost time as consisting of "confusion" as to the numerical totals, and without any explanation of how the Board unraveled that "confusion, the Board came up with the percentage of over 50% lost time. (See ¶ 19 in the decision).

c.      In ¶ 1 of the Board's decision under "A. Introduction," the Board acknowledges that the "absenteeism" of plaintiff was attributable to "a decade of unfortunate accidents and difficult medical issues, with one injury or illness seeming to follow another in close proximity." The Board also recognizes that plaintiff was a "competent police officer when she is on the job…" The entire record and decision by the Board does not disclose a scintilla of evidence that plaintiff arbitrarily or without explanation by reason of illness or disability took time off, but instead showed that plaintiff persistently returned to work for either "light-duty," or full capacity activity as an active patrol officer on duty.

d.      While the burden of proof was upon the Defendants to establish the allegations in the complaint by a preponderance of the evidence, there was confusion in the record on the very important designation of the appropriate "terminology" to be employed in determining what constituted "absenteeism" and the record is silent on any explanation by the Chief or Board to clarify

SCANNED ON @:002/01/2008

that confusion.  (¶ 19-21) The Board consequently manufactured its own calculations and use of "terminology."

e.      The Board's decision reflects that there was confusion and conflict between the exhibits of the Chief and the exhibits of plaintiff on designated lost time which was resolved against plaintiff contrary to the evidence.

f.      The time records presented by the Chief were inconsistent and demonstrated that there was inaccuracy in the time records presented by the Chief and that they were unreliable.  While not limiting the illustration of such unreliability, see for example ¶ 22 in the decision.

g.      The conclusions reached by the Board as to "excessive time off" by plaintiff are based upon a record in confusion as to the actual time off and are indistinguishable on the record as to the appropriate time off she was permitted both under the provisions of the CBA, injured time related to work accidents, pregnancy time, FMLA time, etc., and without explanation on record from the Chief, and the conclusions of the board are unsupported on the record.

h.      Rather than relying upon the record, the Board manufactured and conjectured conclusions concerning absenteeism time, contrary to the preponderance of evidence of proof required on the part of the Chief.

i.      The preponderance of evidence in the record is that the calculation of time of alleged absenteeism is so arbitrarily calculated from confused and inconsistent time records of the Chief that it does not support the conclusion of the Board.

j.    The testimony of Officer Booker is inconsistent with the alleged absenteeism in the record concerning Officer Beets.

k.    The finding of the board with reference to the "sick time" following the warning letter of May 18, 2007, is inconsistent with the record and is conjectured by the board from a confused record on that point. See for example the discrepancies in calculations as referred to by the decision in ¶'s 23, 28-29.

l.    The Board indicates that it arbitrarily deleted the time plaintiff was off work under the provisions of FMLA without providing any accurate calculations in that regard or how the deletion of time affected the total time of alleged "excessive absenteeism."

m.    The discussion and reference to "sick time" in the decision is specifically not only contrary to the requirement in the CBA, but does not accurately coincide with the record.

**ANSWER:**    Epperson denies all the allegations contained in paragraph 17 of plaintiff's complaint and affirmatively avers the proper legal standard to review an administrative agency's decision regarding discharge is for the Court to determine whether the agency's finding of guilt is contrary to the manifest weight of the evidence, and second, the Court must determine if the findings of fact provide a sufficient basis for the agency's conclusion that there is cause for discharge.

18.    The decision of the board is to be governed by law, and the decision was contrary to law.

**ANSWER:**    Epperson denies the allegations contained in paragraph 18 of plaintiff's complaint.

19.    Contrary to the law, the Board found it did not have to comply with the governing principles contained in the CBA (Board's decision ¶ 53), and did not take

judicial notice of the content of the Rockford Police Recruiting Booklet on the City of

Rockford Website, which publicizes content to the contrary.

**ANSWER:**　Epperson denies the allegations contained in paragraph 19 of plaintiff's complaint and affirmatively avers the Board's decision speaks for itself.

20.　　Contrary to law, the Board ruled it did not have to treat plaintiff the same as

other officers were treated in similar circumstances or condition. (Board's decision ¶ 52).

