STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

TONYA Y. BEETS,                          )
                                         )
                    Plaintiff,           )
                                         )
vs.                                      )        No.  2008 MR 002
                                         )
CHET EPPERSON, as Chief of Police        )
for the City of Rockford, and the CITY OF )
ROCKFORD BOARD OF FIRE AND POLICE        )
COMMISSIONERS,                           )
                                         )
                    Defendants.          )

## DEFENDANT CHET EPPERSON'S MOTION FOR A PROTECTIVE ORDER PROHIBITING DISCOVERY OUTSIDE THE ADMINISTRATIVE RECORD

NOW COMES the Defendant, CHET EPPERSON, ("Epperson") as Chief of Police for

the City of Rockford, by and through his attorneys, City of Rockford Department of Law, Patrick

W. Hayes, Legal Director, and John P. Giliberti, City Attorney, and moves this honorable court

for a protective order pursuant to Illinois Supreme Court Rule 201(c)(1), prohibiting discovery

outside of the administrative record, and in support thereof, states the following:

1.      On January 2, 2008, Plaintiff filed a Complaint For Administrative Review

("Complaint") against Defendant City of Rockford Board of Fire and Police Commissioners

"(Board") and Epperson seeking administrative review of the Board's findings of fact that there

was cause for the discharge of Plaintiff's employment.

2.      In her Complaint, Plaintiff "demands" the Chief and the Board produce at the

time of filing their answers several documents not included in the Board's entire record of

proceedings under review.  (See Paragraph 32 (a) through (n) of the Complaint, attached hereto

as Exhibit A.)

3.     Pursuant to the Administrative Review Law, 735 ILCS 5/3-108, the administrative agency (the Board in this case) "shall file an answer which shall consist of the original or certified copy of the entire record of proceedings under review, including such evidence as may be been heard by it and the findings and decisions made by it."

4.     When reviewing the decision of an administrative agency, the court is limited by the Administrative Review Law to reviewing the record which was before the agency and may not consider "new or additional evidence in support of or in opposition to any finding, order, determination or decision of the administrative agency." *Comito v. Police Board of the City of Chicago*, 317 Ill.App.3d 677, 692 (1st Dist. 2000) citing the Administrative Review Law's scope of review, 735 ILCS 5/3-110.

5.     Allowing discovery of matters not included in the administrative record is improper as it violates the rule prohibiting the court from considering new or additional evidence in an action to review the decision of an administrative agency. *Comito*, 317 Ill.App.3d at 692-693.

WHEREFORE the Defendant, CHET EPPERSON, respectfully requests this Court grant his Motion for a Protective Order prohibiting the Plaintiff from discovery of any materials outside of the Board's administrative record including, but not limited to, such materials requested by the Plaintiff in Paragraph 32 (a) through (n) of her Complaint.


Dated:  March 13, 2008          CHET EPPERSON, Defendant

                                By CITY OF ROCKFORD DEPARTMENT OF LAW

                                By: _____
                                    John P. Giliberti, City Attorney


2

JOHN P. GILIBERTI, City Attorney
City of Rockford Department of Law, #1111
425 East State Street
Rockford, IL  61104
815-987-5540

32.    Plaintiff demands that the defendants' that is the Chief as well as the Board produce at the time of filing an answer herein with the following:

a.    All pleadings including all notices and responses, motions, and rulings;

b.    Transcripts of the hearing on November 5, 2007 and the transcript of the deliberations on November 6, 2007 and any subsequent transcriptions of any meetings or deliberations on the part of the Board in connection with this case.

c.    A complete copy of the record and any evidence received including exhibits;

d.    A statement of any matter sufficiently noticed;

e.    Any offers of proof, objections and rulings there on;

f.    All staff memorandum or data submitted to the hearing examiner or members of the agency in connection with their consideration of the case including any internal memorandums, notes, or discussion by any of the members of the Rockford Police Department concerning this matter including e-mail, memorandums, telephone conversations, and the means of calculating the time elements contained in the exhibits presented by the defendant;

g.    Any public pronouncements by the defendants to the media during the period of this hearing, shortly before, or thereafter, which comments or discussions were made a matter of media publication in the newspaper.

h.    Any internal memorandum, e-mail, memorandums of telephone conversations, or communications of any kind whatsoever by the members of the Board concerning this case.

8

**EXHIBIT**

A

i.    Any agreed settlement with any other police officer who had a dispute concerning absenteeism in a copy of the report and any communication on that issue to the Board which is required by Law.

j.    All memorandum, discussions, and settlements reached with Officer Robert Cole and any report in that connection which was furnished to the Board and any similar communications concerning other officers which were made to the Board, as well as any internal memorandum or record by the Board concerning that issue.

k.    The entire current collective bargaining agreement (CBA) between the City and the Union.

l.    The provisions pertaining to "sick leave" of every CBA entered into between the City and Union from 1972 until the current date.

m.    Copies of any previous decisions made by the Board pertaining to "Sick Leave." If there have been no such decisions, then please provide an affidavit to that effect.

n.    A complete copy of the "Rules and Regulations of the Rockford Police Department."

WHEREFORE plaintiff prays for an order of this court finding as follows:

1.    That the CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS had no jurisdiction to write policy inconsistent with the agreement (CBA) between the City and the Union and that the decision to terminate plaintiff, TONYA Y. BEETS, was null and void and is reversed.

2.    That the CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONER'S decision was contrary to law and is reversed.

# PROOF OF SERVICE

John P. Giliberti, being first duly sworn on oath deposes and says that he mailed a copy of the attached Defendant Chet Epperson's Motion For a Protective Order Prohibiting Discovery Outside the Administrative Record to the following:

| | |
|---|---|
| Attorney Gary S. Reese | Attorney Brendan A. Maher |
| Reese & Reese | WilliamsMcCarthy LLP |
| 979 North Main Street | 120 West State Street, Suite 400 |
| Rockford, IL  61103 | P.O. Box 219 |
| | Rockford, IL  61105-0219 |

That he sealed said envelopes and placed sufficient U.S. postage on them; that he deposited said envelopes so sealed and stamped in the United States Mail at Rockford, Illinois, at or about the hour of 5:00 p.m. on the 13th day of March, 2008.

