# DEPENDABILITY

Sick Leave Usage:  940.50 hours
Unexcused Absences:  0
Tardiness:  Was tardy 0 times in last 12 months.

The extent to which the individual can be counted on to be present and on time.  Answers calls promptly and properly.  Can be counted on to perform all job duties properly with minimal supervision.

☐ 1.  Frequently late or absent.  Cannot be counted on.  Requires an inordinate amount of supervision to get things done.  Does not answer calls properly or promptly.  Comments:

☒ 2.  Comments:

Officer Beets is being placed in this area of scoring for Dependabilty as she does not require an inordinate amount of supervison nor does she not answer calls properly or promptly.  However, Officer Beets has been frequently absent for various medical reasons that are not FMLA qualifying or as a result of a workmen's compensation injury.

Officer Beets does not require direct supervision and can be counted on to complete her duties appropriately.  The amount of sick leave does cause a disruption to the overall performance of the CRU.

☐ 3.  Can be counted on to show up on time.  Requires appropriate amount of supervision.  Answers calls properly and promptly.  Comments:

☐ 4.  Comments:

☐ 5.  Always shows up on time.  Requires minimal supervision.  Can always be counted on to complete all duties appropriately.  Comments:

## JOB KNOWLEDGE & TRAINING

24 hours of training in the last 12 months.

Is familiar with department policies, as well as state, federal, and local laws. Attends and utilizes relative information from training programs.

☐ 1. Frequently makes mistakes because of a lack of job knowledge. Comments:


☐ 2. Comments:

☐ 3. Usually well versed in all aspects of job knowledge. Shows application of knowledge gained from training programs. Comments:

☒ 4. Comments:

Officer Beets utilizes her training to the best of her ability. She has only attended 24 hours of training during the evaluation poeriod of March 2005 through February 2006. This was in part due to the transition from being supervised by Sgt. K. McLester to being supervised by the Day Shift supervisors.

☐ 5. Recognized and relied upon as a resource for job knowledge. Serves as a role model for fellow workers. Comments:

# APPEARANCE

Professional bearing as determined by overall neatness, personal grooming, and presentation.

☐ 1.  Poor personal hygiene.  Disregards personal appearance.  Violates department uniform standards.  Comments:

☐ 2.  Comments:

☐ 3.  Usually well-groomed and complies with department standards regarding uniform. Comments:

☐ 4.  Comments:

☒ 5.  Always well-groomed and always complies with department standards regarding uniform.  Comments:

Officer Beets exceeds this criteria for this area of evaluation on a daily basis.

# ROCKFORD POLICE

Date:  10/31/2006              **Training History List**                    Page        1
                            **From 03/01/2005 to 02/28/2006**

                        BEETS, TONYA (P.O.)   SSN: 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
                             CENTRAL REPORTING

Total Training Hours:   1224.00                    Total College Credits:     0.00

Course Title
Sponsor / Vendor                                      Course Dates    Course Costs

 1  Course Code -> 275-008-0002-001
    MISSING,RUNAWAY&ABDUCTED KIDS FOR FIRST RESPONDERS 04/11/2005    $   0.00
    NITAB 2                                            04/11/2005
    Attendance/Grade: P   Instructor:                Travel Cost:  $   0.00
    Training Hrs:     8.00    COURSE SATISFACTORILY COMPLETED

 2  Course Code -> 180-054-0002-002
    CYBER - STALKING & IDENTITY THEFT                  03/17/2005    $   0.00
    NITAB 2                                            03/18/2005
    Attendance/Grade: P   Instructor:                Travel Cost:  $   0.00
    Training Hrs:    16.00    COURSE SATISFACTORILY COMPLETED

**Training Hours:   24.00      Instructor Hours:    0.00      Training Costs: $    0.00**
**Quarter Units:    0.00       Semester Units:      0.00      Travel Costs: $    0.00**

SCANNED ON 9:00 02/29/2008

# CITY OF ROCKFORD
# POLICE DEPARTMENT





# JOB PERFORMANCE RATING
# SCALES FOR
# PATROL OFFICER

RATER NAME: 0
CANDIDATE NAME:   Beets, Tonya #232
DOA:  03-24-97

General Orders checked: _02-07-07_ ✓ ok ᴅ/₃

**CHIEF'S
EXHIBIT**

_17_

Dieletto rd⸍ 1 ⸍⸍ Ꜿ⸍⸍⸍

## PATROL OFFICER PERFORMANCE EVALUATION

NAME:   Beets, Tonya #232
RANK:  Patrol Officer
DIVISION:   CRU
DOA:   03-24-97

ATTENDANCE:
☐ Never absent ( except for vacation, compensatory time or personal days)
☒ Was absent for illness 159 days in the last 12 months.  Total sick hours used 1,272-- total regular hours scheduled 2080 = % absent for illness .61153 % (2080 hours for full-time employees working 12 months).

PUNCTUALITY:
☒ Always punctual
☐ Was tardy          times in last          months.

