IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
WESTERN DIVISION

| | | |
|---|---|---|
| THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS; THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, | ) ) ) ) ) ) | |
| Plaintiffs, | ) | CASE NO. |
| v. | ) ) | |
| DOBNICK TRUCKING & EXCAVATING, INC., Also known as DOBNICK EXCULVATING & TRUCKING, INC., | ) ) ) ) | |
| Defendant. | ) | |

## COMPLAINT

**NOW COMES** the Plaintiffs, THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS and THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS, by and through their attorneys, MARC M. PEKAY, P.C. and hereby complain against the Defendant, DOBNICK TRUCKING & EXCAVATING, INC. also known as DOBNICK EXCULVATING & TRUCKING, INC. an Illinois Corporation, as follows:

1. Jurisdiction is based on Sections 502(e)(1) and (2) and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. Section 1132 (e)(1) and (2) and 1145, Section 301(a) of the Labor Management Relations Act ("LMRA") of 1947 as amended, 29 U.S.C. Section 185(a), and 28 U.S.C. Section 1331.

1

2. Venue is proper pursuant to Section 502(e)(2) of ERISA, 29 U.S.C. Section 1132 (e)(2), and 28 U.S.C. Section 1391 (a) and (b).

3. (a) The Plaintiffs are THE CONSTRUCTION INDUSTRY WELFARE FUND OF ROCKFORD, ILLINOIS and THE CONSTRUCTION INDUSTRY RETIREMENT FUND OF ROCKFORD, ILLINOIS; (hereinafter called the "Rockford Funds") and having standing to sue pursuant to 29 U.S.C. Section 1132(d)(1) and 29 U.S.C. Section 185(a).

(b) The Rockford Funds have been established pursuant to Collective Bargaining Agreements previously entered into between various Unions and certain employer associations whose employees are covered by the Collective Bargaining Agreements with the Unions. The Rockford Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, as amended, and other applicable state and federal laws.

4. DOBNICK TRUCKING & EXCAVATING, INC. also known as DOBNICK EXCULVATING & TRUCKING, INC. (hereinafter "Dobnick" or "Defendant") is a Corporation engaged in the construction industry and doing business within this geographic area and is an industry affecting interstate commerce.

5. On or about April 21, 1992, the Defendant and the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local No. 325 entered into a Collective Bargaining Agreement. *See Exhibit A.*

6. Under the terms of the Collective Bargaining Agreements and Trust Agreements to which the Defendant is bound, the Defendant is required to make periodic contributions to the Rockford Funds on behalf of certain employees.

7. Since on or about April 21, 1992, the Defendant has acknowledged and ratified the Collective Bargaining Agreement entered into with the International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America, Local No. 325 by paying contributions pursuant to the Collective Bargaining Agreement and Trust to which Defendant is bound.

8. Pursuant to the Collective Bargaining Agreement, contributions to the Funds are due on the fifteenth (15th) day of the month.

9. Pursuant to the Collective Bargaining Agreement to which Defendant is bound, an employer who fails to make the contributions by the twenty-fifth (25th) day of the month after the work was performed is required to pay an additional amount of ten percent (10%) in liquidated damages, along with all legal fees and costs expended to collect this money.

10. The Defendant has failed to make payments of its contributions from January 1, 2008 to present as required to be paid by it to the Rockford Fund pursuant to the terms of the Collective Bargaining Agreements by which the Defendant is bound, all in violation of Defendant's contractual obligations and the obligations under State and Federal Statutes.

11. In addition to the above, the Defendant has failed to make timely payments of contributions. The Defendant owes in liquidated damages, the amount of

*Two Thousand Six Hundred Thirty Nine Dollars and seventy nine cents ($2,639.79).* Attached as Exhibit B is a document that shows when the contributions were due and when they were paid and the amount of liquidated damages that have accrued. *See Exhibit B.*

12. Pursuant to the Collective Bargaining Agreement, Defendant is required to submit its books and records to periodic audits at the request of the Funds.

13. Defendant has refused to submit its books and records to an audit from January 1, 2006 to present.

14. The Defendant's actions in failing to pay contributions violate Sections 515 of ERISA, 29 U.S.C. Section 1145, and Section 301 of the LMRA. 29 U.S.C. Section 185.

15. Further, the Rockford Funds have already spent *three hundred and fifty two dollars and fifty cents ($352.50)* in legal fees trying to collect these liquidated damages.

