**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**WESTERN DIVISION**

| | |
|---|---|
| IDEAL DECORATING, INC., | ) |
| | ) |
| Plaintiff, | ) |
| | ) No. |
| v. | ) |
| | ) |
| PAINTERS DISTRICT COUNCIL NO. 30, | ) |
| | ) |
| Defendant. | ) |

## **COMPLAINT**

Now comes the Plaintiff, IDEAL DECORATING, INC. ("Ideal"), and for its Complaint against the Defendant, PAINTERS DISTRICT COUNCIL NO. 30. ("Union") states as follows:

1.  This is an action to set aside and vacate an arbitration award issued by the Joint Trade Board ("JTB") of the Union that was convened for the alleged purpose of proceeding on charges filed by the Union against Ideal.

2.  This Court has jurisdiction over this matter pursuant to Section 301(a) of the Labor Management Relations Act of 1947, 29 U.S.C. § 185(a).

3.  Venue is proper in this District pursuant to 29 U.S.C. § 185(c) in that the Defendant and its officers or agents represent and/or act for its members in this District.

4.  James Stelmasek ("Stelmasek") is employed by the Union as Director of Membership Services.

5.  Charles Anderson is Secretary-Treasurer of the Union. Charles Anderson is also Secretary-Treasurer and a Member of the JTB. The position of Secretary-

1

Treasurer is the highest elected position in the Union.

6. Aaron Anderson is employed by the Union as Director of Employer and Retention. Aaron Anderson is the son of Charles Anderson.

7. At all relevant times, Steven King ("King") and Mark McKulski ("McKulski") were officers and equal shareholders of Ideal.

8. Marisel Hernandez ("Hernandez") and Garrett Hohimer ("Hohimer") are attorneys licensed to practice law in the State of Illinois. Hernandez and Hohimer are employed at the law firm of Jacob, Burnes, Orlove, Stanton & Hernandez and they are the Union's attorneys.

9. On or about June 12, 2008, Stelmasek filed charges with the Union against Ideal for allegedly violating the following Articles of the CBA:

   (a) <u>Article 4, Union Secuirty:</u> Administrative Dues Check Off and Organizing & Defense Fund (pg. 10).
   (b) <u>Article 6, Hours of Work:</u> Job Site Reporting, Sec. 6.9 (pg. 16)
   (c) <u>Article 9, Benefit Funds</u>: Monthly Reporting, Sec. 9.3 (pgs. 27 & 28)
   (d) <u>Article 13, Insurance and Surety Bonds</u>: Liability Insurance, Sec. 13.1 (pg. 35), Bonding Requirements, Sec. 13.2 (pg. 35) and State Unemployment Number, Sec. 13.6 (pg.36)

10. On or about June 13, 2008, Charles Anderson sent a copy of the charges to McKulski and notified McKulski that the charges against Ideal would be heard by the JTB on July 2, 2008.

11. On July 2, 2008, McKulski appeared before the JTB in response to the charges filed by the Union. Other persons were present, including but not limited to, Charles Anderson and/or Marisel Hernandez.

12.     At the hearing before the JTB on July 2, 2008, Charles Anderson was the person who conducted a majority of the interrogation of McKulski.  During the course of the hearing, Charles Anderson implied that McKulski and/or King were going to end up in prison and/or Charles Anderson threatened to have McKulski and/or King sent to prison.

13.     During the course of the hearing on July 2, 2008, McKulski said that he wanted to speak with his lawyer.  McKulski was told that he could call his attorney.  The hearing recessed.  After McKulski spoke with his lawyer, the JTB hearing reconvened.

14.     After the JTB hearing reconvened, McKulski was requested to identify the lawyer with whom he spoke.   After identifying the lawyer with whom he spoke, the attorney that was present at the hearing on July 2, 2008 who, upon information and belief, was Marisel Hernandez, spoke to and questioned McKulski and also permitted other person(s) present to question McKulski although Ideal's attorney was not present.

15.     The JTB hearing was continued to August 21, 2008.  Charles Anderson notified McKulski to appear at the August 21, 2008 JTB hearing.

16.     On or about July 7, 2008, Charles Anderson instructed King to appear at the JTB hearing set for August 21, 2008.

17.      King, McKulski and Ideal's attorney appeared for the JTB hearing on August 21, 2008 in a conference room inside of the building which houses the Union's office.

18.     Prior to the JTB hearing, Charles Anderson told Ideal's attorney to "get your ass out" of the conference room and Charles Anderson kicked him out.

19. Other persons attended the JTB hearing on August 21, 2008, including but not limited to Charles Anderson, Aaron Anderson, Marisel Hernandez and/or Garrett Hohimer.

20. Ideal objected to the presence of the Union's attorneys at the hearing. However, Marisel Hernandez and/or Garrett Hohimer chose to and did remain present in the conference room throughout the hearing after Ideal's attorney was kicked out of the conference room despite the objections made to their presence. Marisel Hernandez and/or Garrett Hohimer not only remained present throughout the hearing but also permitted McKulski and King to be interrogated outside the presence of their lawyer.

