## STATE OF ILLINOIS
## IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT
## COUNTY OF WINNEBAGO

TONYA Y. BEETS,                           )
                Plaintiff,          )         Case No. 08-MR-2
    v.                                    )
CHET EPPERSON, as Chief of Police for the )
City of Rockford, and the CITY OF ROCKFORD )
BOARD OF FIRE AND POLICE                  )
COMMISSIONERS,                            )
                Defendant.          )

### NOTICE OF FILING

TO:    Attorney Brendan A. Maher        Attorney John P. Giliberti
        WilliamsMcCarthy LLC          City of Rockford Legal Dept.
        P. O. Box 219                 425 East State Street
        Rockford, IL  61105           Rockford, IL  61104

    PLEASE TAKE  NOTICE, that on the 22nd day of August, 2008,  we served upon the attorneys for the Defendant, Attorney Brendan A. Maher and Attorney John P. Giliberti, the First Amended Complaint, a copy of which is attached hereto and made a part hereof,  and file this Notice in the Clerk's Office of the 17th Judicial Circuit, County of Winnebago.

                        TONYA Y. BEETS, Plaintiff,

                By:    REESE & REESE

                        Todd S. Reese

NAME:             Todd S. Reese, #7120
ATTORNEY FOR:   Plaintiff
ADDRESS:         979 N. Main
CITY:             Rockford, IL 61103
TELEPHONE:      815/968-8851

### PROOF OF SERVICE

    Elizabeth C. Gaines, a non-attorney, on oath states she served this Notice by mailing a copy to the above-named person at their respective addresses and deposited same in the U.S. Mail at Rockford, Illinois at 5:00 p.m. on August 22, 2008 with proper postage prepaid.

SUBSCRIBED AND SWORN to before me
on August 22, 2008.

Notary Public

```
"OFFICIAL SEAL"
KARLA J. HEIDENREICH
Notary Public, State of Illinois
My Commission Expires 08/02/09
```

42786\Plead.filing.not

**STATE OF ILLINOIS**
**IN THE CIRCUIT COURT OF THE 17TH JUDICIAL CIRCUIT**
**COUNTY OF WINNEBAGO**

TONYA Y. BEETS                              )
                                            )
      Plaintiff                       )
                                            )
      vs.                              )   No.   08-MR-02
                                            )
CHET EPPERSON, and the CITY OF              )
ROCKFORD  BOARD OF FIRE AND                 )
POLICE COMMISSIONERS                        )
                                            )
      Defendants,                      )

FILED

Date 4/22/08

Thomas A. Klein
Clerk of the Circuit Court
By_____ Deputy
Winnebago County, IL

**FIRST AMENDED COMPLAINT**
(Adding Counts II, III, and IV)

**COUNT I**
**Administrative Review**

NOW COMES the plaintiff, TONYA Y BEETS, by her attorneys, REESE & REESE, and

for her complaint against the defendants, CHET EPPERSON and the CITY OF ROCKFORD

BOARD OF FIRE AND POLICE COMMISSIONERS, asserts the following for purposes of

administrative review by this Court pursuant to the provisions of the Administrative Review Act

    1     This action is for administrative review, pursuant to the provisions of 735 ILCS

5/3-101 et  seq , of  a  decision  rendered  against  the  plaintiff  by  Defendant  CITY  OF

ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS, on December 1, 2007

    2     Plaintiff, TONYA Y BEETS, was employed as a police officer by the City of

Rockford Police Department and was hired on or about March 24, 1997

    3     Defendant CHET EPPERSON is the duly appointed Chief of the Rockford Police

Department (hereinafter "Chief")

SCANNED ON @-08/26/2008

4    The CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS is a statutorily created administrative agency created pursuant to 65 ILCS 5/10-2 1-1 et seq (hereinafter "Board")

5    Any decision of the Board shall not be in conflict with or repugnant to the provisions of the Collective Bargaining Agreement (hereinafter "CBA") currently in effect between the City of Rockford (hereinafter "City") and Unit Six of the Policemen's Benevolent and Protective Association of Illinois (hereinafter "Union")

6    On August 8, 2007 the Chief filed a complaint against plaintiff which under the provisions of 65 ILC 5/10-2 1-17 was required to be heard within 30 days from that date

