IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| NEW YORK LIFE INSURANCE COMPANY, ) <br> A Mutual Company and NEW YORK LIFE ) <br> INSURANCE AND ANNUITY CORPORATION, ) <br> A Delaware Corporation, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> PAMELA CLARK, ERIC CLARK, DERRICK ) <br> CLARK and ESTATE OF FRANK CLARK, ) <br> ) <br> Defendants. ) | Case No.: <br><br> Judge: |

### NEW YORK LIFE INSURANCE CO.'S COMPLAINT FOR INTERPLEADER

Plaintiff, New York Life Insurance Company ("NYLIC ") and New York Life Insurance and Annuity Corporation ("NYLIAC") complain against the defendants as follows:

1. This action arises from conflicting claims of the defendants to the accelerated benefits and death benefits payable under two life insurance policies issued to Frank Clark ("the Insured"), one by NYLIC and one by NYLIAC. The Insured died on September 22, 2007.

2. Because more than one party has asserted a claim to the accelerated benefits and death benefits under both policies, NYLIC and NYLIAC seek relief in interpleader under Rule 22 in the Federal Rules of Civil Procedure.

## JURISDICTIONAL ALLEGATIONS

3. Plaintiff NYLIC is a mutual insurance company organized under the laws of the State of New York, with its principal place of business in New York City, New York. NYLIC is licensed to do business in Illinois.

4. Plaintiff NYLIAC is a corporation organized under the laws of the State of Delaware, with its principal place of business in New York, NY. NYIAC is licensed to do business in Illinois.

5. Defendant Eric Clark is a citizen of Illinois.

6. Defendant Derrick Clark is a citizen of Georgia

7. Defendant Pamela Clark is a citizen of Illinois.

8. The amount in controversy exceeds $75,000 exclusive of interest and costs.

9. This Court has jurisdiction under 28 USC § 1332 because there is complete diversity between plaintiff and all defendants.

10. Venue is proper pursuant to 28 U.S.C. § 1397 because one or more of the claimants resides in this judicial district.

## BACKGROUND INFORMATION

### The Potential Beneficiaries

11. Mr. Clark purchased two life insurance policies. Policy 46-323-072 is a $50,000 whole life policy issued by NYLIC on July 30, 1998. Policy 62-938-654 is a $150,000 universal life protector policy issued by NYLIAC on July 19, 2005. (Ex. 1, Policy 46 323 072; Ex. 2, Policy 62 938 654.)

12. When the policies were issued, the primary beneficiary on both of Mr. Clark's policies was Pamela Clark, and their four children were listed as the secondary benficiary on both policies. (*Id.*) Frank and Pamela Clark were married on July 3, 1983 and divorced on October 3, 2005. (Ex. 3, Judgment and Dissolution of Marriage.)

13. Mr. Clark died on September 22, 2007. (Ex. 4, Death Certificate.)

14. A change of beneficiary form was faxed to New York Life on September 24, 2007—two days after his death. The form was dated September 21, 2004, or one day before his death. The form purported to change the beneficiary from Pamela Clark to two of the Clarks' sons. Eric Clark was named on the form as the primary beneficiary and Derrick Clark and the secondary beneficiary. The insured appears to have signed the form. (Ex. 5, Change of Beneficiary Request.) New York Life also received a Power of Attorney purportedly executed by the insured on September 20, 2007, two days before his death. The form listed Evelyn Gean Richardson as attorney in fact, and purported to give her the power to "change the beneficiaries on New York Life Insurance from Pamela Clark to Eric Clark and Derrick Clark," adding, "I would like to have the will amended." (Ex. 6, Power of Attorney Form.).

15. Mr. Clark's mental capacity at the time these forms were executed is in dispute.

16. On October 3, 2007, Pamela Clark submitted an Individual Claim Form to New York Life, listing herself as beneficiary under the policies. (Ex. 7, Individual Claim Form.) On February 11, 2008, Ms. Clark sent a letter to New York Life, urging it to consider her the beneficiary. (Ex. 8, February 11, 2008 Letter.)

17. On June 4, 2008, Eric and Derrick Clark each submitted individual claim forms on both of their father's policies, listing themselves as beneficiaries under the policies. (Ex. 9, Individual Claim Form; Ex. 10, Individual Claim Form.)

### Policy 46 323 072

18. A claim to accelerate 100% of the benefits under this policy was submitted to New York Life on July 20, 2007 and was paid out on August 10, 2007. When the claim was paid out, an administrative fee and an interest factor adjustment was deducted from the amount sent to Mr. Clark.

19. Under the terms of the policy's accelerated benefit rider, the amount deducted from the pay out was to be refunded to the beneficiary of the policy if the insured died within 60 days of the acceleration. The total amount due to be refunded to the beneficiary is $8,199.17.

20. Because there is a dispute surrounding who is the beneficiary of the policy, New York Life cannot determine who should receive these funds.

### Policy 62 938 654

21. Mr. Clark submitted a claim to accelerate 50% of this policy on June 13, 2007.

22. Prior to the issuance of payment to the insured, the insured died. Had New York Life issued payment, the funds would be property of the estate of the insured and would be paid to the insured's estate pursuant to his will or statute. The beneficiaries under the policy, the insured's ex-wife and two of his sons, have asserted competing claims as beneficiaries under the policy. New York Life is therefore uncertain whether the accelerated claim Mr. Clark requested under this policy should be treated as money

owed to his estate, or whether it should be treated as a death benefit payable to the competing beneficiaries under the policy, and, if payable to the beneficiaries, to whom and in what amounts.

23. The remaining 50% of the policy, on which no accelerated claim was made, is payable to the beneficiary.

24. Because there is a dispute surrounding who is the beneficiary of the policy, and whether the benefits are to be paid to the insured's estate or the beneficiary, New York Life cannot determine who should receive these funds.

## COUNT I—INTERPLEADER

25. New York Life reasonably fears that if it pays any of the Defendants, it will be subjected to duplicate liability for the same amounts to other Defendants.

26. New York Life claims no right, title or interest to the proceeds from Mr. Clark's life insurance policies.

27. New York Life cannot determine which of the Defendants are entitled to the life insurance proceeds or the amount of the proceeds to which each Defendant is entitled.

28. New York Life shall deposit the full amount of the proceeds, with interest, into the Court registry.

29. New York Life is ready and willing to pay its admitted liability on the policy to the Court in order that the Court may determine what sum of money should be paid to whom. New York Life has no interest in the sum of money at issue and upon issuance of an order by the Court will deposit the death benefits and accrued interest pursuant to the policy, plus any premium refund owed.

WHEREFORE, New York Life demands judgment:

(1) That requires each of the defendants to make a full and complete answer to this Complaint for Interpleader setting forth any and all claims to the policy and its proceeds, and the particular bases for each such claim;

(2) That restrains each defendant from instituting any action against New York Life for the recovery of the death benefits under the policy or any part thereof;

(3) That requires the defendants to interplead and settle between themselves their rights to the death benefits payable under the policy;

(4) That discharges New York Life from all liability in the premises upon its deposit of the death benefits with the Clerk of the Court.

(5) What about an award of its attorney's fees and costs?

Respectfully submitted,

NEW YORK LIFE INSURANCE CO.

By: _____
One of Its Attorneys

NEW YORK LIFE INSURANCE and ANNUITY CORP.

By: _____
One of Its Attorneys

Martin G. Durkin
Suzanne E. Rollier
Holland & Knight LLP
131 S. Dearborn St., 30th Floor
Chicago, Illinois 60603
T: (312) 263-3600
F: (312) 578-6666