**ANSWER:**　Epperson denies the allegations contained in paragraph 20 of plaintiff's complaint and affirmatively avers the Board's decision speaks for itself.

21.　　The Board exceeded its jurisdictional and legal authority by "rewriting" the

agreement of the CBA.

**ANSWER:**　Epperson denies the allegations contained in paragraph 21 of plaintiff's complaint.

22.　　The Board, specifically contrary to law, wrote policy provisions by which

would govern the determination by the Rockford Police Department on the issue of what

constitutes "excessive absenteeism," under the term "sick leave" as contained in the Contract

between the City and the Union.

**ANSWER:**　Epperson denies the allegations contained in paragraph 22 of plaintiff's complaint.

23.　　The Board did not take judicial notice of the content contained in the

Rockford Police Department Recruiting Booklet which lists as a benefit a "liberal sick leave

policy," which is provided for in the Contract between the City and the Union.

**ANSWER:**　Epperson is without sufficient knowledge to either admit or deny the allegations of paragraph 23 of plaintiff's complaint.

24.　　Contrary to law the decision of the board is based upon the creation of a

policy that interprets what "unlimited sick time" does or does not mean and establishes a

governing provision of the Contract between the City and the Union, which action exceeds

their statutory and legal authority and for which they do not have jurisdiction.

> **ANSWER:**    Epperson denies the allegations contained in paragraph 24 of
> plaintiff's complaint and affirmatively avers the Board's decision
> speaks for itself.

25.    The decision of the Board exceeds the scope of the Board's duties and

jurisdiction as contained in Article III, and specifically in violation of the provisions of 65

ILCS 5/10-2.1-17 on which the board relied in reaching their decision.

> **ANSWER:**    Epperson denies the allegations contained in paragraph 25 of
> plaintiff's complaint.

26.    The decision of the Board as a matter of law, is repugnant to and in violation of

the provisions of the "Management Rights" contained in the CBA under Article I § 1.2 and

was cited as authority for their decision.    The decision at ¶ 37 quotes from Chief's Exhibit 5,

which provides in pertinent part: "…provided, however, the exercise of any of the above

rights shall not conflict with any of the provisions of this Agreement."

> **ANSWER:**    Epperson denies the allegations contained in paragraph 26 of
> plaintiff's complaint, and affirmatively avers that the Board's decision
> speaks for itself.

27.    The decision also quotes in pertinent part in ¶ 35 from Chief's Exhibit 4, to-

wit: "§7.5A. Sick leave. Sick leave shall be administered pursuant to the past practice of the

parties hereto,…"

> **ANSWER:**    Epperson is without sufficient knowledge to either admit or deny the
> allegations of paragraph 27 of plaintiff's complaint, and affirmatively avers that the
> Board's decision speaks for itself.

28.    The Board then in ¶ 40 of the decision goes on to rewrite the "sick leave"

provision beyond its jurisdictional capacity to do so, stating: "…the Board does not find

credible the claim that an employer such as to the city would have an express or implicit

unwritten policy…"

> **ANSWER:** Epperson denies the allegations contained in paragraph 28 of
> plaintiff's complaint and affirmatively avers the Board's decision
> speaks for itself.

29.    It is clearly not within the jurisdictional capabilities of the Board to arbitrarily

or independently determine the policy of the Rockford Police Department, as demonstrated

again on the face of their decision in ¶ 38, or to determine without authority to do so and

contrary to law that the City and the Union have never reached an agreement as to "unlimited

sick time," when the testimony of Lieutenant Block (Board's decision ¶ 36) is that such

language was deliberately included based upon "past practice," which meant exactly that.

> **ANSWER:** Epperson denies the allegations contained in paragraph 29 of
> plaintiff's complaint and affirmatively avers the Board's decision
> speaks for itself.

30.    Contrary to the requirement that the legal burden of proof be upon the Chief to

establish his case by a preponderance of the evidence as required in the Administrative

Review Act, (recognized in the decision in ¶ 13), the Board placed the burden on the plaintiff

by stating that other than the testimony of Lieutenant Block, the plaintiff had produced no

additional evidence of that interpretation. (See ¶ 39).