_____
JOHN P. GILIBERTI

SUBSCRIBED and SWORN to before me
this 13th day of March, 2008.

_____
Notary Public

"OFFICIAL SEAL"
MARY  PAT  BRADLEY
Notary Public, State of Illinois
My Commission Expires  02/26/09

John P. Giliberti (#1111)
City of Rockford Department of Law
425 East State Street
Rockford, Illinois 61104
815-987-5540

.-47 on
9:00 A.M Call

**STATE OF ILLINOIS**                                    CC-75

**CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT**

**WINNEBAGO COUNTY**

FILED
Date: 3, 19, 08
Thomas A. Klein
Clerk of the Circuit Court
By _____ Deputy
Winnebago County, IL

Tonya Beets                              )
                                         )
_____                  )
                                         )
        -vs-                             )    Case No. 2008 MR002
                                         )
Chet Epperson and City of                )
Rockford Board of Fire and Police        )
Commissioners                            )

## ORDER

The Court, without objection by the Plaintiff, after being
fully advised of the premises, hears and grants the
Defendant, Chet Epperson's Motion For A Protective Order
Prohibiting Discovery Outside the Administrative Record.
Case remains set for Case Management Conference
on April 3, 2008 at 9:00 A.M

Dated: March 19, 2008

This Order Prepared by:
City Attorney John Giliberti

_____
J U D G E

CC-75

#41 @ 9:00

**STATE OF ILLINOIS**

**CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT**

**WINNEBAGO COUNTY**



BEETS　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　　– VS –　　　　　　　)
EPPERSON and　　　　　　　　　　)
BOARD of FIRE & POLICE COMM'RS )

Case No. 08-MR-02

## ORDER

this matter comes before the Court for initial Case Management Conference regarding Plaintiff's petition for administrative review of the City of Rockford Board of Fire and Police Commissioners' Order terminating Plaintiff's employment as a Rockford police officer.

All parties have appeared by counsel and the Court has been advised that the administrative record has been filed by the Board. It is hereby ordered as follows:

① Plaintiff may file a motion to unseal records within 30 days.

② ~~xxxxxxxxx~~ Case is set for status and entry of briefing schedule on 5/7/08 at 9:00 AM

Dated: 04/03/2008

Brendan A. Maher (4819) for BFPC

John P. Gilbert for Chief Epperson

_____
JUDGE

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT FOR THE 17ᵀᴴ JUDICIAL CIRCUIT**
**WINNEBAGO COUNTY, ILLINOIS**

FILED

Date: 4/24/08

_Thomas A. Klein_
Clerk of the Circuit Court
Winnebago County, IL
_____ Deputy

| | |
|---|---|
| TONYA Y. BEETS, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 08-MR-2 |
| CHET EPPERSON, as Chief of Police for the | ) |
| City of Rockford, and the CITY OF ROCKFORD | ) |
| BOARD OF FIRE AND POLICE | ) |
| COMMISSIONERS, | ) |
| Defendant. | ) |

TO:  Attorney Brendan A. Maher      Attorney John P. Giliberti
     WilliamsMcCarthy LLC           City of Rockford Legal Dept.
     P. O. Box 219                  425 East State Street
     Rockford, IL  61105            Rockford, IL  61104

YOU ARE HEREBY NOTIFIED, that on the 7th day of May, 2008, at the hour of 9:00 o'clock a.m., or as soon thereafter as Counsel may be heard, I shall appear before his Honor, Judge Prochaska in the room usually occupied by him as a court room, or in his absence, before any other Judge that may be presiding in said court room, in the Court House in Winnebago County at Rockford, Illinois, and then and there:

***MOTION TO PRODUCE***, a copy of which is attached hereto and made a part hereof. At which time and place you may appear, if you so desire.

Dated: April 24, 2008                    _____

NAME:           Gary S. Reese #369; Bernard P. Reese, #3464; Todd S. Reese #7120
ATTORNEY FOR:   Plaintiff
ADDRESS:        979 N. Main
CITY:           Rockford, IL 61103
TELEPHONE:      815/968-8851

<u>PROOF OF SERVICE</u>

Norma E. Ford, a non-attorney, on oath states she served this Notice by mailing a copy to the above-named person at their respective addresses and deposited same in the U.S. Mail at Rockford, Illinois at 5:00 p.m. on April 24, 2008 with proper postage prepaid. _Norma E. Ford_

SUBSCRIBED AND SWORN to before me
on April 24, 2008.
_Elizabeth C. Gaines_
Notary Public

┌─────────────────────────────────┐
│      "OFFICIAL SEAL"             │
│    ELIZABETH C. GAINES           │
│  Notary Public, State of Illinois│
│  My Commission Expires  09/28/11 │
└─────────────────────────────────┘

42786\Plead.Notice

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**COUNTY OF WINNEBAGO**

FILED

Date: 4/05/08

Clerk of the Circuit Court

By_____ Deputy

Winnebago County, IL

| | |
|---|---|
| **TONYA Y. BEETS** | ) |
| | ) |
| **Plaintiff** | ) |
| | ) |
| **vs.** | ) |
| | ) |
| **CHET EPPERSON, and the CITY OF** | ) |
| **ROCKFORD BOARD OF FIRE AND** | ) |
| **POLICE COMMISSIONERS** | ) |
| Defendants, | ) |

**NO. 08-MR-02**

## MOTION TO PRODUCE

NOW COMES the plaintiff, TONYA A. BEETS, by and through her attorneys, REESE & REESE, and for her Motion to Produce, states as

1. That plaintiff has filed a complaint under the Administrative Review Law to which the defendant has responded by producing the record with the exception of the closed hearing of November 6, 2007.

2. Plaintiff has demanded of the defendant the production of the transcript of that hearing which defendant has refused on the basis that it is protected under the provisions of the Open Meetings Act.

3. In connection with this motion to produce, it is pointed out that Attorney Brendan Maher of the law firm of WilliamsMcCarthy, LLC is the Secretary for the defendant, City of Rockford Board of Fire and Police Commissioners. As the Secretary, he was also the hearing officer at the hearing of the plaintiff before the Board ruling on the admission of evidence, issues such as plaintiff's motion for a directed verdict, objections to evidence, etc. which were all made during the trial. As a consequence, Attorney Maher was acting in the capacity of a Judge.