DISCIPLINARY ACTION:
☒ No disciplinary action taken
☐ Was disciplined          times in the last          months.
DATE:                    ACTION:
REASON:
DATE:                    ACTION:
REASON:

### RATING SUMMARY

| PERFORMANCE VARIABLE | RATING |
|---|---|
| 1. Human Relations | 4 |
| 2. Judgment | 5 |
| 3. Initiative | 4 |
| 4. Written Communication | 5 |
| 5. Verbal Communication | 5 |
| 6. Interviewing Skills | 4 |
| 7. Dependability | 1 |
| 8. Job knowledge & training | 4 |
| 9. Appearance | 5 |
| TOTAL RATING: | 37 |

SUPERVISOR COMMENTS:  Officer Beets had 1,272 hours of "non-FMLA" sick leave for the period of 02-02-06 through 01-31-07.  Her "non-FMLA" sick time has been high for the last two yearly evaluations and is an area she must take steps to improve on. Officer Beets has not worked enough hours to qualify for FMLA leave at this time.  She performs her duties well when she is working and has a good knowledge of the duties of the CRU.  She is an asset to the department when not on "non-FMLA" leave.

Employee Signature: _Tonya M Beets_          Date: _02.08.07_

Supervisor Signature: _LT. Block_          Date: _02-07-07_

# HUMAN RELATIONS

The extent to which the officer shows enthusiasm and loyalty to the job. Puts forth extra effort and does not avoid getting involved. Interacts well with others and does not project an arrogant or superior image. Works well as a team player.

☐ 1. Attitude causes disruption/friction in the department. Does just enough to get by and no more. Constantly complaining. Comments:

☐ 2. Comments:

☐ 3. Rarely questions authority. Usually puts forth the effort required for the job. Rarely causes disruption. Coordinates effort with others. Comments:

☒ 4. Comments:

Officer Beets presents herself well to the citizens that visit the Front Desk of the Public Safety Building. She interacts well with others and is capable of calming individuals when necessary.

☐ 5. Always has a positive and enthusiastic attitude. Is always loyal and promotes a positive image of the department. Always willing to take on extra work. Responds positively to constructive criticism. Comments:

# JUDGMENT

The extent to which the officer makes proper decisions based on the facts known to him or her at that time.

☐ 1.  Difficult tasks usually assigned to others because of officer's history of poor judgment.  Comments:

☐ 2.  Comments:

☐ 3.  Usually exercises sound judgment.  Displays objectivity in assessing situations. Can be assigned most tasks that require the officer to exercise sound judgment. Comments:

☐ 4.  Comments:

☒ 5.  Is known for excellent judgment.  Is given tasks that require difficult decisions. Does not make bad judgments.  Takes appropriate risks using sound judgments. Comments:

Officer Beets does exercise excellent judgment when she performs her duties.  She makes the proper decisions for the various reports that she handles in the CRU unit and contacts a supervisor when necessary.  Officer Beets knows when she can or cannot handle a sitiuation and has made the proper decisions during this period of evaluation.

# INITIATIVE

The extent to which the investigator is a self-starter and requires minimal supervision. Anticipates and takes appropriate action without being told.

☐ 1. Does just enough to get by. Must be constantly supervised to get things done. Comments:

☐ 2. Comments:

☐ 3. Takes what is assigned and adequately performs those duties. Occasionally initiates activities on his or her won. Exercises judgment in making decisions he/she has authority to do. Does not act on own behalf without permission if needed. Comments:

☒ 4. Comments:

Officer Beets performs at better than average in this area of evaluation.

☐ 5. Requires very little supervision. Always looks for more to do without being assigned. Always ready for more responsibility. Comments:

## WRITTEN COMMUNICATION

The extent to which the officer's reports are accurate, clear, concise, and legible.

☐ 1. Reports frequently returned for corrections and completion.  Comments:

☐ 2. Comments:

☐ 3. Reports are usually adequate.  Comments:

☐ 4. Comments:

☒ 5. Reports are clear, concise, accurate, and legible.  Questions are asked of supervisors if clarification is needed.  Comments:

Officer Beets obtains the proper information from complainants, victims and others when performing her duties at the Front Desk and as a CRU officer.  Her reports are clear, consise and accurate.  As the reports are now completed via the paperless system all reports are now legible.  When she has the need to fill out a report form not in the RMS system she does so in a legible manner.

SCANNED ON @:002/29/2008

## VERBAL COMMUNICATION

The extent to which the officer speaks clearly, concisely, and accurately. Listens effectively and responds appropriately.

☐ 1. Talks in a manner that is difficult to understand. Is abrasive or unprofessional. Department receives complaints from citizens, or fellow officers. Comments:

☐ 2. Comments:

☐ 3. Usually communicates adequately and in a professional manner. Comments:

☐ 4. Comments:

☒ 5. Modifies communication style to fit the situation. Communicates well in all circumstances. Comments:

Officer Beets performs well in this area of evaluation. She consistantly performs professionally and presents herself to the public in a manner that indicates the department is concerned for those seeking assistance. Officer Beets has been able to calm victims and complainants when interacting with them. She has a way of establishing a clear communication with the people she comes in contact with.