16. Pursuant to Section 502(g)(2) of ERISA, 29 U.S.C. Section 1132 (g)(2), Section 301 of the LMRA, 29 U.S.C. Section 185, and the terms of the Collective Bargaining Agreement, the Company is liable to the Funds for unpaid contributions, as well as interest and liquidated damages on the unpaid and late contributions, reasonable attorneys' fees and costs, and such other legal and equitable relief as the Court deems appropriate.

**WHEREFORE**, Plaintiffs respectfully request this Court enter a judgment against Defendant, DOBNICK TRUCKING AND EXCAVATING, INC. also known as DOBNICK EXCULVATING AND TRUCKING, INC.,

(a) A judgment be entered against the Defendant and in favor of the Plaintiffs in the amount of *Two Thousand Nine Hundred and Ninety Two Dollars and twenty nine cents ($2,992.29)* plus additional legal fees and costs incurred to collect this money;

(b) To order the Company to turn over its books and records from January 1, 2006 to present and to then enter a Judgment pursuant to the amount shown due in the audit;

(c) To order the Company to submit contribution reports with payment from January 1, 2008 to present;

(d) To enjoin Defendant from violating the terms of the Agreement including, but not limited to ordering Defendant to remain current in its payments of contributions; and;

(e) To award Plaintiffs any further legal and equitable relief as the Court deems appropriate.

          Respectfully submitted,

          CONSTRUCTION INDUSTRY
          WELFARE AND RETIREMENT FUND
          OF ROCKFORD, ILLINOIS;
          s/ Marc M. Pekay,
          Attorney for Plaintiffs

Marc M. Pekay, P.C.
30 North LaSalle St., Ste. 2426
Chicago, IL 60602
(312) 606-0980

# Memorandum Of Agreement

THIS AGREEMENT made and entered into by and between

**DoBNICK EXCAVATING AND TRK, INC.**

its successors and assigns, hereinafter referred to as the "EMPLOYER", First Party,
and
**INTERNATIONAL BROTHERHOOD OF TEAMSTERS,
CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA,
Local No. 325**
hereinafter referred to as the "UNION", Second Party.

THIS AGREEMENT is made in consideration of the mutual promises of the First and Second Parties and the parties do hereby agree as follows:

1. The EMPLOYER recognizes the UNION as the sole and exclusive bargaining representative for and on behalf of the employees of the EMPLOYER within the territorial and occupational jurisdiction of the UNION.

2. The Parties do hereby adopt the Master Agreement dated **APRIL 21/92** entered into by and between the Union and the **NIBCA + NICA** and the parties do hereby mutually agree to be bound by the terms and conditions of that Master Agreement and the Agreement and Declaration of Trust of the Construction Industry Health and Welfare and Pension Fund of Rockford, Illinois and all amendments heretofore or hereafter made thereto, as though the same were fully incorporated herein.

3. This Agreement and the adoption of the Master Agreement and the Agreements and Declarations of Trust referred to in paragraph 2 above, shall be effective as of **APRIL 21/92**, and remain in effect to and including the expiration date of the Master Agreement adopted herein. This Agreement shall continue in effect from year to year thereafter and specifically adopt any Master Agreement entered into between the Union and **NIBCA + NICA** subsequent to the expiration date of the Master Agreement herein adopted unless notice of termination or amendment is given in the manner provided herein.

4. Either Party desiring to amend or terminate this Memorandum of Agreement must notify the other in writing at least two (2) calendar months prior to the expiration of the Master Agreement adopted herein.

IN WITNESS WHEREOF, the Parties have executed this Memorandum of Agreement the **21** day of **APRIL**, 19**92**.

EMPLOYER
ADDRESS: P.O. Box 20 Roscoe IL 61072
PHONE: 389-1026
BY: Ronald J. Dobnick
TITLE: Pres.