21. James Stelmasek did not attend or participate in the JTB hearing.

22. Prior to the JTB hearing on August 21, 2008, Ideal requested copies of the Rules and Regulations of the JTB ("JTB Rules").

23. Upon information and belief, the JTB Rules were located in the same building in which the JTB hearing occurred on August 21, 2008. Charles Anderson refused to provide the JTB Rules to Ideal prior to and during the course of the hearing. Neither Charles Anderson nor any Member of the JTB made any effort to provide the JTB Rules to Ideal prior to or during the JTB hearing.

24. The JTB Rules provide in paragraph 6(e):

> If a real or apparent conflict of interest between a Member of the JTB and any party to a proceeding arises during the pendency of a complaint, said Member shall disqualify himself or herself from participating in the proceedings. In the event that the Chairperson and or the Secretary-Treasurer believes that a conflict exists between a member of the Joint Trade Board and any party to a proceeding, the Chairperson and the Secretary-Treasurer shall have the authority to replace such JTB Member for the purpose of deliberation on that particular case. In the event the Chairperson and or the Secretary-Treasurer is disqualified from

participation, the JTB shall select a temporary Chairperson and or Secretary-Treasurer for that particular case.

25.   There was a real or apparent conflict of interest between Charles Anderson and Ideal.  Charles Anderson failed to disqualify himself from participating in the JTB hearing.

26.   Ideal requested the JTB to disqualify Charles Anderson from serving and/or otherwise participating as a member on the JTB.  A genuine copy of Ideal's request is attached hereto as Exhibit A.  After presenting Ideal's request to disqualify Charles Anderson, McKulski and King were asked to and did leave the conference room.  Everyone else who was present at the hearing remained in the conference room behind closed doors.

27.   After waiting outside of the conference room for several minutes, McKulski and King were called back into the room.  Charles Anderson told McKulski and King that their request to disqualify him was denied.

28.   McKulski and King were subsequently asked to and did leave the room again.  Everyone else that was present remained behind closed doors as the Members of the JTB purportedly deliberated.  McKulski and King were called back into the conference room.  Ideal was declared guilty on all but one alleged violation in spite of Stelmasek's absence and failure to participate in the hearing which not only deprived Ideal of the opportunity to confront and examine Stelmasek but also resulted in the failure of Stelmasek to present evidence in support of his charges.

29.   On or about August 26, 2008, Charles Anderson mailed or caused to be

mailed to Ideal a letter which purportedly contained an excerpt from the Minutes of the JTB hearing wherein the JTB found Ideal guilty on all counts of violating the CBA and ordered Ideal to pay a total fine of $633,200.00 in 15 days for the following violations:

| | | |
|---|---|---|
| (a) | Article 6 (job site reporting) | $158,000.00 |
| (b) | Article 9 (Benefit Funds) | $ 1,200.00 |
| (c) | Article 13, Sections 13.1, 13.2 and 13.6 (Insurance, bonding and state unemployment number) | $ 474,000.00 |

      30.    Section 13.5 of the CBA, which was effective from May 1, 2004 through April 30, 2008, provides in pertinent part that the JTB shall not issue fines that exceed one thousand dollars per violation. In the CBA which succeeded the agreement that expired on April 30, 2008 and was effective beginning on May 1, 2008, the JTB is prohibited from issuing fines that exceed one thousand dollars per violation.

      31.    The Decision and Award of the JTB should be vacated and set aside for one or more of the following reasons:

      A.    Ideal was not afforded a fundamentally fair hearing;

      B.    The JTB Award was procured by corruption, fraud, or undue means;

      C.    There was evident partiality or corruption in the arbitrators, or either of them;

      D.    The arbitrators were guilty of misconduct and/or misbehavior by which the rights of Ideal were prejudiced;

  E. Charles Anderson failed to disqualify himself from participating in the JTB hearing;

  F. The JTB refused to disqualify Charles Anderson from serving and/or otherwise participating as a member on the JTB;

  G. The Decision and Award is not supported by evidence presented to the JTB;

  H. The JTB exceeded their powers, dispensed its own brand of justice and unlawfully punished Ideal;

  I. The Decision and Award does not draw its essence from the Collective Bargaining Agreement, is contrary to the terms of the Collective Bargaining Agreement and is not drawn from Federal law;

  J. The Decision and Award issued by the JTB is unconstitutionally excessive in violation of due process.

  32. The JTB Award was issued in bad faith, vexatiously, wantonly, and/or for oppressive reasons and this Court should thereby exercise its discretion to award attorneys fees to Ideal.

  WHEREFORE, Plaintiff, Ideal Decorating, Inc., prays that this Honorable Court vacate and set aside the Decision and Award issued by the JTB, award Plaintiff its attorneys fees and costs, and award Plaintiff such other relief deemed just and equitable.

               Respectfully submitted,

Ideal Decorating, Inc.

By: /s/ Joseph P. Berglund
    One of Its Attorneys

Joseph P. Berglund
Kenneth M. Mastny
BERGLUND & MASTNY, P.C.
1010 Jorie Boulevard, Suite 370
Oak Brook, Illinois 60523-2229
(630) 990-0234

J:\C-Drive\WPDOCS\IDEAL\COMPLAINT v pdc30.wpd