7    On September 6, 2007 the Chief filed an amended complaint

8    Plaintiff was represented in this matter by the union's attorney Timothy D O'Neill who did not file an answer for the plaintiff to either of the complaints

9    A hearing on the Chief's amended complaint was held in an open meeting before the Board on November 5, 2007

10    A verbatim transcript was made of the proceedings

11    The Board in closed session reached its decision on November 6, 2007 and a verbatim transcript was made of the deliberations

12    On December 1, 2007, attorney Timothy D O'Neil, the union's lawyer who represented the plaintiff at the hearing on November 5, 2007, received an unsigned copy of the Board's decision    See attached Exhibit A, City of Rockford Board of Fire and Police Commissioners, Findings and Order, Disciplinary Case No 2001-01

13    Plaintiff never received a copy of the Board's decision

2

14    The Board's decision found in ¶'s 54-62 that plaintiff had violated the provisions of Section III ¶ 9 of the Rules and Regulations of the Rockford Police Department by way of "excessive absenteeism" and that plaintiff was only able to return to "light-duty."

15    The Board's decision found in ¶ 59 that plaintiff's "continued employment as a police officer was inappropriate and detrimental to the discipline and efficiency of and against the best interests of the Rockford Police Department and the citizens of the City of Rockford."

16    The Board, in a two to one decision, voted to terminate plaintiff's employment with the Rockford Police Department effective December 1, 2007

17    The Board's decision to terminate plaintiff was legally erroneous, arbitrary and capricious, and against the manifest weight of the evidence in one or more of the following respects

(a)    The decision of the board was based on "excessive absenteeism" which improperly included "light-duty" time without defining "light-duty" or distinguishing that time as being different from that which any regularly employed Rockford patrol officer would be assigned to in the regular course of duty responsibilities

(b)    The Board's decision on "excessive absenteeism" was predicated upon a record which the Board characterized on the issue of lost time as consisting of "confusion" as to the numerical totals, and without any explanation of how the Board unraveled that "confusion, the Board came up with the percentage of over 50% lost time   (See ¶ 19 in the decision)

(c)    In ¶ 1 of the Board's decision under "A Introduction," the Board acknowledges that the "absenteeism" of plaintiff was attributable to "a decade of unfortunate

3

accidents and difficult medical issues, with one injury or illness seeming to follow another in close proximity" The Board also recognizes that plaintiff was a "competent police officer when she is on the job " The entire record and decision by the Board does not disclose a scintilla of evidence that plaintiff arbitrarily or without explanation by reason of illness or disability took time off, but instead showed that plaintiff persistently returned to work for either "light-duty," or full capacity activity as an active patrol officer on duty

(d)    While the burden of proof was upon the Defendants to establish the allegations in the complaint by a preponderance of the evidence, there was confusion in the record on the very important designation of the appropriate "terminology" to be employed in determining what constituted "absenteeism" and the record is silent on any explanation by the Chief or Board to clarify that confusion (¶ 19-21) The Board consequently manufactured its own calculations and use of "terminology"

(e)    The Board's decision reflects that there was confusion and conflict between the exhibits of the Chief and the exhibits of plaintiff on designated lost time which was resolved against plaintiff contrary to the evidence

(f)    The time records presented by the Chief were inconsistent and demonstrated that there was inaccuracy in the time records presented by the Chief and that they were unreliable While not limiting the illustration of such unreliability, see for example ¶ 22 in the decision

(g)    The conclusions reached by the Board as to "excessive time off" by plaintiff are based upon a record in confusion as to the actual time off and are indistinguishable on the record as to the appropriate time off she was permitted

4

both under the provisions of the CBA, injured time related to work accidents, pregnancy time, FMLA time, etc , and without explanation on record from the Chief, and the conclusions of the board are unsupported on the record

(h)     Rather than relying upon the record, the Board manufactured and conjectured conclusions concerning absenteeism time, contrary to the preponderance of evidence of proof required on the part of the Chief

(i)     The preponderance of evidence in the record is that the calculation of time of alleged absenteeism is so arbitrarily calculated from confused and inconsistent time records of the Chief that it does not support the conclusion of the Board

(j)     The testimony of Officer Booker is inconsistent with the alleged absenteeism in the record concerning Officer Beets