> **ANSWER:** Epperson denies the allegations contained in paragraph 30 of
> plaintiff's complaint and affirmatively avers the Board's decision
> speaks for itself.

31.    The Chief on the other hand, who had the burden of proof, did not produce

one scintilla of evidence concerning the interpretation of that phrase in the CBA, or that

"unlimited sick time" was not and had not been the past policy of the City of Rockford Police

Department.

**ANSWER:**    Epperson denies the allegations contained in paragraph 31 of plaintiff's complaint.

32.    Plaintiff demands that the defendants' that is the Chief as well as the Board produce at the time of filing an answer herein with the following:

a.    All pleadings including all notices and responses, motions and rulings;

b.    Transcripts of the hearing on November 5, 2007 and the transcript of the deliberations on November 6, 2007 and any subsequent transcriptions of any meetings or deliberations on the part of the Board in connection with this case.

c.    A complete copy of the record and any evidence received including exhibits;

d.    A statement of any matter sufficiently noticed;

e.    Any offers of proof, objections and rulings there on;

f.    All staff memorandum or data submitted to the hearing examiner or members of the agency in connection with their consideration of the case including any internal memorandums, notes, or discussion by any of the members of the Rockford Police Department concerning this matter including e-mail, memorandums, telephone conversations, and the means of calculating the time elements contained in the exhibits presented by the defendants;

g.    Any public pronouncements by the defendants to the media during the period of this hearing, shortly before, or thereafter, which comments or discussions were made a matter of media publication in the newspaper.

h.    Any internal memorandum, e-mail, memorandums of telephone conversations, or communications of any kind whatsoever by the members of the Board concerning this case.

i.      Any agreed settlement with any other police officer who had a dispute

concerning absenteeism in a copy of the report and any communication on that issue

to the Board which is required by Law.

j.      All memorandum, discussions, and settlement reached with Officer Robert

Cole and any report in that connection which was furnished to the Board and any

similar communications concerning other officers which were made to the Board, as

well as any internal memorandum or record by the Board concerning that issue.

k.      The entire current collective bargaining agreement (CBA) between the City

and the Union.

l.      The provisions pertaining to "sick leave" of every CBA entered into between

the City and the Union from 1972 until the current date.

m.      Copies of any previous decisions made by the Board pertaining to "Sick

Leave." If there have been no such decisions, then please provide an affidavit to that

effect.

n.      A complete copy of the "Rules and Regulations of the Rockford Police

Department."

**ANSWER:**      Epperson denies the "demand" and/or allegations contained in
paragraph 32 of plaintiff's complaint and affirmatively avers that
pursuant to the Administrative Review Law, 735 ILCS 5/3-108, the
Board shall file an answer which shall consist of the entire record of
proceedings under review and discovery aimed at matters not included
in the administrative record is inappropriate pursuant to the to the
court's limited scope of review under the Administrative Review Law,
that "no new or additional evidence in support of or in opposition to
any finding, order, determination or decision of the administrative
agency shall be heard by the court." 735 ILCS 5/3-110.

WHEREFORE, for all the foregoing reasons, defendant, CHET EPPERSON, prays

this Court for entry of an order affirming the Board's discharge of the plaintiff, TONYA Y.

BEETS.

Dated:  January 31, 2008            CHET EPPERSON, Defendant

                                    By CITY OF ROCKFORD DEPARTMENT OF LAW

                                    By: _John P. Giliberti_____
                                         John P. Giliberti, City Attorney


JOHN P. GILIBERTI, City Attorney
City of Rockford Department of Law, #1111
425 East State Street
Rockford, IL  61104
815-987-5540

13

**PROOF OF SERVICE**

John P. Giliberti, being first duly sworn on oath deposes and says that he mailed a copy of the attached Defendant Chet Epperson's Answer to Complaint for Administrative Review to the following:

Attorney Gary S. Reese  
Reese & Reese  
979 North Main Street  
Rockford, IL  61103

Attorney Brendan A. Maher  
WilliamsMcCarthy LLP  
120 West State Street, Suite 400  
P.O. Box 219  
Rockford, IL  61105-0219

That he sealed said envelopes and placed sufficient U.S. postage on them; that he deposited said envelopes so sealed and stamped in the United States Mail at Rockford, Illinois, at or about the hour of 5:00 p.m. on the 31st day of January, 2008.