4. In the capacity of both Judge, Legal Counsel, and Secretary to the Board, Attorney Maher was in the closed session of the Board on November 5, 2007 when it was determining whether or not to grant plaintiff's motion for directed verdict, and based upon the legal counsel that Attorney Maher gave the Board on that issue, the Board denied plaintiff's motion for directed verdict.

5. Following the trial, Attorney Maher participated in the closed session of the Board on November 6, 2007, which transcript the plaintiff is seeking by this motion, and participated without the presence of plaintiff's counsel in determining issues raised by the pleadings and the evidence and the ultimate decision of the Board against the plaintiff.

6. On it's face, plaintiff has been denied due process by the conduct of the Board in permitting Attorney Maher, as the Secretary of the Board, to act both as its legal counsel and judge in the proceedings and his attendance and participation in the closed session at which the final determination of the Board was reached terminating the plaintiff.

7. In addition, Attorney Stephen Balogh of the law firm of WilliamsMcCarthy LLC, of which Attorney Maher is a member, read and reviewed the written decision of the Board prior to its finalization to determine whether the decision as drafted was in counsel's decision legally sufficient to sustain the Board's decision. As a matter of fact, the evidence may very well show that the decision was crafted by either Attorney Maher or someone in his law firm, possibly Attorney Steve Balogh, in such fashion and form as would be sufficient to be affirmed by a Court.

8. The plaintiff suggested when this matter was before the court that it appeared to plaintiff that there had been a violation of plaintiff's due process and equal protection rights under the Federal Constitution by the Board in the hearing and determination by the Board.   It was also suggested that the evidence may demonstrate a violation of 42 U.S.C. §1983.

That being the case, constitutional issues are not subject to Administrative Review Law. *Stykel v. Freeport* 318 111. App. 3d 839, 846-50.(2001) holds that

administrative review is not involved when dealing with constitutional issues, and indeed, the administrative agency does not even have jurisdiction to consider constitutional issues. And although the quote is somewhat lengthy the content is relevant here. The *Stykel* Court settles the issue as follows:

> The United States Supreme Court has clearly indicated that the rights under §1983 and the rights arising under state common law, although similar, are nonetheless distinct remedies. See *Munroe* v. *Pape* 365 US 167, 180 (1961).Accordingly, although the same set of facts may give rise to violation of both section 1983 and state law, the right protected are not necessarily identical nor are the criteria for each cause of action necessarily the same. {*Martin v. Duffle* 463 F. 2d 464, 467 (10th circuit 1972).)

> Our research has disclosed Illinois cases not cited by the parties that unequivocally demonstrate that causes of action for constitutional violations committed by an administrative agency are not preempted by the review law when the review law applies to the actions of an administrative agency. In *Board of Education of Rich Township High School District No. 227 v. Brown,* 311 111. App. 3d 478 (1999), residents of a school district filed for judicial review of a decision to grant the defendants' petition to detach the school district that was rendered by the Board of Trustees of the affected townships. The plaintiffs filed a complaint for administrative review, along with three additional causes of action, including two counts under section 1983 and a constitutional attack on the governing statute, *Brown,* 311 111. App. 3d at 489. The trial court affirmed the decision of the trustees granting the

detachment, but remanded the matter to the trustee's to "entertain constitutional questions." *Brown* at 482....

A constitutional claim is an original action independent of the administrative review proceeding and is therefore plenary in scope. *{Brown* at 489) Moreover, a constitutional challenge is not a review proceeding even when it questions an administrative decision that has an adjudicative component. *{Brown* at 489)

The reviewing court explained that an agency lacks the authority to question the validity of the constitutionality of a statute.

Because the constitutional issues were not properly before the trustees, the reviewing court held that the trial court had erred in remanding the matter to the agency, and remanded the matter for further proceedings. See also Mattis v. *State University's Retirement System,* 296 111. App. 3d 675 (1998)....

The issues of whether the plaintiffs' civil rights were violated could not have been before the Board and, therefore, cannot be the subject of administrative review. Moreover, to hold otherwise would frustrate the very purpose behind the enactment of section 1983. Indeed it is clear from *Brown* and *Mattis* the Illinois courts reviewing administrative decisions recognize that federal constitutional issues are not preempted by the review law. (Citation omitted) (Emphasis supplied)

9. Plaintiff alleges that since the defendant's lawyer before the bench in this case has been present at the closed session and knows all of the evidence that was discussed and how it was treated, not only that he is operating before the court in a dual capacity but has access to evidence which has been withheld to the plaintiff by his own action, is that in itself constitutes a violation of due process and plaintiff should be entitled to that transcript of the closed session.

10. Finally, when constitutional issues are involved, plaintiff is entitled to the transcript of the closed session.

Wherefore plaintiff, TONYA Y BEETS, prays for an order of this Court requiring the defendant to produce the transcript of the closed session.

TONYA Y. BEETS, Plaintiff

BY:   REESE & REESE
Her Attorneys

BY: _____
One of Them

Gary S. Reese, #369
Bernard P. Reese, Jr. #3464
Todd S. Reese, #7120
Reese & Reese
979 North Main Street
Rockford, IL   61103
815/968-8851

42786\plead.motion.produce

IN THE 17TH JUDICIAL CIRCUIT
STATE OF ILLINOIS
COUNTY OF WINNEBAGO

#47 @ 9:00 AM
05/07/08

SCANNED ON

Tonya Beets ,                    )
_____        )
                    Plaintiff(s),)
                                 )
vs.                              )    Case Number: 08-MR-02
                                 )
Chet Epperson and ,              )
Rockford Board of Fire & Police Comm'rs )    FILED
                    Defendant(s).)
                                 )    Date: 5/7/08

                                      _Thomas A. Klein_
                                      Clerk of the Circuit Court
                                 By _____ Deputy
                                      Winnebago County, IL

**BRIEF SCHEDULING ORDER**

Courtesy copies of ALL documents identified in (1) through (7) below shall be forwarded to
Judge Prochaska _____ in accordance with the schedule set forth below.