## INTERVIEWING SKILLS

The extent to which the officer is able to establish rapport with all types of individuals. Adapts interviewing techniques to extract relevant information.

☐ 1. Unable to establish rapport.  Unable to extract relevant information.  Comments:


☐ 2. Comments:

☐ 3. Usually able to establish rapport and extract relevant information.  Comments:


☐ 4. Comments:

☒ 5. Always able to establish rapport and extract relevant information with all types of people and in all situations.  Comments:

As indicated in the "Verbal Communication" evaluation section, Officer Beets does establish a rapport with the individuals she interacts with and she is able to obtain, or extract, the relevant information needed for reports.

# DEPENDABILITY

Sick Leave Usage:  1272 hours
Unexcused Absences:  0
Tardiness:  Was tardy 0 times in last 12 months.

The extent to which the individual can be counted on to be present and on time.  Answers calls promptly and properly.  Can be counted on to perform all job duties properly with minimal supervision.

☒ 1.  Frequently late or absent.  Cannot be counted on.  Requires an inordinate amount of supervision to get things done.  Does not answer calls properly or promptly.
Comments:

Although Officer Beets is being rated a "1" for this area of evaluation, it is not because she requires an inordinate amount of supervision or for not answering calls properly or promptly.  Officer Beets used 1272 hours of "non-FMLA" leave during this evaluation period.  Her absence creates additional work loads, and distrupts the performance, for the other officers assigned to the CRU unit.  According to administration Officer Beets has not worked enough hours in the past 12 months to qualify for FMLA leave.  If 480 hours of her sick leave could be counted towards FMLA qualifying hours she still would have missed 792 hours (or 99 days) of work in the past 12 months.

Officer Beets knows she must improve on her "non-FMLA" sick leave.  Other than her "non-FMLA" sick leave she performs at better than average for dependability.  When Officer Beets is working she can be counted on to work without supervision and to handle her duties properly.

☐ 2.  Comments:


☐ 3.  Can be counted on to show up on time.  Requires appropriate amount of supervision.  Answers calls properly and promptly.  Comments:

☐ 4.  Comments:

☐ 5.  Always shows up on time.  Requires minimal supervision.  Can always be counted on to complete all duties appropriately.  Comments:

## JOB KNOWLEDGE & TRAINING

0 hours of training in the last 12 months.

Is familiar with department policies, as well as state, federal, and local laws. Attends and utilizes relative information from training programs.

☐ 1. Frequently makes mistakes because of a lack of job knowledge. Comments:

☐ 2. Comments:

☐ 3. Usually well versed in all aspects of job knowledge. Shows application of knowledge gained from training programs. Comments:

☒ 4. Comments:

Officer Beets utilizes her training to the best of her ability. She did not attend any training sessions during this evaluation period due to her "non-FMLA" leave. I will inform her new supervisor, Lt. McAnally, that Officer Beets should be assigned to training during the next year.

☐ 5. Recognized and relied upon as a resource for job knowledge. Serves as a role model for fellow workers. Comments:

## APPEARANCE

Professional bearing as determined by overall neatness, personal grooming, and presentation.

☐ 1.  Poor personal hygiene.  Disregards personal appearance.  Violates department uniform standards.  Comments:

☐ 2.  Comments:

☐ 3.  Usually well-groomed and complies with department standards regarding uniform. Comments:

☐ 4.  Comments:

☒ 5.  Always well-groomed and always complies with department standards regarding uniform.  Comments:

Officer Beets exceeds this criteria for this area of evaluation on a daily basis.

# ROCKFORD POLICE

Date: 02/06/2007

**Training History List**
**From 01/01/2006 to 02/01/2007**

Page    1

BEETS, TONYA (P.O.)  SSN: 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
CENTRAL REPORTING

Total Training Hours:   1224.00                  Total College Credits:   0.00

| Course Title<br>Sponsor / Vendor | Course Dates | Course Costs |
| --- | --- | --- |

No Enrollments matched your search criteria...

SCANNED ON @ 02/29/2008

 

# CITY OF ROCKFORD

# POLICE DEPARTMENT

## SELF EVALUATION

THIS FORM IS TO BE COMPLETED BY THE PATROL OFFICER OR INVESTIGATOR AND SUBMITTED TO THE SERGEANT AND LIEUTENANT AS AN AID IN COMPLETING A THOROUGH PERFORMANCE EVALUATION.

NAME Tonya Beets               POSITION Patrol Officer          DATE 02-07-07
DIVISION CRU                      COMMANDING OFFICER Lt Block

PURPOSE:  To effectively document and communicate the quantity, quality, and value of work you have accomplished, your views on your strengths and areas for growth.  (Use additional paper if necessary)

WORK ACCOMPLISHED                Evaluation Period From 02-02-06 to 01-31-07

Training (courses taken, in-house training, number of hours):

No training taken because I was off work for a non work related injury.