INTERNATIONAL BROTHERHOOD OF TEAMSTERS, CHAUFFEURS, WAREHOUSEMEN AND HELPERS OF AMERICA, LOCAL NO. 325

BY: [signature]
BA Teamsters 325
PHONE: (815) 874-6307

APR 2 2 1992

CONSTRUCTION INDUSTRY FUND OF ROCKFORD
6838 EAST STATE STREET SUITE 201
ROCKFORD, IL  61108

815-399-0800

DOBNICK TRUCKING & EXCAVA
PO BOX 20
ROCKTON, IL  61072

Page 1 of 1

8/28/2008

3889

Your payroll submission(s) for the following were delinquent. You have been assessed a delinquent penalty as follows:

| ACCT | FUND | PAY PERIOD | PSTMRK DT | FUND AMT | % | PENALTY AMT | PD AMT | PD DT | WAIVE |
|---|---|---|---|---|---|---|---|---|---|
| CIRTSR | CIAN | 04/30/2006 | 06/28/2006 | $588.30 | 10.00 | $58.83 | | | |
| CIRTSR | CIWFR | 04/30/2006 | 06/28/2006 | $466.10 | 10.00 | $46.61 | | | |
| CIRTSR | CIAN | 05/31/2006 | 07/11/2006 | $1,001.00 | 10.00 | $100.10 | | | |
| CIRTSR | CIWFR | 05/31/2006 | 07/11/2006 | $793.10 | 10.00 | $79.31 | | | |
| CIRTSR | CIAN | 06/30/2006 | 08/30/2006 | $1,218.60 | 10.00 | $121.86 | | | |
| CIRTSR | CIWFR | 06/30/2006 | 08/30/2006 | $990.00 | 10.00 | $99.00 | | | |
| CIRTSR | CIAN | 07/31/2006 | 09/28/2006 | $1,079.80 | 10.00 | $107.98 | | | |
| CIRTSR | CIWFR | 07/31/2006 | 09/28/2006 | $877.30 | 10.00 | $87.73 | | | |
| CIRTSR | CIAN | 08/31/2006 | 10/06/2006 | $1,100.10 | 10.00 | $110.01 | | | |
| CIRTSR | CIWFR | 08/31/2006 | 10/06/2006 | $893.80 | 10.00 | $89.38 | | | |
| CIRTSR | CIAN | 09/30/2006 | 12/11/2006 | $1,127.20 | 10.00 | $112.72 | | | |
| CIRTSR | CIWFR | 09/30/2006 | 12/11/2006 | $915.80 | 10.00 | $91.58 | | | |
| CIRTSR | CIAN | 10/31/2006 | 01/26/2007 | $1,042.58 | 10.00 | $104.26 | | | |
| CIRTSR | CIWFR | 10/31/2006 | 01/26/2007 | $847.00 | 10.00 | $84.70 | | | |
| CIRTSR | CIAN | 11/30/2006 | 01/26/2007 | $1,161.06 | 10.00 | $116.11 | | | |
| CIRTSR | CIWFR | 11/30/2006 | 01/26/2007 | $943.25 | 10.00 | $94.33 | | | |
| CIRTSR | CIAN | 12/31/2006 | 02/07/2007 | $1,203.37 | 10.00 | $120.34 | | | |
| CIRTSR | CIWFR | 12/31/2006 | 02/07/2007 | $977.63 | 10.00 | $97.76 | | | |
| CIRTSR | CIAN | 07/31/2007 | 09/12/2007 | $1,008.20 | 10.00 | $100.82 | | | |
| CIRTSR | CIWFR | 07/31/2007 | 09/12/2007 | $837.80 | 10.00 | $83.78 | | | |
| CIRTSR | CIAN | 08/31/2007 | 12/31/2007 | $1,171.50 | 10.00 | $117.15 | | | |
| CIRTSR | CIWFR | 08/31/2007 | 12/31/2007 | $973.50 | 10.00 | $97.35 | | | |
| CIRTSR | CIAN | 09/30/2007 | 12/31/2007 | $1,025.95 | 10.00 | $102.60 | | | |
| CIRTSR | CIWFR | 09/30/2007 | 12/31/2007 | $852.55 | 10.00 | $85.26 | | | |
| CIRTSR | CIAN | 10/31/2007 | 12/31/2007 | $820.05 | 10.00 | $82.01 | | | |
| CIRTSR | CIWFR | 10/31/2007 | 12/31/2007 | $681.45 | 10.00 | $68.15 | | | |
| CIRTSR | CIAN | 11/30/2007 | 12/31/2007 | $983.35 | 10.00 | $98.34 | | | |
| CIRTSR | CIWFR | 11/30/2007 | 12/31/2007 | $817.15 | 10.00 | $81.72 | | | |

**Totals**                                          $2,639.79        $0.00
**Total Due upon Receipt**                          $2,639.79

Please remit penalty due under separate cover from any hours submissions. Please attach a copy of this letter with your remittance.
Thank you