(k)     The finding of the board with reference to the "sick time" following the warning letter of May 18, 2007, is inconsistent with the record and is conjectured by the board from a confused record on that point   See for example the discrepancies in calculations as referred to by the decision in ¶'s 23, 28-29

(l)     The Board indicates that it arbitrarily deleted the time plaintiff was off work under the provisions of FMLA without providing any accurate calculations in that regard or how the deletion of time affected the total time of alleged "excessive absenteeism "

(m)     The discussion and reference to "sick time" in the decision is specifically not only contrary to the requirements in the CBA, but does not accurately coincide with the record

5

18      The decision of the board is to be governed by law, and the decision was contrary to law

19      Contrary to the law, the Board found it did not have to comply with the governing principles contained in the CBA (Board's decision ¶ 53), and did not take judicial notice of the content of the Rockford Police Recruiting Booklet on the City of Rockford Website, which publicizes content to the contrary

20      Contrary to law, the Board ruled it did not have to treat plaintiff the same as other officers were treated in similar circumstances or condition   (Board's decision ¶ 52)

21      The Board exceeded its jurisdictional and legal authority by "rewriting" the agreement of the CBA

22      The Board, specifically contrary to law, wrote policy provisions by which would govern the determination by the Rockford Police Department on the issue of what constitutes "excessive absenteeism," under the term "sick leave" as contained in the Contract between the City and the Union

23      The Board did not take judicial notice of the content contained in the Rockford Police Department Recruiting Booklet which lists as a benefit a "liberal sick leave policy," which is provided for in the Contract between the City and the Union

24      Contrary to law the decision of the board is based upon the creation of a policy that interprets what "unlimited sick time" does or does not mean and establishes a governing provision of the Contract between the City and the Union, which action exceeds their statutory and legal authority and for which they do not have jurisdiction

6

SCANNED ON (↑): 08/26/2008

25    The decision of the Board exceeds the scope of the Board's duties and jurisdiction as contained in Article III, and specifically in violation of the provisions of 65 ILCS 5/10-2 1-17 on which the board relied in reaching their decision

26    The decision of the Board as a matter of law, is repugnant to and in violation of the provisions of the "Management Rights" contained in the CBA under Article I § 1 2 and was cited as authority for their decision    The decision at ¶ 37 quotes from Chief's Exhibit 5, which provides in pertinent part "    provided, however, the exercise of any of the above rights shall not conflict with any of the provisions of this Agreement "

27    The decision also quotes in pertinent part in ¶ 35 from Chief's Exhibit 4, to-wit "§ 7 5A  Sick Leave  Sick leave shall be administered pursuant to the past practice of the parties hereto,    "

28    The Board then in ¶ 40 of the decision goes on to rewrite the "sick leave" provision beyond its jurisdictional capacity to do so, stating  "    the Board does not find credible the claim that an employer such as to the city would have an express or implicit unwritten policy    "

29    It is clearly not within the jurisdictional capabilities of the Board to arbitrarily or independently determine the policy of the Rockford Police Department, as demonstrated  again on the face of their decision in ¶ 38, or to determine without authority to do so and contrary to law that the City and the Union have never reached an agreement as to "unlimited sick time," when the testimony of Lieutenant Block (Board's decision ¶ 36) is that such language was deliberately included based upon "past practice," which meant exactly that

30    Contrary to the requirement that the legal burden of proof be upon the Chief to establish his case by a preponderance of the evidence as required in the Administrative Review

7

Act, (recognized in the decision in ¶ 13), the Board placed the burden on plaintiff by stating that other than the testimony of Lieutenant Block, the plaintiff had produced no additional evidence of that interpretation  (See ¶ 39)

31    The Chief on the other hand, who had the burden of proof, did not produce one scintilla of evidence concerning the interpretation of that phrase in the CBA, or that "unlimited sick time" was not and had not been the past policy of the City of Rockford Police Department

32    Plaintiff demands that the defendants' that is the Chief as well as the Board produce at the time of filing an answer herein with the following

(a)    All pleadings including all notices and responses, motions, and rulings,

(b)    Transcripts of the hearing on November 5, 2007 and the transcript of the deliberations on November 6, 2007 and any subsequent transcriptions of any meetings or deliberations on the part of the Board in connection with this case

(c)    A complete copy of the record and any evidence received including exhibits,