JOHN P. GILIBERTI

SUBSCRIBED and SWORN to before me  
this 31st day of January, 2008.

Notary Public

OFFICIAL SEAL  
LUANNE J. PFEIFER  
NOTARY PUBLIC, STATE OF ILLINOIS  
MY COMMISSION EXPIRES 4-11-2008

John P. Giliberti (#1111)  
City of Rockford Department of Law  
425 East State Street  
Rockford, Illinois 61104  
815-987-5540

13

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**WINNEBAGO COUNTY, ILLINOIS**

|  |  |  |
|---|---|---|
| TONYA Y. BEETS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 2008 MR 002 |
| | ) | |
| CHET EPPERSON, as Chief of Police | ) | |
| for the City of Rockford, and the CITY OF | ) | |
| ROCKFORD BOARD OF FIRE AND POLICE | ) | |
| COMMISSIONERS, | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANT CHET EPPERSON'S MOTION FOR SUBSTITUTION OF JUDGE**

NOW COMES the Defendant, CHET EPPERSON, as Chief of Police for the City of

Rockford ("EPPERSON"), by and through his attorneys, the CITY OF ROCKFORD

DEPARTMENT OF LAW, Patrick W. Hayes, Legal Director, and John P. Giliberti, City

Attorney, pursuant to 735 ILCS 5/2-1001(a)(2)(i) and moves this Honorable Court for

substitution of judge, as a matter of right, from Judge Ronald L. Pirrello to another judge. In

support of Epperson's Motion for Substitution of Judge, Epperson states as follows:

      1.      Pursuant to 735 ILCS 5/2-1001(a)(2)(i) each party is entitled to one

substitution of judge without cause as a matter of right.

      2.      Defendant, Epperson has not made any motion, prior hereto, for substitution

of judge.

      3.      Judge Ronald L. Pirrello has not ruled on any substantial issue in the

above captioned case.

1

WHEREFORE, for all the foregoing reasons, defendant, CHET EPPERSON, respectfully requests a substitution of judge and that the above captioned case be assigned to another judge.

Dated:  January 31, 2008                CHET EPPERRSON, Defendant

                                        By CITY OF ROCKFORD DEPARTMENT OF LAW

                                        By: _John P. Gilberti_____
                                            John P. Giliberti, City Attorney

John P. Giliberti (#1111)
City of Rockford Department of Law
425 East State Street
Rockford, IL  61104
(815) 987-5540

## PROOF OF SERVICE

John P. Giliberti, being first duly sworn on oath deposes and says that he mailed a copy of the attached Defendant Chet Epperson's Motion for Substitution of Judge to the following:

Attorney Gary S. Reese                      Attorney Brendan A. Maher
Reese & Reese                               WilliamsMcCarthy LLP
979 North Main Street                       120 West State Street, Suite 400
Rockford, IL  61103                         P.O. Box 219
                                            Rockford, IL  61105-0219

That he sealed said envelopes and placed sufficient U.S. postage on them; that he deposited said envelopes so sealed and stamped in the United States Mail at Rockford, Illinois, at or about the hour of 5:00 p.m. on the 31st day of January, 2008.

JOHN P. GILIBERTI

SUBSCRIBED and SWORN to before me
this 31st day of January, 2008.