1. Challenged Pleading(s) or Discovery Response(s) subject to the Motion: Documents filed under seal.

2. Type of Motion: Plaintiff's "Motion to Produce".

3. Moving Party or Parties: Plaintiff

4. Resisting Party or Parties: Defendants

5. Motion and Memorandum in Support and cited Authorities
   AND Challenged Pleading or Discovery Responses Due: On file

6. Response and Memorandum Resisting Motion
   and cited Authorities Due: 05/28/2008

7. Reply and Memorandum
   and cited Authorities Due: 06/18/2008

8. ORAL ARGUMENT DATE: 6/27/08 @ 9:00 AM

9. DECISION DATE: _____

AMENDMENTS TO THE ABOVE SCHEDULE ARE TO BE MADE BY AGREED ORDER
ENTERED BY THE COURT.

Enter: 05/07/2008
        Date
        BAM- for BFPC

_____
        Judge

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**COUNTY OF WINNEBAGO**

FILED
Date: 5/28/08

Clerk of the Circuit Court
By _____ Deputy
Winnebago County, IL

| | |
|---|---|
| TONYA Y. BEETS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) NO. 2008 MR 002 |
| | ) |
| CHET EPPERSON, as Chief of Police | ) |
| for the City of Rockford, and the CITY OF | ) |
| ROCKFORD BOARD OF FIRE AND POLICE | ) |
| COMMISSIONERS, | ) |
| | ) |
| Defendants. | ) |

## DEFENDANT CHET EPPERSON'S RESPONSE TO PLAINTIFF'S MOTION TO PRODUCE

NOW COMES the Defendant, CHET EPPERSON, ("Epperson") as Chief of Police for the City of Rockford ("City"), by and through his attorneys, City of Rockford Department of Law, Patrick W. Hayes, Legal Director, and John P. Giliberti, City Attorney, and for his Response to Plaintiff's Motion to Produce, states the following:

## BACKGROUND

1.    On November 5, 2007, an evidentiary disciplinary hearing was held in open session by a public body, the Defendant, City of Rockford Board of Fire and Police Commissioners ("Board"), on a written complaint filed against the Plaintiff by Epperson.

2.    On November 6, 2007, the Board held a closed session meeting to deliberate on the evidence presented during the disciplinary hearing.

3.    A verbatim record in the form of a transcript was made of the Board's November 6, 2007, closed session meeting.

4.     After reviewing the evidence, the Board, on December 1, 2007, issued and made public its written 20 page Findings and Order, setting forth its determinative reasoning in terminating the Plaintiff from her position as a City police officer.

5.     On or about January 2, 2008, the Plaintiff filed an action in administrative review appealing her discharge.

6.     In its Answer, the Board filed under seal the transcript of the Board's November 6, 2007 closed session meeting.

7.     On or about April 24, 2008, the Plaintiff filed a Motion to Produce the transcript of the closed session.

## THE OPEN MEETINGS ACT

8.     Section 120/2.06(e) of the Illinois Open Meetings Act ("the Act") expressly provides that "unless the public body has made a determination that the verbatim record no longer requires confidential treatment or otherwise consents to disclosure, the verbatim record of a meeting closed to the public shall not be open for public inspection or *subject to discovery in any* administrative or *judicial proceeding* other than one brought to enforce this Act."  5 ILCS 120/2.06(e) (emphasis added).

9.     Further, Section 120/2(c)(4) of the Act provides that a public body may hold a closed meeting to consider "evidence or testimony presented in open hearing…provided that the body prepares and makes available for public inspection a written decision setting forth its determinative reasoning."  5 ILCS 120/2(c)(4).

## THE ACT'S CLEAR LANGUAGE PREVENTS DISCLOSURE

10.    The Board's deliberations in closed session fall within exceptions listed in Sections 120/2.06(e) and 120/2(c)(4) of the Act.

11.    Within the exception of Section 120/2.06(e), the Board has not made a determination that the verbatim record of the closed session transcript no longer requires confidential treatment or otherwise consents to disclosure.

12.    Within the exception of Section 120/2.06(e), Plaintiff's case in administrative review is not related to the enforcement of the Act itself.

13.    Within the exception of Section 120/2(c)(4), the Board has prepared and made available for public inspection a written decision setting forth its determinative reasoning.

14.    The clear language of Sections 120/2.06(e) and 120/2(c)(4) of the Act protects the transcript Plaintiff seeks from disclosure.

WHEREFORE, Defendant, CHET EPPERSON, respectfully requests that Plaintiff's Motion to Produce be denied.


Dated:  May 28, 2008


Respectfully submitted,
CHET EPPERSON, Defendant

By CITY OF ROCKFORD DEPARTMENT OF LAW

BY: _John P. Giliberti_____
John P. Giliberti, City Attorney

John P. Giliberti, City Attorney
CITY OF ROCKFORD DEPARTMENT OF LAW, #1111
425 East State Street
Rockford, Illinois 61104
815-987-5540

# PROOF OF SERVICE

John P. Giliberti, being first duly sworn on oath deposes and says that he mailed a copy of the attached Defendant Chet Epperson's Response to Plaintiff's Motion to Produce to the following:

Attorney Gary S. Reese
Reese & Reese
979 North Main Street
Rockford, IL 61103

Attorney Bernard P. Reese
Reese & Reese
979 North Main Street
Rockford, IL 61103

Attorney Todd S. Reese
Reese & Reese
979 North Main Street
Rockford, IL 61103

Attorney Brendan A. Maher
WilliamsMcCarthy LLP
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL 61105-0219

That he sealed said envelopes and placed sufficient U.S. postage on them; that he deposited said envelopes so sealed and stamped in the United States Mail at Rockford, Illinois, at or about the hour of 5:00 p.m. on the 28th day of May, 2008.

_____
JOHN P. GILIBERTI

SUBSCRIBED and SWORN to before me
this 28th day of May, 2008.