Goals Accomplished:

**Goals Not Yet Accomplished** (explain)

I am interested in the Bomb Squad and testing for Investigator.

**Special Projects Completed** (if you are an investigator, include amount of cases you have closed):

**Innovations This Evaluation Period** (new ideas, suggestions, cost savings):

Being assigned to the Front Desk a person should be able to multi-task, because of all the incoming calls, people coming to the window, tickets coming in on the CAD, and other situations that occur you have to be able to handle more than one thing at a time.

Having five Officer working the desk at one time is not needed.

Yes we do get busy, and we do have a lot of duties that we are responsible for but if we have three people working one should take incoming calls/DPR tickets, another walk ups, and then tickets that are pending from the prior day should be taken by the third person working and night shift officers.

These duties could be rotated each week.

**AREAS FOR GROWTH**

**What areas do you feel you need to improve** (be specific)

I know my dependability has been a problem because of my time off from work.

My injury was not duty related but it happened and there was not anything I could do to avoid surgery.

I am on light duty right now, and my main concern is the fact my co-workers feel they can not count on me. When I am at work I do my job without any complaints and go over and beyond what is actually required of my duties as a front desk officer.

When completing my reports I try to include as much information I can that will assist the investigating officer assigned.

<u>What training plans do you have for improving these areas?</u>

I plan to take more training courses this year.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>SUMMARY</u>

<u>Please summarize the major contributions to the Police Department this period:</u>

<u>General Comments:</u>

_____
**Employee Signature**                                    **Date**

SCANNED ON 02/29/2008

CITY OF ROCKFORD
BOARD OF FIRE AND POLICE COMMISSIONERS

*In Re Matter of:*                     )
                                       )          <u>Hearing Held</u>
                                       )          <u>November 5, 2007</u>
Officer Tonya Beets                    )

# **<u>Tonya Beets' Exhibits</u>**

## STATE OF ILLINOIS
## ILLINOIS LABOR RELATIONS BOARD

| | | |
|---|---|---|
| Policemen's Benevolent and Protective Association, Unit 6, | ) ) ) | |
| Charging Party | ) ) | |
| And | ) ) | Case Nos. S-CA-06-291 |
| City of Rockford, | ) ) ) | |
| Respondent | ) ) | |

DATE OF
MAILING:  June 18, 2007

### COMPLAINT FOR HEARING

I, the undersigned employee of the Illinois Labor Relations Board, certify that on the date indicated above I served the above-entitled document(s) by post-paid certified service upon the following person, addressed to them at the following addresses:

Mr. Eric Poertner  
Policemen's Benevolent Labor Committee  
435 West Washington Street  
Springfield, Illinois 62702  

Mr. Joseph Bruscato  
City Attorney  
City of Rockford  
425 East State Street  
Rockford, Illinois 61104  

_____

Melissa L. McDermott, Illinois Labor Relations Board

**EXHIBIT**

*1*

UNION

STATE OF ILLINOIS
ILLINOIS LABOR RELATIONS BOARD
STATE PANEL

Policemen's Benevolent and Protective )
Association, Unit 6, )
)
       Charging Party )
)
and )    Case No. S-CA-06-291
City of Rockford, )
)
       Respondent )

## COMPLAINT FOR HEARING

On May 22, 2006, the Policemen's Benevolent and Protective Association, Unit 6 (Charging Party or Union), filed a charge with the State Panel of the Illinois Labor Relations Board (Board) in Case No. S-CA-06-291, alleging that the City of Rockford (Respondent or City) engaged in unfair labor practices within the meaning of Section 10(a) of the Illinois Public Labor Relations Act, 5 ILCS 315 (2004), *as amended* (Act). After an investigation conducted pursuant to Section 11 of the Act, the Executive Director determined that the charge involves dispositive issues of law or fact, and hereby issues this Complaint for Hearing.

The Charging Party alleges that:

1.    At all times material herein, the Respondent has been a public employer within the meaning of Section 3(o) of the Act.

2.    At all times material herein, the Respondent has been subject to the jurisdiction of the Board's State Panel pursuant to Section 5(a) of the Act.

3.    At all times material herein, the Respondent has been a unit of local government subject to the Act pursuant to Section 20(b) of the Act.

4.    At all times material herein, the Charging Party has been a labor organization within the meaning of Section 3(i) of the Act.

5.    At all times material herein, the Charging Party has been the exclusive representative of a historical bargaining unit composed of the Respondent's Patrol Officers and Sergeants (Unit).

6.    In or about October 2005, the Charging Party and the Respondent commenced negotiations for a collective bargaining agreement for the Unit.

7.  On or about December 1, 2005, the Charging Party filed a request for mediation with the Board in connection with the negotiations described in paragraph 6.

8.  The Charging Party's request for mediation as described in paragraph 7 constitutes the commencement of interest arbitration proceedings within the meaning of Section 14(j) of the Act.