(d)    A statement of any matter sufficiently noticed,

(e)    Any offers of proof, objections and rulings there on,

(f)    All staff memorandum or data submitted to the hearing examiner or members of the agency in connection with their consideration of the case including any internal memorandums, notes, or discussion by any of the members of the Rockford Police Department concerning this matter including e-mail, memorandums, telephone conversations, and the means of calculating the time elements contained in the exhibits presented by the defendant,

(g)    Any public pronouncements by the defendants to the media during the period of this hearing, shortly before, or thereafter, which comments or discussions were made a matter of media publication in the newspaper

(h)    Any internal memorandum, e-mail, memorandums of telephone conversations, or communications of any kind whatsoever by the members of the Board concerning this case

(i)    Any agreed settlement with any other police officer who had a dispute concerning absenteeism in a copy of the report and any communication on that issue to the Board which is required by Law

(j)    All memorandum, discussions, and settlements reached with Officer Robert Cole and any report in that connection which was furnished to the Board and any similar communications concerning other officers which were made to the Board, as well as any internal memorandum or record by the Board concerning that issue

(k)    The entire current collective bargaining agreement (CBA) between the City and the Union

(l)    The provisions pertaining to "sick leave" of every CBA entered into between the City and Union from 1972 until the current date

(m)    Copies of any previous decisions made by the Board pertaining to "Sick Leave" If there have been no such decisions, then please provide an affidavit to that effect

(n)    A complete copy of the "Rules and Regulations of the Rockford Police Department "

WHEREFORE plaintiff prays for an order of this court finding as follows

(1)    That the CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS had no jurisdiction to write policy inconsistent with the agreement (CBA) between the City and the Union and that the decision to terminate plaintiff, TONYA Y BEETS, was null and void and is reversed,

(2)    That the CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONER'S decision was contrary to law and is reversed,

(3)    That the CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONER'S decision was contrary to the manifest weight of the evidence and the decision is reversed,

(4)    That the CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONER'S decision was contrary to the manifest weight of the evidence and the matter should be remanded to the Board for a New Hearing, and

(5)    For such other and further relief as the court may deem prudent, appropriate and necessary

**COUNT II**
**Complaint for Violation of the Fourth Amendment to the United States Constitution and 42 USC § 1983**

NOW COMES the plaintiff, TONYA Y BEETS, by her attorneys, REESE & REESE, and for her complaint against the defendants, CHET EPPERSON and the CITY OF ROCKFORD BOARD OF FIRE AND POLICE COMMISSIONERS, asserts the following in support of Count II of this complaint

1    Defendant Chet Epperson is the duly appointed Chief of the Rockford Police Department (hereinafter the "Chief")

10

2      The City of Rockford Board of Fire and Police Commissioners is an administrative

agency created pursuant to the provisions of 65 ILCS 5/10-2 1-1 et seq and is governed by the

provisions of "Article XII Board of Fire and Police Commissioners," (hereinafter the "Board"),

and 65 ILCS 5/10-2 1-1 et seq

3      That the plaintiff herein was deprived of her rights under the provisions of the Fourth

Amendment to the United States in one or more of the following respects

    (a)    Deprived plaintiff of her rights under the provisions of the collective bargaining

           agreement (CBA), was in force on August 8, 2007 between the City of Rockford

           and the Police Benevolent Protective Association, Unit No 6, (PBPA), and which

           is currently in force for the benefit of all Rockford Police Officers, of which

           Tonya Beets being a Rockford Police Officer on August 8, 2700 and at all times

           herein, is a beneficiary

    (b)    Deprived plaintiff of her sick leave rights pursuant to the provisions of the PBPA

           under, "7 5A Sick Leave   Sick leave shall be administered pursuant to the past

           practice of the parties hereto, except as provided in 7 5B below " which is set

           forth on page 17 of said agreement, a copy of which containing § 7 5A was

           introduced in evidence in the administrative review proceedings of the *City of

           Rockford v Officer Tonya Beets* as Chief's Exhibit 4 and which was made a part

           of the Findings and Order of the City of Rockford Board of Fire and Police

           Commissioners dated December 1, 2007 on page 12 thereof

    (c)    That the decision of the Board was in conflict and repugnant to the provisions of

           the collective bargaining agreement ("CBA") currently in effect between the City

           and PBPA # 6

11

(d)    The decision of the board violated the provisions of "§ 1 2 Management Rights" which provides, certain management rights of the City are specifically subject to the proviso that "    provided, however, the exercise of any of the above rights shall not conflict with any of the provisions of this Agreement " (Chief's Exhibit 5 in said hearing)