Notary Public

OFFICIAL SEAL
LUANNE J. PFEIFER
NOTARY PUBLIC, STATE OF ILLINOIS
MY COMMISSION EXPIRES 4-11-2008

John P. Giliberti (#1111)
City of Rockford Department of Law
425 East State Street
Rockford, Illinois 61104
815-987-5540

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

Date: 2/7/8

*Thomas A. Klein*
Clerk of the Circuit Court
By _____ Deputy
Winnebago County IL

TONYA Y. BEETS,                          )
                                         )
                Plaintiff,               )       NO. 08 MR 2
                                         )
        vs.                              )
                                         )       **NOTICE**
CHET EPPERSON, as Chief of Police for    )
the City of Rockford, and the CITY OF    )
ROCKFORD  BOARD  OF  FIRE  AND           )
POLICE COMMISSIONERS,                    )
                                         )
                Defendants.              )

TO:    Attorney Gary S. Reese                  Attorney John P. Giliberti
       Reese & Reese                           City of Rockford Legal Department
       979 North Main Street                   425 East State Street
       Rockford, IL  61103                     Rockford, IL  61104


        YOU ARE HEREBY notified that on the **13th** day of **February, 2008, at 9:00 o'clock A.M.**, or soon thereafter as Counsel may be heard, I shall appear before his Honor, Judge Ronald Pirrello presiding, in the room usually occupied by him as a Court Room, or in his absence, before any other Judge that may be presiding in said Court Room, in the Court House in Winnebago County at Rockford, Illinois, and then and there:  **Present Motion for Extension of Time.**

At which time and place you may appear, if you so desire.

Dated:  February 7, 2008.


                                        WILLIAMSMcCARTHY LLP

                                        By _____

Brendan A. Maher (#4819)
WILLIAMSMcCARTHY LLP (#450)
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL  61105-0219
815-987-8900

STATE OF ILLINOIS        )
                               ) SS.
COUNTY OF WINNEBAGO    )

        Diane K. Griffey, being first duly sworn on oath, deposes and says that she served the within notice upon the within named

Attorney Gary S. Reese
Reese & Reese
979 North Main Street
Rockford, IL  61103

Attorney John P. Giliberti
City of Rockford Legal Department
425 East State Street
Rockford, IL  61104

by placing a true and correct copy of said notice in an envelope, each addressed as is shown above.

        That she sealed said envelopes and placed sufficient U.S. postage on each; that she deposited said envelopes so sealed and stamped in the United States Mail at Rockford, Illinois, at or about the hour 5:00 o'clock P.M. on February 7, 2008.

*Diane K. Griffey*

Subscribed and sworn to before
me on February 7th, 2008.

*Barbara J. Lloyd*
Notary Public

"OFFICIAL SEAL"
BARBARA J. LLOYD
Notary Public, State of Illinois
My Commission Expires 11/19/2008

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

FILED

Date: 2/7/8

_Thomas A. Klein_
Clerk of the Circuit Court
By_____ Deputy
Winnebago County, IL

TONYA Y. BEETS,                          )
                                         )
            Plaintiff,                   )     NO. 08 MR 2
                                         )
      vs.                                )
                                         )     **MOTION FOR**
CHET EPPERSON, as Chief of Police for    )     **EXTENSION OF TIME**
the City of Rockford, and the CITY OF    )
ROCKFORD BOARD OF FIRE AND               )
POLICE COMMISSIONERS,                    )
                                         )
            Defendants.                  )

        NOW COMES the defendant, the CITY OF ROCKFORD BOARD OF FIRE AND

POLICE COMMISSIONERS, by its Attorneys, WILLIAMSMCCARTHY LLP, by Brendan A. Maher,

and moves this Court for an extension of time within which to file its Answer and Certified

Reduced Record of Proceedings for the following reasons:

        1.      As of the date of filing of this motion, the undersigned has not received the

transcript of the December 1, 2007 hearing of the Rockford Board of Fire & Police

Commissioners from the court reporter.  Said transcript is needed to be part of the Certified

Reduced Record of Proceedings.

        2.      The purpose of this motion is not for harassment or delay, and will result

in no prejudice to any party.

        WHEREFORE, the defendant, the CITY OF ROCKFORD BOARD OF FIRE AND

POLICE COMMISSIONERS, prays that the Court grant it an additional 14 days, or until February

21, 2008 within which to file its Answer and Certified Reduced Record of Proceedings in this

matter.