_____
Notary Public

> **"OFFICIAL SEAL"**
> MARY PAT BRADLEY
> Notary Public, State of Illinois
> My Commission Expires 02/26/09

John P. Giliberti (#1111)
City of Rockford Department of Law
425 East State Street
Rockford, Illinois 61104
815-987-5540

STATE OF ILLINOIS
IN THE CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT
COUNTY OF WINNEBAGO

**FILED**

Date: _5/30/08_

_Thomas A. Klein_
Clerk of the Circuit Court

By _____ Deputy
Winnebago County, IL

| | |
|---|---|
| TONYA Y. BEETS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) |
| CHET EPPERSON, as Chief of Police for the City of Rockford, and the CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS, | ) |
| | ) |
| Defendants. | ) |

NO. 08 MR 2

**BOARD'S RESPONSE TO PLAINTIFF'S MOTION TO PRODUCE CLOSED SESSION TRANSCRIPT**

Defendant, the CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS ("the Board"), by its attorneys, WILLIAMSMCCARTHY LLP, for its response to the "Motion to Produce" filed by Plaintiff, TONYA BEETS ("Beets"), states as follows:

**INTRODUCTION**

1.    On January 2, 2008, Plaintiff filed a complaint pursuant to the Illinois Administrative Review Law (735 ILCS 5/3-101, *et seq.*) seeking to overturn the Board's December 1, 2007, "Findings and Order" pursuant to which Plaintiff's employment with the Rockford Police Department was terminated.

2.    As required by Section 3-108(b) of the Administrative Review Law, the Board filed its answer to Plaintiff's complaint on February 29, 2008.  The Board's answer consisted of a certified copy of the entire record of proceedings under review, including the evidence reviewed by the Board and the findings and decisions made by it.

3.    The Board's answer included the entire transcript of the adversary proceedings held in connection with Plaintiff's administrative hearing before the Board, and further

included the transcripts of certain deliberations that the Board held in closed session on November 6, 2007, following the conduct of Plaintiff's administrative hearing.

4.    The closed session transcripts of the Board's private discussions and deliberations were filed with the court under seal and copies of those transcripts were <u>not</u> provided to either Plaintiff or to counsel for co-defendant, and the Board has refused Plaintiff's request for copies of the closed session transcript.

5.    Accordingly, regardless of whether Plaintiff or co-defendant Chet Epperson have access to the closed session transcripts, this Court will be able to review and consider those transcripts in connection with its review of the administrative record and its determination of whether the Board abused its discretion in voting to terminate Plaintiff's employment.

## ARGUMENT

6.    Plaintiff has filed a pleading entitled "Motion to Produce" which seeks an Order of this Court requiring the Board to produce the closed session transcripts to the Plaintiff and to defendant Chet Epperson.

7.    Notably, Plaintiff's motion does not make a single reference to the specific state statute which governs this situation, nor does she cite to a single case standing for the proposition that the Plaintiff in an Administrative Review proceeding is entitled to force the disclosure of an administrative body's closed session minutes.

8.    Under the Illinois Open Meetings Act (5 ILCS 120/1 *et seq.*), the Board was clearly entitled to "... hold closed meetings to consider ... Evidence or testimony presented in open hearing, or in closed hearing where specifically authorized by law, to a quasi-adjudicative body, as defined in this Act" as long as the Board "prepare[d] and ma[de] available for public inspection a

written decision setting forth its determinative reasoning." 5 ILCS 120/2(c)(4).

9.      Plaintiff's "Motion to Produce" must be denied based on the clear language of the Illinois Open Meetings Act. Specifically, Section 2.06(e) of the Open Meetings Act states:

> "Unless the public body has made a determination that the verbatim recording no longer requires confidential treatment or otherwise consents to disclosure, *the verbatim record of a meeting closed to the public shall not be* open for public inspection or *subject to discovery in any administrative or judicial proceeding* other than one brought to enforce this Act." (emphasis added).

10.     In this case, the Board prepared and made available for public inspection "a written decision setting forth its determinative reasoning" with respect to its decision to terminate Plaintiff's employment. Plaintiff has now filed a complaint for Administrative Review of the Board's written decision, and nothing her complaint indicates that she is attempting to "enforce" the Open Meetings Act.

11.     Perhaps because the language of the statute is quite clear, there are not many cases in which the disclosure of closed session transcripts have been raised as an issue. At least one Illinois appellate court has refused to require the disclosure of closed session deliberations to a news organization under the Freedom of Information Act. See *Copley Press, Inc. v. Board of Educ. for Peoria School Dist. No. 150*, 359 Ill.App.3d 321, 325 (3d Dist. 2005):

> "Thus, under the Open Meetings Act, the Board could properly meet in closed session to consider [an employee's] performance, discipline and dismissal, exactly the information contained in the requested documents. The effect of the trial court's holding [requiring disclosure under the Freedom of Information Act] would be to nullify this exception to the Open Meetings Act once the content of the closed meeting is reduced to writing. Our determination that the documents are exempt from disclosure under the FOIA construes the two statutes consistently and harmoniously."

12.    Though this is an Administrative Review case rather than an FOIA case, the principle is the same – requiring disclosure of the Board's closed session deliberations would "nullify" the exceptions to the Open Meetings Act.

13.    Finally, the Board submits that its private deliberations in connection with a disciplinary proceeding are somewhat akin to the deliberations of a jury in a civil or criminal jury trial.  With respect to jury deliberations, the law is clear that inquiries into such deliberations are not generally permitted.  See *People v. Hobley*, 182 Ill.2d 404, 457 (1998).

### CONCLUSION

14.    Accordingly, for the reasons set forth in this response, Plaintiff's "Motion to Produce" should be denied.

WHEREFORE, the defendant, the CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS, respectfully requests that this Court enter an order denying Plaintiff's request that the closed session transcript what has been filed with the Court under seal be produced to Plaintiff or to any other party in these administrative review proceedings.

CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS, One of the Defendants
By:  WILLIAMS MCCARTHY LLP, Its Attorneys

By: _____
Brendan A. Maher

<u>PROOF OF SERVICE</u>

The undersigned hereby certifies that on May 29, 2008 at 120 West State Street, Suite

400, Rockford, Illinois, he mailed a copy of the foregoing instrument to the following:

Attorney Gary S. Reese
Reese & Reese
979 North Main Street
Rockford, IL  61103

Attorney John P. Giliberti
City of Rockford Legal Department
425 East State Street
Rockford, IL  61104

Brendan A. Maher (#4819)
WILLIAMSMCCARTHY LLP (#450)
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL  61105-0219
815-987-8900

Response.Motion.Produce.wpd(dg)          5

STATE OF ILLINOIS                                          CC-75

CIRCUIT COURT OF THE 17th JUDICIAL CIRCUIT

WINNEBAGO COUNTY

BEETS                                )
                                     )
                                     )
                                     )
          – VS –                     )
EPPERSON & BOARD OF FIRE             )
& POLICE COMM'RS                     )
                                     )      Case No. 08-MR-02

**FILED**
Date: 6/27/08
_Thomas A. Klein_
Clerk of the Circuit Court
By _____ Deputy
Winnebago County, IL

## ORDER

This case comes before the Court for argument regarding Plaintiff's "Motion to Produce," all parties appearing by counsel and the court having read the parties' written submissions and having heard arguments of counsel, it is hereby ordered as follows:

① Plaintiff's "Motion to Produce" is heard and __denied__ for the reasons stated in open court.

② This case is set for STATUS on 7/23/08 at 9:00 AM Plaintiff will advise the court at that time whether an amended pleading will be filed.

Dated: 06/27/2008

By: Brendan A. Maher (4819)
John S. Gilbert (1111)

_____
JUDGE

# I. PLEADINGS

# CITY OF ROCKFORD

## BOARD OF FIRE AND POLICE COMMISSIONERS

*In Re Matter of*:                     )
                                       )
                                       )
Officer Tonya Beets                    )

### COMPLAINT

I, Chet Epperson, Chief of Police for the City of Rockford, Illinois, hereby allege the following against Officer Tonya Beets:

1.      Officer Beets is physically unfit for duty, and therefore, has a substantial shortcoming that renders her continued employment as a Rockford police officer inappropriate and against the best interests of the City and the public.


WHEREFORE, I respectfully request that a hearing be held in regard to this Complaint.


Respectfully submitted,


*Chet Epperson*

Chet Epperson
Chief of Police


SIGNED LAS
Date filed:  August 6, 2007

DATE FILED WITH THE BOARD: AUGUST 8, 2007 LAS

CITY OF ROCKFORD
BOARD OF FIRE AND POLICE COMMISSIONERS

*In Re Matter of:*                                    )
                                                      )
                                                      )
Officer Tonya Beets                                   )

### NOTICE OF FULL DISCIPLINARY HEARING

The City of Rockford Board of Fire and Police Commissioners ("Board") has scheduled a

Full Hearing in connection with the August 6, 2007, Complaint filed against Officer Tonya Beets,

which complaint was filed with the Board on August 8, 2007.

The Full Hearing will take place on **Friday, August 31, 2007, starting at 3:00 p.m. (or at**

**the conclusion of the immediately preceding hearing, whichever is later)** at the Board's office

in the Rockford Fire Department, 204 S. First Street, Rockford, Illinois.  The Full Hearing will be

conducted in accordance with Chapter 5 of the Board's Rules and Regulations and in accordance

with applicable state law.

All parties are invited to file with the Board with copies of controlling or relevant legal

authority with respect to the legal issues raised by the Complaint at or prior to the Full Hearing.

Any documents to be filed with the Board should be mailed to the Secretary at P.O. Box 219,

Rockford, Illinois, 61105-0219, or faxed to 815-968-0019 to the attention of Brendan A. Maher.

Copies should be served on all interested parties.

Respectfully submitted,

By: _____

Brendan A. Maher, Secretary,
Rockford Board of Fire and Police Commissioners

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that at 5:00 o'clock p.m. on August 21, 2007 at 120 West

State Street, Suite 400, Rockford, Illinois, he mailed a copy of the foregoing instrument to the

following with postage fully prepaid:

*Via Certified and Regular U.S. Mail*
Tonya Beets
3807 Cassandra Drive
Rockford, IL  61114

*Via Facsimile and Regular U.S. Mail*
John P. Giliberti
City Attorney
425 East State Street
Rockford, IL  61104

*Via Facsimile and Regular U.S. Mail*
Police Chief Chet Epperson
Rockford Police Department
Public Safety Building
420 West State Street
Rockford, IL  61101

*Via Facsimile and Regular U.S. Mail*
Aurelio DeLaRosa
Union President
Public Safety Building
420 West State Street
Rockford, IL  61101

Brendan A. Maher, Secretary
City of Rockford Board of Fire & Police Commissioners
120 West State Street, Suite 400
P.O. Box 219
Rockford, IL  61105-0219
815-987-8900

Notice.Hearing.Beets.wpd(dg)

# CITY OF ROCKFORD

## BOARD OF FIRE AND POLICE COMMISSIONERS

*In Re Matter of*:            )
                             )
                             )
Officer Tonya Beets         )

**AMENDED COMPLAINT**

RECEIVED

SEP - 6 2007

Williams McCarthy LLP

I, Chet Epperson, Chief of Police for the City of Rockford, Illinois, hereby allege the following Amended Complaint against Officer Tonya Beets:

1.      Officer Beets began her employment with the City of Rockford Police Department on March 24, 1997.

2.      Since at least 1997, Rockford police officers were and are currently scheduled to work 2,080 hours during a calendar year.

3.      During the calendar year of 1998, Officer Beets used 196.5 hours of sick time and did light duty work for 287.55 hours.

4.      During the calendar year of 1999, Officer Beets used 309.5 hours of sick time and did light duty work for 187 hours.

5.      During the calendar year of 2000, Officer Beets used 1,451.25 hours of sick time and did light duty work for 77.5 hours.

6.      During the calendar year of 2001, Officer Beets used 470 hours of sick time and did light duty work for 123 hours.

7.      During the calendar year of 2002, Officer Beets used 548.5 hours of sick time and did light duty work for 407.2 hours.

8.    During the calendar year of 2003, Officer Beets used 855 hours of sick time and did light duty work for 132 hours.

9.    During the calendar year of 2004, Officer Beets used 758 hours of sick time and did light duty work for 366.5 hours.