9.  In or about October 2005, the Respondent tendered a proposal for sick time accrual to the Charging Party.

10.  In or about January 2006, the Respondent withdrew its offer of sick time accrual as described in paragraph 9.

11.  In or about January 2006, the Respondent notified the Charging Party that it was implementing changes to the sick leave policy currently in effect for Unit employees.

12.  In or about January 2006, the Respondent notified the Charging Party that it was implementing a policy for Unit employees whereby any Unit employee on non-duty injury leave for a period in excess of six months would be subject to discharge for failure to be fit for duty.

13.  A sick leave policy for Unit employees involves wages, hours and terms and conditions of employment within the meaning of Section 7 of the Act and is thereby a mandatory subject of bargaining.

14.  A six month limit for non-duty sick leave and discharge of employees on leave in excess of that time period for Unit employees involve wages, hours and terms and conditions of employment within the meaning of Section 7 of the Act and are thereby mandatory subjects of bargaining.

15.  The Respondent took the action described in paragraphs 10, 11 and 12 without notice to and without reaching agreement with the Charging Party.

16.  By its acts and conduct as described in paragraphs 11 and 12, the Respondent has failed to maintain existing terms and conditions of employment during the pendency of interest arbitration proceedings, pursuant to Section 14(l) of the Act.

17.  By its acts and conduct as described in paragraphs 10, 11, 12 and 16, the Respondent has failed and refused to bargain in good faith with the Charging Party, in violation of Section 10(a)(4) and (1) of the Act.

**WHEREFORE**, the Charging Party requests that the Board grant any and all relief it finds appropriate in accordance with Section 11(c) of the Act.

**THE RESPONDENT IS HEREBY NOTIFIED** that pursuant to Section 1220.40(b) of the Board's Rules and Regulations, it must file an Answer to this Complaint and serve a copy thereof upon the Charging Party within 15 days of the service of the Complaint upon it. Said Answer shall include an express admission, denial or explanation of each and every allegation of this Complaint. Failure to specifically respond to an allegation shall be deemed an affirmative admission of the facts or conclusions alleged in the allegation. Failure to timely file an answer shall be deemed an admission of all material facts or legal conclusions alleged, and a waiver of hearing. **The filing of any motions or other pleadings will not stay the time for filing an Answer**.

**YOU ARE HEREBY NOTIFIED** that at a time and date to be determined later, at the offices of the Illinois Labor Relations Board, 160 North LaSalle Street, Suite S-400, Chicago, Illinois, 60601-3103, a hearing will be conducted before John Clifford, an Administrative Law Judge of the State Panel of the Illinois Labor Relations Board, upon all disputed issues, at which time and place the Charging Party has the obligation to present all evidence in support of its position, and all parties have the right to appear in person and provide testimony, other evidence, and oral and written arguments.

Issued in Chicago, Illinois, June 18, 2007.

**ILLINOIS LABOR RELATIONS BOARD**
**STATE PANEL**

*John F. Brosnan*

**John F. Brosnan, Executive Director**

out & Case 1:07-cv-59999  CITY OF ROCKFORD  EXHIBIT
into Janet to
have Chief sign.  **FAMILY MEDICAL LEAVE REQUEST FORM**

STANDED ON @ 1002/29/2008
tabbies
Z
UNION

Employee Name _Tonya Y. Beets_   Date _7.8.05_

Department _Rockford Police_   Length of Service _8 yrs_

> Requests for Family Medical Leave (FMLA) require the
> completion of a separate FMLA Request Form and Heath Care
> Provider Certification Form.  The *Personnel Department*
> determines FMLA eligibility.
>
> Any medical/disability leave taken by an employee requires
> them obtaining a return-to-work certification by his/her
> physician as a condition for returning to duty/work.

Start Date _07-5-05 per Tonya 7/3-05 040_   Return Date _____

Intermittent Leave ___X___ Yes  _____ No

Absence requested to be:
- ☐ Unpaid
- ☑ Fully Paid
- ☐ Partially Paid (explain) _____

Do you want to used accrued vacation, personal, and/or sick leave:
- ☐ No
- ☑ Yes

If YES, in what order would you like your accrued time used (please indicate with 1, 2, & 3, etc.)

_____ Vacation   _____ Personal   _X_ Sick _unlimited sick time_

Reason for Requested Leave (please explain why a leave is necessary):

_Complications with pregnacy_

Employee Signature _[signature]_   Date _7.8.05_

Approval:

Supervisor/Division Head _____   Date _____

Department Head _[signature]_   Date _7-13-05_

Compensation & Benefits Manager _[signature]_   Date _7-20-05_

Employer Response to Employee
Request for Family or Medical Leave
*(Optional Use Form – See 29 CFR § 825.301)*

**U.S. Department of Labor**
Employment Standards Administration
Wage and Hour Division



(Family and Medical Leave Act of 1993)

OMB No. : 1215-0181
Expires : 08-31-07

Date: *7/18/05*

To: *Tonya Beets*
_____ *(Employee's Name)*

From: *Pam Carson*
_____ *(Name of Appropriate Employer Representative)*

Subject: REQUEST FOR FAMILY/MEDICAL LEAVE

On _____ *7/14/05* _____ , you notified us of your need to take family/medical leave due to:
*(Date)*

[X] The birth of a child, or the placement of a child with you for adoption or foster care; or

[ ] A serious health condition that makes you unable to perform the essential functions for your job; or

[ ] A serious health condition affecting your [ ] spouse, [ ] child, [ ] parent, for which you are needed to
provide care.