(e)    That the defendants pursued a hearing depriving plaintiff of her job in violation of the provisions of Article 8, Contract Grievance Procedure, § 8 1 which provides that a " 'Grievance 'shall mean any dispute or complaint concerning the interpretation of, application of, or compliance with, the terms of this agreement," and provides for mechanics in doing so which were not followed thereby depriving plaintiff doubts her right of due process

(f)    Defendants failed to properly evaluate and apply the provisions outlined in the CBA on plaintiff's rights of "sick leave "

(g)    The City of Rockford vis-à-vis the Chief of the Rockford Police Department failed to provide the plaintiff with due process in depriving her of her "sick leave" writes under the CBA

(h)    The violated plaintiff's due process rights under the CBA and that the City of Rockford vis-à-vis the Chief, on August 8, 2007 filed a complaint and amended complaint against the plaintiff under the provisions of the Administrative Review Act

(i)    Defendants' violated plaintiffs right of due process by arbitrarily obtaining jurisdiction and requiring plaintiff to participate in a hearing

(j)     That on December 1, 2007 the defendants' in violation of plaintiffs right of due process and equal protection terminated plaintiff's employment

(k)     The defendants' discriminated against the plaintiff because she was black

(l)     Defendants violated the due process rights of the plaintiff under the provisions of the Fourth Amendment to the United States Constitution and by doing so damaged the reputation, deprived her of her constitutional rights, and caused her financial damages

(m)     Attorney Brendan Maher of the firm of Williams McCarthy, LLP was the secretary of the administrative review Board and its legal representative  He attended closed sessions of the board giving legal advice assisting in planning the defense  When the case was concluded, he prepared the opinion and attorney Stephen Balogh from Williams McCarthy reviewed and approved the opinion  At the same time, Attorney Maher acted as the judge or "hearing officer" at the Beets hearing, ruling on admission of evidence and issues of a directed verdict  Attorney Maher is now defending this case  Plaintiff asserts that represents a gross conflict of interest depriving plaintiff of her right of equal protection and due process

4     Plaintiff demands trial by jury

WHEREFORE plaintiff prays

(1)     That judgment be entered in favor of the plaintiff and against the defendants for violation of her constitutional rights under the Fourth Amendment and for such damages as shall be demonstrated by the evidence and determined by the jury for such violation,

(2)     For punitive damages,

13

(3)    For costs and attorney's fees, and

(4)    For damages including punitive damages, costs and attorney's fees as provided for

in 42 USC § 1983

**COUNT III**
**Complaint for Violation of the Fifth and Fourteenth Amendment to the United States Constitution and 42 USC § 1983**

NOW COMES the plaintiff, TONYA Y BEETS, by her attorneys, REESE & REESE, and

for her complaint against the defendants, CHET EPPERSON and the CITY OF ROCKFORD

BOARD OF FIRE AND POLICE COMMISSIONERS, asserts the following in support of Count

III of this complaint

1    Defendant Chet Epperson is the duly appointed Chief of the Rockford Police Department

(hereinafter the "Chief")

2    The City of Rockford Board of Fire and Police Commissioners is an administrative

agency created pursuant to the provisions of 65 ILCS 5/10-2 1-1 et seq and is governed by the

provisions of "Article XII  Board of Fire and Police Commissioners," (hereinafter the "Board"),

and 65 ILCS 5/10-2 1-1 et seq

3    That the plaintiff herein was deprived of her rights under the provisions of the Fourth

Amendment to the United States in one or more of the following respects

(a)    Deprived plaintiff of her rights under the provisions of the collective bargaining

agreement (CBA), was in force on August 8, 2007 between the City of Rockford

and the Police Benevolent Protective Association, Unit No  6, (PBPA), and which

is currently in force for the benefit of all Rockford Police Officers, of which

14

Tonya Beets being a Rockford Police Officer on August 8, 2700 and at all times herein, is a beneficiary