CITY OF ROCKFORD BOARD OF FIRE AND
POLICE COMMISSIONERS, One of the Defendants
By: WILLIAMSMCCARTHY LLP, Its Attorneys

By: _____
Brendan A. Maher

## PROOF OF SERVICE

The undersigned hereby certifies that at 5:00 o'clock p.m. on February 7, 2008

at 120 West State Street, Suite 400, Rockford, Illinois, he mailed a copy of the foregoing instrument

to the following with postage fully prepaid:

Attorney Gary S. Reese
Reese & Reese
979 North Main Street
Rockford, IL  61103

Attorney John P. Giliberti
City of Rockford Legal Department
425 East State Street
Rockford, IL  61104

Brendan A. Maher (#4819)
WILLIAMSMCCARTHY LLP (#450)
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL  61105-0219
815-987-8900

Motion.Extend.wpd(dg)　　　　　　2

# STATE OF ILLINOIS

## CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT

### WINNEBAGO COUNTY

Tonya Y. Beets                                     )
                                                   )
                                                   )
                                                   )
        – VS –                                     )
                                                   )
CHET EPPERSON and the                              )
CITY OF ROCKFORD BOARD OF                          )
FIRE AND POLICE COMMISSIONERS                      )

FILE STAMP

F I L E D

Date: 2, 13, 08

Thomas A. Klein
Clerk of the Circuit Court

By_____ Deputy
Winnebago County, IL

Case No. 2008 MR 002

## ORDER

The Court, after being fully advised of the premises, hears and grants Defendant CHET EPPERSON'S MOTION for Substitution of Judge.   Assigned to Judge Prochaska: instater

Dated: 2/13/08

This Order prepared by City Attorney J. Giliberti

_____
JUDGE

**STATE OF ILLINOIS**

**CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT**

**WINNEBAGO COUNTY**

BEETS, TONYA )
)
)
)
– VS – )
EPPERSON, CHET, ET AL. )
)
)

FILE STAMP

FILED

Date: 2/13/08

Thomas A. Klein
Clerk of the Circuit Court
By ____ Deputy
Winnebago County, IL

Case No. 08 MR 2

## ORDER

This matter comes before the court on Defendant, City of Rockford Board of Fire and Police Commissioners', Motion for Extension of Time, all parties represented by counsel, the court being fully informed;

It is ordered that:

① Defendant's motion is granted and the City of Rockford Board of Fire and Police Commissioners is given until **FEB 28, 2008** in which to file its answer and certified record of proceedings.

② The matter is set for status **March 19, 2008** at 9:00 a.m.

Dated: 2/13/08

_____
JUDGE

Prepared by Kyle Pankratz, #7303, for Fire + Police Commissioners.

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

TONYA Y. BEETS, )
)
Plaintiff, )  NO. 08 MR 2
)
vs. )
)
CHET EPPERSON, as Chief of Police for )
the City of Rockford, and the CITY OF )
ROCKFORD BOARD OF FIRE AND )
POLICE COMMISSIONERS, )
)
Defendants. )

**FILED**

Date: FEB 2 9 2008

*Thomas A. Klein*
Clerk of the Circuit Court

By_____Deputy
Winnebago County, IL

## ANSWER OF ROCKFORD BOARD OF
## FIRE AND POLICE COMMISSIONERS
## (CERTIFIED REDUCED RECORD OF PROCEEDINGS)

Pursuant to Sections 3-106 and 3-108(b) of the Illinois Administrative Review Act,

the Board of Fire and Police Commissioners of the City of Rockford, Illinois (the "Board"), hereby

submits as its Answer the reduced record of the proceedings under review in this matter, which

consists of the original or true and correct copies of the following items:

### I. Pleadings

| Date | Item |
|------|------|
| 08 08 07 | Complaint (original) |
| 08 21 07 | Notice of Full Disciplinary Hearing (original) |
| 09 06 07 | Amended Complaint (original) |
| 12 01 07 | Findings and Order (original) |

### II. Parties' Exhibits

| | |
|---|---|
| Chief Epperson's Exhibits | (1-17) |
| Tonya Beets' Exhibits | (1, 2, 4; 1998-2007) |