10.    During the calendar year of 2005, Officer Beets used 628 hours of sick time.

11.    During the calendar year of 2006, Officer Beets used 1405 hours of sick time.

12.    During the calendar year of 2007, through September 5, 2007, Officer Beets has used 918 hours of sick time and did light duty work for 252.5 hours.

13.    The job of a Rockford police officer includes patrolling City of Rockford streets and enforcing laws, to protect the lives and property of the citizens of Rockford and maintain order.

14.    The excessive amount of time Officer Beets has been sick and on light duty makes her unable to consistently do her job, and therefore has a substantial shortcoming that renders her continued employment as a Rockford police officer inappropriate and against the best interests of the public and the Rockford Police Department.

The actions of Officer Beets as described above constitute a violation of the following Rules and Regulations of the Rockford Police Department:

Section III, Paragraph 9:  *"Incompetency or inefficiency in the performance of any assigned duty."*

WHEREFORE, I respectfully request that a hearing be held in regard to this Amended Complaint.

Respectfully submitted,

Chet Epperson
Chief of Police

Date filed: September 6, 2007

*Issued*
*12/1/2007*
*BM*

## CITY OF ROCKFORD
## BOARD OF FIRE AND POLICE COMMISSIONERS

CITY OF ROCKFORD,                                )
                                     )
       Charging Party,     )
                                     )
   vs.                       )     Disciplinary Case No. 2007-01
                                     )
OFFICER TONYA BEETS,                      )
                                     )
       Respondent,          )

## FINDINGS AND ORDER

This matter came before the Board of Fire and Police Commissioners ("the Board") on November 5, 2007, for a hearing at an open meeting of the Board on the amended complaint filed by Police Chief Chet Epperson ("the Chief") in his capacity as the Chief of Police for the City of Rockford ("the City") against Officer Tonya Beets ("Officer Beets"). A verbatim transcript of the open hearing was taken by a Certified Court Reporter with Elite Reporting Services, Ltd. (815-229-8787). Officer Beets and the City's representative, Deputy Chief Lori Sweeney, were present at the hearing. Both parties were represented by counsel. Both Officer Beets and the City were provided the opportunity to present witnesses and other evidence in support of their respective positions.

The Board, having heard and considered all of the testimony and other evidence submitted at the hearing, having listened to and considered the arguments made by counsel, and having reconvened the November 5, 2007, meeting to deliberate in closed session on November 6, 2007 (a verbatim transcript of the closed session deliberations was taken by a Certified Court Reporter with Elite Reporting Services, Ltd. (815-229-8787)), issues the following findings and order:

## A.   INTRODUCTION

1.      There can be no doubt that this is a difficult case pitting competing interests against one another.  On the one hand, the evidence indicates that Officer Beets – by all accounts a competent police officer when she is on the job – has faced a decade of unfortunate accidents and difficult medical issues, with one injury or illness seeming to follow another in close proximity.

2.      On the other hand, the evidence also demonstrates that, whatever the reasons, Officer Beets has been absent from the job she was hired to perform, or has not been able to perform that job in a "full duty" capacity, for somewhere between 40% to 52% of the time over that same decade. An employee cannot perform her job when she does not attend work, and there was testimony at the hearing to support the conclusion that the Rockford Police Department ("the Department") has been forced to make multiple adjustments and changes to its schedule and has had to pay other employees overtime in order to cover for Officer Beets' absences over the years.

## B.   PLEADINGS AND PROCEDURAL BACKGROUND

3.      The City's original complaint was filed with the Board on August 8, 2007, and an amended complaint was filed on September 6, 2007.  By agreement of counsel for both parties, the amended complaint was further amended by an October 26, 2007, e-mail from Attorney John Giliberti (representing the City and the Department) to Attorney Timothy O'Neill (representing Officer Beets) which modified certain allegations regarding the number of hours that Officer Beets is alleged to have missed from work.

4.      The complaint against Officer Beets, as amended, alleges that Officer Beets began her employment as a Rockford police officer on March 24, 1997; that since at least 1997, Rockford police officers were and are scheduled to work 2,080 hours per calendar year; and that in each of

the years from 1998 through 2007, Officer Beets used the amounts of "sick time" and performed "light duty" work for the hours specified in the amended complaint (as modified by the October 26, 2007, e-mail message).

5.     Officer Beets, though her counsel, affirmatively waived any application of the "30 day rule" when these proceedings were originally commenced on August 31, 2007.

6.     Officer Beets did not file a written response to either the original or amended complaints, and did not file any written affirmative defenses.

7.     Between the date of filing of the original complaint and the date of the hearing, the parties engaged in discovery. No motions relating to discovery or to other issues were filed with the Board by either party on or before the date of the November 5, 2007, hearing.

8.     Though neither party submitted briefs to the Board with respect to the legal issues to be determined, the City tendered copies of the following cases at the conclusion of the hearing: *Hess v. Clarcor, Inc.*, 237 Ill.App.3d 434 (2d Dist. 1992)(even if excessive absenteeism results from compensable injury, termination is not retaliatory); *EEOC v. Yellow Freight Systems, Inc.*, 253 F.3d 943 (7th Cir. 2001)(an employee "who does not come to work cannot perform any of his job functions, essential or otherwise ... The fact is that in most cases, attendance at the job site is a basic requirement of most jobs."); *Dormeyer v. Comerica Bank-Illinois*, 223 F.3d 579, 583 (7th Cir. 2000)(pregnant employee not protected from discharge based on absenteeism even if absences are due to pregnancy or complications from pregnancy); *Nowak v. St. Rita High School*, 142 F.3d 999 (7th Cir. 1998)(teacher absent from position for more than 18 months properly discharged for excessive absenteeism); *Epps v. City of Pine Lawn*, 353 F.3d 588 (8th Cir. 2003); *In Re General Foods Corp. and Bakery, Confectionery & Tobacco Workers' International Union*, 1988 WL

188887 (FMCS Case 1988); <u>and</u> *Cavender v. DeKalb County Merit System Council*, 151 Ga.App. 108 (Ga. App. 1979).  The Board notes that none of the cases cited by the City constitutes controlling legal authority in these proceedings, and the Board has considered the cases for their persuasive value only in reaching its decision.