You notified us that you need this leave beginning on _____ *7/5/05* _____ and that you expect
*(Date)*

leave to continue until on or about *Intermittent?* _____ *(need doctor's note to support)*
*(Date)*

Except as explained below, you have a right under the FMLA for up to 12 weeks of unpaid leave in a 12-month
period for the reasons listed above. Also, your health benefits must be maintained during any period of unpaid
leave under the same conditions as if you continued to work, and you must be reinstated to the same or an
equivalent job with the same pay, benefits, and terms and conditions of employment on your return from leave. If
you do not return to work following FMLA leave for a reason other than: (1) the continuation, recurrence, or onset
of a serious health condition which would entitle you to FMLA leave; or (2) other circumstances beyond your
control, you may be required to reimburse us for our share of health insurance premiums paid on your behalf during
your FMLA leave.

This is to inform you that: *(check appropriate boxes; explain where indicated)*

1. You are [X] eligible [ ] not eligible for leave under the FMLA.

2. The requested leave [X] will [ ] will not be counted against your annual FMLA leave entitlement.

3. You [X] will [ ] will not be required to furnish medical certification of a serious health condition. If required,
   you must furnish certification by _____ *7/29/05* _____ *(insert date)* (must be at least 15 days
   after you are notified of this requirement), or we may delay the commencement of your leave until the certification
   is submitted. *FMLA will be fully approved upon receipt of medical certification*

4. You may elect to substitute accrued paid leave for unpaid FMLA leave. We [ ] will [ ] will not require that
   you substitute accrued paid leave for unpaid FMLA leave. If paid leave will be used, the following conditions will
   apply: *(Explain)* *SICK ONLY*

5. (a) If you normally pay a portion of the premiums for your health insurance, these payments will continue during the period of FMLA leave. Arrangements for payment have been discussed with you, and it is agreed that you will make premium payments as follows: *(Set forth dates, e.g., the 10th of each month, or pay periods, etc. that specifically cover the agreement with the employee.)*

*By 1st of month if off Payroll*

(b) You have a minimum 30-day *(or, indicate longer period, if applicable)* grace period in which to make premium payments. If payment is not made timely, your group health insurance may be cancelled, *provided* we notify you in writing at least 15 days before the date that your health coverage will lapse, or, at our option, we may pay your share of the premiums during FMLA leave, and recover these payments from you upon your return to work. We ☐ will ☒ will not pay your share of health insurance premiums while you are on leave.

(c) We ☒ will ☐ will not do the same with other benefits *(e.g., life insurance, disability insurance, etc.)* while you are on FMLA leave. If we do pay your premiums for other benefits, when you return from leave you ☒ will ☐ will not be expected to reimburse us for the payments made on your behalf.

6. You ☒ will ☐ will not be required to present a fitness-for-duty certificate prior to being restored to employment. If such certification is required but not received, your return to work may be delayed until certification is provided. → *If off > 3 days*

7. (a) You ☐ are ☒ are not a "key employee" as described in § 825.217 of the FMLA regulations. If you are a "key employee:" restoration to employment may be denied following FMLA leave on the grounds that such restoration will cause substantial and grievous economic injury to us as discussed in § 825.218.

(b) We ☐ have ☒ have not determined that restoring you to employment at the conclusion of FMLA leave will cause substantial and grievous economic harm to *us. (Explain (a) and/or (b) below. See §825.219 of the FMLA regulations.)*

8. While on leave, you ☒ will ☐ will not be required to furnish us with periodic reports every *At City's Request > 30 Days* (indicate interval of periodic reports, as appropriate for the particular leave situation) of your status and intent to return to work *(see § 825.309 of the FMLA regulations).* If the circumstances of your leave change and you are able to return to work earlier than the date indicated on the reverse side of this form, you ☒ will ☐ will not be required to notify us at least two work days prior to the date you intend to report to work. *← When off > 3 days*

9. You ☒ will ☐ will not be required to furnish recertification relating to a serious health condition. *(Explain below, if necessary, including the interval between certifications as prescribed in §825.308 of the FMLA regulations.)*

This optional use form may be used to satisfy mandatory employer requirements to provide employees taking FMLA leave with written notice detailing specific expectations and obligations of the employee and explaining any consequences of a failure to meet these obligations. (29 CFR 825.301(b).)

*Note:* Persons are not required to respond to this collection of information unless it displays a currently valid OMB control number.