(b)    Deprived plaintiff of her sick leave rights pursuant to the provisions of the PBPA under, "7 5A Sick Leave    Sick leave shall be administered pursuant to the past practice of the parties hereto, except as provided in 7 5B below " which is set forth on page 17 of said agreement, a copy of which containing § 7 5A was introduced in evidence in the administrative review proceedings of the *City of Rockford v Officer Tonya Beets* as Chief's Exhibit 4 and which was made a part of the Findings and Order of the City of Rockford Board of Fire and Police Commissioners dated December 1, 2007 on page 12 thereof

(c)    That the decision of the Board was in conflict and repugnant to the provisions of the collective bargaining agreement ("CBA") currently in effect between the City and PBPA # 6

(d)    The decision of the board violated the provisions of "§ 1 2 Management Rights" which provides, certain management rights of the City are specifically subject to the proviso that "    provided, however, the exercise of any of the above rights shall not conflict with any of the provisions of this Agreement " (Chief's Exhibit 5 in said hearing)

(e)    That the defendants pursued a hearing depriving plaintiff of her job in violation of the provisions of Article 8, Contract Grievance Procedure, § 8 1 which provides that a "    'Grievance 'shall mean any dispute or complaint concerning the interpretation of, application of, or compliance with, the terms of this agreement,"

15

and provides for mechanics in doing so which were not followed thereby depriving plaintiff doubts her right of due process

(f) Defendants failed to properly evaluate and apply the provisions outlined in the CBA on plaintiff's rights of "sick leave "

(g) The City of Rockford vis-à-vis the Chief of the Rockford Police Department failed to provide the plaintiff with due process in depriving her of her "sick leave" writes under the CBA

(h) They violated plaintiffs due process rights under the CBA and that the City of Rockford vis-à-vis the Chief, on August 8, 2007 filed a complaint and amended complaint against the plaintiff under the provisions of the Administrative Review Act

(i) Defendants' violated plaintiffs right of due process by arbitrarily obtaining jurisdiction and requiring plaintiff to participate in a hearing

(j) That on December 1, 2007 the defendants' in violation of plaintiffs right of due process and equal protection terminated plaintiff's employment

(k) The defendants' discriminated against the plaintiff because she was black

(l) Defendants violated the due process rights of the plaintiff under the provisions of the Fourth Amendment to the United States Constitution and by doing so damaged the reputation, deprived her of her constitutional rights, and caused her financial damages

(m) Attorney Brendan Maher of the firm of Williams McCarthy, LLP was the secretary of the administrative review Board and its legal representative He attended closed sessions of the board giving legal advice assisting in planning the defense When

16

the case was concluded, he prepared the opinion and attorney Stephen Balogh

from Williams McCarthy reviewed and approved the opinion  At the same time,

Attorney Maher acted as the judge or "hearing officer" at the Beets hearing, ruling

on admission of evidence and issues of a directed verdict  Attorney Maher is now

defending this case  Plaintiff asserts that represents a gross conflict of interest

depriving plaintiff of her right of equal protection and due process

4      That plaintiff demands trial by jury

WHEREFORE plaintiff prays

    (1)    That judgment be entered in favor of the plaintiff and against the defendants for

           violation of her constitutional rights under the Fifth and Fourteenth amendment of

           the United States Constitution and for such damages as shall be demonstrated by

           the evidence and determined by the jury for such violation

    (2)    For punitive damages

    (3)    For costs and attorney's fees

    (4)    For damages including punitive damages, costs and attorney's fees as provided for

           in 42 USC § 1983


**COUNT IV**
**Complaint for Violation of the provisions of 42 USC §1983 In Depriving Plaintiff of Her**
**Constitutional Rights Under the Fourth, Fourteenth and Fifth amendments to the United**
**States Constitution**

NOW COMES the plaintiff, TONYA Y BEETS, by her attorneys, REESE & REESE, and

for her complaint against the defendants, CHET EPPERSON and the CITY OF ROCKFORD

BOARD OF FIRE AND POLICE COMMISSIONERS (LORAYNE LOGAN, HENRIETA

DOTSON-WILLIAMS, and GARY CARUANA), asserts the following in support of Count IV of this complaint