### III.  Transcripts of Proceedings in Open Session

Date        Item

11 05 07    Transcript (Disciplinary hearing) (certified original)
12 01 07    Transcript (Disciplinary hearing) (certified original)


### IV.  Transcript of Proceeding in Closed Session
### (Filed Under Seal)

Date        Item

11 06 07    Transcript (Disciplinary hearing) (certified original)


### CERTIFICATION OF RECORD

I, Brendan A. Maher, hereby state under oath that I am the Secretary of the Board of Fire and Police Commissioners of the City of Rockford, Illinois, that I am authorized to prepare the record in this matter and to sign this Certification.  Other than correspondence between and among counsel and the Secretary regarding administrative issues, and subpoenas, in all other respects, the foregoing items constitute the official record of the proceedings under review in this matter.


CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS, One of the Defendants,

By:  WILLIAMSMCCARTHY LLP, Its Attorneys

By: _____
        Brendan A. Maher

Answer.wpd(dg)                    2

<u>PROOF OF SERVICE</u>

The undersigned hereby certifies that at 5:00 o'clock p.m. on February 29 , 2008 at 120 West State Street, Suite 400, Rockford, Illinois, he mailed a copy of the foregoing instrument to the following with postage fully prepaid:

Attorney Gary S. Reese
Reese & Reese
979 North Main Street
Rockford, IL  61103

Attorney John P. Giliberti
City of Rockford Legal Department
425 East State Street
Rockford, IL  61104

Brendan A. Maher (#4819)
WILLIAMSMCCARTHY LLP (#450)
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL  61105-0219
815-987-8900

Answer.wpd(dg)                    3

## STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## WINNEBAGO COUNTY, ILLINOIS

FILED 3 14 08
Clerk of the Circuit Court
By_____
Winnebago County

TONYA Y. BEETS,                          )
                                         )
              Plaintiff,                  )
                                         )
vs.                                      )        No.  2008 MR 002
                                         )
CHET EPPERSON, as Chief of Police        )
for the City of Rockford, and the CITY OF )
ROCKFORD BOARD OF FIRE AND POLICE        )
COMMISSIONERS,                           )
                                         )
              Defendants.                 )

### NOTICE

To:   Attorney Gary S. Reese          Attorney Brendan A. Maher
      Reese & Reese                   WilliamsMcCarthy LLP
      979 North Main Street           120 West State Street, Suite 400
      Rockford, IL  61103             P.O. Box 219
                                      Rockford, IL  61105-0219

**YOU ARE HEREBY NOTIFIED** that on the **19th day of March, 2008 at 9:00 A.M.** or as soon thereafter as Counsel may be heard, I shall appear before Judge J. Edward Prochaska in Court Room 426, or in his absence, before any other Judge that may be presiding in said Court Room in the Court House at 400 West State Street, Winnebago County, Rockford, Illinois, and appear on a **MOTION FOR PROTECTIVE ORDER,** at which time and place you may appear if so desired.

Dated:  March 13, 2008

                        CITY OF ROCKFORD DEPARTMENT OF LAW

                        By:_____
                              John P. Giliberti, City Attorney

**STATE OF ILLINOIS**                    )
                                         ) SS
**COUNTY OF WINNEBAGO**                  )

     The undersigned, being first duly sworn on oath, deposes and states that I served the above and foregoing Notice upon the above-named by placing a true and correct copy thereof and a copy of the Notice in an envelope addressed as aforesaid and placing the same in the U.S. Mail, postage prepaid on the 13th day of March, 2008, before the hour of 5:00 p.m. at Rockford, Illinois.

*John P. Gilibert*

Subscribed and sworn to before
me this 13th day of March, 2008.

*M P Bradley*
_____
Notary Public

```
"OFFICIAL SEAL"
MARY PAT BRADLEY
Notary Public, State of Illinois
My Commission Expires  02/26/09
```

City of Rockford Department of Law
425 East State Street
Rockford, Illinois  61104
(815) 987-5540