9.      At the conclusion of the evidentiary hearing, the Board announced that it would meet in closed session the next night, November 6, 2007, to conduct its deliberations in this matter and that it would meet in open session on December 1, 2007, to take official action on a written opinion that memorialized the Board's November 6, 2007, decision.

10.     On November 6, 2007, the Board met in closed session to deliberate and, at that time, reached its decision in this matter, subject only to the preparation of this final written order.  At that time, the Board again indicated that it would meet on December 1, 2007, to take official action on the decision it reached at the November 6, 2007, meeting.

11.     As previously indicated to the parties and to the public, December 1, 2007, was the first available date that all three Commissioners' personal and business travel and work schedules permitted them to convene again together in open session to take final and official action with respect to their November 6, 2007, decision and to formally adopt these written Findings and Order as the decision of the Board.

12.     From November 6, 2007, through and including December 1, 2007, neither party has filed any additional motions, memoranda, requests or other documents with the Board in connection with this matter.

C.  **APPLICABLE STATUTE / BURDEN OF PROOF**

13.  The Board's authority in these proceedings is granted and controlled by Section 2.1-17 of the Illinois Board of Fire & Police Commissioners Act, 65 ILCS 5/10-2.1-17. The City, having initiated these proceedings, bears the burden of proving the charges against Officer Beets by a preponderance of the evidence. *Teil v. City of Chicago*, 284 Ill.App.3d 167 (1st Dist. 1996).

14.  Where the testimony before the administrative agency is preserved for review in the record, specific findings of fact by the agency are not necessary for judicial review. *Calanca v. Board of Fire and Police Com'rs of Village of Northbrook*, 140 Ill.App.3d 408, 412 (1st Dist. 1986). The Board will nevertheless summarize its findings of fact and conclusions of law in these Findings and Order.

D.  **BOARD'S FINDINGS OF FACT**

15.  Officer Beets began her employment as a Rockford police officer on March 24, 1997.

16.  Since at least 1997, Rockford police officers were and are scheduled to work 2,080 hours per calendar year.

17.  The City introduced, without objection, a copy of the job description of a "patrol officer" with the Department. (Chief's Exhibit 3). The parties agreed that Chief's Exhibit 3 accurately sets forth at least 21 separate duties of a Rockford patrol officer. Those duties and responsibilities include, among other things, the following:

(a)  "Patrols assigned areas on foot or in a motor vehicle, observing for suspicious or criminal activity";

(b)  "Operates hand and shoulder weapons as needed...";

(c)  "Investigates and resolves problems such as family fights or other disturbances";

(d)     "Protects property of residents on vacation and searches buildings, factories and vehicles"

18.     The job description further indicates that a patrol officer is expected to engage in "moderate to heavy physical exertion such as walking, running, climbing, and fighting; performs related work as required." (Chief's Ex. 3).

19.     With respect to the specific number of hours of "sick time" and "light duty" time that Officer Beets is alleged to have used during the 1998-2007 calendar years, the Board finds that the parties' respective presentations created unnecessary confusion as to the numerical totals. Specifically, by using different terminology with respect to the numbers presented, both parties made it difficult for the Board to determine which numbers and totals were correct.

20.     For example, Chief's Exhibits 1 and 2 use the terms "sick time" and "light duty," contrasting those categories of hours with "total hours worked" in "full capacity" and excluding "FMLA hours" from the calculations on those exhibits. For the years 1998 through August 5, 2007, Chief's Exhibits 1 and 2 indicate that Officer Beets' "total hours missed due to sick time and/or light duty" amounted to 51.10% of the "annual full capacity officer work hours."

21.     By contrast, Officer Beets' Exhibits 1998 through 2007 variously utilize the terms "sick hours," "workers comp. hours," "pregnancy problems," "pregnancy complications" and "maternity leave" when totaling the number of hours that Officer Beets was absent from work in a given year, while providing specific descriptions for certain absences (*e.g.* strep throat, swollen face, stomach ulcer, pulled back muscle, pregnancy complications, kidney infection and FMLA) based on the reason(s) listed in the "unscheduled time off / comp pay request" forms that were attached to those exhibits.

22.     The Board's review of the evidence was further complicated by the introduction of Officer Beets' performance evaluations, which, in most cases, listed other and sometimes different total numbers with respect to the number of hours Officer Beets was absent from work than were contained in either the City's or Officer Beets' submissions to the Board. The Board notes, however, that Officer Beets' signature appears on each of her performance evaluations and that she does not appear to have contested any of the calculations regarding her hours missed on those evaluations.

23.     The Board has reviewed all of the evidence regarding the amount of time that Officer Beets has been absent from her job or has worked on light duty assignments and, because the City and the Department bear the burden of proof, the Board has accepted Officer Beets' numbers where the parties' numbers are in conflict. Based on its review of the evidence in the light most favorable to Officer Beets, the Board finds as follows:[1]

(a)     In 1998, Officer Beets was absent from work for a total of *at least* 243.95 of the 2,080 hours required of a full time police officer (equivalent to 30.5 eight hour work days). While at work, Officer Beets worked in a light duty capacity for *at least* an additional 287.55 hours;[2]

(b)     In 1999, Officer Beets was absent from work for a total of *at least* 312.1 of the 2,080 hours required of a full time police officer (equivalent to 39 eight hour work days). While at work, Officer

---

[1]Unless otherwise indicated, the hours Officer Beets missed from work are taken from the exhibits that Officer Beets introduced in evidence at the November 5, 2007, hearing. Specifically, Officer Beets introduced a set of exhibits labeled by year (Exhibits 1998 through 2007) which consisted of photocopies of her "sick slips" along with a summary page prepared by her counsel.

[2]Officer Beets did not introduce any evidence to contradict the number of hours listed on Chief's Exhibit 1 with respect to the number of "light duty" hours that Officer Beets worked during each of the listed years. Accordingly, in the absence of a factual dispute on this issue, the Board has accepted as true the "light duty" hours listed on Chief's Exhibit 1.