## Public Burden Statement

We estimate that it will take an average of 5 minutes to complete this collection of information, including the time for reviewing instructions, searching existing data sources, gathering and maintaining the data needed, and completing and reviewing the collection of information. If you have any comments regarding this burden estimate or any other aspect of this collection of information, including suggestions for reducing this burden, send them to the Administrator, Wage and Hour Division, Department of Labor, Room S-3502, 200 Constitution Avenue, N.W., Washington, D.C. 20210.

# ILLINOIS WORKERS' COMPENSATION COMMISSION
## SETTLEMENT CONTRACT LUMP SUM PETITION AND ORDER

ATTENTION. Please type or print. Answer all questions. File four copies of this form. Attach a recent medical report.

Workers' Compensation Act _X_ Occupational Diseases Act ____ Fatal case? No _X_ Yes ____ Date of death ____

Tonya Cobb (Beets)
Employee/Petitioner

Case #  99 WC 17583
02 WC 45181

**EXHIBIT**
4
RESPONDENT

v.

City of Rockford
Employer/Respondent

Setting  Rockford

To resolve this dispute regarding the benefits due the petitioner under the Illinois Workers' Compensation or Occupational Diseases Act, we offer the following statements. We understand these statements are not binding if this contract is not approved.

| Tonya Cobb (Beets) | 3807 Cassandra Dr. | Rockford, | IL | 61114 |
|---|---|---|---|---|
| Employee's name | Street address | City, State, Zip code | | |
| City of Rockford | 425 E. State St. | Rockford | IL | 61104 |
| Employer's name | Street address | City, State, Zip code | | |

Employee's Social Security # 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          Male ____ Female _X_   Married ____ Single ____

# Dependents under age 18 ____   Birthdate ____          Average weekly wage $ _maximum_

Date of accident 10/30/1998

How did the accident occur? Injured in foot chase; altercation with suspect

What part of the body was affected? Left foot

What is the nature of the injury? Multiple neuroma formation with surgery

The employer was notified of the accident orally _X_ in writing ____ .   Return-to-work date ____

Location of accident Rockford          Did the employee return to his or her regular job? Yes _X_ No ____
If not, explain below and describe the type of work the employee is doing, the wage earned, and the current employer's name and address.

**TEMPORARY TOTAL DISABILITY BENEFITS:** Compensation was paid for __full salary__ weeks at the rate of $ ____ /week.
The employee was temporarily totally disabled from ____ through ____

**MEDICAL EXPENSES:** The employer has ____ has not ____ paid all medical bills. List unpaid bills in the space below.
Employee believes all related bills have been paid

**PREVIOUS AGREEMENTS:** Before the petitioner signed an *Attorney Representation Agreement,* the respondent or its agent offered in writing to pay the petitioner $ __none__ as compensation for the permanent disability caused by this injury.
An arbitrator or commissioner of the Commission previously made an award on this case on __n/a__ regarding
TTD ____ Permanent disability ____ Medical expenses ____ Other ____

IC5  12/04  100 W. Randolph Street #8-200 Chicago, IL 60601  312/814-6611  Toll-free 866/352-3033  Web site: www.iwcc.il.gov
Downstate offices: Collinsville 618/346-3450  Peoria 309/671-3019  Rockford 815/987-7292  Springfield 217/785-7084
Disclosure of this information to the Commission is done voluntarily under 820 ILCS 305/6(b).

**TERMS OF SETTLEMENT:** Attach a recent medical report signed by the physician who examined or treated the employee. Respondent has offered and Petitioner agrees to accept, subject to the approval of the Illinois Workers' Compensation Commission, the sum of $20,000.00, representing 24+ loss of use of the left foot over and above prior recovery of 10% loss of use of the left foot in case bearing commission #99 WC 17583 for total loss of use of the left foot to the extent of 34% thereof.. In full, final and complete settlement of all claims for accident date of 10/30/98; 8/10/98 and 11/16/01, temporary total compensation, medical expenses, specific loss or compensation pursuant to Section 8 (d)(2) of the Act resulting from said alleged accident dates of 10/30/98, 8/10/98 and 11/16/01 involving alleged disability to Petitioner's left foot. The provisions of Sections 19(h) and 8 (a) of the Illinois Workers' Compensation Act are hereby waived. This settlement covers any and all claims related to Petitioner's left foot up to the date of settlement. Nature and extent of alleged disability is in issue and this settlement has been effected to terminate litigation.

| | | |
|---|---|---|
| Total amount of settlement | $ | 20,000.00 |
| Deduction: Attorney's fees | $ | 4,000.00 |
| Deduction: Medical reports, X-rays | $ | 246.31 |
| Deduction: Other (explain) | $ | |
| Amount employee will receive | $ | 15,753.69 |

**PETITIONER'S SIGNATURE.** *Attention, petitioner. Do not sign this contract unless you understand all of the following statements.* I have read this document, understand its terms, and sign this contract voluntarily. I believe it is in my best interests for the Commission to approve this contract. I understand that I can present this settlement contract to the Commission in person. I understand that by signing this contract, I am giving up the following rights:

1. My right to a trial before an arbitrator;
2. My right to appeal the arbitrator's decision to the Commission;
3. My right to any further medical treatment, at the employer's expense, for the results of this injury;
4. My right to any additional benefits if my condition worsens as a result of this injury.

| | | | |
|---|---|---|---|
| Signature of petitioner | Tonya Cobb (Beets) | | 5/31/06 |
| | Name of petitioner (please print) | Telephone number | Date |

**PETITIONER'S ATTORNEY.** I attest that any fee petitions on file with the IWCC have been resolved. Based on the information reasonably available to me, I recommend this settlement contract be approved.

| | |
|---|---|
| Signature of attorney | 6/2/06 |
| | Date |

Peter Alexander   TID#36-3368937
Attorney's name and IC code # (please print)

Peter Alexander, LTD.
Firm name

One Court Place - Suite 401
Street address

Rockford,   IL   61101
City, State, Zip code

(815) 962-7083
Telephone number

E-mail address

**RESPONDENT'S ATTORNEY.** I attest that any fee petitions on file with the IWCC have been resolved. The respondent agrees to this settlement and will pay the benefits to the petitioner or the petitioner's attorney, according to the terms of this contract, promptly after receiving a copy of the approved contract.

| | |
|---|---|
| Signature of attorney or agent | 05/23/2006 |
| | Date |

John L. Shepherd #563
Attorney's name and IC code # or agent (please print)

Williams & McCarthy
Firm name

321 W. State St., Suite 400
Street address

Rockford,   IL   61101
City, State, Zip code

815-987-8900   jshepherd@wilmac.co.
Telephone number   E-mail address

Employers Claim Service
Name of respondent's insurance or service company (please print)

**ORDER OF ARBITRATOR OR COMMISSIONER:**
Having carefully reviewed the terms of this contract, in accordance with Section 9 of the Act, by my stamp I hereby approve this contract, order the respondent to promptly pay in a lump sum, the total amount of settlement stated above, and dismiss this case.

APPROVED BY AUTHORITY OF THE
ILLINOIS WORKERS' COMPENSATION COMMISSION
pursuant to the provisions of the
Workers' Compensation and Workers'
Occupational Diseases Acts

JUN 0 7 2006

By: Douglas J. Holland, Arbitrator

IC5 page 2

"This form is a true and exact copy of the current Workers' Compensation Commission form IC5, as revised 12/04."

**ILLINOIS INDUSTRIAL COMMISSION**
**NOTICE OF DECISION OF ARBITRATOR**

Tonya Cobb
Employee/Petitioner

Case # 99 WC 17583
99 17838

v.

City of Rockford Police Dept
Employer/Respondent

On Dec 13, 2001, an arbitration decision on this case was filed with the Illinois Industrial Commission in Chicago, a copy of which is enclosed.

A copy of this decision is mailed to the following parties:

```
1397
99 WC 17583·17838
ALEXANDER & CICERO PC

1 COURT PLACE
SUITE 401
ROCKFORD        IL 61101


0563
99 WC 17583·17838
WILLIAMS & MCCARTHY

321 W. STATE ST
P O BOX 219
ROCKFORD        IL 61105
```

STATE OF ILLINOIS )
)
COUNTY OF Winnebago )

# ILLINOIS INDUSTRIAL COMMISSION
## ARBITRATION DECISION
### REGARDING THE NATURE AND EXTENT OF THE INJURY

| Tonya Cobb | Case # | 99 | WC | 17583 |
|---|---|---|---|---|
| Employee/Petitioner | | 99 | WC | 17838 |

v.

City of Rockford Police Dept
Employer/Respondent

An *Application for Adjustment of Claim* was filed in this matter, and a *Notice of Hearing* was mailed to each party. The matter was heard by the Honorable ____Douglas J. Holland____ , arbitrator of the Industrial Commission, in the city of ____Rockford____ , on ____November 15, 2001____

The only disputed issue is the nature and extent of the injury. By stipulation, the parties agree on the following items:

- On 8/10/98 & 10/30/98, the respondent    City of Rockford Police Dept    was operating under and subject to the provisions of the Act.

- On this date, the relationship of employee and employer did exist between the petitioner and respondent.

- On this date, the petitioner sustained accidental injuries that arose out of and in the course of employment.

- Timely notice of this accident was given to the respondent.

- In the year preceding the injury, the petitioner earned $ 36,093.20 ____ , and the average weekly wage was $ 694.10 ____ .

- At the time of injury, the petitioner was __28__ years of age, *married* *single* with __1__ child/ren under 18.

- Necessary medical services have been provided by the respondent.

- The respondent shall pay the petitioner Temporary Total Disability benefits of $ __N/A__ /week for ____ weeks, from ____ through ____ , which is the period of Temporary Total Disability for which compensation is payable.

- To date, $ __-o-__ has been paid on account of this injury.

After reviewing all of the evidence presented, the arbitrator hereby makes findings regarding the nature and extent of the injury, and attaches the findings to this document.