1     Defendant Chet Epperson is the duly appointed Chief of the Rockford Police Department (hereinafter the "Chief")

2     The City of Rockford Board of Fire and Police Commissioners is an administrative agency created pursuant to the provisions of 65 ILCS 5/10-2 1-1 et seq and is governed by the provisions of "Article XII Board of Fire and Police Commissioners," (hereinafter the "Board"), and 65 ILCS 5/10-2 1-1 et seq

3     That the plaintiff herein was deprived of her rights under the provisions of the Fourth Amendment to the United States in one or more of the following respects

(a)     Deprived plaintiff of her rights under the provisions of the collective bargaining agreement (CBA), was in force on August 8, 2007 between the City of Rockford and the Police Benevolent Protective Association, Unit No 6, (PBPA), and which is currently in force for the benefit of all Rockford Police Officers, of which Tonya Beets being a Rockford Police Officer on August 8, 2700 and at all times herein, is a beneficiary

(b)     Deprived plaintiff of her sick leave rights pursuant to the provisions of the PBPA under, "7 5A Sick Leave   Sick leave shall be administered pursuant to the past practice of the parties hereto, except as provided in 7 5B below " which is set forth on page 17 of said agreement, a copy of which containing § 7 5A was introduced in evidence in the administrative review proceedings of the *City of Rockford v Officer Tonya Beets* as Chief's Exhibit 4 and which was made a part

18

of the Findings and Order of the City of Rockford Board of Fire and Police Commissioners dated December 1, 2007 on page 12 thereof

(c)     That the decision of the Board was in conflict and repugnant to the provisions of the collective bargaining agreement ("CBA") currently in effect between the City and PBPA # 6

(d)     The decision of the board violated the provisions of "§ 1 2 Management Rights" which provides, certain management rights of the City are specifically subject to the proviso that " provided, however, the exercise of any of the above rights shall not conflict with any of the provisions of this Agreement " (Chief's Exhibit 5 in said hearing)

(e)     That the defendants pursued a hearing depriving plaintiff of her job in violation of the provisions of Article 8, Contract Grievance Procedure, § 8 1 which provides that a " 'Grievance 'shall mean any dispute or complaint concerning the interpretation of, application of, or compliance with, the terms of this agreement," and provides for mechanics in doing so which were not followed thereby depriving plaintiff doubts her right of due process

(f)     Defendants failed to properly evaluate and apply the provisions outlined in the CBA on plaintiff's rights of "sick leave "

(g)     The City of Rockford vis-à-vis the Chief of the Rockford Police Department failed to provide the plaintiff with due process in depriving her of her "sick leave" writes under the CBA

(h)     The violated plaintiff's due process rights under the CBA and that the City of Rockford vis-à-vis the Chief, on August 8, 2007 filed a complaint and amended

19

complaint against the plaintiff under the provisions of the Administrative Review Act

(i)    Defendants' violated plaintiffs right of due process by arbitrarily obtaining jurisdiction and requiring plaintiff to participate in a hearing

(j)    That on December 1, 2007 the defendants' in violation of plaintiffs right of due process and equal protection terminated plaintiff's employment

(k)    The defendants' discriminated against the plaintiff because she was black

(l)    Defendants violated the due process rights of the plaintiff under the provisions of the Fourth Amendment to the United States Constitution and by doing so damaged the reputation, deprived her of her constitutional rights, and caused her financial damages

4    That the named defendants did any of the acts herein described which violated and deprived plaintiff of any of her alleged constitutional rights under color of authority and did so in violation of the provisions of 42 USC § 1983

5    That plaintiff demands trial by jury

WHEREFORE plaintiff prays that that judgment be entered in favor of the plaintiff and against the defendants for

(1)    Violation of her constitutional rights as alleged in this count IV and for such damages as shall be demonstrated by the evidence and determined by a jury for such violation,

(2)    For punitive damages,

(3)    For Attorneys fees and costs, and

SCANNED ON 4p-08/26/2008

(4)    For damages under the provisions of 42 USC § 1983 including punitive damages, attorneys fees, and costs of this action

TONYA Y BEETS, Plaintiff, by her attorneys,
REESE & REESE,

BY _____
One of Them

Gary S Reese #369
Bernard P Reese, Jr
Todd S Reese #7120
REESE & REESE
979 North Main Street
Rockford, IL 61103
815/968-8851